# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: BROILER CHICKEN GROWER LITIGATION | No. 6:17-cv-00033-RJS-SPS<br><br>The Honorable Robert J. Shelby<br>The Honorable Steven P. Shreder |

## CASE MANAGEMENT ORDER NO. 1

Plaintiffs Haff Poultry, Inc. ("Haff"), Nancy Butler, Johnny Upchurch, Jonathan Walters, Myles Weaver, and Melissa Weaver (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Tyson"); Pilgrim's Pride Corporation ("Pilgrim's"); and Perdue Foods, LLC ("Perdue") (collectively, "Defendants")[1] have agreed in light of directions from the Court during the Rule 16 Conference, and the Court hereby orders, that this case shall be governed by the following schedule:

| DATE | EVENT |
|---|---|
| 3/30/2020 | Producing Parties to Provide Organizational Charts (if available) and Proposed Custodians, Non-Custodial Document Sources, and Search Methodology |
| 3/30/2020 | Parties Exchange Initial Disclosures |
| 3/30/2020 | Parties Submit Rule 16 Report and First Status Report[2] |
| 4/24/2020 | Parties to Confer Re: any Areas of Dispute Involving Custodians, Non-Custodial Document Sources, and Search Methodologies |
| 5/15/2020 | Parties to Submit Joint Letter to Court Regarding any Areas of Dispute Re: Custodians, Non-Custodial Document Sources, and Search Methodologies[3] |

---

[1] Plaintiffs and Defendants shall be collectively referred to as "Parties." Plaintiffs collectively and Defendants collectively may also be referred to as a "side."

[2] Supplemental Status Reports every 90 days.

[3] Copies of all Reports/Letters contemplated by this Order must be provided both to the assigned District Judge and Magistrate Judge.

1

| | |
|---|---|
| 8/21/2020 | Deadline to Begin Rolling Production of Documents in Response to Requests for Production Served on or Before 2/25/2020[4] |
| 10/2/2020 | Deadline for Completion of Document Production of Transactional Data in Response to Requests for Production Served on or Before 2/25/2020 |
| 11/20/2020 | Deadline for Completion of Document Production in Response to Requests for Production Served on or Before 2/25/2020 |
| 1/21/2021 | Deadline to Amend Pleadings without Further Leave of the Court |
| 9/24/2021 | Close of Fact Discovery[5] |
| 11/19/2021 | Deadline to Serve Expert Reports on all Issues on which a Party has the Burden of Proof |
| 1/28/2022 | Deadline to Serve Opposing Expert Reports |
| 3/11/2022 | Deadline to Serve Rebuttal Expert Reports |
| 5/6/2022 | Deadline for Completion of Expert Discovery[6] |
| 6/17/2022 | Deadline to File Class Certification Motions |
| 6/17/2022 | Deadline to File *Daubert* Motions |
| 7/29/2022 | Deadline to File Opposition Memoranda to Class Certification and *Daubert* Motions |
| 9/2/2022 | Deadline to File Reply Memoranda in Support of *Daubert* Motions |
| 9/9/2022 | Deadline to File Reply Memoranda in Support of Class Certification |

---

[4] Privilege Logs must be provided within 30 days of each production of documents.

[5] All Requests for Production must be served at least 75 days before the end of fact discovery. All Interrogatories and Requests for Admission must be served at least 45 days before the end of fact discovery.

[6] Absent agreement of the Parties, each expert is subject to a maximum of one deposition lasting no more than seven hours.

2

| | |
|---|---|
| 10/14/2022 | Deadline to File Motions for Summary Judgment |
| 12/2/2022 | Deadline to File Oppositions to Motions for Summary Judgment |
| 12/23/2022 | Deadline to File Reply Memoranda in Support of Summary Judgment |

Discovery in this case shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Oklahoma. In recognition of the fact that this case will require additional discovery beyond that provided for in those rules, Plaintiffs and Defendants have agreed, and the Court hereby orders, that discovery in this case shall be governed by the following limitations:

1. **General:** The Parties agree that for purposes of these discovery limitations, each Defendant family shall be considered a single "party." To illustrate, the four Tyson defendants—Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc.—shall be considered together such that Tyson is subject to no more than 25 interrogatories as set forth below.

2. **Interrogatories:** Each side may propound up to 45 interrogatories under Fed. R. Civ. P. 33. The Parties further agree that no party shall be subject to more than 25 interrogatories.

3. **Depositions:**

   a. Each side shall be limited to 250 hours of party depositions and 500 hours of total deposition time for both party and non-party depositions. No party may be subject to more than 13 depositions. Further, each party shall be subject to no more than 14 hours of Fed. R. Civ. P. 30(b)(6) deposition testimony. These limits do not include depositions of expert witnesses disclosed under Fed. R. Civ. P. 26(a)(2).

   b. Absent agreement or leave of Court, no witness shall be deposed for more than one day of seven (7) hours. For purposes of deposition limits, each seven (7) hours of a Fed. R. Civ. P. 30(b)(6) deposition shall count as a single deposition, regardless of the number of witnesses designated to testify.

   c. Excluded from any deposition limits are depositions of non-previously-deposed witnesses who appear on an opposing party's final pre-trial witness list, unless

3

such witnesses were (i) discovery custodians, or (ii) previously identified in initial disclosures or supplements thereto, served at least sixty days prior to the conclusion of fact discovery.

d. In addition, for each named Plaintiff added in an amended pleading, Defendants shall receive an additional seven (7) hours of deposition time if the Plaintiff is a natural person or 14 hours of deposition time if not, provided that such time is used only to depose the newly-added Plaintiff(s). If, prior to being deposed, a named Plaintiff is withdrawn and substituted for another named Plaintiff, Defendants shall not receive the additional hours of deposition time described above. If the withdrawn Plaintiff was previously deposed, the Defendants shall receive the additional hours of deposition time described above for each substitute named Plaintiff.

4. **Requests for Production:** The Parties agree that each side shall endeavor to propound no more than two sets of requests for production.

5. **Requests for Admission:** The Parties agree that each side may serve up to 50 requests for admission under Fed. R. Civ. P. 36.

IT IS SO ORDERED.

Date:  April 13, 2020

Hon. Robert Shelby
United States District Judge

4