# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK CARBONE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLANDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br>      Defendants. | Case No.: 1:22-cv-00125<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Gabriel A. Fuentes |

## MEMORANDUM OF LAW IN SUPPORT OF NON-MEMBER DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

The Clayton Act's four-year statute of limitations at a minimum bars Plaintiffs' claims against all Defendants that accrued *before* January 2018. *See* Jnt. Mem. § IV. This supplemental memorandum establishes that both pre- *and* post-2018 claims should be dismissed as to Brown, Emory, Chicago, and Johns Hopkins because Plaintiffs do not and cannot allege that these schools were members of the 568 Group at the time the alleged post-2018 claims accrued.

Specifically, the Amended Complaint does not plausibly allege that Brown, Emory, or Chicago were members of the 568 Group at any time after January 2018. To the contrary, it effectively concedes that each school withdrew in 2012 or 2014. And the Amended Complaint admits that Johns Hopkins joined the 568 Group only in 2021, after Plaintiffs were allegedly injured. Johns Hopkins cannot be held retroactively liable for alleged injuries caused before it joined. In sum, because all post-2018 claims against these four Defendants are meritless and all pre-2018 claims against them are time-barred, these Defendants should be dismissed.

## ARGUMENT

**I.     Brown, Emory, and Chicago Should Be Dismissed Because They Were Not Members of the 568 Group During the Limitations Period**

Plaintiffs plead no facts from which to infer that Brown, Emory, and Chicago participated in the 568 Group after their withdrawal. Withdrawal from a conspiracy "terminates the defendant's liability for postwithdrawal acts of his co-conspirators" and "provides a complete defense when the withdrawal occurs beyond the applicable statute-of-limitations period." *Smith v. United States*, 568 U.S. 106, 111 (2013). "[T]o withdraw from a conspiracy, a defendant must cease his activity in the conspiracy and take an affirmative act to defeat or disavow the conspiracy's purpose," such as "by communicating his withdrawal in a manner reasonably calculated to inform his coconspirators." *United States v. Bullis*, 77 F.3d 1553, 1562 (7th Cir. 1996).

1

### A. Plaintiffs Do Not Allege That Brown, Emory, or Chicago Were Members of the 568 Group After January 2018

Plaintiffs do not allege that Brown, Emory, or Chicago were members of the 568 Group within the limitations period. *See* Am. Compl. ¶¶ 97, 99, 101. Plaintiffs never plausibly claim that these schools, in or after January 2018, were still members of the 568 Group and using the Consensus Methodology pursuant to an agreement with the 568 Group or otherwise. Instead, Plaintiffs affirmatively allege that "Brown and Emory claim to have stopped active participation … in 2012," and "Chicago claims to have stopped active participation in 2014." *Id.* ¶ 194 n.83.

Plaintiffs allege only that they "are unaware of any evidence that any Defendant has in fact withdrawn from the conspiracy alleged," *id.* ¶ 107, but that falls far short of plausibly alleging facts that call into question the withdrawal of these three schools or suggest their continued participation in the 568 Group. Moreover, Plaintiffs make no effort to reconcile their newly proclaimed ignorance with their (correct) admission in the original complaint that "Brown and Emory evidently left the 568 [Group] permanently in 2012; Chicago evidently left it in 2014." *See* Compl. ¶ 175 n.78; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1083–84 (7th Cir. 2008) ("Simply removing unfavorable facts" that warranted dismissal of a prior complaint "[can]not save" the new complaint, because after *Twombly*, "it is no longer sufficient for a complaint 'to avoid foreclosing possible bases for relief.'"). Thus, Brown, Emory, and Chicago withdrew long before the only two Plaintiffs who matriculated post-2018 were injured (and even before the pre-2018 injuries to several other Plaintiffs). *See* Jnt. Mem. § IV.

Plaintiffs incorrectly suggest that these schools bear the burden of proving withdrawal. *See* Am. Compl. ¶¶ 28, 107. Although withdrawal is an affirmative defense in *criminal* cases, that is because it "does not negate an element" of the offense of conspiracy. *See Smith*, 568 U.S. at 110. By contrast, an essential element of a *civil* antitrust claim is that the defendant's allegedly unlawful

2

conduct *caused* antitrust injury, *see McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc.*, 937 F.3d 1056, 1063-64 (7th Cir. 2019), and "the requisite causal link cannot be present unless [the defendant] was still part of the alleged conspiracy" when the plaintiff was injured by other conspirators, *see Krause v. Perryman*, 827 F.2d 346, 350 n.5 (8th Cir. 1987) (racketeering).

