# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK CARBONE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLANDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly<br><br>Hon. Gabriel A. Fuentes |
| Plaintiffs, | |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**DEFENDANT YALE UNIVERSITY'S RULE 12(b)(6)**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Yale University joins in full the Defendants' Joint Motion to Dismiss. This separate motion highlights an independent reason Plaintiffs' claims against Yale should be dismissed: Plaintiffs do not—and cannot consistent with Rule 11—allege that Yale follows the Consensus Methodology in determining a student's need for financial aid. To the contrary, Plaintiffs expressly allege that Yale *stopped* using the Consensus Methodology by 2009 and do not allege that Yale ever used it again. Thus, any claims against Yale must be dismissed.

## ARGUMENT

Plaintiffs' complaint is largely bereft of allegations about Yale. And the allegations they do make demonstrate that Plaintiffs' claims against Yale must be dismissed. Plaintiffs allege that "Defendants" generally injured them by "agreeing on" and "imposing a common aid methodology." Am. Compl. ¶ 259. But they allege that Yale *stopped following that methodology* in 2008 or 2009. *See id.* ¶ 124 (describing "Yale's withdrawal" from the 568 Group in 2008). By Plaintiffs' own account, Yale implemented a "new methodology" in "early 2009." *Id*. ¶ 123. Under the Clayton Act's four-year statute of limitations, any claims against Yale for allegedly agreeing to use the Consensus Methodology should have been filed by 2013—nine years before Plaintiffs filed their complaint in this case—and are now time-barred. *See generally* Jt. Mot. § IV.

Plaintiffs' allegation that Yale "evidently rejoined" the 568 Group sometime in 2018 does not change anything. Am. Compl. ¶ 124. Plaintiffs conspicuously fail to allege that Yale discontinued its new methodology and reinstated the Consensus Methodology. Simply alleging that Yale rejoined the 568 Group is insufficient to create a reasonable inference that Yale agreed to use the Consensus Methodology—particularly when Congress has found that member schools need not, and some do not, use that methodology. *See* H.R. Rep. 114-224 (2015) (recognizing that the Consensus Methodology "is not binding" and results in "different, and competitive, financial

aid packages").[1] *See also Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007) (plaintiffs must allege enough facts to make claims plausible, not just possible); Jt. Mot. § II(A)(1).

Plaintiffs offer a conclusory assertion that *in 2008* Yale may have believed that using the Consensus Methodology was mandatory. Am. Compl. ¶ 124. But even if that were true, Plaintiffs do not, and cannot, allege that Yale adhered to the Consensus Methodology at any time during the four-year statute of limitations period. Plaintiffs' claims are thus untimely as a matter of law. *See, e.g.*, *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 129 F. Supp. 3d 614, 634 (N.D. Ill. 2015) (dismissing antitrust claims as untimely).

## CONCLUSION

WHEREFORE, Plaintiffs' claims against Yale should be dismissed with prejudice.

Dated: April 15, 2022

Respectfully submitted,

*/s/ Stephen J. Siegel*
Stephen Novack (ARDC #2067587)
Stephen J. Siegel (ARDC #6209054)
Serena G. Rabie (ARDC #6336601)
NOVACK AND MACEY LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501
Tel.: 312-419-6900
snovack@novackmacey.com
ssiegel@novackmacey.com
srabie@novackmacey.com

By: */s/ Charles A. Loughlin*
Charles A. Loughlin (admitted *pro hac vice*)
Benjamin F. Holt (admitted *pro hac vice*)
Jamie Lee (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
jamie.lee@hoganlovells.com
molly.pallman@hoganlovells.com

*Counsel for Yale University*

---

[1] Congressional reports are properly before the Court on this Rule 12(b)(6) motion to dismiss because they are incorporated into the complaint by reference, *see* Am. Compl. ¶¶ 185-92 (citing legislative history), and properly subject to judicial notice. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019) (courts may consider documents that a complaint incorporates by reference on a motion to dismiss); Fed. R. Evid. 201(b)(2).

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 15, 2022, I caused a true and correct copy of the foregoing Defendant Yale University's Rule 12(b)(6) Motion to Dismiss the Amended Class Action Complaint to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system.

*/s/ Serena G. Rabie*
Serena G. Rabie