# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK CARBONE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLANDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>   Defendants. | Case No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly<br>Magistrate Gabriel A. Fuentes |

**THE STATE OF NEW YORK'S LETTER IN
SUPPORT OF THE STATEMENT OF INTEREST OF THE UNITED STATES**

  The State of New York, through the New York Office of the Attorney General ("NYOAG"), respectfully submits this letter in support of the Statement of Interest filed by the United States. ECF No. 167, Ex. A. NYOAG's Antitrust Bureau is responsible for enforcing state and federal antitrust laws to prevent anticompetitive practices and to promote competition

1

for the benefit of residents and businesses in New York State. Accordingly, the NYOAG has a strong interest in ensuring that the antitrust laws are applied properly.[1]

In addition to our interest in the proper interpretation of the antitrust laws, NYOAG is directly interested in this case given the thousands of New York citizens who attend or attended the defendant schools as undergraduates and received institutional financial aid packages. New York State also provides and secures grants and loans to some New York students to help them afford the costs of attending the defendant universities. Two current members of the Group, Columbia University in the City Of New York and Cornell University, are located in New York State.

NYOAG agrees with the United States that (1) the 568 Exemption[2] should be construed narrowly and does not protect agreements between institutions where *any* member institution fails to admit all students on a need-blind basis; and (2) Plaintiffs have adequately alleged conduct by Defendants that is subject to *per se* or rule of reason review under the antitrust laws. We endorse the legal reasoning laid out in the United States' Statement of Interest, and request that the court give due weight and consideration to our shared position.

Dated: July 8th, 2022

                                              Respectfully submitted,

                                              FOR THE STATE OF NEW YORK
                                              LETITIA JAMES
                                              Attorney General of the State of New York

                                              BY: /s/ Tal Matar Elmatad

---

[1] Like the United States, the NYOAG offers no view on the plaintiffs' antitrust standing, their factual claims, the proper definition of "need-blind," the application of any applicable statute of limitations, or the separate motions to dismiss filed by Defendant Yale or Defendants Brown, Emory, Johns Hopkins, and the University of Chicago.

[2] 15 U.S.C. § 1 note; Improving America's Schools Act of 1994, Pub. L. No. 103-382, title V, § 568, 108 Stat. 3518, 4060 (1994).

Tal Matar Elmatad, Assistant Attorney General

Elinor R. Hoffmann, Bureau Chief
Benjamin B. Allen, Assistant Attorney General

Antitrust Bureau
New York State Office of the Attorney General
Antitrust Bureau
28 Liberty Street
New York, New York 10005
Telephone: (212) 416-6318
tal.elmatad@ag.ny.gov
elinor.hoffmann@ag.ny.gov
ben.allen@ag.ny.gov

*Counsel for the State of New York*