# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FRANK CARBONE, ANDREW CORZO, SAVAN-
NAH ROSE EKLUND, SIA HENRY, ALEXANDER
LEO-GUERRA, MICHAEL MAERLENDER, BRAN-
DON PIYEVSKY, KARA SAFFRIN, and BRITTANY
TATIANA WEAVER, individually and on behalf of all
others similarly situated,

                      Plaintiffs,

                      v.

BROWN UNIVERSITY, CALIFORNIA INSTITUTE
OF TECHNOLOGY, UNIVERSITY OF CHICAGO,
THE TRUSTEES OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK, CORNELL UNIVER-
SITY, TRUSTEES OF DARTMOUTH COLLEGE,
DUKE UNIVERSITY, EMORY UNIVERSITY,
GEORGETOWN UNIVERSITY, THE JOHNS HOP-
KINS UNIVERSITY, MASSACHUSETTS INSTITUTE
OF TECHNOLOGY, NORTHWESTERN UNIVER-
SITY, UNIVERSITY OF NOTRE DAME DU LAC,
THE TRUSTEES OF THE UNIVERSITY OF PENN-
SYLVANIA, WILLIAM MARSH RICE UNIVERSITY,
VANDERBILT UNIVERSITY, and YALE UNIVER-
SITY,

                      Defendants.

**Case No. 1:22-cv-00125**

**Hon. Matthew F. Kennelly**
**Magistrate Gabriel A. Fuentes**

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Notice of Supplemental Authority in support of Plain-

tiffs' opposition, ECF Nos. 164 & 165, to Defendants' pending motions to dismiss under Fed. R.

Civ. P. 12(b)(6), ECF Nos. 145-48.

In *Vasquez v. Indiana University Health, Inc.*, No. 21-3109, 2022 WL 2582368 (7th Cir. July 8, 2022) (attached hereto as Exhibit A), the district court had dismissed a vascular surgeon's claims alleging that Indiana University Health, Inc. violated the federal antitrust laws, through its exercise of market power in a particular geographic market, by engaging in a scheme to ruin the plaintiff's reputation and practice and to revoke his hospital privileges. *See id*. at \*1. The Seventh Circuit reversed, finding that the district court had misapplied the relevant standards for assessing the sufficiency of the plaintiff's allegations regarding the relevant geographic market and the time-liness of his claims. *See id*. at \*2-5. *Vasquez* supports Plaintiffs' opposition to Defendants' Rule 12(b)(6) motions here in several important respects.

*First*, in describing the pleading standards for defining a relevant geographic market under the antitrust laws, *Vazquez* supports Plaintiffs' definition of the relevant product market at this stage. *Vazquez* disagreed with the district court's conclusion that the plaintiff had not alleged a plausible geographic market. In applying the relevant legal test for evaluating relevant markets in this Circuit, the Seventh Circuit explained: "This is not the time to evaluate the merits of Vazquez's allegations, and that in any event is a task that requires expert testimony. The motion-to-dismiss stage does not lend itself to rigorous hypothetical-monopolist analysis." *Id*. at \*3. This conclusion followed the principle, on a motion to dismiss, that "we need not decide whether Vazquez's story is probable; we are assessing only its plausibility." *Id*. This reasoning directly supports Plaintiffs' opposition to the motion to dismiss here that—although not required under the law given that the alleged misconduct here satisfies the *per se* standard—they have nonetheless alleged a plausible product market and Defendants' exercise of market power in it, and that the resolution of that market definition is a matter for discovery and expert analysis. *See* ECF No. 164 at 34-37.

*Second*, in confirming that courts generally will not resolve an affirmative defense on a Rule 12(b)(6) motion, *Vazquez* supports Plaintiffs' opposition to the motion with respect to Defendants' invocation of affirmative defenses. The Seventh Circuit observed that "timeliness is an affirmative defense and thus normally (and here) is not properly resolved at the Rule 12(b)(6) stage." *Vazquez*, 2022 WL 2582368, at *5. This reasoning directly supports Plaintiffs' point here that the several affirmative defenses that Defendants invoke are not a proper subject of their Rule 12(b)(6) motions. *See* ECF No. 164 at 6 (legal standards governing affirmative defenses), 12-13 (addressing the statutory exemption at issue), 38-39 (addressing Defendants' claimed withdrawal from the conspiracy at issue), 45 (addressing the operation of the statute of limitations).

