UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK CARBONE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLANDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>      Defendants. | Case No. 1:22-cv-00125<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Gabriel A. Fuentes |

**REPLY IN SUPPORT OF NON-MEMBER DEFENDANTS' MOTION TO DISMISS**

I.  **Plaintiffs Fail to Overcome That Brown, Chicago, and Emory Withdrew from the 568 Group Before the Limitations Period**

Plaintiffs' opposition brief (at 38-40) all but concedes the fatal flaw in their claims against Brown, Chicago, and Emory ("BCE"). Plaintiffs do not dispute that, if BCE withdrew from the 568 Group before 2018, that would defeat liability. *See* Non-Member Br. 1. And Plaintiffs do not dispute that withdrawal from a conspiracy is achieved by cessation of participation and an act of disavowal, such as communicating withdrawal to co-conspirators. *See id.* Nor do Plaintiffs dispute that the complaint effectively concedes that BCE ceased participation in the 568 Group years before 2018. *See id.* at 2. Plaintiffs thus depend entirely on their erroneous argument that the complaint does not concede that BCE communicated withdrawals to the 568 Group members.

*First*, in this private suit, Plaintiffs must affirmatively plead (and eventually prove) that each Defendant was a member of the conspiracy at the time of the allegedly unlawful conduct that caused their alleged antitrust injuries. Although Plaintiffs invoke (at 38-39) the holding in *Smith v. United States*, 586 U.S. 106, 110-12 (2013), that withdrawal from a conspiracy is an affirmative defense in criminal prosecutions, they largely ignore the BCE brief's showing (at 2-3) that *Smith* is inapposite in civil suits. Whereas a conspirator's withdrawal does not negate an element of the criminal offense, establishing its continuing membership is necessary to claim that its unlawful agreement *caused the alleged injuries*, which is an essential element unique to a private cause of action. *See Krause v. Perryman*, 827 F.2d 346, 350 n.5 (8th Cir. 1987).[1] Plaintiffs also invoke (at 39) *Watson Carpet & Floor Covering, Inc. v. Mohawk Industries*, 648 F.3d 452 (6th Cir. 2011), but that pre-*Smith* case—which is not binding—failed to grapple with the injury-causation element of a civil cause of action, thus rendering unpersuasive its *ipse dixit* assertion that the "logic" of

---

[1] Plaintiffs observe (at 39) that *Krause* involved RICO's civil provision. But "Congress modeled [that provision] on the civil-action provision of the federal antitrust laws." *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 267 (1992).

criminal conspiracy cases "is equally sensible in the civil context," *id.* at 457.

  *Second*, even if withdrawal were an affirmative defense here, the complaint concedes that BCE met the standard by communicating their withdrawals to the 568 Group. Notwithstanding Plaintiffs' insinuations (at 38-39), they never dispute the black-letter law that "a plaintiff can plead himself out of court" by alleging the defense's elements in the complaint. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). Plaintiffs have done exactly that by pleading their own awareness that BCE "claim" to have withdrawn by 2014. *See* Am. Compl. ¶¶ 107, 194 n.83. As BCE's brief explained (at 3) and Plaintiffs' cases confirm (at 39), a conspirator adequately disavows participation by communicating its withdrawal "in a manner reasonably calculated to reach co-conspirators." *Winn-Dixie Stores Inc. v. E. Mushroom Mktg. Coop.*, 2021 WL 409982, at *4 (E.D. Pa. Feb. 5, 2021) (quoting *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464-65 (1978)). Plaintiffs articulate no basis for their counterintuitive suggestion that BCE claimed to withdraw in a manner that was transparent to them, but somehow did not communicate their withdrawal "in a manner reasonably calculated to reach" the 568 Group.[2] Indeed, the membership lists on the website establish unequivocally that BCE effectively communicated their withdrawal to the Group and the public at large. Although Plaintiffs characterize (at 39) those lists as "extrinsic evidence," they do not dispute that the lists were incorporated by reference in the complaint and thus may be considered on a motion to dismiss. *See* Non-Member Br. 3-4 & n.1; *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 675 n.1 (7th Cir. 2009) (plaintiff pled itself out of court, in part, based on extrinsic article "central . . . to the complaint"). Accordingly, the claims against Brown, Chicago, and Emory should be dismissed.

---

[2] By contrast, in Plaintiffs' inapposite cases (at 39-40), employees merely stopped working at companies where conspiracies were ongoing without disavowing or otherwise withdrawing from the conspiracies. *See United States v. Vallone*, 698 F.3d 416, 493-94 (7th Cir. 2012); *United States v. Nagelvoort*, 856 F.3d 1117, 1128-29 (7th Cir. 2017). Here, withdrawal from the 568 Group *is* withdrawal from the alleged conspiracy.

