# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK CAROBE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly <br><br> Hon. Gabriel A. Fuentes |

**DEFENDANT YALE UNIVERSITY'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Plaintiffs' entire case is about an alleged agreement to use the Consensus Methodology ("CM"). It is the basis for Plaintiffs' (inapt) price-fixing analogy and their alleged injury. *See* Opp. at 6-9. Yet as Yale's opening brief showed, Plaintiffs themselves allege that Yale stopped using the CM over thirteen years ago—and therefore the statute of limitations on any claim against Yale has long expired. Yale Br. at 2.[1] Plaintiffs' opposition merely asserts, in a parenthetical, that "all members of the 568 Group use the CM," Opp. at 43, but such generalized allegations are insufficient to state a claim against Yale. *See Bates v. City of Chicago*, 726 F.3d 951, 958 (7th Cir. 2013) (dismissing complaint that "lumped the defendants together without sufficient detail").[2]

Plaintiffs assert that Yale is culpable for rejoining the 568 Group, even if it did not use the CM. Opp. at 44. But Plaintiffs' other conduct allegations (attendance at meetings, imposing a common calendar for collecting financial aid information, information exchange) only matter if such conduct furthers an anticompetitive CM agreement. *Id.* at 44 (citing AC ¶ 117-18, 121). Because Plaintiffs have not plausibly alleged that Yale participated in a CM conspiracy during the limitations period, allegations about other 568 Group activities fail to state a claim against Yale.

Finally, Plaintiffs' assertion that Yale did not "formally withdraw[]" from any alleged conspiracy in 2009, Opp. at 44, is contradicted by the Amended Complaint, in which Plaintiffs allege that Yale publicly withdrew from the 568 Group and use of the CM in 2008. AC ¶¶ 123-24. Nothing more is needed to effectively withdraw from an alleged conspiracy.[3]

---

[1] Plaintiffs' reference to Rule 11 procedures, Opp. at 43 n.30, misses Yale's point entirely. Yale is not arguing that Plaintiffs violated Rule 11. Rather, Yale's point is that in honoring Rule 11 Plaintiffs did not (and could not) allege that Yale has followed the Consensus Methodology at any time since 2009.

[2] Contrary to Plaintiffs' assertion, Opp. at 43 n.31, the House Judiciary Committee Report cited by Yale clearly states that, as of 2015, "the common set of principles reached by the participating schools is not binding on those that participate, nor are there prescribed financial aid amounts that are predetermined." H.R. Rep. 114-224 (2015). Plaintiffs do not dispute that the Court may take judicial notice of these facts. *See* Fed. R. Evid. 201(b)(2).

[3] *See United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464-65 (1978) ("Affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators have generally been regarded as sufficient to establish withdrawal or abandonment.").

Dated: July 15, 2022                                    Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Siegel* | */s/ Charles A. Loughlin* |
| Stephen Novack (ARDC #2067587) | Charles A. Loughlin (admitted *pro hac vice*) |
| Stephen J. Siegel (ARDC #6209054) | Benjamin F. Holt (admitted *pro hac vice*) |
| Serena G. Rabie (ARDC #6336601) | Jamie Lee (admitted *pro hac vice*) |
| NOVACK AND MACEY LLP | Molly Pallman (admitted *pro hac vice*) |
| 100 North Riverside Plaza, 15th Floor | HOGAN LOVELLS US LLP |
| Chicago, IL 60606-1501 | 555 Thirteenth Street, NW |
| Tel.: 312-419-6900 | Washington, DC 20004-1109 |
| snovack@novackmacey.com | Tel: 202-637-5600 |
| ssiegel@novackmacey.com | chuck.loughlin@hoganlovells.com |
| srabie@novackmacey.com | benjamin.holt@hoganlovells.com |
| | jamie.lee@hoganlovells.com |
| | molly.pallman@hoganlovells.com |

*Counsel for Yale University*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 15, 2022, I caused a true and correct copy of the foregoing Defendant Yale University's Reply in Support of its Rule 12(b)(6) Motion to Dismiss the Amended Class Action Complaint to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system.

*/s/ Serena G. Rabie*
Serena G. Rabie