# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLEAN WHOLESALE GROCERY COOPERATIVE, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AGRI STATS, INC., *et al.*,<br><br>Defendants | No. 19-cv-08318<br><br>Hon. Virginia M. Kendall<br>Hon. Gabriel A. Fuentes |
| SANDEE'S CATERING,<br><br>Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., *et al.*,<br><br>Defendants | No. 20-cv-02295<br><br>Hon. Virginia M. Kendall<br>Hon. Gabriel A. Fuentes |

## [~~PROPOSED~~] SCHEDULING AND DISCOVERY ORDER

Pursuant to the Court's December 18, 2020 Order (Dkt. 200) and the parties' agreements as set forth in their Rule 26(f) report (Dkt. 194), the Court issues the following Scheduling Order and further Order regarding discovery.

739417331

## I. Scheduling Order

| Event | Due Date |
|---|---|
| Initial Requests for Production and Interrogatories | To be served no later than January 29, 2021.<br><br>Subsequent requests and interrogatories may be served consistent with the FRCP.<br><br>Resulting productions in response to subsequent requests will not be subject to the substantial completion deadline if completing a production in that time frame is not reasonably practicable. |
| Production of Organizational Charts (Plaintiffs' RFP 2) | January 29, 2021 for non-objectionable items readily available and responsive to the Request. |
| Disputes regarding custodians for Requests for Production to be presented to the Court. | March 5, 2021 |
| Substantial Completion of Production of Structured Data in response to requests for production | July 1, 2021[1] |
| Deadline to serve all written discovery, requests for production, and Rule 45 subpoenas.[2] | August 6, 2021 |
| Substantial completion of production of (non-structured) documents. | November 30, 2021 |
| Last day to amend pleadings or add parties | December 30, 2021 |
| Fact Discovery to be Completed | June 3, 2022 |
| Plaintiffs serve initial class expert reports | July 1, 2022 |

---

[1] The Parties will make good faith efforts to meet interim deadlines for the production of structured data, but also acknowledge that the ongoing public health crisis may impact one or more party's ability to comply with the deadline. Should a party learn that it will be unable to meet the interim deadline for the production of structured data, it will promptly notify opposing counsel, and the parties will confer and attempt to reach agreement on an alternative date for the production.

[2] Nothing shall prohibit a party from seeking leave of Court to serve additional documents requests, interrogatories, or subpoenas for good cause shown, or from objecting to such requests.

| Event | Due Date |
|---|---|
| Defendants serve class expert reports | September 2, 2022 |
| Plaintiffs file rebuttal class expert reports | October 3, 2022 |
| Class expert depositions begin | October 31, 2022<br><br>Absent agreement of the parties, plaintiffs experts must be deposed prior to defendants' experts. |
| Deadline for all class expert discovery | December 16, 2022. |
| Plaintiffs file class certification motion, and any class *Daubert* motion | January 6, 2023 |
| Defendants file (i) opposition to plaintiffs class certification motion; (ii) opposition to plaintiffs' Daubert motion(s); and (iii) any Daubert motion directed at plaintiffs' class experts. | March 31, 2023 |
| Plaintiffs file (i) reply in support of Plaintiffs' motion for class certification; (ii) reply in support of Plaintiffs' Daubert motion(s); and (iii) opposition to defendants' Daubert motion(s). | May 26, 2023 |
| Defendants file replies in support of Defendants' Daubert motion(s) | June 23, 2023 |
| Summary Judgment and Pretrial | No later than 30 calendar days after the Court's ruling on the motion for class certification, the parties will provide to the Court a proposed schedule for the filing of dispositive motions, merits expert discovery, *Daubert* motions for merits experts, motions *in limine*, and other final pre-trial matters, if applicable. |

## II.   Fact Discovery

(a) The Court adopts the parties' agreed proposals on the use and numbers of discovery procedures as follows:

(1) Plaintiffs may jointly serve 30 interrogatories per defendant family named in the complaints. Defendants may jointly serve 30 interrogatories on each plaintiff family

3

739417331

named in the complaints. The parties will coordinate efforts and each side will avoid serving duplicative or unduly burdensome interrogatories.

(2) The parties may propound only a reasonable and appropriate number of requests to produce. Plaintiffs may jointly serve requests on each defendant family named in the complaints. Defendants may jointly serve requests to produce on each plaintiff family named in the complaints. Requests to produce may be served on individual parties on discrete issues.

(3) There will be a maximum of 90 total percipient witness Defendant depositions. Absent good cause shown, no defendant family shall be subject to more than ten (10) depositions (including Rule 30(b)(6) depositions) and no Named Plaintiff shall be subject to more than three (3) depositions (including Rule 30(b)(6) depositions). Fed. R. Civ. P. 30(b)(6) depositions will be limited to a total of no more than 7 hours per defendant family where a single witness serves as the deponent, and no more than 10 hours per defendant family where multiple witnesses serve as the Rule 30(b)(6) deponent for a defendant family; regardless of whether a defendant family elects to proffer a single 30(b)(6) witness or multiple such witnesses in response to a 30(b)(6) notice of deposition, such a deposition shall count only as a single deposition.

(4) Absent good cause shown, the maximum number of fact depositions of third parties shall be 25 depositions per side, inclusive of cross-noticed third party fact depositions.

(5) If any individuals have been employed by more than one Defendant, they may be deposed only once and shall not be counted twice for purposes of the previous paragraph. If, upon the receipt of a deposition notice, a party becomes aware that a witness currently employed by the receiving party was previously employed by another party, and the noticing party has not expressed knowledge of this fact, the party receiving the notice shall make this fact known within a reasonable time after learning about the witness' prior employment. In such circumstances, the parties will confer and agree on how such individuals shall be counted for the purpose of these totals. In accordance with Federal Rule of Civil Procedure 30(d), depositions shall be limited to 7 hours each, except upon agreement of the witness or the party producing the witness. However, the parties will confer with each other in advance with respect to the timing of conducting such depositions.

(6) In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness.

(7) With respect to non-party depositions, if Plaintiffs and Defendants cross-notice a third party for deposition, the parties shall meet and confer regarding the division of time among the parties. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition.

Plaintiffs and Defendants will meet and confer regarding a potential deposition protocol regarding procedures for depositions, including allocation of time for third party depositions.

(8) The parties will meet and confer in good faith in connection with any pretrial order to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6). The parties reserve all rights regarding the use of requests for admission to resolve potential evidentiary objections that cannot be resolved by stipulation.

(9) With respect to non-evidentiary issues, Plaintiffs may jointly serve 45 requests for admission on each defendant family and Defendants may jointly serve 45 requests for admission on each Named Plaintiff.

(b) Miscellaneous

(1) Should any dispute arise regarding the limitations and protocols provided above with respect to discovery, the parties will meet and confer in an attempt to reach a mutually agreeable solution before seeking Court intervention.

(2) With respect to discovery served pursuant to Federal Rule of Civil Procedure 30, 33, 34, and 36, Plaintiffs and Defendants will coordinate efforts to avoid serving duplicative or unduly burdensome discovery.

Dated: 1-11-21

Hon. Virginia M. Kendall
United States District Judge

739417331