IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD DENNIS and PORT 22, LLC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>THE ANDERSONS, INC., CARGILL, INC., and JOHN/JANE DOES NOS. 1-50,<br><br>    Defendants. | Case No.: 1:20-cv-04090<br><br>Honorable Charles R. Norgle, Sr.<br>Magistrate Judge Susan E. Cox |

## **FIRST AMENDED JOINT SCHEDULING ORDER UNDER RULE 16(b)**

Plaintiffs Richard Dennis and Port 22, LLC ("Plaintiffs") as well as Defendants The Andersons, Inc. and Cargill, Incorporated ("Defendants," and with Plaintiffs, the "Parties") by and through counsel respectfully request the Court adopt the following first amended joint scheduling order for the above-captioned litigation. The Parties state as follows in support of their request:

1. On January 19, 2022, the Court entered the operative Scheduling Order. Dkt. No. 66.

2. On May 3, 2022, the Court issued its Order and Opinion denying Defendants' Joint Motion to Dismiss the antitrust claims in Counts V and VI of Plaintiffs' Second Amended Complaint. Dkt. No. 73. Discovery on Plaintiffs' antitrust claims was stayed during the pendency of Defendants' Joint Motion to Dismiss the antitrust claims.

3. On May 19, 2022, the Court permitted Defendants until June 15, 2022 to file answers to the Second Amended Complaint. Dkt. No. 75.

4. On June 15, 2022, Defendants filed their respective Answers and Affirmative Defenses to the Second Amended Complaint. Dkt. Nos. 77-78.

5. The Parties have worked diligently on discovery and have submitted agreed-upon orders for electronically stored information, Dkt. No. 67, a confidentiality order, Dkt. No. 68, and a protocol for depositions, Dkt. No. 71. The Parties also continue to meet and confer regarding the scope of document and data productions from the parties and are meeting and conferring with certain third parties.

6. Notwithstanding the progress to date, additional time is necessary to substantially complete Party and third-party discovery. The Parties therefore propose that the deadline to substantially complete document and data productions be extended along with all following deadlines, as noted below.

NOW THEREFORE, in light of the foregoing and for good cause shown, it is hereby ordered that the below schedule is adopted. The Court will further modify this schedule "only for good cause." See Fed. R. Civ. P. 16(b)(4).

| Event | Deadline |
|---|---|
| Substantial Completion of Document and Data Productions[1] | January 6, 2023 |
| Deadline to Seek Leave to Amend Operative Complaint and/or Add Parties | February 8, 2023 |

---

[1] This deadline does not prejudice the parties from obtaining discovery prior to the close of fact discovery.

2

| Event | Deadline |
|---|---|
| Disclosure of Plaintiffs' Class Expert Report(s) | April 28, 2023 |
| Disclosure of Defendants' Class Expert Report(s) | July 14, 2023 |
| Disclosure of Plaintiffs' Rebuttal Class Expert Report(s) (if any) | September 1, 2023 |
| Deadline for Completion of Depositions of any Class Experts | September 29, 2023 |
| Deadline for Motion for Class Certification and *Daubert* Motions Directed to Either Party's Class Experts (if any) | October 20, 2023 |
| Deadline for Opposition to Class Certification and Oppositions to any *Daubert* Motions | December 1, 2023 |
| Deadline for Reply in Support of Class Certification and Replies in Support of Any *Daubert* Motions | December 29, 2023 |
| Deadline for Any Supplemental Rule 33 Interrogatories, Rule 34 Document Requests, and Rule 36 Requests for Admission[2] | February 15, 2024 |
| Close of Fact Discovery | April 16, 2024 |
| Remainder of Schedule to be set by Court after completion of class certification and associated *Daubert* briefing | |

Date: July 22, 2022

_____
Charles R. Norgle, Sr.
United States District Judge

---

[2] Requests for admissions pertaining solely to the authenticity of documents/admissibility of documents for use at trial shall be exempt from this deadline.

3