# PARTIES' JOINT SUBMISSION OF DISPUTE CONCERNING DEPOSITION PROTOCOL

The parties have been negotiating in good faith on a deposition protocol and have reached agreement on all but one paragraph of the proposed protocol, Paragraph 4 of Section III of the proposed stipulation. Exhibit 1 is a draft of the proposed protocol, with Plaintiffs' and Defendants' competing versions of Section III(4) both included for reference.

## I. Plaintiffs' Position Statement

This dispute is about fairness. Plaintiffs' proposed rule for attendance at depositions is the fairest approach to accommodating individual health concerns without providing any special or unfair advantage to any party. Defendants' proposal, by contrast, asks that the Court allow Defendants' counsel to prepare witnesses in person, and potentially confer with the witness on breaks in person, while excluding deposing counsel from being physically present in the room to question the witness.

Plaintiffs' proposal accommodates Covid-19 health concerns. Under Plaintiffs' proposal, if a witness has particular concerns about Covid-19, notwithstanding the other protections in the protocol and the widely available vaccine and treatment, then the witness has the *absolute right* to demand a remote deposition, with counsel, court reporter, and videographer all participating by videoconference or telephone. Such a choice by a witness means that *no* counsel or other party representatives *may be physically present with the witness* during the remote deposition, including during breaks, or in preparation for the deposition.

But if a witness is not so concerned about Covid-19 and would prefer to meet with its own counsel in person for preparation—perhaps even attorneys who have traveled on airplanes, a

concern that Defendants themselves raise—then the questioning counsel should have the right to be in the room with the witness during the deposition. Indeed, Defendants recognize that there are benefits to having defending counsel present in the same room during the preparation for a deposition, which is why Defendants are fighting for their lopsided proposal. Yet Defendants want to deny the questioning counsel—which will be Plaintiffs for most of the depositions—the same advantages when taking the deposition. Defendants' proposal is neither logically consistent nor Covid-19 consistent, nor fair, nor evenhanded.

Additionally, Plaintiffs offered a further compromise to address Defendants' ostensible concern that they want to limit the number of people with whom a witness must have contact in connection with a deposition. Plaintiffs offered to agree that if a deponent requests a remote deposition, but nonetheless wants to prepare in person with its own counsel, then both the Plaintiffs and the Defendants will each be limited to having *two attorneys* (or an attorney and a paralegal) present in the room for the deposition, and all other attorneys (and paralegals) must participate remotely. Defendants rejected this proposal. Thus, while Defendants characterize Plaintiffs' position as "overly harsh restrictions on preparation," Plaintiffs' compromise proposal offered *no restrictions on preparation*. Further, while Defendants assert that Plaintiffs' proposal would require *seven* attendees, that is wrong. Plaintiffs only request the option of taking the deposition in-person with *up to two* attorneys present if the witness has chosen in-person preparation with its own counsel. The court reporter, videographer, and witness's counsel can still be remote via Zoom, as with any remote deposition. Thus, while any witness would be free to prepare in person with as many attorneys as desired, if the witness wants to do in-person preparation, the questioning attorneys should have the right to conduct in-person examination. That is fair and reasonable.

In discussions, Defendants have repeatedly referenced Judge Gilbert's ruling from *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-8637, 2020 WL 3469166 (N.D. Ill. June 25, 2020), but that case supports Plaintiffs, not Defendants. The *Broiler Chicken* decision was from the very early days of the Covid-19 pandemic, and Judge Gilbert *twice* recognized the protocol excluding deposing counsel from physical attendance was necessary only "until there is a cure or a vaccine for COVID-19." *Id.* at *4, *5. There is now an effective vaccine, and thankfully, much of life and business has returned to normal, including Defendants' institutions resuming in-person instruction and on-campus living. Indeed, depositions, meetings, trials, and hearings are routinely conducted in person now.

Further, courts have explicitly rejected proposals like Defendants' on the grounds that "it appears Defendants want to have their cake and eat it too," and that while "courts have been creative during the current health crisis and have permitted remote depositions . . . [s]uch creativity, however, has not included creating advantages for one party over another in holding remote depositions." *Sunstate Equip. Co., LLC v. EquipmentShare*, No. 2:19-cv-784, 2020 WL 7401630, at *1 (D. Utah Dec. 17, 2020) (collecting cases). Defendants' proposal should be rejected for the same reasons.

Because Plaintiffs' proposal provides the fairest balance of interests, Plaintiffs respectfully request that the Court enter the deposition protocol Order with Plaintiffs' proposal regarding attendance at depositions.

## II. Defendants' Position Statement

The disputed issue concerns whether a witness who has an attorney physically present in the room during deposition preparation is foreclosed from requesting that the deposition itself be conducted remotely. Under Defendants' proposal, deponents for both Plaintiffs and Defendants

are free to prepare for their own depositions as they see fit, and they are also free to choose to have their deposition conducted remotely given their legitimate concerns about COVID-19 in a setting over which the deponent otherwise has little control.  Deponents of all parties can thus balance their concerns about COVID-19 with their need to effectively prepare for the deposition, and there is no risk that overly harsh restrictions on preparation will pressure deponents to overlook their legitimate health concerns and agree to an in-person deposition.

Plaintiffs contend that if a witness seeks a remote deposition because of well-founded concerns about COVID-19, that same witness cannot meet in person with their lawyer at any point ahead of the deposition to prepare.  That position ignores everything we know about the risks from COVID.  In the deposition setting, the witness will be required to sit in an indoor room for over seven hours, talking, with multiple other people present (nearly all of whom will necessarily have just traveled) and both the witness and questioning attorney will be required to be unmasked.  That is an uncomfortable and potentially even untenable situation for many people, especially those who may be immunocompromised or who are in higher-risk age groups, as many of Defendants' witnesses likely are.

In contrast, deponents have complete control over how their prep sessions are conducted.  It can, for example, be conducted with a single attorney, both the witness and attorney can wear masks, and any number of other reasonable precautions can be taken.  The two situations—and their COVID risk profiles—are not remotely comparable.  An in-person prep session does not cast doubt on the sincerity of a request for a remote deposition.

While Plaintiffs did offer a compromise proposal, even that proposal would still prevent a witness from engaging in any in-person prep, no matter how safe and controlled the conditions, unless the witness agrees to sit for an in-person deposition that could last an entire day and

would involve at least 7 attendees – the witness, two counsel for plaintiffs, two counsel for defendants, a court reporter, and a videographer. Plaintiffs continue to overreach by trying to control the manner in which Defendants prepare their witnesses, and continue to force witnesses to trade their legitimate concerns over an in-person deposition for the right to have some in-person deposition prep.

Plaintiffs are in no way disadvantaged by Defendants' proposal. Defendants' proposal applies equally to deponents on all sides, opposing counsel does not attend witness prep sessions, and neither party's counsel will be present in the same room with the witness during a remote deposition. The playing field will be level. Defendants are not trying to have their cake and eat it too. They are trying to ensure that witnesses for all sides can effectively prepare for their depositions without having to accept a real risk of contracting COVID-19.