# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK CARBONE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | **Case No. 1:22-cv-00125** <br><br> **Hon. Matthew F. Kennelly** <br><br> **ORDER REGARDING DEPOSITION PROTOCOL** |

The Court enters the following Order concerning depositions.

I. **DEPOSITIONS, GENERALLY**

1. This Order governs all depositions of parties and nonparties, including fact and expert witnesses, depositions pursuant to Fed. R. Civ. P. ("Rule") 30(b)(6), and depositions taken pursuant to Rule 45 subpoenas.

2. The parties shall continue to cooperate and negotiate in good faith to agree upon reasonable limitations on the number and length of depositions, including depositions conducted pursuant to Rules 30(b)(1), 30(b)(6), and 45. The parties will submit an agreed-upon order or separate proposals concerning those issues on or before December 23, 2022.

II. **NOTICING AND SCHEDULING OF DEPOSITIONS**

1. Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a deposition without consulting in advance with counsel for the witness or for any party that is the current or former employer of the witness.

2. The parties agree that they will work in good faith to provide no fewer than twenty-one (21) calendar days' notice of a deposition. The noticed party will respond to the party issuing the notice within seven (7) calendar days and, if necessary, will counter-propose alternative dates on which the witness and his or her counsel will be available for the deposition. Disputes regarding deposition scheduling that cannot be resolved by the parties shall be decided by the Court.

3. The party serving a subpoena requesting the deposition of a nonparty will contemporaneously provide the opposing parties with the as-served copy of the subpoena. Any party that did not serve the deposition notice on the nonparty may cross-notice the nonparty's

1

deposition. The parties shall then work in good faith on an appropriate allocation of time for the deposition between Plaintiffs and Defendants. If one side does not use all of the time in its agreed allocation, the other side may use the unused time. The parties shall coordinate with each other and the witness (or counsel for the witness) on scheduling the deposition. Counsel for the noticing party shall serve a copy of this Order along with the subpoena to any nonparty whose deposition is noticed.

4. Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all parties electronically. Any subpoenas for deposition testimony from nonparties shall be served on witnesses as required by law, but copies may be served electronically on all parties.

5. The parties and nonparties shall make reasonable efforts to accommodate reasonable requests for continuances of depositions due to unforeseen circumstances, such as illness or dependent care needs of the attorneys, witnesses, or the court reporter.

6. In accordance with Rule 30(d), depositions of a witness shall be limited to seven (7) hours on the record conducted in a single day, except upon agreement of the witness or the party producing the witness. The parties reserve the right to request additional deposition time with any witness beyond the time granted by this Order or any applicable law or Rule, including for any individual who has been employed by more than one Defendant. If the noticing party and the noticed party cannot agree on any additional time to be granted, the noticing party may make a motion to the Court requesting additional time.

7. All deposition notices shall be sent to the email service list designated by the parties, and the sending of a deposition notice to that service list shall constitute proper service of the notice.

### III. DEPOSITION LOCATION AND PROCEDURES

1. The noticing party may elect, in the first instance, to conduct a deposition remotely or in person, and the deposition notice shall clearly state whether such deposition will be conducted in person or remotely.

2. Notwithstanding the right of noticing counsel to elect, in the first instance, to conduct a deposition in person, the witness shall have the right to choose to proceed remotely. The witness or his or her counsel shall make such election within five (5) business days of receiving the notice of deposition, and the failure to elect to proceed remotely within the time allotted shall constitute waiver of the witness's right to insist on a remote deposition.

3. If a witness chooses to proceed remotely, no other persons, including any attorneys for any party or nonparty, may be physically present in the same room as the witness during the taking of the remote deposition, starting with the commencement of the deposition until its conclusion, including breaks. If the noticing party chooses to proceed remotely or counsel for the noticing party elects to proceed remotely after the deposition is noticed, attorneys for the deponent may be physically present in the same room as the deponent during the course of the deposition.

4. If the witness elects to have any counsel physically present in the same room as the witness during a remote deposition, the following provisions shall govern physical attendance generally:

>   a. **Party depositions.** If the witness is a current or former employee of one or more Defendants and is represented by counsel for that Defendant, then Plaintiffs shall have the right (but not the obligation) to send one attorney to the deposition in person, and each other Defendant shall have the right (but

3

not the obligation) to send one attorney to the deposition in person. Remote video access shall be made available for any attorney not physically present. The witness and questioning attorney shall not wear masks during the questioning.

    b. **Nonparty depositions.** If the witness is either (i) a nonparty or employee of a nonparty, or (ii) a current or former employee of a Defendant but not is not represented by counsel for that Defendant, then the nonparty may have one attorney physically present at the deposition as defending counsel, Plaintiffs shall have the right (but not the obligation) to send one attorney to the deposition in person, and each Defendant shall have the right (but not the obligation) to send one attorney to the deposition in person. Remote video access shall be made available for any attorney not physically present. The witness and questioning attorney shall not wear masks during the questioning.

