| **GILBERT LITIGATORS & COUNSELORS, P.C.** <br> 11 Broadway, Suite 615 <br> New York, NY 10004 | **FREEDMAN NORMAND FRIEDLAND LLP** <br> 99 Park Avenue, 19th Floor <br> New York, NY 10016 | **BERGER MONTAGUE PC** <br> 1818 Market Street, <br> Suite 3600 <br> Philadelphia, PA 19103 |
|---|---|---|

December 30, 2022

<u>VIA ECF</u>

The Honorable Matthew F. Kennelly
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

  Re: *Henry et al. v. Brown University, et al.*, No. 22-cv-00125

Dear Judge Kennelly:

  We represent the Plaintiffs in this matter. We regret having to write to the Court on December 30, but only a few hours after the December 21 conference call with Your Honor, Defendants informed us that they plan to subpoena Plaintiffs' parents, a tactic to which Plaintiffs object; and Defendants have refused our proposal to wait until the joint status report to be filed on January 13, 2023 ("JSR"), for the Court to resolve the issue. Instead, Defendants propose to serve the subpoenas during the week of January 2, which might spawn litigation in at least nine federal district courts throughout the United States, as well as motion practice in this Court. Accordingly, Plaintiffs have no reasonable alternative but to bring this state of affairs to Your Honor.

  On December 9, based on our analysis of the controlling law, we informed Defendants that Plaintiffs intend to file a Second Amended Complaint ("SAC") in which the affected students' parents and guardians are not proposed Class members. We sent a draft of the proposed SAC to Defendants on December 12 to determine if the parties could avoid motion practice on the proposed amended. Defendants subsequently agreed not to object to the revisions in the SAC.

  On December 21, Defendants first informed Plaintiffs that they intend to issue subpoenas to the Plaintiffs' parents and indicated they might do so in the next few days. Such subpoenas would be improper, for many reasons, as explained below. Considering the Court's individual rules concerning the resolution of discovery disputes, we propose to have the parties address the issue in the January 13 JSR and allow the Court to determine whether the discovery sought is relevant, proportional, and proper, and whether the subpoenas should be issued. We have made that proposal to Defendants, but they have refused to follow that process. Accordingly, we write to ask the Court to order the parties to address this issue in the January 13 JSR and to have the issuance of any subpoenas on Plaintiffs' parents await the Court's resolution of the issue. We base this request on four main grounds:

*First*, we believe that the process Defendants have initiated sidesteps this Court's oversight of discovery. During the most recent status teleconference with the parties, on December 21, the Court ordered the parties to submit the JSR on January 13 and asked the parties if they wished to raise any further issues with the Court. Defendants did not raise any further issues at that time. Later the same day, however, Defendants informed us for the first time that they intend to issue subpoenas to Plaintiffs' parents. Defendants know that Plaintiffs oppose this approach, because Plaintiffs had already proposed a different one. Specifically, Plaintiffs have explained to Defendants that, despite lacking control over Plaintiffs' parents, we would still attempt to facilitate the production of any documents the parents might possess that Your Honor deems relevant and proportionate for production. Whether on the record on December 21 or thereafter, Defendants should have raised the issue as one for the Court's consideration as part of the January 13 JSR in accordance with the Court's Individual Rules.

*Second*, the Court's rationale for using joint status reports to resolve disputes in discovery applies with particular force to the prospective subpoenas at issue, because the JSR process would properly allow this Court to oversee in a central way an issue that could otherwise become scattered and disorganized. Plaintiffs' parents live in many different states. Plaintiffs could seek a protective order in this Court while simultaneously the parents could move to quash subpoenas in the federal district courts in which they have been served. This unnecessary multiplicity of motion practice, where each court might have to separately address not only questions of relevance but also what court should even decide such questions, is wasteful and inefficient. This Court's resolution of the issue in connection with the January 13 JSR, which we understand to be consistent with the Court's regular practice, would obviate that unwieldy, expensive, time-consuming, and unnecessary process, and conserve both private and judicial resources.

