# EXHIBIT 2

**Subject:** RE: Defendants' Prospective Subpoenas on Plaintiffs' Parents This Coming Week
**Date:** Monday, December 26, 2022 at 3:08:22 PM Pacific Standard Time
**From:** Suggs, David
**To:** Ted Normand, Miller, Britt (External), Kirkpartick, Sarah (External), Mascherin, Terri (External), Fardon, Zachary (External)
**CC:** Carbone Defendants Service List, 568 Litigation

**[EXTERNAL SENDER]**

Ted,

As Defendants explained during our call on Friday (and in other discussions):

- Parents and legal guardians of university applicants are likely to have documents relevant to this case, because they typically are deeply involved in their children's financial aid applications (for which the parents' income, assets, and other financial information are required except in limited circumstances), and they also are involved in other aspects of their children's college application process and undergraduate experience
- Plaintiffs have repeatedly stated that they do not control their parents for discovery purposes and can only ask their parents to produce documents voluntarily, an unreliable process that leaves Defendants with little recourse (and Defendants have even less confidence in that process after Plaintiffs' initial document production)
- Plaintiffs are not agreeing to even ask their parents for plainly relevant materials, such as information related to market definition, and instead have agreed only to ask their parents for documents in response to two of Defendants' RFPs

For these reasons, Defendants plan to subpoena Plaintiffs' parents and legal guardians. Defendants, however, are not going to serve those subpoenas this week (nor have we ever said we intend to do so; in fact, my December 21 email gave Plaintiffs until December 30 to state whether they will accept service of those subpoenas).

While we will not serve the subpoenas this week, Defendants do not agree to submit this matter to the Court on January 13, 2023, rather than following the standard procedures for non-party discovery set forth in the federal rules. There is no requirement that we do so, nor are we required to secure Plaintiffs' permission to seek plainly relevant discovery, or to wait months to find out what Plaintiffs are able to obtain from their parents before seeking the discovery ourselves.

There is no merit to any suggestion that Defendants aim to intimidate some Plaintiffs by taking this course. Plaintiffs opted to sue Defendants for substantial damages, presumably knowing full well the relevance of their parents/guardians' role in the university application process. Indeed the amended complaint they filed expressly highlights the role of student-applicants' families in that process (*see, e.g.*, ¶ 12). Defendants assume Plaintiffs filed the complaint in consultation with counsel who advised them of the discovery implications of filing such a massive, costly lawsuit, and Defendants further assume that Plaintiffs understood those implications.

Thus, it is not clear to Defendants why the prospect of relevant, targeted discovery from Plaintiffs' parents would intimidate Plaintiffs as you contend. But even if it is correct that Plaintiffs have reservations about the scope of discovery in the lawsuit they filed, Defendants are entitled to obtain discovery needed to prove that Plaintiffs' claims are meritless. That said, as always, Defendants will act reasonably in pursuing such discovery.

Please let us know if you have questions and, again, whether you will accept service of the parent/guardian subpoenas.

Thanks,
David

**David Suggs** | Partner
T +1 212 819 2686    M +1 704 236 7007    E dsuggs@whitecase.com

White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

**From:** Ted Normand <tnormand@fnf.law>
**Sent:** Saturday, December 24, 2022 11:09 AM
**To:** Suggs, David <dsuggs@whitecase.com>; Miller, Britt M. <BMiller@mayerbrown.com>; skirkpatrick@wc.com; Mascherin, Terri L. <TMascherin@jenner.com>; Zach Fardon <ZFardon@KSLAW.com>
**Cc:** Carbone_Defs_Service@listserv.whitecase.com; 568 Litigation <568_Litigation@fnf.law>
**Subject:** Defendants' Prospective Subpoenas on Plaintiffs' Parents This Coming Week

Dear David, Britt, Sarah, Terri, and Zach –

I write further to the parties' discussion yesterday concerning Defendants' apparent intent to issue subpoenas to Plaintiffs' parents as soon as the week following Christmas. Given that prospective timing, I'm forced to write to you today. We did not reach agreement on how to have adjudicated the issues arising from such subpoenas. In addition, and while failing to identify any prejudice from waiting, Defendants would not commit to waiting until after the holiday week to serve the subpoenas, and would not commit to telling us if they have decided to send the subpoenas this coming week.

We have previously made clear that if we or the Court determine that Defendants seek relevant documents that may be in the possession only of the Plaintiffs' parents, and not in Defendants' possession, we would facilitate their production even though we do not control the parents. The subpoenas you propose to serve are not likely to be necessary, and also should await our collection efforts in that regard. In addition, as I said on the call, it would facilitate the discussions if Defendants would specify the categories of documents they plan to seek through the subpoenas. This would better allow us to identify and produce relevant documents, without resort to subpoenas and litigation about them. As it stands, we have reasonably concluded not only that your subpoenas will serve as intimidation, but will also seek documents that are irrelevant under the law.

Against the backdrop of these ways to facilitate the production of whatever responsive documents Defendants plan to seek through the subpoenas, we made clear on the call that we see them as likely to have the effect of intimidating the Plaintiffs. We heard you deny that motivation, but Plaintiffs and their parents will reasonably view the subpoenas as such, and we think you know that. (If you wanted to make it appear that you were attempting to bully the Plaintiffs, serving their parents with unnecessary subpoenas over the holidays would be an effective way of doing that.) Plaintiffs could just as easily serve subpoenas on family members or friends of the Presidents of your schools over the holidays, and in that purely hypothetical context, we would expect Defendants to raise the issue with Judge Kennelly, who has the authority to determine whether to permit either side to serve any such subpoenas.

Accordingly, we propose here in writing that you allow Plaintiffs the time to flag these issues via the joint status report to be filed on January 13, to permit Judge Kennelly to address the issue before you serve any subpoenas. We propose, as I said on the call, to exchange letters with the Defendants before the JSR to set forth the parties' arguments. Defendants face no prejudice, especially since Judge Kennelly has demonstrated that the Court issues clear decisions in prompt and orderly fashion and has made clear, including in the Court's individual rules, that the Court prefers the use of JSRs to tee up discovery issues for adjudication, rather than formal stand-alone motions.

In sum, we are justifiably concerned that Defendants are proposing now to send these subpoenas with the effects of harassing and intimidating the Plaintiffs and to creating unnecessary work for Plaintiffs and the Court over the holidays, when all of this could be litigated in the orderly way that Judge Kennelly has demonstrated the Court prefers. We look forward to working with you to resolve this issue in a constructive manner, but unless we hear from you by noon ET on December 27 that you are open to doing so, we will take the appropriate action.

Ted Normand
*Partner*

**Freedman Normand Friedland LLP**
99 Park Ave., Suite 1910

New York, NY 10016  
(t) 646.350.0527 x 104  
(f) 646.392.8842  
(d) 646.970.7513  
@ [tnormand@fnf.law](mailto:tnormand@fnf.law)

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

==============================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==============================================================================