# Exhibit 7

| | |
|---|---|
| **From:** | Christopher Yook <CYook@KSLAW.com> |
| **Sent:** | Tuesday, January 10, 2023 10:42 PM |
| **To:** | Peter Bach-y-Rita |
| **Cc:** | Carbone Defendants Service List; 568 Litigation |
| **Subject:** | RE: Carbone v. Brown Univ. - Discovery from Plaintiffs |

Peter,

In terms of how Plaintiffs would obtain the information, the answer is easy: Plaintiffs have a statutory right to their educational records and so they would request them directly from the schools to which they applied. In Plaintiff Corzo's case, that would be just one school, William & Mary. Based on your non-answer to the simple question about the inquiry made by Plaintiffs to answer the interrogatories, we assume that none of the Plaintiffs attempted to obtain information from the schools and that they're not offering to do so. Please correct me if this is mistaken.

You're wrong that Defendants "had the response for weeks" and that we're raising "new demands." As you well know, Defendants have been forced to chase Plaintiffs for months to provide complete answers to the interrogatories. Defendants even informed the Court of the missing answers to interrogatories in the December 2nd Joint Status Report. (Dkt. 255 at 30.) Plaintiffs promised to supplement their responses by December 9th, yet blew off that promised deadline for reasons yet unexplained. We reminded Plaintiffs again of the missing supplements on December 21st. We finally received supplemental responses from Plaintiffs Weaver, Piyevsky, and Corzo just this Saturday, January 7th. Those answers are still incomplete for the reasons explained in my previous email.

There's no further reason to delay the Court's resolution of this straightforward issue.

Chris

**From:** Peter Bach-y-Rita <pbachyrita@fnf.law>
**Sent:** Tuesday, January 10, 2023 8:49 PM
**To:** Christopher Yook <CYook@KSLAW.com>
**Cc:** Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>; 568 Litigation <568_Litigation@fnf.law>
**Subject:** Re: Carbone v. Brown Univ. - Discovery from Plaintiffs

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Christopher,

I was surprised to receive your email below, which raises new demands that have not been discussed in the parties' numerous meet and confers. Your request is unreasonable for several reasons. First, your citation suggests that you think that Plaintiffs should chase after institutions that they do not remember applying to -- in Ms. Weaver's case, nearly 20 years ago. How would that work? Indeed, I note that several Defendants themselves claim that they don't maintain admissions records from that long ago.

Second, you do not cite any case explaining the relevance of this information. To the extent you intend to try to define a relevant market on this basis, we note that it is of very minimal

relevance. (See, e.g., ECF No. 271). Nor do you cite any case purporting to impose such extraordinary measures on a party answering an interrogatory. The Eastern District of North Carolina case on which you base your brand new demand expressly states that a party, "*should not* be required to enter upon independent research in order to acquire information merely to answer interrogatories," Wilson Land Corp. v. Smith Barney, Inc., No. 5:97CV519, 2000 WL 33672980, at *5 (E.D.N.C. Dec. 8, 2000) (emphasis added), unless, as in that case, the research is de minimis, such as noting the years that the defendant managed the plaintiff's money. By contrast, here, the "independent research to acquire information" that you request would be to seek discovery from some unknown (and presumably broad) set of institutions to which plaintiffs might have applied years ago.

Third, in the absence of some authority purporting to require a party to chase down an unknown number of entities to find information that the party cannot remember from 20 years ago, please cite the authority showing that a party must explain in detail the efforts it undertook to answer an interrogatory. Indeed, it is well established that "discovery on discovery" is disfavored. Grant v. Witherspoon, No. 19CV2460PGGBCM, 2019 WL 7067088, at *1 (S.D.N.Y. Dec. 23, 2019) ("Where, as here, a party seeks discovery on discovery, that party must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.") (cleaned up). We are happy to discuss by phone, but we are aware of no authority justifying your request. We certainly don't think you've adequately complied with the good faith meet and confer requirements by asking for an expedited response -- just so that you can include this new issue in a joint status report -- when you've had the response for weeks without raising any issue.

