# EXHIBIT F

Plaintiffs' Email to Dartmouth's Counsel, dated December 31, 2022

**Van Gelder, Amy (CHI)**

| | |
|---|---|
| **From:** | Peter Bach-y-Rita <pbachyrita@fnf.law> |
| **Sent:** | Saturday, December 31, 2022 9:29 PM |
| **To:** | Carlson, Casey L.M.; Litvack, Douglas E.; Powell, Lina R.; Mascherin, Terri L. |
| **Cc:** | Richard Cipolla; Ted Normand; Velvel Freedman |
| **Subject:** | 568 - Dartmouth Responses to Plaintiffs 2nd Set RFPs |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**



Casey, Douglas, Lina and Terri:

We write to address several problematic positions Dartmouth has taken with regard to Plaintiffs' Second Set of Requests for Production.

**Admissions Scoring**. Based on your responses and objections, it is Plaintiffs' understanding that Dartmouth (and twelve additional Defendants) have not agreed to provide the complete admissions scoring data Plaintiffs seek in Plaintiffs' Second Set of Requests for Production, Request No. 3, which clearly states:

> Request for Production No. 3: For all Admitted Applicants, Documents reflecting for each Academic Year the scores assigned to each factor disclosed in response to Request No. 2 and the weight, if any, applied to that factor.

Plaintiffs seek this information to prove their allegation that donations influenced admissions decisions. This is an important way to prove that, but for the donation, the applicant would not have been admitted to the university. Absent this data, Plaintiffs' plausible claims are far more difficult to prove, as you must surely know, and Plaintiffs would be precluded from testing Defendants' protestations of compliance with the requirements of the Section 568 exemption.

**Donor-Related Admitted Applicant**. We also note that Dartmouth and 15 other Defendants have changed the definitions of "Donor-related Admitted Applicant" and "Legacy Admission" contained in Plaintiffs' second set of Requests for Production, and did so without prior discussion with Plaintiffs that you intended to do so. Plaintiffs' original definitions read clearly and concisely as follows:

> 1. "Donor-related Admitted Applicant" is an Admitted Applicant whose family, or someone known to the Admissions Office as a friend of the Admitted Applicant, made

1

> *Donation(s) to You cumulatively valued at $50,000 or more during the five year period prior to the admission of the Admitted Applicant.*

In response to Plaintiffs' definition of "Donor-related Admitted Applicant," Dartmouth inserted a definition with different qualifications:

> In responding to the Requests, Dartmouth will construe "Donor-related Admitted Applicant" to mean an applicant who has been admitted to Dartmouth's undergraduate program whose immediate family has made donations to Dartmouth cumulatively valued at $50,000 or more during the five-year period immediately preceding the applicant's admission

Dartmouth attempts to disregard Plaintiffs' intentionally inclusive language describing an applicant's "*family, or someone known to the Admissions Office as a friend of the Admitted Applicant*." Instead, Dartmouth appears simply to ignore the possibility of donations *from anyone other than immediate family members of admitted applicants* (*i.e.*, excluding grandchildren, nieces, nephews, proteges, etc.).

**Legacy Admissions**. Similarly, despite Plaintiffs' clear intent to include both formal *and* informal policies or practices with regard to Legacy Admissions, Dartmouth (and 15 other Defendants) unilaterally rewrote this definition as well to omit any reference to informal policies or practices:

> In responding to the requests, Dartmouth will construe "Legacy Admission" to mean a written policy or practice by which Dartmouth grants preferences in the undergraduate admissions process to the *children* of Dartmouth alumni…

(emphasis added). The exclusion of informal policies or procedures in this definition is plainly prejudicial to Plaintiffs' ability to make their case. As one example of an unwritten policy that would violate the requirements of Section 568, it may well be that in the case of ties among admissions decision-makers, the Legacy wins via an informal tie-breaker. To be clear: regardless whether written or unwritten, public or internal, formal or informal, any preferential treatment afforded to relatives or relations of Alumni in any form, even used as an informal tiebreaker, is intentionally encompassed in Plaintiffs' Definition of "Legacy Admission."

Dartmouth has also rewritten this definition to limit "Legacy Admissions" to only the *children* of Dartmouth alumni. To say that a grandchild or other relative of an alumnus could not possibly qualify as a "Legacy Admission" strikes us as arbitrary.

**Dartmouth's Positions are Incompatible with the Court's Rulings and Guidance.** As you know, the Court made quite clear on October 26, 2022 that it would protect Plaintiffs' right to prove that donations by wealthy families influenced admissions decisions, in violation of Section 568's requirement that *all* applicants be admitted "without regard

to the financial circumstances of the student involved or the student's family." Indeed, the Court even emphasized the importance of this specific discovery, and its expectation that Defendants make such evidence available to Plaintiffs:

> So first of all -- and I don't think this is the case, but I just want to have it out there just so I've said it and I'll be done with it -- I mean, this is not going to be a situation where the case comes to a halt and gets adjudicated because the discovery can't get produced. So I just want to make that clear.
>
> …
>
> **So the whole case -- maybe not the whole case, but a significant part of the case is exactly this, the contention that admissions are tied to donations, or at least that's a significant part of the case.** And so unless there's going to be an opinion that basically says, well, **the kind of thing I just said is not going to happen**, that basically says the plaintiffs can't get that, therefore, the case is over, then **we have to come up with a way of doing that.**

Oct. 26, 2022 Tr. 23:12-17; 36:23-37:6 (emphasis added). And when the Court spoke, it emphasized that its words are its rulings. *Id.* 34:16-17 ("**So that's a ruling. That's the judge talking. Those are called rulings.**")(emphasis added).

Rather than heed the Court's clear rulings and guidance, Dartmouth has instead converted the Court's guidance into a roadmap to prevent the very discovery Plaintiffs need. Unless your client reverses its position on these critical issues, we will be forced to bring to the Court's attention these new efforts flout the Court's rulings and prejudice Plaintiffs in the Joint Status Report due January 13, 2023. Please provide response from you to this letter by the close of business on January 4, 2023, so that Plaintiffs and Defendants have sufficient time to outline their respective positions in the January 13 Joint Status Report. If you think it would be useful to meet-and-confer on this issue, please propose a date and time that work for your team next week, and Plaintiffs will endeavor to accommodate.

Regards,

Peter Bach-y-Rita

*Associate*
**Freedman Normand Friedland LLP**

99 Park Ave., Suite 1910

New York, NY 10016

(t) 646.823.1555

(f) 646.392.8842

3

(m) 415.948.9625

(@) pbachyrita@rochefreedman.com

*Admitted in California Only*

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.