# EXHIBIT G

Plaintiffs' Email to Columbia's Counsel, dated December 30, 2022

**Van Gelder, Amy (CHI)**

| | |
|---|---|
| **From:** | Robert Raymar <rraymar@gilbertlitigators.com> |
| **Sent:** | Friday, December 30, 2022 3:19 PM |
| **To:** | Van Gelder, Amy (CHI) |
| **Cc:** | Elpidio Villarreal; 568 Plaintiffs; 568 Defendants; Robert S. Raymar |
| **Subject:** | [Ext] Columbia's Admissions Scoring and Definitional Objections |

Amy,

I write on behalf of PD Villarreal, who is on vacation. Thank you again for your December 23 letter outlining several topics for discussion at our next meet-and-confer. We write to highlight several additional issues Plaintiffs would like to discuss as well.

In addition to your continued refusal to identify custodians in Columbia's President's Office or Development Office, which is a topic already presented to the Court in the December 2, 2022 Joint Status Report (Doc. 255), Columbia has further refused to provide the Admissions scoring data sought by Plaintiffs. These positions are prejudicial to Plaintiffs' ability to prove their case, and directly at odds with Judge Kennelly's clear rulings in rejecting Defendants' Motions to Dismiss and on October 26, 2022.

**Admissions Scoring**

Based on your responses and objections, it is Plaintiffs' understanding that you (and twelve additional Defendants) have not agreed to provide the complete admissions scoring data Plaintiffs seek in Plaintiffs' Second Set of Requests for Production, Request No. 3, which clearly states:

> Request for Production No. 3: For all Admitted Applicants, Documents reflecting for each Academic Year the scores assigned to each factor disclosed in response to Request No. 2 and the weight, if any, applied to that factor.

Plaintiffs seek this information as necessary to prove their allegation that donations influenced admissions decisions. This is an important way to prove that, but for the donation, the applicant would not have been admitted to the university. Absent this data, Plaintiffs' plausible claims are far more difficult to prove (to say the least), as you must surely know, and Plaintiffs would be precluded from testing Defendants' protestations of compliance with the requirements of the Section 568 exemption.

**Definitions**

We also note that each of the other sixteen Defendants have changed the definitions of "Donor-related Admitted Applicant" and "Legacy Admission" contained in Plaintiffs' second set of Requests for Production, and did so without prior discussion with Plaintiffs that they intended to do so. It appears Columbia has not followed suit, and has instead merely asserted certain objections to Plaintiffs' definitions. We would like to better understand your objections, and any impact those objections might have on Columbia's willingness to produce the documents requested.

**Columbia's Positions are Incompatible with the Court's Guidance**

As you know, the Court made quite clear on October 26, 2022 that it would protect Plaintiffs' right to prove that donations by wealthy families influenced admissions decisions, in violation of Section 568's requirement that *all* applicants be admitted "without regard to the financial circumstances of the student involved or the student's family." Indeed, the Court even emphasized the importance of this specific discovery, and its expectation that Defendants make such evidence available to Plaintiffs:

1

> So first of all -- and I don't think this is the case, but I just want to have it out there just so I've said it and I'll be done with it -- I mean, this is not going to be a situation where the case comes to a halt and gets adjudicated because the discovery can't get produced. So I just want to make that clear.
>
> …
>
> **So the whole case -- maybe not the whole case, but a significant part of the case is exactly this, the contention that admissions are tied to donations, or at least that's a significant part of the case.** And so unless there's going to be an opinion that basically says, well, **the kind of thing I just said is not going to happen**, that basically says the plaintiffs can't get that, therefore, the case is over, then **we have to come up with a way of doing that.**

Oct. 26, 2022 Tr. 23:12-17; 36:23-37:6 (emphasis added). And when the Court spoke, it emphasized that its words are its rulings. *Id.* 34:16-17 ("**So that's a ruling. That's the judge talking. Those are called rulings.**") (emphasis added).

The Joint Status Report filed on December 2, 2022 (Doc. 255) has already brought to the Court's attention Columbia's refusal to identify custodians in its President's Office or Development Office, and the prejudicial impact of that refusal on Plaintiffs' ability to prove their case.[1]

Plaintiffs now further object to Columbia's refusal to provide admissions scoring data. Individually, these positions cripple Plaintiffs' ability to establish certain elements of their allegations. Together, and especially in conjunction with Columbia's refusal to identify custodians in its President's or Development offices, Columbia's positions amount to a deliberate attempt to shield from discovery the exact evidence Plaintiffs need to make their case. Or, put in other words, Columbia is doing *precisely* what the Court expressly proscribed.

Rather than heed the Court's clear rulings and guidance, Columbia has instead converted the Court's guidance into a roadmap to systematically prevent the very discovery Plaintiffs need most. Unless your client reverses its position on these critical issues, we will be forced to bring to the Court's attention these new efforts flout the Court's rulings and prejudice Plaintiffs in the Joint Status Report due January 13, 2023.

We will expect a response from you to this letter by the close of business on January 4, 2023, so that Plaintiffs and Defendants have sufficient time to outline their respective positions in the January 13 Joint Status Report. If you think it would be useful to meet-and-confer on this issue, we have already written to request a date and time that work for your team, and we will be happy to add these issues to the agenda.

------------

[1] To the extent any Defendant or Columbia has proposed to produce only a list of donor-related applicants to the exclusion of all other communications with or regarding donors, Plaintiffs have already addressed the insufficiency of this proposal. Such underlying communications are relevant and important to Defendants' motives and practices, and may also lead to the discovery of additional admissible evidence. A list of donor-related applicants is necessary and must be produced in any case, but is plainly insufficient because a mere list is opaque as to the motivations and factual context underlying the list.


Best,

Robert S. Raymar
Gilbert Litigators & Counselors, P.C.
C: (201) 259-4890
rraymar@gilbertlitigators.com
www.gilbertlitigators.com