# Exhibit C



Sarah Schuster <sschuster@gilbertlitigators.com>

## Chicago's Claim That it "Withdrew" from the Cartel in 2014, and Chicago's Other Rationales for Refusing to Identify Custodians and/or Produce Documents

**Robert Gilbert** <rgilbert@gilbertlitigators.com>  Fri, Dec 2, 2022 at 9:10 AM
To: "Rubin, Michael A." <Michael.Rubin@arnoldporter.com>
Cc: "Carbone_Defs_Service@listserv.whitecase.com" <Carbone_Defs_Service@listserv.whitecase.com>, 568 Litigation <568_Litigation@fnf.law>

**[EXTERNAL SENDER]**

Mike:

It take it from your email that you think it is very important for you to make a record for everyone. In light of the importance that you attach to doing so, I need to make sure the record is accurate. Accordingly, this email addresses a few of the inaccuracies, omissions, and misleading statements contained in your November 29 and December 1 emails. Plaintiffs have chosen to not divert the hours that would be necessary to correct each and every error in your communications, but some are so material as to require a response, particularly because all Defendants are actually now trying to leverage them for use in the Joint Status Report.

    1.    Your Own November 18 email Proves That "Temporal Scope" Was First Discussed with Chicago on November 10, Not on December 1 as You and All Defendants Now Try to Claim

**You wrote in a November 29 email, "[a]s you know, we have not met and conferred yet on any of the temporal scope questions**." (emphasis added). That statement is not true. We met and conferred and discussed temporal scope with you on November 10.

First, Plaintiffs had three attorneys taking notes in their meet-and-confer with Chicago on November 10, 2022, each of which noted a discussion on Chicago's temporal objections, Plaintiffs' position on temporal scope, and Chicago's insistence that this was an issue to be resolved in global meet-and-confer discussions with all other Defendants.

Second, Plaintiffs followed up that meet-and-confer session with an email on November 15 concerning the November 10 meet-and-confer with Chicago. The November 15 email confirmation of the Parties' discussion stated, "Regardless of whether responsive documents exist, either in hard copy or ESI, our current understanding is that Chicago refuses to produce documents that were created before 2010. Please let us know if our understanding is correct." The November 15 email about the November 10 meet and confer further stated, "Plaintiffs explained their position on the Relevant Time Period…"

Third, your own November 18 email further proves that your November 29 email was inaccurate. **Your November 18 email concerning the November 10 meet-and-confer devotes two full paragraphs to the "temporal scope" issues that had been discussed with Plaintiffs on November 10. Indeed, the first of your two paragraphs on this subject on November 18 begins, "We noted our temporal scope objections…."**

    2.    Less Than One Hour After Receiving an Email From You That Inaccurately Summarized the December 1 Meet and Confer, The Entire Group of Defense Counsel was Using That Summary to Make Inaccurate Assertions in the Joint Status Report to the Court

Forty-six minutes after I first received your email that purported to summarize what transpired at the December 1 meet-and-confer, I received from Sarah Kirpatrick a proposed Defendants' insert to the Joint Status Report, which tried to make liberal use of those inaccuracies, including the following:

> "After an initial discussion on December 1, 2022, Plaintiffs suggested that Plaintiffs and Chicago talk again "a week from now." (See Ex. C_, Dec. 1, 2022 Email from Michael Rubin to Robert Gilbert)"

The notion of "an initial discussion" on December 1 is again false, as demonstrated by, among other documentary evidence, your own November 18 email. See above.

       3.    A Three Sentence Microcosm Of Inaccuracy, Material Omission and Misleading Statement

A three sentence paragraph from your December 1 email is a microcosm of two inaccurate sentences and a material omission—a hat trick if you will. Interestingly, the Defendants were already using those false statements as well in the Joint Status Report 46 minutes after you sent the email to me. Here is that paragraph:

> "**Post-2014 Searches**. Chicago reiterated that it is not asserting a 568 Exemption defense after it was no longer a member of the 568 Group and confirmed that Plaintiffs' only claim of relevance to Chicago's admissions and donations practices was the applicability of the 568 Exemption. Chicago then asked if there was any basis, other than applicability of the 568 Exemption, for discovery into Chicago's admissions and donations practices after Chicago was no longer a member of the 568 Group. Plaintiffs' counsel responded: "I think I have stated it" and offered no further explanation of the basis for Plaintiffs' request."

The only sentence among those three that is truthful and accurate is the second sentence. In response to the question reflected in that one accurate sentence, I repeated an explanation for you at least three times, along the following lines: Chicago understandably concluded that it would not rely on the 568 exemption as a defense when it realized that it was a terrible defense, because both Chicago and other members of the conspiracy had systemically violated the need-blind predicate to the defense. The fact that Chicago came to conclude that the 568 Exemption was a terrible defense does not change the fact that Chicago remained a member of the conspiracy after its 2014 letter; its subsequent non-need blind admissions practices continued to compound its own liability and also compound the liability of its co-conspirators. Accordingly, we are entitled to the same discovery and identification of custodians after 2014 as before 2014." When you asked me to repeat the answer for about the fourth time, I said with a distinct edge "I think I have stated it", meaning that everyone on the call knew that I had answered your question multiple times and had answered persuasively, and it was time to move on.

It is unfortunate that I need to point out that your claim that I "offered no further explanation of the basis for Plaintiffs' request," is false.

Very truly yours,

Robert D. Gilbert
Managing Partner
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
rgilbert@gilbertlitigators.com
646-448-5269 work
203-645-0055 cell
www.gilbertlitigators.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

[Quoted text hidden]
[Quoted text hidden]