
# Exhibit E

 Sarah Schuster <sschuster@gilbertlitigators.com>

## Fwd: 568 Meet & Confer re Exemption Defense

**Ted Normand** <tnormand@fnf.law>  Thu, Jan 12, 2023 at 12:11 PM
To: "Mascherin, Terri L." <TMascherin@jenner.com>
Cc: Peter Bach-y-Rita <pbachyrita@fnf.law>, Richard Cipolla <rcipolla@fnf.law>, "Van Gelder, Amy" <Amy.VanGelder@skadden.com>, "Kirkpatrick, Sarah" <SKirkpatrick@wc.com>, "Holt, Benjamin F." <benjamin.holt@hoganlovells.com>, "Stein, Scott D." <sstein@sidley.com>, "Roellke, Jon R." <jon.roellke@morganlewis.com>, "Kaufman, Noah J." <noah.kaufman@morganlewis.com>, "Fitzgerald, Patrick" <Patrick.Fitzgerald@skadden.com>, "Loughlin, Chuck" <chuck.loughlin@hoganlovells.com>, "Lent, Karen Hoffman" <Karen.Lent@skadden.com>, "Litvack, Douglas E." <DLitvack@jenner.com>, "Steinhauer, Holden A." <Holden.Steinhauer@hoganlovells.com>, "Bhabha, Ishan K." <IBhabha@jenner.com>, "Carlson, Kathleen" <kathleen.carlson@sidley.com>, "Hartz, Lauren J." <LHartz@jenner.com>, "Powell, Lina R." <LinaPowell@jenner.com>, "Bernescu, Laura" <Laura.Bernescu@skadden.com>, "Fitzsimmons, Garrett S." <GFitzsimmons@jenner.com>, "Brunner, Benjamin" <bbrunner@sidley.com>, "Carlson, Casey L.M." <CCarlson@jenner.com>, 568 Litigation <568_Litigation@fnf.law>

Terri et al. –

With respect to the six Defendants' decision not to invoke the 568 Exemption in this case, and their related proposal to avoid or limit discovery of their admissions practices on that basis, Plaintiffs are entitled to all the same discovery as from other Defendants, for all the reasons set forth in our insert to the joint status report at pages 12-14. In the interest of compromise, however, we would be prepared to limit our discovery as follows:

1. Without waiving the right to seek full discovery of Defendants regarding their admissions practices (which the parties have been discussing for months) depending on the information disclosed in the limited discovery proposed below, Plaintiffs propose the limited discovery set out below.

2. The six Defendants agree to produce for deposition, by May 15, 2023, the following individuals for, in summary, the following reasons:

    1. <u>Brown – Jim Tilton</u>. Mr. Tilton is the Dean of Financial Aid (2006-Present) and the signatory to Brown's alleged "withdrawal" letter from the 568 Group (signed in his capacity as "Director of Financial Aid"), in which he wrote of Brown's need-aware practices for transfer students, and the 568 Group's not following need-blind requirements for waitlist students.

    2. <u>Columbia – Lee Bollinger</u>. President Bollinger's tenure began in 2002 and has lasted the entire duration of the class period. Per Columbia student reporting, aggressive (and at times controversial) fundraising have been the hallmarks of President Bollinger's tenure at Columbia.

    3. <u>Dartmouth – Jeff Sassorossi</u>. Mr. Sassorossi was Dartmouth's Director, Special Projects & Reporting (2010-2020). His role was "to serve as the liaison between the Advancement (Alumni Relations and Development) and Admissions." An email from Mr. Sassorossi to Sony CEO

Michael Lynton was leaked following the 2014 Sony hack, illustrating Dartmouth's efforts to evaluate and court wealthy potential donors. If Mr. Sassorossi is no longer controlled by Dartmouth, Plaintiffs will subpoena the deposition of Mr. Sassorossi and not take other depositions of Dartmouth personnel subject to point 1 above.

4. <u>Northwestern – Morton Schapiro</u>. President Schapiro has been described as "a dean of 'enrollment management,' the art of shaping an incoming class through recruitment, aid, early admission, waiting lists and other variables." As alleged in Para. 181 of the Second Amended Complaint, "in the 2018-19 admissions cycle, Schapiro personally reviewed the applications of about 550 students, including applications associated with wealthy donors." He has also been a spokesperson for the 568 Presidents Group.

5. <u>Notre Dame – Don Bishop</u>. Mr. Bishop has publicly spoken regarding the relevance of donations in the admissions process and has been praised for his strategies in enrollment management. Mr. Bishop has acknowledged the significant influence that donations play in the Notre Dame admissions process. Indeed, he admitted that if someone gave $15 million, then their children would be given "some special interest" during the Notre Dame admissions process.

6. <u>Yale</u> – An administrator with personal knowledge of the facts reported in the article "Yale for Sale."

3. The six Defendants agree to make each of the foregoing individuals a custodian for purposes of Plaintiffs' pending Requests for the Production of Documents (or, in the case of Mr. Sassorossi, produce all relevant documents reasonably accessible to Dartmouth).

4. The six Defendants each produce, by April 1, 2023, documents responsive to Section II of Plaintiffs' First Set of Requests for Production , "Documents Concerning Donor Data," Nos. 20-23, and all documents responsive to Section IV, "Documents Specifically Pertaining to Each of the Defendants," that specifically mention the Defendants itemized in #2 above.

Please let us know by the end of today whether this proposal can reduce the burden on the Court arising from the joint status report.

Thanks.

[Quoted text hidden]
[Quoted text hidden]