UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>        Defendants. | Case No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**CORNELL UNIVERSITY'S STATEMENT OF POSITION ON
CERTAIN DEFENDANTS' MOTION FOR ENTRY OF ORDER REGARDING THE
HEA STATUTE AND PRODUCTION OF CERTAIN FAFSA INFORMATION**

Defendant Cornell University ("Cornell") respectfully submits this statement of position on Certain Defendants' Motion for Entry of Order Regarding the HEA Statute and Production of Certain FAFSA Information (ECF No. 306). In that motion, the moving Defendants seek an order allowing the collection and production of certain data that is derived from or related to the U.S. Department of Education's ("ED") Free Application for Federal Student Aid ("FAFSA"),

including certain information from the Institutional Student Information Record ("ISIR") that schools receive from the ED based on FAFSA applications submitted to ED by college students seeking federal aid. The moving Defendants have noted their intention to de-identify and designate as Confidential Information productions of FAFSA/ISIR data in compliance with the Order Regarding FERPA and the Production of Certain Documents and Information (ECF No. 231) and the Confidentiality Order (ECF No. 254). Cornell has concerns about whether, absent further guidance from the ED, the HEA's "administration of aid" language prohibits the collection and production of FAFSA/ISIR data to Plaintiffs in the context of this litigation for the following reasons:

1. The Higher Education Act of 1965 ("HEA") governs the use of FAFSA/ISIR data and states that data collected through the FAFSA "shall be used *only for the application, award, and administration of aid* awarded under this subchapter, State aid, or aid awarded by eligible institutions or such entities as the Secretary may designate." 20 U.S.C. § 1090 (emphasis added).

2. The Privacy Technical Assistance Center ("PTAC") is a resource provided by the ED to offer guidance on privacy, confidentiality, and security practices. PTAC has previously clarified that the ED "interprets 'administration of aid' to include audits and program evaluations necessary for the efficient and effective administration of those student aid programs." *See* Priv. Tech. Assistance Ctr., *Guidance on the Use of Financial Aid Information for Program Evaluation and Research*, U.S. DEP'T OF EDUC., PTAC-FAQ-9 at 6 (Jan. 2017), *available at* https://studentprivacy.ed.gov/sites/default/files/resource_document/file/FSA_final_0.pdf.

3. To Cornell's knowledge, the ED has not previously interpreted—through PTAC guidance[1] or otherwise—whether the collection and production of FAFSA/ISIR data to an adverse

---

[1] On January 17, 2023, Cornell submitted to PTAC a confidential inquiry seeking guidance on whether litigation challenging the institution's admissions and financial aid practices falls within the meaning of

2

party for purposes of litigation regarding administration of a school's financial aid program falls within the meaning of the HEA's "administration of aid" language.

4. Notably, existing PTAC guidance has gone as far as to expressly limit the ability of an institution's financial aid office to share FAFSA/ISIR data with other individuals *within that very institution* unless performing functions *necessary* to the administration of student aid:

> **Can a financial aid office share FAFSA/ISIR data, including PII about students who receive student aid, with institutional staff responsible for analyses, audits, or evaluations at the institution (e.g., an Institutional Research Office)?**
>
> Under some circumstances, this may be permissible. Under FERPA's School Official exception, this is permissible provided that the recipient meets the criteria of a "school official with legitimate educational interest" as defined in the institution's annual notification of FERPA rights. *Under the HEA, this may be permissible to the extent that the Institutional Research Office, auditor, or analyst is performing a function that is necessary to the efficient and effective administration of student aid.* And, if the data are NSLDS data, this may be permissible under HEA depending on whether the recipients of the data are governmental researchers or policy analysts. *Disclosure for other purposes, however, is not permitted.* Since the institution is not obtaining student financial aid data directly from a Department system of records, the Privacy Act does not apply to the institution in this scenario.

PTAC-FAQ-9 at 9 (emphasis added).

5. Existing guidance does not clearly indicate that Cornell may voluntarily agree to proceed with the collection and production of FAFSA/ISIR data requested by Plaintiffs here. Moreover, although Cornell acknowledges the moving Defendants have proposed certain judicial controls in the Motion, there will be no institutional control over Plaintiffs' use of this sensitive financial data once produced despite the contractual obligations for data security that Cornell has

---

"administration of aid," as used in the HEA. Because Cornell made the submission online through a fillable form, it did not receive a confirmation "receipt" that sets forth the actual inquiry but did receive an acknowledgement of receipt from PTAC. A copy of the text of Cornell's inquiry and ED's email acknowledging receipt are attached. *See* Exhibit A. Cornell followed up on its inquiry on February 3, 2023 to inquire when ED may respond with substantive guidance. As of this filing, Cornell has not received substantive guidance or clarification in response to its inquiry.

under the Student Aid Internet Gateway ("SAIG") user agreement with the ED to protect such data.

Respectfully submitted this 6th day of February, 2023.

        KING & SPALDING LLP

        */s/ Norm Armstrong*
        Norm Armstrong (admitted *pro hac vice*)
        Christopher C. Yook (admitted *pro hac vice*)
        KING & SPALDING LLP
        1700 Pennsylvania Avenue, NW, Suite 200
        Washington, D.C. 20006
        Tel.: (202) 737-0500
        narmstrong@kslaw.com
        cyook@kslaw.com

        Emily T. Chen (admitted *pro hac vice*)
        KING & SPALDING LLP
        1185 Avenue of the Americas, 34th Floor
        New York, NY 10036
        Tel.: (212) 556-2100
        echen@kslaw.com

        Zachary T. Fardon
        KING & SPALDING LLP
        110 N. Wacker Drive, Suite 3800
        Chicago, IL  60606
        Tel.: (312) 995-6333
        zfardon@kslaw.com

        *Counsel for Defendant Cornell University*