UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125 <br><br> **Hon. Matthew F. Kennelly** <br><br> **PLAINTIFFS' RESPONSE TO MOTION REGARDING THE HEA STATUTE AND PRODUCTION OF CERTAIN FAFSA INFORMATION** |

**PLAINTIFFS' RESPONSE TO MOTION REGARDING THE HEA STATUTE AND
PRODUCTION OF CERTAIN FAFSA INFORMATION**

As Defendants[1] acknowledge in their Motion, Plaintiffs *agree* with the Defendants' Motion

regarding the Higher Education Act of 1965 ("HEA") and certain data derived from or related to

the U.S. Department of Education's Free Application for Federal Student Aid ("FAFSA"), *and*

---

[1] The use of the term Defendants herein is meant to reference all Defendants other than Cornell, as Cornell has not joined in Defendants' Motion.

*also agree* *with entry of the form of Order proposed by Defendants ("HEA Order"), except with regard to a single language issue within the Order*. That issue relates to the classification of anonymized FAFSA information received from a federal agency under the November 22, 2022 Confidentiality Order (Dkt. No. 254) ("CO") entered in this matter.

Where the parties disagree, and the reason for this Response and alternate form of Order, is that Defendants wish to preserve their option to classify FAFSA data *that they have then anonymized as Attorneys Eyes Only* ("AEO"). Plaintiffs have agreed *it can be classified as Confidential.* Over-classification will result in innumerable disputes, unnecessary motions to the Court, and delay in taking depositions. The Court can easily avoid these outcomes by treating anonymized data as what it is inherently: anonymous information that, by definition, does not justify an AEO designation.

## ARGUMENT

In accordance with CO paragraph 8, FAFSA data and information are part of the structured data Defendants must produce in *anonymized* form; it will then be *coded* by Defendants so a unique applicant can be tracked across Defendant universities.

When Defendants *originally* proposed this Motion and HEA Order to Plaintiffs, they sought to classify *all* anonymized FAFSA data and information as "Attorneys' Eyes Only" ("AEO"):

> Defendants' and non-party colleges and universities' productions of FAFSA-derived or -related information (including information from the ISIR) in this action shall be made in compliance with this Court's FERPA Order and *shall be designated Attorneys' Eyes Only* under this Court's Confidentiality Order (emphasis added).

Plaintiffs objected to this over-classification. In response, Defendants insist that anonymized FAFSA information be classified "Confidential Information."

2

Paragraph 2 of the CO defines "Confidential Information" as "information designated as 'CONFIDENTIAL' *or* 'ATTORNEYS' EYES ONLY' by the producing party or non-party." Plaintiffs have always agreed to classify anonymized FAFSA data and information as "Confidential." However, Plaintiffs reasonably reject the possibility of "AEO" classification, and therefore must reject the "Confidential Information" classification Defendants seek.

A document classified as "Confidential" may be used at depositions with witnesses from a non-producing Defendant, but an "AEO" document may not be used with a witness from a non-producing Defendant without consent by the producer. What is of critical importance is Plaintiffs' ability to show anonymized FAFSA information to witnesses at depositions.

In meeting and conferring with Plaintiffs, Defendants at times drew a distinction *between* the anonymized FAFSA information itself *and* a Defendant's unique manipulation of the FAFSA information or application of unique algorithms to that information. Plaintiffs were and are agreeable to the HEA Order classifying anonymized FAFSA data and information "Confidential," and classifying whatever unique processes individual Defendants may apply to that information as "Confidential Information." As Defendants' Local Rule 37.2 Statement makes clear, they rejected this compromise.

The AEO designation does not sensibly apply here. Paragraph 2(b) of the CO defines material as AEO "if the document contains highly sensitive trade secrets or other highly sensitive competitive or highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm to, or cause material harm to the legitimate interests of, the disclosing party." *Anonymized FAFSA data and information cannot meet this high standard.* Defendants have never articulated how an AEO classification for *anonymized* FAFSA data would be necessary or proper.

