UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>                Defendants. | Case No.: 1:22-cv-00125<br><br>**Hon. Matthew F. Kennelly**<br><br>**[PROPOSED] ORDER REGARDING THE HEA AND THE PRODUCTION OF CERTAIN FAFSA DATA** |

## [PROPOSED] ORDER REGARDING THE HEA AND THE PRODUCTION OF CERTAIN FAFSA DATA

The parties having concluded that certain information and documents sought in discovery in this action may include information or data that is derived from, or related to, the U.S. Department of Education's Free Application for Federal Student Aid ("FAFSA"); and

The use of FAFSA-derived or -related information is governed by the Higher Education Act of 1965 ("HEA"), which provides that FAFSA-derived or -related information "shall be used only for the application, award, and administration of aid awarded under this subchapter, State aid, or aid awarded by eligible institutions or such entities as the Secretary may designate," 20 U.S.C. § 1090(a)(3)(E); and

This action involves allegations about the administration of financial aid programs of colleges and universities; and

FAFSA-derived or -related information includes information from the Institutional Student Information Record ("ISIR") generated by the Department of Education and provided to colleges and universities based on an applicant's FAFSA responses; and

Good Cause existing for making this Order:

It is ORDERED that:

1. The use of FAFSA-derived or -related information (including information from the ISIR) in this action is within the meaning of "administration of aid" under each college and university's financial aid program and is therefore a use permitted by the HEA; and

2. Defendants and non-party colleges and universities are authorized to collect and produce FAFSA-derived or -related information (including information from the ISIR) in connection with this litigation; and

3. Defendants and non-party colleges and universities are authorized to disclose FAFSA-derived or -related information (including information from the ISIR) in non-anonymized form to the college's or university's counsel for the purpose of identifying data that is responsive and proportional to discovery requests; and

4. Further, Defendants and non-party colleges and universities are authorized to disclose FAFSA-derived or -related information (including information from the ISIR) in non-anonymized form to Defendants' and non-party colleges' and universities' data vendor(s) for the purpose of creating an anonymized identifier in order to then de-identify the datasets for production in this action, in a manner as set forth in this Court's separate Order Regarding FERPA and the Production of Certain Documents and Information ("FERPA Order") (Docket No. 231) and Confidentiality Order (Docket No. 254); and

5. Defendants' and non-party colleges' and universities' productions of FAFSA-derived or -related information (including information from the ISIR) ("FAFSA information") in this action shall be made in compliance with this Court's FERPA Order and shall be designated Confidential under this Court's Confidentiality Order, and

6. Defendants' and non-party colleges' or universities' production in this action of information that is a manipulation of FAFSA information unique to a Defendant or non-party college or university, may be designated Confidential Information under this Court's Confidentiality Order; and

7. Plaintiffs may, in accordance with the procedures set forth in paragraph 8(h) of the Confidentiality Order, seek to de-anonymize FAFSA information, or information that is a manipulation of the FAFSA information unique to a Defendant, non-party college or university, produced to Plaintiffs in anonymized form by Defendants and non-party colleges and universities; and

8. Plaintiffs may, in accordance with the procedures set forth in paragraph 12 of the Confidentiality Order, seek to challenge a designation as Attorneys' Eyes Only of information that

is a manipulation unique to a Defendant, non-party college or university, of the FAFSA information produced to Plaintiffs by that Defendant or non-party college or university; and

9. Nothing in this Order shall be construed to restrict the use of FAFSA information produced to Plaintiffs to engage in and/or prepare aggregate and/or statistical analyses; and

10. This Order is entered without prejudice to any other objections by Defendants and non-party colleges and universities to discovery requests on the basis of relevance, proportionality, or otherwise; and

11. This Order is entered without prejudice to any party's right to use FAFSA information, or information that is a manipulation of the FAFSA information unique to a Defendant, non-party college or university, in accordance with the Confidentiality Order, including a party's right to seek a meet and confer and, if necessary, seek an amendment to the Confidentiality Order concerning the use of FAFSA information, or information that is a manipulation of the FAFSA information unique to a Defendant, non-party college or university, at depositions.

Dated: [_____], 2023

_____
Hon. Matthew F. Kennelly