UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIA HENRY, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**DEFENDANTS' MOTION TO EXTEND THE DEADLINE
FOR THE PRODUCTION OF STRUCTURED DATA 30 DAYS**

  The Defendants hereby move pursuant to Fed. R. Civ. Pro. Rule 16(b)(4) and Local Rule 16.1, to amend the case management order entered on September 8, 2022 (Dkt. 195) by extending the deadline for their production of structured data requested in this case by Plaintiffs in their First Set of Document Requests an additional 30 days, from the current deadline of February 13, 2023 to March 13, 2023. As explained below, most Defendants are currently in the process of extracting the requested data from their systems (or will be in a position to do so promptly upon entry of the requested FAFSA order). However, the process – unique to this case – of utilizing a vendor to anonymize and assign common identifiers to student information across each of the Defendants' data sets – will require additional time to complete. In support of this Motion, Defendants state as follows:

  1. On September 19, 2022, Plaintiffs served Defendants with requests for production which included requests for individual student data considered in the review of their admissions applications and calculation of their financial aid packages. Included in these RFPs were requests

for "any other data collected for the purpose of, considered in, or relied upon for making Financial Aid determinations, including but not limited to the packaging of Financial Aid" and "any other data considered in connection with the Applicant's application." *See, e.g.*, Plaintiffs First Set of Requests for Production Nos. 2(i) and 5(q). Collectively, these requests call for production of voluminous data relating to millions of students extending back over twenty years.

2. Due to the significant breadth of student data collected by the admissions and financial aid databases used by Defendants over the time period of Plaintiffs' requests, the parties met and conferred after Defendants responded to these requests in November and discussed which data fields Plaintiffs specifically needed. Those meet and confer communications continued until late December, 2022, when by which time the IT and other data personnel were largely unavailable at the Defendants' universities due to the holidays. Defendants have been and continue to work diligently to collect, process and anonymize all of that data, but it has become clear that work cannot be completed by February 13, 2023. Hence, Defendants request an extension of 30 days, to March 13, 2023, for Defendants as a group to complete production of the data. In the meantime, individual Defendants will produce datasets on a rolling basis as they are processed and anonymized between now and March 13.

3. Defendants have been working diligently with their clients over the past two months to identify and pull the data and/or data populations requested by Plaintiffs. Unfortunately, the complexity and variety of systems used by each Defendant over time prevents the application of a simple "one size fits all" solution. Data analysts for each Defendant are required to build out queries seeking specific data fields in order to process and pull the amount of data requested by Plaintiffs. This process has necessarily been iterative, with multiple samples having to be run and reviewed by counsel in order to verify that the information requested has been included and to

provide guidance on additional fields of data that need to be pulled. Many of these databases are technologically incapable of pulling "all data" because an "all data" request often results in the system crashing. Furthermore, querying the system for the specific data fields of all applicants and all admitted students of each Defendant takes several days at a time and often requires the querying of multiple databases since the platforms Defendants have used changed over the course of the last two decades. In addition, certain of the legacy systems are no longer active and require additional work to extract responsive data.

4. Many Defendants expect to produce multiple different data sets because different offices (e.g., admissions and financial aid) maintain their own databases of applicant or student data.[1] Some of these databases are housed in different database systems. After sampling of the fields available in these various systems, certain Defendants were only able to provide a substantive list of data fields to their clients' admissions and financial aid offices by the end of January.

5. In addition to the challenges Defendants face in pulling these structured data, Defendants must also de-identify the Personally Identifiable Information ("PII") contained in the admissions and financial aid data sets. *See* Nov. 22, 2022 Confidentiality Order, Dkt. 254(d)(i) ("All structured data comprising or containing Education Records or Personally Identifiable Information ('Structured Education Data') produced in this case shall be deidentified in accordance with FERPA…").

---

[1] As the Court is aware, six Defendants filed a Motion for a Protective Order (Dkt. 276) on January 13, 2023, seeking an order that they not be required to produce admissions or development documents or data relating to the Section 568 defense, which they dropped from their answers to the Second Amended Complaint. Those six Defendants are preparing to produce structured data from their financial aid offices, but are not currently preparing to produce admissions data.

6. By December 2022, and in anticipation of the February 13, 2023 deadline, Defendants identified an outside vendor to assist with de-identifying the Defendants' Structured Education Data by removing the PII and developing unique, randomized student codes to substitute in its place so that the data can be compared across schools. The de-identification process can only be done by a single vendor common to all Defendants since the vendor requires each Defendant's data to correctly match applicants across schools to assign a unique code to that individual..

