# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK CARBONE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| Plaintiffs, | |
| v. | Hon. Matthew F. Kennelly |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | ORDER REGARDING THE USE OF TAR, DISCOVERY OF POST-COMPLAINT MATERIALS, AND THE DESIGNATION OF PRESIDENT AND DEVELOPMENT OFFICE CUSTODIANS |
| Defendants. | |

After the hearing on these issues on February 23, 2023, the Court enters the following Order regarding the use of Technology-Assisted Review ("TAR"), Discovery of Post-Complaint Materials, and the Designation of President and Development Office Custodians:

1. Any Defendant that implements TAR procedures in document review to limit the documents it reviews must achieve a minimum "recall" rate of at least 75% for those documents reviewed with TAR;

2. Any Defendant that implements TAR procedures in document review to limit the documents it reviews may use the parties' agreed-upon search terms to pre-cull the universe of documents before employing TAR;

3. Defendants shall produce (a) structured data that was created after the filing of the Complaint and that concern Defendants' admissions and financial aid, and (b) documents that were created after the filing of the Complaint and that concern Defendants' admissions and financial aid policies and practices, as follows:

    A. In compliance with existing discovery deadlines (March 6, 2023, for structured data and March 3, 2023, for substantial production of documents), Defendants shall produce structured data concerning Defendants' admissions and financial aid, and documents concerning Defendants' admissions and financial aid policies and practices, for students attending through the academic year that began in or about August 2022;

    B. By July 1, 2023, Defendants shall produce structured data concerning Defendants' admissions and financial aid, and documents concerning Defendants' admissions and financial aid policies and practices, for the students expected to be attending in the academic year that begins in or about August 2023;

1

    C. By November 1, 2023, Defendants shall produce documents concerning Defendants' then-existing admissions and financial aid policies for students attending in the academic year that begins in or about August 2024, including concerning Defendants' early action and/or early admission programs;

    D. By February 15, 2024, Defendants shall produce documents concerning Defendants' admissions and financial aid practices for students attending in the academic year that begins in or about August 2024, including concerning Defendants' early action and/or early admission programs, as well as documents concerning any changes to the Defendants' financial aid policies subsequent to the documents produced in response to section 3(C) above;

    E. Defendants shall produce structured data concerning Defendants' admissions and financial aid concerning the students expected to be attending in the academic year that begins in or about August 2024, including concerning Defendants' early action and/or early admission programs, and the parties are to meet and confer about the details and timing of that production. To facilitate that meet-and-confer, by February 28, 2023, Defendants shall provide Plaintiffs a chart summarizing each Defendant's relevant admissions and financial aid timelines for early action and/or early admission programs for the 2024-2025 academic year, and the parties will meet and confer regarding that production by March 3, 2023;

4. By March 6, 2023, the parties shall file a joint status update regarding the parties' agreement on Defendants' production of (a) structured data that was created after the filing of the Complaint and that concern Defendants' admissions and financial aid, and (b)

documents that were created after the filing of the Complaint and that concern Defendants' admissions and financial aid policies and practices; and

5. At this time, Defendants need not designate custodians from its President or Development Offices. This is without prejudice to future applications by Plaintiffs for such designations, at which time, if such relief is granted, Defendants will be required promptly to identify custodians from those offices and promptly produce responsive documents.

SO ORDERED:

Dated: 3/1/2023

Hon. Matthew F. Kennelly
United States District Judge