UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125 <br><br> **Hon. Matthew F. Kennelly** |

## DECLARATION OF STEVEN MAGNUSSON

I, Steven Magnusson, am an associate at the law firm of Gilbert Litigators & Counselors P.C., counsel for Plaintiffs in this case. I hereby declare as follows:

1. I submit this Declaration in support of Plaintiffs' Motion to Compel Production of Documents responsive to Plaintiffs' First and Second, and a certain portion of the Third, Sets of Requests for Production of Documents ("RFPs").

2. Plaintiffs engaged in six global Meet & Confer ("M&C") sessions via video and/or telephone on behalf of all Defendants on November 4, 11, 16, 18, 28, and 30, 2022,

in addition to substantial additional communications regarding Plaintiffs' RFPs, plus at least three individual M&Cs via telephone and/or video for virtually every Defendant. On November 28, 2022, and January 20, February 3, and February 9, 2023, Plaintiffs engaged in four more global M&Cs via telephone and/or video on behalf of all Defendants, along with numerous emailed communications, to arrive thereafter in February at a global agreement on search terms to be applied to Defendants' documents. During these M&Cs, Defendants never took the position they would not produce documents resulting from those searches that were related to RFPs to which various Defendants may have initially refused to produce documents.

3. Plaintiffs and Defendants have also arrived at a global agreement as to the temporal scope of document production, with the exception of post-complaint production, which has been resolved by the Court's March 8, 2023 Order, with two limited exceptions detailed in the accompanying Certification of Richard Cipolla.

4. In response to the February 1, 2023 email of Robert D. Gilbert raising the issue of "exceptional individualized circumstances" of a Defendant as a result of which the Defendant needed to vary from the global resolution of document issues, no Defendants brought to Plaintiffs' attention such individualized objections that would warrant a failure to produce documents. Two Defendants (Emory; Dartmouth) raised individualized concerns regarding the volume of documents returned by certain searches based on the otherwise agreed-upon search terms, both of which were addressed by Plaintiffs. Emory raised an issue regarding one search string to which Plaintiffs acceded. Dartmouth is addressed in the accompanying Declaration of Richard Cipolla. A third Defendant had initially raised an issue, but later withdrew their issue. Other than these minor and narrow search term issues, which were resolved, Defendants have not articulated any Defendant-specific issues with the RFPs in response to the invitation in Plaintiffs' February 1 email.

5. In what was produced by Defendants as of the March 3, 2023 date for substantial **completion** of production per the Court's September 8, 2022 Order, Plaintiffs have located in Defendants' productions a single applicant-related donor document from Columbia, a handful from Northwestern, and none from the other Defendants.

6. Subsequent to serving RFP 22 in Plaintiffs' First Set of RFPs, Plaintiffs made clear that, of the 623 donors identified on Appendix 1 to those RFPs, Plaintiffs only sought that each Defendant produce documents concerning the donors noted as related to that Defendant. Only one Defendant, Caltech, initially agreed in October 2022 to produce responsive documents. However, the parties subsequently negotiated and agreed upon a specific search term string in order to search for and produce relevant documents in response to RFP 22:

> [Search terms to be derived based on university relevant names in appendix 1] w/10 (donat* OR gift OR pledg*, promis* OR commit* OR beque* OR assign* OR contrib* OR give OR grant* OR confer* OR bestow* OR writ* OR endow* OR gift* OR donat* OR wealth* OR loaded OR money* OR "well*off" OR "well*to*do" OR well*heeled OR deep*pocket* OR prosper* OR mint* OR flush OR cash OR fat*cat OR "warbucks" OR "sugar daddy" OR affluen* OR heir* OR magnate OR tycoon OR baron* OR inherit* OR pennybags OR mcduck OR "rolling /3 dough" OR estate OR bankroll* OR bank*roll OR check OR wire OR donor* OR billion* OR fatcat*)

Yet, even now, through the March 3, 2023 substantial completion of production date, Defendants still did not produce documents in response to RFP 22 or agree to produce documents in response to RFP 11 (Third Set), which asks for the same production concerning an additional list of 135 donors. Defendant Northwestern has produced two documents related to the single name associated with Northwestern on the list for RFP 11 (Third Set). On one of these documents, there is no date or metadata that would indicate whether that individual

3

recommended a child applicant or someone else; on the other document, there is no indication whether the student who was recommended was ultimately admitted.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of March, 2023.   /s/ Steven Magnusson
STEVEN MAGNUSSON
GILBERT LITIGATORS & COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Telephone: 646-448-5269
smagnusson@gilbertlitigators.com