# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLANDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>   v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>                     Defendants. | Case No. 1:22-cv-00125<br><br>Judge Matthew F. Kennelly |

### CERTAIN DEFENDANTS' RESPONSE TO
### PLAINTIFFS' MOTION TO COMPEL PRODUCTION IN RESPONSE
### TO PENDING REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendants The University of Chicago, The Trustees of Columbia University in The City of New York, Georgetown University, and Johns Hopkins University ("Johns Hopkins") hereby respond to Plaintiffs' Motion to Compel (ECF No. 331) as follows:

**INTRODUCTION**

Plaintiffs' motion to compel has now been withdrawn as to thirteen Defendants.[1] For the remaining four, the issues are, these Defendants believe, illusory. Despite engaging in numerous meet-and-confers (after the filing of Plaintiffs' motion) with various teams of Plaintiffs' lawyers and taking positions on the "outstanding" issues that are consistent with, if not identical to, those taken by the Defendants who are no longer "at issue", these four Defendants have hit a wall: unsure what is still in dispute, but still targets of a motion to compel. The parties' correspondence exchanged in the wake of Plaintiffs' filing is attached and Defendants urge the Court to review it as part of its consideration of the motion.

As to those matters that, according to Plaintiffs, are still outstanding (several of which were not mentioned in the motion but Plaintiffs assert are somehow subject to the motion), each remaining Defendant details their respective positions, below. Upon a full review of the record, these Defendants respectfully request that the motion be denied as to each of them.

**I.    THE UNIVERSITY OF CHICAGO**

Prior to filing their motion, Plaintiffs never conferred with the University of Chicago ("UChicago") about its production related to each of the three topics identified in their briefing. Nevertheless, with respect to those three issues, UChicago is not aware of any further substantive dispute (or that there ever was a dispute as to UChicago's productions). However, in the course of

---

[1] Plaintiffs have represented that they will withdraw the motion to compel entirely as to these Defendants: Brown, CalTech, Cornell, Dartmouth, Duke, Emory, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, and Yale.

1

meeting with Plaintiffs after they filed the motion, Plaintiffs raised various other issues, not articulated in their motion. In the interests of efficiency, UChicago's position on those issues is set forth below and in more detail in the correspondence attached as Exhibit 1.[2]

<u>Running search terms regarding various RFPS</u>. UChicago has confirmed orally and in writing to Plaintiffs that it ran the requested search terms for RFPs 22, 62, 98, 115, 124, 126, 127, 132, 150, 157, 163, produced responsive documents, and will continue to do so as it completes its FERPA redaction process with its next, and likely last, significant production to occur the week of April 10. Notably, Plaintiffs have withdrawn their motion as to other Defendants if they agreed to finish their productions by April 30.

<u>Undertaking certain specific searches</u>. UChicago re-confirmed to Plaintiffs its prior commitment to collect additional documents, if necessary, on a "go-get" basis for RFPs 49 and 53 beyond those already produced, and that it would do so over the next two weeks. *See* Ex. 1 at 7. Plaintiffs do not claim that anything substantively remains in dispute as to any of these RFPs and inexplicably accepted later timeframes from other Defendants.

<u>Miscellaneous issues</u>. For certain of the above-discussed RFPs (115, 157, and 163) as well as RFPs 62 and 98, Plaintiffs have not identified *any* remaining issues. *See id.* at 9. Notably, RFPs 62 (seeking documents on admissions and financial aid policies and practices for non-traditional programs that UChicago does *not* offer) and 98 (seeking all documents concerning the work performed by *Dartmouth*'s liaison between the school's advancement and admissions offices) were never directed at UChicago, but Plaintiffs still sought an order compelling production. *See*

---

[2] Plaintiffs' last correspondence contains numerous procedural and substantive misstatements as to the parties' discussions related both to this motion and prior dealings. Plaintiffs also did not respond to multiple proposals and explanations that should have obviated any remaining disputes. UChicago's focus on the merits of its searches and productions and its disregard to the inflammatory and provocative rhetoric, should not be taken as conceding any of Plaintiffs' misstatements.

