# EXHIBIT 2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
(312) 407-0903
DIRECT FAX
(312) 827-9373
EMAIL ADDRESS
AMY.VANGELDER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

March 29, 2023

**BY EMAIL**

Elpidio Villarreal, Esq.
Steven Magnusson, Esq.
Gilbert Litigators & Counselors
11 Broadway
Suite 615
New York, NY 10004
pdvillarreal@gilbertlitigators.com
smagnusson@gilbertlitigators.com

      RE: *Henry et al. v. Brown University et al.*,
         No. 22-cv-00125 (N.D. Ill.)

Dear PD & Steve:

  We write on behalf of Columbia University regarding Plaintiffs' March 21, 2023 Motion to Compel (Dkt. 331) (the Motion). Plaintiffs did not meet and confer with Columbia regarding the specific issues raised in the Motion prior to its filing as is required by Local Rule 37.2. As a result, the Motion is premature as to Columbia and otherwise contains numerous inaccuracies and misstatements as outlined below. We request that Plaintiffs withdraw the Motion as to Columbia and promptly engage in a meaningful meet-and-confer process as required by the Rules.

Elpidio Villarreal, Esq.
Steven Magnusson, Esq.
March 29, 2023
Page 2

      As you know, we engaged in only two Columbia-specific discovery teleconferences: on November 18, 2022, and January 10, 2023.[1] During these conferences Plaintiffs did not raise—much less attempt in good faith to resolve differences concerning—Columbia's specific objections to *any* of Plaintiffs' individual document requests. Rather, these conferences focused almost exclusively on Columbia's custodial and noncustodial data sources. Although Plaintiffs point to certain global conferences as supposedly fulfilling their obligation to meaningfully meet and confer prior to filing the Motion, Plaintiffs did not attempt address individual objections to document requests during these global conferences. Instead, Defendants made it abundantly clear throughout the global meet-and-confer process, both orally and in writing, that any understandings reached were subject to—and did not waive—individual Defendants' written objections to Plaintiffs' document requests. For example, in written correspondence concerning the global agreement on search terms, Defendants expressly stated that:

> the use of the negotiated search terms *remains subject* to individual Defendants' (1) search term testing and results and (2) *objections to Plaintiffs' document requests*. As such, *each individual Defendant reserves the right to* modify or *eliminate negotiated search terms based on* their individual circumstances or *written objections to specific requests*.

Gilbert Decl. Ex. 6 at PageID.5927 (emphases added); *see also* Mar. 2, 2023 Email from S. Kirkpatrick (reiterating that "our global meet and confer discussions were subject to each individual defendant's written responses and objections, which we have expressly preserved").[2]

      Additionally, Plaintiffs cannot possibly contend that the global conferences concerning search terms addressed requests for production for which search terms were never proposed, discussed, or agreed—much less that such discussions gave Plaintiffs the impression that "Defendants were not standing on" their objections to those requests. *See* Pls' Stmt. of Compliance with L.R. 37.2 at PageID.5780.

---

[1] *Compare* Magnusson Decl. ¶ 2 (stating plaintiffs engaged in "at least three" individual conferences via telephone and/or video for "virtually" every individual Defendant); Pls' Stmt. of Compliance with L.R. 37.2 at PageID.5780 n.1 (same).

[2] *Compare* Magnusson Decl. ¶ 2 (stating that during global meet and confers concerning search terms "Defendants never took the position they would not produce documents resulting from those searches that were related to RFPs to which various Defendants may have initially refused to produce documents").

Elpidio Villarreal, Esq.
Steven Magnusson, Esq.
March 29, 2023
Page 3

Nevertheless, such requests are improperly the subject of Plaintiffs' Motion, including Plaintiffs' First Request for Production Nos. 20, 23, 53, 128, 129, and 131, Plaintiffs' Second Request for Production No. 3, and Plaintiffs' Third Request for Production Nos. 11 and 13.

Moreover, Plaintiffs' Motion is patently premature—and Plaintiffs did not meet their Rule 37.2 obligation—to the extent it seeks relief concerning Plaintiffs' Third Requests for Production. Columbia timely served its responses and objections to these requests on February 27, 2023. No meet and confer—individual or global—occurred after that date, and Plaintiffs have not otherwise engaged with Columbia regarding its responses and objections to these requests.

While Plaintiffs' Motion should be withdrawn as to Columbia on these grounds alone, we address the specific issues raised in Plaintiffs' Motion below.

**1.     Development-Related Requests**

Plaintiffs seek to compel Columbia and other Defendants to search for and produce certain donation and development records in response to Plaintiffs' First Request for Production Nos. 20, 22, 23, 126, 127, 128, 129, 131, and 132; Plaintiffs' Second Request for Production Nos. 1 and 4; and Plaintiffs' Third Request for Production Nos. 11 and 13.

As an initial matter, Columbia's productions remain ongoing, and additional documents responsive to these and other of Plaintiffs' requests are currently undergoing FERPA review and redaction and insertion of applicant UIDs.

Regardless, as set forth above, the Motion is patently premature and inappropriate with respect to Plaintiffs' Third Requests for Production. Columbia requests a meet and confer regarding these requests.

