# EXHIBIT 4

**MAYER | BROWN**

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Daniel T. Fenske**
Partner
T: +1 312 701 8926
DFenske@mayerbrown.com

March 27, 2023

BY EMAIL

Edward Normand
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, NY 10016

Robert D. Gilbert
GILBERT LITIGATORS & COUNSELORS, PC
11 Broadway, Suite 615
New York, NY 10004

Robert E. Litan
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006

Re: Carbone v. Brown et al., No. 22-cv-00125 (N.D. Ill.) – Plaintiffs' Motion to Compel

Counsel,

I write on behalf of Georgetown University ("Georgetown") in connection with the motion to compel that Plaintiffs filed on March 21, 2023. Plaintiffs failed to satisfy their obligation to meet and confer with Georgetown about the specific issues raised in the motion, and their motion is both premature and incorrect as to Georgetown. We ask that you withdraw the motion as to Georgetown, and that you instead pursue the meet and confer process—as required by Local Rule 37.2—with respect to any items you continue to believe are outstanding, after you have reviewed this correspondence and our document productions.

In parallel with the global meet-and-confer process, which Defendants made clear was subject to individual objections given Defendants' unique circumstances, Plaintiffs and Georgetown met and conferred three times regarding Plaintiffs' RFPs. Plaintiffs and Georgetown met and conferred twice in November 2022, but those two discussions related to structured data, custodians, and the relevant timeframe for document productions; the parties did not have detailed discussions about, nor reach impasse on, any specific Requests from Plaintiffs' First Set of RFPs. Plaintiffs and Georgetown met and conferred a third—and to date, final—time on January 3, 2023, when again they did not discuss any particular RFPs from Plaintiffs' First Set of RFPs. At that time, the parties did discuss, but did not reach a conclusion on, Georgetown's offer, to resolve any dispute as to

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP

Edward Normand
Robert D. Gilbert
Robert E. Litan
March 27, 2023
Page 2

endowment-related materials, to provide information sufficient for Plaintiffs to understand the size of Georgetown's endowment and the categories of expenses Georgetown uses its endowment to pay, an offer which still stands. In addition, although Plaintiffs seek to compel documents responsive to Plaintiffs' Second and Third Sets of RFPs in their motion, they have never met and conferred with Georgetown about Georgetown's specific responses to those RFPs, with the exception of a brief discussion regarding two RFPs from the Second Set, in which Georgetown agreed to include information responsive to those two RFPs (to the extent it exists) in Georgetown's structured data productions.

In short, Plaintiffs have not satisfied their meet and confer obligations as to any of the RFPs identified in the motion as to Georgetown. Below, we respond to certain of the issues raised in your motion, and again renew our request that Plaintiffs meet and confer about those RFPs.

I. **Alleged Wealth Favoritism or Donor-Related RFPs**
*First RFP Nos. 20, 22, 23, 117, 126-29, 131, 132; Second RFP Nos. 1, 3, 4; Third RFP Nos. 11, 13*

Georgetown was surprised and disappointed to see Plaintiffs argue in their motion that Georgetown was refusing to produce documents about alleged "wealth favoritism." Georgetown has agreed to produce documents—to the extent they exist in the files of our custodians, are from the relevant time period, and hit on the agreed search terms negotiated in this matter—responsive to many of Plaintiffs' RFPs regarding donations and related topics, including First RFP Nos. 58, 80, 124, 130, and 145. Georgetown also agree to produce documents reflecting Georgetown's need-blind policy and its understanding of the term "need-aware." Notably, Plaintiffs did not propose, and the parties did not negotiate, any search terms for First RFP Nos. 20, 23, 128-29, or 131, and none of these specific RFPs, or Georgetown's objections thereto, were discussed during the November or January meet and confers between Georgetown and Plaintiffs. And although Georgetown stood on its objections in its Responses and Objections to Plaintiffs' First RFP Nos. 22, 117, 126-27, and 132—because, again, Plaintiffs never previously raised those RFPs with Georgetown—Georgetown still ran the negotiated search terms associated with those RFPs, such that document families hitting on those terms from Georgetown's custodians, within the relevant time period, were part of Georgetown's TAR review population. To the extent these documents were responsive to the numerous other RFPs related to donations, alleged wealth favoritism, or Georgetown's need-blind policy, to which Georgetown agreed to produce documents, Georgetown either has produced those documents or will produce them shortly, after completing the laborious process to redact them in accordance with the Court's confidentiality orders.

