# EXHIBIT 5

**(Michaels) Maurer, Jessica A.**

| | |
|---|---|
| **From:** | Alexis Marquez <amarquez@gilbertlitigators.com> |
| **Sent:** | Wednesday, April 5, 2023 11:09 AM |
| **To:** | Fenske, Daniel T.; (Michaels) Maurer, Jessica A. |
| **Cc:** | Robert Gilbert; Miller, Britt M.; Stride, Megan E.; 568 Litigation; 568 _litigation@gilbertlitigators.com |
| **Subject:** | Re: 568 Litigation - Summary of 3/30 Meet and Confer re RFPs [MB-AMECURRENT.FID12553901] |

> **CAUTION:** **External Email -** Only click on contents you know are safe.

Hi Jessica and Dan,

I also hope you are well, and thanks for the messages. I write to let you know that we currently do not appear to have an agreement as to Georgetown.

1) We have asked a few times that Georgetown indicate whether it agrees to produce the non-privileged responsive documents sought by specific RFPs. We thought we may have reached an agreement on the phone at least as to some RFPs, but our current understanding of Georgetown's position is that it will not provide the requested confirmation as to any of the following:

1st RFP No. 20, 22, 23, 49, 51, 53, 83, 117, 126-129, 131, 132, 150; 2nd RFP No. 1, 3, 4; 3rd RFP No. 11, 13

If this is incorrect, please let me know.

2) Plaintiffs need a specific representation from Georgetown that it will produce all documents responsive to the First Set of RFPs by April 30, 2023. Substantial production was due by court-ordered deadline on March 3 and 6, 2023.

3) Please confirm that the parties reserve their rights as to whether Georgetown is required to search for and produce documents from non-custodial sources within its Development Offices and elsewhere. Your 4/4 email indicates that Georgetown agrees.

4) Plaintiffs further reserve their rights as to the search methodologies employed by Georgetown in searching for responsive documents.

5) Plaintiffs reserve their rights to seek attorney's fees for bringing the motion to compel.

If you are able to provide confirmation as to any RFPs described in #1, and confirm #2-5, Plaintiffs will be able to withdraw the motion to compel as to those RFPs where Georgetown agrees to produce responsive documents. If you have any questions, please feel free to contact me.

Best,
Alexis

Alexis Marquez
Senior Associate
Gilbert Litigators & Counselors
Cell: 646-480-7488

1

amarquez@gilbertlitigators.com
www.gilbertlitigators.com


On Wed, Apr 5, 2023 at 11:41 AM Fenske, Daniel T. <DFenske@mayerbrown.com> wrote:

Alexis – I hope you are well. Because we have to respond to the motion to compel if necessary today—which we do not currently believe will be necessary based on the below email exchange—we would appreciate it if you could respond by no later than noon CT today to confirm if we have an agreement to withdraw the motion to compel as to Georgetown.


Thank you,


Dan


_____

**Daniel T. Fenske**
*Partner*
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, Illinois 60606
T +1 312 701 8926
LinkedIn | Twitter

mayerbrown.com


---

**From:** (Michaels) Maurer, Jessica A. <JMaurer@mayerbrown.com>
**Sent:** Wednesday, April 5, 2023 8:19 AM
**To:** Alexis Marquez <amarquez@gilbertlitigators.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>; 568 Litigation <568_litigation@fnf.law>; 568_litigation@gilbertlitigators.com
**Subject:** RE: 568 Litigation - Summary of 3/30 Meet and Confer re RFPs [MB-AMECURRENT.FID12553901]


Alexis,


Thank you for your email.  We confirm that we are not withholding any known responsive documents to the RFPs at issue in your motion as to Georgetown based on our objections to those RFPs. We acknowledge that you are reserving

your rights as to our search methodologies but that at present the parties are not issue on that question. Based on the foregoing, we understand the motion to compel is now moot as to Georgetown and that you will withdraw the motion as to Georgetown. Please confirm.

Thank you,

Jessica

_____

**Jessica A. (Michaels) Maurer**
*Partner, Litigation*

*Pronouns: she/her*

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter

mayerbrown.com



**From:** Alexis Marquez <amarquez@gilbertlitigators.com>
**Sent:** Tuesday, April 4, 2023 9:02 PM
**To:** (Michaels) Maurer, Jessica A. <JMaurer@mayerbrown.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>; 568 Litigation <568_litigation@fnf.law>; 568_litigation@gilbertlitigators.com
**Subject:** Re: 568 Litigation - Summary of 3/30 Meet and Confer re RFPs [MB-AMECURRENT.FID12553901]

<div style="border:1px solid black; background:#ffff99;">CAUTION: **External Email** - Only click on contents you know are safe.</div>

Jessica,

Thank you for the messages.  I think there may be some miscommunication.  We are not attempting to "mischaracterize" our discussion; we are asking you to confirm or correct our understanding of Georgetown's positions.

There may also be some misunderstanding regarding Plaintiffs' MTC, which primarily addresses Georgetown's *objections* and not the adequacy of Georgetown's search efforts or the sufficiency of specific search terms.

To provide an example, Georgetown's objection to First Set RFPs No. 51 states: "Based on the foregoing objections, Georgetown will not produce responsive, non-privileged documents."  At this stage, in the interest of time, please let us know whether you continue to maintain any objections to producing non-privileged responsive documents for the RFPs at issue.

To be clear, our request for such confirmation is notwithstanding any agreement or offer on Georgetown's part to run specific searches.  Plaintiffs are not in a position to agree at this stage that any specific search adequately fulfills Georgetown's discovery obligations.  *See, e.g., Raine Grp. LLC v. Reign Cap., LLC*, 2022 WL 538336, at *1-2 (S.D.N.Y. Feb. 22, 2022).

If there are any RFPs that you can confirm as described above, Plaintiffs will agree to withdraw the MTC as to those specific RFPs.  With regard to other defendants with whom an agreement has been reached, they have typically provided specific responses stating that they agree to produce non-privileged responsive documents for specific RFPs.

