# EXHIBIT 6

## (Michaels) Maurer, Jessica A.

| | |
|---|---|
| **From:** | Alexis Marquez <amarquez@gilbertlitigators.com> |
| **Sent:** | Thursday, March 30, 2023 8:06 PM |
| **To:** | Fenske, Daniel T.; (Michaels) Maurer, Jessica A.; Stride, Megan E. |
| **Cc:** | Robert Gilbert; 568 Litigation; 568_litigation@gilbertlitigators.com |
| **Subject:** | 568 Litigation - Summary of 3/30/23 Meet and Confer Call - Georgetown |

**CAUTION: External Email -** Only click on contents you know are safe.

Dear Dan, Jessica, Megan,

This email is to memorialize and further our discussion regarding Plaintiffs' Motion to Compel and your letter on behalf of Georgetown University dated March 27, 2023. We hope that our meet and confer earlier today will help narrow the issues to be resolved by the Court and will permit Plaintiffs to withdraw the motion as to Georgetown with respect to those RFPs that we can agree upon.

Before summarizing our call, we wanted to briefly address several items from your letter that we did not have an opportunity to discuss. We note that Plaintiffs' motion might have been avoided (at least in part) as to Georgetown if, rather than waiting until after the MTC was filed to contact us on March 27, 2023, Georgetown had provided a response to Bob Gilbert's February 28, 2023 email concerning the RFPs. Our understanding remains that Georgetown did not dissociate itself from Sarah Kirkpatrick's March 2 email stating that Defendants were standing on their original written refusals to produce documents.

We also have a disagreement as to the number of Meet and Confers Local Rule 37.2 requires. With today's meet and confer, that brings the total number of meet and confers to 14. By our count, we previously had 6 Global Meet and Confers on Plaintiffs' RFPs, 4 Meet and Confers on Search Terms, and 3 Meet and Confers with Georgetown alone. The Court has made clear on several occasions that the parties should not meet and confer endlessly:

> THE COURT: We've got to get done with all of this stuff. Here's why it's in your interest to do that. I set the discovery schedule, and I'm pretty sure I told you at the time that's the discovery schedule. And if it takes you, you know, 24 months to get – you know, to negotiate over the shape of the table and that leaves you a month and a half to do, you know, 250 depositions, then you're going to have a real busy month and a half, just to put it in stark terms. Dec. 21, 2022 Tr. at 12:24-13:6.

> THE COURT: We've got to – there's a deadline that's in place; it's less than two weeks from now. In fact, it's only barely more than a week from now regarding substantial completion of production, and to some extent, we're still talking about the shape of the table here, and that's not a good thing, and so we are going to talk about these things today. And if that means that – you know, that you're not going to have, you know, three more four-hour meet and confers with the other side, then, okay, we're just putting the fast-forward button on. Feb. 23, 2023 Tr. at 7:12-21.

To the specific points raised in your letter and discussed on our call, we respond as follows:

**Wealth Favoritism and Donation-Related RFPs**
**First RFP Nos. 20, 22, 23, 117, 126-29, 131, 132; Second RFP Nos. 1, 3, 4; Third RFP Nos. 11, 13**

Your letter states that Georgetown has agreed to produce documents "responsive to many of Plaintiffs' RFPs regarding donations and related topics, including First RFP Nos. 58, 80, 124, 130, and 145" as well as "documents reflecting Georgetown's need-blind policy and its understanding of the term 'need aware.'"

On our call, we sought to clarify the specific RFPs related to wealth favoritism and donations for which Georgetown agrees to produce responsive documents. Our understanding of Georgetown's position is as follows:

- Georgetown agrees to produce responsive documents with respect to First RFP Nos. 58, 80, 124, 130, and 145.

- With respect to First RFP Nos. 20, 23, 128-29, and 131; First RFP Nos. 22, 117, 126-27, and 132 (discussed as a separate grouping); Second RFP Nos. 1 and 4; and Third RFP Nos. 11 and 13, Georgetown stands on its objections to producing documents in response to these requests. **Please advise if this is correct.**

- In discussing First RFP Nos. 20, 23, 128-29, and 131 specifically, Georgetown noted that the parties did not negotiate search terms for these specific requests. We noted that Georgetown has an obligation to produce responsive documents regardless of whether there are negotiated search terms.

- For the RFPs in this category to which Georgetown maintains objections, you further stated that Georgetown objects based on your interpretation of the Court's orders that Georgetown is not required at this time to search for documents located in Georgetown's Development Offices. We explained Plaintiffs' position that, while at this time Defendants are not required to identify and produce documents from custodians in the Development Offices, that does not preclude production of documents from non-custodial sources within those offices and elsewhere. As you know, under the Federal Rules, Defendants have an independent obligation to produce responsive documents beyond simply applying search terms to custodians. **Please advise whether Georgetown maintains the position that it will not search and produce documents from non-custodial sources within the Development Offices with respect to this category of RFPs. Plaintiffs need confirmation that the parties reserve their rights as to this issue.**

- You informed us that, notwithstanding Georgetown's objections, Georgetown agrees to produce any documents from the Admissions and Financial Aid Offices related to donations that it finds while searching for documents responsive to *agreed-upon* RFPs. **Please advise if this description is correct.**

