**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SIA HENRY, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**APRIL 6, 2023, JOINT STATUS REPORT**

## I.     PLAINTIFFS' STATEMENT OF RELEVANT ISSUES

Plaintiffs respectfully submit that there are six main issues for the Court to understand to appreciate the status of the case. As to several of those issues, Plaintiffs seek Court guidance.

*First*, Yale has declined to produce any documents relevant to the initial deposition that Plaintiffs will take from each of the six Defendants, including Yale, that have withdrawn their affirmative defense of the 568 Exemption. The Court issued the Order contemplating those depositions, in lieu of requiring the six Defendants to identify their President's or Development offices as custodians. (ECF No. 315 & Feb. 8, 2023 Tr. at 54.). For its initial deposition as to Yale, Plaintiffs seek to depose Joan O'Neill, Yale's Director of Development. Plaintiffs had previously asked Yale to confirm that it will produce documents responsive to Plaintiffs' RFPs concerning donor-related admissions. That is, Plaintiffs asked Yale to confirm that it will search for and produce such documents, without making their Development or President's office a document custodian. Yale informed Plaintiffs, however, that it will not produce any such documents. Yale's refusal to produce these documents creates a risk that the witness must be deposed again.

*Second*, Plaintiffs have sought five early depositions consistent with the Court's prior order (Plaintiffs have not yet sought a deposition from Columbia). With respect to these five depositions, all but one are now scheduled to be taken in the second half of May 2023. Plaintiffs proposed to take the depositions in April, but—remarkably—all Defendants except Brown informed Plaintiffs in response that none of the witnesses would be available for deposition until sometime in May. Plaintiffs did not press the issue, considering the status of Defendants' document production (addressed below). However, this timing does threaten to push back the remaining depositions in the case and any motion to compel that Plaintiffs may pursue following the depositions.

*Third*, the parties have been diligently meeting and conferring regarding the various issues that Plaintiffs raised in the comprehensive Motion to Compel they filed on March 21, 2023. The

1

upshot of those conversations is that Plaintiffs' Motion caused Defendants to agree to produce many more documents and categories of documents, with the result that Plaintiffs are in ongoing efforts to moot the Motion as to some Defendants by the time that Plaintiffs' reply briefs are due. The discussions to date, as Plaintiffs' corrected supplemental filing of this same date reflects, have already mooted the Motion to Compel (with Plaintiffs reserving all rights to renew) as to thirteen (13) of the Defendants. The remaining issue in the Motion will be fully briefed as of April 12, 2023, and the Court has scheduled oral argument on the Motion for April 20, 2023. Defendants spent some time in these meet-and-confers and correspondence pressing the argument that Plaintiffs' Motion was premature; Plaintiffs have categorically rejected that assertion, given both the well-founded substance of the Motion and the relevant facts cited below.

*Fourth*, Plaintiffs' pending Motion to Compel was rooted in part on the status of Defendants' document production as of the date of the Motion, and Plaintiffs' substantial withdrawal of the Motion (without prejudice to renew) was rooted in part on the extent and numerous categories of Defendants' actual and promised document production after the Motion was filed. In particular, of the total number of documents that Defendants have produced to date, only approximately 50% had been produced by March 3, 2023, which was the Court-ordered date for Defendants to have "substantially completed" their production of documents, ECF No. 315, and approximately 15% of the total number of documents produced to date have been produced after Plaintiffs filed their motion to compel. Defendants may argue that these productions would have occurred anyways, but Plaintiffs see no basis for accepting that assertion. Instead, and considering the results of the parties' post-Motion discussions, Plaintiffs regard their motion as having appropriately prompted Defendants' further compliance with their discovery obligations.

*Fifth*, the foregoing statistics, even independent of the particular grounds for Plaintiffs'

Motion to Compel, underscore that Plaintiffs reasonably filed the Motion when they did. Indeed, Defendants are continuing to produce tens of thousands of documents (a month after the deadline for the substantial production of documents), and most have declined to specify when their productions will be complete. In addition, although the original Court-ordered deadline for the production of structured data was February 16, 2023, and then moved to March 6, 2023 (with the Court rejecting Defendants' request to extent that date an additional week), Defendants have not completed their production of structured data. In fact, several Defendants have yet to respond to Plaintiffs' inquiries regarding their production of structured data, such as the availability of "data dictionaries" to enable Plaintiffs to understand the data that *has* been produced. Plaintiffs understand why Defendants are reluctant to commit to a particular date by which they will have produced all (or at least virtually all) of the responsive documents and structured data, but this outstanding issue of timing is one reason that Plaintiffs have reserved their rights with respect to even those withdrawn portions of their Motion to Compel. In the interests of efficiently proceeding with fact depositions, Plaintiffs ask the Court to order Defendants to complete their production of documents and structured data, including any documents to be produced under the agreed-upon FERPA protection available in this case, by April 30, 2023.

