# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANDREW CORZO, SIA HENRY, ALEXANDER
LEO-GUERRA, MICHAEL MAERLENDER,
BRANDON PIYEVSKY, BENJAMIN SHUMATE,
BRITTANY TATIANA WEAVER, and
CAMERON WILLIAMS, individually and on
behalf of all others similarly situated,

                Plaintiffs,

           v.

BROWN UNIVERSITY, CALIFORNIA
INSTITUTE OF TECHNOLOGY, UNIVERSITY
OF CHICAGO, THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,
CORNELL UNIVERSITY, TRUSTEES OF
DARTMOUTH COLLEGE, DUKE UNIVERSITY,
EMORY UNIVERSITY, GEORGETOWN
UNIVERSITY, THE JOHNS HOPKINS
UNIVERSITY, MASSACHUSETTS INSTITUTE
OF TECHNOLOGY, NORTHWESTERN
UNIVERSITY, UNIVERSITY OF NOTRE DAME
DU LAC, THE TRUSTEES OF THE
UNIVERSITY OF PENNSYLVANIA, WILLIAM
MARSH RICE UNIVERSITY, VANDERBILT
UNIVERSITY, and YALE UNIVERSITY,

               Defendants.

Case No.: 1:22-cv-00125

**Hon. Matthew F. Kennelly**

---

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO COMPEL PRODUCTION IN RESPONSE TO PENDING REQUESTS FOR THE
PRODUCTION OF DOCUMENTS**

Plaintiffs respectfully submit this Reply Memorandum of Law in Support of their Motion to Compel Production ("Motion") in Response to Pending Requests for the Production of Documents ("RFPs") (Dkt. No. 331), and the revised Proposed Order submitted herewith. On April 5, 2023, Plaintiffs withdrew the Motion in its entirety (without prejudice to renewing it in consideration of whether the terms of withdrawal have been satisfied, and to certain other reservations of rights negotiated with individual Defendants) as to these thirteen (13) Defendants: Brown, CalTech, Cornell, Dartmouth, Duke, Emory, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, and Yale. (Dkt. No. 343). Based on their Response to this Motion and the meet and confers conducted since that Response, on April 12, 2023, Plaintiffs withdrew the Motion in its entirety on the same basis set forth in the preceding sentence, as to three (3) additional Defendants: Chicago, Georgetown and JHU.

Thus, the only Defendant remaining subject to this motion is Columbia as to one narrow, but important issue. Stated another way, Columbia is the only holdout Defendant to prevent a reasonable resolution.

## ARGUMENT

## I. THE MOTION TO COMPEL WAS NECESSARY AND TIMELY

Defendant Columbia has argued without basis that Plaintiffs' Motion was premature because it was made without a sufficient meet and confer history. However, by the end of February 2023, the parties had engaged in extensive email correspondence and meet and confers, 6 globally (involving all Defendants) and 2 for Columbia, concerning the pending RFPs and the temporal scope of production, and 4 more global meet and confer s as to the appropriate search terms for responding to those RFPs that lent themselves to identification via search terms. As of this date, Plaintiffs have conducted two more meet and confer s with Columbia.

Relying on that history, on February 28, 2023, Plaintiffs wrote a detailed email to Defendants seeking confirmation of production in response to the RFPs, with two attached Appendices addressing individual RFPs (Dkt. No. 331-13). The email clearly stated that, unless each Defendant confirmed that it would produce responsive documents to each of the remaining RFPs, notwithstanding that Defendant's refusal to produce in its formal Response and Objection document, Plaintiffs would be forced to file a motion to compel. The only response to Plantiffs' February 28 email Plaintiffs received at any time prior to filing this motion on March 21 was Defendants' March 2 email standing on their prior responses (Dkt. No. 331-14). In light of the Court's repeated admonitions that the parties should not endlessly pursue the meet and confer process, Plaintiffs proceeded with this Motion. *See, e.g.,* 12/21/22 Tr. 12:24-13:6; 2/23/23 Tr. 7:12-23.

