# EXHIBIT 1

**From:** Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>
**Sent:** Friday, April 14, 2023 1:13 PM
**To:** Van Gelder, Amy <Amy.VanGelder@skadden.com>
**Cc:** 568 Litigation <568_litigation@fnf.law>; 568_litigation@gilbertlitigators.com; Andrew Ellington <aellington@gilbertlitigators.com>; Blain, Jordan M <Jordan.Blain@skadden.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>; Kocoras, John C <John.Kocoras@skadden.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Robert Gilbert <rgilbert@gilbertlitigators.com>
**Subject:** Re: Follow-up on RFP 2(3) for Columbia

Thank you for this note. I do not intend to further debate these issues with you and am sorry you could not complete your assessment before now. However, your note indicates that you would like to continue our discussion to try to resolve these matters next week and we are open to such discussions. Let us know when you would like to do that.

On Fri, Apr 14, 2023 at 1:04 PM Van Gelder, Amy <Amy.VanGelder@skadden.com> wrote:

Dear PD & Andrew,

During our meet and confer on April 13 at 11am CT, plaintiffs stated they would withdraw the motion to compel as to Columbia if Columbia agreed to designate additional custodial and non-custodial sources from its School of General Studies, and produce documents responsive to First RFPs 61 and 62, and Second RFP 3 from those sources. Per our request, plaintiffs also provided clarity, in an email later that afternoon, as to what information they would consider responsive to Second RFP 3.

As you know, Columbia has produced or agreed to produce documents responsive to these three requests (to the extent they exist) from the custodial and noncustodial sources that Columbia designated in October 2022, which did not include General Studies. Columbia continues to dispute that discovery from General Studies is relevant or proportionate to the needs of this case, both because it did not participate in the 568 Group or utilize the Consensus Methodology, and because Columbia is not asserting the 568 Exemption. Thus, Columbia offered—last year—to provide admissible evidence demonstrating that General Studies did not participate in the 568 Group or utilize the Consensus Methodology. Plaintiffs never responded to that offer. Likewise, prior to filing the motion to compel, plaintiffs never raised any issue concerning Columbia's custodial and non-custodial source designations, or otherwise raised or met and conferred about Columbia's express refusal to produce documents from General Studies. For these reasons, Columbia continues to believe that the present dispute concerning custodial and non-custodial sources—which you first raised during our meet and confer on April 3, after filing the motion to compel—is not encompassed by plaintiffs' motion. This is evident because not only does the motion make no mention of General Studies, but it does not even seek to compel Columbia to respond to First RFP 61.

Nevertheless, since receiving your correspondence of yesterday, we have been diligently working to understand the burden involved in responding to these three requests from General Studies sources. Unfortunately, given the limited time, we have not yet completed our assessment and will be unable to revert with a final position on plaintiffs' request before plaintiffs' reply is due.

We continue to believe that plaintiffs should withdraw the motion to compel as to Columbia because the issues raised in it have been resolved. Because the present dispute is not encompassed by the motion, such withdrawal would be without prejudice to plaintiffs' right to continue to seek documents from General Studies, and—to the extent we are unable to reach an agreement after completing the meet and confer process—the parties could then raise this issue with the Court. To the extent that plaintiffs determine to go forward with the motion, we remain hopeful that we can continue our discussions next week ahead of the hearing and potentially reach a resolution of these issues so as not to burden the Court. Regardless, I will reach out early next week to see if we can make further progress.

Thank you and have a good weekend,

Amy

**Amy Van Gelder**
Partner
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
**T: +1.312.407.0903 | F: +1.312.827.9373 | M: +1.312.420.9549**
**amy.vangelder@skadden.com**

Skadden

**From:** Andrew Ellington <aellington@gilbertlitigators.com>
**Sent:** Thursday, April 13, 2023 2:52 PM
**To:** Van Gelder, Amy (CHI) <Amy.VanGelder@skadden.com>; Blain, Jordan M (CHI) <Jordan.Blain@skadden.com>; Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>; Robert Gilbert <rgilbert@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>
**Subject:** [Ext] Follow-up on RFP 2(3) for Columbia

Amy,

You had asked us to clarify what we are asking for as far as the request in the 2nd set of RFPs #3 and the School of General Studies. Our position is:

1) If the School of General Studies does not use scoring data, we request the structured data for distinction coding and "reader sheets" along with manuals similar to what we received for Columbia College and the School of Engineering.

2) If the School of General Studies does use scoring data, we request the structured data of scores for individual applicants and the manuals that show how to read applications.

