UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**DEFENDANTS' MOTION TO FILE UNDER SEAL ITS
OPPOSITION TO PLAINTIFFS' MOTION TO LIMIT REDACTION
OF DONOR NAMES AS TO NORTHWESTERN AND YALE**

Pursuant to the Agreed Confidentiality Order (Dkt. 254) and Local Rule 26.2, Defendants Northwestern University (Northwestern) and Yale University (Yale) respectfully request that the Court grant this Motion to File Under Seal its Opposition to Plaintiffs' Motion to Limit Redaction of Donor Names As To Northwestern and Yale (the "Opposition to Plaintiffs' Motion") and would show the following:

1

**BACKGROUND**

1. On October 26, 2022, the Court entered an Order (Dkt. 231) acknowledging that good cause existed for the entry of a Confidentiality Order providing for the redaction of Personally Identifiable Information ("PII") under 20 U.S.C. §§ 1232g(a)(4)(A) and 1232g(b)(1) of the Family Educational Rights and Privacy Act ("FERPA"). This Confidentiality Order "allow[ed] Defendants to safeguard the continuing confidentiality of Education Records that may be produced in this action." Dkt. 231 at 2.

2. On November 22, 2022, the Court entered the final Agreed Confidentiality Order (Dkt. 254) outlining what materials may be designated as containing Confidential Information and how those materials must be treated. Under the Confidentiality Order, a party may designate documents as "Confidential" or "Attorneys' Eyes Only." *Id.* ¶¶ 2(a)-(b). Documents may be designated as "Attorneys' Eyes Only" where they contain "highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party. *Id.* ¶ 2(b). This designation was intended to strictly limit access to such documents to a small universe of individuals, including the Court, counsel, and contractors, consultants, and court reporters who require access. *Id.* ¶ 6(c).

3. On May 8, 2023, Plaintiffs filed a Motion to Limit Redactions of Donor Names as to Northwestern and Yale ("Plaintiffs' Motion") with attached Exhibits A-F (Dkt. 355). The exhibits contained within this filing included documents designated as Attorneys' Eyes Only under the Confidentiality Order, including highly sensitive documents containing information protected under FERPA. Plaintiffs' Motion and these confidential documents were inadvertently filed on the public docket and subsequently placed under seal on motion from the Plaintiffs. *See* Dkt. 357,

Plaintiffs' Motion to Retain Seal on Plaintiffs' Motion, at 1-2; Dkt. 359, Minute Entry Granting Plaintiffs' Motion to Retain Seal.

## LEGAL STANDARD

4. The Seventh Circuit has long recognized that "[i]nformation that affects the disposition of litigation belongs in the public record *unless* a statute or privilege justifies nondisclosure," and documents containing confidential information may be sealed. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (emphasis added). A court may enter an order directing a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See, e.g.*, *Bond v. Uteras*, 585 F.3d 1061, 1074 (7th Cir. 2009).

## DISCUSSION

5. "[A] court may for good cause shown enter an order directing that one or more documents be filed under seal." Loc. R. 26.2(b). Defendants move to place their Opposition to Plaintiffs' Motion under seal as it quotes from and discusses the documents containing Confidential Information designated as Attorneys' Eyes Only to which Plaintiffs' Motion cites. The quotations and discussion implicate students' Education Records that Defendants are obligated under FERPA to protect. 20 U.S.C. § 1232g(b)(2) (finding a lack of compliance under FERPA where an institution has a "practice of releasing, or providing access to, any personally identifiable information in education records"). Defendants have not made this sensitive information publicly available, and these discussions should remain under seal so as to protect the privacy interests of the students and families encompassed by FERPA, which the Court provided for in its FERPA Order and Confidentiality Order. Dkt. 231; Dkt. 254. This is especially true given that these privacy interests have already been undermined by Plaintiffs' inadvertent filing of these

3

highly sensitive documents on the public docket, notwithstanding that these documents have since been sealed. *See supra* ¶ 3.

6. The Court has already granted Plaintiffs' Motion to Retain Seal on its Motion to Limit Redactions (*see* Dkt. 359), due in part to the fact that "Plaintiffs' Motion discusses, references, and appends certain information designated as Confidential and Attorneys' Eyes Only under the terms of the Confidentiality Order entered by this Court." Dkt. 357 at 2. Under the Confidentiality Order, Defendants' counsel must also "make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential and Attorneys' Eyes Only Information." Dkt. 254 ¶ 6(d). Thus, Defendants respectfully ask that they be permitted to file under seal an unredacted version of their Opposition to Plaintiffs' Motion, which likewise discusses and references the same information, designated as Confidential and Attorneys' Eyes Only under the terms of the Confidentiality Order, as Plaintiffs' Motion.

7. The Confidentiality Order provides that any party wishing to file a document designated as Confidential Information must comply with Local Rule 26.2. Dkt. 254 ¶ 10. As required by Local Rule 26.2(c), Defendants are filing their Opposition to Plaintiffs' Motion under seal, and simultaneously are filing a redacted, "public-record version."

## CONCLUSION

For the foregoing reasons, Defendants Northwestern and Yale respectfully request that the Court grant this motion and enter an order permitting Defendants to file a sealed version of their Opposition to Plaintiffs' Motion.

Dated: May 19, 2023 	Respectfully submitted,

By: */s/ Scott D. Stein*

Scott D. Stein
Kathleen L. Carlson
Benjamin K. Brunner
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
sstein@sidley.com
kathleen.carlson@sidley.com
bbrunner@sidley.com
*Counsel for Defendant Northwestern University*

By:*/s/ Charles A. Loughlin*

Charles A. Loughlin
Benjamin F. Holt
Jamie Lee
Molly Pallman
Christopher Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel.: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
jamie.lee@hoganlovells.com
molly.pallman@hoganlovells.com
chris.fitzpatrick@hoganlovells.com
Stephen Novack
Stephen J. Siegel
Serena G. Rabie
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza
Chicago, IL 60606-1501
Tel.:(312) 419-6900
snovack@atllp.com
ssiegel@atllp.com
srabie@atllp.com
*Counsel for Defendant Yale University*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, the foregoing document was served on all counsel of record by email or using the CM/ECF system, which will send notice of this filing to all parties, as set forth below:

Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
Steven Magnusson
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com
amarquez@gilbertlitigators.com
smagnusson@gilbertlitigators.com

Devin "Vel" Freedman
Edward J. Normand
Peter Bach-y-Rita
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law

Eric L. Cramer
Caitlin G. Coslett
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division

Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*/s/ Scott D. Stein*
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603