**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SIA HENRY, *et al.*, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No.: 22-cv-00125 |
| BROWN UNIVERSITY, *et al.*, | Hon. Matthew F. Kennelly |
| Defendants. | |

**<u>JUNE 9, 2023, JOINT STATUS REPORT</u>**

I.    **Plaintiffs' Statement of Relevant Issues**

Plaintiffs respectfully submit that there are several issues for the Court to understand the status of the case and, in some instances, to provide guidance.

*First,* certain Defendants are overusing the Attorneys'-Eyes-Only designation, making discovery inefficient and more costly as the parties waste time fighting over confidentiality designations and how to show deposition witnesses pertinent documents. Plaintiffs have approached the Defendants about various compromises and requests to mass de-designate documents. The parties have made substantial progress in that regard. When the Parties started the process of meeting and conferring a couple months ago about the extent of the AEO designations, four universities had applied the strict AEO definition and designated 2% of their documents or fewer as AEP, while several had designated more than 5%, and seven even had double digit percentages (one as high as 57%).  We have made progress but are still trying to resolve the excessive designation issues with 8 universities.

Such mass-AEO designation makes the process for challenging AEO designations in the Confidentiality Order (at 15-16) unduly cumbersome. The mass designation also goes against the Court's "Miranda" warning in the context of privilege logs and redactions that overzealous protection of information and documents is inappropriate. *See* Oct. 26, 2022 Tr. 40:16-18, 24-25; Dec. 21, 2022 Tr. 6:18-25. Having brought the issue to the Court's attention, Plaintiffs will continue to try to resolve the issue with Defendants, but expect to have to file a motion for the relief that Plaintiffs regard as sensible and appropriate.

*Second*, the most immediate impact of the AEO over-designation problem is that Plaintiffs are stymied when trying to show AEO-tagged documents to a Defendants' own current employees (unless it is indisputable that the witness authored or previously received the document). If there were only a few such AEO documents, Plaintiffs could negotiate them on a one-off basis. As a

practical matter, however, the sheer number of AEO documents makes that impossible. In a last attempt to find a compromise solution to avoid the need for Court guidance, as the parties have done since March, on June 5, 2023, Plaintiffs wrote to Defendants seeking permission to "use documents that have been designated Attorneys' Eyes Only ('AEO') by Defendants in depositions with current and former employees of the individual University from which the documents originated." Defendants declined to provide such permission.

The parties are thus at an impasse, and a number of depositions are scheduled and being scheduled for this summer; and, as noted, the parties are still negotiating the broader AEO dispute with the Defendants as a group and at the individual level. Accordingly, Plaintiffs ask the Court for a limited amendment to paragraph 6(c) of the Confidentiality Order (Dkt. No. 254), adding a new category of person who can review AEO documents. The new paragraph would read:

> **Employees at Depositions**. During their depositions or in preparation for their deposition, witnesses in this action who are current employees of the Party from which the documents originated, provided that counsel for the party intending to disclose the information has a good-faith basis for believing that such information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of **ATTORNEYS' EYES ONLY** documents, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and may receive sealed copies of exhibits for a remote deposition pursuant to any remote deposition stipulation or order that the Court may subsequently enter. Pages of transcribed deposition testimony or exhibits to depositions that are designated **ATTORNEYS' EYES ONLY** pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

This limited amendment will ensure that depositions can proceed without delay this summer, while providing the parties additional time to determine whether any further progress can be made about Defendants' overall approach to AEO designations.

*Third*, Beginning in March, Defendants provided structured financial aid and admissions data, in response to a compromise reached between the parties with respect to such data called for in Plaintiffs' First and Second Requests for Production. Before processing these data, Plaintiffs and their consulting experts requested Defendants to provide "data dictionaries" so that Plaintiffs could be certain about the definitions of the multiple data fields. Once Defendants provided these dictionaries, a process that was largely completed on or about the beginning of May, Plaintiffs and their consultants were able to process the data, and to organize it in such a fashion as would permit detailed analysis. As the data processing has continued, Plaintiffs have requested from each Defendant (excepting Columbia, which will approached shortly after its data are more fully processed) further clarifications about certain data fields, most importantly which data fields constituted the Expected Family Contributions (EFCs) that each of the Defendants actually used in making their financial need and aid determinations, data which are central to both the liability and damage phases of the case. As of the date of this JSR, the data clarification process is ongoing and may continue as Plaintiffs require resolution of certain issues. But at minimum, Plaintiffs need to know the fields in the Financial Aid structured data that refer to the actual EFCs Defendants have used in making their financial determinations. While several Defendants have provided this information, others still have not. Accordingly, Plaintiffs ask that the Court order production of this information to Plaintiffs no later than June 16, 2023.

