# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 31, 2023 RULING ON PLAINTIFFS' MOTION TO LIMIT REDACTIONS OF DONOR NAMES AS TO NORTHWESTERN AND YALE OR, <u>IN THE ALTERNATIVE, MOTION FOR CLARIFICATION</u>**

**INTRODUCTION**

Although titled a motion for "reconsideration" or "clarification," Plaintiffs' motion is plainly not that. Not only does it seek relief against Northwestern and Yale beyond that which was requested in the original motion as to which they purport to seek "reconsideration," Plaintiffs seek to use this motion to have the Court expand such an order to encompass not just Northwestern and Yale, but the remaining fourteen Defendants who were not even the subject of the original motion. A motion for reconsideration "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). It "does not allow a party to revisit strategic decisions that prove to be improvident, to reargue the evidence, to make new arguments, or to introduce new evidence that could have been presented earlier." *HCP of Ill. v. Farbman Grp. I, Inc.*, 991 F. Supp. 2d 999, 1000 (N.D. Ill. 2013).

Plaintiffs' motion does not satisfy these strict—and limited—grounds for reconsideration. Plaintiffs do not present newly discovered evidence pertaining to their original motion against Northwestern and Yale; they merely point out that *other Defendants*—who were not the subject of Plaintiffs' motion against Northwestern and Yale—have produced documents applying purportedly similar FERPA redactions to their own documents. Moreover, much of the evidence to which Plaintiffs now point had already been produced when Plaintiffs filed their original motion.

Plaintiffs' motion also demonstrates no error of law. Plaintiffs assert that they were unable to present oral argument at the hearing that the documents at issue are not FERPA protected at all. Dkt. 385 at 7–8. But Plaintiffs' original motion made no such argument; it merely argued that FERPA allowed the Court to order documents to be unredacted after providing notice to the affected students. Plaintiffs' new argument that FERPA does not apply at all thus has no place in a motion for reconsideration.

It is also wrong. As discussed below—and as conceded in Plaintiffs' motion—a record maintained by a university that is directly related to a student is by definition an education record covered by FERPA. The Court made no error on that front. Plaintiffs' other arguments regarding the 568 Exemption are equally without merit because they have already been considered and rejected by the Court.

Plaintiffs' motion should be denied.

## LEGAL STANDARD

Motions for reconsideration should be granted "only in the rarest of circumstances." *HCP*, 991 F. Supp. 2d at 1000. They are intended to prevent a "grievous wrong [resulting from] some misapprehension or inadvertence by the judge." *Id*. They "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale*, 90 F.3d at 1269. But they do "not allow a party to revisit strategic decisions that prove to be improvident, to reargue the evidence, to make new arguments, or to introduce new evidence that could have been presented earlier." *HCP*, 991 F. Supp. 2d at 1000. Thus, motions for reconsideration may be appropriate when there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). But such problems "rarely arise and the motion to reconsider should be equally rare." *Id*.

## ARGUMENT

I. **Additional Documents Containing Purportedly Similar FERPA Redactions Do Not Constitute "Newly Discovered Evidence" That Warrants Reconsideration.**

Plaintiffs contend that since they filed their original motion on May 9 to limit the FERPA redactions of Northwestern and Yale, other Defendants have produced hundreds of additional, similar documents. Dkt. 385 at 2. But most of the schools identified in Plaintiffs' reconsideration

motion had produced documents containing purportedly similar FERPA redactions *before* Plaintiffs filed their original motion as to Northwestern and Yale, and all of the documents cited or attached as exhibits to Plaintiffs' reconsideration motion were produced before briefing was completed on May 24.[1]  Indeed, Plaintiffs' original motion expressly noted that "[o]ther Defendants, including Dartmouth and Georgetown, also redact[ed] donor names" because of FERPA. Dkt. 358-1 at 2, n.1. At the time they filed their motion, Plaintiffs were well aware that other schools applied purportedly similar FERPA redactions, but they made a strategic decision to make only Northwestern and Yale the target of their motion. Plaintiffs' effort to revisit that decision and not only undo the Court's order, but expand it to Defendants who were not even the subject of the underlying motion is inappropriate and should be denied. *Cf. Bank of Waunakee*, 906 F.2d at 1192 (affirming district's court's denial of a party's request to "enlarge the issues to be considered" in its motion for reconsideration); *Manhattan Constr. Co. v. Phillips*, 2011 WL 13214354, at *5–7 & n.9 (N.D. Ga. July 29, 2011) (holding that a plaintiff's motion for reconsideration of a discovery ruling related to a non-party was not the proper vehicle for asserting claims against the defendants).

