UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>      Defendants. | Case No.: 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OR CLARIFICATION OF THE COURT'S <u>MAY 31, 2023 ORAL RULING ON PLAINTIFFS' MOTION TO LIMIT REDACTIONS</u>**

**INTRODUCTION**

Plaintiffs' Motion for Reconsideration or Clarification is proper, contrary to Defendants' arguments in opposition, because Plaintiffs have presented newly discovered evidence that was not available when they filed their Motion to Limit to Redactions and have shown—contrary to Defendants' arguments to the Court—how the law properly applies under the circumstances. Defendants assert that: (1) the hundreds of relevant documents Defendants produced after Plaintiffs filed the Motion to Limit Redactions somehow are not "new evidence"; (2) Plaintiffs now impermissibly argue that the Motion to Limit Redactions concerns all Defendants, even though the Court's May 31, 2023 oral ruling applied to all Defendants; (3) Plaintiffs' argument that not all donation records are "education records" under FERPA is a "new argument," even though Plaintiffs expressly made this argument in support of their Motion to Limit Redactions; (4) Defendants have complied with their UID and redaction requirements, despite demonstrable evidence to the contrary; and (5) Plaintiffs' request for relief is impermissibly vague, even though it uses the very language of the Court's May 31 oral ruling.

Plaintiffs respectfully ask the Court to reconsider or clarify its May 31 oral ruling, which denied the Motion to Limit Redactions without prejudice until such a time as most depositions have been completed and Plaintiffs can demonstrate that they are unable to get information necessary to proving the case without the redacted donor names. The May 31 ruling makes probable the reopening of close to 100 depositions, which would substantially burden the Court, the proposed class, the parties, and witnesses, and which would delay discovery, subsequent motions, and trial. By ordering Defendants to un-redact donor names and insert applicant UIDs or names, or clarifying the Court's ruling such that Plaintiffs need only show adverse impact for one witness per Defendant, the Court could more efficiently advance the litigation.

1

**ARGUMENT**

I. **PLAINTIFFS' MOTION FOR RECONSIDERATION OR CLARIFICATION IS PROPER IN SCOPE.**

Defendants incorrectly claim that Plaintiffs are improperly seeking to "expand [the Court's order] to Defendants who were not even the subject of the underlying motion." The Motion to Limit Redactions sought relief as to Northwestern and the Yale, but the Court's ruling on the motion sensibly covered *all* Defendants. *See* ECF 375; May 31, 2023 Tr. 18:23-19:3 ("I don't want to get another two, six, eight, or 14 motions like this now. You're going to do it the way I said, and you'll come back to me at some point in time when you've done the depositions and you aren't able to get the information that you think you need and can show me that you need in order to try to establish the claims."). Plaintiffs appropriately move to reconsider to address the full scope and implications of this ruling, as a court may reconsider an order where it "has made a decision outside the adversarial issues presented to the Court by the parties." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The Court issued a ruling that applied to fourteen Defendants from whom no relief was sought.[1] Accordingly, Plaintiffs had no opportunity to present arguments regarding the applicability of the Motion as to those Defendants. In seeking, reconsideration or clarification of that ruling in its full scope, Plaintiffs are not "enlarg[ing] the issues to be considered."

The precedent Defendants cite is inapposite. *Bank of Waunakee* analyzes a litigant's argument that its motion for reconsideration should have been construed as a motion to amend the complaint. 906 F.2d at 1188. The litigant maintained that by requesting the district court to "enlarge the issues to be considered," the district court should have known that the litigant was actually requesting to amend the complaint. *Id.* at 1192. The Seventh Circuit concluded that the

---

[1] Plaintiffs no longer seek relief as to the University of Chicago, as a settlement is pending.

2

district court did not abuse its discretion in declining to allow an amendment to the complaint absent a motion to amend. The language about "enlarg[ing] the issues" has nothing to do with the proper scope of a motion for reconsideration. *Manhattan Construction Company*'s relevance to Defendants' argument is even more tenuous. The court in that case explained that to the extent the plaintiff was arguing the defendant failed to show it had produced sufficient evidence in response to a request for production, the argument failed because the underlying order regarded production of different documents pertained to a different issue. *Manhattan Constr. Co. v. Phillips*, 2011 WL 13214354, at *7 n.9 (N.D. Ga. July 29, 2011). The court held the plaintiff did not even "attempt to place [the claim] within the context of the standard for motions for reconsideration" and that "a discovery request that has apparently been fully complied with but that does not provide all the information Plaintiff hoped it would, [is not an adequate] ground[] for reconsidering another request directed at a different part (a non-party, actually) in a separate motion to compel." *Id.* (cleaned up). There is nothing analogous about Plaintiffs' motion here.

