UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>     *Defendants*. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**GEORGETOWN UNIVERSITY'S MOTION TO FILE UNDER SEAL ITS RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST GEORGETOWN UNIVERSITY AND ITS COUNSEL AND FOR RELATED RELIEF**

Pursuant to the Agreed Confidentiality Order (ECF 254) and Local Rule 26.2, Defendant Georgetown University ("Georgetown") respectfully requests that the Court grant this Motion to File Under Seal its Response to Plaintiffs' Motion to Compel and for Sanctions Against Georgetown University and its Counsel and for Related Relief ("Response to Plaintiffs' Motion") and the exhibits cited therein, and would show the following:

1

**BACKGROUND**

1. On October 26, 2022, the Court entered an Order (ECF 231) acknowledging that good cause existed for the entry of a Confidentiality Order providing for the redaction of Personally Identifiable Information ("PII") under 20 U.S.C. §§ 1232g(a)(4)(A) and 1232g(b)(1) of the Family Educational Rights and Privacy Act ("FERPA"). This Confidentiality Order "allow[ed] Defendants to safeguard the continuing confidentiality of Education Records that may be produced in this action." ECF 231 at 2.

2. On November 22, 2022, the Court entered the final Agreed Confidentiality Order (ECF 254) outlining what materials may be designated as containing Confidential Information and how those materials must be treated. Under the Confidentiality Order, a party may designate certain materials as "Confidential" or "Attorneys' Eyes Only." *Id.* ¶¶ 2(a)-(b). Documents may be designated "Confidential" where they contain "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person; or (h) any document protected under the Family Educational Rights and Privacy Act ("FERPA"), including the application, financial aid, or educational records of any applicant, student, or former student." *Id.* ¶ 2(a). Documents may be designated as "Attorneys' Eyes Only" where they contain "highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party. *Id.* ¶ 2(b). These designations were intended to strictly limit access to such

documents to a small universe of individuals, including the Court, counsel, contractors, consultants, and court reporters who require access. *Id.* ¶ 6(c).

3. On July 17, 2023, Plaintiffs filed a Motion to Compel and for Sanctions Against Georgetown University and its Counsel and for Related Relief ("Plaintiffs' Motion") (ECF 402) and a Memorandum of Law In Support of Plaintiffs' Motion ("Plaintiffs' Memorandum"), with attached Exhibits 1-7 (ECF 403). Plaintiffs' Memorandum and the attached exhibits included information that is Confidential and Attorneys' Eyes Only under the Confidentiality Order (ECF 254). Also on July 17, 2023, Plaintiffs filed a Motion to Seal Plaintiffs' Memorandum and the exhibits cited therein ("Plaintiffs' Motion to Seal"). (ECF 404). The Court has not yet ruled on Plaintiffs' Motion to Seal.

## LEGAL STANDARD

4. The Seventh Circuit has long recognized that "[i]nformation that affects the disposition of litigation belongs in the public record *unless* a statute or privilege justifies nondisclosure," and documents containing confidential information may be sealed. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (emphasis added). A court may enter an order directing a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See, e.g.*, *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009).

## DISCUSSION

5. "[A] court may for good cause shown enter an order directing that one or more documents be filed under seal." Loc. R. 26.2(b). Georgetown moves to place its Response to Plaintiffs' Motion, and the exhibits cited therein, under seal as it discusses and references documents containing information that is Confidential and Attorneys' Eyes Only under the terms of the Confidentiality Order (ECF 254), including some of the same information to which Plaintiffs' Motion (which is currently filed entirely under seal) cites. Additionally, exhibits cited

3

in Georgetown's Response to Plaintiffs' Motion implicate students' Education Records that Georgetown is obligated under FERPA to protect. 20 U.S.C. § 1232g(b)(2) (finding a lack of compliance under FERPA where an institution has a "practice of releasing, or providing access to, any personally identifiable information in education records"). Georgetown has not made this sensitive information publicly available, and these discussions should remain under seal so as to protect the legitimate interests of Georgetown University and the privacy interests of the students and families encompassed by FERPA, which the Court provided for in its FERPA Order and Confidentiality Order. ECF 231; ECF 254.

6. The Court has not yet ruled on Plaintiffs' Motion to Seal, which asserted that "[t]he memorandum at issue discusses, references, and appends certain information designated as Confidential and Attorneys' Eyes Only under the terms of the Confidentiality Order." ECF 404. However, as described in Plaintiffs' Motion to Seal, Plaintiffs' Memorandum and the exhibits cited therein were filed provisionally under seal and redacted (public) versions have not yet been filed. *Id*. Under the Confidentiality Order, Georgetown's counsel must also "make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential and Attorneys' Eyes Only Information." ECF 254 ¶ 6(d). Thus, Georgetown respectfully asks that it be permitted to file under seal an unredacted version of its Response to Plaintiffs' Motion and the exhibits cited therein, that discuss and reference the same or similar information (designated as Confidential and Attorneys' Eyes Only under the terms of the Confidentiality Order) as Plaintiffs' Memorandum.

7. The Confidentiality Order provides that any party wishing to file a document designated as Confidential Information must comply with Local Rule 26.2. ECF 254 ¶ 10. As required by Local Rule 26.2(c), Georgetown is filing its Response to Plaintiffs' Motion and the exhibits cited therein provisionally under seal and providing unredacted versions to counsel of

record and the Court. Because Georgetown's Response to Plaintiffs' Motion discusses and references Confidential Information in Plaintiffs' Memorandum—which has not yet been filed publicly in redacted form—Georgetown respectfully requests that the Court allow Georgetown to follow the same redaction procedures proposed in Plaintiffs' Motion to Seal. ECF 404. That is, Georgetown will file a redacted (public) version of the Response to Plaintiffs' Motion via the ECF system within 14 days.

## **CONCLUSION**

For the foregoing reasons, Defendant Georgetown University requests that the Court grant this motion and enter an order permitting Georgetown to file a sealed version of its Response to Plaintiffs' Motion and to file a redacted (public) version of its Response to Plaintiffs' Motion via the ECF within 14 days.

Dated: July 21, 2023

Respectfully submitted,

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
jglickstein@mayerbrown.com
*Counsel for Defendant Georgetown University*