UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br>      *Plaintiffs*,<br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br>      *Defendants*. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**DECLARATION**

Daniel T. Fenske declares the following pursuant to 28 U.S.C. § 1746:

  1.  I have been admitted to practice before this Court, am a member in good standing of the Bar of the State of Illinois, and am an attorney at the law firm of Mayer Brown LLP. I submit this declaration based on my personal knowledge and in support of Georgetown University's Response in Opposition to Plaintiffs' Motion to Compel and For Sanctions Against Georgetown University and its Counsel and for Related Relief.

1

███████████████████████████████████████ **Discovery Regarding Donor Influence**

2.      In October of 2022, Georgetown identified certain document custodians for its search of discoverable material, including Charles Deacon, Georgetown's Dean of Admissions, and his executive assistant, Valerie Youmans. Georgetown identified Mr. Deacon and Ms. Youmans as custodians to ensure, among other things, the collection of materials relating to communications between Admissions Office personnel and Georgetown's President's Office relating to the admissions process and ███████████████████████

3.      On February 24, 2023, Georgetown first produced a formal report that described ███████████████. A true and correct copy is attached as Exhibit 1.

4.      On March 6, 2023, Georgetown made its initial production of structured data from the Admissions Office's Slate database, which contained information on students from the 2017-2018 class year-forward. That data identified admissions candidates who ███████████ ███████████████████████████████. Costanzi Tr. 154:14-22, 290:16-291:24. A true and correct copy of excerpts of Ms. Costanzi's deposition transcript is attached as Exhibit 2. Georgetown supplemented the production of that data on June 30, 2023 as required by the Court's March 8, 2023 order (ECF 330).

5.      In addition, Georgetown has produced a number of internal communications and documents discussing ███████████████. True and correct copies of examples of these communications and documents are attached as Exhibits 3-6.[1]

---

[1] In connection with this filing, Georgetown's counsel determined that certain information that should have been redacted in Exhibits 3, 4, 11, and 12 under the Agreed Confidentiality Order was not. Georgetown has applied additional redactions to that information here, and will produce an overlay file to Plaintiffs of the corrected, redacted documents pursuant to § VIII of the Order Regarding Production of Electronically Stored Information and Paper Documents (ECF 261).

6. Georgetown also produced documents reflecting communications between Advancement and Admissions personnel as to ████████████████████████ ████████████████████████████. True and correct copies of examples of such documents are attached as Exhibits 7-8. Georgetown's structured data productions include a code identifying ████████████████████████████████████████████████████████████████. Ex. 2, Costanzi Tr. 150:7-12.

7. In addition, Georgetown has produced documents discussing ████████████ ████████████ True and correct copies of examples of such documents are attached to this Declaration as Exhibits 9-12.

8. Georgetown has produced 84 copies of ████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████. A true and correct copy of an excerpt of one such document is attached as Exhibit 13.

9. As part of Georgetown's efforts to respond to Plaintiffs' document requests, Georgetown made reasonable efforts to identify original copies of documents sent from the ████████████████████████████████████████████████████████████████ within the Admissions Office's files. As noted above, Georgetown designated Mr. Deacon and Ms. Youmans as custodians for that purpose. Based on that investigation, Georgetown's counsel understood that ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. Georgetown nonetheless applied the parties' agreed upon search terms and the terms of Georgetown's disclosed TAR process to the collected documents to identify documents responsive to Plaintiffs' RFPs, and produced

3

responsive, non-privileged documents identified during that review, including the documents regarding ███████████████████████████████ discussed above. *See supra* ¶¶ 3-5.

10. After Ms. Costanzi's deposition, and in response to Plaintiffs' raising of the lack of production of the "original" ████████ during that deposition, Georgetown's counsel re-engaged to determine if, notwithstanding its earlier investigation, it could locate any copies of the original ████████ from the Admissions Office's files. Those efforts determined that, contrary to counsel's prior understanding, certain copies of these documents had not been discarded. Georgetown also investigated whether any copies of the original ████████ were available within the President's Office files—even though Georgetown was not required to do so given the Court's prior order—and has located certain additional copies of ████████. Upon learning this information, Georgetown's counsel collected all of those materials and is in the process of redacting them consistent with FERPA and the Court's Confidentiality Order. Georgetown will produce them promptly after that redaction is completed. Georgetown's investigation is ongoing, and it will produce any additional copies of ████████████ it locates from the identified sources after making any necessary redactions.

11. At no time did Georgetown or its counsel act to deliberately or knowingly hide or elect not to produce responsive documents.

**Production of Mr. Deacon's DOJ Testimony**

12. On June 22, 2023, Georgetown University produced the transcript of Mr. Charles Deacon's deposition testimony given before the United States Department of Justice. A true and correct copy of excerpts of that transcript is attached to this Declaration as Exhibit 14.

13. During discovery negotiations, Plaintiffs and Defendants disagreed on the scope of Defendants' obligation to produce documents created after the filing of the complaint in this case

4

(January 9, 2022; *see* ECF 1) relating to their admissions or financial aid policies and practices. The Court ruled on that question at a hearing on February 23, 2023, and memorialized that ruling in order entered on March 8, 2023. ECF 330, ¶ 3. The Order provides in relevant part:

> Defendants shall produce . . . documents that were created after the filing of the Complaint and that concern Defendants' admissions and financial aid policies and practices, as follows:
>
> (A) In compliance with existing discovery deadlines (. . . March 3, 2023, for substantial production of documents), Defendants shall produce . . . documents concerning Defendants' admissions and financial aid policies and practices, for students attending through the academic year that began in or about August 2022;
>
> (B) By July 1, 2023, Defendants shall produce . . . documents concerning Defendants' admissions and financial aid policies and practices, for the students expected to be attending in the academic year that begins in or about August 2023.

14. The transcript of Mr. Deacon's testimony was created after the filing of the complaint in this case, and therefore Georgetown understood that its obligation to produce the transcript was governed by the March 8 order. Georgetown determined that the Deacon transcript was not responsive to the Court's March 8 order because the transcript did not describe any admissions policies specific to the 2022 or 2023 classes. But in the lead-up both to Ms. Costanzi's June 29 deposition and the July 1, 2023 discovery deadline, Georgetown again considered the Deacon transcript and elected to produce it so that Plaintiffs had an opportunity to question appropriate witnesses about the substance of the testimony and to avoid later discovery disputes about whether the transcript should have been produced.

15. Following the Court's February 8, 2023 ruling limiting Plaintiffs to 100 RFPs, Plaintiffs withdrew RFP Nos. 162 and 164. RFP No. 162 sought "All Documents produced to any government entity in connection with any investigation, litigation, or criminal prosecution Concerning Your Admissions, Financial Aid, or Development programs, procedures, policies, and practices." RFP No. 164 sought "All Documents Concerning government inquiries or

investigations into the 568 Group's or Your institution's compliance with antitrust laws. This Request includes all communications with any government authority, agency, or department Concerning Your participation in the 568 Group."

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Daniel T. Fenske*