UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125 <br> **Hon. Matthew F. Kennelly** |

**SUPPLEMENT TO JOINT STATUS REPORT OF PLAINTIFFS AND GEORGETOWN TO RESOLVE PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

**PLAINTIFFS' POSITION ON SUPPLEMENTAL FILING**

On the evening of July 31, 2023, the same day the parties filed the Joint Status Report (JSR) concerning Plaintiffs' underlying motion against Georgetown and its counsel for discovery misconduct, Georgetown produced several copies of the ███████ (attached as Exhibits A, B, C, D) at issue in Plaintiffs' motion. This production occurred more than fourteen (14) months after Georgetown and its counsel knew of the ███████ and two and a half months after the Court-ordered deadline to produce all responsive documents.

Plaintiffs have reasonably concluded, from the facts and all appearances, that Georgetown decided to withhold the production of these ██ until the evening of July 31 to prevent Plaintiffs from including them as exhibits to the July 31 JSR. Georgetown's position, that it is simply happenstance that the process of providing UIDs precluded Georgetown from making one or more copies of the ███████ available in time to be used for the JSR for review by the Court, does not alter Plaintiffs views. Those views are sensibly based on the fact that the actual ███████ ██ strongly support Plaintiffs' underlying motion and the points made by the Plaintiffs in the JSR.

First, the ██ are conclusive evidence that Georgetown falsely asserted in the January 13, 2023, JSR that Plaintiffs had proposed merely "hypothetical" and "speculative" scenarios in positing that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████. In the ████████████████████████████████ ████████████████████████████████████████████████████

Second, redacted as they are, the ▮ vividly illustrate Plaintiffs' point that such redactions thwart meaningful discovery. The Court has previously acknowledged that it would not be useful for Plaintiffs to have, and thus improper for Defendant to produce, documents with "NSA"-level redactions. Yet that is the level of redaction in these documents. And Georgetown has compounded the problem by failing to produce with the ▮▮▮ With these NSA level redactions, there is no way, for example to tell if ▮▮▮; and in effect no way to ask a deponent meaningful questions. The ▮ thus underscore points that Plaintiffs made in the recent JSR.

Third, what Georgetown has done with these ▮ also vividly shows how Georgetown's own proposed remedies are inadequate to remedy their infractions, and in fact exacerbate them. Plaintiffs need to ask witnesses (at depositions that are now taking place and others already scheduled) questions they can answer, including ▮▮. A two-step process in which the parties negotiate further—months after an unequivocal court-ordered deadline for production—whether additional documents will be produced to Plaintiffs beyond completely opaque ▮ is unworkable. An adequate remedy requires either the substitution of names for UIDs, or in the very least, the use of a confidential glossary.

Moreover, this case involves matters of national public policy significance and, for that additional reason, should be litigated by all parties in a transparent manner. Considering these facts—and, frankly, the extent to which Georgetown's production of these documents is consistent with the Court's admonition at the July 24 status conference that Georgetown has been playing

2

"dirty pool" with respect to such documents—the Court should order each item of relief sought in Plaintiffs' Proposed Form of Order #1: No Redactions.

## GEORGETOWN'S POSITION ON PLAINTIFFS' SUPPLEMENTAL FILING

This "Supplement to the Joint Status Report" is being made at Plaintiffs' insistence and Georgetown is responding solely to ensure that Plaintiffs' unwarranted attacks do not go unanswered. Plaintiffs are re-hashing arguments that the parties have fully addressed and briefed in both the motion to compel and the July 31 Joint status report. *See* ECF 403 at 10-12; ECF 410 at 6-14; ECF 417 at 1-10. Georgetown does not believe that Plaintiffs' "supplement" adds anything to the issues currently before the Court and it ignores Georgetown's substantial offers of production, but Georgetown largely declines to engage—again—on these same issues and will rest on its prior briefing. Georgetown notes, however, that Plaintiffs' renewed demand that responsive documents be produced completely unredacted ignores the parties' ongoing discussions on a possible path forward that will hopefully satisfy both sides' concerns. ECF 417 at 4, 10. As to Georgetown's production of several of its ▮▮▮▮▮▮▮▮▮▮ on July 31, Georgetown informed Plaintiffs' counsel at 10:00 a.m. Central Time that morning (as part of its draft of the joint status report) that it intended to make a production that day of the first tranche of the very documents that Plaintiffs are and have been requesting. At no point did Plaintiffs ask Georgetown to expedite the production, make it by a specific time in the day, and/or state that Plaintiffs wanted to attach anything to the July 31 joint status report. The parties have made their arguments to the Court and Georgetown respectfully suggests that enough is enough unless and until the Court requests further briefing.

3

Dated: August 4, 2023

By:/s/Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
Sarah Schuster
Steven Magnusson
GILBERT LITIGATORS &
COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com
amarquez@gilbertlitigators.com
smagnusson@gilbertlitigators.com

Eric L. Cramer
Caitlin G. Coslett
Ellen Noteware
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
Richard Schwartz
BERGER MONTAGUE PC
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Respectfully Submitted,

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Peter Bach-y-Rita
FREEDMAN NORMAND
FRIEDLAND LLP
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
pbachyrita@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600

4

bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*