# Exhibit C

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

<u>**Notice of Class Action Settlement**</u>
<u>**Authorized by the U.S. District Court for the Northern District of Illinois**</u>

**A settlement of $13.5 million will provide payments to students who received need-based financial aid to cover some but not all costs (tuition, fees, room, and board) attend Brown University, California Institute of Technology, University of Chicago, Columbia**

1

# University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, Rice University, Vanderbilt University, or Yale University.

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

- The Court has preliminarily approved a proposed settlement ("Settlement") between the University of Chicago and a class of students who attended Brown University, California Institute of Technology, University of Chicago, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, Rice University, Vanderbilt University, and Yale Universities ("Universities" or "Defendants" or "Defendant Universities") during certain time periods. As part of the Settlement, the University of Chicago has agreed to make a settlement payment of $13,500,000 and to provide certain additional information to plaintiffs in this antitrust class action lawsuit called *Henry, et al. v. Brown University, et al.*, 1:22-cv-00125, pending in the United States District Court for the Northern District of Illinois ("Action").

- This Action was brought by certain students who attended Defendant Universities, while receiving partial need-based financial aid. The Action alleges that the Universities conspired in violation of the federal antitrust laws regarding principles, formulas, and methods of determining financial aid. The Action also alleges that as a result, the Universities provided less financial aid than they would have provided had there been full and fair competition. The Universities have alleged that Plaintiffs' claims lack merit; that the Universities' financial aid policies were legal and pro-competitive, and financial aid awards were not artificially reduced; that the Universities have valid defenses to Plaintiffs' allegations; and that Plaintiffs' claims would have been rejected prior to trial, at trial, or on appeal.

- The Settlement is for the benefit of a "Settlement Class," which is composed of the following persons:

   All U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, and (b) received at least some need-based financial aid from one or more Defendants, and (c) directly purchased from one or more Defendants tuition, fees, room, or board that was

2

not fully covered by the combination of any types of financial aid or merit aid (not including loans) from one or more Defendants in any undergraduate year.[1] The Class Period is defined as follows:

- For Chicago, Columbia, Cornell, Duke Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from 2003 through the date the Court enters an order preliminarily approving the Settlement.

- For Brown, Dartmouth, Emory—from 2004 through the date the Court enters an order preliminarily approving the Settlement.

- For Caltech—from 2019 through the date the Court enters an order preliminarily approving the Settlement.

- For Johns Hopkins—from 2021 through the date the Court enters an order preliminarily approving the Settlement.

The time periods for attendance are collectively called the "Settlement Class Period."

Excluded from the Class are:

- Any Officers and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

- the Judge presiding over this Action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person are also excluded from the Settlement Class.

The Court has approved as lawyers for the Settlement Class ("Settlement Class Counsel") the following:

Edward J. Normand
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513

---

[1] For avoidance of doubt, the Class does not include purchasers for whom the total cost they were charged by the Defendant or Defendants whose institution(s) they attended, including tuition, fees, room, or board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

3

tnormand@fnf.law

Robert D. Gilbert
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com

Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000

- The Settlement offers cash payments to members of the Settlement Class who submit valid and timely claim forms later in the process.

- This Notice has important information. It explains the Settlement and the rights and options of members of the Settlement Class in this class action lawsuit.

- For the full terms of the Settlement, you should look at the Settlement Agreement available at [INSERT URL].

- Please check [INSERT URL] for any updates relating to the Settlement or the Settlement approval process.

4

## LEGAL RIGHTS and OPTIONS

**If you are a member of the Settlement Class, your legal rights and options are described in this section. You may:**

**Exclude Yourself**: You may request to be excluded from the Settlement Class. This is the only way you can preserve any right you have to be part of another potential lawsuit that you or others might bring in the future seeking money for claims arising out of the facts alleged in this Action. If you timely request exclusion ("opt out"), you will no longer be part of the Settlement Class, and you will *not* be able to get any money from this Settlement. If you would like to opt out, you must mail your exclusion request by [DD, MM, 2023]. *See* Question 12 for more information on requesting an exclusion.

