UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,

Defendants.

Case No.: 1:22-cv-00125

**Hon. Matthew F. Kennelly**

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST GEORGETOWN UNIVERSITY AND ITS COUNSEL AND FOR RELATED RELIEF**

1

Pending before the Court is Plaintiffs' Motion To Compel And For Sanctions Against Georgetown University And Its Counsel And For Related Relief (ECF 402). Upon consideration of the said Motion, and based on negotiations between Plaintiffs and Georgetown, the Court enters the following Order:

1. Georgetown has represented that it has produced all copies of its "President's List" that it has located from both the Admissions Office and President's Office, and shall produce any non-duplicative President's Lists that it hereafter locates from those Offices.

2. Georgetown has also represented that it has produced available "backup" Excel files maintained by the President's Office ("PL Excel Files") and which contain, for some individuals, information related to those individuals' inclusion on the President's Lists produced under Paragraph 1 herein. Georgetown further represents that it shall produce any non-duplicative additional PL Excel Files which it subsequently locates from the President's Office.

3. Georgetown also represents that it has collected on a "go get" basis, and has already or will produce, the available files it has identified during a reasonable search of its Advancement Office that contain, among other things, information related to the reason(s) why Advancement Office personnel may have identified certain candidates for admission under Georgetown's Special Interest policy, including the President's List ("Advancement Documents"). Georgetown made its first production of Advancement Documents on Monday, August 28, 2023. Within 7 days of entry of this Order, Georgetown will make another production of those documents, and will complete production within 14 days of entry of this Order. If Georgetown determines that full production in that timeframe is not reasonably

feasible, it must file a motion, seeking expedited consideration, for an extension of time within 10 days of entry of this Order.

4. Georgetown has inserted or shall insert unique identifying numbers ("UIDs") in place of the applicant names in the documents identified pursuant to the above searches (the "President's Lists," "PL Excel Files," and the "Advancement Documents"), regardless of whether or not the document qualifies as a "donation record" under the Agreed Confidentiality Order (ECF 254), or an amendment thereto, to the extent such UIDs are included in Georgetown's structured data.

5. No earlier than 14 days after entry of this Order, Plaintiffs may select 25 applicants for admission from each academic year from the 2017-2018 academic year through the 2022-2023 academic year who appear on the "President's List" or "PL Excel File" for whom Georgetown will conduct a supplemental search for additional documents as follows. This supplemental search will consist of a keyword search, based on keywords negotiated in good faith by the parties and as to agreed-upon time periods, of the email files of: (1) John DeGioia, Georgetown's President; (2) Andrew Koenig, a staffer in the Georgetown President's Office; (3) the Head of the Advancement Office (Bart Moore), and Mary Crowley and Sean Richards (both also in the Advancement Office); and (4) any individuals who were predecessors of the individuals listed in this Paragraph from 2003 to the present (to the extent the individuals were in the relevant position during the time period for agreed upon searches as to particular candidates, and to the extent Georgetown maintains email from those predecessors, as to which Georgetown makes no representation). Within 3 business days of receiving the list of applicants (described at the beginning of this paragraph) from Plaintiffs, Georgetown will conduct a search term hit count analysis of the documents collected pursuant to the above protocol to identify

documents that include either (1) the name of one of the applicants identified by Plaintiffs or (2) the name of the donor associated with one of the applicants identified by Plaintiffs ("Hit Count Analysis"). Within 3 business days of receiving the results of the Hit Count Analysis, Georgetown will inform Plaintiffs if it believes further refinement to the search terms are necessary. If Georgetown informs Plaintiffs that additional refinement to the search terms are necessary, Plaintiffs will propose modified terms within one business day. The parties will work cooperatively to resolve any remaining search term-related disputes within 5 business days. Georgetown will produce any non-duplicative, non-privileged additional documents, to the extent they exist and are identified by the above described search, that describe the reason(s) the selected applicants were placed on the President's list or PL Excel File or Advancement Documents or were otherwise considered under Georgetown's Special Interest policy. Such reasons include but are not limited to: (a) any donor or potential donor's donations, pledges, or gifting capacity, and (b) any communications with the donor or potential donor regarding their donations or the applicant.

