# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**SEPTEMBER 28, 2023 JOINT STATUS REPORT**

I. **PLAINTIFFS' STATEMENT OF RELEVANT ISSUES**

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████

B. **PENDING MOTIONS**

On September 25, Plaintiffs filed the following motions to be heard on October 5: (1) Plaintiffs' Motion to Compel Defendants to Provide FERPA Notices Pursuant to This Court's Order Regarding FERPA and the Production of Certain Documents and Information[1]; and (2) Plaintiffs' Motion to Compel Production of Certain Donor Reports and to Compel Northwestern to Produce President Morton Schapiro for Two Additional Hours of Deposition.

---

[1] ███████████████████████████████████████████████████████████████████████████████████████████

C. **COMPLETED AND PENDING DEPOSITIONS**

To date, Plaintiffs have taken and completed 25 depositions, and Defendants have taken depositions of 7 of the 8 named Plaintiffs. In addition, 14 depositions are scheduled, and another 15 have been formally or informally noticed but not yet scheduled. Significantly, many key depositions have not yet been noticed or scheduled due not only to scheduling conflicts, but also the delays in document production and other discovery described below.

D. **DELAYS IN DOCUMENT PRODUCTION AND OTHER DISCOVERY**[2]

1. <u>Delayed Response to RFPs</u>. Defendants have, to varying degrees: (a) failed to comply with the Court's deadline for the completion of "all" production in response to Plaintiffs' 1st Set of Requests for Production ("RFP") by May 15, 2023 (an extension of the original March 3 deadline established by the CMO); and (b) failed to comply with the parties' agreement that all production in response to Plaintiffs' 2nd and 3rd RFPs be completed by June 30, 2023.

2. <u>Other Document Production Issues</u>. Numerous Defendants have, to varying degrees: (a) failed to produce responsive documents; (b) over-designated documents as AEO under the Confidentiality Order; and (c) redacted key Admissions documents so extensively that many pages resembled the entirely blacked-out pages of an FBI memo.

3. <u>Failure to Disclose DOJ Investigation</u>. Georgetown and other Defendants failed to inform the Court – prior to the Court's entry of the May 15 deadline for Defendants to produce all documents in response to the First RFP – that the DOJ had already taken the depositions of the Deans of Admission from Georgetown and other Defendants. *See* July 24 Hearing Tr. at 47:4-24. As this Court noted, those depositions related to an investigation involving many of the same

---

[2] In addition to the party discovery issues discussed herein, Plaintiffs served subpoenas on nonparties Stanford University and Princeton University on March 6, 2023 seeking financial aid formulas and other information. Plaintiffs are still meeting and conferring with those schools but note that there is the potential for motions to compel soon if satisfactory productions do not occur under those subpoenas.

facts and legal issues which are at the heart of this case. (*Id.*). Yet the DOJ transcripts – all directly responsive to several RFPs – were not produced to Plaintiffs until the last few days of June.

4. <u>Supplemental and Overlay Productions</u>. Defendants have in numerous instances taken belated action – in response to motions to compel which Plaintiffs had filed or threatened – to cure the deficiencies in production described above. Notably, Plaintiffs are still receiving supplemental and overlay productions several times a week, which must then be reviewed to locate highly relevant documents which should have been produced months earlier.

5. <u>Significant Delays in Scheduling Depositions</u>. Since May 2023, Plaintiffs have encountered difficulties in scheduling key depositions, many of which have still not taken place.[3] In addition, several witnesses no longer work for the Defendant for which they are being deposed. These witnesses have their own employment schedules, geographic locations, and in some cases their own attorneys. Those complications have caused delays in scheduling those witnesses.

6. <u>Deposition Delays Due to Discovery Disputes</u>. By way of example, Georgetown's delayed disclosure of the DOJ investigation led to the motion to compel which was only recently resolved by an Order (Dkt. 437) under which additional documents must now be produced. As the result, the deposition of Admissions Dean Deacon had to be adjourned to the second week of November. As another example, the deposition of Vanderbilt's Dr. Christiansen has been delayed until December 1 because of the recent production of DAR files, Dr. Christiansen's international travel schedule, and the parties' dispute since August about FERPA Notices.[4]

---

[3] For example, Plaintiffs noticed the deposition of Duke President Keohane on May 5, only to be told that in light of summer plans, she would not be available until mid-October.

