UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>      *Plaintiffs,*<br><br>    v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>      *Defendants.* | Civil Action No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

## CERTAIN DEFENDANTS' MOTION TO FILE UNDER SEAL THEIR OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND DECLARATION OF DAVID GRINGER IN SUPPORT OF THEIR OPPOSITION

Pursuant to the Confidentiality Order in this case (ECF No. 254) and Local Rule 26.2, Defendants Cornell University, Trustees of Dartmouth College, Georgetown University, Northwestern University, University of Notre Dame du Lac, The Trustees of the University of Pennsylvania, William Marsh Rice University, and Vanderbilt University (collectively, "Defendants") respectfully request that the Court grant this Motion to File Under Seal their Opposition to Plaintiffs' Motion to Compel, and the Declaration of David Gringer in Support of

their Opposition and all the exhibits cited therein, and would show the following:

## BACKGROUND

1. On October 26, 2022, the Court entered an Order (ECF No. 231) acknowledging that good cause existed for the entry of a Confidentiality Order providing for the redaction of Personally Identifiable Information ("PII") under 20 U.S.C. §§ 1232g(a)(4)(A) and 1232g(b)(1) of the Family Educational Rights and Privacy Act ("FERPA"). This Confidentiality Order "allow[ed] Defendants to safeguard the continuing confidentiality of Education Records that may be produced in this action." ECF No. 231 at 2.

2. On November 22, 2022, the Court entered the final Agreed Confidentiality Order (ECF No. 254) outlining what materials may be designated as containing Confidential Information and how those materials must be treated. Under the Confidentiality Order, a party may designate documents as "Confidential" or "Attorneys' Eyes Only." *Id.* ¶¶ 2(a)-(b). Documents may be designated "Confidential" where they contain "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person; or (h) any document protected under the Family Educational Rights and Privacy Act ("FERPA"), including the application, financial aid, or educational records of any applicant, student, or former student." *Id.* ¶ 2(a). Documents may be designated as "Attorneys' Eyes Only" where they contain "highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party. *Id.* ¶ 2(b). This designation was intended to strictly limit access to such

documents to a small universe of individuals, including the Court, counsel, and contractors, consultants, and court reporters who require access. *Id.* ¶ 6(c).

3. On September 25, 2023, Plaintiffs filed a Motion to Compel Defendants to Provide FERPA Notices Pursuant to This Court's Order Regarding FERPA and the Production of Certain Document and Information ("Plaintiffs' Motion") (ECF No. 443).

## LEGAL STANDARD

4. The Seventh Circuit has long recognized that "[i]nformation that affects the disposition of litigation belongs in the public record *unless* a statute or privilege justifies nondisclosure," and documents containing confidential information may be sealed. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (emphasis added). A court may enter an order directing a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See, e.g.*, *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009).

## DISCUSSION

5. "[A] court may for good cause shown enter an order directing that one or more documents be filed under seal." Loc. R. 26.2(b). Defendants move to place their Opposition to Plaintiffs' Motion, and the exhibits cited therein, under seal as they quote from, discuss, and reference documents containing information designated as Confidential and Attorneys' Eyes Only under the terms of the Confidential Order (ECF No. 254). Furthermore, the exhibits cited in Defendants' Opposition to Plaintiffs' Motion implicate students' Education Records that Defendants are obligated under FERPA to protect. 20 U.S.C. § 1232g(b)(2) (finding a lack of compliance under FERPA where an institution has a "practice of releasing, or providing access to, any personally identifiable information in education records"). Defendants have not made this sensitive information publicly available, and these discussions should remain under seal so as to

3

protect the privacy interests of the students and families encompassed by FERPA, which the Court provided for in its FERPA Order and Confidentiality Order. ECF No. 231; ECF No. 254.

