UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**DEFENDANT NORTHWESTERN UNIVERSITY'S MOTION TO FILE
UNDER SEAL CERTAIN EXHIBITS TO PLAINTIFFS' MOTION TO
COMPEL AND NORTHWESTERN'S OPPOSITION THERETO AND A
<u>SCREENSHOT OF ONE SUCH EXHIBIT CONTAINED IN PLAINTIFFS' MOTION</u>**

Pursuant to the Confidentiality Order (Dkt. 254) and Local Rule 26.2, Defendant Northwestern University ("Northwestern") respectfully requests that the Court grant this Motion to File Under Seal: (a) Exhibits 1 and 3 to Plaintiffs' Motion to Compel Production of Certain Donor Reports and to Compel Northwestern to Produce President Morton Schapiro for Two Additional Hours of Deposition (the "Motion to Compel"); (b) a screenshot of Exhibit 3 that is

reproduced at page 7 of the Motion to Compel; and (c) Exhibit 4 to Northwestern's Opposition to the Motion to Compel. Dkts. 441, 441-1, 441-3 457-4. In support of this Motion, Northwestern states as follows:

## BACKGROUND

1. On November 22, 2022, the Court entered the Confidentiality Order outlining what materials may be designated as containing Confidential Information and how those materials must be treated. Dkt. 254. Under the Confidentiality Order, a party may designate documents as "Confidential" or "Attorneys' Eyes Only." *Id.* ¶¶ 2(a)-(b). Certain types of documents may be designated as "Confidential" where they contain information that a party has maintained as confidential, and may be designated as "Attorneys' Eyes Only" where they contain "highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party. *Id.* ¶ 2(b). Deposition testimony is also protected by the Confidentiality Order, provided that a party "denominat[e] by page and line those portions of the deposition which are to be considered 'CONFIDENTIAL' and/or 'ATTORNEYS' EYES ONLY' within 15 calendar days of receiving the final transcript and exhibits." *Id.* ¶ 4. This designation was intended to strictly limit access to such documents to a small universe of individuals, including the Court, counsel, contractors, consultants, and court reporters who require access. *Id.* ¶ 6(c).

2. On September 25, 2023, Plaintiffs filed the Motion to Compel with attached Exhibits 1-3. Dkt. 441. Exhibit 1 to the Motion to Compel is the excerpted deposition of Northwestern's President Emeritus Morton Schapiro, portions of which have been designated "Confidential" or "Attorneys' Eyes Only" under the Confidentiality Order. Dkt. 441-1. Exhibit 3 to the Motion to Compel is a copy of an exemplar Northwestern "President's List," which contains

information on individual applicants for admission and their families. Dkt. 441-3. A portion of Exhibit 3 is also reproduced as a screenshot at page 7 of the Motion to Compel. Dkt. 441 at 7. Plaintiffs accompanied their Motion to Compel with a motion to seal (*see* Dkt. 442) and have agreed not to withdraw this motion until the Court rules on Northwestern's revised Motion to Seal.

3. On October 4, 2023, Northwestern filed its Opposition to the Motion to Compel. Dkt. 457. Exhibit 4 to the Motion to Compel is the excerpted deposition of Northwestern's President Emeritus Morton Schapiro. Dkt. 454-4. Northwestern accompanied its Opposition with a motion to seal (*see* Dkt. 454), which it is withdrawing, as it is being replaced with this motion.

## LEGAL STANDARD

4. The Seventh Circuit has long recognized that "[i]nformation that affects the disposition of litigation belongs in the public record *unless* a statute or privilege justifies nondisclosure," and documents containing confidential information may be sealed. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (emphasis added). A court may enter an order directing a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See, e.g.*, *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009).

## DISCUSSION

5. "[A] court may for good cause shown enter an order directing that one or more documents be filed under seal." Loc. R. 26.2(b). Northwestern moves to place Exhibits 1 and 3 to the Motion to Compel and Exhibit 4 to the Opposition thereto under seal. Exhibit 1 to the Motion to Compel and Exhibit 4 to the Opposition contain excerpts from the deposition of President Emeritus Morton Schapiro, which transcript quotes from and discusses documents designated as Confidential and Attorneys' Eyes Only under the Confidentiality Order, and Northwestern has designated a large portion of the submitted portions of the transcript itself as Confidential and

3

Attorneys' Eyes Only. The majority of the submitted portions of the transcript in both exhibits discuss "President's" or "tracking" lists, one of which is attached as Exhibit 3 to Plaintiffs' Motion, related to applicants for admission, which is sensitive information that Northwestern has maintained in confidence. Moreover, the designated information implicates students' Education Records that Northwestern is obligated under FERPA to protect. 20 U.S.C. § 1232g(b)(2) (finding a lack of compliance under FERPA where an institution has a "practice of releasing, or providing access to, any personally identifiable information in education records"). Northwestern has not made this "highly sensitive confidential information," Dkt. 254 ¶ 2(b), publicly available, and these discussions contained in Exhibit 1 to the Motion to Compel and Exhibit 4 to the Opposition and the exemplar tracking list attached as Exhibit 3 to the Motion to Compel should remain under seal to protect the privacy interests of the students and families referenced therein and the legitimate interests of Northwestern. Moreover, an excerpt from Exhibit 3 is reproduced at page 7 of the Motion to Compel, and should be redacted from the public record for the same reasons. We have attached a redacted version of Plaintiffs Motion for the Court's consideration, as well as the cover pages for Plaintiffs Exhibit 1 and 3. *See* Exhibits A-C.

6. Northwestern has already filed the entirety of its Opposition under seal, as required by Local Rule 26.2, and Plaintiffs have done the same with respect to their Motion to Compel. As required by Local Rule 26.2(c), Northwestern will now file a revised public-record version of the Opposition with Exhibit 4 under seal. Counsel for Northwestern also understands from Plaintiffs' counsel that they will file a public-record version of the Motion to Compel with Exhibits 1 and 3 under seal and with the screenshot of Exhibit 3 that is reproduced at page 7 of the Motion to Compel redacted.

**CONCLUSION**

For the foregoing reasons, Northwestern respectfully requests that the Court grant this motion and enter an order permitting Northwestern to file a sealed version of Exhibit 4 to its Opposition and permitting Plaintiffs to file a sealed version of Exhibits 1 and 3 to their Motion to Compel and a redacted version of the Motion to Compel with the screenshot contained on page 7 redacted.

Dated: October 12, 2023

Respectfully submitted,

By: */s/ Scott D. Stein*

Scott D. Stein
Kathleen L. Carlson
Benjamin K. Brunner
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
sstein@sidley.com
kathleen.carlson@sidley.com
bbrunner@sidley.com

*Counsel for Defendant Northwestern University*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2023, the foregoing document was served on all counsel of record by email or using the CM/ECF system, which will send notice of this filing to all parties, as set forth below:

Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
Steven Magnusson
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com
amarquez@gilbertlitigators.com
smagnusson@gilbertlitigators.com

Devin "Vel" Freedman
Edward J. Normand
Peter Bach-y-Rita
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law

Eric L. Cramer
Caitlin G. Coslett
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net

Richard Schwartz

**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*/s/ Scott D. Stein*
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603