# EXHIBIT C

| | |
|---|---|
| **From:** | Robert E. Litan <rlitan@bm.net> |
| **Sent:** | Thursday, September 14, 2023 11:41 AM |
| **To:** | S Stein; Kathleen Carlson; Catherine Stewart |
| **Cc:** | Hope Brinn; David Copeland |
| **Subject:** | Donor-linked applicants from publicly available information |
| **Attachments:** | Appendix for NW(17679267.1).docx |

Dear Scott, Kathleen, and Catherine,

Attached to this email as Appendix A is a list of 17 donors to Northwestern and their 24 children or grandchildren who have attended Northwestern from 2003 to the present. This list is based on publicly available information. Several of the donors listed are current or former members of the University's Board of Trustees.

For each student on Appendix A, Plaintiffs request that Northwestern produce the admissions files for each of those students or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.) as well as any internal Ratings used by Northwestern to admit or deny admission to the student. Plaintiffs also request all documents on a "go get" basis located in the Admissions, President's or Development Offices concerning any donations by each student's parents to Northwestern (or their capacity to make such donations), including any correspondence with those parents.

Plaintiffs are entitled to this information because it is directly probative of two of the central issues in this case: (1) Whether Northwestern admitted all domestic students without regard to their or their families' financial circumstances and ability to donate; and (2) the extent to which Northwestern uses its admissions process to maximize revenues, which would trigger the application of the *per se* standard to Plaintiffs' claim under Section 1 of the Sherman Act.

Plaintiffs request that Northwestern provide FERPA notices to the students at issue. The issuance of such notices is authorized by the Court's Order Regarding FERPA and the Production of Certain Documents and Information, dated Oct. 26, 2022 (ECF 231), which includes (as Ex. A) the form of the Notice to be provided. In the August 17 Joint Status Report ("JSR"), Plaintiffs reserved the right to request that each Defendant provide up to 50 notices under FERPA to students who had been admitted to the university and whose parents were known to have made donations to the university. *See* JSR at 4, notes 6-7.

Plaintiffs' request is narrow and targeted, and any burden it imposes on Northwestern is proportional to Plaintiffs' evidentiary burdens. *See* July 24 Hrg. Tr. at 43 ("[I]f [a motion to disclose PII concerns] 100 people, it's going to be one thing. If it's 10,000 people, it's going to be another thing"). The information sought is distinctly probative in comparison to any existing discovery that Plaintiffs have obtained, or expect to obtain, regarding these issues. Here, having information about the academic credentials of students whose parents are significant donors allows Plaintiffs to compare the qualifications of that discrete group against the general population of admitted students. In addition, during any deposition of Northwestern personnel about the influence of donations on admissions, having the already publicly available names of both the donors and the names of the applicants (instead of an anonymized list of UID applicants) allows for more thorough

questioning of the deponent and gives the deponent less room to provide misleading answers. For example, where we already have the names of the donors and the admittees, we can ask better follow-up questions because we often have additional publicly available information about the amount and timing of the donations, as well as publicly available information from social media, magazines and newspapers about individual students which is suggestive of the student's academic qualifications or lack thereof.

At the same time, Plaintiffs are prepared to discuss foregoing this discovery if Northwestern is willing to enter into certain stipulations that would make the discovery less probative and important for trial. Those stipulations include the following:

> 1. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Northwestern is entitled to immunity from antitrust liability based on the "568 Exemption," Northwestern will not contend that its admissions policies and practices are lawful because it admitted only a "de minimis" or immaterial number of students, either each year or in toto, in consideration of their parents' past or prospective donations to the school (assuming that any "de minimis" exception to the 568 statute is even determined to exist).

> 2. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Northwestern is entitled to immunity from antitrust liability based on the "568 Exemption," Northwestern will not contend that Plaintiffs' identification of any specific students or their families on an anonymized basis (such as by UIDs), in presenting evidence or arguing that Northwestern considered past or prospective donations to the school in making admissions decisions regarding those students, in any way constitutes a failure of proof.

> 3. Northwestern will not contend that the school's consideration of the prior or prospective donations by the families of one or more anonymized students will disqualify Northwestern from the protection of the 568 Exemption only if Plaintiffs prove that "but for" such donations or financial circumstances, the student or students would not have been admitted.

Unless Northwestern is prepared to agree to such stipulations, Plaintiffs will pursue the foregoing discovery, while reserving their rights to supplement this request with additional names (beyond those listed in App. A, up to a maximum of 50 Northwestern students), posing burdens that continue to be proportional to Plaintiffs' existing evidentiary burdens.

Please advise by Wednesday, September 20, whether Northwestern will agree to issue FERPA notices to the students listed on App. A; or, in the alternative, is prepared to agree to the proposed stipulations. We are of course available to meet and confer on this subject before then. If Northwestern refuses to issue FERPA notices as requested (or agrees to the proposed stipulations), Plaintiffs will move to compel.


Bob L.

**Robert E. Litan** / *Shareholder*

785.576.2939   785.813.6357

2001 PENNSYLVANIA AVE., NW, SUITE 300
WASHINGTON, DC 20006

Appendix A
Northwestern
Donor-Linked Applicants

1. ███████████, parent of ████ '24
2. ████████████████, parent of ████ '22.
3. ███████████████████, parent of ████ '23.
4. ██████████, parent of ████ '23 and ████ '20.
5. █████████████, parent of ██████ '07.
6. ████████, parent of ██████ '09.
7. ████████████████, parents of ██████ 18, ████ '21.
8. ██████████, parent of ████ '18, ██████ '22.
9. ██████████ '91, parent of ████ '22
10. ██████████ '96, parent of ██████████ '22
11. ████████████, parent of ████ '19, also of other students in '17 and a '21.
12. ██████████████, grandparent of ██████████ '20.
13. ███████████████████, parent of ████ '17.
14. ████████████████████████████████, parents of ██████ '15 and ██████ '19
15. ████████████████████, parent of ████ '07
16. █████████████████, grandparents of ██████████ '13.
17. ██████████████████████, parent of ██████████ admitted in 2019, ████ '25.