### B. The Amended Complaint Establishes That Brown, Emory, and Chicago Withdrew From The 568 Group Long Before January 2018

Even if withdrawal were treated as an affirmative defense in this civil case, Brown, Emory, and Chicago still would be entitled to dismissal. "[W]here, as here, the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense," dismissal is warranted. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

Plaintiffs' original complaint *conceded* permanent withdrawal by each of these schools in 2012 or 2014. *See* Compl. ¶ 175 n.78. Although the Amended Complaint backtracks by admitting only that the three schools "claim to have stopped active participation" in those years, Am. Compl. ¶ 194 n.83, even that is fatal. Plaintiffs' claim of being "unaware of any evidence" that these schools "ha[ve] in fact withdrawn" is contradicted by their actual knowledge that these schools "claim to have stopped participating." *Id.* ¶ 107. *Plaintiffs'* awareness of the withdrawals confirms the effectiveness of these schools' communications of their withdrawals *to the 568 Group*. *See Bullis*, 77 F.3d at 1562 (communication "reasonably calculated to inform [] coconspirators").

Although the Amended Complaint provides no express basis for Plaintiffs' knowledge of Defendants' withdrawals, the 568 Group's website (to which Plaintiffs repeatedly cite) establishes that Brown, Emory, and Chicago in fact withdrew as they claim. In particular, the website provides indisputable evidence that these schools "inform[ed]" the 568 Group—and the public at large—of their withdrawal by no later than 2014. The website maintains an updated list of members: Brown and Emory were included on February 19, 2012, but excluded as of February 7, 2013; Chicago

3

was included on August 22, 2013, but excluded as of October 10, 2014; and none of these schools have been included subsequently. *See* Ex. A (attaching historical 568 Group membership lists).

Given Plaintiffs' extensive reliance on the 568 Group website, *see* Am. Compl. ¶¶ 114, 115, 121, 126, 128, 200, 209, 210, 211, this Court can properly consider the website's membership lists. When plaintiffs "mention[]" part of a document in their complaint, "the incorporation-by-reference doctrine" permits the Court to consider other portions, thereby "prevent[ing] a plaintiff from evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Brownmark Films LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quotation marks omitted). This doctrine applies to websites. *See Sonrai Sys., LLC v. AMCS Grp. Inc.*, 16-C-9404, 2017 WL 4281122, at *8 n.3 (N.D. Ill. Sept. 27, 2017). And it includes earlier iterations of the website, such as those "archived on the Wayback Machine," of which a court can take judicial notice. *See Evanger's Cat & Dog Food Co. v. Thixton*, 412 F. Supp. 3d 889, 894–95 n.4 (N.D. Ill. 2019); *Hepp v. Ultra Green Energy Servs., LLC*, 13-C-4692, 2016 WL 1073070, at *2 & n.1 (N.D. Ill. Mar. 18, 2016).[1]

Plaintiffs' pleadings thus establish that Brown, Emory, and Chicago withdrew years before the commencement of the limitations period. And while Plaintiffs baldly assert that other (unidentified) schools attended 568 Group meetings without "formally join[ing]," Am. Compl. ¶ 194 n.83, they do not allege that these three Defendants resumed participation in any manner or are likely to do so in the future—much less in a way that could injure Plaintiffs years after their matriculation (and for some, graduation). The claims against these schools should be dismissed.[2]

---

[1] *See Erickson v. Neb. Mach. Co.*, 15-cv-01147, 2015 WL 4089849, *1 n.1 (N.D. Cal. July 6, 2015) (collecting cases taking "judicial notice . . . of web pages . . . through the Wayback Machine").
[2] *See Wilk v. Am. Med. Ass'n*, 895 F.2d 352, 367 (7th Cir. 1990) (injunction requires "more than the mere possibility" of "recurrent violation"); *United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333–34 (1952) (no "probability of resumption" for practices ended 7 years before suit).