*Third*, in confirming that the "discovery rule" determines whether antitrust claims are timely, *Vazquez* supports Plaintiffs' position here that the discovery rule applies. "'An antitrust cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business.'" *Vazquez*, 2022 WL 2582368, at *5 (quoting *In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006)). This accrual rule "'is qualified by the discovery rule, which postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured.'" *Id.* (quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 902 (7th Cir. 2004)). This conclusion directly supports Plaintiffs' point here that for federal antitrust claims, the "discovery rule" continues to apply in this Circuit. *See* ECF No. 164 at 45-46.

*Fourth*, in analyzing how the discovery rule applies, *Vazquez* supports Plaintiffs' argument here that their claims cannot reasonably be deemed untimely at this stage. "We have applied a demanding standard to dismissals on timeliness grounds at the pleading stage of antitrust cases." *Vazquez*, 2022 WL 2582368, at *5. The Seventh Circuit explained that "to affirm the dismissal,

we would need to be sure that the undisputed facts show that the operative injury both occurred and was discovered" when the defendant argued it did and was, but that "the complaint does not paint such a one-sided picture." *Id*. In particular, reasoning that Vazquez could have known of his injury only if he knew of the alleged scheme, and underscoring the distinction between the timing of the injury and when he discovered it, the court concluded: "Nor do we have enough information, at this stage, to ascertain exactly when Vazquez *learned* of the purported scheme, which is what really matters." *Id*. (emphasis in original). The court noted the several plausible dates for when Vazquez might have acquired such knowledge, and concluded: "Without discovery, choosing among these alternatives is difficult, if not impossible. What matters is that the complaint presents a plausible account under which his suit is timely." *Id*. This reasoning directly supports Plaintiffs' argument here that they have plausibly pleaded that they did not know of their injuries until the last two years and that resolving the fact-intensive issue of their actual knowledge is not proper on a Rule 12(b)(6) motion. *See* ECF No. 164 at 46-50. It bears emphasis, moreover, that the court in *Vasquez* conspicuously did not frame the relevant analysis as when the plaintiff should have known that he had been injured. This aspect of the court's analysis further demonstrates that it would be improper to resolve the issue of "discovery" on a Rule 12(b)(6) motion. *See id*. at 47-50.

*Fifth*, in citing the categories of plaintiffs entitled to enforce the antitrust laws, *Vazquez* supports Plaintiffs' argument here that they have standing. The court noted that "the antitrust laws confer a right of action on 'any person . . . injured in his business or property,'" and that "consumers . . . fall within the scope of the law." *Vazquez*, 2022 WL 2582368, at *2 n.1 (quoting 15 U.S.C. § 15). This reasoning directly supports Plaintiffs' argument here that, as direct consumers, they have "antitrust standing" to enforce the laws they invoke. *See* ECF No. 164 at 11.

Dated: July 13, 2022

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
**GILBERT LITIGATORS & COUNSE-
LORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: 646-448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com

/s/ Eric L. Cramer
Eric L. Cramer
Caitlin Coslett
Hope Brinn
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
ecramer@bm.net
ccoslett@bm.net
hbrinn@bm.net

Robert E. Litan
Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Phone: (202) 559-9745
rlitan@bm.net
dwalker@bm.net

/s/ Edward Normand
Kyle W. Roche
Edward Normand
Peter Bach-y-Rita
**ROCHE FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, NY 10016
Phone: (646) 350-0527
kyle@rochefreedman.com
tnormand@rochefreedman.com
pbachyrita@rochefreedman.com

/s/ Elizabeth A. Fegan
Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th floor
Chicago, IL 60606
Phone: (312) 741-1019
beth@feganscott.com