## II. Plaintiffs Fail to Refute Fatal Pleading Deficiencies Concerning Johns Hopkins

Beyond threadbare allegations that Johns Hopkins ("JHU") joined the 568 Group in 2021 and generally had some meetings and discussions, *see* Am. Compl. ¶ 102, Plaintiffs do not allege *any* specific facts as to JHU or to its knowledge that could support holding JHU retroactively liable for the Group's prior activities. Namely, Plaintiffs fail to allege that JHU had actual knowledge that any other member allegedly had admissions practices that were not "need-blind," as required to allege a conscious commitment to an "unlawful" scheme. *See* Jnt. Reply § I.D. The Sherman Act does not impose liability on an "unwitting conspirator." *United States v. Standard Oil Co.*, 316 F.2d 884, 890 (7th Cir. 1963). "There must, instead, be some evidence of *actual* knowledge of, and participation in, an *illegal* scheme . . . by a particular association member." *Moore v. Boating Indus. Ass'ns*, 819 F.2d 693, 712 (7th Cir. 1987) (emphases added). Under Seventh Circuit precedent, Plaintiffs' allegations are deficient, and their claims should be dismissed.

Plaintiffs are not saved by arguing (at 42) that the Amended Complaint plausibly alleges injuries beyond the first year. They allege a conspiracy to restrain competition only for the initial awards to *admitted applicants*, not a conspiracy to restrain competition over *already-enrolled students*. *See* Jnt. Reply § IV. Plaintiffs (at 42) cite only to Paragraph 266, which is entirely silent on whether the Consensus Methodology is applied (even incidentally) to later-year awards. Nor should the Court defer resolution of the claims against JHU, as Plaintiffs urge (again, at 42), until the class-certification stage. When it is clear that legal claims can be shown to be groundless, it is well within the district court's discretion to rule directly on the merits in advance of class certification. *See, e.g.*, *Thomas v. UBS AG*, 706 F.3d 846, 849 (7th Cir. 2013) (affirming 12(b)(6) dismissal prior to class certification). Because Plaintiffs' claims against Johns Hopkins fail as a matter of law, the Court can—and should—dismiss them now.

Dated: July 15, 2022 Respectfully submitted,

By: */s/ James L. Cooper*
James L. Cooper (admitted pro hac vice)
Michael Rubin (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5014
james.cooper@arnoldporter.com
michael.rubin@arnoldporter.com

Leah Harrell (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel.: 212-836-7767
leah.harrell@arnoldporter.com

Valarie Hays
ARNOLD & PORTER KAYE SCHOLER LLP
70 W Madison Street
Suite 4200
Chicago, IL 60602
Tel.: 312-583-2440
valarie.hays@arnoldporter.com

*Counsel for Defendant the University of Chicago*


By: */s/ with consent of Kenneth M. Kliebard*
Kenneth M. Kliebard
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Suite 2800
Chicago, IL 60606-1511
Tel: 312-324-1000
kenneth.kliebard@morganlewis.com

Jon R. Roellke (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: 202-739-5754
jon.roellke@morganlewis.com

        Sujal Shah (admitted pro hac vice)
        MORGAN, LEWIS & BOCKIUS LLP
        One Market, Spear Street Tower, 28th Floor
        San Francisco, CA 94105-1596
        Tel: 415-442-1386
        sujal.shah@morganlewis.com

        Noah J. Kaufman (admitted pro hac vice)
        MORGAN, LEWIS & BOCKIUS LLP
        One Federal Street
        Boston, MA 02110
        Tel: 617-341-7590
        noah.kaufman@morganlewis.com

        *Counsel for Defendant Brown University*


        By: */s/ with consent of Tina M. Tabacchi*
        Tina M. Tabacchi
        JONES DAY
        110 North Wacker Drive
        Suite 4800
        Chicago, IL 60606
        Tel.: 312-782-3939
        tmtabacchi@jonesday.com

        Craig A. Waldman
        Hashim M. Mooppan
        Christopher N. Thatch
        JONES DAY
        51 Louisiana Avenue, N.W.
        Washington, DC 20001-2113
        Tel.: 202-879-3877
        cwaldman@jonesday.com
        hmmooppan@jonesday.com
        cthatch@jonesday.com

        *Counsel for Defendant Emory University*


        By: */s/ with consent of Jeffrey J. Bushofsky*
        Jeffrey J. Bushofsky
        ROPES & GRAY LLP
        191 North Wacker Drive 32nd Floor
        Chicago, IL 60606-4302
        Tel: 312-845-1200
        jeffrey.bushofsky@ropesgray.com

-6-

>Chong S. Park (admitted *pro hac vice*)
>Samer M. Musallam (admitted *pro hac vice*)
>ROPES & GRAY LLP
>2099 Pennsylvania Avenue, NW
>Washington, DC 20006-6807
>Tel: 202-508-4600
>chong.park@ropesgray.com
>samer.musallam@ropesgray.com
>
>*Counsel for Defendant Johns Hopkins University*

## **CERTIFICATE OF SERVICE**

I certify that on July 15, 2022, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

Dated: July 15, 2022

*/s/ James L. Cooper*
James L. Cooper (admitted pro hac vice)

*Counsel for Defendant the University of Chicago*