3. Except for this Order's requirement that the witness and questioning attorney shall not wear masks during the questioning, as noted in paragraph III(4), all persons attending the deposition shall comply with all applicable government regulations and rules concerning COVID-19.

4. For any deposition, whether conducted in person or remotely, the noticing party shall ensure: (i) a videoconference feed, (ii) exhibits are distributed to all counsel attending the deposition contemporaneously via secure electronic means, and (iii) a real-time text feed is available, so that other counsel may attend the deposition remotely. Any party requesting real-time text feeds shall bear the cost of any such service.

5. For any deposition, whether conducted in person or remotely, a party shall utilize electronic exhibits in connection with a deposition and arrange for the technology to permit presentment of the electronic exhibits at the deposition to the witness and counsel. The party noticing a deposition will provide electronic copies of exhibits introduced during a deposition, either via email, deposition exhibit software, or via a pre-arranged FTP or file-sharing site. Deposing counsel shall not begin questioning a witness concerning an electronic exhibit until that exhibit has been received by counsel representing the witness. Nothing in this paragraph prohibits a questioning attorney from distributing paper versions of exhibits during a deposition. However, the official exhibit record for any deposition, whether conducted in person or remotely, shall consist of the electronic exhibits used during the deposition and shall be maintained by the court reporting service.

6. For depositions to be conducted remotely, upon request of the witness (including through counsel) made at least seven (7) calendar days prior to the deposition date, noticing counsel shall endeavor to provide courtesy hard copies of any exhibits to the witness and defending counsel to arrive at least one day prior to the deposition. Voluminous exhibits about which only a portion of the document will be the subject of questioning (e.g., Microsoft Excel files and non-Excel documents longer than 50 pages) need not be sent in hard copy and may be presented electronically. If such hard copies are delayed in arriving, the parties will endeavor to proceed without the materials, but may meet and confer to reschedule the deposition. When a witness makes a request under Section III of this Order, all counsel planning on questioning the witness with an exhibit will attempt in good faith to send courtesy copies in the manner prescribed in Section III. Nothing in this Order, however, is intended to prevent counsel from introducing during the deposition additional exhibits not previously mailed in hard copy.

7. For hard copies of potential exhibits sent in advance of a remote deposition, deposing counsel shall seal such hard copy potential exhibits. Anyone receiving a sealed hard copy potential exhibit agrees pursuant to this Order that the sealed potential exhibits must remain sealed and unopened until the witness is instructed on the record to open a sealed hard copy exhibit (at which time others in possession of a sealed exhibit may open the sealed exhibit as well). Deposing counsel may ask the witness and others receiving sealed exhibits to confirm, on the record, that no exhibit was opened prior to the deposition. At the conclusion of a deposition, deposing counsel may ask that the witness and others receiving sealed potential exhibits confirm that any unused exhibits will be returned, unopened, to the counsel who provided the hard copy exhibits with a self-addressed return envelope or box, or if agreed to be deposing counsel, shredded.

8. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to an exhibit used by the examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software.

IV. **ADDITIONAL REMOTE DEPOSITION PROVISIONS**

1. Pursuant to Rule 29(a), Rule 30(b)(4), and Section III of this Order, depositions may be taken remotely by using video-conferencing platforms that allow for the witness, counsel, parties, court reporter, and videographer to participate in a deposition without attending the deposition in-person.

2. Any videoconference deposition taken pursuant to this order must comply with the requirements in Rule 30(b)(5), including the requirement that (a) "[u]nless the parties

stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (b) that officer must administer the oath or affirmation to the deponent. The parties agree not to object to the administration of an oath or affirmation to the deponent remotely and shall not object to the use of the deposition transcript on that basis.

3.  The videoconference vendor must provide robust protections for the confidentiality and data security of the proceeding, including in accordance with the Confidentiality Order entered in this case. These protection measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition. The vendor must also be of sufficient quality so as to allow for clear video and audio transmission of the witness, counsel, parties, and court reporter.