*Third*, we are concerned about what Defendants hope to achieve by serving the prospective subpoenas, given the obvious efficiencies in the Court's individual rules and the Plaintiffs' proposed procedural approach, and given that we have already told Defendants that we would work with the Plaintiffs and their parents to identify and produce documents that this Court might deem relevant and proportionate. On Christmas Eve, Plaintiffs were forced to write a letter to Defendants, because in a December 23 meet-and-confer about this issue (which Defendants had first raised only two days previously), Defendants refused to provide any assurance that they would present the matter for resolution in the January 13 JSR that Your Honor had already scheduled. In that December 24 letter, we stated that, although Defendants deny that their purpose in serving subpoenas on the parents is to harass or intimidate our clients, our clients would naturally regard the subpoenas as having that effect. We similarly believe that the service of such subpoenas would have the effect of harassing the parents of the Plaintiffs, intimidating them, and affecting their assessment of the litigation in a negative way. In the case of named Plaintiffs in a class action, moreover, any such negative impact threatens to harm the proposed class. We cannot be certain what is in Defendants' minds in connection with the prospective subpoenas here, but we have already brought to their attention all of the foregoing. These points failed to sway Defendants; they would agree only that they would not serve subpoenas until after January 1, and not in the midst of the holidays.

*Fourth*, the discovery Defendants seek through the prospective subpoenas is largely irrelevant. It falls into the following main categories:

2

- <u>Plaintiffs' Applications for Admission and the Results</u>. If a Plaintiff applied to a given Defendant, that Defendant possesses this information in the first instance. Plaintiffs have nevertheless agreed to look for and produce this information. In addition, Plaintiffs have agreed to ask their parents if they have any such documents.

- <u>Information Plaintiffs Disclosed in Seeking Financial Aid</u>. If a Plaintiff applied to a given Defendant, that Defendant possesses this information in the first instance.

- <u>Information Plaintiffs May Not Have Disclosed in Seeking Financial Aid</u>. This information is not relevant and thus not a proper subject of discovery. Defendants evidently want to determine if any Plaintiff, in seeking financial aid, failed to disclose information that they "should have" disclosed. This is a fishing expedition and has nothing to do with the merits of Plaintiffs' claims or any antitrust defenses.

- <u>Third-Party Funding for Plaintiffs' Tuition</u>. This information is not relevant under antitrust law and thus not a proper subject of discovery. As direct purchasers of the educational services offered by Defendants, Plaintiffs suffered the antitrust harm at issue, as result of artificially inflated net price of tuition, room, and board, regardless of whether a third party helped them pay. This is well-established antitrust law about third-party funding.

- <u>Information Concerning a "Mitigation" Defense</u>. This information is also not relevant under the law and thus not a proper subject of discovery. All of the courts that have addressed this issue, with which the secondary commentary agrees, hold that horizontal conspirators are not entitled to assert any "mitigation" defense against the plaintiffs. This precedent dovetails with the fact that horizontal price-fixing conspiracies are generally "per se" violations of the antitrust laws.

- <u>Information Concerning Comparing Schools</u>. Defendants have stated that the parents may have email correspondence about comparing schools, which they contend bears on market definition. This is also a fishing expedition, requiring invasive searching of personal correspondence for documents that are duplicative or not relevant. If the parents had such correspondence with Plaintiffs, it would already be captured in Plaintiffs' documents. If the correspondence is not with Plaintiffs, then it merely reflects the parents' views of schools, and Defendants have not explained why that view is relevant.

In sum, the information that Defendants propose to seek through the prospective subpoenas is largely irrelevant, and to the extent it is not, it is either in their own hands or else Plaintiffs have agreed, in the first instance, to seek the information from the parents.

Accordingly, for these reasons, Plaintiffs respectfully request that the Court order the parties to address the prospective subpoenas on Plaintiffs' parents in the January 13 JSR. If the Court determines that any discovery from the parents is relevant and proportionate, then Plaintiffs' counsel would commit to having the Plaintiffs make their best efforts with their parents (whom they do not control) to produce any such documents within three weeks. If there remain any such

documents that have not been produced within three weeks, we submit that a subpoena could then be served on any parent who has not been responsive.

                                        Respectfully submitted,

| | |
|---|---|
| */s/ Robert D. Gilbert* | */s/ Edward Normand* |
| Robert D. Gilbert | Edward Normand |
| Gilbert Litigators & Counselors | Freedman Normand Friedland LLP |
| rgilbert@gilbertlitigators.com | tnormand@fnf.law |

*/s/ Eric L. Cramer*
Eric L. Cramer
Berger Montague PC
ecramer@bm.net