Regards,

Peter Bach-y-Rita
*Associate*
**Freedman Normand Friedland LLP**
99 Park Ave., Suite 1910
New York, NY 10016
(t) 646.823.1555
(f) 646.392.8842
(m) 415.948.9625
(@) pbachyrita@rochefreedman.com

*Admitted in California Only*

**From:** Christopher Yook <CYook@KSLAW.com>
**Date:** Monday, January 9, 2023 at 7:59 AM
**To:** Richard Cipolla <rcipolla@fnf.law>, Peter Bach-y-Rita <pbachyrita@fnf.law>, Suggs, David <dsuggs@whitecase.com>
**Cc:** Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>, 568 Litigation

2

<568_Litigation@fnf.law>
**Subject:** RE: Carbone v. Brown Univ. - Discovery from Plaintiffs

**[EXTERNAL SENDER]**

Peter,

It appears that several of Plaintiffs' answers to Interrogatory 1 are still incomplete. For example, Plaintiff Weaver's supplemental response states that she applied for financial aid at Boston College, University of Florida, Pepperdine University, University of Arizona, and New York University, but that she is unable to recall further information about any of the applications and the resulting awards. Plaintiff Weaver even fails to identify the types of financial aid for which she applied. There are similar issues in Plaintiff Piyevsky, Corzo, and Maerlender's answers, and potentially others.

Plaintiffs certified that they made "reasonable inquiry" to answer the interrogatories. Those reasonable efforts should have included reviewing materials obtainable without undue burden. *Wilson Land Corp. v. Smith Barney, Inc.*, No. 5:97CV519, 2000 WL 33672980, at *5 (E.D.N.C. Dec. 8, 2000) ("In order to justify sustaining an objection on grounds that it requires research by the answering party it must be shown that the research required is unduly burdensome or oppressive."). Of course, Plaintiffs have a "legal right to control or obtain" their records from non-party universities under FERPA and other regulations/statutes and thus are deemed to control them for purposes of discovery. *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977). By close of business on Tuesday, January 10th, please provide a complete description of the efforts made by Plaintiffs who represent that they cannot recall information responsive to the interrogatories served on them. If the parties are unable to resolve this issue, Defendants intend to raise it in the January 13th JSR.

Thanks,
Chris

**From:** Richard Cipolla <rcipolla@fnf.law>
**Sent:** Saturday, January 7, 2023 9:29 AM
**To:** Peter Bach-y-Rita <pbachyrita@fnf.law>; Suggs, David <dsuggs@whitecase.com>
**Cc:** Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>; 568 Litigation <568_Litigation@fnf.law>
**Subject:** RE: Carbone v. Brown Univ. - Discovery from Plaintiffs

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

David and Counsel,

It has come to our attention this morning that Defendants may not have received Peter's email below from last night because the attachments may have exceeded email filters or the listserv capacities. Please find the attachments at this link: https://www.imanageshare.com/pd/icKorDYAZD

I would appreciate it if someone from Defendants' side could confirm receipt. In addition, please let me know if there are any troubles accessing the attachments.

Have a nice weekend all.

Best,
 Richard Cipolla
 *Associate*

**Freedman Normand Friedland LLP**
225 Franklin St., Suite 26
Boston, MA 02210
(t) (646) 791-6881
(c) 617 755 3612
(@) rcipolla@fnf.law

---

**From:** Peter Bach-y-Rita <pbachyrita@fnf.law>
**Sent:** Friday, January 6, 2023 5:04 PM
**To:** Suggs, David <dsuggs@whitecase.com>
**Cc:** Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>; 568 Litigation <568_Litigation@fnf.law>
**Subject:** FW: Carbone v. Brown Univ. - Discovery from Plaintiffs

David,

I acknowledge receipt of your email yesterday regarding the Defendants' proposed search terms. Regarding your email from Tuesday, January 3, please see my responses below:

Do you have any more information about when Ricoh will restore its eDiscovery Services? According to reports, the Ricoh shutdown occurred on either December 28 or December 29, so we don't understand Plaintiffs to be saying that the shutdown is the reason that Plaintiffs' initial document production failed to comply with the ESI protocol. But let us know if we're mistaken. Defendants asked Plaintiffs to confirm they would reproduce the documents on December 19 (a request that Plaintiffs ignored for four days), leaving ample time for Plaintiffs to reproduce the 192 pages they produced on December 16. ==Plaintiffs' production is attached.==

**Search Terms**. As stated in my December 21 email, "Defendants will prepare additional search terms." That remains true, and we plan to send those search terms in the coming days. Defendants also asked Plaintiffs nearly four weeks ago for details that would justify their using search terms rather than searching all their files. To date, two Plaintiffs have provided such details. Please provide those details for all Plaintiffs as soon as possible so Defendants can assess any burden claim. ==We are working with the vendor to obtain those counts.==