3

On the other hand, the classification of the already anonymized FAFSA data and information as Confidential protects it from unnecessary disclosure while allowing Plaintiffs to use it when produced by one Defendant at the deposition of another Defendant. This may well be necessary if an applicant were admitted to, for example, Northwestern, Chicago, and Notre Dame, and Plaintiffs want to question a deponent at one such school about why the financial aid packages for that applicant were either identical, similar, or completely divergent at the other schools. An AEO classification, in contrast, prevents Plaintiffs from questioning any Defendant *other than the producing Defendant* about the anonymized FAFSA information without prior consent.

To use the same example as above, in the case of an applicant admitted to Chicago, Plaintiffs would have to engage in meet and confers with Chicago, Northwestern, and Notre Dame in order to question them about the similarities or divergences in their aid packages. If the meet and confers were unsuccessful, Plaintiffs would then have to make an application to the Court. There would be a rotating set of such examples: an applicant admitted to Georgetown, Johns Hopkins, and Pennsylvania; or to Dartmouth, Brown, and Columbia; or to Dartmouth, Johns Hopkins, and Chicago; etc. *The meet and confers would be innumerable if anonymized FAFSA data were permitted to be classified AEO.*

Although Plaintiffs of course will prepare for depositions well in advance, it often occurs in litigation that in the days prior to the deposition attorneys decide to question about additional documents. If the anonymized FAFSA data and information are classified as AEO, the time required for the meet and confers, and if necessary, applications to the Court, would require the adjournment of the deposition or the abandonment of the AEO information. Both would be prejudicial to Plaintiffs. It is much more efficient and expeditious to address this issue now, rather than put it off, as Defendants suggest.

In a different but related context, the Court warned Defendants against the over-classification of documents (in that case, attorney-client privileged), and delivered a "Miranda warning." Dec. 21, 2022 Tr. 5:19-6:25. At the October 26 hearing, Plaintiffs expressed a concern that redactions might contain information related to central issues in this case. The Court acknowledged the concern that "you're going to get emails that are going to look like the National Security Agency got at them first and they're going to be all black," and stated that it would address this issue if it arose and there was "something real, live, concrete with context at that point." Oct. 26, 2022 Tr. 40:16-18, 24-25. Now there is indeed an issue that is "real, live, concrete with context," as Defendants' incorrect assertion that anonymized data may be properly classified as AEO, if permitted, would severely prejudice Plaintiffs.

As a result, Plaintiffs respectfully ask the Court to adopt Plaintiffs' version of the proposed HEA Order. It strikes the word "Information" after the word "Confidential" in paragraph 5; adds a sentence in paragraph 6 allowing Defendants to make a distinction between (a) anonymized FAFSA data and information and (b) their unique manipulation of this data where the classification "Confidential Information" might be proper; and adds conforming language to paragraphs 7, 8, and 11. Plaintiffs are herewith submitting to the Court a Word version of Plaintiffs' edits to the proposed form of Order.

Dated: February 6, 2023                                                  Respectfully Submitted,

By:/s/*Robert D. Gilbert*                                                /s/ *Edward J. Normand*
Robert D. Gilbert                                                        Devin "Vel" Freedman
Elpidio Villarreal                                                       Edward J. Normand
Robert S. Raymar*                                                        Peter Bach-y-Rita
Sarah Schuster                                                           **FREEDMAN NORMAND**
Alexis Marquez                                                           **FRIEDLAND LLP**
Steven Magnusson                                                         99 Park Avenue
**GILBERT LITIGATORS & COUNSELORS, P.C.**                                Suite 1910
11 Broadway, Suite 615                                                   New York, NY 10016

5

New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com
amarquez@gilbertlitigators.com
smagnusson@gilbertlitigators.com

* *Pro hac vice*

Eric L. Cramer
Caitlin G. Coslett
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net


Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law


Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net




*Counsel for Plaintiffs*

6