7. The de-identification process involves the development and use of a computer algorithm as well as manual matching when the PII of one university does not precisely match the PII of another university due to (1) a lack of a common identifier across all data provided by each Defendant, (2) missing data in some schools' historical datasets, and (3) inconsistent and erroneous data (i.e., wrong social security numbers, date of birth, inconsistent spelling on names and addresses). For example, some of the Defendants' databases contain social security numbers; some do not. Also, some social security numbers are mistyped, and others included the wrong social security numbers for a particular student — because we are comparing data across multiple Defendant datasets our vendor can correct these data errors that would usually be impossible to correct. Moreover, the data the vendor is processing and analyzing is large and complex — for example, one school produced 46 separate data tables including more than 46 million records and 5,000 different data fields (some of which contain PII). This manual process, as well as the refinement of a computer algorithm that works across all Defendants' applicant and student populations is both complex and time-consuming, particularly given the size of those populations and the complexity of the databases produced by individual Defendants. This global de-

identification process was not contemplated at the time the Court set the existing February 13 deadline on September 8, 2022.

8. Defendants estimate that they have responsive, individual data on millions of individuals who applied to Defendants, as well as financial data for subsequent years for enrolled students.

9. As of the date of the filing of this Motion, Defendants vendor has validated the algorithm it is using for this case and de-identified PII for three of the seventeen universities. The vendor has also completed the work for certain of the data for additional Defendants. A lot more processing and work is needed, however, before the PII of the other remaining Defendants will be de-identified and replaced with a randomized code for each student in all of the data sets being collected. Once the randomized codes are generated, each Defendant will then need to remove the PII from their anticipated structured data productions.

10. Due to the complexity in pulling the Structured Education Data from the Defendants' databases, some Defendants have been delayed delivering all or portions of their student data to the outside vendor.

11. On February 3, 2023, Defendants received an update from the outside vendor handling the de-identification and Defendants conferred with each other to assess their collective status. While some Defendants will be able start producing their de-identified structured data on February 13, 2023, most will not be in that position.

12. Upon learning of this logjam in the de-identification process and being able to assess for the first time how much more time would be needed, Defendants contacted Plaintiffs' counsel on February 3, 2023 to alert them of the logjam and that Defendants would not all meet the February 13th deadline. During a meet a confer call held on February 6, 2023 with Plaintiffs'

41125227.5

Counsel, Robert Gilbert and Robert Litan, Plaintiffs informed the undersigned that they would take no position on this Motion and confirmed that position in an email later that evening.

13. Defendants believe that it will take another month for the vendor to complete the Structured Education Data de-identification process for all seventeen Defendants. Each Defendant commits to producing their Structured Education Data on a rolling basis as soon as the de-identification process is complete for a particular data set.

14. Extending Defendants' deadline to substantially complete production of Structured Data to March 13, 2023 will not prejudice Plaintiffs. Fact discovery does not close until January 31, 2024 and extending the deadline to produce structured data is unlikely to impact the completion of Expert Reports, which are due by March 15, 2024. *See* Dkt. 195. Furthermore, Plaintiffs have requested additional structured data from the admissions office in their Second Set of Requests for Production, which are not due until July 31, 2023.[2]

15. For these reasons, Defendants respectfully request the Court extend the deadline for substantial completion of structured data to March 13, 2023. A copy of a proposed Order granting Defendants' Motion has been e-mailed to the Judge's Chambers per his Standing Order.

Dated: February 7, 2023                                     Respectfully submitted,


By:/s/ *Eric Mahr*
Eric Mahr                                                   By:/s/ James A. Morsch
Jan Rybnicek                                                James A. Morsch
Daphne Lin                                                  Jim.morsch@saul.com
FRESHFIELDS BRUCKHAUS                                       SAUL EWING ARNSTEIN & LEHR
DERINGER                                                    161 North Clark, Suite 4200
700 13th Street, NW                                         Chicago, IL 60601
Washington, DC 20005                                        Telephone: (312) 876-7100
Tel: 202-777-4500                                           Facsimile: (312) 876-0288

---

[2] Certain Defendants who did not object to the structured data requested in the Second Set of RFPs will likely even be able to produce these data before July 31, 2023.

eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

*Counsel for Defendant Massachusetts Institute of Technology*

By:*/s/ Scott D. Stein*
Scott D. Stein
Benjamin R. Brunner
Kelsey Annu-Essuman
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Tel.: 414-559-2434
sstein@sidley.com
bbrunner@sidley.com
kannuessuman@sidley.com

*Counsel for Defendant Northwestern University*

By:*/s/ Robert A. Van Kirk*
Robert A. Van Kirk
Cole T. Wintheiser
Jonathan Pitt
Matthew D. Heins
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: 202-434-5163
rvankirk@wc.com
cwintheiser@wc.com
jpitt@wc.com
mheins@wc.com
skirkpatrick@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