*id*. at 11. As to RFPs 20, 23, 128, 129, and 131 for which Plaintiffs proposed no search terms, UChicago confirmed to Plaintiffs that it has produced substantial numbers of responsive documents as a result of its overall search efforts, and Plaintiffs do not dispute the adequacy of those productions. *See id*. at 10-11.

Plaintiffs also moved to compel as to their second and third sets of requests, but have confirmed that responses are not due until July and that their motion is premature. *See id*. at 10. Yet Plaintiffs have not withdrawn their motion even as to those sets of requests.

RFP 16 concerns structured data, not documents, and Plaintiffs confirmed in writing that they are "satisfied with Chicago's production and cooperation" as to that data. *See id*. at 7. UChicago completed its production on March 6, in accordance with the schedule, and there is nothing left to produce in response to RFP 16. Yet Plaintiffs have not withdrawn their motion.

For RFPs 54, 63, and 132, duplicative search terms for other RFPs flagged over 4,800 documents to be loaded for review. UChicago produced over 1,460 of those documents as responsive. Plaintiffs do not contend that this response was inadequate. Nonetheless, UChicago agreed to apply the RFP 54 search terms and will produce further responsive documents, if any.

RFP 83 relates to lobbying a federal commission that disbanded in 1993—which predates the agreed-upon time period of 1998/2003 and predates Plaintiffs' original 1994 beginning date—concerning the principle that families should pay what they are capable of paying. Plaintiffs do not dispute that this RFP seeks documents that, by definition, would be outside the temporal scope. *See id*. at 8-9. They also do not dispute that they never conferred with UChicago concerning this RFP before filing the motion. When the parties spoke after the motion was filed, Plaintiffs' counsel could not articulate what they were seeking. Nonetheless, UChicago ran the name of the commission through its document collection, and found no responsive documents. In the last few

3

days, Plaintiffs have proposed to rewrite the RFP to drop its reference to lobbying that commission and, instead, to transform it into a request about the abstract principle of who should pay for college. In the interests of compromise, UChicago tested Plaintiffs' proposed search terms and found it hit on over 100,000 documents because Plaintiffs proposed searching for the words "student" or "family" within several words of "cost," "tuition," and other common terms. Because Plaintiffs have effectively dropped their RFP concerning lobbying the long-disbanded commission (the third subject of their brief), Plaintiffs' motion should also be deemed withdrawn or, in the alternative, denied.

## II.     COLUMBIA

The issues raised in Plaintiffs' motion are moot or premature as to Columbia. Plaintiffs' motion asks the Court to compel Columbia to produce documents in response to First RFP Nos. 20, 22, 23, 62, 83, 126, 128, 129, 131, 132, 150, 157; Second RFP Nos. 1, 3, and 4; and Third RFPs 11 and 13.[3] Although Columbia objected to the foregoing requests months ago, since the time Plaintiffs filed the motion, Columbia agreed to produce responsive, non-privileged documents, to the extent they exist, consistent with its October 28, 2022 custodial and non-custodial data source designations, the parties' agreed search terms, and the Court's orders.

After Plaintiffs filed their motion, Columbia notified them they had not complied with L.R. 37.2 prior to its filing, and sought a meet-and-confer. *See* Ex. 2. Columbia first met and conferred with Plaintiffs concerning the issues raised the motion on April 3, 2023.[4] During that conference, Columbia explained that, notwithstanding and without waiver of its objections to specific requests:

---

[3] *See* ECF No. 331-1, Pls' Proposed Order ¶¶ 1h, 1i, 1j, 1p, 1t, 1x, 1hh-mm, 1pp, 1rr, 1uu, 1ww-zz.

[4] Although the parties held two other Columbia-specific meet-and-confers—on November 18, 2022 and January 10, 2023—during those conferences, Plaintiffs did not raise or attempt to resolve any concerns regarding Columbia's objections to individual document requests. Because Plaintiffs did not comply with L.R. 37.2, this alone is reason to deny the motion.

4

- Columbia has run the negotiated search terms for First RFP Nos. 22, 62, 83, 126, 132, 150, and 157, and Second RFPs 1 and 4, and will produce responsive, non-privileged documents from the custodians currently designated by Columbia.