With respect to the other requests, in its Responses and Objections to Plaintiffs' First Request for Production, served on October 19, 2022, Columbia objected to Request Nos. 20, 22, 23, 126, 127, 128, 129, 131, and 132 on numerous specific grounds, including burden and proportionality, and expressly stated that it would not produce documents in response. Likewise, in its Responses and Objections to Plaintiffs' Second Request for Production, served on December 7, 2022, Columbia similarly objected and refused to produce documents in response to Request Nos. 1 and 4. During the intervening months, Plaintiffs never discussed these objections with Columbia. Moreover, several of these Requests directly implicate documents from Columbia's Development or President's Office. *See* First

Elpidio Villarreal, Esq.
Steven Magnusson, Esq.
March 29, 2023
Page 4

Request Nos. 20, 22, 23, 128, 129, and 131 (requesting documents or data from the Development or President's Office). As you know, Columbia has not designated custodial or non-custodial data sources from these offices, and the Court recently ruled such designation is unnecessary at this time. *See* Feb. 8, 2023 Hr'g Tr. at 54:14-20 (ruling that Defendants need not produce documents from Development and President's Office custodians at this time).

Nevertheless, in the spirit of compromise and without waiver Columbia's objections, we are willing to run the agreed search terms for First Request Nos. 22, 126, and 132 and Second Request Nos. 1 and 4, and produce any non-privileged, responsive documents from the custodians currently designated by Columbia. We are also willing to meet and confer regarding running reasonable search terms for First Request No. 127 over the files of Admissions Office custodians currently designated by Columbia.[3]

**2.      Endowment-Related Requests**

Plaintiffs seek to compel Columbia and other Defendants to search for and produce certain endowment-related records in response to Plaintiffs' First Request for Production Nos. 53 and 150. Again, Columbia objected to these requests on numerous, specific grounds more than five months ago, and Plaintiffs have not sought to discuss or understand Columbia's objections.

Had Plaintiffs done so, we could have explained that, with regard to Request No. 53, certain information about Columbia's endowment is publicly available on Columbia's website.[4] To the extent this information does not satisfy Plaintiffs' request, we are willing to meet and confer regarding the specific categories of documents you seek to determine if a reasonable agreement concerning production can be reached.

As for Request No. 150, without waiver of Columbia's objections, we are willing to run the agreed search terms and produce any non-privileged, responsive documents from the custodians currently designated by Columbia.

---

[3] No search terms have been proposed or agreed for Request Nos. 20, 23, 128, 129, or 131.

[4] *See* https://www.finance.columbia.edu/content/columbia-university-financial-reports.

Elpidio Villarreal, Esq.
Steven Magnusson, Esq.
March 29, 2023
Page 5

### 3.     **Lobbying-Related Requests**

Plaintiffs' Motion mischaracterizes First Request for Production No. 83, claiming it seeks "documents concerning the schools' lobbying for the extension of the Exemption." Pls' Br. at PageID.5637. However, Request No. 83 relates to lobbying the National Commission on Responsibilities for Financing Postsecondary Education—a commission that appears to have issued its most recent report in 1993, well before the relevant time period here. Accordingly, Columbia objected to Request No. 83 as irrelevant and disproportionate, among other grounds, and refused to produce documents in response. Plaintiffs never took issue with this objection. By contrast, Columbia agreed to produce, has already produced, and will continue to produce documents responsive to First Request for Production No. 142—Plaintiffs' request related to lobbying efforts concerning the extension of the 568 Exemption.

### 4.     **First Request for Production No. 62**

This request seeks admissions and financial aid policies "for programs targeted toward non-traditional, full-time degree-seeking undergraduate Applicants and Students," including Columbia's School of General Studies. Columbia objected to this request as irrelevant and disproportionate, among other reasons, and expressly refused to produce documents in response. Plaintiffs have not raised any issue with these objections during the more than five months since Columbia served its objections.

Instead, during our discussions of Columbia's custodial and noncustodial data sources, we explained that Columbia would not designate custodians or noncustodial data sources from its School of General Studies because that school does not possess relevant information. As set forth in our December 23, 2022 letter, "Columbia's School of General Studies never participated in the 568 Presidents Group or utilized the Consensus Methodology." In lieu of producing any documents from General Studies sources, we offered to provide an affidavit or stipulation confirming these facts. Plaintiffs have not responded to that offer. For this reason, at a minimum, the parties have not reached an impasse on this request and Plaintiffs' Motion is premature.

### 5.     **First Request for Production No. 157**

Request No. 157 seeks documents concerning Princeton University's announcements in 1998 and 2001—before the generally relevant time period—concerning the elimination of loans from financial aid packages. Again, Columbia objected to this request on numerous specific grounds, and Plaintiffs never took issue

Elpidio Villarreal, Esq.
Steven Magnusson, Esq.
March 29, 2023
Page 6

with these objections. Nevertheless, in the spirit of compromise and without waiver of Columbia's objections, we are willing to run the agreed search terms for Request No. 157, and produce any non-privileged, responsive documents from the custodians currently designated by Columbia.

**6.     Second Request for Production No. 3**

This request seeks documents reflecting scores assigned to factors considered in admissions for all admitted applicants. As we explained during our January 10, 2023, meet and confer, Columbia does not utilize a numerical scoring system to evaluate admissions applications, and thus has no documents responsive to this request. Moreover, Columbia has already produced its Admissions structured data to Plaintiffs, which reflects the factors it considered in admissions to the extent they exist.

*     *     *

In short, Plaintiffs' Motion is plainly premature and improper as to Columbia. Many or all of these issues could have been avoided had Plaintiffs first satisfied their obligation to meet and confer prior to seeking court intervention. We request that Plaintiffs promptly withdraw the Motion with respect to Columbia and commit to a meaningful meet-and-confer process regarding any issues you believe remain unresolved.

Sincerely,

*Amy L. Van Gelder*

Amy L. Van Gelder

cc:     568_Litigation@fnf.law
        568_Litigation@gilbertlitigators.com
        Carbone_Defs_Service@listserv.whitecase.com