Had you ever raised any of the issues in your motion as to Georgetown before filing it, we could have made this clear and potentially avoided unnecessary motion practice. To the extent there are actually any issues related to these categories of documents, we remain willing to meet and confer.

Edward Normand
Robert D. Gilbert
Robert E. Litan
March 27, 2023
Page 3

### II. Georgetown Financial Information and Endowment RFPs
*First RFP Nos. 49, 51, 53, 150*

We were similarly disappointed to see Plaintiffs' representations as to these RFPs related to financial and endowment-related information. Your motion simply is not correct as to First RFP 51. As to that RFP, Georgetown ran the negotiated search terms, reviewed the document families hitting on those terms from Georgetown's custodians, during the relevant time period, and produced documents to the extent they were responsive to this RFP. Again, had you conferred with us before filing your motion, we could have made this clear.

As to endowment-related documents, and as noted above, Georgetown offered months ago to provide information sufficient for Plaintiffs to understand the size of Georgetown's endowment and the categories of expenses Georgetown uses its endowment to pay to resolve any dispute over RFPs directed to its endowment. Plaintiffs' motion to compel does not even acknowledge that offer, which Plaintiffs inexplicably rejected. Nonetheless, Georgetown is willing to produce documents sufficient to show that information related to its endowment, and to meet and confer with you further as to the exact scope of this production.

Further, Georgetown has produced certain documents related to Georgetown's finances and other topics related to these RFPs. In addition, Georgetown will soon be producing various Financial Statements, Annual Financial Reports, and Continuing Disclosure Reports, which include information responsive to this category of RFPs, including information related to endowment. Moreover, Georgetown ran the negotiated search terms for First RFP No. 150, such that documents hitting on those terms from Georgetown's custodians, within the relevant time period, were part of Georgetown's TAR review population, and would have been produced if they were responsive to other RFPs. To the extent you believe that is not sufficient, we again are happy to meet and confer.

### III. Lobbying RFP
*First RFP No. 83*

Again, Georgetown has agreed to produce, and has already and/or will soon produce, documents related to lobbying efforts relevant to this litigation. In particular, Georgetown ran the negotiated search terms for First RFP No. 83, such that documents hitting on those terms from Georgetown's custodians, within the relevant time period, were part of Georgetown's TAR review population, and would have been produced if responsive to another RFP. We note that Georgetown agreed to produce responsive, non-privileged document, within the files of its custodians for the relevant time period, in response to First RFP No. 135, which requested "All Documents Concerning the renewal of the 568 Exemption or modification of that exemption, including any advocacy Concerning such renewal." Documents responsive to RFP No. 135 would also likely be responsive to RFP No. 83. Nonetheless, we are again happy to discuss what, if any, additional review you believe is warranted.

Edward Normand
Robert D. Gilbert
Robert E. Litan
March 27, 2023
Page 4

\*\*\*

The above addresses some, though not all, of the problems with Plaintiffs' motion to compel as to Georgetown. In light of the foregoing, Plaintiffs should withdraw that motion as to Georgetown. To the extent Plaintiffs are willing to meet and confer to address these, and any other concerns you may have about Georgetown's production, we are available to meet and confer on Wednesday or Thursday of this week.

Regards,

/s/ *Daniel T. Fenske*

Daniel T. Fenske
Partner

cc:     All Counsel of Record