I am hopeful that this email may clarify some of the miscommunication, but please let me know if it does not.  Unfortunately, we are not available for a M&C tomorrow as Bob is currently traveling abroad.

Best,
Alexis

Alexis Marquez
Senior Associate
Gilbert Litigators & Counselors
Cell: 646-480-7488
amarquez@gilbertlitigators.com
www.gilbertlitigators.com

On Tue, Apr 4, 2023 at 8:15 PM (Michaels) Maurer, Jessica A. <JMaurer@mayerbrown.com> wrote:

Alexis –

We understand that Plaintiffs' counsel has agreed to drop the motion to compel as to a number of defendants who have followed the same (or substantially similar) process as Georgetown with respect identifying and producing

4

documents and data responsive to the RFPs at issue.  Please confirm that Plaintiffs agree to withdraw the motion to compel as to Georgetown as well.

If Plaintiffs do not agree to fully withdraw the motion as to Georgetown, please let us know if you are available at 9 am CT to discuss any outstanding issues.

Thanks,

Jessica

_____

**Jessica A. (Michaels) Maurer**
*Partner, Litigation*

*Pronouns: she/her*

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter

mayerbrown.com



**From:** (Michaels) Maurer, Jessica A.
**Sent:** Tuesday, April 4, 2023 1:34 PM
**To:** 'Alexis Marquez' <amarquez@gilbertlitigators.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; 568 Litigation <568_Litigation@fnf.law>;
568_litigation@gilbertlitigators.com; Miller, Britt M. <BMiller@mayerbrown.com>; Fenske, Daniel T.

<DFenske@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>
**Subject:** RE: 568 Litigation - Summary of 3/30 Meet and Confer re RFPs [MB-AMECURRENT.FID12553901]

Alexis,

Please see Georgetown's responses in-text, in red, below.

Jessica

_____

**Jessica A. (Michaels) Maurer**
*Partner, Litigation*

*Pronouns: she/her*

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter

mayerbrown.com



_____

**From:** Alexis Marquez <amarquez@gilbertlitigators.com>
**Sent:** Monday, April 3, 2023 6:16 PM
**To:** (Michaels) Maurer, Jessica A. <JMaurer@mayerbrown.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>; 568 Litigation <568_Litigation@fnf.law>; 568_litigation@gilbertlitigators.com
**Subject:** Re: 568 Litigation - Summary of 3/30 Meet and Confer re RFPs

CAUTION: **External Email** - Only click on contents you know are safe.

Jessica,

I write to follow up on our email exchanges of March 30 and 31 and your email today. We disagree with your characterizations of our March 30 email and do not believe that approach to be productive. The purpose of our prior email (and of this email) was to ask you to confirm or correct our understanding of Georgetown's positions. To complete the record of our recent correspondence, I have inserted below, as part of this email chain, a copy of that prior email.

Georgetown's April 4 Response: Your email does not accurately memorialize our March 30 meet-and-confer call or "complete the record" on our recent correspondence. It ignores Georgetown's March 30 email, which clarifies Georgetown's position on all of the RFPs that are at issue with respect to Georgetown in your motion to compel. We do not understand what part of our "approach" Plaintiffs "do not believe … to be productive," as we explained Georgetown's position on an RFP-by-RFP basis in the March 30 email and also clearly articulated that position during our call, to the extent the specific RFP was discussed. Your insistence on repeating questions that have already been answered in our prior correspondence is not useful and your blatant mischaracterization of our discussion is disconcerting.

Additionally, while not addressed in your April 3 email, Georgetown would like to correct your prior misstatements about the parties' meet and confer process, Plaintiffs' February 28, 2023 email, and Defendants' response to Plaintiffs' February 28 communication. On March 2, 2023, Sarah Kirkpatrick responded to Bob Gilbert's February 28, 2023 email on behalf of all Defendants. Ms. Kirkpatrick's email indicated that "Defendants have consistently reiterated, both orally and in writing, our global meet and confer discussions were subject to each defendant's written responses and objections, which we have expressly preserved. As such, each defendant has been proceeding with their collection, review, and production in accordance with its written responses and objections *and the subsequent Defendant-specific meet and confers that it had with plaintiffs*." (emphasis added)

As explained in the March 27 letter from D. Fenske, Georgetown only met and conferred with Plaintiffs three times individually, none of which addressed most of the RFPs included in your motion to compel. At no point during any of the Georgetown-specific meet and confers did the parties reach impasse on any specific RFPs. In fact, at the time you filed the motion to compel, Georgetown had an outstanding offer to Plaintiffs to produce certain endowment-related data that we hoped would resolve the parties' dispute related to some of Plaintiffs' requests. Finally, as noted in D. Fenske's March 27 letter, Plaintiffs never met and conferred with Georgetown regarding Georgetown's specific response to the Second and Third Set of RFPs, except for a brief discussion regarding RFP Nos. 2 and 3 from the Second Set, in which Georgetown agreed to include information response to those RFPs (to the extent it exists) in its structured data production. Plaintiffs' February 28 email did not satisfy their Local rule 37.2 obligations, which requires at least some conversation and effort to resolve disagreements before filing a motion with the court.

In an effort to move this discussion forward, we provide the following responses:

**1. 1st RFP No. 51; 1st RFP Nos. 22, 150, 2nd RFP No. 4, and 3rd RFP No. 11**

Our understanding based on your description of Georgetown's responses, searches and production is that Georgetown fully agrees to produce documents responsive to these requests. If this understanding is correct, Plaintiffs agree to withdraw the MTC as to Georgetown for these specific RFPs. **Please confirm or indicate per Fed. R. Civ. P. 34(b)(2)(C) whether Georgetown is withholding responsive materials on the basis of any remaining objections as to these RFPs.**

Georgetown's April 4 Response:

- ***First RFP No. 51.*** Georgetown has complied with its obligations to conduct a reasonable search for documents responsive to RFP 51. Georgetown ran the negotiated search term for this RFP, reviewed document families hitting on that term from its current custodian and non-custodian sources that were created during the relevant time period, and produced documents that were identified during that review as responsive to this RFP. Based on the foregoing, we believe we have fully responded to RFP 51.