- On the call, you clarified that Georgetown agrees to produce documents responsive to Second RFP Nos. 2 and 3. With respect to Second RFP No. 3 – which seeks scores assigned to each factor in any scoring methodology and the weight applied to that factor – you clarified that Georgetown does not use "assigned scores" but that Georgetown agrees to produce any coding used in evaluating applicants. **Please advise if this understanding is correct.**

**Georgetown Financial Information and Endowment-Related RFPs**
**First RFP Nos. 49, 51, 53, 150**

As to RFP No. 51, we understand that Georgetown is representing that it ran the negotiated search terms, reviewed the document families hitting on those terms, and produced documents to the extent they were responsive to this RFP. **Please confirm that this is correct.**

As to RFP No. 53, we discussed and clarified Georgetown's offer to provide sufficient information regarding Georgetown's endowment. RFP No. 53 reads:

> For each of Your fiscal or calendar years during the Relevant Time Period, in whichever manner such Documents are normally maintained, all Documents Concerning: (a) the dollar amount of Your restricted endowment assets (i.e., endowments assets resulting from Restricted Donations); (b) the dollar amount of Your restricted endowment assets that are devoted to undergraduate Financial Aid; (c) the dollar amount of Your unrestricted endowment assets (i.e., endowment assets resulting from Unrestricted Donations); (d) the annual percentage return earned by Your endowment (i.e., endowment income divided by endowment assets); (e) the total number of Students; and (f) the total number of full-time students, including those in graduate and professional school.

2

Georgetown agreed that it would produce responsive documents to all subparts of RFP No. 53, including (a)-(d) which specifically relate to Georgetown's endowment.  **Please confirm that this is correct.**

As to RFP No. 49, our understanding is that Georgetown agrees to produce documents responsive to this request, with the exception of searching for any responsive documents in Georgetown's Development Offices.  Georgetown also expects to produce documents related to this request by tomorrow, March 31, 2023.  Dan and Jessica also suggested that we meet and confer at a later point if Plaintiffs find that any requested documents are missing in response to this specific RFP.  **Please confirm that this is correct.**

As to RFP No. 150, your letter stated that Georgetown ran the negotiated search terms for this request, and that any documents hitting on those terms from Georgetown "would have been produced *if* responsive to *another* RFP" (emphasis added).  As a result of our meet and confer call, our understanding is that Georgetown now agrees to produce documents responsive to this specific request and will do so by re-reviewing the documents hitting on the negotiated search terms for this request.  **Please confirm that this is correct.**

**Lobbying RFP**
**RFP No. 83**

With respect to RFP No. 83, during our meet and confer call, you agreed that Georgetown would produce responsive documents to this request.  **Please confirm that this is correct.**

\*\*\*

As discussed on our call, we would like to confirm Georgetown's position regarding a number of RFPs generally raised in Plaintiffs' Motion to Compel, so that we can confirm that Georgetown is producing responsive documents with respect to those RFPs.  **Accordingly, please confirm that Georgetown is producing responsive documents, as described in its responses and objections, to the following 19 RFP Nos. 2, 3, 4, 7, 12, 14, 16, 31, 48, 61-63, 70, 77, 88, 98, 113, 116, and 139.**

**In addition, please confirm that for RFPs for which there are no agreed upon search terms, Georgetown undertook a diligent and adequate search to "go get" the responsive documents.**

Please also apprise us when Plaintiffs can expect production of all responsive documents that Georgetown has not yet produced and were due pursuant to Court-ordered deadline on March 3, 2023.

While Plaintiffs do not excuse Georgetown's failure to certify substantial completion of production by the Court's deadline, **we require a representation when Georgetown will achieve substantial completion for Plaintiffs' First Set of RFPs, including all items above.**

If you will respond affirmatively, promptly and in writing to the bold points above, we will withdraw the Motion to Compel as to Georgetown with respect to those RFPs where we have reached an agreement.  After we have had an opportunity to review your response to this email, we will confirm the remaining scope of Plaintiffs' Motion to Compel as to Georgetown.

Plaintiffs had one additional issue which we did not have an opportunity to discuss on the meet and confer call.  **While it is not a condition of our withdrawing any portion of the MTC as to Georgetown**, please note that of the Georgetown documents Plaintiffs have received and uploaded to date, 17.6% have AEO designations.  Given the strictly defined standard for AEO in this case, and the fact that this is a higher percentage than for many of the other defendants, several of which have designated less than 1% as AEO, your designation of AEO is excessive.  You wrote on March 9, 2023 that Georgetown has agreed to downgrade the confidentiality designation of the two example documents we sent to you on March 6, 2023, GTWNU_0000000235 and GTWNU_0000000247.  We do not believe it is Plaintiffs' burden to call out each instance where Georgetown appears not to have designated documents correctly.  If Georgetown does not agree to remedy this clear over-classification in accordance with our prior correspondence by close of business on April

3

7, 2023, we will need to address this matter with the Court.

Finally, as discussed in the call, please let us know if you believe that a further meet and confer early next week is necessary with respect to any of these specific issues.

Sincerely,
Alexis

Alexis Marquez
Senior Associate
Gilbert Litigators & Counselors
Cell: 646-480-7488
amarquez@gilbertlitigators.com
www.gilbertlitigators.com