*Sixth*, many Defendants are excessively using the "attorneys' eyes only" (AEO) designation set forth in the Confidentiality Order in this case in their document productions. (ECF No. 254.) In a March 6, 2023, email, Plaintiffs raised the issue of this overuse of AEO, explaining how improper designation materially prejudices Plaintiffs. The letter invited Defendants to meet and confer on the issue on March 9 or 10 and stated that if substantial progress had not been made, Plaintiffs would be forced to seek intervention with the Court. Only Vanderbilt and Northwestern responded. Unfortunately, many Defendants have continued over-designating documents as

AEO.[1] In an effort to resolve this issue without the intervention of the Court, Plaintiffs have contacted all Defendants who have overused the AEO designation from Plaintiffs' perspective and provided numerous examples of their inappropriate use of the designation. Plaintiffs' position is that where excessive use is apparent, the burden should not be on Plaintiffs individually to identify each and every deficient designation and seek re-designation. Instead, given clear examples of improper designations and their percentage use of the designation far in excess of other Defendants, the Defendants at issue have the burden to review all documents containing the AEO designation to ensure compliance with the Court's Order.

*Finally*, we address Defendants' issue regarding subpoenas on Parents. The Court already explained the extent of discovery allowed under Request 2, and Defendants now propose to exceed it. The Court said: "Request two, this is the one for other forms of financial aid . . . . The defendants argue that this is important in order to compare *financial aid offers* and that it might show the non-existence of collusion or the absence of impact of collusion. I think that has some potential relevance. I think the same thing about *records* regarding financial aid offers from other sources." 2/8/23 Tr. 18:1-10 (emphasis added). In keeping with those instructions, the Parents have offered to produce financial aid offers and records from schools and third-party sources.

Defendants' interpretation of Request 2 makes no sense of the Court's ruling. According to Defendants, the parents must track down "all Documents Concerning Financial Aid" without any limitation—a vast and vague universe of materials including worn-out copies of the Fiske Guide, brochures and mailings, and spam emails from student loan companies. This universe includes the underlying materials used by parents to fill out the financial aid applications. Yet the

---

[1] Emory designated over 57% of its documents as AEO. Nine other Defendants have designated over 5% of their documents as AEO—Cornell (25.7%), Georgetown (18%), MIT (15.4%), Rice (12.7%), Vanderbilt (12.6%), Yale (11.1%), Dartmouth (6.5%), Chicago (6%), and Duke (6%).

Court already rejected such discovery, calling it a fishing expedition. 2/8/23 Tr. 17:13-16 ("I am not, repeat not, allowing subpoenas for the -- what you refer to as the underlying materials [of financial aid applications] . . . . I think that is largely, if not entirely, a fishing expedition.").

In addition, Defendants are back in court chasing loan documents, which the Court has already ruled that Plaintiffs need not produce. The notion that their *parents* have to produce them is absurd; the Court's specific order underscores the point. At the February 8, 2023, hearing, the Court addressed "records regarding loans and modifications and payment histories." 2/8/23 Tr. 23:17-19. The Court also addressed "loan agreements" themselves. The Court held: "I'm not enforcing that one. So I'm done with this motion." *Id.* 24:10-12. The Court thus rejected discovery of Plaintiffs into loan modifications, payment histories, and agreements, yet Defendants now interpret "[a]ll financial records" as including loan materials, and for some reason think they are entitled to obtain from non-party parents what the Court said they *cannot* obtains from Plaintiffs. This is frivolous. Request 2 encompasses financial aid offers and records, including those from third-party sources. Defendants continue to seek such discovery as part of their design to intimidate Plaintiffs and their parents, and for this further reason the Court should reject Defendants' position.