The filing of the Motion impelled each Defendant to confirm for which RFPs each Defendant was producing documents and for which it was not, and to engage in much more substantial production of documents. The Motion also generated a series of related correspondence and meet and confer s allowing for the substantial narrowing both of the Defendants subject to this Motion (only one is left) and of the issues remaining before the Court (again, only one is left). The Motion was thus both timely and highly productive.

## II.    REPLY WITH RESPECT TO COLUMBIA AS TO SPECIFIC RFPs

Plaintiffs *withdraw* their Motion with respect to Columbia, *except* as to the RFPs[1] 61, 62 and 3 (2nd Set), discussed below, upon which the Parties have not reached full agreement. Attached as Exhibit 1 hereto is a copy of Plaintiffs' email string with Columbia on the open issues between the parties.

---

[1] All RFPs discussed are in Plaintiffs' First Set unless otherwise stated.

## A.     RFP 62

Columbia must fully produce documents in response to RFP 62, which, in part, seeks documents regarding the admissions and financial aid policies and practices of Columbia's School of General Studies. Declaration of Robert D. Gilbert ("Gilbert Decl."), Dkt. No. 332, Decl. Ex. 1 at 36. According to its own publicly available information, this School is not "need blind" and practices "need-aware" admissions. The Columbia Spectator reported on November 14, 2017, that the School of General Studies was need aware. Second Amended Complaint, Dkt. No. 308, ¶¶ 147-152.[2] *Columbia refuses to search for or produce documents from its School of General Studies by stating that this School, together with its Admissions and Financial Aid Offices, is independent of the rest of the university.* This argument has no logical or factual merit. The School of General Studies is part of Defendant Columbia University. The School of General Studies holds itself out to the public as part of the University. The 568 Exemption allows "2 or more institutions of higher education at which *all students* admitted are admitted on a need-blind basis, to agree or attempt to agree . . . to use common principles of analysis for determining the need of such students." 15 U.S.C. § 1 note 1 (emphasis added). "All students" at Columbia University includes students at the School of General Studies.. Plaintiffs submit that Columbia's position is nothing short of absurd.

Columbia relies on a few sentences in counsel's 7-page December 23, 2022 letter stating that "General Studies employees, including those identified in Columbia's initial disclosures, do not possess relevant information." Columbia now argues, without any supporting documentation, that the School of General Studies "did not participate in the 568 Presidents Group or utilize the

---

[2] More than four years later, *after* this lawsuit was filed, there was a "correction" to the Columbia Spectator article that was highly suspicious: it was both ambiguous and made by someone other than the original author.

Consensus Methodology."[3] *See* letter attached as Exhibit 2. These positions were contradicted by Columbia's Initial Disclosures that expressly identified two individuals at the School of General Studies that have relevant information.

Thus, Columbia suggests that Plaintiffs and this Court should treat the School of General Studies as a separate entity, almost like an eighteenth Defendant to be judged separately from the University, Columbia, of which it is a component part. This is nothing more than a cynical ploy by Columbia to avoid discovery regarding its most vulnerable point on the 568 Exemption: the School of General Studies, which Plaintiffs contend was always need aware. Plaintiffs never agreed to Columbia's absurd assertion that the School of General Studies is not subject to discovery in this action.

Plaintiffs further note that RFP 62 lists several "programs targeted toward non-traditional, full-time degree-seeking undergraduate Applicants and Students," including the School of General Studies, University of Pennsylvania School of Liberal and Professional Studies, and the Brown Resumed Undergraduate Education program, among others. Gilbert Decl. Ex. 1 at 36. In fact, at least one other Defendant with a non-traditional program had advised the 568 Group in writing that the entire university was leaving the 568 Group because that non-traditional program had become need aware in admissions; Columbia has not produced a similar letter to the 568 Group, but is instead trying to distance itself from a significant segment of its own undergraduate student body. If the School of General Studies is need-aware, that would be of critical importance in this matter. The documents in question, in fact, may well be dispositive against Columbia on the core need-aware issues in this action, as there are very substantial reasons to believe that this School, which constitutes about 30% of Columbia's undergraduate student body,

---

[3] Defendant has not produced any correspondence exempting the School of General Studies from the 568 Group.

is need-aware.[4] *See* Dkt. No. 331-2, Plaintiffs' Motion MOL at 8-9. The Court should require production of this critical information from Admissions and Financial Aid in the School of General Studies.