Please update us when you have completed discussions with your client on the School of General Studies and RFPs 61, 62 and 2(3) in furtherance of attempting to come to an agreement on the remaining open issues. Thanks,

Andrew S. Ellington
Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917.326.1842
aellington@gilbertlitigators.com
www.gilbertlitigators.com

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================

Th s ema  and  ts attachments may conta n conf dent a  and/or  ega y pr v eged  nformat on from the  aw f rm of He r ng L ndeman Go dste n & S ega  LLP. Th s  nformat on  s on y for the use of the  ntended rec p ent. If you are not the  ntended rec p ent, you are hereby not f ed that any d sc osure, copy ng, d str but on or the tak ng of any act on  n re ance on the contents of th s ema  and attachments  s str ct y proh b ted and those contents shou d be returned to th s f rm  mmed ate y. A though th s ema  and  ts attachments are be eved to be free of any v rus or other defect that m ght affect any computer system  nto wh ch  t s rece ved and opened, no respons b ty  s accepted by He r ng L ndeman Go dste n & S ega  LLP for any  oss or damage ar s ng  n any way from  ts use. Th s commun cat on,  nc ud ng attachments and enc osures,  s not  ntended to prov de any tax adv ce,  s not a subst tute for a forma  tax op n on, and  s not suff c ent to avo d tax re ated pena t es.

**From:** 568_litigation@gilbertlitigators.com <568_litigation@gilbertlitigators.com> **On Behalf Of** Van Gelder, Amy
**Sent:** Wednesday, April 12, 2023 1:50 PM
**To:** 'Andrew Ellington' <aellington@gilbertlitigators.com>; Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>; Blain, Jordan M <Jordan.Blain@skadden.com>; Stone, Dana M <Dana.Stone@skadden.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>
**Subject:** RE: Columbia University: Plaintiffs' Motion to Compel

Andrew,

Columbia undertook significant efforts and did, in fact, substantially complete its production of all documents it agreed to produce in response to Plaintiffs' First RFPs by the Court-ordered March 3 deadline (including FERPA-redacted documents). In the five months since Columbia served its October 19, 2022 responses and objections to Plaintiffs' First RFPs, Plaintiffs failed to raise any issue or meet and confer concerning any specific requests for which Columbia expressly refused to produce documents. This includes all the requests that are the subject of your motion to compel. Nevertheless, after Plaintiffs filed the motion to compel, Columbia met and conferred in good faith and agreed to produce responsive documents from its agreed custodial and non-custodial sources, notwithstanding its objections.

Your assertion that Columbia is in violation of Court orders is wrong. Columbia did not agree to produce any of the documents at issue here until March 29, 2023, in response to Plaintiffs' motion to compel. Columbia's agreement to substantially complete this production within approximately six weeks—by mid-May—is entirely reasonable and appropriate. Moreover, the extended February 16 deadline you reference (which was actually originally February 13, *see* Dkt. 195), relates to structured data and had nothing to do with FERPA

redactions of documents as you imply below. (And, Columbia met the structured data deadline imposed by the Court, including producing a data dictionary for financial aid data with its production.)

Despite your attempts to manufacture a dispute here, Columbia remains willing to attempt to resolve Plaintiffs' motion. Thus, with regard to First Request 127, Columbia will run the agreed search terms over the agreed-upon Financial Aid sources (in addition to Admissions) and produce responsive, non-privileged documents. Please note that Columbia will be implementing TAR to limit its review going forward, consistent with the Court's orders (Dkts. 261, 330), and we will provide a more detailed TAR disclosure by the end of the day tomorrow.

Also, with respect to First RFPs 20, 23, 128, 129, and 131, Columbia will undertake diligent efforts to locate and produce responsive documents on a "go-get" basis from within its agreed-upon custodial and non-custodial files from Admissions and Financial Aid, and produce any responsive, non-privileged documents to the extent they exist.

As to your concern about an April 30 deadline to complete production of the above-referenced documents, as well as the documents Columbia agreed to produce in response to First RFPs 22, 53, 62, 83, 126, 132, 150, and 157, Columbia understands that Plaintiffs have withdrawn the motion to compel against other Defendants despite not reaching an agreement on this issue. Moreover, this issue is the subject of the joint status report currently before the Court. (Dkt. 344.) Thus, we suggest—as Plaintiffs have agreed to do in conferences with other Defendants—that we leave this issue for the Court to resolve as part of its consideration of the joint status report.

Regardless, we have already stated we would use best efforts to complete as much of the recently agreed production as possible by April 30, and that—although we may be able to complete it sooner—we believe we can substantially complete our production by mid-May—only approximately two weeks later. We remain committed to that proposal despite our agreement today, set forth above, to add another 40,000+ documents to the review in response to First RFP 127.

We believe this resolves all the issues raised in Plaintiffs' motion to compel. We understand that Plaintiffs are now raising an issue concerning whether and to what extent documents should be produced from General Studies. Of course, General Studies and Columbia's custodial and non-custodial source designations were not mentioned in or contemplated by Plaintiffs' motion to compel. Indeed, Columbia made its custodial and non-custodial source designations in October 2022, and explained thoroughly in December 2022 correspondence why General Studies was not among its designations. Despite having this information for months, the first time Plaintiffs indicated they had an issue with Columbia's designations was during our April 3, 2023 meet and confer (after the filing of the motion to compel).