*Fourth*, Plaintiffs are at an impasse with Defendants on whether Defendants will provide them with records necessary accurately to respond to certain interrogatories. In their First Set of Interrogatories, Defendants served interrogatories seeking detailed information about the kinds and amounts of aid they were offered and actually received.[1] To comply, Plaintiffs diligently made

---

[1] **Interrogatory 1:** For each Institution to which You applied for admission for a fulltime undergraduate program, state (a) whether You applied early decision, early action, regular decision, and/or as a transfer;

4

FERPA request for the relevant records from every third-party university to which they applied. Similarly, because the interrogatories requested information about applications to Defendants themselves, on April 18, 2023, Plaintiffs made a records request to Defendants. *See* Exhibit A. Plaintiffs then followed up on that request on April 25 and May 17. *Id.*

On May 30, 2023—nearly six weeks after the initial FERPA request—Defendants finally notified Plaintiffs that they had taken no steps to gather records and indeed refused to provide them. *See* Exhibit A. In meet and confer, Mr. Suggs speculated that Plaintiffs' emails did not constitute valid FERPA requests, yet FERPA does not prescribe a form of request. Mr. Suggs also told Plaintiffs that the Defendants "might" not have all such records, yet he never searched and does not know. Mr. Suggs also said he did not know what Plaintiffs mean by records sufficient to respond to Interrogatories 1 and 2. Defendants wrote those interrogatories and must understand the information necessary to respond to them.

On Wednesday, May 17, Plaintiffs wrote to Mr. Suggs: "From where I sit, it appears that Defendants would for some reason prefer to receive interrogatory responses unaided by [Defendants' own] institutional FERPA records. It would be helpful to have an open and frank discussion about why that is the case." *See* Exhibit A. Defendants have never gotten any direct answer from Defendants explaining why they do not want Plaintiffs to see accurate institutional

---

(b) whether You were admitted, rejected, waitlisted, admitted off the waitlist, and/or deferred; (c) the categories and amounts of merit- or need-based financial aid for which You applied in each year, whether from an Institution or other third-party (e.g., scholarship); (d) the categories and amounts of financial aid You were awarded (e.g., grant, work-study, loan) in each year, whether from an Institution or other third-party; (e) whether You appealed or requested a modification to the amount of financial aid You were awarded in each year (and if so, whether and how the award was modified); and (f) the amount of Your expected family contribution as determined by that Institution in each year you were awarded financial aid. **Interrogatory 2:** Identify all individuals or entities who provided the funding used to pay the costs of Your undergraduate studies (including tuition and fees, room, board, and books and supplies) that were not fully covered by financial aid, and for each such individual or entity state the amount provided by such person by year and the terms on which such funding was provided (e.g., whether the funding was provided to You or on Your behalf as a gift, donation, loan, allowance, or credit, or whether there were any other conditions or requirements on which such funding was provided to You or on Your behalf).

records when drafting their responses to Defendants' interrogatories. Defendants may believe they gain some advantage by forcing Plaintiffs to give inaccurate and incomplete responses to the interrogatories, that then must be amended and supplemented after Plaintiffs finally get Defendants' own FERPA records. Whatever the motivations at play, the back-and-forth has gone on long enough and calls for the Court's guidance.

*Fifth*, Defendants have not produced full sets of key documents. Defendants have not produced the Consensus Methodology elements as used in each year over the past 20 years. Also, Plaintiffs discovered only last month, through document review, that the 568 Group was engaged in a systematic exchange of granular financial aid and admissions data through a series of "color books" (Yellowbook, Bluebook, Brownbook, etc.), published every year by the Consortium on Financing Higher Education (COFHE), which housed and provided administrative support to the 568 Group and acted as a hub for the 568 Group's communications and exchange of information central to the claims in this case. Defendants have produced documents making clear that access to the books was conditioned on 568 Group participation. Plaintiffs do not have a full set of color books from any Defendant, much less all documents related to and mentioning the color books. Since exchange of the color books was integral to the information sharing aspect of the conspiracy, Plaintiffs will need to move to compel if this issue is not resolved quickly and therefore wanted to bring this important issue to the Court's attention.