Even if the Court were to consider Plaintiffs' claims that "additional" documents were produced by other Defendants since the filing of the original motion (Dkt. 385 at 4), those documents fall far short of being the type of "newly produced evidence" that a motion to reconsider is intended to remediate and are merely additional examples of purportedly similar FERPA redactions identified in the original motion. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987) (affirming the district court's denial of reconsideration because the

---

[1] Some of the documents Plaintiffs identify do not reference a donation, a donor-related applicant, or an individual's donor status at all.

moving party "presented the court with information that had been, for the most part, available to [the moving party] before the decision was rendered, and did so piece-by-piece"). The additional documents Plaintiffs now attach to their reconsideration motion present no new issues beyond those addressed by the Court in connection with the motion against Northwestern and Yale, and Plaintiffs do not argue otherwise. There is nothing new.

**II.     Plaintiffs' New Arguments Regarding Education Records Under FERPA Were Not Raised In Their Original Motion And Do Not Demonstrate A Manifest Error Of Law.**

Plaintiffs next try to manufacture a manifest error of law, contending that the documents at issue are not education records that require redactions under the Family Educational Rights and Privacy Act ("FERPA") at all. Dkt. 385 at 2. According to Plaintiffs, these documents are *not* education records because: (1) they "analyzed the donor's lifetime giving, net worth, and capacity for future donation with only incidental mention of the applicant's qualifications" for admission and (2) they are "nothing like the documents contained in the illustrative list of education records articulated by the U.S. Department of Education." *Id.* at 8–9. The Court should reject this purported ground for reconsideration. First, it is a new argument not made in Plaintiffs' original motion and is therefore inappropriate in a motion for reconsideration. Second, Plaintiffs' assertion that these documents do not fall within the broad statutory definition of "education record" is contrary to the statutory language (and implementing regulations) and case law regarding FERPA.

**A.  New Arguments Are Improper In A Motion For Reconsideration.**

In their original motion, Plaintiffs argued that all donor names should be unredacted because "'FERPA permits disclosure of education records without consent in compliance with a lawfully issued subpoena or judicial order.'" *See* Dkt. 358-1 at 6 (citing 34 C.F.R. § 99.31(a)(9)(i) and (ii) and *McDaniel v. Loyola Univ. Med. Ctr.*, 2015 WL 13901029, at *2 (N.D. Ill. Apr. 28, 2015) for the proposition that: "Disclosure of educational records is permitted under FERPA if it

6

is necessary to comply with a lawfully issued subpoena or judicial order."). Plaintiffs now argue, however, that the documents at issue in that motion are not education records under FERPA at all—an argument that was never made in their prior briefing. A motion for reconsideration does not "allow a party to make new arguments." *HCP*, 991 F. Supp. 2d at 1000. Plaintiffs' motion should be denied on that basis alone.

### B. The Records At Issue Are "Education Records" Protected By FERPA.

Even if the Court were to consider Plaintiffs' new arguments, they are incorrect as a matter of law. Under FERPA, an "education record" is any document that contains information "directly related to a student" that is "maintained by an educational agency or institution or by a person acting for such agency or institution." 34 C.F.R. § 99.3. The definition of "education record" is intended "to be broad in its scope," *Belanger v. Nashua Sch. Dist.*, 856 F. Supp. 40, 48 (D.N.H. 1994), and courts interpret information to be "directly related to a student" if it leads to *identification* of that student. *See, e.g.*, *Champa v. Weston Pub. Sch.*, 39 N.E.3d 435, 441 (Mass. 2015) (finding that certain agreements were education records because they "contain[ed] information directly related to a student" – *i.e.*, the "name of the student (as well as those of the student's parents)"; *Bryner v. Canyons Sch. Dist.*, 351 P.3d 852, 858 (Utah Ct. App. 2015) (concluding that surveillance video was an education record because "the students' images in the [v]ideo constitute[d] information identifying the students" that "directly related" to the students); *State ex rel. ESPN v. Ohio State Univ.*, 970 N.E.2d 939, 947 (Ohio 2012) (concluding that e-mails were education records because they "contain[ed] information identifying student-athletes" that were "directly related to the students").