## II. PLAINTIFFS HAVE PROPERLY PRESENTED NEWLY DISCOVERED EVIDENCE THAT DIRECTLY RELATES TO THE PRIOR RULING TO THE COURT.

Another proper ground for reconsideration is where a party "present[s] newly discovered evidence" that could not have been presented earlier through reasonable diligence. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also Bank of Waunakee*, 906 F.2d at 1191 (identifying "a controlling or significant change in the law or the facts since the submission of the issue to the court" as a proper basis for a motion for reconsideration). Plaintiffs identified hundreds of documents that pertain to the issue, span twelve Defendants, and were produced *after* Plaintiffs had filed their Motion to Limit Redactions. These documents could not have been presented earlier through reasonable diligence, as Plaintiffs did not have access to these documents when filing the Motion; they had not yet been produced.

3

Northwestern and Yale are correct that the remaining fourteen Defendants also redact donor names, omit UIDs, and over-redact information asserting it is required FERPA in the same manner as Northwestern and Yale. The newly discovered evidence goes to the issue of scope that concerned the Court. *See* May 31, 2023 Tr. 18-19. The sheer breadth of redaction of donor names answers questions the Court posed and changes the implications of the Court's ruling, which requests that Plaintiffs complete all relevant depositions before renewing the Motion to Limit Redactions. While such a ruling might cause modest burden as to *two* Defendants, the burden of waiting until the conclusion of 190 depositions for all *sixteen* Defendants and potentially reopening more than half those depositions is tremendous. The newly discovered evidence demonstrates that should the Court grant any *later* renewed motion by the Plaintiffs, reopening nearly 100 depositions is probable and has the potential to severely burden the Court, the proposed class, and the parties. Defendants do not even address this burden argument in their opposition because they have no sensible response to it.

Plaintiffs could not anticipate, moreover, that the Court wanted a broader view about what Defendants beyond Northwestern and Yale were doing, May 31, 2023 Tr. 15-16, or that a ruling on a motion as to Northwestern and Yale would be expanded to encompass all Defendants. Until hearing from the Court on May 31, Plaintiffs had no reason to submit to the Court documents regarding other Defendants' redactions. The Motion for Reconsideration is Plaintiffs' first opportunity to do so. The Court asked the essential question on May 31, at 17:2-5: "So why are we going through this exercise? Why don't we just jump ahead and get to the next step so that people aren't spending the next three months basically in a big wheel-spinning exercise?"

Defendants' reliance on *Rothwell* is also inapposite. In *Rothwell*, the litigant filed a motion to reconsider a summary judgment ruling many weeks after the ruling was issued and cited the availability of new evidence. The new evidence was "(1) deposition of testimony of three witnesses, all of whose depositions had been taken at least a month before the district judge's decision; (2) a memorandum Rosenthal had filed in support of its motion for summary judgment more than five months before the judge's decision; (3) a memorandum from a Rosenthal employee that had been produced at a deposition more than a month before the judge's decision; and (4) two decisions of the Commodity Futures Trading Commission, both of which had been rendered more than a year before the judge issued his decision granting Rosenthal's motion for summary judgment." In subsequent briefing on the motion for reconsideration, the litigant attached additional evidence that was also not "new." The Seventh Circuit therefore concluded that the litigant's failure to raise this evidence was simply a "lack of due diligence" and that the district court therefore did not abuse its discretion in denying reconsideration. Plaintiffs here, in contrast, have exercised all diligence.

### III. PLAINTIFFS' ARGUMENT THAT NOT ALL DONATION RECORDS ARE EDUCATION RECORDS WAS PROPERLY RAISED IN INITIAL BRIEFING AND IS GROUNDS FOR RECONSIDERATION.

Defendants claim Plaintiffs' argument that FERPA does not address donation records is "a new argument" and thus no basis for reconsideration. Opp. Mem. at 6. Defendants are plainly wrong. In consideration of the misplaced bases for opposing the Motion to Limit Redactions, the first line of Plaintiffs' Reply Brief in support of that motion states: "Northwestern and Yale proceed on *the incorrect premise that FERPA protects a donor's name*." ECF No. 367 at 1. Just as fundamental, *the Court itself recognized as early as October 26, 2022, that a donor's name does not create a FERPA-protected education record*. Oct. 26, 2022 Hearing Tr. 27:9-10; 34:11-15. Accordingly, Plaintiffs have appropriately raised the argument in their Motion for

5

Reconsideration given the Court's questioning in the hearing, Defendants' misdirection of the Court, and the audio interruption that may have prevented Plaintiffs from responding to Defendants' incorrect argument.