**Object**: If you do not agree with any part of this Settlement, or you do not agree with the requested award of attorneys' fees, expenses, and/or service awards for the representative Plaintiffs you may:

- Write to the Court to explain why (*see* Question 16 for more information on filing an objection), and

- Ask to speak at the Court hearing about either the fairness of this Settlement or about the requested attorneys' fees, expenses, or service awards. (*See* Question 22).

**Do Nothing:** To remain in the Settlement Class, *you need do nothing now*. However, at a later time, if the Settlement is approved, in order to receive money from the lawsuit, you will need to file a claim form. *See* Question 23 for more information.

**File a Claim**: This is the only way to get money from the Settlement. You must file a timely and valid claim *at a later point in the process*. *See* Question 9 for more information.

**Deadlines:** *See* Questions 12 and 16 for more information about rights and options and all deadlines.

**BASIC INFORMATION**

1. **Purpose of this Notice?**

This notice explains the proposed Settlement in a class action lawsuit called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125, and the legal rights and options of the members of the Settlement Class to participate in it, or not, before the Court decides whether to give final approval to the Settlement. This notice explains the Action, the proposed Settlement, your legal rights, the benefits available, eligibility for those benefits, and how to get them. The Honorable Matthew F. Kennelly in the United States District Court for the Northern District of Illinois is overseeing this Action.

The persons or entities who started this case are called the "Plaintiffs." The Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams.

The Court has preliminarily certified the Settlement Class. The Court has also approved Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams to act as Settlement Class Representatives on behalf of the Settlement Class for purposes of this Settlement only.

The universities Plaintiffs sued in this Action are the "Defendants." Defendants are Brown University, California Institute of Technology, University of Chicago, Trustees of Columbia University in the City of New York, Cornell University, Trustees of Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame du Lac, Trustees of the University of Pennsylvania, William Marsh Rice University, Vanderbilt University, and Yale University. **Although this Settlement resolves claims against only the University of Chicago, Settlement Class members who attended any of the Defendant Universities may be eligible to file a claim.**

2. **What is this lawsuit about?**

Generally, Plaintiffs allege that Defendants engaged in an anticompetitive conspiracy in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Specifically, Plaintiffs allege that Defendants conspired to fix or otherwise limit the amount of financial aid students received, and thereby to artificially inflate the net prices that Class members paid to attend the Universities during certain time periods. Plaintiffs allege that Defendants conspired through an organization called the 568 Presidents Group, of which all of the Defendants were members during some or all of the time period. Members of the 568 Presidents Group allegedly shared sensitive information regarding financial aid and financial aid principles as well as to create and implement common principles used in calculating students' "financial need" that, Plaintiffs say, all schools participating in the alleged conspiracy agreed to adopt. Absent participation in this alleged conspiracy, Plaintiffs allege that Defendants would have competed with each other to award more financial aid.

Plaintiffs allege that Defendants' participation in the alleged conspiracy artificially reduced the amount of financial aid Class member students received.

Defendants, including the University of Chicago, deny each and every one of Plaintiffs' allegations of unlawful or wrongful conduct by the University, deny that any conduct of the University challenged by Plaintiffs caused any damage whatsoever, and deny all liability of any kind. Defendants have asserted that the Universities' financial aid policies were legal and pro-competitive and financial aid awards were not artificially reduced, that the Universities have valid defenses to Plaintiffs' allegations, and that Plaintiffs' claims would have been rejected prior to trial, at trial or on appeal.

You may obtain more information regarding the specific allegations of the Action by reviewing the Second Amended Complaint, which is available at [INSERT URL].