6. To expedite production of the documents to be produced under Paragraph 5, Georgetown will begin the process of collecting the email files of the individuals described in Paragraph 5 above promptly after entry of this Order. Once the parties have reached agreement on search terms, Georgetown will promptly begin searching the email files described in Paragraph 5. Once the volume of documents resulting from that search is determined, Georgetown will notify Plaintiffs, as soon as is reasonably practicable and no later than five business days later, of its estimated production date for those documents. Georgetown will make rolling

4

productions of the documents described in Paragraph 5, under a schedule to be negotiated with Plaintiffs.

7. In the event that Plaintiffs subsequently determine that an applicant whom Plaintiffs had selected under Paragraph 5 is related to a member of the Georgetown faculty or an officer or employee of Georgetown or its Administration and was included on a President's List for that reason, Plaintiffs will have the right to identify a replacement applicant within three business days.

8. For academic years prior to 2017-2018, Plaintiffs and Georgetown have agreed to defer discovery (with the exception of depositions) as to the issues raised by this Order until a later date, and will promptly engage in good faith negotiations over a stipulation regarding the issues addressed in this Order as to pre-2017-2018 academic years. Plaintiffs reserve their right to request such discovery in the absence of a suitable stipulation for the academic years covering 2003-2017. In no event will the number of total applicants identified by Plaintiffs for whom Georgetown will conduct a supplemental search for additional documents (as described in Paragraph 5 of this Order) exceed 225 applicants, including if supplemental discovery is sought pursuant to this Paragraph.

9. In order to permit Plaintiffs to question Georgetown deponents regarding candidates for admission whose names were redacted and thus are unknown to Plaintiffs, the parties shall follow the procedure agreed between Plaintiffs and Defendants and described in the parties' August 17, 2024 Joint Status Report. Under that procedure, which is to be applied "on a school-by-school basis," Georgetown "ha[s] agreed to make available to their witnesses, either in the form of a glossary or unredacted versions of documents that have been redacted based on FERPA, the true names associated with approximately 150 UIDs/entries/applicants in documents that

5

Plaintiffs identify to [Georgetown] at least five business days prior to the deposition, so the witness knows (but will not disclose) the identity of the individual(s) referenced in the documents." (ECF 431 at 1-2).

10. Nothing in this Order shall preclude Plaintiffs from asking or moving to compel Georgetown to remove any redactions of Academic Data (e.g., SAT, ACT, AP, GPA or similar data) for one or more applicants identified on any President's List or PL Excel File or Advancement Document produced by Georgetown on the ground that the redacted information is not available through Georgetown's Structured Data. In addition, nothing in this Order shall be construed as precluding Plaintiffs from asking or moving to compel Georgetown to send "FERPA notices" to one or more of its past or present students pursuant to this Court's Order Regarding FERPA (ECF 231), or exercising their right to ask deponents whether and the reasons why any actual or potential donation to Georgetown influenced the admission of any specific applicant, regardless of whether that applicant is identified by UID or by name based on publicly available information. Georgetown reserves its right to decline any request or oppose any motion made by Plaintiffs pursuant to this Paragraph.

11. Nothing in this Order shall be construed as a waiver of Plaintiff's position, in light of the Declaration by Georgetown counsel that its understanding was that its President's Lists "were not maintained in any central file" (Fenske Decl. Para. 9, ECF 410), that any such lists or related documents are not education records protected by FERPA because they were not maintained in a central file, as Plaintiffs claim is required by the U.S. Supreme Court in *Owasso Independent School District No. 1-011 v. Falvo*, 534 U.S. 426 (2002), or otherwise. Similarly, nothing in this Order shall be construed as a waiver of Georgetown's position to the contrary. *See,*

*e.g.,*, ECF 417 at 8 (explaining Georgetown's position on this issue and incorporating prior briefing (ECF 223 at 14-21) on this point).

SO ORDERED:

Dated:  8/30/2023           _____
                                         Hon. Matthew F. Kennelly
                                         United States District Judge