[4] In addition, Plaintiffs' request that Defendants provide FERPA Notices has required motion practice (described above) and has in several instances delayed depositions that have not yet taken place.

3

7. <u>Structured Data Discovery</u>. Beginning in March 2023, most Defendants have been generally cooperative in producing structured data, and since then answering multiple rounds of clarifications regarding the definitions of the data fields and completeness of the data. This process, which must be completed in order for Plaintiffs' experts to conduct their analyses, has taken over six months. As of the date of this JSR, Plaintiffs have not received full answers to their clarification requests from seven Defendants, and other Defendants' responses require further analysis and may require further requests for clarification.

8. <u>Financial Aid Software Settings and Formulae</u>. Plaintiffs learned over the summer through depositions of Financial Aid Directors at Vanderbilt, MIT, Northwestern, and Yale that these universities, and it now appears others, set their financial aid formulae for calculating expected family contributions (EFCs) using software programs. Defendants had not earlier produced those formulae, especially the baseline settings for calculating financial aid before applying "professional judgment" to aid calculations for particular students. Accordingly, on August 3, Plaintiffs requested the software formulae, and made clear in a global meet and confer on August 11 that they were specifically seeking the baseline settings. Plaintiffs requested a September 5 deadline for production of this information, to which Defendants did not agree. Plaintiffs subsequently requested a production deadline of September 15. As of today's date, six Defendants have not yet submitted the software settings requested by Plaintiffs.

E. **RESPONSE TO DEFENDANTS' STATEMENT ON DISCOVERY**

Defendants spend their entire JSR section trying to blame Plaintiffs for the myriad delays in discovery for which Defendants are themselves largely responsible. Plaintiffs respond briefly:

First, Defendants claim substantial compliance with document production by mid-May – -- two months after the original CMO deadline – while making only casual mention of their own daunting statistic that they have produced over **3.5 million** pages of documents.

Second, Defendants claim Plaintiffs are the ones asking for supplemental productions and "metadata overlays" – but conveniently fail to tell the Court that Plaintiffs' requests have in most instances been prompted by: (a) Defendants' failure to follow the requirements of this Court's Confidentiality Order or ESI Protocol; (b) Plaintiffs' reasonable requests under that Order or Protocol; or (c) other deficiencies in Defendants' production.

Third, Defendants suggest that most of the discovery delays have been unrelated to Financial Aid discovery. To the contrary, as described above, Plaintiffs have been hamstrung by delays related to deficiencies in Defendants' structured data and financial aid formulae.

Finally, as to Defendants' continued pretense that Plaintiffs are wasting time on Admissions discovery, Defendants ignore the reality that the evidence adduced from such discovery is highly relevant to Defendants' 568 Exemption defense **and** to Plaintiffs' claim of *per se* antitrust liability. (*See* Plaintiffs' Memorandum of Law in Support of Their Motion to Compel Defendants to Provide FERPA Notices Pursuant to This Court's Order Regarding FERPA, Point I).[5]

---

[5] As Plaintiffs' FERPA brief explains, and as this Court has recognized, Defendants' pervasive use of anonymized data makes it difficult for Plaintiffs to get answers in depositions beyond the witness just saying: 'How the heck do I know?" Recent depositions have shown that Defendants' agreement to allow UID "glossaries" to be shown to the deponent but **not** Plaintiffs' counsel is at best a marginal concession that does not solve that problem. That's why Plaintiffs have filed a motion to compel the issuance of fewer than 200 FERPA notices so Plaintiffs can use the resulting discovery to conduct more effective depositions going forward. *See generally* Plaintiffs' FERPA Notice Memorandum of Law.

## II. DEFENDANTS' STATEMENT ON DISCOVERY PROGRESS

Plaintiffs appear to be attempting to lay the groundwork for a request to extend discovery, in an effort to increase burden, delay meaningful progress, and find currently non-existent support for their meritless claims. Their purported justification is a variety of non-sequitur complaints about what they consider to be the too-slow progress of discovery. But Plaintiffs' portrayal of the status of discovery is misleading in some respects and inaccurate in others. The reality is that discovery has proceeded without obstruction by Defendants,[6] and almost nothing about its pace can be attributed to "unanticipated" events or "delays" by anyone but Plaintiffs themselves.