6. The Confidentiality Order provides that any party wishing to file a document designated as Confidential Information must comply with Local Rule 26.2. ECF No. 254 ¶ 10. As required by Local Rule 26.2(c), Defendants are filing their Opposition to Plaintiffs' Motion and the exhibits cited therein provisionally under seal and providing unredacted versions to counsel of record and the Court. Defendants will file a redacted, "public-record" version of their Opposition to Plaintiffs' Motion via the ECF system within 14 days.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Seal and enter an order permitting Defendants to file a sealed version of their Opposition to Plaintiffs' Motion and the Declaration of David Gringer in Support of their Opposition and all the exhibits cited therein, and to file redacted, "public-record" versions of their Opposition to Plaintiffs' Motion and the Declaration of David Gringer via the ECF system within 14 days.

Dated: October 4, 2023

By: /s/ Norman Armstrong
Norman Armstrong
Christopher C. Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Tel.: 202-626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Emily T. Chen
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor

Respectfully submitted,

By: /s/ Terri Mascherin
Terri L. Mascherin
Reid J. Schar
JENNER & BLOCK LLP
353 N. Clark Street,
Chicago, IL 60654-3456
Tel.: 312-222-9350
tmascherin@jenner.com
rschar@jenner.com

Ishan K. Bhabha
Douglas E. Litvack
Lauren J. Hartz
JENNER & BLOCK LLP
1099 New York Avenue, NW

4

New York, NY 10036
Tel.: 212-556-2224
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Tel.: 312-764-6960
zfardon@kslaw.com

*Counsel for Defendants Cornell University and William Marsh Rice University*

By: */s/ Britt Miller*
Britt M. Miller
Daniel T. Fenske
Megan E. Stride
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
mstride@mayerbrown.com

*Counsel for Defendant Georgetown University*

By: */s/ Sarah F. Kirkpatrick*
Robert A. Van Kirk
Jonathan B. Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
William J. Donnelly
Cole T. Wintheiser
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
Tel.: 202-434-5000
rvankirk@wc.com
skirkpatrick@wc.com
jpitt@wc.com
mheins@wc.com
cwintheiser@wc.com

Suite 900
Washington, DC 20001-4412
Tel.: 202-637-6327
ibhabha@jenner.com
dlitvack@jenner.com
lhartz@jenner.com

*Counsel for Defendant Trustees of Dartmouth College*

By: */s/ Scott Stein*
Scott D. Stein
Kathleen L. Carlson
Benjamin R. Brunner
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Tel.: 312-853-7520
sstein@sidley.com
kathleen.carlson@sidley.com
bbrunner@sidley.com

*Counsel for Defendant Northwestern University*

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-230-8800
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

5

| | |
|---|---|
| James Peter Fieweger<br>MICHAEL BEST & FRIEDRICH LLP<br>444 West Lake Street<br>Suite 3200<br>Chicago, IL 60606<br>Tel.: 312-222-0800<br>jpfieweger@michaelbest.com<br><br>*Counsel for Defendant University of Notre Dame du Lac* | Daniel Martin Feeney<br>Edward W. Feldman<br>MILLER SHAKMAN LEVINE & FELDMAN LLP<br>180 North LaSalle Street<br>Suite 3600<br>Chicago, IL 60601<br>Tel.: 312-263-3700<br>dfeeney@millershakman.com<br>efeldman@millershakman.com<br><br>*Counsel for Defendant The Trustees of the University of Pennsylvania* |
| By: */s/ J. Mark Gidley*<br>J. Mark Gidley<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005-3807<br>Tel.: 202-626-3600<br>mgidley@whitecase.com<br><br>Robert A. Milne<br>David H. Suggs<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1095<br>Tel.: 212-819-8200<br>rmilne@whitecase.com<br>dsuggs@whitecase.com<br><br>Kelly Newman<br>WHITE & CASE LLP<br>75 State Street<br>Boston, MA 02109<br>Tel.: 617-979-9329<br>kelly.newman@whitecase.com<br><br>*Counsel for Defendant Vanderbilt University* | |