**II. Johns Hopkins Did Not Become a Member of the 568 Group Until After All Plaintiffs Were Allegedly Injured and Cannot Be Held Retroactively Liable for Prior Conduct**

Plaintiffs concede that Johns Hopkins only joined the 568 Group in 2021. *See* Am. Compl. ¶ 102. By then, seven Plaintiffs had already graduated; two Plaintiffs, enrolled at schools *other* than Johns Hopkins, had already received initial financial-aid awards as well as their most recent awards. *See id.* ¶¶ 17–25. In light of these facts and the fact that Plaintiffs' claims only properly target first year awards, *see* Jnt. Mem. § IV, the Amended Complaint fails to plausibly allege that any Plaintiff has suffered, or will suffer, injuries after Johns Hopkins joined. Indeed, the students for whom Johns Hopkins allegedly "first implemented the Consensus Methodology . . . in or around November 2021" are not Plaintiffs and could not have suffered injuries yet. *Id.* ¶ 102.

Plaintiffs contend that Johns Hopkins is retroactively liable for alleged injuries caused by the 568 Group before it joined, *see id.* ¶ 28, but that theory is legally deficient. The Seventh Circuit requires actual knowledge of prior unlawful conduct before imposing retroactive co-conspirator liability. *See Havoco of Am., Ltd. v. Shell Oil Co.*, 626 F.2d 549, 554 (7th Cir. 1980) (noting the established rule that to be held liable for "preceding acts," an alleged co-conspirator must join with "knowledge of what has gone on before"); *see also In re Packaged Seafood Prods. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1186 (S.D. Cal. 2017). Because the Amended Complaint fails to "indicat[e], even tangentially, that [Johns Hopkins joined while] aware of the allegedly illegal nature" of the 568 Group (i.e., that other members allegedly were not need-blind when the alleged past injuries occurred), *see In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 862 (N.D. Ill. 2010); Jnt. Mem. § I.C, Plaintiffs cannot impose retroactive liability on Johns Hopkins.

## CONCLUSION

All claims against Brown, Emory, Chicago, and Johns Hopkins should be dismissed with prejudice.

Dated: April 15, 2022  Respectfully submitted,

By: */s/ James L. Cooper*
James L. Cooper (admitted pro hac vice)
Michael Rubin (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5014
james.cooper@arnoldporter.com
michael.rubin@arnoldporter.com

Leah Harrell (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel.: 212-836-7767
leah.harrell@arnoldporter.com

Valarie Hays
ARNOLD & PORTER KAYE SCHOLER LLP
70 W Madison Street
Suite 4200
Chicago, IL 60602
Tel.: 312-583-2440
valarie.hays@arnoldporter.com

*Counsel for Defendant the University of Chicago*


By: */s/ with consent of Kenneth Kliebard*
Kenneth Kliebard
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Suite 2800
Chicago, IL 60606-1511
Tel: 312-324-1000
kenneth.kliebard@morganlewis.com

Jon R. Roellke (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: 202-739-5754
jon.roellke@morganlewis.com

        Sujal Shah (admitted pro hac vice)
        MORGAN, LEWIS & BOCKIUS LLP
        One Market, Spear Street Tower, 28th Floor
        San Francisco, CA 94105-1596
        Tel: 415-442-1386
        sujal.shah@morganlewis.com

        Noah J. Kaufman (admitted pro hac vice)
        MORGAN, LEWIS & BOCKIUS LLP
        One Federal Street
        Boston, MA 02110
        Tel: 617-341-7590
        noah.kaufman@morganlewis.com

        *Counsel for Defendant Brown University*


By: */s/ with consent of Tina M. Tabacchi*
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
Tel.: 312-782-3939
tmtabacchi@jonesday.com

Craig A. Waldman
Hashim M. Mooppan
Christopher N. Thatch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel.: 202-879-3877
cwaldman@jonesday.com
hmmooppan@jonesday.com
cthatch@jonesday.com

*Counsel for Defendant Emory University*


By: */s/ with consent of Jeffrey J. Bushofsky*
Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel: 312-845-1200
jeffrey.bushofsky@ropesgray.com

7

Chong S. Park (admitted *pro hac vice*)
Samer M. Musallam (admitted *pro hac vice*)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

*Counsel for Defendant Johns Hopkins University*

## **CERTIFICATE OF SERVICE**

I certify that on April 15, 2022, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

Dated: April 15, 2022

*/s/ James L. Cooper*
James L. Cooper (admitted pro hac vice)

*Counsel for Defendant the University of Chicago*