4.  The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the deposition at least two (2) business days before the deposition. At least 24 hours before the deposition is scheduled to start, parties, counsel, the witness, the court reporter, and/or the deposition vendor may request a test of the system, equipment, and internet connection that will be used to conduct the remote deposition. Counsel for the witness is responsible for making sure that the witness has the appropriate technology and internet speed, and counsel for the witness must ensure that the witness has the proper software, hardware, and other relevant equipment to participate in the videoconference deposition.

5.  The party noticing the deposition is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony. A videographer employed by the vendor may record the witness's deposition testimony, by the best technological means reasonably available to the vendor, including remote

7

video capture/recording. Though a deposition was noticed to take place remotely, and was recorded remotely, it will not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

6. No one may record the deposition by video or audio means other than the court reporter or court reporter-provided videographer.

7. Once the deposition begins, if a lead counsel for either party becomes disconnected from the deposition, either audio, video, or both, that fact shall be noted on the record as soon as the parties become aware and the deposition must immediately be suspended until that attorney has re-joined and has full access to both audio and video. The suspended time will not count against the 7-hour time limitations in Rule 30(d)(1).

8. The court reporter will provide a telephone number for use by the attendees to inform the court reporter if a lead counsel becomes disconnected or is otherwise experiencing technical difficulties.

9. Any portion of the deposition that has been transcribed while a lead counsel is absent or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty and that attorney must be given an opportunity to object to any questions or answers that occurred in his or her absence.

10. Pursuant to Rule 30(f)(2), counsel using a document shall be responsible for ensuring that all documents on the record that the witness will refer to during the course of their deposition must be clearly identified, paginated, and made available to the witness.

11. During the deposition, the witness will be instructed that they cannot look at any electronic devices or other media (*e.g.*, documents that are not exhibits, outlines, notes, etc.) without stating on the record that they are doing so and identifying what they are reviewing.

12. If, during questioning, a witness wishes to review a document that is not being displayed or referenced on the record, the witness must first state their intent to do so, and fully identify the document that witness wishes to review, prior to beginning their review. The document must be uploaded and available to all lead counsel.

13. All persons attending the deposition taken by remote means are reminded that the rules of professionalism and etiquette during depositions still apply. All persons attending the deposition taken pursuant to this Order shall ensure that they can do so in a space that is relatively free from distractions that would inhibit the course of the deposition. In addition, the vendor must be able to show in real-time a list of all persons attending the deposition. The taking and defending attorneys must be visible to all other participants during the deposition. All persons attending the deposition taken pursuant to this Order must be identified as present and those who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted.

14. Any pauses, lags, and/or disruptions in technology will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the parties should extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour. If the additional time required is an hour or more, the parties should consider rescheduling the remote deposition for a later date.

15. Nothing in this Order prevents a party from moving for a protective order under Rule 26(c) to require that a given individual deposition proceed in person or remotely.

16. The time shown on the transcript and video shall be the local time in the place where the deponent is located.

17. The deposing counsel and defending counsel shall enable both audio and video connection at all times during a remote deposition (except during breaks in questioning). All participants other than the witness, deposing counsel, and defending counsel may turn off their video feed during the remote deposition. The audio connection for all such participants shall be muted except when necessary.

18. The videographer shall record solely the witness's video feed during a remote deposition.

V. **CONDUCT OF DEPOSITIONS**

1. Regardless of location or whether a deposition is taken in-person or remotely, all depositions shall be conducted in accordance with applicable Federal Rule of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, standard practice and rulings of courts in the United States District Court for the Northern District of Illinois, and the Confidentiality Order in this case. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

2. The parties agree that under Rule 30(d)(1), objections to deposition questions are to be stated concisely and in a non-argumentative and non-suggestive manner. Counsel may state the grounds for an objection. However, an objection to "form" shall preserve every objection to a

question that is otherwise available under the Federal Rules of Evidence. If the questioner asks for an explanation of the objection to "form," it shall be explained so the questioner has the opportunity to correct or continue with the question posed.

3.  The parties agree that one objection to a deposition question by a Plaintiff or Defendant can be relied upon by all Plaintiffs or Defendants, respectively.

## VI. MODIFICATION

1.  This Order may be modified by the Court upon its own motion or upon the motion of a party or nonparty for good cause.

SO ORDERED:

Dated: 9/17/2022

_____
Hon. Matthew F. Kennelly
United States District Judge