**Social Media**. As you concede, Request 20 asks only that Plaintiffs produce documents sufficient to show their email addresses and usernames for social media. The burden of providing that information is de minimis. And while you unpersuasively attempt to dismiss the potential relevance of Plaintiffs' social media use, you notably offer no information about Plaintiffs' actual social media use to give Defendants comfort that discovery of those email addresses and usernames is unnecessary. The parties are at impasse on this issue. ==In light of the fact that Defendants have refused to provide any credible grounds for the relevance of social media account information, I agree that we are at an impasse.==

**Interrogatory Responses**. Defendants look forward to receiving Plaintiffs' updated interrogatory responses, albeit nearly a month after Plaintiffs promised to provide them. Your email states that Plaintiff Weaver will only supplement her responses for Interrogatory 1(a). But Plaintiff Weaver failed to provide complete responses to all subparts of Interrogatory 1. Please confirm that Plaintiff Weaver will provide complete responses to all subparts of Interrogatory 1 by January 6th. ==Supplemental interrogatory responses are attached.==

With regard to Interrogatory 3, the Complaint says, "Since 2003, Defendants have controlled between 61% and 78% of the number of undergraduate slots in the Market for Elite, Private Universities." (Am. Compl. ¶ 252). Of course, to make this assertion, Plaintiffs must have already identified the schools in their alleged market and it should therefore impose minimal burden for Plaintiffs to list those schools. Please confirm that Plaintiffs will answer Interrogatory 3 by January 6th. ==The allegations in the complaint are based on a preliminary (work product protected) analysis, without the benefit of the discovery and expert analysis that will take place before trial. Contention interrogatories like this one cannot be answered until closer to trial.==

**From:** Peter Bach-y-Rita <pbachyrita@fnf.law>
**Sent:** Saturday, December 31, 2022 5:40 PM
**To:** Suggs, David <dsuggs@whitecase.com>
**Cc:** Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>; 568 Litigation <568_Litigation@fnf.law>
**Subject:** Re: Carbone v. Brown Univ. - Discovery from Plaintiffs

David,

Plaintiffs are using the e-discovery vendor Ricoh. Per the below message (and as reported in the law trade publications) Ricoh was recently the subject of a computer attack. We are unable to make production until their systems are restored. I appreciate your patience.


To Our Valued Customer,


We are writing to update you on our progress since learning that there may have been unauthorized access to the domain controller for our eDiscovery Services.
We can confirm that based on forensics analysis, our investigation, and the report from our cybersecurity services partner SecureWorks, there is no indication that data has been accessed or compromised in association with this event. Furthermore, as of today, DBA analysis of the databases reveals no signs of unauthorized access, unexpected log entries or the creation of any new accounts.

Ricoh's focus is protecting customers, resolving the issue, and restoring operations as soon as possible. While our eDiscovery Services remain shut down, we can confirm that the sFTP services at file.ricohlegal.com are now operational and as a best practice all users will require a password reset.

We sincerely appreciate your patience and will continue to provide daily updates as the system restoration and investigation progresses. Should you have additional questions, we ask that you submit any further questions here.

Ricoh USA


**Peter Bach-y-Rita**
Associate
Roche Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(m) (415) 948-9625
(@) pbachyrita@rochefreedman.com
*Admitted in California only*


> On Dec 31, 2022, at 1:29 PM, Suggs, David <dsuggs@whitecase.com> wrote:
>
> **[EXTERNAL SENDER]**

5

Peter,

Defendants will respond to your email in more detail later. For now, we note that your email makes no mention of the replacement production that Plaintiffs promised to provide this week. To recap, Plaintiffs' December 16 document production did not comply with the agreed ESI protocol. After ignoring multiple requests from Defendants for an explanation, Plaintiffs on December 23 promised they would reproduce the documents within a week (they also stated that Mr. Piyevsky produced no documents).

Yet Plaintiffs have not reproduced those documents. And your email neither acknowledges that continued failure nor provides an update. Please immediately reproduce the documents in the required format.