IL Attorney ID #6209558

Christopher D. Dusseault (pro hac vice)
cdusseault@gibsondunn.com
Jacqueline L. Sesia
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000

*Counsel for Defendant Duke University*

By:*/s/ Kenneth Kliebard*
Kenneth Kliebard
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Suite 2800
Chicago, IL 60606-1511
Tel: 312-324-1000
kenneth.kliebard@morganlewis.com

Jon R. Roellke
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: 202-739-5754
jon.roellke@morganlewis.com

Sujal Shah
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Tel: 415-442-1386
sujal.shah@morganlewis.com

*Counsel for Defendant Brown University*

By:*/s/ Deepti Bansal*
Deepti Bansal
Alexander J. Kasner
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Tel: 202-728-7027

41125227.5

*Counsel for Defendant University of Notre Dame du Lac*

By:*/s/ Seth Waxman*
Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6800
seth.waxman@wilmerhale.com

David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*

By:*/s/ Norm Armstrong*
Norm Armstrong
Christopher Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com

dbansal@cooley.com
akasner@cooley.com

Matthew Kutcher
COOLEY LLP
110 N. Wacker Drive
Chicago, IL 60606
Tel: 312-881-6500
mkutcher@cooley.com

*Counsel for Defendant California Institute of Technology*

By:*/s/ James L. Cooper*
James L. Cooper
Michael Rubin
Tommy La Voy
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5014
james.cooper@arnoldporter.com
michael.rubin@arnoldporter.com
tommy.lavoy@arnoldporter.com

Leah Harrell
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel.: 212-836-7767
Leah.Harrell@arnoldporter.com

Valarie Hays
ARNOLD & PORTER KAYE SCHOLER LLP
70 W Madison Street
Suite 4200
Chicago, IL 60602
Tel.: 312-583-2440
valarie.hays@arnoldporter.com

*Counsel for Defendant University of Chicago*

By:*/s/ Patrick Fitzgerald*
Patrick Fitzgerald
Amy Van Gelder
SKADDEN, ARPS, SLATE, MEAGHER &

8

cyook@kslaw.com

Emily Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
312 764 6960
zfardon@kslaw.com

*Counsel for Defendant William Marsh Rice University*

By:*/s/ J. Mark Gidley*
J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: 202-626-3600
mgidley@whitecase.com

Robert A. Milne
David H. Suggs
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Tel: 212-819-8200
rmilne@whitecase.com
dsuggs@whitecase.com

*Counsel for Defendant Vanderbilt University*

By:*/s/ Charles A. Loughlin*
Charles A. Loughlin
Benjamin F. Holt
Jamie Lee
Molly Pallman

FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: 312-407-0508
patrick.fitzgerald@skadden.com
amy.vangelder@skadden.com

Karen Hoffman Lent
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
Room 40-216
New York, NY 10001-8602
Tel: 212-735-3276
karen.lent@skadden.com

*Counsel for Defendant The Trustees of Columbia University in the City of New York*

By:*/s/ Norm Armstrong*
Norm Armstrong
Christopher Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Emily Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
312 764 6960
zfardon@kslaw.com

9

41125227.5

HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
jamie.lee@hoganlovells.com
molly.pallman@hoganlovells.com

Stephen Novack
Stephen J. Siegel
Serena G. Rabie
NOVACK AND MACEY LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501
Tel.: 312-419-6900
snovack@novackmacey.com
ssiegel@novackmacey.com
srabie@novackmacey.com

*Counsel for Defendant Yale University*

By:*/s/ Tina M. Tabacchi*
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
Tel.: 312-782-3939
tmtabacchi@jonesday.com

Craig A. Waldman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel.: 202-879-3877
cwaldman@jonesday.com

*Counsel for Defendant Emory University*

By:*/s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive

*Counsel for Defendant Cornell University*

By:*/s/ Terri L. Mascherin*
Terri L. Mascherin
Reid J. Schar
JENNER & BLOCK LLP
353 N. Clark Street,
Chicago, IL 60654-3456
Tel: 312-222-9350
tmascherin@jenner.com
rschar@jenner.com

Ishan K. Bhabha
Douglas E. Litvack
Lauren J. Hartz
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel: 202-637-6327
ibhabha@jenner.com
dlitvack@jenner.com
lhartz@jenner.com

*Counsel for Defendant Trustees of Dartmouth College*

By:*/s/ Jeffrey J. Bushofsky*
Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel: 312-845-1200
jeffrey.bushofsky@ropesgray.com

Chong S. Park
Samer M. Musallam
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

*Counsel for Defendant Johns Hopkins University*

10

41125227.5

Chicago, IL 60606
Tel: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant Georgetown University*

41125227.5