- Columbia has run the negotiated search terms for First RFP No. 127 on the documents of the Admissions custodians currently designated by Columbia, and will produce responsive, non-privileged documents.[5]

- Columbia will determine on a "go-get" basis whether it possesses documents sufficient to show the information called for by First RFP No. 53 (for which no search terms have been negotiated) and produce any appropriate, non-privileged documents it identifies.

- Although there are no negotiated search terms for First RFP Nos. 20, 23, 128, 129, and 131, to the extent documents responsive to these requests are among the files of Columbia's currently designated custodians and hit on the negotiated search terms (many of which could encompass the subject matter of these requests), Columbia is not withholding such documents on the basis of its objections to these requests.[6]

- Columbia does not possess documents responsive to Second RFP No. 3.

- Columbia will adapt the negotiated search terms for First RFP No. 22 to Third Request No. 11, test those terms and, assuming the results are not overly burdensome, produce responsive, non-privileged documents from the custodians currently designated by Columbia.

- No search terms have been agreed, and no meet-and-confer has occurred, concerning Third RFP No. 13. Plaintiffs agreed "more discussion is likely warranted and timely" on this request (Ex. 3); therefore, Plaintiffs' motion is premature as to this request.

Because nearly all issues raised in Plaintiffs' motion are moot as to Columbia, and the minor outstanding issue is not ripe, Columbia requests that the Court deny the motion as to it.

---

[5] Because this request calls for communications with Admissions, Columbia believes this satisfies Plaintiffs' request. Plaintiffs rejected this proposal, but provided no explanation as to why it is unsatisfactory. (*See* Ex. 3.)

[6] Consistent with Columbia's objections and the Court's order concerning production from Development and President's offices, Columbia has not collected documents and data from its Development and President's offices in response to these requests. (*See* Feb. 8, 2023 Hr'g Tr. at 54:14-20 (ruling that Defendants need not produce documents from Development and President's offices at this time).

### III. GEORGETOWN

The motion seeks to compel Georgetown to produce additional documents in response to 20 RFPs.[7] After filing of the motion, in both a meet-and-confer and correspondence, Georgetown outlined what it had already done and what more it agreed to do as to all at-issue RFPs. (A full set of the parties' correspondence on Plaintiffs' motion is attached as Exhibits 4-6.) Late in the evening of April 4, Plaintiffs provided what Georgetown understood to be Plaintiffs' final position as to any outstanding issues, explaining that their motion was directed to Georgetown's objections and "not the adequacy of Georgetown's search efforts or the sufficiency of specific search terms." Ex. 5 at 4. Plaintiffs thus asked Georgetown simply to confirm if it "continue[s] to maintain any objections to producing non-privileged responsive documents for the RFPs at issue." *Id.*

Georgetown promptly responded the morning of April 5 that it is "not withholding any known responsive documents to the RFPs at issue in your motion as to Georgetown based on our objections to those RFPs." *Id.* Georgetown further explained that it understood that Plaintiffs were not challenging Georgetown's search terms or methods, *id.*, meaning Plaintiffs were not at this time contending that Georgetown needed to conduct any additional searches for responsive documents. Accordingly, Georgetown asked Plaintiffs to confirm they would withdraw the motion as to Georgetown. *See id.*

Late this morning (April 5), Plaintiffs responded, contending that—notwithstanding the parties' March 30 meet/confer and three separate pieces of detailed correspondence from

---

[7] First RFP Nos. 20, 22, 23, 49, 51, 53, 83, 117, 126, 127, 128, 129, 131, 132, 150; Second RFP Nos. 1, 3, 4; Third RFP Nos. 11, 13. Prior to filing the motion, Plaintiffs did not attempt to meet and confer with Georgetown on the bulk of the RFPs at issue. *See* Ex. 4, at 1-2. Had they done so most, if not all, of these issues could have been addressed and resolved. That alone is grounds for denial of Plaintiffs' motion. *See* LR 37.2. That deficiency notwithstanding, Georgetown believes that Plaintiffs' purported grievances against it are wholly without merit and welcome the Court's guidance in bringing this dispute to a close so that it can constructively move forward in completing its discovery obligations.