- ***First RFPs Nos. 22 & 150, Second RFPs No. 4, Third RFPs No. 11***. As we explained on our March 30 call and I reiterated in my email later that evening, Georgetown ran the negotiated search terms over documents collected from our current custodians and non-custodial sources, that were created during the relevant time period, for the following RFPs: First RFP Nos. 22 and 150, and Second RFP No. 4. The resulting document hits were part of Georgetown's TAR review population, and were produced to the extent they were reviewed and responsive to other RFPs to which Georgetown agreed to produce documents. In order to resolve your demands as to these RFPs, Georgetown is willing to re-review any hits on those search terms that were previously deemed not responsive, and will produce those documents to the extent any are responsive to First RFP Nos. 22 and 150, Second RFP No. 4, and Third RFP No. 11. Georgetown is also willing to adapt the search term negotiated for First RFP No. 22 to fit Third RFP No. 11, and follow the same process.

- Based on the foregoing, we understand that there is no present dispute as to these RFPs.

**2. 1st RFP No. 49 and 53**

As to RFP No. 53, our understanding from our call was that Georgetown agreed to produce responsive documents to all subparts of RFP No. 53, including (a)-(d) which specifically relate to Georgetown's endowment. In your 3/30 email, you stated that at the meet and confer, Georgetown reiterated its offer to provide information regarding "the size of Georgetown's endowment and categories of expenses Georgetown uses its endowment to pay, on a yearly basis during the relevant time period." On our call, we specifically explained why that offer was not sufficient and that we would need Georgetown to respond to all subparts of RFP No. 53. **Please clarify whether Georgetown intends to fully produce all documents responsive to all subparts of First RFP No. 53, or if there are any subparts for which Georgetown will not produce.**

As to RFP No. 49, our understanding is that Georgetown agrees to produce documents responsive to this request, with the exception of searching for any responsive documents in Georgetown's Development Offices. On our call, you

suggested that we meet and confer at a later time if Plaintiffs find that any requested documents are missing in response to this specific RFP. **Please confirm if this is correct.**

Georgetown's April 4 Response:

- ***First RFP Nos. 53 and 49.*** Your email significantly mischaracterizes our March 30 discussion. At no point during our call did you indicate that Georgetown's offer to produce endowment-related information "was not sufficient." Rather, you said that our proposed approach "made sense," which is why we believed the parties had an agreement.

  My email from Thursday summarized our meet and confer discussion and fully explained what Georgetown has agreed do in response to these RFPs: Georgetown offered to provide information sufficient for Plaintiffs to understand the size of Georgetown's endowment and the categories of expenses Georgetown uses its endowment to pay, on a yearly basis during the relevant time period. We believe it is likely that such documents would address subparts (a)-(d) of First RFP No. 53, but we will need to determine (a) what information is maintained in the ordinary course of business and (b) how that information is broken out in regularly prepared reports. We also confirmed that Georgetown has already produced certain financial reports and financial statements. We produced additional such documents on Friday, March 31. We stated during our call on March 30, as we did in our March 27 letter, that once you have reviewed those produced materials and the forthcoming endowment-related materials, we will be happy to further meet and confer if you believe that additional, specific material is warranted, which we will then consider. On our meet and confer, you agreed that this was a reasonable path forward.

- Based on the foregoing, we understand that there is no present dispute as to these RFPs.

**3. 1st RFP No. 83**

With respect to RFP No. 83, our understanding from our call is that Georgetown agreed to produce documents responsive to this request. On the call, you suggested a search term "National Commission on Responsibilities for Financing Postsecondary Education." We understood this to be an example of a search term that you would run. From your 3/30 email, it appears that this is the only search term that Georgetown is prepared to run. Plaintiffs do not find this one search term sufficient and request that Georgetown run the globally agreed upon search terms for this RFP.

We also note – both with respect to this and other RFPs – that Georgetown is obligated to produce the documents requested, not merely to apply search terms. Search terms do not relieve a party's independent obligation to produce responsive documents. *See, e.g.*, *Albert v. Lab. Corp. of America*, 536 F. Supp. 3d 798 (W.D. Wash. 2020) (parties should "collect and produce electronically store evidence that is known to a party to be responsive to a discovery request or relevant to the subject matter of the action whether it was identified as responsive by the search protocols the parties adopted"); *Raine Group LLC v. Reign Capital, LLC*, 2022 WL 538336 (S.D.N.Y. Feb. 22, 2022) ("an ESI protocol and search terms work in tandem with the parties' obligations under the Federal Rules and do not replace a party's independent obligation to produce" responsive documents); *SEC v. Keener*, 2021 WL 4990955, (S.D. Fl. Jul. 27, 2021) (parties always have an "obligation to produce responsive documents in compliance with Federal Rule of Civil

9

Procedure 34, an obligation it cannot avoid by delegating the selection of search terms to either the requesting party or the Court").  **Please confirm whether Georgetown agrees to run the globally agreed-upon search terms for this request and intends to fully produce all documents responsive to this RFP.**

Georgetown's April 4 Response:

- ***First RFP No. 83.***  Georgetown already ran the globally agreed-upon search terms for this RFP terms over documents collected from our current custodians and non-custodial sources, that were created during the relevant time period. The resulting documents hits were part of Georgetown's TAR review population, and were produced to the extent they were reviewed and responsive to other RFPs to which Georgetown agreed to produce documents. In order to resolve your demands as to these RFP, Georgetown is willing to re-review any hits on those search terms that were previously marked not responsive, and will produce those documents to the extent any are determined to be responsive to this RFP. In addition, as noted on our meet/confer, we are willing to separately search for ""National Commission on Responsibilities for Financing Postsecondary Education" and review any resulting hits for responsiveness to this RFP.

- Based on the foregoing, we understand that there is no present dispute as to this RFP.