The burdens that Defendants seek to impose on these non-parties, moreover, ignores Rule 45, which states that the federal courts "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance" with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii). Forcing parents to hire e-discovery vendors to image hard drives and upload email accounts is disproportionate and designed to intimidate the parents and deter Plaintiffs' from prosecuting their claims. Plaintiffs' counsel are not going to rely simply on self-collection but will work with the parents to conduct a reasonable search of their email and records with written guidance as well as walkthroughs on the phone and videoconferencing as necessary.

## II.     DEFENDANTS' STATEMENT OF RELEVANT ISSUES

Defendants have been diligently advancing discovery in this case, producing virtually all requested structured data, producing over 800,000 documents, and scheduling depositions. Although Defendants are surprised by some of the issues Plaintiffs have raised – and are unclear which are the "several" issues as to which Plaintiffs are seeking "guidance" – Defendants below provide additional information to help the Court understand the issues. Defendants also ask the Court to enforce the subpoena to Plaintiffs' parents to which Plaintiffs have objected.

**Plaintiffs' First Issue**. Yale has not "declined" to produce documents relevant to any deposition, and Plaintiffs' insert to the Joint Status Report is the first time they have raised this issue. After Plaintiffs stated their intention to take the deposition of Joan O'Neill, Yale's Director of Development, Yale asked to confer because the Court ordered that Defendants do not have to produce documents from their Development Offices at this time. Yale does not want Plaintiffs to depose a witness whose files are not yet subject to discovery and later demand to re-depose the person because they did not have documents from her files. Plaintiffs declined to meet and confer and issued a deposition notice for May 25, 2023. Thus, Plaintiffs' concern about not having sufficient documents for the deposition is a problem of their own making.

Two additional points may be helpful. First, as required by the Court's orders, Yale has in fact produced documents related to the Development Office and to Ms. O'Neill that concern donor-related admissions. Contrary to Plaintiffs' statements (JSR at 2), Yale has not declined to produce such documents, and Plaintiffs withdrew their motion to compel at least in part on this basis. Second, Plaintiffs' statement that the Court "ordered" Plaintiffs to take any such deposition is incorrect. The Court considered Plaintiffs' request for such depositions at the February 8 status conference, but made no such ruling. *See* Feb. 8, 2023 Tr. at 46:4–54:20; ECF No. 315.

**Plaintiffs' Second Issue**. Defendants are not aware of any scheduling disputes regarding the five depositions that Plaintiffs have sought to notice. The five schools that have been contacted have all worked in good faith to schedule the depositions, and the first deposition will occur in less than two weeks. As to Plaintiffs' statement that they sought "five early depositions consistent with the Court's prior order," it is unsurprising that Plaintiffs provide no citation because the Court has never previously ordered any separate class of "early" depositions, or any other special category of depositions. The depositions Plaintiffs have noticed, like every deposition in the case, are governed by the deposition protocol and the Court's order limiting the number of depositions.[2]

**Plaintiffs' Third, Fourth, and Fifth Issues**. Plaintiffs imply Defendants did not meet the substantial completion deadline, claim several Defendants failed to produce their structured data, and speculate that their ill-conceived and premature Motion to Compel "prompted" Defendants to comply with their discovery obligations. None of this is correct. *First*, Defendants produced over 500,000 documents (over 2 million pages) by March 3. Like Plaintiffs, Defendants have continued to make rolling productions of documents since that date. Many of those documents are the hundreds of thousands of documents that required time-consuming redactions to comply with FERPA; others were produced in response to Plaintiffs' Second and Third Requests for Production—the deadline for which is months away—and/or were materials collected and produced as a result of subsequent meet-and-confers. *Second*, all Defendants substantially produced their structured data by the March 6, 2023 deadline, and since then have been cooperating

---

[2] The deposition scheduled with Brown has nothing to do with "the timing of [a] motion to compel that Plaintiffs may decide to pursue following the deposition." Presumably, Plaintiffs are referring to a motion to compel the production of documents based on testimony that they hope will show that such documents are needed to establish Plaintiffs' alleged link between admissions and donations (which is irrelevant to Brown, which does not assert the 568 Exemption as a defense). But Plaintiffs have asked to depose Brown's former Director of Financial Aid, not a witness from its Office of Admissions. It would be improper for Plaintiffs to use testimony from a financial aid deponent as pretext to seek additional discovery from Brown's Office of the President and Division of Advancement. Brown reserves all rights on this issue.

with Plaintiffs to provide data dictionaries and schema (which Plaintiffs requested on March 8, 2023) and respond to their questions. *Third*, the only effect of Plaintiffs' Motion to Compel was needlessly to impose burdens on the Parties and the Court concerning issues that they easily could have resolved by conferring with the individual Defendants with whose discovery responses and objections Plaintiffs took issue—which Plaintiffs failed to do until after filing their Motion. This is evident from the fact that Plaintiffs have now withdrawn their Motion as to 13 of the Defendants.