**B.     RFP 61**

Plaintiffs did not move to compel a response to RFP 61 because Columbia represented it would produce responsive documents. And not only does RFP 61 seek a Defendant-wide document production (Gilbert Decl. Ex. 1 at 36), but it also specifically calls for documents from the School of General Studies. If Columbia, as Plaintiffs understand based on recent meet and confers, never intended to produce documents responsive to RFP 61 from the School of General Studies, which specifically requests such documents, Columbia should have so advised. Plaintiffs thus request the Court to direct Columbia to produce documents from the School of General Studies responsive to RFP 61.

**C.     RFP 3 in the Second Set of RFPs**

In addition, with respect to RFP 3 in the Second Set of RFPs (Gilbert Decl. Ex. 3 at 3) (which requests admissions scoring data), while Columbia has produced documents ("coding" and "reader sheets") in response to this RFP as to Columbia College and the School of Engineering, Columbia has again now excluded the School of General Studies from its statement concerning Columbia's production of this admissions data. Since a central allegation in this action regarding Columbia has always concerned the School of General Studies, Columbia should be directed to produce these documents as well. Thus, if the School of General Studies does not use scoring data, Columbia should be directed to produce the structured data for distinction coding and "reader sheets" along with manuals similar to what Columbia College and

---

[4] Plaintiffs note that Columbia has not conceded that the School of General Studies is, and always has been, need-aware in admissions.

the School of Engineering have produced. If the School of General Studies does use scoring data, Columbia should be directed to produce the structured data of scores for individual applicants and the manuals that show how to read the applications and interpret the scoring.

In short, Columbia is stonewalling concerning discovery for 30% of its undergraduate population.

## CONCLUSION

Plaintiffs respectfully submit, for the foregoing reasons, that the Court should grant Plaintiffs' Motion to Compel as to Columbia as set forth in detail in Plaintiffs' revised Proposed Order.

Dated: April 17, 2023                                           Respectfully Submitted,

By:/s/ *Robert D. Gilbert*                                     /s/ *Edward J. Normand*
Robert D. Gilbert                                              Devin "Vel" Freedman
Elpidio Villarreal                                             Edward J. Normand
Robert S. Raymar                                               Peter Bach-y-Rita
Sarah Schuster                                                 **FREEDMAN NORMAND**
Alexis Marquez                                                 **FRIEDLAND LLP**
Steven Magnusson                                               99 Park Avenue
**GILBERT LITIGATORS & COUNSELORS, P.C.**  Suite 1910
11 Broadway, Suite 615                                         New York, NY 10016
New York, NY 10004                                             Tel: 646-970-7513
Phone: (646) 448-5269                                          vel@fnf.law
rgilbert@gilbertlitigators.com                                 tnormand@fnf.law
pdvillarreal@gilbertlitigators.com                             pbachyrita@fnf.law
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com
amarquez@gilbertlitigators.com                                 Daniel J. Walker
smagnusson@gilbertlitigators.com                               Robert E. Litan
                                                               Hope Brinn
                                                               **BERGER MONTAGUE PC**
Eric L. Cramer                                                 2001 Pennsylvania Avenue, NW
Caitlin G. Coslett                                             Suite 300
**BERGER MONTAGUE PC**                                         Washington, DC 20006
1818 Market Street, Suite 3600                                 Tel: 202-559-9745
Philadelphia, PA 19103                                         rlitan@bm.net
Tel: 215-875-3000                                              dwalker@bm.net
ecramer@bm.net                                                 hbrinn@bm.net

ccoslett@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net