We request a meet and confer concerning this issue to determine whether we can reach an agreement on the reasonable and proportionate provision of information from General Studies, keeping in mind both that General Studies did not participate in 568 Presidents Group or utilize the Consensus Methodology, and that Columbia is not asserting the 568 Exemption as a defense to this action. To the extent the parties are unable to reach an agreement after properly discussing this issue in compliance with L.R. 37.2, we can raise it with the Court.

Please confirm that Plaintiffs will withdraw the motion to compel as to Columbia, and advise when you are available for a meet and confer concerning the General Studies issue recently raised. If you believe there

remain open issues properly raised in your motion to compel, please advise.

Thank you,

Amy

**Amy Van Gelder**
Partner
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: +1.312.407.0903 | F: +1.312.827.9373 | M: +1.312.420.9549
amy.vangelder@skadden.com

Skadden

---

**From:** Andrew Ellington <aellington@gilbertlitigators.com>
**Sent:** Tuesday, April 11, 2023 11:29 PM
**To:** Van Gelder, Amy (CHI) <Amy.VanGelder@skadden.com>; Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>; Blain, Jordan M (CHI) <Jordan.Blain@skadden.com>; Stone, Dana M (NYC) <Dana.Stone@skadden.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>
**Subject:** [Ext] Columbia University: Plaintiffs' Motion to Compel

Amy,

Please find our in-line responses to your letter in ALL CAPS below.

Andrew S. Ellington
Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917.326.1842
aellington@gilbertlitigators.com
www.gilbertlitigators.com


---------- Forwarded message ---------
From: **Van Gelder, Amy** <Amy.VanGelder@skadden.com>
Date: Tue, Apr 11, 2023 at 8:46 PM
Subject: RE: Columbia University: Plaintiffs' Motion to Compel
To: Andrew Ellington <aellington@gilbertlitigators.com>
Cc: Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>, Elpidio Villarreal <elpidiovillarreal60@gmail.com>, Blain, Jordan M <Jordan.Blain@skadden.com>, 568_litigation@gilbertlitigators.com <568_litigation@gilbertlitigators.com>, 568 Litigation <568_Litigation@fnf.law>, Stone, Dana M <Dana.Stone@skadden.com>

Hi Andrew,

We are agreed that Columbia will comply with the case management order deadlines for its responses to Second RFPs 1 and 4, and Third RFP 11.

For First RFPs 22, 62, 83, 126, 132, 150, and 157, we ran the agreed search terms and will produce responsive, non-privileged documents from the custodians currently designated by Columbia. As we stated yesterday, while we will make best efforts to produce as many documents as possible by the end of April, our review team had scaled down (we've asked some reviewers to return) and before we assess the number of documents requiring FERPA redactions among this set, we cannot agree to "complete" production by April 30. We intend to substantially complete this production by mid-May. You agreed to consider this and let us know where you stand. Please advise. **IN LIGHT OF THE COURT ORDER FOR SUBSTANTIAL COMPLETION OF PRODUCTION BY MARCH 3, AND OUR WILLINGNESS TO EXTEND THAT BY 8 WEEKS, COLUMBIA'S INSISTENCE THAT IT "INTENDS" TO COMPLY WITH A COURT ORDER 10 WEEKS LATE IS INAPPROPRIATE AND PREJUDICES OUR PREPARATION FOR DEPOSITIONS. FURTHER, AS TO YOUR REFERENCE TO FERPA REDACTIONS, THE COURT ALREADY EXTENDED A FEBRUARY 16 DEADLINE TO MARCH 6 AND EXPRESSLY REJECTED EXTENDING THAT DEADLINE ONE FURTHER WEEK, SO COLUMBIA'S INTENT TO COMPLY TEN WEEKS AFTER AN ALREADY-EXTENDED COURT-ORDERED DEADLINE IS INAPPROPRIATE FOR THAT REASON AS WELL.**

For First RFP 53, Columbia will determine on a "go-get" basis whether it possesses documents sufficient to show the information called for by the request and produce any appropriate, non-privileged documents it identifies. We will make best efforts to complete the production of the documents identified by April 30. While we don't anticipate issues, we have not yet identified documents responsive to each subpart, so, for that reason, we could not promise that we would produce documents responsive to each subpart. **THE COURT ORDER WAS FOR SUBSTANTIAL COMPLETION OF PRODUCTION BY MARCH 3, I.E., ABOUT 6 WEEKS AGO. EIGHT MONTHS AFTER HAVING RECEIVED A RFP CONCERNING BASIC FINANCIAL INFORMATION ABOUT THE ENDOWMENTS, COLUMBIA HAS STILL "NOT YET IDENTIFIED" DOCUMENTS RESPONSIVE TO A CRITICAL RFP FOR OUR DEPOSITION PREPARATION. THIS IS A VERY IMPORTANT RFP RELATED TO REVENUE MAXIMIZATION AND APPLICATION OF THE PER SE RULE, AS WELL AS AN IMPORTANT RFP REGARDING DAMAGES.**