## II.    Defendants' Statement of Relevant Issues

Defendants were surprised by several of the topics included in Plaintiffs' portion of this status report, including one "issue" that Defendants learned about yesterday for the first time. Defendants' responses to Plaintiffs' statement are below, as well as a brief update regarding the status of Plaintiffs' parents' document productions.

*First*, there is no ripe dispute regarding Attorneys' Eyes Only ("AEO") designations. As Plaintiffs acknowledge, the parties have made substantial progress in addressing Plaintiffs' expressed concerns regarding AEO designations in certain Defendants' document productions, and Defendants will continue to work cooperatively with Plaintiffs. Paragraph 12 of the Confidentiality Order includes a specific process to address any disagreement about confidentiality designations. When Plaintiffs have brought specific documents to a Defendant's attention using that process, each Defendant has responded promptly and addressed Plaintiffs' concerns. Additionally, when Plaintiffs have raised concerns with particular Defendants about confidentiality designations, those Defendants have agreed to undertake additional measures to address Plaintiffs' concerns and to avoid burdening the Court with this issue. Defendants remain willing to consider further reasonable compromise or accommodation.[2]

*Second*, Plaintiffs have not been "stymied when trying to show AEO-tagged documents to a Defendants' own current and former employees." JSR at 2. In the two depositions that have taken place to date, Plaintiffs neither used AEO documents nor raised this issue with those Defendants. When Plaintiffs have sought consent from specific Defendants to use AEO documents with specific witnesses in upcoming depositions, those parties have been able to reach agreement. And

---

[2] Defendants disagree that certain "percentages" of documents designated as AEO is indicative of "excessive designation" because such percentages are highly dependent upon the individual school's unique documents and the overall volume.

7

Defendants have committed to working with Plaintiffs in good faith to address the use of specific documents at specific depositions when necessary.

The blanket revision to the Confidentiality Order that Plaintiffs now seek is unnecessary, and undermines the agreement the parties negotiated with respect to the use of AEO documents. The Confidentiality Order already permits Plaintiffs to show AEO documents to any deponent who authored or received the document; the modification Plaintiffs now seek would permit any current employee of the producing university to be shown these documents, regardless of whether the deponent ever saw the document before or was in a department that had access to the document. There are good reasons for the current provision, which is quite standard in protective orders. For example, it may be inappropriate for lower-level employees to be privy to certain sensitive human resources information about other employees, strategic plans known only to the university's senior leadership, or board-level documents. Accordingly, any modification to the parties' agreed-upon process is best considered on a case-by-case basis in light of concrete information, rather than in the abstract—and even then, only after Plaintiffs have actually raised an issue regarding a specific document with a specific Defendant and reached an impasse.

*Third*, Plaintiffs have reached out to a number of Defendants (including as recently as this week) with questions regarding the Defendants' structured financial aid data and, in particular, data related to the Expected Family Contribution ("EFC"). Defendants who have been asked to identify their structured data fields capturing EFC have either already responded to Plaintiffs or are in the process of gathering information necessary to do so, and will provide that information by July 1, 2023 (the next deadline for production of documents, including structured data).

*Fourth*, Defendants served Plaintiffs with four interrogatories in September 2022. The Court ordered Plaintiffs to answer two of them in February 2023. Hr'g Tr. 20:13-18, Feb. 8, 2023.

Plaintiffs still have not answered. Instead, they now ask the Court for "guidance" about a "records request," purportedly under FERPA, for information potentially responsive to the interrogatories.

There is no ripe dispute for the Court to resolve at this time. Plaintiffs notably do not claim that their "records request" relates to any deficiency in Defendants' document productions. Nor could they, because Defendants have produced voluminous information that Plaintiffs could use to inform their interrogatory responses, including structured data containing details about Plaintiffs' financial aid awards, as well as other documents about those aid awards.[3]

Plaintiffs suggest that Defendants have "refused to gather records" in response to a FERPA request. To the contrary, Defendants have asked Plaintiffs to identify the records they believe they need and have agreed to consider any specific request. Plaintiffs have not specified which records they want from which Defendant(s). For example, their initial request stated, "[P]laintiffs will have to rely on records from the defendants' offices [to respond to the interrogatories]. . . . Plaintiffs hereby request that information from defendants' offices."