Plaintiffs' unsupported contention that the documents at issue are not education records because some of them *also* purportedly "analyze information" about donors, Dkt. 385 at 8, is

7

wrong. Courts have expressly rejected the argument that an education record cannot relate directly *both* to a student and to someone else, holding "[i]f a record contains information directly related to a student, then it is *irrelevant* under the plain language in FERPA that the record may also contain information directly related to . . . another person." *Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So. 3d 851, 858 (Fla. Dist. Ct. App. 2013) (emphasis added). The exhibits attached to Plaintiffs' original motion and reconsideration motion (which, of course, only includes a subset of documents produced in this case) unquestionably contain information that identifies students and therefore makes those documents education records under FERPA. *See, e.g.*, Dkt. 355-4 and Dkt. 355-6; Dkt. 387-3–387-19 (containing personally identifiable information, such as student names, information about students' family members, hometown, high school, GPA, and SAT/ACT test scores); *Champa*, 39 N.E.3d at 441; *see also Bryner*, 351 P.3d at 858; *ESPN*, 970 N.E.2d at 947. It makes no difference that the documents may also include other information because "Congress made no content-based judgments with regard to its 'education records' definition." *U.S. v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002).

Plaintiffs further contend that the documents at issue are not education records because they are "nothing like the documents contained in the illustrative list of education records articulated by the U.S. Department of Education." Dkt. 385 at 8–9. But *illustrative* does not mean *exclusive*. *See, e.g.*, *Miami Univ.*, 294 F.3d at 812 (rejecting the argument that FERPA only protects records "relating to individual student academic performance, financial aid or scholastic probation" based on the plain text of FERPA); *W. Chester Univ. of Pa. v. Rodriguez*, 216 A.3d 503, 509 (Pa. Commw. Ct. 2019) (rejecting as "overly narrow" the argument that "the requested emails are not education records" because they were not "kept in the permanent file of any student," noting that "[e]ducation records must be maintained in some way that preserves them

8

and tracks requests for access to them, but placement within a single student's permanent file is not the only action that could constitute such maintenance").

Moreover, Plaintiffs' incorrect and narrow interpretation of FERPA would leave unprotected basic personally identifiable information regarding a student, a result that would be entirely inconsistent with the purpose and text of the statute. Under FERPA, personally identifiable information "*includes, but is not limited to* [t]he student's name, [t]he name of the student's parent or other family members" and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3 (emphasis added). In fact, the "F" in FERPA stands for "Family."

By claiming that "the applicant's qualifications" do not constitute information "directly related to a student," Dkt. 385 at 8, Plaintiffs in essence are asking the Court to ignore this expansive definition of personally identifiable information under FERPA and the intent of Congress and the U.S. Department of Education to ensure broad protection of a student's and family's privacy interests. *See, e.g.,* U.S. Department of Education, *Data De-identification: An Overview of Basic Terms*, https://studentprivacy.ed.gov/sites/default/files/resource_document/file/data_deidentification_terms.pdf ("It is important to note that PII may include not only direct identifiers, such as names, student IDs or social security numbers, but also any other sensitive and non-sensitive information that, alone or combined with other information that is linked or linkable to a specific individual, would allow identification. Therefore, simple removal of direct identifiers from the data to be released DOES NOT constitute adequate de-identification. Properly performed de-identification

9

involves removing or obscuring all identifiable information until all data that can lead to individual identification have been expunged or masked."). Plaintiffs' interpretation would write this part of FERPA's definition of personally identifiable information out of the statute and regulations entirely. Such misguided interpretations have no place in the law. *See U.S. v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008) ("We avoid interpreting a statute in a way that renders a word or phrase redundant or meaningless.").

### III. Plaintiffs' Rehashed Arguments Regarding Their Purported Need For Unredacted Information Under The 568 Exemption Are No Basis For Reconsideration.

As a last resort, Plaintiffs seek reconsideration based on arguments regarding their purported need for unredacted donor information to "prove that Defendants were not entitled to the 568 Exemption." Dkt. 385 at 10. In their original motion, Plaintiffs argued they need donor information to determine "whether a particular donor was able to influence the admissions decisions of many *family members* and friends and whether the donation was made suggesting a *quid pro quo*." Dkt. 358-1 at 9 (emphasis added). They raise these arguments again a second time, contending they must be able to "demonstrate that donor-linked applicants were *family members* . . . and [analyze admissions data] to determine whether and to what extent donor-linked applicants were given *preference* in the admissions process." *See* Dkt. 385 at 9–10. But the Court already considered this argument in connection with Plaintiffs' original motion, *see* May 31, 2023 Hr'g Tr. 14:5–17:24, and Plaintiffs offer nothing new.