During the hearing on May 31, 2023, the Court asked the key question: "So if one concludes as I did that a donor's name isn't an education record, why does the fact that disclosure of a donor's name might incidentally result in being able to figure out the name of a student which would be an education record. (Audio interruption.)" May 31, 2023 Tr. 5:2-7. After the audio interruption, defense counsel misled the Court: "But if you go to the definition of personally identifiable information later in that same section, it contains details of what is considered personally identifiable information under FERPA and what needs to be either redacted or is subject to protection." *Id.* at 8:14-17. What Defendants did not tell the Court is that *if a donation record is not an education record*, then consideration of what may be personally identifiable information is not applicable.

Defendants next argue that all the donation records Plaintiffs have placed at issue are education records protected by FERPA. *See* Opp. Mem. at 7-10. This is incorrect and is unsupported by the law. If, as Defendants argue, every record that mentions a student's name, or could identify a student, were an education record, the Code of Federal Regulations would have said just that. It does not. Instead, it says that an "education record" is one that is "directly related to a student," 33 C.F.R. § 99.3, and includes student-related data such as "grades, transcripts, class lists, student course schedules, health records, student financial information, and student discipline files." U.S. DEPARTMENT OF EDUCATION, *Protecting Student Privacy: What Is an Education Record?* (last visited June 15, 2023), https://studentprivacy.ed.gov/faq/what-education-record. The Exhibits to Plaintiffs' Motion to Limit Redactions and the Motion for

Reconsideration contain no such data. Instead, those exhibits are Donation Records, which the Confidentiality Order defines separately from Education Records. *See* ECF No. 254 at 9-10. Defendants in their response *again* conflate the definitions of "personally identifying information" (PII) and "education records." The definition of PII is not relevant until it has been established that a record is an education record, which the exhibits before the Court on the Motion to Limit Redactions and on the Motion for Reconsideration are not.

In particular, Defendants lack support for their claim that internal analyses focusing on a donor's net worth, lifetime giving, relationship to the university, future giving capacity, and assigning a "score" to giving between $40,000 and $279,000,000 are education records. They instead cite a string of state court opinions showing that records *entirely about students* are education records under FERPA. *See Champa v. Weston Pub. Schs.*, 39 N.E.3d 435 (Mass. 2015) (a settlement agreement between a public K-12 school and the minor student's parents regarding *the student's special education services* constitutes an education record); *Bryner v. Canyons Sch. Dist.*, 351 P.3d 852 (Utah Ct. App. 2015) (surveillance footage *of a student at school* is an education record); *State ex rel. ESPN v. Ohio State Univ.*, 970 N.E.2d 939 (Ohio 2012) (school emails *about students' nonacademic activities* constitute education records); *Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So. 3d 851 (Fla. Dist. Ct. App. 2013) (an email *a student sent* complaining about a professor's classroom behavior and teaching style was an education record). In sharp contrast, the exhibits before the Court here are about *donors*.

### IV. DEFENDANTS' REPRESENTATION THAT THEY ARE COMPLYING WITH THE UID AND FERPA REDACTION REQUIREMENTS IS FALSE.

Defendants used rhetoric in opposition to the Motion to Limit Redactions to divert the Court from the standard the 568 Statute articulates. They argued: "Plaintiffs don't need to boil the ocean to get what they want. As the Court said, you know, the question on the table is did the --- under your Honor's ruling is did the universities *consider* the financial circumstances of students or their families." Tr. 17:11-15. That is *not* what Plaintiffs seek to prove. To use the statutory language, Plaintiffs are trying to prove that Defendants "admitted students [with] regard to the financial circumstances of the student involved or the student's family."