### 3. Why is this lawsuit a class action?

In a class action, people or businesses sue not only for themselves but also on behalf of other people or businesses with similar legal claims and interests. Together all people or businesses with similar claims and interests form a specifically defined class and are class members. For purposes of this Settlement, the Court has certified the Settlement Class (discussed above and further in Question 5). This means that if the Court approves this Settlement, it is applicable to all members of the Settlement Class (except those who follow the appropriate process to exclude themselves).

### 4. Why is there a Settlement?

Plaintiffs and Settlement Class Counsel believe that the members of the Settlement Class have been damaged by Defendants' conduct, as described in the Amended Complaint. Defendants believe that Plaintiffs' claims lack merit and would have been rejected prior to trial, at trial, or on appeal. The Court has not decided which side was right or wrong or if any laws were violated. Instead, Plaintiffs and the University of Chicago agreed to settle the case and avoid the delays, costs, and risk of trial and appeals that would follow a trial.

This Settlement is the product of extensive arm's length negotiations, between experienced counsel. Settling this case allows members of the Settlement Class to receive cash payments (*see* Question 6 below). In addition, under the Settlement, the University of Chicago has agreed to cooperate with Plaintiffs by providing Plaintiffs with access to certain additional information as detailed in the Settlement Agreement.

Plaintiffs and the University of Chicago agreed to settle this case after more than a year of extensive litigation and discovery. As part of discovery, Plaintiffs have reviewed and analyzed tens of thousands of pages of documents turned over by the Defendants in the litigation.

The Settlement allows members of the Settlement Class who submit valid and timely claims to receive some compensation, rather than risk ultimately receiving nothing. The Settlement also

allows Plaintiffs to obtain information that could assist them in prosecuting the case against the remaining Defendants with whom Plaintiffs have not settled. Plaintiffs and Settlement Class Counsel believe the Settlement is in the best interests of all members of the Settlement Class.

If the Settlement is approved, Plaintiffs and the Settlement Class will dismiss and release their claims against the University of Chicago.

**5.   Am I part of this Settlement?**

In the Court's Preliminary Approval Order of [DD, MM, 2023], the Court defined the Settlement Class as follows:

> All U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, and (b) received at least some need-based financial aid from one or more Defendants, and (c) directly purchased from one or more Defendants tuition, fees, room, or board that was not fully covered by the combination of any types of financial aid or merit aid (not including loans) from one or more Defendants in any undergraduate year.[2]  The Class Period is defined as follows:
>
> - For Chicago, Columbia, Cornell, Duke Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from 2003 through the date the Court enters an order preliminarily approving the Settlement.
> - For Brown, Dartmouth, Emory—from 2004 through the date the Court enters an order preliminarily approving the Settlement.
> - For Caltech—from 2019 through the date the Court enters an order preliminarily approving the Settlement.
> - For Johns Hopkins—from 2021 through the date the Court enters an order preliminarily approving the Settlement.
>
> The time periods for attendance are collectively called the "Settlement Class Period."
>
> Excluded from the Class are:
>
> - Any Officers and/or Trustees of Defendants, or any current or former employees holding any of the following positions:

---

[2] For avoidance of doubt, the Class does not include purchasers for whom the total cost they were charged by the Defendant or Defendants whose institution(s) they attended, including tuition, fees, room, or board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

8

        Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

- the Judge presiding over this Action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person are also excluded from the Settlement Class.

If you are not sure whether you are part of the Settlement Class, contact the Claims Administrator at:

Call the toll-free number, [NUMBER].

Visit [URL].

Write to: [ADDRESS].

Email: [EMAIL].

## SETTLEMENT BENEFITS

**6.** **What does this Settlement provide?**

The University of Chicago has agreed to provide $13,500,000 in cash for the benefit of the Settlement Class as part of a Settlement Fund.

Every member of the Settlement Class who (a) does not exclude themselves from the Settlement Class by the deadline described below, and (b) files a valid and timely claim during a process that will occur later will be paid from the monies from the Settlement Fund. The money in this Settlement Fund will be also used to pay:

- The cost of settlement administration and notice, and applicable taxes on the Settlement Fund, and any other related tax expenses, as approved by the Court,

- Money awards for the Settlement Class Representatives for their service on behalf of the Settlement Class, as approved by the Court, and

- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel, as approved by the Court (*see* Question 19 below for more information relating to attorneys' fees and other costs).