First, Plaintiffs vaguely suggest that their efforts to push discovery forward have been stymied by purportedly untimely productions of documents, as well as Defendants' continuing supplementation of their document productions and metadata overlays—much of which was done at Plaintiffs' request. Plaintiffs also illogically claim that extensive FERPA redactions in various documents somehow slowed them down. These minor issues are standard in any complex litigation and should not impede Plaintiffs' ability to pursue discovery. Of course, Plaintiffs notably omit any explanation of how any of these things affected the timing or productivity of even one deposition. Plaintiffs do not—and could not—say how any of the various grievances they rehash here have impeded their ability to identify witnesses for deposition or to depose them under the existing schedule. Plaintiffs also omit mention of Defendants' agreement to provide "glossaries" or other solutions that would permit witnesses to testify about redacted documents, to the extent they know or remember the facts at issue, which Plaintiffs proposed but have largely declined to use.

---

[6] ████████████████████████████████████████

It should be no surprise to Plaintiffs that document production in this case has been complicated and time-consuming. Plaintiffs have sought substantial discovery dating back over two decades, including a significant amount of student-level information, correspondence, and data that implicates FERPA and requires sensitivity and care in the review and production process. Knowing full well that this was the discovery they intended to seek, Plaintiffs themselves proposed the January 2024 fact discovery deadline. Despite the breadth of document discovery, Defendants worked hard to ensure that the vast majority of their documents were produced by the relevant deadlines, and have supplemented and updated their productions appropriately and responsibly since that time. Indeed, concrete facts paint a very different picture than do Plaintiffs' vague generalizations:

- Defendants, collectively, produced over 3.5 million pages of documents on or before May 15, 2023, in addition to nearly two decades' worth of admissions and financial aid structured data for hundreds of thousands of current and former students.[7]

- Between May 16th and the end of June, Defendants produced another roughly 65,000 pages of documents, primarily in response to Plaintiffs' Second and Third Sets of Requests for Production, which had a production deadline of June 30.

- Since the June 30th production deadline for those RFPs, Defendants have produced approximately 37,000 additional pages.

---

[7] Plaintiffs complain that they have been "hamstrung" by structured data "deficiencies," but it is difficult to see how. Defendants produced the categories of data that Plaintiffs specified, and have promptly responded to the questions Plaintiffs have asked, without demanding that Plaintiffs propound formal discovery. Many documents containing "formulae" information were produced months ago, and several Defendants agreed to supply additional "formulae" information when they were first asked to do so in August.

In other words, Plaintiffs have had more than 95% of the pages produced by Defendants since mid-May, and have had substantially all of Defendants' responsive data and documents by the substantial completion deadlines set by the Court. Plaintiffs also gesture to their recent or pending motions against Georgetown, Vanderbilt, and (as of three days ago) various other Defendants, claiming that those motions have affected their ability to schedule and take depositions. But Plaintiffs' decision to relitigate the same donor-related discovery disputes over and over and over again is hardly an excuse for their slow work identifying the witnesses they wish to depose and deposing them—and certainly does not explain the lackluster progress they have made in depositions of financial aid personnel, given that none of the motions practice or redaction criticisms have related to the financial aid issues that are the focus of Plaintiffs' antitrust claims.

Second, insofar as Plaintiffs contend that they have "encountered difficulties in scheduling key depositions," this is the first Defendants are hearing about it and it is simply untrue. Not a single requested deposition has been refused by a Defendant, and Plaintiffs have never lodged a complaint with any Defendant for failing to offer a reasonable date for any deponent's deposition. The only concrete "example" Plaintiffs cite of such "difficulties" is a deposition of a long-departed university President, who was unavailable during the summer months due to previously scheduled travel. Even that deposition was scheduled without any complaint or objection whatsoever from Plaintiffs.

Otherwise, Plaintiffs vaguely allude to scheduling difficulties (including with "key" witnesses and former employees), but they have never raised this concern with any Defendant. They provide no indication of how many such depositions have been "delayed," nor any suggestion that they have actively sought to move those depositions earlier. Regardless, in a litigation encompassing a twenty-year period, Plaintiffs should have expected that there would be fact

8

witnesses who have moved to new employers, retired, or otherwise occupied themselves with unrelated matters, such that scheduling depositions might take some time and flexibility. This is precisely why one would have expected Plaintiffs to identify the witnesses they wanted to depose and reach out to Defendants as early as possible to request dates.