Thanks,
David

**David Suggs** | Partner
T +1 212 819 2686   M +1 704 236 7007   E dsuggs@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Peter Bach-y-Rita <pbachyrita@fnf.law>
**Sent:** Saturday, December 31, 2022 11:25 AM
**To:** Suggs, David <dsuggs@whitecase.com>; Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>
**Cc:** 568 Litigation <568_Litigation@fnf.law>
**Subject:** Re: Carbone v. Brown Univ. - Discovery from Plaintiffs

David,

This is in response to your email of December 21.

Search Terms. You have requested that Plaintiffs' attorneys review all of the Plaintiffs' emails going back to the senior year of high school—i.e., each and every email ever sent or received on any topic. In addition to one Plaintiff who has over 23,000 emails, another Plaintiff has over 70,000 emails going back to her senior year of high school. The review of 70,000 personal, private and almost entirely irrelevant emails is not proportionate or reasonable. While we do not yet have total email counts for all Plaintiffs, we again request that Defendants engage in a discussion of search terms, given that a search term process will be necessary for some, and possibly all, Plaintiff custodians. Notably, in the December 2 joint status report, the Defendants represented to the Court that Plaintiffs had proposed an insufficient number of search terms. We have repeatedly asked Defendants to provide more search terms. To date, the only search term that Defendants have proposed is the word "Scholarship". Is that Defendants' final proposal on search terms?

Parent Subpoenas. Plaintiffs will correspond separately regarding this topic.

Third Party Sources of Funding. Plaintiffs will correspond separately regarding this topic.

Plaintiffs' Positions. You write that "Defendants understand your email to state that Plaintiffs' positions in your November 29, 2022 email are final, except that Plaintiffs reserve the right to narrow them further (and not expand them)." This is incorrect. The parties have not concluded their negotiations around search terms, RFP 20 or RFP 21, as noted in the December 16 email.

Social Media. You have requested that the Plaintiffs produce their social media usernames and email addresses. In response, we have requested that you explain the relevance of that information. *Perez v. Lebron*, No. 5:20-CV-04331-JMG, 2021 WL 3471170, at *2 (E.D. Pa. Aug. 6, 2021) ("Defendants have not explained why disclosure of Plaintiff's social media usernames pertains to Plaintiff's allegations or any potential defense. Absent a particularized showing of relevance regarding this information, we are

compelled to deny Defendants' motion."). Based on your email, we understand that Defendants assert the following purported grounds for relevance:

First, you claim that "[Plaintiffs] could use social media to discuss any number of topics relevant to the claims and defenses in this case, including the litigation itself…" This rationale would seem to be applicable in every single case, by definition, and is not persuasive. By the same token, Defendants will not ask for the social media usernames and passwords of all of Defendants' leadership, so that we can go on a fishing expedition for statements that *might* have been made by them about this case.

Second, you argue that Plaintiffs might have made statements through social media about "the relevant market." Musings about market definition on the part of the Plaintiffs are equally unlikely and irrelevant to this case. It is a topic for expert discovery.

Third, you argue that Plaintiffs might have made statements about "the adequacy of their financial aid awards." However, you fail to identify why any such statements would be relevant. If a Plaintiff said they loved their financial aid award, or hated their financial aid award, none of it matters to the claims and defenses in this case. The only thing that matters is whether the financial aid award was more or less than it would have been in the absence of the antitrust conspiracy.

<u>Interrogatories</u>. I respond to each of your points about the interrogatories:

1. "Plaintiffs' answers to Interrogatory 1 contain significant omissions. For example, Plaintiff Weaver wholly failed to answer Interrogatory 1(a) about whether she applied early decision, early action, regular decision, and/or as a transfer."
    1. Weaver will provide supplemental responses by January 6, 2023 with responses to 1(a).
    2. Piyevsky will provide supplemental responses by January 6, 2023 stating that he did receive a financial aid offer from Case Western, but that he does not know how much aid was offered or whether he appealed, and does not have any records.
    3. Corzo will provide supplemental responses by January 6, 2023 to 1(f), stating that he does not have any information about his aid offer or EFC from William and Mary.
2. "Also, all Plaintiffs have refused to answer Interrogatory 3 about the relevant market in this case."
    1. Contrary to your characterization of Interrogatory 3 as generally being "about the relevant market in this case," what that interrogatory actually seeks is the specific schools that comprised the market for each and every year of the conspiracy. It is unreasonable to demand that the plaintiffs specify the market down to the individual school for every year of the conspiracy. This level of specificity is not required in any case and if achievable will be the product of expert analysis.
3. "Plaintiffs also said that certain Plaintiffs would supplement their interrogatory responses by December 9, 2022, but they have not done so."
    1. Weaver, Piyevsky and Corzo will supplement their interrogatory responses as noted above.
4. "In item 9 of my December 7, 2021 email, Defendants asked Plaintiffs to identify any Plaintiff that anticipates further supplementing his/her responses in the near future. We cannot afford to wait longer for these fundamental pieces of information. Please confirm that Plaintiffs will provide supplemental interrogatory answers by January 6, or confirm that Plaintiffs intend to stand on their objections. Defendants will assume Plaintiffs have no plans to supplement their current interrogatory responses unless Plaintiffs state otherwise."
    1. Weaver, Piyevsky and Corzo will supplement their interrogatory responses as noted above.