6

Georgetown—that Plaintiffs had asked Georgetown "whether it agrees to produce the non-privileged responsive documents sought by specific RFPs," and that their "current understanding of Georgetown's position is that it will not provide the requested confirmation as to any of the" 20 RPFs at issue.

Georgetown is, frankly, flummoxed. As the meet-and-confer record makes clear, there is no support for Plaintiffs' stated understanding of Georgetown's position. To the contrary, Georgetown told Plaintiffs' exactly what it had done and agreed to do as to each RFP, and it has not flatly refused to respond to *any* of the RFPs in question. *See* Exs. 4-5. Specifically:

<u>1st RFP 51</u>: Georgetown has run the negotiated search terms for this RFP across its current custodial/non-custodial sources and produced responsive documents. Further, Plaintiff's April 5 email makes clear they are not challenging either Georgetown's search methodologies or search terms at this time. Given that, Georgetown does not understand there is any dispute as to this RFP.

<u>1st RFPs Nos. 22, 83 & 150, 2nd RFPs No. 4, 3rd RFPs No. 11</u>: Georgetown explained that it previously ran the parties' negotiated search terms for these RFPs—as it did for *all* agreed-upon search terms for *all* RFPs, regardless of Georgetown's objections—and will re-review any documents that hit on those search terms that were previously marked non-responsive to confirm that there are no non-privileged documents responsive to these RFPs that were not produced. If there are any such documents, Georgetown will promptly produce them. Plaintiffs have never explained how that approach is deficient.[8]

---

[8] As to Third RFP No. 11, for which the parties have not negotiated search terms and as to which the substantial completion response deadline is not until July, Georgetown offered to modify the terms for similar RFP No. 11 to "fit" Third RFP No. 11. As to First RFP No. 83, Georgetown has further agreed to search for the phrase "National Commission on Responsibilities for Financing Postsecondary Education"—an organization that disbanded in 1993, before the agreed-upon discovery period—and produce any responsive non-privileged documents.

<u>1st RFPs 49 and 53</u>: These RFPs seek certain financial information from Georgetown, including as to its endowment, and Georgetown either has already produced or has agreed to produce information responsive to these RFPs. Georgetown has also offered that, if after Plaintiffs review the produced financial information, they believe that information does not provide all necessary responsive information, Georgetown will meet/confer with them to determine if there are any additional responsive pieces of information not covered by its productions that can be reasonably collected and produced. Notably, Georgetown made a similar offer as to its endowment materials *three months ago*, but that offer was ignored. *See* Ex. 4 at 3.

<u>2nd RFPs 2 & 3</u>: These RFPs relate to "scoring" methods used in considering applicants for admission. Georgetown has explained to Plaintiffs that it does not "score" applicants in the way other schools may, and to the extent that Georgetown has certain "coding" as to applicants, it has produced that information to the extent it exists within its Admissions office structured data. Georgetown also explained that to the extent any non-structured-data documents include this type of "coding," it believes that such documents would have been included in materials collected and searched in response to other, similar RFPs. As such, Georgetown does not understand the nature of the dispute as to this RFP.

<u>1st RFPs Nos. 20, 23, 117, 126-129, 131 and 132, 2nd RFPs No. 1, and 3rd RFPs No. 13</u>: These remaining RFPs relate to alleged "wealth favoritism." Georgetown has agreed to and already has produced many documents from its Admissions and Financial Services offices in response to other RFPs that touch on similar issues. *See* Ex. 4 at 2 (discussing First RFP Nos. 58, 80, 124, 130, and 145). Georgetown has also explained that it will not withhold documents known to be responsive to the at-issue RFPs, but confirmed that it has not searched for these RFPs separately from the numerous other RFPs that overlap. *See id*. Again, given that Plaintiffs are not

8

challenging Georgetown's search methods at this time and Georgetown has agreed not to knowingly withhold documents responsive to these RFPs, *see* Ex. 5 at 2-4, and given that the parties have expressly agreed that Georgetown does not need to search its Advancement (Development) office for any RFPs at this time, *id.* at 2, there is no dispute for the Court to resolve. Further, during discussions in response to the motion to compel, Georgetown offered to further "meet and confer with Plaintiffs regarding additional searches in response to these RFPs from Georgetown's Admissions and Financial Services offices and invite[d] Plaintiffs to clarify what additional categories or types of documents [they] believe [Georgetown] should produce." *Id.* at 12. Plaintiffs never took Georgetown up on this offer.