**4. 2nd RFP No. 2 and 3**

On the call, you clarified that Georgetown agrees to produce documents responsive to Second RFP Nos. 2 and 3.  With respect to Second RFP No. 3 – which seeks scores assigned to each factor in any scoring methodology and the weight applied to that factor – you clarified that Georgetown does not use "assigned scores" but that Georgetown agrees to produce any coding used in evaluating applicants.  From your 3/30 email, Georgetown appears to confirm this understanding.  **To further clarify our understanding, please confirm that Georgetown has agreed to produce, or has already produced, coding for *each applicant*, so that we can withdraw the MTC as to Georgetown for these two RFPs.**

Georgetown's April 4 Response:

- ***Second RFP Nos. 2 and 3.*** During our call 3/30 and in my email from that same night, Georgetown clarified that it does not "score" applicants in the way that we understand some other institutions do, but instead uses a somewhat related coding system. That coding information, to the extent it is available in our structured data, is included within the admissions office structured data Georgetown has already produced to Plaintiffs.  In addition, to the extent any individual (non-structured data documents) that reflect this "coding" were included in the files of our custodial and non-custodial sources, those files were part of our document review and collection and would have been produced if determined to be responsive to the numerous other RFPs Georgetown agreed to produce documents regarding. We are willing to conduct an additional, reasonable search of the agreed upon

Admissions-office files to ensure that, to the extent it is reasonably available, any additional documents reflecting this "code" from the relevant time period are produced.

- Based on the foregoing, we understand that there is no present dispute as to these RFPs

**5. 1st RFP No. 20, 23, 117, 126-129, 131, 132, 2nd RFP No. 1, and 3rd RFP No. 13.**

With respect to the above requests, our understanding is that Georgetown stands on its objections. (Your email referred to Second RFP No. 3, but I think you may have meant to refer to Second RFP No. 1; please let us know if this is correct.). From your 3/27 letter, we understand that Georgetown ran negotiated search terms for some of these RFPs, but only produced *to the extent* documents were responsive to *other* agreed upon requests. This position is still somewhat unclear to us. While we appreciate that Georgetown ran the negotiated search terms for these RFPs while searching for documents responsive to *other RFPs*, this is not a sufficient response, as Georgetown is obligated to specifically search for and produce documents responsive to these requests in order to satisfy them.

As discussed above, the presence or absence of agreed-upon search terms for any of the RFPs does not relieve Georgetown from the obligation to produce responsive documents. **Please confirm or clarify our understanding of Georgetown's position regarding these requests.**

Georgetown's April 4 Response:

- ***First RFPs Nos. 20, 23, 117, 126-129, 131 and 132, 2nd RFPs No. 1, and 3rd RFPs No. 13.*** As explained during our meet and confer and in prior correspondence, many of these requests are duplicative of other RFPs for which Georgetown has reviewed and produced documents. For example, Second Set RFP No. 1 asks for "All Documents Concerning Your study, analysis, or discussion regarding any relationship between Your admission of Legacy Admissions and Your receipt of current or future Donations." The following three RFPs, which Georgetown has agreed to produce documents in response to, encompass the full scope of Second Set RFP No. 1:

  o RFP 80 – document "Concerning actual or potential consideration of any Applicant's Financial Circumstances,"
  o RFP 124 - documents "Concerning different or preferential treatment in the Admissions process for Applicants whose families are capable of making substantial Donations," and
  o RFP 155 - documents sufficient to show "Your Admissions and Financial Aid policies, practices, and procedures."

Therefore, to the extent documents responsive to Second Set RFP No. 1 are located in the files of our custodian and non-custodian sources, were created during the relevant time period, and hit on the globally agreed-upon search terms, they would have been reviewed and produced as part of our TAR review process.

The same is true for other donor-related and "wealth favoritism" RFPs that overlap significantly with similar RFPs for which Georgetown has reviewed and produced documents.

11

- ***First RFP 23.*** This RFP requests "Documents or database entries Concerning awareness by the Development Office of any Applicant at any time prior to that Applicant's matriculation at Your institution." The structured data produced by Georgetown contains information concerning whether development has flagged an interest in a specific applicant. Further, documents responsive to this request are responsive to other exemption-related RFPs for which Georgetown reviewed and produced documents.  To the extent this seeks information from the Development office itself, we understand you are no are no longer seeking that information based on your April 3 email.


- ***Third RFP 13.*** This RFP requests "Documents sufficient to show whether any foreign national Applicants who are also Donor-related Admitted Applicants were admitted for permanent residence in the United States at the time of their applications to You." Georgetown's structured data production contains information pertaining to any development interest in an applicant.  We note that production in response to this RFP is not due to be complete until July 31, 2023, and we are willing to meet-and-confer further with you to understand how any further information, in particular whether an applicant was admitted to permanent residence, is relevant to this case in any way.


- Finally, Georgetown objected to these RFPs as disproportionate and, until we received Plaintiffs motion to compel, Georgetown understood that Plaintiffs accepted Georgetown's objection to these RFPs and were not pursuing them further. Georgetown had absolutely no reason to craft search terms outside of the global search term negotiation process or separately "go get" documents related to RFPs that it objected to and Plaintiffs never discussed with it. Georgetown has never heard anything from Plaintiffs regarding why you believe that the discovery sought in these RFPs is proportionate, including during our March 30 meet and confer. That said, we remain willing to meet and confer with Plaintiffs regarding additional searches in response to these RFPs from Georgetown's Admissions and Financial Services offices and invite Plaintiffs to clarify what additional categories or types of documents you believe we should produce but have not agreed to produce and/or to explain which objections you view as problematic.


**6. Development Offices**

The parties appear to be at an impasse as to whether Georgetown is required to search and produce documents from non-custodial sources within its Development Offices and elsewhere.  At the October 26, 2022 hearing, the Court made clear that donation-related records are a significant part of Plaintiffs' case, and that Plaintiffs must be afforded discovery sufficient to establish a link, if any, between donations and admissions decisions:

THE COURT:  So the whole case -- maybe not the whole case, but a significant part of the case is exactly this, the contention that admissions are tied to donations, or at least that's a significant part of the case. And so unless there's going to be an opinion that basically says, well, the kind of thing I just said is not going to happen, that basically says the plaintiffs can't get that, then, therefore, the case is over, then we have to come up with a way of doing that.  Oct. 26, 2022 Tr. 36:24-37:6.