Plaintiffs now ask the Court to impose a global deadline for Defendants to "complete their production of documents and structured data." Imposing such a deadline is inconsistent with the operative schedule ordered by the Court, which provides a July 31, 2023 deadline for substantial completion of production in response to Plaintiffs' Second and Third Sets of Requests for Production. Even as to Plaintiffs' First Set of Requests for Production, imposing a global deadline for "completion" of production is neither prudent nor necessary. Such a deadline is impractical because, among other things: (1) while making best efforts to complete legally required FERPA review and redaction, any particular document may have thousands of individual datapoints that must carefully be reviewed and redacted to ensure compliance with federal law and this Court's FERPA Order, which precludes an exact prediction in advance of the time required for that review and redaction; (2) at least one of Plaintiffs' original Requests seeks documents that may not be producible by April 30, 2023, *see, e.g.*, RFP 160 (documents referenced in responding to Plaintiffs' Interrogatories, which Plaintiffs served on April 5, 2023); and (3) Defendants have a continuing obligation under the Federal Rules to produce responsive documents identified during discovery, and Plaintiffs' proposed order would punish any Defendant who complies with that obligation after a date certain. Consistent with these points, over the past week, Plaintiffs and numerous Defendants have negotiated individualized timelines for completing their rolling productions, and

have done so based on each Defendant's specific, unique circumstances. No Defendant has refused to communicate its progress with Plaintiffs, and where Plaintiffs have asked for an anticipated completion date, each Defendant has engaged (or offered to engage) to identify a realistic and suitable timeline. There is no reason to unsettle those negotiated, individualized timelines with a global completion deadline that disregards each Defendant's particular circumstances.

**Plaintiffs' Sixth Issue**. Plaintiffs' report about alleged over-designation of "attorneys' eyes only" (AEO) documents is both inaccurate and premature. Plaintiffs initially asked *all* Defendants to re-review *all* their AEO-designated materials and re-designate those materials to comply with what Plaintiffs generally described as the requirements of the Confidentiality Order. Contrary to their own obligations under that Order to identify specific documents and explain the basis for their complaints (¶ 12(a)), Plaintiffs identified only three "obvious" examples from two schools, which both schools agreed to re-produce with new designations. Plaintiffs provided no substantive explanation for why those two schools' other designations were improper, and they provided no explanation at all for why any other Defendant's designations were improper. Since being reminded of their obligation, Plaintiffs have contacted some Defendants individually (Cornell, Dartmouth, Emory, Georgetown, MIT, Rice, Yale) and, in certain instances, provided examples of documents that Plaintiffs believe were improperly designated. All schools that received specific examples have agreed to investigate. Some schools have already conferred, agreed to re-designate documents, and/or independently re-reviewed and re-designated documents (Chicago, Cornell, Dartmouth, Duke, Northwestern, Rice, Vanderbilt). Defendants are hopeful that the parties will be able to resolve this issue without burdening the Court.

**Subpoena to Plaintiffs' Parents**. In January, Plaintiffs moved for a protective order to prevent Defendants from subpoenaing Plaintiffs' parents (ECF No. 270). Defendants were

pursuing the subpoenas because parents are central to the financial aid process. *See generally* ECF No. 279. The Court ruled on each request in the proposed subpoenas, eliminating or modifying four, and permitting the discovery requested by Request 2:

> All Documents Concerning Financial Aid, scholarships, loans, or other financial support for the Plaintiff's undergraduate education, including the amount and terms of any merit or need-based financial aid the Plaintiff applied for, received, was denied, or declined to accept in connection with the Plaintiff's undergraduate education and Communications with any Institution Concerning financial aid.

The Court unambiguously approved Request 2, stating "that one is okay." Feb. 8, 2023, Tr. at 18:13. On March 20, Defendants served subpoenas on the parents that included Request 2.