For First RFP 127, because the globally agreed search terms hit on a disproportionately high number of documents and this request concerns communications with Admissions, we agreed to (and have) run the agreed terms across Admissions sources designated by Columbia and will produce responsive, non-privileged documents. We intend to substantially complete this production by mid-May. You stated that you wanted us to run the terms across all sources because one subpart of the request calls for communications between Admissions and Financial Aid. We believe that, to the extent responsive communications occurred between Admissions and Financial Aid, they would likely include our

Admissions custodians. For this reason, we believe the limitation we proposed is reasonable and proportionate. As you know, to date, Columbia has completed a review of all documents that hit on search terms. We stated that, to the extent additional review beyond that proposed is necessitated, we will consider implementing TAR for our review going forward. **PURSUANT TO THE COURT'S RULING, THERE IS A "PAUSE" ON THE PRESIDENT'S AND DEVELOPMENT OFFICES AS CUSTODIANS; NOW COLUMBIA WANTS TO UNILATERALLY CHANGE THAT COURT RULING AND EXPAND THE LIST OF CUSTODIANS FROM WHOM IT WILL NOT PRODUCE THIS INFORMATION AND EXCLUDE THE FINANCIAL AID OFFICE AS WELL. MOREOVER, HAVING UNILATERALLY REDUCED THE NUMBER OF CUSTODIANS IN A MANNER INCONSISTENT WITH THE COURT'S RULINGS, COLUMBIA "INTENDS" TO COMPLY WITH A COURT ORDER FOR SUBSTANTIAL COMPLETION OF PRODUCTION 10 WEEKS LATE - ONCE AGAIN PREJUDICING OUR DEPOSITION PREPARATION.**

For First RFPs 20, 23, 128, 129, and 131, we explained that to the extent documents responsive to these requests are among the files of Columbia's currently designated custodians and hit on the negotiated search terms (many of which could encompass the subject matter of these requests), Columbia is not withholding such documents on the basis of its objections to these requests. This appears consistent with resolutions reached with other defendants. You stated that other defendants produced additional "go-get" documents responsive to these requests and agreed to provide examples so that we could understand what additional documents you are seeking. Please let us know if you intend to provide the examples. **AS TO YOUR CLAIM, THE NOTION THAT YOU NEED TO "UNDERSTAND WHAT ADDITIONAL DOCUMENTS" PLAINTIFFS ARE SEEKING IS NOT PERSUASIVE CONCERNING THESE VERY CLEARLY-WORDED RFPS. AS TO YOUR REQUEST FOR AN EXAMPLE, VANDERBILT AGREED TO THIS:**

> Vanderbilt confirms that it will undertake diligent efforts to locate and produce responsive documents on a "go-get" basis for RFPs 20, 23, 128, 129, 131, and 13 (3d Set) from within its agreed-upon custodial and non-custodial files from the Admissions and Financial Aid departments. Vanderbilt further confirms that Vanderbilt will complete its production of documents responsive to Plaintiffs' First set of RFPs by April 30, 2023

**COLUMBIA'S FAILURE TO UNDERTAKE SIMILAR EFFORTS IS PART OF A PATTERN OF PREJUDICING OUR DEPOSITION PREPARATION.**

For Second RFP 3, as we have explained in the past and explained again yesterday, Columbia College and Columbia's School of Engineering do not possess documents responsive to this request because they do not apply numerical scoring to applications for admission. We produced admissions data for these schools, including distinction coding and "reader sheets" (to the extent they exist). You stated that you needed to consider this information to determine whether you would withdraw the motion to compel as to this request. Please let us know your position. **AS YOU KNOW, A CENTRAL**

**ALLEGATION CONCERNING COLUMBIA IN THE COMPLAINT HAS ALWAYS CONCERNED THE SCHOOL OF GENERAL STUDIES. OBVIOUSLY, WE NEED THIS ADMISSIONS DATA FROM THE SCHOOL OF GENERAL STUDIES AS WELL.**