More fundamentally, Plaintiffs should answer the interrogatories with the information in their possession, as ordered by the Court in February. Defendants are not obligated to answer the interrogatories for Plaintiffs, directly or indirectly. Plaintiffs already attempted to avoid answering the interrogatories on the ground that Defendants have responsive information in their own files, and the Court ordered them to respond anyway. *See* Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Compel Disc. at 3, *Henry v. Brown Univ.*, No. 22-cv-125 (N.D. Ill. Jan. 25, 2023), ECF No. 298; Hr'g Tr. 20:13-18, Feb. 8, 2023. Defendants have now produced ample information regarding their

---

[3] The structured data is de-identified to protect Personally Identifiable Information under FERPA. Plaintiffs have never requested their unique identification codes associated with their own data, but Defendants, in an attempt to resolve any concern about Plaintiffs' supposed need for data, recently provided those identifiers unsolicited.

financial aid. Moreover, the interrogatories seek information that Defendants do not have, such as persons "who provided the funding used to pay the costs of [Plaintiffs'] undergraduate studies."

Accordingly, there is no need for this Court to provide "guidance" to Plaintiffs.

*Fifth*, Plaintiffs' issue concerning COFHE "color books" was raised for the first time as to most Defendants when they received Plaintiffs' draft of their portion of this JSR. As such, Defendants are at a loss as to why it has been included in the JSR at all. We note that some Defendants have already produced numerous COFHE reports that Plaintiffs are now asking about. In addition, Plaintiffs have issued a subpoena to COFHE in which the information that Plaintiffs describe has presumably been requested, and COFHE recently produced documents in response to that subpoena. Should discovery from COFHE not resolve that issue, Defendants will, of course, be available to meet and confer with Plaintiffs as to the referenced documents. And as a general matter, if Plaintiffs believe that any Defendant has failed to comply with its discovery obligations, then they should raise such concerns with that Defendant in the first instance. Raising issues for the first time in a JSR (along with a threatened motion to compel), when Plaintiffs have not even discussed these issues with the Defendants, is simply not the correct approach.

*Sixth*, Plaintiffs' parents made a first production of documents on June 2, 2023. Of the 13 parents subpoenaed, two parents produced a total of 31 documents. Plaintiffs informed Defendants that the productions of the parents' documents are now substantially complete.

Dated: June 9, 2023                         Respectfully submitted,


By:/s/ Edward J. Normand                    By:/s/ Jon Roellke
Devin "Vel" Freedman                        Jon R. Roellke
Edward J. Normand                           MORGAN, LEWIS & BOCKIUS LLP
Peter Bach-y-Rita                           1111 Pennsylvania Avenue, NW
FREEDMAN NORMAND                            Washington, DC 20004-2541
FRIEDLAND LLP                               Tel.: 202-739-5754
99 Park Avenue                              jon.roellke@morganlewis.com
Suite 1910
New York, NY 10016                          Noah J. Kaufman
Tel.: 646-970-7513                          MORGAN, LEWIS & BOCKIUS LLP
vel@fnf.law                                 One Federal Street
tnormand@fnf.law                            Boston, MA 02210
pbachyrita@fnf.law                          Tel.: 617-341-7590
                                            noah.kaufman@morganlewis.com
/s/ Robert D. Gilbert
Robert D. Gilbert                           *Counsel for Defendant Brown University*
Elpidio Villarreal
Robert S. Raymar*                           By:/s/ Deepti Bansal
Sarah Schuster                              Deepti Bansal
Steven Magnusson                            Alexander J. Kasner
GILBERT LITIGATORS &                        COOLEY LLP
COUNSELORS, P.C.                            1299 Pennsylvania Avenue, NW
11 Broadway, Suite 615                      Suite 700
New York, NY 10004                          Washington, DC 20004-2400
Phone: (646) 448-5269                       Tel.: 202-728-7027
rgilbert@gilbertlitigators.com              dbansal@cooley.com
pdvillarreal@gilbertlitigators.com          akasner@cooley.com
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com             Matthew Kutcher
amarquez@gilbertlitigators.com              COOLEY LLP
smagnusson@gilbertlitigators.com            110 N. Wacker Drive
                                            Chicago, IL 60606
* *Pro hac vice*                            Tel.: 312-881-6500
                                            mkutcher@cooley.com
Eric L. Cramer
Caitlin G. Coslett                          *Counsel for Defendant California Institute of*
BERGER MONTAGUE PC                          *Technology*
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: 215-875-3000                          By:/s/ Amy Van Gelder
ecramer@bm.net                              Amy Van Gelder
ccoslett@bm.net                             John Kocoras