The same is true for Plaintiffs' repeated complaints about the purported "omission of UIDs required by the Confidentiality Order" and "excessive redaction of the summary descriptions for admissions decisionmakers[.]" Dkt. 385 at 11. As explained at the hearing, Northwestern and Yale provided Plaintiffs with UIDs to the extent that information was reasonably available in their admissions and financial aid data. *See* May 31, 2023 Hr'g Tr. 9:2–11:2. Plaintiffs' continued

10

assertions that these schools omitted UIDs are false. In any event, the Court already considered these very arguments and determined the most appropriate course of action would be for Plaintiffs to take depositions to determine if there is really an issue. *See id.* at 17:23–18:22; *see also id.* at 19:11–22 ("MR. RAYMAR: Also involved in what your Honor had to say is the assumption that for all of the donor records, we have the unique identification codes for the students, and so we could look to the structured data. In fact, for none of Exhibit B and – THE COURT: I get that. I get that. . . . I get all of that. That doesn't persuade me that I should change the framework, so to speak, So that's my answer.").

The Court also need not consider Plaintiffs' argument regarding the burden associated with giving notice under FERPA (Dkt. 385 at 9) because the Court already addressed that argument and Plaintiffs offer nothing new. *See* May 31, 2023 Hr'g Tr. 18:16–20 (declining to wade into the "arguably cumbersome nature of the procedures that are required under FERPA for the disclosure of, quote/unquote, education records and personally identifiable information"). A motion for reconsideration is not an opportunity for "rehashing previously rejected arguments." *Caisse Nationale*, 90 F.3d at 1270; *HCP*, 991 F. Supp. 2d at 1000.

**IV.     Plaintiffs' Request For "Clarification" Should Also Be Denied.**

Finally, the Court should also deny Plaintiffs' request for clarification that "Plaintiffs need only show that the absence of donor names had an adverse effect on one witness per Defendant before Plaintiffs may come back to the Court to reconsider whether donor names should be unredacted." Dkt. 385 at 13. While it is unclear what Plaintiffs mean by "adverse effect," the Court should nonetheless reject their request because it already noted that specific donor names may not be necessary if a witness can testify about various policies and practices. *See* May 31, 2023 Hr'g Tr. 14:5–15:4. Like the remainder of Plaintiffs' motion, the request for clarification is

11

little more than attempt to relitigate issues that the Court already decided or raise new ones, an approach which is both inappropriate for a "reconsideration" motion and which the Court already specifically rejected. *Id.* at 18:23–19:3 ("THE COURT: I don't want to get another two, six, eight, or 14 motions like this now. You're going to do it the way I said, and you'll come back to me at some point in time when you've done the depositions and you aren't able to get information that you think you need and can show me that you need in order to try to establish the claims.").

## CONCLUSION

For the foregoing reasons, Northwestern and Yale respectfully request that the Court deny Plaintiffs' motion for reconsideration.

Dated: June 23, 2023

Respectfully submitted,

By: */s/ Charles A. Loughlin*
Charles A. Loughlin
Benjamin F. Holt
Jamie Lee
Molly Pallman
Christopher Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel.: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
jamie.lee@hoganlovells.com
molly.pallman@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Stephen Novack
Stephen J. Siegel
Serena G. Rabie
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501
Tel.: 312-419-6900
snovack@atllp.com
ssiegel@atllp.com
srabie@atllp.com

12

*Counsel for Defendant Yale University*

By:*/s/ Scott D. Stein*
Scott D. Stein
Kathleen L. Carlson
Benjamin R. Brunner
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Tel.: 312-853-7000
sstein@sidley.com
kathleen.carlson@sidley.com
bbrunner@sidley.com

*Counsel for Defendant Northwestern University*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on June 23, 2023, I caused a true and correct copy of the foregoing Opposition to Plaintiffs' Motion for Reconsideration of the Court's May 31, 2023 Ruling on Plaintiffs' Motion to Limit Redactions of Donor Names as to Northwestern and Yale, or in the Alternative, Motion for Clarification to be served via electronic mail upon all counsel of record in this action.

                                                  */s/ Jamie Lee*
                                                    Jamie Lee