Defendants' redaction of donor names coupled with the failure to produce UIDs or the applicant's name, and the improper redaction of other pertinent information, make it probable that "[P]laintiffs [are] not being able to get information that basically I more or less already concluded that they need." May 31, 2023 Tr. 16:24-17:1. The exhibits attached to the Motion to Limit Redactions and to the Motion for Reconsideration prove this point. Every exhibit is a donation record, focused on the donor, their exalted status and record of donations, with most containing nothing about the applicant that would make it an education record under the statute or regulations. Exhibit J, for instance, is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Numerous attendee names are redacted, and even a talking point reads, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Bios of the donors follow, and many are so heavily redacted that they are virtually unreadable. Exhibit L is a heavily redacted MIT ▮▮▮▮▮▮▮▮▮▮ that focuses on *the donor*, resource development, and cultivating a relationship with *the donor*. Defendants were not entitled to redact anything. Yet in nearly all the exhibits, Defendants have redacted everything Plaintiffs need in order to prove that a *family member was admitted* at

8

least in part due to related donors/donations, including redaction of the names of all donors and applicants. It will be impossible for any deponent to testify under oath which donor or applicant was at issue, and what was the admissions decision.[2] Instead, to use the Court's words, "the deponent is going to say, how the heck am I supposed to know? I can't even tell who it was." May 31, 2023 Tr. 16:21-23.

Now that Plaintiffs have answered the Court's inquiry about how extensive this obstruction has been, Plaintiffs adopt the Court's words: "So why are we going through this exercise?" *Id.* at 17:2. Matters are now ripe to answer the Court's next question: "Why don't we just jump ahead and get to the next step…?" *Id.* at 17:2-3.

### V. DEFENDANTS WILL INCUR MINIMAL BURDEN GIVING FERPA NOTICE, IF THE COURT SO ORDERS.

Plaintiffs fully briefed in their Reply Memorandum, Section II, at 9-11, the FERPA notice requirements, which are not at all onerous. Plaintiffs mention it again because the Court said on May 31, 2023: "The reason I kicked that can down the road, which is more or less what I did, had to do with the arguably cumbersome nature of the procedures that are required under FERPA for disclosure, of quote/unquote, education records and personally identifiable information." *Id.* at 18:15-19. Plaintiffs have shown that the records in question are not education records, so FERPA notice is not required. If the Court disagrees, however, then Plaintiffs use Northwestern as an example. If there are 100 applicant names on each president's list, and lists were created in each of the 20 years Northwestern was part of the 568 President's Group, Northwestern would give notice to only 2,000 individuals. Even the form of notice is attached to the FERPA Order in this case. ECF 231. Giving this notice is not burdensome at all.

---

[2] Indeed, this very situation occurred in several depositions that have already taken place. (Depositions of Stuart Schmill (MIT), Morton Schapiro (Northwestern), Jeff Sassorossi (Dartmouth), and Karl Furstenberg (Dartmouth)).

## VI. SHOULD THE COURT DENY RECONSIDERATION, CLARIFICATION IS PROPER, AND THE RELIEF SOUGHT IS CLEAR.

Defendants argue that Plaintiffs' alternative Motion for Clarification that Plaintiffs need only demonstrate that the absence of donor names had an adverse effect on one witness per Defendant before renewing its motion should be denied because "it is unclear what Plaintiffs mean by 'adverse effect.'" The Court already defined the required adverse effect by saying Plaintiffs can renew the motion "at some point in time you've done the depositions and you aren't able to get information that you think you need and can show me that you need in order to try to establish the claims." May 31, 2023 Tr. 18:25-19:3. Plaintiffs simply seek to clarify that they need not take all 190 depositions before coming back to the Court to renew their motion. Given the burden associated with reopening nearly 100 depositions following a renewed motion, Plaintiffs ask the Court to clarify that by "done the depositions," it meant showing an adverse effect on each Defendant, not that every Defendant deposition must be taken prior to renewing the motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Reconsideration or, in the Alternative, Clarification is proper. Plaintiffs respectfully request that the Court order Defendants to (1) un-redact all donor names, (2) insert UIDs or names for the applicants, and (3) un-redact applicant data such as SAT/ACT/GPA, class rank, and other data that do not identify the applicant. In the alternative, Plaintiffs request that the Court clarify that Plaintiffs need only demonstrate adverse impact for one witness per school prior to renewing its Motion to Limit Redactions.

Dated: July 19, 2023                                                                                             Respectfully Submitted,

By:/s/*Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
Steven Magnusson
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
smagnusson@gilbertlitigators.com


Eric L. Cramer
Ellen Noteware
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
enoteware@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

*/s/ Edward J. Normand*
Devin "Vel" Freedman
Edward J. Normand
Peter Bach-y-Rita
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law


*/s/ Robert E. Litan*
Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
dwalker@bm.net
rlitan@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

11