The money in this Settlement Fund less the three categories of costs described just above is the Net Settlement Fund. The Net Settlement Fund will only be distributed to members of the Settlement Class if the Court finally approves the Settlement and the plan for allocating the monies in the Settlement Fund to members of the Settlement Class.

In addition, under the Settlement, the University of Chicago has agreed to cooperate with and provide certain additional information to Plaintiffs as detailed in the Settlement Agreement.

**7.      How do I ask for money from this Settlement?**

If you are a member of the Settlement Class, you must submit a valid and timely claim to get money from the Settlement Fund during a process that will begin several months from now. If the Court finally approves the Settlement, as part of the Court approved distribution and allocation process, the Claims Administrator will distribute to all Settlement Class members, who do not exclude themselves from the Settlement Class, and for which there are valid addresses, a Claim Form to complete. Members of the Settlement Class may also contact the Claims Administrator or visit the Settlement Website if they do not receive a Claim Form. The Claim Form will include the deadline for timely submission and instructions on how to submit or approve the Claim Form. Those Settlement Class Members who submit Claim Forms are called Claimants. The Court will approve the plan of allocating the Net Settlement Fund amongst the Claimants, and will set the schedule for that process, at the time that it decides whether or not to approve the Settlement.

**8.      How much money will I get?**

At this time, it is not known precisely how much each member of the Settlement Class will receive from the Net Settlement Fund or when payments will be made. The amount of your payment, if any, will be determined by the Plan of Allocation to be approved by the Court. The proposed Plan of Allocation can be summarized as follows:

First, the Claims Administrator would determine, for each Claimant, the number of years (or fractions thereof) that the Claimant paid a Defendant University for cost of attendance during the Settlement Class Period. The Claims Administrator, on a Claimant-by-Claimant basis, would then assign to each Claimant the average annual Net Price charged by that University for each year the Claimant attended (or fraction thereof) based on publicly available aggregated pricing data. The Net Price shall be defined for these purposes as the average price for tuition, room, and board less the average amount of financial aid (not including loans). The Net Prices assigned for each Claimant would be adjusted for fractions of years, where a student may not have attended for an entire school year. The Claims Administrator would then sum the average Net Prices over all the years for each Claimant, up to a maximum of four full academic years per Claimant. That sum would be the numerator of each Claimant's *pro rata* allocation computation.

Second, the Claims Administrator would add together all of the numerators for all Claimants, and that sum would serve as the denominator.

Third, the Claims Administrator would divide the numerator from the first step for each Claimant by the denominator from the second step. That fraction would be the *pro rata* share for each Claimant.

Fourth, and finally, to compute the total allocated sum for each Claimant, the Claims Administrator would multiply the fraction from the third step for each Claimant by the Net Settlement Fund, generating the dollar value of each Claimant's total allocation from the Net Settlement Fund.

The Claims Administrator will make decisions regarding claim submissions, including regarding their validity and amounts, with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert.

The complete proposed Plan of Allocation is available on the Settlement website, [URL].

## HOW TO FILE A CLAIM

**9. How do I file a claim?**

If the Court approves the Settlement (*see* "The Court's Fairness Hearing" below), the Court will at that time approve a Claim Form and set a deadline for members of the Settlement Class to submit or approve claims. At that time, to receive a payment, you must submit or approve a Claim Form. The Claim Form for Settlement Class members will be posted on the Settlement website and available by calling the toll-free number [NUMBER]. Members of the Settlement Class will be able to submit or approve claims electronically using the Settlement website or by email or through first class mail. A Claim Form will also be mailed to members of the Settlement Class for which the Claims Administrator has valid and current addresses.