Conveniently absent from Plaintiffs' description of the status of discovery is any mention of their own inexplicable delay in beginning to notice depositions, and their repeated postponements of depositions that were scheduled without delay or objection by Defendants. Plaintiffs first began noticing depositions for five Defendants in February and March, but did not make their first request for a deposition to most Defendants until May. Even once they began to schedule depositions, Plaintiffs moved slowly. By the end of May, Plaintiffs had taken only two depositions, scheduled seven, and requested or noticed only eighteen others. Only a few weeks after many of these depositions were first requested, and shortly after dates had been provided by Defendants (and in most instances, accepted by Plaintiffs), Plaintiffs postponed or pushed back 7 of those depositions, involving witnesses for Duke, Columbia, Cornell, Rice and Notre Dame. Similarly, Caltech responded to the single deposition request it received in May, but Plaintiffs twice requested that the deposition be pushed back further—which Caltech resisted, resulting in its first deposition occurring in mid-September. As a result of this pattern, at the end of July, Plaintiffs had taken only 11 depositions. Almost four months after they began issuing notices in earnest, Plaintiffs have now taken 25 depositions of Defendants' present or former personnel and requested or scheduled approximately 25 more—almost half of which were first requested on September 19.

The low number of depositions taken thus far tells only part of the story. Even among the depositions taken, Plaintiffs have made inefficient and puzzling choices. Roughly half of the

depositions taken have focused on admissions and donations issues, despite this being a case about financial aid. Further, to date, Plaintiffs have requested only two depositions from Rice, and only three depositions from six other schools (Duke, MIT, Notre Dame, Columbia, Caltech, and Penn). For Notre Dame, one of those three depositions was a former university President who has been retired for 18 years and who never attended a 568 Group meeting, was not a document custodian, and had no knowledge of any 568 Group activities. In short, Plaintiffs appear to have been slow getting out of the gate with their discovery from a significant number of Defendants, due to their own strategic choices about where and how to allocate their efforts.

    Plaintiffs have been aware of the deadline for completing fact discovery since the Court entered its case management order on September 8, 2022, and they obviously have long been aware of their own projection that hundreds of depositions would likely be taken. To the extent that Plaintiffs are not on-pace to complete the depositions they want to take, that is because Plaintiffs started late, moved slowly, and stalled along the way. It may be true that Plaintiffs have not accomplished as much in discovery at this point as they had hoped. But their lack of progress is neither "unanticipated" nor attributable to "delays" by any other party. It is because Plaintiffs did not timely get their discovery ducks in a row. For that, they have no one to blame but themselves.

Dated: September 28, 2023                                Respectfully Submitted,

By:/s/ Edward J. Normand                      By: /s/ Jon Roellke
Devin "Vel" Freedman                          Jon R. Roellke
Edward J. Normand                            MORGAN, LEWIS & BOCKIUS LLP
Peter Bach-y-Rita                                1111 Pennsylvania Avenue, NW
Richard Cipolla                                   Washington, DC 20004-2541
FREEDMAN NORMAND                    Tel.: 202-739-5754
FRIEDLAND LLP                                 jon.roellke@morganlewis.com
99 Park Avenue
Suite 1910                                          Noah J. Kaufman

New York, NY 10016
Tel.: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

/s/ *Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Steven Magnusson
Natasha Zaslove
GILBERT LITIGATORS & COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@ gilbertlitigators.com
smagnusson@gilbertlitigators.com
nzaslove@ gilbertlitigators.com

Eric L. Cramer
Caitlin G. Coslett
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: 215-875-3000
ecramer@bm.net
ccoslett@bm.net

Richard Schwartz
BERGER MONTAGUE PC
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Ellen Noteware
Hope Brinn

MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02210
Tel.: 617-341-7590
noah.kaufman@morganlewis.com

*Counsel for Defendant Brown University*

By: /s/ *Deepti Bansal*
Deepti Bansal
Alexander J. Kasner
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Tel.: 202-728-7027
dbansal@cooley.com
akasner@cooley.com