7

Peter Bach-y-Rita
*Associate*
**Freedman Normand Friedland LLP**
99 Park Ave., Suite 1910
New York, NY 10016
(t) 646.823.1555
(f) 646.392.8842
(m) 415.948.9625
(@) pbachyrita@rochefreedman.com

*Admitted in California Only*

**From:** Suggs, David <dsuggs@whitecase.com>
**Date:** Wednesday, December 21, 2022 at 1:57 PM
**To:** Ted Normand <tnormand@fnf.law>, Robert Gilbert <rgilbert@gilbertlitigators.com>, Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>
**Cc:** 568 Litigation <568_Litigation@fnf.law>
**Subject:** Carbone v. Brown Univ. - Discovery from Plaintiffs

**[EXTERNAL SENDER]**

Ted,

Defendants will prepare additional search terms, but we'll need details about each Plaintiff's purported burden before agreeing that the Plaintiff can apply those search terms rather than reviewing all emails or other records. Please provide those details as soon as possible.

Regarding documents in the possession of Plaintiffs' parents, Defendants have concluded that the best course is to subpoena the parents and guardians directly. Doing so is more efficient, provides clear recourse for non-compliance, and allows Defendants to seek relevant documents that Plaintiffs have excluded from their proposal (which includes only documents responsive to requests 3 and 4). Please let us know by December 30, 2022 whether you will accept service of the subpoenas for each Plaintiff's parents and legal guardians.

Defendants understand your email to state that Plaintiffs' positions in your November 29, 2022 email are final, except that Plaintiffs reserve the right to narrow them further (and not expand them).

RFP 20 only seeks documents sufficient to identify the usernames and email addresses a Plaintiff has used with social media, and providing that information imposes no significant burden. Defendants expect that most Plaintiffs, if not all, use social media. They could use social media to discuss any number of topics relevant to the claims and defenses in this case, including the litigation itself, the relevant market, the adequacy of their financial aid awards, and much more. Unless a Plaintiff represents that it does not use social media for purposes relevant to this litigation, Defendants are entitled to investigate Plaintiffs' use of social media.

RFP 21 asks for social media posts or communications about a Plaintiffs' undergraduate institution. Defendants disagree that the types of communications described in your email are irrelevant, and Plaintiffs have identified no burden to producing the requested materials. Nevertheless, Defendants are willing to narrow the request to social media posts or communications concerning the matters alleged in the complaint, as that term is defined in my email dated November 21, 2022.

With respect to Plaintiffs' refusal to produce documents about third-party sources of funding, in my email dated November 21, 2022 and on the parties' calls, Defendants have identified multiple reasons that the requested documents are relevant. Plaintiffs have responded to only one of those (and Defendants disagree with Plaintiffs' position on that one point).

8

There also remain several outstanding items regarding Plaintiffs' interrogatory responses. As stated in the December 2nd Joint Status Report, Plaintiffs' answers to Interrogatory 1 contain significant omissions. For example, Plaintiff Weaver wholly failed to answer Interrogatory 1(a) about whether she applied early decision, early action, regular decision, and/or as a transfer. Also, all Plaintiffs have refused to answer Interrogatory 3 about the relevant market in this case. Defendants explained the need for this information during our December 6th meet-and-confer, to which Plaintiffs said they would respond after further consideration. Plaintiffs also said that certain Plaintiffs would supplement their interrogatory responses by December 9, 2022, but they have not done so. In item 9 of my December 7, 2021 email, Defendants asked Plaintiffs to identify any Plaintiff that anticipates further supplementing his/her responses in the near future. We cannot afford to wait longer for these fundamental pieces of information. Please confirm that Plaintiffs will provide supplemental interrogatory answers by January 6, or confirm that Plaintiffs intend to stand on their objections. Defendants will assume Plaintiffs have no plans to supplement their current interrogatory responses unless Plaintiffs state otherwise.