In short, Georgetown respectfully submits that there is no ripe dispute for the Court to resolve and the Court should deny the motion to compel as to Georgetown.

## IV. JOHNS HOPKINS

Following the parties' April 4, 2023 meet-and-confer, Johns Hopkins believes that the parties have resolved all but one issue raised by Plaintiffs' motion to compel.[9] The sole dispute appears to relate to Requests for Production Nos. 128, 129, and 131 from Plaintiffs' First Set of Requests and Request for Production No. 11 in Plaintiffs' Third Set of Requests (the four requests together, the "Requests").

For these Requests, the parties did not negotiate search terms. Instead, Plaintiffs have maintained that Johns Hopkins must search for and "go get" documents responsive to these Requests. In addition to these Requests overlapping extensively with other requests for which the parties did negotiate search terms and for which Johns Hopkins has produced responsive

---

[9] Prior to filing the motion, the parties never met and conferred on Johns Hopkins' positions as to any of the issues raised by Plaintiffs' motion. Had they done so, most, if not all, of these issues would have been addressed and resolved prior to the motion. That alone is grounds for denial of Plaintiffs' motion. *See* LR 37.2.

9

documents, these Requests are propounded in such a way that make them not conducive to a "go get" approach. Specifically, each of the four requests seeks "all documents," which would require Johns Hopkins to undertake forensic discovery from non-custodial and custodial sources, entirely defeating the purpose of the parties' negotiated agreements on custodians and search terms.

At the parties' April 4 meet-and-confer, Plaintiffs did not identify any unique sets of documents that would be covered by these Requests and conceded that they were not appropriate for go-gets. Nonetheless, Johns Hopkins proposed to Plaintiffs that it would consider targeted "go-get" requests that permitted Johns Hopkins to readily identify, collect, and produce responsive documents. In essence, Johns Hopkins agreed to provide Plaintiffs with an opportunity to reformulate their requests.

Following the April 4 meet-and-confer, Johns Hopkins expected Plaintiffs to withdraw the motion to compel as to Johns Hopkins. However, in an email at 2:45 pm ET the following day (attached as Exhibit 7), Plaintiffs informed Johns Hopkins that they did not agree to this approach because it unreasonably "shifted the burden" to them and raised for the first time, as a condition to withdraw the motion, a new demand not covered by the relief their motion seeks. Such a pre-condition to withdraw the motion to compel—when it is questionable whether any actual disputed issue remains as to Johns Hopkins—is inappropriate.

Accordingly, Johns Hopkins respectfully requests that the motion be denied in its entirety as to Johns Hopkins.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion to compel.

Dated: April 5, 2023

By:/s/ *Amy Van Gelder*
Amy Van Gelder
John Kocoras
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: 312-407-0508
amy.vangelder@skadden.com
john.kocoras@skadden.com

Karen Hoffman Lent
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
Room 40-216
New York, NY 10001-8602
Tel: 212-735-3276
karen.lent@skadden.com

*Counsel for Defendant The Trustees of Columbia University in the City of New York*

By:/s/ *Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant Georgetown University*

Respectfully submitted,

By:/s/ *James L. Cooper*
James L. Cooper
Michael Rubin
Tommy LaVoy
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5014
james.cooper@arnoldporter.com
michael.rubin@arnoldporter.com
tommy.lavoy@arnoldporter.com

Leah Harrell
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel.: 212-836-7767
Leah.Harrell@arnoldporter.com

Valarie Hays
ARNOLD & PORTER KAYE SCHOLER LLP
70 W Madison Street
Suite 4200
Chicago, IL 60602
Tel.: 312-583-2440
valarie.hays@arnoldporter.com

*Counsel for Defendant University of Chicago*

By:/s/ *Jeffrey J. Bushofsky*
Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel: 312-845-1200
jeffrey.bushofsky@ropesgray.com

Chong S. Park
Samer M. Musallam
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807

Tel: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

*Counsel for Defendant Johns Hopkins University*