**Plaintiffs need confirmation in response to this email that the parties reserve their rights as to this issue, with Plaintiffs' position being that Georgetown must search for documents from its Development Offices and elsewhere, and Georgetown's position being that since the Court did not require Georgetown to identify specific custodians from its Development Offices, that Georgetown is not required to search for such records at this time.**

Georgetown's April 4 Response:

- Again, please see my March 30 email, which discusses Georgetown's position with respect to discovery from the Office of Advancement. Georgetown does not believe that it is required to collect "go-get" documents from the Office of Advancement in response to the above donation-related and "wealth favoritism" RFPs. We fundamentally disagree with that interpretation. *See* ECF No. ECF No. 315 (declining to require defendants to "designate custodians from their president's and development offices," and making no mention of any go-get collection). We note that many of these RFPs that Plaintiffs now insist Georgetown search for and produce in response to from the Office of Advancement ask for "all documents" related to a particular topic, which are not conducive to the type of "go-get" collections that Plaintiffs suggest. We agree the parties have reserved their rights on this topic, but we understand that we're not currently at issue on this issue.

**7. Substantial Completion of Document Production**

Plaintiffs note that Georgetown is now well past its court ordered deadline to certify substantial completion of its production, which elapsed over four weeks ago. While Plaintiffs do not excuse Georgetown's failure to certify substantial completion of production by the Court's deadline, **we require a representation of when Georgetown will achieve substantial completion of production in response to Plaintiffs' First Set of RFPs.**

Georgetown's April 4 Response:

- As indicted in my March 31 email, Georgetown is available to meet and confer with Plaintiffs on this topic. I note, however, that this issue was never addressed during our meet and confer on March 30 and does not relate to the pending motion to compel. Georgetown fundamentally disagrees with your characterization of Georgetown's document review and production process.

**8. Attorney's Eyes Only Designations**

As I also noted in my email, Plaintiffs seek to address an additional issue not discussed on our call: Georgetown's AEO designations. The parties have already exchanged emails on this issue on March 6th and 9th. Given the strictly defined standard for AEO in this case, Georgetown's overuse of the AEO designation is clearly excessive: over 18% of the Georgetown documents Plaintiffs have received and uploaded to date have been designated AEO. This percentage is higher than for many of the other defendants, several of which have designated less than 1% as AEO. We do not believe it is Plaintiffs' burden to call out each instance where Georgetown appears to have designated documents incorrectly. We also do not believe that numerous and separate meet and confer calls and emails on every issue are necessary or efficient, particularly when the parties' positions are clear. If the parties are unable to resolve this issue, Plaintiffs intend to raise it in the April 6 joint status report. **Please indicate whether Georgetown agrees to review its AEO designations and downgrade designations where appropriate.**

Georgetown's April 4 Response:

- As indicted in my March 31 email, Georgetown is available to meet and confer with Plaintiffs on this topic. Again, this issue was never addressed during our March 30 meet and confer and does not relate to the pending motion to compel. Georgetown fundamentally disagrees with your characterization of Georgetown's confidentiality designations and the appropriate process to challenge such designations.

Please respond directly to each of the points in bold above so that we can confirm which portions of the Motion to Compel will be withdrawn as to Georgetown, and so that the parties can also move forward on resolving issues Nos. 7-8 above.

Based on the above, we believe there is no outstanding dispute relating to First RFPs Nos. 22, 49, 51, 53, 83 150, Second RFPs Nos. 2-4, Third RFPs No. 11. Regarding the remaining RFPs, we do not believe the parties are at impasse. Please confirm that you're willing to withdraw your motion as to Georgetown and agree to meet and confer regarding First RFPs Nos. 20, 23, 117, 126-129, 131 and 132, 2nd RFPs No. 1, and 3rd RFPs No. 13.

Sincerely,
Alexis

Alexis Marquez
Senior Associate
Gilbert Litigators & Counselors
Cell: 646-480-7488
amarquez@gilbertlitigators.com
www.gilbertlitigators.com

On Mon, Apr 3, 2023 at 5:22 PM (Michaels) Maurer, Jessica A. <JMaurer@mayerbrown.com> wrote:

Alexis,

I am following up on my emails from last week regarding our 3/30 meet and confer relating to Plaintiffs' motion to compel. Please confirm that you agree that the only outstanding dispute between the parties with respect to the topics raised in your motion is whether or not Georgetown is obligated to collect "go-get" documents from the Office of Advancement (development office) in response to the donation-related and "wealth favoritism" RFPs (First RFPs Nos. 20, 22, 23, 117, 126-129, 131 and 132, 150, 2nd RFPs Nos. 1, 3, and 4, and 3rd RFPs No. 11 and 13). As a reminder, a

summary of our position regarding the RFPs related to Georgetown that were addressed in your motion to compel is included in my 3/30 email (see below). If you disagree, please let us know what additional topics you believe are still in dispute and when you are available tomorrow to discuss them.


Thanks,

Jessica




_____

**Jessica A. (Michaels) Maurer**
*Partner, Litigation*

*Pronouns: she/her*


Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter


mayerbrown.com





---

**From:** (Michaels) Maurer, Jessica A.
**Sent:** Friday, March 31, 2023 2:00 PM
**To:** 'Alexis Marquez' <amarquez@gilbertlitigators.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com>; 568 Litigation <568_Litigation@fnf.law>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>; Miller, Britt M. <BMiller@mayerbrown.com>
**Subject:** RE: 568 Litigation - Summary of 3/30 Meet and Confer re RFPs

Alexis,

We received your email last night purporting to summarize our meet and confer discussion from earlier in the day and noted that it raised a number of issues that were not addressed during our conversation and are unrelated to plaintiffs' motion to compel (the sole topic of our meet and confer).  It also did not fully and accurately reflect many aspects of our discussion, including the description of what Georgetown has already done, and what further it agrees to do, with respect to the RFPs addressed in plaintiffs' motion. We request that you review my email to plaintiffs from earlier in the evening (included in the below thread)—which summarizes Georgetown's position regarding the RFPs related to Georgetown in the motion to compel—and let us know which RFPs (if any) Plaintiffs believe are still in dispute.  We believe this is critical so that the parties avoid further burdening the court on topics where there is no dispute.  My email was intended to cover all the RFPs that related to Georgetown in plaintiffs' motion to compel, but please let us know if we've missed anything.