Despite the Court's order, Plaintiffs' counsel (speaking for the parents) object to Request 2 as "overbroad." They cite the Court's ruling on a separate dispute about loan *forgiveness* and *modification*, which they argue precludes *all* discovery about loans, even though loans are a key part of many financial aid packages, and Plaintiffs may claim damages based on loan payments.

The parents also refuse to produce any documents except communications about financial aid or scholarship offers with the entity making the offer. This rewrites Request 2 and excludes documents *about* financial aid (rather than just offers) and communications with anyone but the offeror. Such limitations would omit, for example, relevant communications between parents considering competing financial aid offers ("School X's financial aid package consists entirely of grants, not loans, making it superior to the package from School Y"). Defendants will work with the parents to reduce burden but seek to have them comply with the Court's order on Request 2.

Additionally, while counsel refused to disclose details about the methodology the parents are using to respond to the subpoena, the parents (not counsel) appear to be manually searching their records. Such a "DIY" approach is unreliable. *See DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 934-37 (N.D. Ill. 2021). Defendants ask that counsel collect all files likely to include responsive material and review them using a standard, systematic methodology.

Dated: April 6, 2023                                   Respectfully submitted,

By:/s/ Edward J. Normand                               By:/s/ Kenneth Kliebard
Devin "Vel" Freedman                                   Kenneth Kliebard
Edward J. Normand                                      MORGAN, LEWIS & BOCKIUS LLP
Peter Bach-y-Rita                                      110 North Wacker Drive
FREEDMAN NORMAND                                       Suite 2800
FRIEDLAND LLP                                          Chicago, IL 60606-1511
99 Park Avenue                                         Tel.: 312-324-1000
Suite 1910                                             kenneth.kliebard@morganlewis.com
New York, NY 10016
Tel.: 646-970-7513                                     Jon R. Roellke
vel@fnf.law                                            MORGAN, LEWIS & BOCKIUS LLP
tnormand@fnf.law                                       1111 Pennsylvania Avenue, NW
pbachyrita@fnf.law                                     Washington, DC 20004-2541
                                                       Tel.: 202-739-5754
/s/ Robert D. Gilbert                                  jon.roellke@morganlewis.com
Robert D. Gilbert
Elpidio Villarreal                                     Sujal Shah
Robert S. Raymar*                                      MORGAN, LEWIS & BOCKIUS LLP
Sarah Schuster                                         One Market, Spear Street Tower, 28th Floor
Alexis Marquez                                         San Francisco, CA 94105-1596
Steven Magnusson                                       Tel.: 415-442-1386
**GILBERT LITIGATORS &**                               sujal.shah@morganlewis.com
**COUNSELORS, P.C.**
11 Broadway, Suite 615                                 *Counsel for Defendant Brown University*
New York, NY 10004
Phone: (646) 448-5269                                  By:/s/ Deepti Bansal
rgilbert@gilbertlitigators.com                         Deepti Bansal
pdvillarreal@gilbertlitigators.com                     Alexander J. Kasner
rraymar@gilbertlitigators.com                          COOLEY LLP
sschuster@gilbertlitigators.com                        1299 Pennsylvania Avenue, NW
amarquez@gilbertlitigators.com                         Suite 700
smagnusson@gilbertlitigators.com                       Washington, DC 20004-2400
                                                       Tel.: 202-728-7027
* *Pro hac vice*                                       dbansal@cooley.com
                                                       akasner@cooley.com
Eric L. Cramer
Caitlin G. Coslett                                     Matthew Kutcher
BERGER MONTAGUE PC                                     COOLEY LLP
1818 Market Street, Suite 3600                         110 N. Wacker Drive
Philadelphia, PA 19103                                 Chicago, IL 60606
Tel.: 215-875-3000                                     Tel.: 312-881-6500
ecramer@bm.net                                         mkutcher@cooley.com
ccoslett@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel.: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

*Counsel for Defendant California Institute of Technology*

By:*/s/ James L. Cooper*
James L. Cooper
Michael Rubin
Tommy La Voy
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel.: 202-942-5014
james.cooper@arnoldporter.com
michael.rubin@arnoldporter.com
tommy.lavoy@arnoldporter.com

Leah Harrell
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel..: 212-836-7767
Leah.Harrell@arnoldporter.com

Valarie Hays
ARNOLD & PORTER KAYE SCHOLER LLP
70 W Madison Street
Suite 4200
Chicago, IL 60602
Tel.: 312-583-2440
valarie.hays@arnoldporter.com