As we discussed yesterday, the issue you raise (ostensibly) concerning First Request 62 is not ripe. Columbia has run the agreed search terms for Request 62 across the files of the sources it identified in October and will produce responsive documents, as stated above. That is the only subject of Plaintiffs' motion to compel. You are raising a separate issue concerning Columbia's custodial and non-custodial source designations. We disclosed our custodial and non-custodial sources in October and met and conferred with Plaintiffs about them twice (in November and January), in addition to providing detailed written information in December. We were entirely transparent during those communications that we were not designating General Studies custodians because that school did not participate in the 568 Group or utilize the Consensus Methodology. Therefore, no students who attended General Studies could be class members here. We offered to provide admissible information to this effect and Plaintiffs did not respond. The first time Plaintiffs raised an issue concerning General Studies was during our conferences *after* Plaintiffs' motion to compel was filed. As we stated, we are willing to continue to discuss the provision of reasonable and proportional information from General Studies, but neither this issue nor the custodial designations are presently before the Court. You agreed to consider this. After considering it, is your position that Columbia should designate a General Studies custodian solely for the purpose of responding to First RFP 62? **AS YOU KNOW, THE CONTROLLING STATUTE REQUIRES THAT *ALL* STUDENTS ADMITTED MUST BE ADMITTED ON A NEED-BLIND BASIS. STUDENTS IN THE SCHOOL OF GENERAL STUDIES ARE PLAINLY WITHIN THE MEANING OF THE WORD *ALL*, FOR ALL DISCOVERY PURPOSES.**

Thanks,

Amy

**Amy Van Gelder**
Partner
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: +1.312.407.0903 | F: +1.312.827.9373 | M: +1.312.420.9549
amy.vangelder@skadden.com

Skadden

**From:** Andrew Ellington <aellington@gilbertlitigators.com>
**Sent:** Tuesday, April 11, 2023 5:34 PM
**To:** Van Gelder, Amy (CHI) <Amy.VanGelder@skadden.com>
**Cc:** Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>; Blain, Jordan M (CHI) <Jordan.Blain@skadden.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>

**Subject:** [Ext] Columbia University: Plaintiffs' Motion to Compel

Amy,

This email memorializes where we believe we stand on the remaining issues in regards to Columbia and the Motion to Compel.

**2nd set of RFPs 1, 4 and 3rd set of RFPs 11 -** Plaintiffs agree to withdraw as to these RFPs based upon Columbia's assurances that production of these will be complete by the deadline for those sets of RFPs

**RFPs 22, 83, 126, 132, 150, 157 -** Plaintiffs offered to withdraw if Columbia could confirm production would be complete by April 30. Columbia said they are willing to "attempt substantial completion by mid-May".

**RFP 53 -** Plaintiffs offered to withdraw if Columbia would agree to confirm production of all subparts by April 30. Columbia said they are still "looking into" this RFP and would not confirm production by April 30.

**RFP 2(3) -** Plaintiffs asked for clarification on why Columbia had no documents responsive to this RFP. Columbia said they do not do numerical scoring. They have comments and checkmarks for attributes if they fall into certain criteria but no numerical weights are applied.

**RFP 127 -** Columbia stated that running the globally agreed-upon search terms over only Admissions is appropriate since running the globally agreed-upon search terms over all their custodians more than doubles the 44,000 hits they get with just Admissions. Plaintiffs made the point that this RFP specifically mentions the Financial Aid office, and if it is a communication between someone in the Financial Aid office and a non-custodial employee in Admissions, Columbia's solution would miss those communications. Columbia offered to implement TAR for this RFP.

**RFPs 20, 23, 128, 129, 131 -** While these RFPs do not have search terms, Plaintiffs mentioned that other Defendants have agreed to undertake efforts to make a reasonable search to identify and produce these documents on a "go-get" basis in order to satisfy these RFPs and Columbia has not. Columbia believes there will be some responsive documents in their pre-existing productions.

**RFP 62 -** Columbia's position is that they do not have to identify and produce documents in regards to the School of General Studies since there was never an identified custodian for the School of General Studies and they do not believe the School of General Studies is relevant to this case. Plaintiffs dispute this point and believe production is appropriate as to the School of General Studies for this RFP.

Sincerely,

Andrew S. Ellington
Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917.326.1842
aellington@gilbertlitigators.com
www.gilbertlitigators.com

On Thu, Apr 6, 2023 at 7:27 PM Van Gelder, Amy <Amy.VanGelder@skadden.com> wrote:

Hi Andrew,

We are considering your email of last evening and will revert as soon as possible.

**Amy Van Gelder**
Partner
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: +1.312.407.0903 | F: +1.312.827.9373 | M: +1.312.420.9549
amy.vangelder@skadden.com

Skadden

---

**From:** Andrew Ellington <aellington@gilbertlitigators.com>
**Sent:** Thursday, April 6, 2023 2:26 PM
**To:** Van Gelder, Amy (CHI) <Amy.VanGelder@skadden.com>; Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>
**Subject:** [Ext] Re: Fwd: Henry v. Brown, et al. - Plaintiffs' Motion to Compel

Amy,

We reviewed the Columbia section of the Defendants' Response to the Motion to Compel. Is that intended to be the response to our last email or should we be expecting a direct response to us in continuance of working towards a resolution on these issues? Our last email was sent with the intent of moving discussions forward to eliminate as many points of disagreement as possible. Please advise whether we can expect further correspondence coming from you on this. Thanks,

Andrew S. Ellington
Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917.326.1842
aellington@gilbertlitigators.com
www.gilbertlitigators.com