Daniel J. Walker
Robert E. Litan
Hope Brinn
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel.: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel.: 312-407-0508
amy.vangelder@skadden.com
john.kocoras@skadden.com

Karen Hoffman Lent
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
Room 40-216
New York, NY 10001-8602
Tel.: 212-735-3276
karen.lent@skadden.com

*Counsel for Defendant The Trustees of
Columbia University in the City of New York*

By:*/s/ Norm Armstrong*
Norman Armstrong
Christopher C. Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Emily T. Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel.: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Tel.: 312-764-6960
zfardon@kslaw.com

*Counsel for Defendant Cornell University*

By:/s/ *Terri L. Mascherin*
Terri L. Mascherin
Reid J. Schar
JENNER & BLOCK LLP
353 N. Clark Street,
Chicago, IL 60654-3456
Tel.: 312-222-9350
tmascherin@jenner.com
rschar@jenner.com

Ishan K. Bhabha
Douglas E. Litvack
Lauren J. Hartz
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel.: 202-637-6327
ibhabha@jenner.com
dlitvack@jenner.com
lhartz@jenner.com

*Counsel for Defendant Trustees of Dartmouth College*

By:/s/ James A. Morsch
James A. Morsch
Jim.morsch@saul.com
SAUL EWING ARNSTEIN & LEHR
161 North Clark, Suite 4200
Chicago, IL 60601
Tel.: (312) 876-7100
Facsimile: (312) 876-0288
IL Attorney ID #6209558

Christopher D. Dusseault (pro hac vice)
cdusseault@gibsondunn.com
Jacqueline L. Sesia
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 229-7000

*Counsel for Defendant Duke University*

By:/s/ Tina M. Tabacchi
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
Tel.: 312-782-3939
tmtabacchi@jonesday.com

Craig A. Waldman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel..: 202-879-3877
cwaldman@jonesday.com

*Counsel for Defendant Emory University*

By:/s/ Britt M. Miller
Britt M. Miller
Daniel T. Fenske
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com

*Counsel for Defendant Georgetown University*

By:/s/ Jeffrey J. Bushofsky
Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel.: 312-845-1200
jeffrey.bushofsky@ropesgray.com

Chong S. Park
Samer M. Musallam
ROPES & GRAY LLP

2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel.: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

*Counsel for Defendant Johns Hopkins
University*

By:*/s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS BRUCKHAUS DERINGER
700 13th Street, NW
Washington, DC 20005
Tel.: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

*Counsel for Defendant Massachusetts Institute
of Technology*

By:*/s/ Scott D. Stein*
Scott D. Stein
Kathleen L. Carlson
Benjamin R. Brunner
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Tel.: 312-853-7520
sstein@sidley.com
kathleen.carlson@sidley.com
bbrunner@sidley.com

*Counsel for Defendant Northwestern
University*

By:*/s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Cole T. Wintheiser
WILLIAMS & CONNOLLY LLP

15

680 Maine Avenue SW
Washington, D.C. 20024
Tel.: 202-434-5000
rvankirk@wc.com
skirkpatrick@wc.com
jpitt@wc.com
mheins@wc.com
cwintheiser@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for Defendant University of Notre Dame du Lac*

By:*/s/ Seth Waxman*
Seth Waxman
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN
LLP
180 North LaSalle Street
Suite 3600

16

Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the*
*University of Pennsylvania*

By:*/s/ Norm Armstrong*
Norman Armstrong
Christopher C. Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Emily T. Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel.: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Tel. 312-764-6960
zfardon@kslaw.com

*Counsel for Defendant William Marsh Rice*
*University*

By:*/s/ J. Mark Gidley*
J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel.: 202-626-3600
mgidley@whitecase.com

17

Robert A. Milne
David H. Suggs
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Tel.: 212-819-8200
rmilne@whitecase.com
dsuggs@whitecase.com

*Counsel for Defendant Vanderbilt University*

By:*/s/ Charles A. Loughlin*
Charles A. Loughlin
Benjamin F. Holt
Jamie Lee
Molly Pallman
Christopher Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel.: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
jamie.lee@hoganlovells.com
molly.pallman@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Stephen Novack
Stephen J. Siegel
Serena G. Rabie
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501
Tel.: 312-419-6900
snovack@atllp.com
ssiegel@atllp.com
srabie@atllp.com

*Counsel for Defendant Yale University*