**10. Who decides the value of my claim?**

After receiving your timely-submitted Claim Form, the Court-appointed Claims Administrator, will make decisions about the value and validity of claims with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert.

For the Claimants, the Claims Administrator will use publicly available average annual price of tuition, fees, room, and board minus institutional grants ("Net Price") charged by Defendants for each applicable academic year to estimate each Claimant's Net Price, and thus (using the method set forth above) determine each Claimant's *pro rata* share of the Net Settlement Fund.

**Some companies may offer to help you file your Claim Form in exchange for a portion of your recovery from the Settlement. While you may choose to use such companies, you should know that you can file with the Claims Administrator on your own, free of charge. Additionally, you are entitled to contact the Claims Administrator or Settlement Class Counsel for assistance with understanding and filing your Claim Form—again, at no cost to you.**

**11. Am I giving anything up by filing a claim or not filing a claim?**

If you are a member of the Settlement Class and do not exclude yourself, you cannot sue, continue to sue, or be part of any other lawsuit seeking recovery for the claims asserted in the

11

Action against the University of Chicago or Releasees (defined below), even if you do not file a Claim Form. More specifically, staying in the Settlement Class means you have agreed to be bound by the Settlement Agreement and its terms including the release of claims contained therein. The Settlement Agreement is available on the Settlement website, [URL]. The claims released in the Settlement are described below.

Specifically, the Settlement Agreement provides that the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively, as assignees or in any other capacity, to the extent arising out of or relating to a common nucleus of operative facts with those alleged in the Complaint that Plaintiffs have asserted or could have asserted in the Action. For avoidance of doubt, claims between Class Members and the University arising in the ordinary course and not relating to or arising from the facts alleged in the Complaint or any claims with a common nucleus of operative facts as those alleged in the Complaint, will not be released. The claims described as being released in this paragraph are referred to herein as the "Released Claims."

In addition, each Releasor (defined below) hereby expressly waives and releases, upon the Effective Date, any and all provisions, rights, and/or benefits conferred by Section 1542 of the California Civil Code, which reads:

> Section 1542. Release. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, notwithstanding that the release in Paragraph 13 of the Settlement Agreement is not a general release and is of claims against Releasees only. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of Paragraph 13. Nonetheless, upon the Effective Date (defined below), each Releasor hereby expressly waives and fully, finally, and forever settles and releases any known or unknown, foreseen, or unforeseen, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of Paragraph 13, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against the Releasees under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of

12

the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of the Released Claims.

"Effective Date" means the date on which all of the following have occurred: (i) the Settlement is not terminated pursuant to Paragraphs 15 or 16 of the Settlement Agreement; (ii) the Settlement is approved by the Court as required by Fed. R. Civ. P. 23(e); (iii) the Court enters a final approval order; and (iv) the period to appeal the final approval order has expired and/or all appeals have been finally resolved.

"Releasees" means the University, the Board of Trustees of the University, individually or collectively, and all of their present, future and former parent, subsidiary and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, former and future officers, directors, trustees, affiliates, employees, faculty members, students, agents, representatives, volunteers, attorneys, outside counsel, predecessors, successors, and assigns.

"Releasors" means all Plaintiffs and Class Members, and those Plaintiffs' and Class Members' agents, attorneys, representatives (and as applicable each of their past, present, and future agents, attorneys, representatives, and all persons or entities that made payments to the University or other Defendants on behalf of Plaintiffs and Class Members), the predecessors, successors, heirs, executors, administrators, and representatives of each of the foregoing.

**The Scope and Effect of the Release**: Upon the occurrence of the Effective Date, the Releasors hereby release and forever discharge, and covenant not to sue the Releasees only, with respect to, in connection with, or relating to any and all of the Released Claims.

**12.** **How do I exclude myself from the Settlement Class?**

If you are a member of the Settlement Class, do not want to remain in the Settlement Class, and do not want a payment from the Settlement, then you must take steps to exclude yourself from the Settlement. This is sometimes referred to as "opting out" of a class. The Court will exclude from the Settlement all members of the Settlement Class who submit valid and timely requests for exclusion.