Matthew Kutcher
COOLEY LLP
110 N. Wacker Drive
Chicago, IL 60606
Tel.: 312-881-6500
mkutcher@cooley.com

*Counsel for Defendant California Institute of Technology*

By: /s/ *Amy Van Gelder*
Amy Van Gelder
John Kocoras
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel.: 312-407-0508
amy.vangelder@skadden.com
john.kocoras@skadden.com

Karen Hoffman Lent
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
Room 40-216
New York, NY 10001-8602

11

BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel.: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

Tel.: 212-735-3276
karen.lent@skadden.com

*Counsel for Defendant The Trustees of Columbia University in the City of New York*

By: */s/ Norm Armstrong*
Norman Armstrong
Christopher C. Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Emily T. Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel.: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Tel.: 312-764-6960
zfardon@kslaw.com

*Counsel for Defendant Cornell University*

By: */s/ Terri L. Mascherin*
Terri L. Mascherin
Reid J. Schar
JENNER & BLOCK LLP
353 N. Clark Street,
Chicago, IL 60654-3456
Tel.: 312-222-9350
tmascherin@jenner.com
rschar@jenner.com

Ishan K. Bhabha

12

Douglas E. Litvack
Lauren J. Hartz
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel.: 202-637-6327
ibhabha@jenner.com
dlitvack@jenner.com
lhartz@jenner.com

*Counsel for Defendant Trustees of Dartmouth College*

By: */s/ James A. Morsch*
James A. Morsch
Jim.morsch@saul.com
SAUL EWING LLP
161 North Clark, Suite 4200
Chicago, IL 60601
Tel.: (312) 876-7100
Facsimile: (312) 876-0288
IL Attorney ID #6209558

Christopher D. Dusseault (pro hac vice)
cdusseault@gibsondunn.com
Jacqueline L. Sesia
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 229-7000

*Counsel for Defendant Duke University*

By: */s/ Tina M. Tabacchi*
Tina M. Tabacchi
JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
Tel.: 312-782-3939
tmtabacchi@jonesday.com

Craig A. Waldman
JONES DAY

13

51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel..: 202-879-3877
cwaldman@jonesday.com

*Counsel for Defendant Emory University*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

By: */s/ Jeffrey J. Bushofsky*
Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel.: 312-845-1200
jeffrey.bushofsky@ropesgray.com

Chong S. Park
Samer M. Musallam
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel.: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

*Counsel for Defendant Johns Hopkins University*

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS BRUCKHAUS DERINGER
700 13th Street, NW
Washington, DC 20005

14

Tel.: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

*Counsel for Defendant Massachusetts Institute of Technology*

By: */s/ Scott D. Stein*
Scott D. Stein
Kathleen L. Carlson
Benjamin R. Brunner
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Tel.: 312-853-7520
sstein@sidley.com
kathleen.carlson@sidley.com
bbrunner@sidley.com

*Counsel for Defendant Northwestern University*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan B. Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Cole T. Wintheiser
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
Tel.: 202-434-5000
rvankirk@wc.com
skirkpatrick@wc.com
jpitt@wc.com
mheins@wc.com
cwintheiser@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

15

*Counsel for Defendant University of Notre Dame du Lac*

By: */s/ Seth Waxman*
Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*

By: */s/ Norm Armstrong*
Norman Armstrong
Christopher C. Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979

narmstrong@kslaw.com
cyook@kslaw.com

Emily T. Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel.: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Tel. 312-764-6960
zfardon@kslaw.com

*Counsel for Defendant William Marsh Rice University*

By: */s/ J. Mark Gidley*
J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel.: 202-626-3600
mgidley@whitecase.com

Robert A. Milne
David H. Suggs
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Tel.: 212-819-8200
rmilne@whitecase.com
dsuggs@whitecase.com

*Counsel for Defendant Vanderbilt University*

By: */s/ Charles A. Loughlin*
Charles A. Loughlin
Benjamin F. Holt
Jamie Lee
Molly Pallman

17

Christopher Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel.: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com
jamie.lee@hoganlovells.com
molly.pallman@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Stephen Novack
Stephen J. Siegel
Serena G. Rabie
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501
Tel.: 312-419-6900
snovack@atllp.com
ssiegel@atllp.com
srabie@atllp.com

*Counsel for Defendant Yale University*