Finally, we still await a response to our questions about Plaintiffs' non-compliant document productions (sent to your colleague, Peter Bach-y-Rita), including whether each Plaintiff produced documents as required by the Court's CMO #1 and whether Plaintiffs will reproduce the documents in the required format. There is no justification for Plaintiffs' continued withholding of that information.

Thanks,
David

**David Suggs** | Partner
T +1 212 819 2686    M +1 704 236 7007    E dsuggs@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Ted Normand <tnormand@fnf.law>
**Sent:** Friday, December 16, 2022 1:04 PM
**To:** Suggs, David <dsuggs@whitecase.com>; Robert Gilbert <rgilbert@gilbertlitigators.com>; Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>
**Cc:** 568 Litigation <568_Litigation@fnf.law>
**Subject:** Re: Search Terms

David S. –

Thank you for clarifying Defendants' position regarding search terms. As one example, one of the named plaintiffs has approximately 23,000 emails in her two email accounts from after high school. Plaintiffs propose that Defendants provide suggested search terms for this volume of documents. Please do so as soon as possible.

Plaintiffs will continue to consider Defendants' request (for review of all emails going back to senior year of high school) with respect to other Plaintiffs. Our e-discovery vendor is engaged with the Plaintiffs and we will rely on the vendor to give us the email count totals, so that we can address your request. However, Plaintiffs do not agree to a deadline of December 23. In light of the total that that we have already provided you as to one of the named plaintiffs above, we suggest that the most productive path will be for the Defendants to provide us with search terms.

Regarding documents in the possession of parents, Plaintiffs' counsel will ask each of the Plaintiffs to in turn ask their parents and guardians for all documents responsive to RFPs 3-4, which are the ones concerning financial aid. As we have previously noted, Plaintiffs do not necessarily control their parents or their parents documents, but the request will be made. Plaintiffs will produce responsive non-privileged documents received from their parents subject to Plaintiffs' general and specific objections to those RFPs as explained in our November 29, 2022 email.

You state that "Plaintiffs' Nov. 29 email summarizes their final positions concerning the RFPs," but that is inaccurate given that, as discussed in the meet-and-confer, Defendants have requested that Plaintiffs consider reviewing every single email for every single plaintiff, in lieu of search terms. Plaintiffs have

9

agreed to consider that request, although the November 29 email presupposes that searches will be based on search terms.

Regarding RFP 20 (social media usernames), under relevant precedent, the discoverability of this information depends on the relevance of social media content to the case. So that we can better assess Defendants' request, please identify the relevant information you reasonably expect to find through this request. Assuming Defendants can specify what they are looking for, we will endeavor to propose the contours of a properly targeted request, if one is possible, by January 10. Again, you do not have our final position.

Regarding RFP 21, the request for "[a]ll social media network posts or other communications to or from You Concerning Your undergraduate Institution" is overbroad. Such a request would include, for example, all manner of communications concerning a student's social experiences, friendship, or other school contacts, none of which would be relevant to this lawsuit. Again, so that we can better assess Defendants' request, please identify what potential relevant materials Defendants seek through this request. Assuming Defendants can specify what they are looking for, we will endeavor to propose the contours of a properly targeted request, if one is possible, by January 10. Here also, you do not have our final position.

As to Plaintiffs' interrogatories, we discussed Maerlender's and Piyevsky's responses. You asked us to specify the outcome of Maerlender's appeals process. Marlender's interrogatory response says that he appealed the aid award from Vanderbilt, which is a Defendant. Defendants should refer to those records. Piyevsky has confirmed that he did receive a financial aid offer from Case Western, but he does not know how much aid was offered and does not have any records of it. Mr. Piyevsky does not recall that there was any appeal of the aid offer. If you can identify any information that you believe to be missing, please let us know.

It is correct, as you write, that "Plaintiffs are unwilling to produce discovery concerning third-party funds they used to pay their tuition, room and board, and similar costs." I would add that Plaintiffs explained their position, with citations to authority, in the email of Ted Normand to you dated November 29. It has now been more than two weeks. Defendants have not brought to our attention any contrary analysis or authority.