As to the other issues addressed in your email, which do not relate to the pending motion to compel, if plaintiffs would like to meet and confer regarding those topics, Georgetown is available to do so.  Given the quickly approaching deadlines related to the outstanding motion to compel, we believe that any meet and confers about new issues raised in your March 30 email should be separate from the meet and confers related to the motion to compel, so as not to slow down the parties' progress on those topics.

Best,

Jessica

_____

**Jessica A. (Michaels) Maurer**
*Partner, Litigation*

*Pronouns: she/her*

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter

mayerbrown.com



**From:** Alexis Marquez <amarquez@gilbertlitigators.com>
**Sent:** Friday, March 31, 2023 9:28 AM
**To:** (Michaels) Maurer, Jessica A. <JMaurer@mayerbrown.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>; Fenske, Daniel T. <DFenske@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>; Miller, Britt M. <BMiller@mayerbrown.com>
**Subject:** Re: 568 Litigation - Summary of 3/30 Meet and Confer re RFPs

CAUTION: **External Email -** Only click on contents you know are safe.

Hi Jessica,


Thank you for the summary of Georgetown's positions.  I also sent you a message regarding Plaintiffs' understanding of what we have discussed.  Once both sides have had an opportunity to review/respond, I will plan to get in touch with you early next week to figure out whether a Tuesday meet and confer is necessary.  If that does not work on your end, please let me know.


Best,

Alexis


Alexis Marquez
Senior Associate
Gilbert Litigators & Counselors
Cell: 646-480-7488
amarquez@gilbertlitigators.com
www.gilbertlitigators.com

---------- Forwarded message ---------
From: **Alexis Marquez** <amarquez@gilbertlitigators.com>
Date: Thu, Mar 30, 2023 at 9:06 PM
Subject: 568 Litigation - Summary of 3/30/23 Meet and Confer Call - Georgetown
To: Fenske, Daniel T. <dfenske@mayerbrown.com>, (Michaels) Maurer, Jessica A. <jmaurer@mayerbrown.com>,
Stride, Megan E. <MStride@mayerbrown.com>
Cc: Robert Gilbert <rgilbert@gilbertlitigators.com>, 568 Litigation <568_Litigation@fnf.law>,
<568_litigation@gilbertlitigators.com>

Dear Dan, Jessica, Megan,

This email is to memorialize and further our discussion regarding Plaintiffs' Motion to Compel and your letter on
behalf of Georgetown University dated March 27, 2023.  We hope that our meet and confer earlier today will help
narrow the issues to be resolved by the Court and will permit Plaintiffs to withdraw the motion as to Georgetown with
respect to those RFPs that we can agree upon.

Before summarizing our call, we wanted to briefly address several items from your letter that we did not have an
opportunity to discuss.  We note that Plaintiffs' motion might have been avoided (at least in part) as to Georgetown if,
rather than waiting until after the MTC was filed to contact us on March 27, 2023, Georgetown had provided a
response to Bob Gilbert's February 28, 2023 email concerning the RFPs.  Our understanding remains that Georgetown
did not dissociate itself from Sarah Kirkpatrick's March 2 email stating that Defendants were standing on their original
written refusals to produce documents.

We also have a disagreement as to the number of Meet and Confers Local Rule 37.2 requires.  With today's meet and
confer, that brings the total number of meet and confers to 14.  By our count, we previously had 6 Global Meet and
Confers on Plaintiffs' RFPs, 4 Meet and Confers on Search Terms, and 3 Meet and Confers with Georgetown
alone.  The Court has made clear on several occasions that the parties should not meet and confer endlessly:

> THE COURT:  We've got to get done with all of this stuff. Here's why it's in your interest to do that. I set the
> discovery schedule, and I told you at the time that's the discovery schedule. And if it takes you,
> you know, 24 months to get – you know, to negotiate over the shape of the table and that leaves you a month
> and a half to do, you know, 250 depositions, then you're going to have a real busy month and a half, just to put
> it in stark terms.  Dec. 21, 2022 Tr. at 12:24-13:6.

> THE COURT:  We've got to – there's a deadline that's in place; it's less than two weeks from now. In fact, it's
> only barely more than a week from now regarding substantial completion of production, and to some extent,
> we're still talking about the shape of the table here, and that's not a good thing, and so we are going to talk
> about these things today. And if that means that – you know, that you're not going to have, you know, three
> more four-hour meet and confers with the other side, then, okay, we're just putting the fast-forward button
> on.  Feb. 23, 2023 Tr. at 7:12-21.

To the specific points raised in your letter and discussed on our call, we respond as follows:

**Wealth Favoritism and Donation-Related RFPs**
**First RFP Nos. 20, 22, 23, 117, 126-29, 131, 132; Second RFP Nos. 1, 3, 4; Third RFP Nos. 11, 13**

Your letter states that Georgetown has agreed to produce documents "responsive to many of Plaintiffs' RFPs regarding donations and related topics, including First RFP Nos. 58, 80, 124, 130, and 145" as well as "documents reflecting Georgetown's need-blind policy and its understanding of the term 'need aware.'"

On our call, we sought to clarify the specific RFPs related to wealth favoritism and donations for which Georgetown agrees to produce responsive documents. Our understanding of Georgetown's position is as follows:

- Georgetown agrees to produce responsive documents with respect to First RFP Nos. 58, 80, 124, 130, and 145.