*Counsel for Defendant University of Chicago*

By:*/s/ Amy Van Gelder*
Amy Van Gelder
John Kocoras
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel.: 312-407-0508
amy.vangelder@skadden.com
john.kocoras@skadden.com

Karen Hoffman Lent
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

One Manhattan West
Room 40-216
New York, NY 10001-8602
Tel.: 212-735-3276
karen.lent@skadden.com

*Counsel for Defendant The Trustees of*
*Columbia University in the City of New York*

By:/s/ Norm Armstrong
Norm Armstrong
Christopher Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Emily Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel.: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Tel.: 312 764 6960
zfardon@kslaw.com

*Counsel for Defendant Cornell University*

By:/s/ Terri L. Mascherin
Terri L. Mascherin
Reid J. Schar
JENNER & BLOCK LLP
353 N. Clark Street,
Chicago, IL 60654-3456
Tel.: 312-222-9350
tmascherin@jenner.com

rschar@jenner.com

Ishan K. Bhabha
Douglas E. Litvack
Lauren J. Hartz
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel.: 202-637-6327
ibhabha@jenner.com
dlitvack@jenner.com
lhartz@jenner.com

*Counsel for Defendant Trustees of Dartmouth College*

By:/s/ James A. Morsch
James A. Morsch
Jim.morsch@saul.com
SAUL EWING ARNSTEIN & LEHR
161 North Clark, Suite 4200
Chicago, IL 60601
Tel.ephone: (312) 876-7100
Facsimile: (312) 876-0288
IL Attorney ID #6209558

Christopher D. Dusseault (pro hac vice)
cdusseault@gibsondunn.com
Jacqueline L. Sesia
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.ephone: (213) 229-7000

*Counsel for Defendant Duke University*

By:*/s/ Tina M. Tabacchi*
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
Tel.: 312-782-3939
tmtabacchi@jonesday.com

14

Craig A. Waldman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel..: 202-879-3877
cwaldman@jonesday.com

*Counsel for Defendant Emory University*

By:*/s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant Georgetown University*

By:*/s/ Jeffrey J. Bushofsky*
Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel.: 312-845-1200
jeffrey.bushofsky@ropesgray.com

Chong S. Park
Samer M. Musallam
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel.: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

*Counsel for Defendant Johns Hopkins University*

By:*/s/ Eric Mahr*
Eric Mahr

15

Jan Rybnicek
Daphne Lin
FRESHFIELDS BRUCKHAUS DERINGER
700 13th Street, NW
Washington, DC 20005
Tel.: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

*Counsel for Defendant Massachusetts Institute of Technology*

By:/s/ Scott D. Stein
Scott D. Stein
Benjamin R. Brunner
Kelsey Annu-Essuman
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Tel.: 414-559-2434
sstein@sidley.com
bbrunner@sidley.com
kannuessuman@sidley.com

*Counsel for Defendant Northwestern University*

By:/s/ Robert A. Van Kirk
Robert A. Van Kirk
Cole T. Wintheiser
Jonathan Pitt
Matthew D. Heins
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel.: 202-434-5163
rvankirk@wc.com
cwintheiser@wc.com
jpitt@wc.com
mheins@wc.com
skirkpatrick@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP

16

444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for Defendant University of Notre Dame du Lac*

By:*/s/ Seth Waxman*
Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*

By:*/s/ Norm Armstrong*
Norm Armstrong
Christopher Yook

17

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Emily Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel.: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
312 764 6960
zfardon@kslaw.com

*Counsel for Defendant William Marsh Rice University*

By:*/s/ J. Mark Gidley*
J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel.: 202-626-3600
mgidley@whitecase.com

Robert A. Milne
David H. Suggs
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Tel.: 212-819-8200
rmilne@whitecase.com
dsuggs@whitecase.com

*Counsel for Defendant Vanderbilt University*

18

By:/s/ Charles A. Loughlin
Charles A. Loughlin
Benjamin F. Holt
Jamie Lee
Molly Pallman
Christopher Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel.: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
jamie.lee@hoganlovells.com
molly.pallman@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Stephen Novack
Stephen J. Siegel
Serena G. Rabie
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501
Tel.: 312-419-6900
snovack@atllp.com
ssiegel@atllp.com
srabie@atllp.com

*Counsel for Defendant Yale University*