On Wed, Apr 5, 2023 at 5:06 PM Andrew Ellington <aellington@gilbertlitigators.com> wrote:

> Amy,
>
> Thank you for your email. PD and I have reviewed your correspondence and we appreciate there appear to be several items on which we are moving toward agreement permitting Plaintiffs to withdraw their Motion to Compel as to certain RFPs. On a few other RFPs, we seek some clarification before we can move forward, and for a few others I believe we are currently at an impasse. Please see our comments in-line in red below.
>
> Sincerely,
>
> Andrew S. Ellington
> Associate
> Gilbert Litigators & Counselors, P.C.
> Cell: 917.326.1842
> aellington@gilbertlitigators.com
> www.gilbertlitigators.com

**Page 8 of 15**

---------- Forwarded message ---------
From: **Van Gelder, Amy** <Amy.VanGelder@skadden.com>
Date: Wed, Apr 5, 2023 at 2:15 AM
Subject: RE: Fwd: Henry v. Brown, et al. - Plaintiffs' Motion to Compel
To: Andrew Ellington <aellington@gilbertlitigators.com>, Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>
Cc: Blain, Jordan M <Jordan.Blain@skadden.com>, Steven Magnusson <smagnusson@gilbertlitigators.com>, Elpidio Villarreal <elpidiovillarreal60@gmail.com>, Stone, Dana M <Dana.Stone@skadden.com>


Hi PD & Andrew,

On behalf of Columbia, I am following up on our April 3, 2023, meet and confer concerning plaintiffs' motion to compel. I believe we have resolved the issues raised in plaintiffs' motion, and request that you confirm by 12 pm CT on April 5 that plaintiffs are withdrawing the motion as to Columbia. As we discussed:

- Notwithstanding and without waiver of its objections, Columbia has run the negotiated search terms for First RFP Nos. 22, 62, 83, 126, 132, 150, and 157, and Second RFPs 1 and 4, and will produce responsive, non-privileged documents from the custodians currently designated by Columbia. This resolves the issues raised regarding these requests.  We appreciate this resolution and are willing to withdraw these RFPs (excluding 62, which will be discussed later) from the Motion to Compel provided Columbia agrees to produce these documents prior to April 30th.  Please confirm this is acceptable to you.
- Notwithstanding and without waiver of its objections, Columbia has run the negotiated search terms for First RFP No. 127 on the documents of the Admissions custodians currently designated by Columbia, and will produce responsive, non-privileged documents. Columbia offered this compromise because the negotiated terms hit on a high number of documents when run across all designated custodians and the request specifically calls for communications with Admissions. You stated that you would consider this and confirm it is acceptable. Regardless, because the parties have not reached impasse on this issue, we request you withdraw the motion so we can conclude our discussions on this request.  Unfortunately, we considered but do not accept this more limited response to this RFP.  We do not agree to this limitation for this RFP.
- Notwithstanding and without waiver of Columbia's objections, we agreed to determine on a go-get basis whether Columbia possesses documents sufficient to show the information called for by First RFP No. 53. This resolves the issues raised regarding this request.  We appreciate the attempt for resolution on this RFP and can agree to withdraw it from the Motion to Compel provided we receive confirmation that Columbia's production will

address each subpart to RFP 53 and that Columbia agrees to produce these documents prior to April 30.  Please confirm this is acceptable to you.
- There are no negotiated search terms for First RFP Nos. 20, 23, 128, 129, and 131. To the extent documents responsive these requests are among the files of Columbia's currently designated custodians and hit on the negotiated search terms (many of which could encompass the subject matter of these requests), we are not withholding them on the basis of our objections to these requests. However, consistent with our objections and the Court's order concerning the Development and President's offices, we are not collecting materials from the Development and President's offices in response to these requests. We believe this is sufficient because the issue of whether Columbia is obligated to collect from Development and President's office sources has been deferred by the Court.  This is another issue where it appears we will not be able to reach agreement at this time.  While Defendants are not required to identify and produce documents from cusodians in the President's and Development Offices, that does not preclude production of documents from non-custodial sources within those offices and elsewhere.  As you know, under the Federal Rules, Defendants have an independent obligation to produce responsive documents beyond simply applying asearch terms to custodians.  Plaintiffs need confirmation that the parties reserve their rights as to this issue, with the Plaintiffs' position being that Columbia must search for documents in the President's and Development Offices.
- Columbia does not possess documents responsive to Second RFP No. 3.  Plaintiffs request some clarification on this before withdrawing as to this RFP.  Please confirm Columbia's reasoning and what alternative process, if any, Columbia applies here.
- We discussed plaintiffs' Third RFPs for the first time on April 3.