If you exclude yourself, you will *not* be able to receive any payments from this Settlement. However, this is the only way you will retain your rights to sue the University of Chicago and the Releasees on your own based on the claims asserted in this Action.

You can exclude yourself by sending a written "Request for Exclusion" to the Claims Administrator. To be valid, your Request for Exclusion must be received by the Claims Administrator no later than MM/DD/2023 to:

**Claims Administrator**

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

Your Request for Exclusion must: (i) be in writing by mail (you cannot exclude yourself by telephone or email); (ii) be signed by the person or entity holding the claim or by his, her or its authorized representative; (iii) state the full name, address, and phone number of the University you attended; (iv) include proof of membership in the Settlement Class; and (vi) include a signed statement that "I/we hereby request I/we be excluded from the University of Chicago Settlement in *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125."

13. **If I don't exclude myself, can I sue the University of Chicago and the other Releasees for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the University of Chicago and the Releasees for the claims that the Settlement resolves if you qualify for membership in the Settlement Class. If you decide to exclude yourself, your decision will apply only to the University of Chicago and the other Releasees.

14. **If I exclude myself from the Settlement Class, can I get money from the Settlement?**

No. You will not get any money from the Settlement if you exclude yourself.

15. **If I exclude myself from the Settlement, can I still object?**

No. If you exclude yourself, you are no longer a member of the Settlement Class and may not object to any aspect of the Settlement.

## OBJECTING TO THE SETTLEMENT

16. **How do I tell the Court if I don't like any aspect of the Settlement?**

If you are a member of the Settlement Class (and don't exclude yourself from that class), you can object to any part of the Settlement, the summary of the Plan of Allocation, and/or the request for attorneys' fees and litigation costs and expenses and/or the service awards request.

To object, you must timely submit a letter that includes the following: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) your name and address and if represented by counsel, the name, address, and telephone number of your counsel; (3) proof that you are a member of the Settlement Class; (4) a statement detailing your objections to the Settlement with specificity and including your legal and factual bases for each objection; and (5) a statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend.

You cannot make an objection by telephone or email. You must do so in writing and file your objection with the Clerk of Court and mail your objection to the following address postmarked by [MM/DD/2023].

**Court**

United States District Court for the Northern District of Illinois

14

>Clerk of Court
>219 S. Dearborn Street
>Chicago, IL 60604

You must also send a copy of your Statement of Objections to the Claims Administrator at the following address:

>**Claims Administrator**
>[INSERT ADDRESS]

If you don't timely and validly submit your objection, your view will not be considered by the Court or any court on appeal.

**17.** **What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you don't exclude yourself from the Settlement Class. Objecting does not change your ability to claim money from the Net Settlement Fund if the Court approves the Settlement. If you exclude yourself, you cannot object because the Settlement no longer affects your rights, and you cannot claim money from the Net Settlement Fund.

**THE LAWYERS REPRESENTING YOU**

**18.** **Do I have a lawyer in this lawsuit?**

The Court has appointed the lawyers listed below to represent you. These lawyers are called Settlement Class Counsel. Other lawyers have also worked with Settlement Class Counsel to represent you in this case. Because you are a Settlement Class member, you do not have to pay any of these lawyers. They will be paid from the Settlement Fund upon making an application to the Court.

Edward J. Normand
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
tnormand@fnf.law

Robert D. Gilbert
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com

15

Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net

If you have any questions about the notice or the Action, you can contact the above-listed Settlement Class Counsel.

**Should I hire my own lawyer?**

You do not have to hire your own lawyer. But you can if you want to, at your own cost.

If you hire your own lawyer to appear in this case, you must tell the Court and send a copy of your notice to Settlement Class Counsel at any of the addresses above.