Ted

---

**From:** "Suggs, David" <dsuggs@whitecase.com>
**Date:** Wednesday, December 7, 2022 at 4:47 PM
**To:** Robert Gilbert <rgilbert@gilbertlitigators.com>, Carbone Defendants Service List <Carbone_Defs_Service@listserv.whitecase.com>
**Cc:** 568 Litigation <568_Litigation@fnf.law>
**Subject:** RE: Search Terms

**[EXTERNAL SENDER]**

Bob,

Thank you for your email. I believe the parties are on the same page, but just to be sure:

> Defendants' position is that Plaintiffs should review all of their emails for responsive documents unless doing so would be unduly burdensome. If Plaintiffs can demonstrate undue burden with appropriate detail, Defendants agree that Plaintiffs can narrow their review with keywords and will propose some additional keywords for them to run. For other ESI (e.g., from hard drives or cloud storage), Defendants likewise propose that Plaintiffs review all their ESI,. However, if doing so would be unduly burdensome, there may be other ways to narrow the scope of those reviews before applying search terms, such as reviewing documents from folders most likely to contain

responsive information (identified based on good-faith investigations by Plaintiffs and their attorneys).

Given that Plaintiffs are unlikely to have large volumes of documents or complex document sources, Defendants are hopeful Plaintiffs can provide the requested information before December 23. If there are going to be disputes about Plaintiffs' search methodology, Defendants want to identify those soon.

Defendants also understand the following based on yesterday's call. As soon as possible, please let us know if I've misstated anything and also Plaintiffs' positions re items 2 and 6.

1. Plaintiffs are collecting and reviewing ESI for the period from the Plaintiff's senior year in high school through the present
2. Plaintiffs will get back to Defendants about what each Plaintiff's parents are willing to produce, if anything
    1. Defendants' position is that the parents should produce documents responsive to all Defendants' RFPs
    2. If a Plaintiff had a legal guardian other than a parent when applying for college or financial aid, we ask for documents from that legal guardian
3. Plaintiffs' Nov. 29 email summarizes their final positions concerning the RFPs
4. RFP 9: Plaintiffs will log any responsive documents they withhold as privileged
5. RFP 15: If Plaintiffs' most recent resumes do not reflect their full work history starting when they were in college, Plaintiffs will look for more comprehensive versions that are reasonably available
6. RFP 20: Plaintiffs will get back to Defendants re whether they'll identify all usernames (including non-public usernames) and email addresses for their social media accounts
7. RFP 21: Plaintiffs have offered to produce some documents in response to this request and will propose a method for identifying such documents by Jan. 10, 2023
8. RFP 22: Plaintiffs have conducted searches for responsive documents and have located none, but they will produce any they locate
9. Some Plaintiffs will supplement their responses to Defendants' interrogatories this week; Defendants ask that Plaintiffs identify any Plaintiff that, as of that time, anticipates further supplementing his/her responses in the near future (i.e., whether a Plaintiff expects to have additional information to provide soon)
10. Plaintiffs are unwilling to produce discovery concerning third-party funds they used to pay their tuition, room and board, and similar costs
11. Plaintiffs are unwilling to produce discovery that Plaintiffs believe is in Defendants' files unless Defendants represent that the information is not in their files

Thanks,
David

**David Suggs** | Partner
T +1 212 819 2686   M +1 704 236 7007   E dsuggs@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Robert Gilbert <rgilbert@gilbertlitigators.com>
**Sent:** Tuesday, December 6, 2022 5:13 PM
**To:** Suggs, David <dsuggs@whitecase.com>; Carbone_Defs_Service@listserv.whitecase.com
**Cc:** 568 Litigation <568_Litigation@fnf.law>
**Subject:** Search Terms

Dear David,

This letter confirms that, on today's meet-and-confer call, you stated that Defendants have no additional search terms to propose for Plaintiffs' documents at this time. Rather, you would like Plaintiffs to each quantify the volume of emails in their accounts dating back to their senior year of high school, in order to determine the burden of manually reviewing the full corpus without search terms.

Plaintiffs will endeavor to get you their responses by December 23.

Best,

Bob

Robert D. Gilbert
Managing Partner
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
rgilbert@gilbertlitigators.com
646-448-5269 work
203-645-0055 cell
www.gilbertlitigators.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

==========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

==========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named

above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

================================================================================

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

==========================================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================================

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

================================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

================================================================================

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.