- With respect to First RFP Nos. 20, 23, 128-29, and 131; First RFP Nos. 22, 117, 126-27, and 132 (discussed as a separate grouping); Second RFP Nos. 1 and 4; and Third RFP Nos. 11 and 13, Georgetown stands on its objections to producing documents in response to these requests. **Please advise if this is correct.**

- In discussing First RFP Nos. 20, 23, 128-29, and 131 specifically, Georgetown noted that the parties did not negotiate search terms for these specific requests. We noted that Georgetown has an obligation to produce responsive documents regardless of whether there are negotiated search terms.

- For the RFPs in this category to which Georgetown maintains objections, you further stated that Georgetown objects based on your interpretation of the Court's orders that Georgetown is not required at this time to search for documents located in Georgetown's Development Offices. We explained Plaintiffs' position that, while at this time Defendants are not required to identify and produce documents from custodians in the Development Offices, that does not preclude production of documents from non-custodial sources within those offices and elsewhere. As you know, under the Federal Rules, Defendants have an independent obligation to produce responsive documents beyond simply applying search terms to custodians. **Please advise whether Georgetown maintains the position that it will not search and produce documents from non-custodial sources within the Development Offices with respect to this category of RFPs. Plaintiffs need confirmation that the parties reserve their rights as to this issue.**

- You informed us that, notwithstanding Georgetown's objections, Georgetown agrees to produce any documents from the Admissions and Financial Aid Offices related to donations that it finds while searching for documents responsive to *agreed-upon* RFPs. **Please advise if this description is correct.**

- On the call, you clarified that Georgetown agrees to produce documents responsive to Second RFP Nos. 2 and 3. With respect to Second RFP No. 3 – which seeks scores assigned to each factor in any scoring methodology and the weight applied to that factor – you clarified that Georgetown does not use "assigned scores" but that Georgetown agrees to produce any coding used in evaluating applicants. **Please advise if this understanding is correct.**

**Georgetown Financial Information and Endowment-Related RFPs**
**First RFP Nos. 49, 51, 53, 150**

As to RFP No. 51, we understand that Georgetown is representing that it ran the negotiated search terms, reviewed the document families hitting on those terms, and produced documents to the extent they were responsive to this RFP. **Please confirm that this is correct.**

19

As to RFP No. 53, we discussed and clarified Georgetown's offer to provide sufficient information regarding Georgetown's endowment.  RFP No. 53 reads:

> For each of Your fiscal or calendar years during the Relevant Time Period, in whichever manner such Documents are normally maintained, all Documents Concerning: (a) the dollar amount of Your restricted endowment assets (i.e., endowments assets resulting from Restricted Donations); (b) the dollar amount of Your restricted endowment assets that are devoted to undergraduate Financial Aid; (c) the dollar amount of Your unrestricted endowment assets (i.e., endowment assets resulting from Unrestricted Donations); (d) the annual percentage return earned by Your endowment (i.e., endowment income divided by endowment assets); (e) the total number of Students; and (f) the total number of full-time students, including those in graduate and professional school.

Georgetown agreed that it would produce responsive documents to all subparts of RFP No. 53, including (a)-(d) which specifically relate to Georgetown's endowment.  **Please confirm that this is correct.**

As to RFP No. 49, our understanding is that Georgetown agrees to produce documents responsive to this request, with the exception of searching for any responsive documents in Georgetown's Development Offices.  Georgetown also expects to produce documents related to this request by tomorrow, March 31, 2023.  Dan and Jessica also suggested that we meet and confer at a later point if Plaintiffs find that any requested documents are missing in response to this specific RFP.  **Please confirm that this is correct.**

As to RFP No. 150, your letter stated that Georgetown ran the negotiated search terms for this request, and that any documents hitting on those terms from Georgetown "would have been produced *if* responsive to *another* RFP" (emphasis added).  As a result of our meet and confer call, our understanding is that Georgetown now agrees to produce documents responsive to this specific request and will do so by re-reviewing the documents hitting on the negotiated search terms for this request.  **Please confirm that this is correct.**

**Lobbying RFP**
**RFP No. 83**

With respect to RFP No. 83, during our meet and confer call, you agreed that Georgetown would produce responsive documents to this request.  **Please confirm that this is correct.**

\*\*\*

As discussed on our call, we would like to confirm Georgetown's position regarding a number of RFPs generally raised in Plaintiffs' Motion to Compel, so that we can confirm that Georgetown is producing responsive documents with respect to those RFPs.  **Accordingly, please confirm that Georgetown is producing responsive documents, as described in its responses and objections, to the following 19 RFP Nos. 2, 3, 4, 7, 12, 14, 16, 31, 48, 61-63, 70, 77, 88, 98, 113, 116, and 139.**

**In addition, please confirm that for RFPs for which there are no agreed upon search terms, Georgetown undertook a diligent and adequate search to "go get" the responsive documents.**

Please also apprise us when Plaintiffs can expect production of all responsive documents that Georgetown has not yet produced and were due pursuant to Court-ordered deadline on March 3, 2023.

While Plaintiffs do not excuse Georgetown's failure to certify substantial completion of production by the Court's deadline, **we require a representation when Georgetown will achieve substantial completion for Plaintiffs' First Set of RFPs, including all items above.**

If you will respond affirmatively, promptly and in writing to the bold points above, we will withdraw the Motion to Compel as to Georgetown with respect to those RFPs where we have reached an agreement. After we have had an opportunity to review your response to this email, we will confirm the remaining scope of Plaintiffs' Motion to Compel as to Georgetown.

Plaintiffs had one additional issue which we did not have an opportunity to discuss on the meet and confer call. **While it is not a condition of our withdrawing any portion of the MTC as to Georgetown**, please note that of the Georgetown documents Plaintiffs have received and uploaded to date, 17.6% have AEO designations. Given the strictly defined standard for AEO in this case, and the fact that this is a higher percentage than for many of the other defendants, several of which have designated less than 1% as AEO, your designation of AEO is excessive. You wrote on March 9, 2023 that Georgetown has agreed to downgrade the confidentiality designation of the two example documents we sent to you on March 6, 2023, GTWNU_0000000235 and GTWNU_0000000247. We do not believe it is Plaintiffs' burden to call out each instance where Georgetown appears not to have designated documents correctly. If Georgetown does not agree to remedy this clear over-classification in accordance with our prior correspondence by close of business on April 7, 2023, we will need to address this matter with the Court.