    - Notwithstanding and without waiver of its objections, Columbia will adapt the negotiated search terms for First RFP No. 22 to Third Request No. 11 and test those terms. Assuming the results are not overly burdensome, we will review the hits and produce responsive, non-privileged documents from the custodians currently designated by Columbia. This resolves the issues raised regarding this request.  We acknowledge this resolution and would be willing to withdraw as to this RFP if Columbia will confirm production related to this RFP will be complete prior to the current deadline for the Third set of RFPs.
    - No search terms have been proposed or agreed for Third RFP No. 13 and, as you acknowledged, a conversation concerning this request is warranted. Because we have not substantively discussed this request, much less reached an impasse, this is not properly the subject of plaintiffs' motion.  We agree further discussion is likely warranted and timely for this RFP.

- Finally, we discussed Columbia's School of General Studies. As you know, Columbia's October 28, 2022, disclosure of custodial and non-custodial data sources did not include General Studies custodial or non-custodial sources. This is because—as we have

reiterated, including during our November 18, 2022, meet and confer and in our December 23, 2022, letter to you—General Studies never participated 568 Presidents Group or utilized the Consensus Methodology. Months ago, we offered to provide plaintiffs a stipulation or affidavit to this effect. During the last five months, plaintiffs have not raised or otherwise suggested that Columbia designate General Studies custodial or non-custodial sources. Nor have plaintiffs responded to our offer to provide a stipulation or affidavit. For the first time on April 3, you took issue with Columbia's custodial and non-custodial source designations, suggesting that General Studies is a proper document source so plaintiffs can discover whether that school is need blind. We explained our position that the designation of General Studies sources is disproportionate, both because General Studies students cannot be class members (they were unaffected by use of the Consensus Methodology) and because Columbia is not asserting the Exemption defense; thus, the burden of broadly collecting, reviewing, and producing from General Studies for this limited purpose greatly outweighs any marginal benefit to plaintiffs. You agreed to consider this position and revert. At any rate, Columbia's custodial and non-custodial source designation is not the subject of plaintiffs' pending motion to compel. As stated above, Columbia has run the agreed terms for First RPF No. 62—concerning non-traditional programs like General Studies—and will produce responsive, non-privileged documents from the files of its currently designated custodians. This resolves the issue raised in the motion. We acknowledge the earlier agreement to run the search terms and produce responsive, non-privileged documents for RFP 62. However, we do seek clarification on a couple of points raised during our Meet and Confer on Monday. Is the School of General Studies need-blind? I believe you indicated as much on Monday, but we seek confirmation on this point. Additionally, you mentioned the School of General Studies either uses the Federal Methodology or the University Methodology, and only recently began to use it. Can you confirm which it is and when they began to use it? As we await clarification on these issues, we would like to reserve the right to seek production of documents from the School of General Studies at this time.

Please let me know if you would like to discuss further. We look forward to your prompt response so we can hopefully avoid burdening the Court with needless briefing on these issues.

Thank you,

Amy

**Amy Van Gelder**
Partner
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
**T: +1.312.407.0903** | **F: +1.312.827.9373** | **M: +1.312.420.9549**
**amy.vangelder@skadden.com**

Skadden

**From:** Andrew Ellington <aellington@gilbertlitigators.com>
**Sent:** Monday, April 3, 2023 10:51 AM
**To:** Van Gelder, Amy (CHI) <Amy.VanGelder@skadden.com>
**Cc:** Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>; Blain, Jordan M (CHI) <Jordan.Blain@skadden.com>; Steven Magnusson <smagnusson@gilbertlitigators.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>
**Subject:** [Ext] Re: Fwd: Henry v. Brown, et al. - Plaintiffs' Motion to Compel

Amy,

If you could send one that would be great. Thanks,

Andrew S. Ellington
Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917.326.1842
aellington@gilbertlitigators.com
www.gilbertlitigators.com

On Mon, Apr 3, 2023 at 11:44 AM Van Gelder, Amy <Amy.VanGelder@skadden.com> wrote:

> Yes, 4:30 ET works. Please let us know if you will send a meeting invitation or if we should. Thanks.
>
> **Amy Van Gelder**
> Partner
> **Skadden, Arps, Slate, Meagher & Flom LLP**
> **155 North Wacker Drive | Chicago | Illinois | 60606-1720**
> **T: +1.312.407.0903** | **F: +1.312.827.9373** | **M: +1.312.420.9549**
> **amy.vangelder@skadden.com**
>
> Skadden

**From:** Andrew Ellington <aellington@gilbertlitigators.com>
**Sent:** Monday, April 3, 2023 10:29 AM
**To:** Van Gelder, Amy (CHI) <Amy.VanGelder@skadden.com>
**Cc:** Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>; Blain, Jordan M (CHI) <Jordan.Blain@skadden.com>; Steven Magnusson <smagnusson@gilbertlitigators.com>; Elpidio Villarreal <elpidiovillarreal60@gmail.com>
**Subject:** [Ext] Fwd: Henry v. Brown, et al. - Plaintiffs' Motion to Compel

Amy,

We can confirm that we are available for 4:30pm ET today. PD and I will be on this call. Please confirm this time still works for you. Thanks,