19. **How will the lawyers for the Plaintiffs and Settlement Class be paid?**

To date, Settlement Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs or expenses that Settlement Class Counsel expended to litigate this case. Any attorneys' fees and costs and expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. By [MM/DD/2023], Settlement Class Counsel will move for an award of attorneys' fees not to exceed 1/3 of the Settlement Fund, plus any accrued interest, reimbursement of litigation costs and expenses not to exceed $3,500,000, and service awards of up to $5,000 for each of the eight Settlement Class Representatives to be paid out of the Settlement Fund. If the Court grants Settlement Class Counsel's requests, these amounts would be deducted from the Settlement Fund. You will not have to pay these fees, expenses, and costs out of your own pocket.

Any motions in support of the above requests will be available on the Settlement Website after they are filed on MM/DD/2023. After that time, if you wish to review the motion papers, you may do so by viewing them at [URL].

The Court will consider the motion for attorneys' fees and litigation costs and expenses, service awards at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

20. **When and where will the Court decide whether to approve this Settlement, including the attorneys' fees and costs motion and the Plan of Allocation?**

There will be a Fairness Hearing at **[TIME]** on **[MONTH, DAY, YEAR (on a date to be determined by the Court)]**. The hearing will take place at the United States District Court for

16

the Northern District of Illinois, Dirksen U.S. Courthouse, Courtroom 2103, 219 South Dearborn Street, Chicago, IL 60604.

***Important!*** The time and date of the Fairness Hearing may change without additional mailed or published notice. For updated information on the hearing, visit: [URL].

At the Fairness Hearing, the Court will consider whether the Settlement is fair, adequate, and reasonable and should be approved. The Court will also decide whether it should give its final approval of the Plaintiffs' requests for attorneys' fees and expenses, service awards to the Settlement Class Representatives, and other costs. The Court will consider any objections and listen to members of the Settlement Class who have asked to speak at the Fairness Hearing.

**21.** <u>**Do I have to come to the Fairness Hearing to get my money**</u>?

No. You do not have to go to the Fairness Hearing, even if you sent the Court an objection. But you can go to the hearing or hire a lawyer to go to the Fairness Hearing if you want to, at your own expense.

**22.** <u>**What if I want to speak at the Fairness Hearing**</u>?

You must file a Notice of Intention to Appear with the Court at this address:

United States District Court for the Northern District of Illinois
Clerk of Court
219 S. Dearborn Street
Chicago, IL 60604

Your Notice of Intention to Appear must be filed by [MM/DD/2023]. You must also mail a copy of your letter to Settlement Class Counsel at the addresses listed in the answer to question 18 and to Counsel for the University of Chicago at James L. Cooper, Arnold & Porter 601 Massachusetts Ave. NW, Washington, DC 20001.

Your Notice of Intention to Appear must be signed and: (i) state the name, address, and phone number of the University you attended and if applicable, the name, address, and telephone number of your attorney (who must file a Notice of Appearance with the Court); and (ii) state that you (or if applicable, your lawyer) intends to appear at the Fairness Hearing for the Settlement in *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125.

**IF YOU DO NOTHING**

**23.** <u>**What happens if I do nothing**</u>?

If you do nothing, and if you fit the Settlement Class description, you will be automatically a member of the Settlement Class. However, if you do not timely file a Claim Form at the appropriate time later in the process, you will not receive any payment from the Settlement. You

will be bound by past and future rulings, including rulings on the Settlement, Released Claims, and Releasees.

## GETTING MORE INFORMATION

**24.** **How do I get more information?**

This Notice summarizes the Action, the terms of the Settlement, and your rights and options in connection with the Settlement. More details are in the Settlement Agreement, which are available for your review at [URL]. The Settlement Website also has the Second Amended Complaint and other documents relating to the Settlement. You may also call toll-free [NUMBER] or write the Claims Administrator at: [ADDRESS].

**Please Do Not Attempt to Contact Judge Kennelly or the Clerk of Court with Any Questions**