Finally, as discussed in the call, please let us know if you believe that a further meet and confer early next week is necessary with respect to any of these specific issues.

Sincerely,
Alexis

Alexis Marquez
Senior Associate
Gilbert Litigators & Counselors
Cell: 646-480-7488
amarquez@gilbertlitigators.com
www.gilbertlitigators.com

---

On Thu, Mar 30, 2023 at 8:57 PM (Michaels) Maurer, Jessica A. <JMaurer@mayerbrown.com> wrote:

Bob and Alexis,

Thank you again for today's meet and confer regarding Plaintiffs' motion to compel. We believe the call was productive and that we have resolved the majority of the issues Plaintiffs raise in their motion as to Georgetown. Below is a summary of Georgetown's positions on the items we discussed:

1. **1st RFPs No. 51.** We confirmed on the call that Georgetown ran the negotiated search terms over documents collected from our current custodians and non-custodial sources, that were created during the relevant time period, and produced documents responsive to RFP 51 to the extent they were identified during its TAR review. Based on the above, we understand the parties have no dispute with respect to RFP 51.

2. **1st RFPs Nos. 22 & 150, 2nd RFPs No. 4, 3rd RFPs No. 11.** As we explained on our call, Georgetown ran the negotiated search terms over documents collected from our current custodians and non-custodial sources, that were created during the relevant time period, for the following RFPs: First RFP Nos. 22 and 150, and Second RFP No. 4. The resulting document hits were part of Georgetown's TAR review population, and were produced to the extent they were reviewed and responsive to other RFPs to which Georgetown agreed to produce documents. In order to resolve your demands as to these RFPs, Georgetown is willing to re-review any hits on those search terms that were previously marked not responsive, and will produce those documents to the extent any are responsive to First RFP Nos. 22 and 150, Second RFP No. 4, and Third RFP No. 11. Georgetown is also willing to adapt the search term negotiated for First RFP No. 22 to fit Third RFP No. 11, and follow the same process. Please confirm this resolves the parties dispute with respect to these RFPs.

3. **1st RFPs No. 49 and 53.** On our meet and confer, Georgetown also reiterated its offer to provide information sufficient for Plaintiffs to understand the size of Georgetown's endowment and the categories of expenses Georgetown uses its endowment to pay, on a yearly basis during the relevant time period. We believe it is likely that such documents would address subparts (a)-(d) of First RFP No. 53, but we will need to speak with our endowment office to determine (a) what information is maintained in the ordinary course of business and (b) how that information is broken out in regularly prepared reports. We also confirmed that Georgetown has already produced certain financial reports and financial statements, and anticipates producing additional such documents tomorrow (3/31). We stated, as we did in our March 27 letter, that once you have reviewed those produced materials and the forthcoming endowment-related materials discussed during our call this afternoon, we will be happy to further meet and confer if you believe that additional, specific material is warranted, which we will then consider. You agreed that this was a reasonable path forward. We understand that this compromise has resolved the parties current dispute with respect to these RFPs.

4. **1st RFPs No. 83.** With respect to First RFP No. 83, Georgetown stated on the call that we are willing to run the term "National Commission on Responsibilities for Financing Postsecondary Education" over documents collected from our current custodians and non-custodial sources, that were created during the relevant time period, and to produce documents responsive to RFP No. 83 (if any) that are identified during a review of those documents. You indicated this was reasonable and resolved the Parties dispute with respect to this RFP.

5. **First RFPs Nos. 20, 23, 117, 126-129, 131 and 132, 2ⁿᵈ RFPs No. 3, and 3ʳᵈ RFPs No. 13.** Georgetown also reiterated, as explained in our March 27 letter, that for the remaining RFPs at issue for which Georgetown refused to produce documents and for which Plaintiffs did not propose—and the parties did not negotiate—any search terms, Georgetown did not craft and apply any additional, un-negotiated search terms. However, these RFPs overlap significantly with other RFPs related to donations, "wealth favoritism" and Georgetown's need-blind policy, to Georgetown did agree to produce documents, including RFPs Nos. 58, 80, 124, 130, and 145.

- We also explained during the meet and confer that the reference in our March 27 letter to the "two RFPs from the Second Set, in which Georgetown agreed to include information responsive to those to RFPs (to the extent it exists) in Georgetown's structured data production," related to Second RFP Nos. 2 and 3. At the parties January 3, 2023 meet and confer, we explained that, to the extent Georgetown has "scoring" information for applicants in its structured data, that information would be included in its structured data productions. We explained on our call today that it is now our understanding that Georgetown does not "score" applicants in the sense that we understand some other institutions do, but instead uses a somewhat related coding system. That coding information is included in the data that Georgetown has already produced to Plaintiffs.

- Finally, you said on our call that the court's order required Georgetown to collect "go-get" documents from the Office of Advancement (development office) in response to the above donation-related and "wealth favoritism" RFPs. We fundamentally disagree with that interpretation. *See* ECF No. ECF No. 315 (declining to require defendants to "designate custodians from their president's and development offices," and making no mention of any go-get collection). As discussed on our call, we believe that this is the only outstanding dispute as to Georgetown in connection with Plaintiffs' motion to compel.

We believe that this email summarizes all the RFPs at issue with respect to Georgetown in the Plaintiffs' motion to compel. If you disagree, please let us know promptly so that we can investigate the issue. We are available to meet and confer again on Tuesday. Please let us know your availability.

Best,

Jessica

_____

**Jessica A. (Michaels) Maurer**
*Partner, Litigation*

*Pronouns: she/her*

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 7121 | M +1 509 499 8596

LinkedIn | Twitter

mayerbrown.com



This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.