Andrew S. Ellington
Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917.326.1842
aellington@gilbertlitigators.com
www.gilbertlitigators.com

**From:** "Van Gelder, Amy" <Amy.VanGelder@skadden.com>
**Date:** April 2, 2023 at 11:04:13 AM EDT
**To:** Steven Magnusson <smagnusson@gilbertlitigators.com>
**Cc:** Elpidio Villarreal <pdvillarreal@gilbertlitigators.com>, "Blain, Jordan M" <Jordan.Blain@skadden.com>, Elpidio Villarreal <elpidiovillarreal60@gmail.com>
**Subject: Re: Henry v. Brown, et al. - Plaintiffs' Motion to Compel**

Could we do 4:30ET?

Amy Van Gelder
312.407.0903 (w)
312.420.9549 (c)

> On Apr 1, 2023, at 9:08 PM, Steven Magnusson <smagnusson@gilbertlitigators.com> wrote:
>
> Thanks, Amy. Can we do Monday at 4:00 ET?
>
> Steven Magnusson
> Senior Associate
> Gilbert Litigators & Counselors, P.C.
> Cell: 617.894.9312
> smagnusson@gilbertlitigators.com
> www.gilbertlitigators.com
>
> ---
>
> **From:** Van Gelder, Amy <Amy.VanGelder@skadden.com>
> **Sent:** Friday, March 31, 2023 1:29 PM
> **To:** 'smagnusson@gilbertlitigators.com' <smagnusson@gilbertlitigators.com>; 'Elpidio Villarreal' <pdvillarreal@gilbertlitigators.com>
> **Cc:** Blain, Jordan M <Jordan.Blain@skadden.com>; 'Elpidio Villarreal' <elpidiovillarreal60@gmail.com>
> **Subject:** RE: Henry v. Brown, et al. - Plaintiffs' Motion to Compel
>
> Hi PD & Steve,
>
> I am following up on my correspondence from earlier this week to see if we can schedule a meet and confer for Monday, ahead of defendants' deadline to respond to plaintiffs' motion to compel. I think a conversation would help us eliminate or at least materially reduce any remaining areas of dispute as to Columbia. I am available 10:30-1pm CT or after 3:30 CT Monday if there is a time in those windows that could work for you. Thanks.
>
> **Amy Van Gelder**
> Partner
> **Skadden, Arps, Slate, Meagher & Flom LLP**
> 155 North Wacker Drive | Chicago | Illinois | 60606-1720
> **T: +1.312.407.0903** | **F: +1.312.827.9373** | **M: +1.312.420.9549**
> amy.vangelder@skadden.com
>
> Skadden

**From:** Van Gelder, Amy (CHI)
**Sent:** Wednesday, March 29, 2023 10:22 AM
**To:** 'Steven Magnusson' <smagnusson@gilbertlitigators.com>; 'Elpidio Villarreal' <pdvillarreal@gilbertlitigators.com>
**Cc:** Carbone_Defs_Service@listserv.whitecase.com; 568 Litigation <568_Litigation@fnf.law>; 568_litigation@gilbertlitigators.com
**Subject:** Henry v. Brown, et al. - Plaintiffs' Motion to Compel

Dear PD & Steve,

On behalf of Columbia, please see the attached correspondence concerning Plaintiffs' March 21 motion to compel. We request a meet and confer as soon as possible this week to resolve any outstanding issues. Please let me know when would be convenient for a call.

Thanks,

Amy

**Amy Van Gelder**
Partner
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
T: +1.312.407.0903 | F: +1.312.827.9373 | M: +1.312.420.9549
amy.vangelder@skadden.com

Skadden

-------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================

------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
===


--
Andrew S. Ellington
Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917.326.1842
aellington@gilbertlitigators.com
www.gilbertlitigators.com


------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=========================================================================

------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=========================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================

Th s ema  and  ts attachments may conta n conf dent a  and/or  ega y pr v  eged  nformat on from the  aw f rm of He r ng L ndeman Go dste n & S ega  LLP.  Th s  nformat on  s on y for the use of the  ntended rec p ent. If you are not the  ntended rec p ent, you are hereby not f ed that any d sc osure, copy ng, d str but on or the tak ng of any act on  n re  ance on the contents of th s ema  and attachments  s str ct y proh b ted and those contents shou d be returned to th s f rm  mmed ate y.  A though th s ema  and  ts attachments are be  eved to be free of any v rus or other defect that m ght affect any computer system  nto wh ch  t  s rece ved and opened, no respons b  ty  s accepted by He r ng L ndeman Go dste n & S ega  LLP for any  oss or damage ar s ng  n any way from  ts use.  Th s commun cat on,  nc ud ng attachments and enc osures,  s not  ntended to prov de any tax adv ce,  s not a subst tute for a forma  tax op n on, and  s not suff c ent to avo d tax re ated pena t es.