# EXHIBIT E

| | |
|---|---|
| **From:** | Natasha Zaslove <nzaslove@gilbertlitigators.com> |
| **Sent:** | Friday, September 15, 2023 8:42 PM |
| **To:** | David Gringer |
| **Cc:** | Robert S. Raymar; David Copeland; 568_litigation@gilbertlitigators.com; Arielle Herzberg |
| **Subject:** | 568 Plaintiffs' Request to Penn for FERPA Notices |
| **Attachments:** | Appendix A (00390940x7A438).pdf |

**EXTERNAL SENDER**

Counsel,

Please see the below correspondence from and on behalf of Bob Raymar.

Dear David,

Attached to this email as Appendix A is a list of 31 donors to Penn and their 37 children who have attended Penn from 2006 to the present. This list is based on publicly available information.

For each student on Appendix A, Plaintiffs request that Penn produce the admissions files for each of those students or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.) as well as any internal Ratings used by Penn to admit or deny admission to the student. Plaintiffs also request all documents on a "go get" basis located in the Admissions, President's or Advancement Offices concerning any donations by each student's parents to Penn (or their capacity to make such donations), including any correspondence with those parents.

Plaintiffs are entitled to this information because it is directly probative of two of the central issues in this case: (1) Whether Pennadmitted all domestic students without regard to their or their families' financial circumstances and ability to donate; and (2) the extent to which Penn uses its admissions process to maximize revenues, which would trigger the application of the per se standard to Plaintiffs' claim under Section 1 of the Sherman Act.

Plaintiffs request that Penn provide FERPA notices to the students at issue. The issuance of such notices is authorized by the Court's Order Regarding FERPA and the Production of Certain Documents and Information, dated Oct. 26, 2022 (ECF 231), which includes (as Ex. A) the form of the Notice to be provided. In the August 17 Joint Status Report ("JSR"), Plaintiffs reserved the right to request that each Defendant provide up to 50 notices under FERPA to students who had been admitted to the university and whose parents were known to have made donations to the university. See JSR at 4, notes 6-7.

Plaintiffs' request is narrow and targeted, and any burden it imposes on Penn is proportional to Plaintiffs' evidentiary burdens. See July 24 Hrg. Tr. at 43 ("[I]f [a motion to disclose PII concerns] 100 people, it's going to be one thing. If it's 10,000 people, it's going to be another thing"). The information sought is distinctly probative in comparison to any existing discovery that Plaintiffs have obtained, or expect to obtain, regarding these issues. Here, having information about the academic credentials of students whose parents are significant donors allows Plaintiffs to compare the qualifications of that discrete group against the general population of admitted students. In addition, during any deposition of Penn personnel about the influence of donations on admissions, having the already publicly available names of both the donors and the names of the applicants (instead of an anonymized list of UID applicants) allows for more thorough questioning of the deponent and gives the deponent less room to provide

1

misleading answers. For example, where we already have the names of the donors and the admittees, we can ask better follow-up questions because we often have additional publicly available information about the amount and timing of the donations, as well as publicly available information from social media, magazines and newspapers about individual students which is suggestive of the student's academic qualifications or lack thereof.

At the same time, Plaintiffs are prepared to discuss foregoing this discovery if Penn is willing to enter into certain stipulations that would make the discovery less probative and important for trial. Those stipulations include the following:

1. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Penn is entitled to immunity from antitrust liability based on the "568 Exemption," Penn will not contend that its admissions policies and practices are lawful because it admitted only a "de minimis" or immaterial number of students, either each year or in toto, in consideration of their parents' past or prospective donations to the school (assuming that any "de minimis" exception to the 568 statute is even determined to exist).

2. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Penn is entitled to immunity from antitrust liability based on the "568 Exemption," Penn will not contend that Plaintiffs' identification of any specific students or their families on an anonymized basis (such as by UIDs), in presenting evidence or arguing that Penn considered past or prospective donations to the school in making admissions decisions regarding those students, in any way constitutes a failure of proof.

3. Penn will not contend that the school's consideration of the prior or prospective donations by the families of one or more anonymized students will disqualify Penn from the protection of the 568 Exemption only if Plaintiffs prove that "but for" such donations or financial circumstances, the student or students would not have been admitted.

Unless Penn is prepared to agree to such stipulations, Plaintiffs will pursue the foregoing discovery, while reserving their rights to supplement this request with additional names (beyond those listed in App. A, up to a maximum of 50 Penn students), posing burdens that continue to be proportional to Plaintiffs' existing evidentiary burdens.

Please advise by Wednesday, September 20, whether Penn will agree to issue FERPA notices to the students listed on App. A; or, in the alternative, is prepared to agree to the proposed stipulations. Plaintiffs are of course available to meet and confer on this subject on, September 19 or 20. If Penn refuses to issue FERPA notices as requested (or agree to the proposed stipulations), Plaintiffs will move to compel.

Regards,

Robert Raymar
Gilbert Litigators & Counselors, P.C.
C: (201) 259-4890
rraymar@gilbertlitigators.com
www.gilbertlitigators.com

## APPENDIX A

| Parent/Donor Name(s) | Child(ren)'s Class Year(s) | Student Names |
|---|---|---|
| ▮ | 2015, 2023 | ▮ |
| ▮ | 2018 | ▮ |
| ▮ | 2022 | ▮ |
| ▮ | 2019, 2023 | Unknown |
| ▮ | 2021 | ▮ |
| ▮ | 2023 | Unknown |
| ▮ | 2024 | Unknown |
| ▮ | 2023 | ▮ |
| ▮ | 2010 | ▮ |
| ▮ | 2024 | ▮ |
| ▮ | 2021 | Unknown |
| ▮ | 2020, 2024 | ▮, unknown |
| ▮ | 2013 | ▮ |
| ▮ | 2019, 2022 | ▮ |
| ▮ | 2022 | Unknown |
| ▮ | 2021 | ▮ |
| ▮ | 2022 | ▮ |
| ▮ | 2022 | ▮ |
| ▮ | 2021 | Unknown |
| ▮ | 2024 | Unknown |
| ▮ | 2024 | Unknown |
| ▮ | 2022 | Unknown |
| ▮ | 2024 | Unknown |
| ▮ | 2022 | Unknown |
| ▮ | 2021 | ▮ |
| ▮ | 2023 | ▮ |
| ▮ | 2022 | ▮ |
| ▮ | 2024 | Unknown |
| ▮ | 2024 | Unknown |
| ▮ | 2022, 2024 | ▮ |
| ▮ | 2020, 2022 | Unknown |

390774

| | |
|---|---|
| **From:** | David Gringer |
| **Sent:** | Monday, September 18, 2023 8:04 PM |
| **To:** | Steven Magnusson |
| **Cc:** | 'Robert S. Raymar'; 'David Copeland'; 568_litigation@gilbertlitigators.com; Arielle Herzberg; 'Natasha Zaslove' |
| **Subject:** | Re: 568 Plaintiffs' Request to Penn for FERPA Notices |

Steve,

Please also provide us with a copy of the publicly available information you relied upon to formulate your request.

Sincerely,
David

**David Gringer | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
david.gringer@wilmerhale.com

---

**From:** Gringer, David
**Sent:** Monday, September 18, 2023 6:16:42 PM
**To:** Steven Magnusson <smagnusson@gilbertlitigators.com>
**Cc:** 'Robert S. Raymar' <rraymar@gilbertlitigators.com>; 'David Copeland' <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com <568_litigation@gilbertlitigators.com>; Herzberg, Arielle K. <Arielle.Herzberg@wilmerhale.com>; 'Natasha Zaslove' <nzaslove@gilbertlitigators.com>
**Subject:** RE: 568 Plaintiffs' Request to Penn for FERPA Notices

Steve,

As my email from Friday night made clear, for Penn to consider your ad hoc request for information that was served to all 16 defendants, we needed you to provide an individualized basis for seeking the information for each student. That someone's parents gave a donation to Penn and their child was accepted to Penn are independent events. We are not going to allow you to harass individuals who were absolutely qualified to get into college based on zero evidence that their admission was anything *other than* on the merits. Candidly, you and your colleagues should be ashamed of yourselves for doing so. I am not available at the single time you offered and again, I encourage you to select a time where you can have lead counsel for the plaintiffs present as Penn intends to seek relief under Rule 37.

Sincerely,

David

**David Gringer | WilmerHale**
7 World Trade Center
250 Greenwich Street

1

New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
david.gringer@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Steven Magnusson <smagnusson@gilbertlitigators.com>
**Sent:** Monday, September 18, 2023 5:46 PM
**To:** Gringer, David <David.Gringer@wilmerhale.com>
**Cc:** 'Robert S. Raymar' <rraymar@gilbertlitigators.com>; 'David Copeland' <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; Herzberg, Arielle K. <Arielle.Herzberg@wilmerhale.com>; 'Natasha Zaslove' <nzaslove@gilbertlitigators.com>
**Subject:** RE: 568 Plaintiffs' Request to Penn for FERPA Notices

**EXTERNAL SENDER**

David –

Bob and Natasha are available to meet and confer on September 20 at 2:30 ET. If you are available, please send a meeting link, or confirm your availability and we will set it up.

Regards,

Steven Magnusson
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 617.894.9312
smagnusson@gilbertlitigators.com
www.gilbertlitigators.com

**From:** Gringer, David <David.Gringer@wilmerhale.com>
**Sent:** Monday, September 18, 2023 4:36 PM
**To:** Steven Magnusson <smagnusson@gilbertlitigators.com>
**Cc:** 'Robert S. Raymar' <rraymar@gilbertlitigators.com>; 'David Copeland' <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; Herzberg, Arielle K. <Arielle.Herzberg@wilmerhale.com>; 'Natasha Zaslove' <nzaslove@gilbertlitigators.com>
**Subject:** RE: 568 Plaintiffs' Request to Penn for FERPA Notices

Bob,

To be clear, we have requested a meet and confer on the harassment issue. I would encourage you to include lead counsel on that call. Please let me know when you and your colleagues are available for that?

**David Gringer | WilmerHale**
7 World Trade Center

250 Greenwich Street
New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
david.gringer@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Steven Magnusson <smagnusson@gilbertlitigators.com>
**Sent:** Monday, September 18, 2023 4:32 PM
**To:** Gringer, David <David.Gringer@wilmerhale.com>
**Cc:** 'Robert S. Raymar' <rraymar@gilbertlitigators.com>; 'David Copeland' <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; Herzberg, Arielle K. <Arielle.Herzberg@wilmerhale.com>; 'Natasha Zaslove' <nzaslove@gilbertlitigators.com>
**Subject:** RE: 568 Plaintiffs' Request to Penn for FERPA Notices

**EXTERNAL SENDER**

Counsel,

Please see the below correspondence from and on behalf of Bob Raymar.

David, in response to your email of September 15, we are not "fully aware that Penn does not allow donors to influence their admissions process." We are aware that that is your assertion, and the assertion of two of your witnesses who have testified to date. On the other hand, they studiously refused to acknowledge or define the several Special Interest categories I showed them that were reflected in Penn documents. Fact discovery is still open, and we are of course permitted by the Rules to test your assertion.

As for Appendix A, which includes 31 donor parents and their 37 children, we have reason to believe from public sources that the families made significant contributions and that their children were admitted to Penn. We are entitled to test whether the academic qualifications of the children were consistent with the rest of the class admitted with them, which is why we have requested the academic qualifications and related information, and that FERPA notice be provided as a result. We have also requested donor and donation related information that may more directly tie these donations and admissions.

If you continue to resist production, we request a meet and confer on Wednesday September 20. I am available from 2 to 6 pm ET. Thank you.

Bob Raymar

Robert Raymar
Gilbert Litigators & Counselors, P.C.
C: (201) 259-4890
rraymar@gilbertlitigators.com
www.gilbertlitigators.com

**From:** 'Gringer, David' via 568_litigation <568_litigation@gilbertlitigators.com>
**Sent:** Friday, September 15, 2023 9:04 PM
**To:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Cc:** Robert S. Raymar <rraymar@gilbertlitigators.com>; David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; Herzberg, Arielle K. <Arielle.Herzberg@wilmerhale.com>
**Subject:** Re: 568 Plaintiffs' Request to Penn for FERPA Notices

Dear Bob,

Please send us no later than Tuesday, September 19 at noon ET a description for each individual listed in Appendix A, your basis, if any, for requesting this information.

In addition, based on the testimony that you personally elicited, you are fully aware that Penn does not allow donors to influence their admissions process. Therefore, I can only conclude that this discovery is being promulgated for harassment purposes. Please let me know your earliest availability on Wednesday to meet and confer about that.

Sincerely,

David


**David Gringer | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
david.gringer@wilmerhale.com

---

**From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Sent:** Friday, September 15, 2023 8:42:23 PM
**To:** Gringer, David <David.Gringer@wilmerhale.com>
**Cc:** Robert S. Raymar <rraymar@gilbertlitigators.com>; David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com <568_litigation@gilbertlitigators.com>; Herzberg, Arielle K. <Arielle.Herzberg@wilmerhale.com>
**Subject:** 568 Plaintiffs' Request to Penn for FERPA Notices

**EXTERNAL SENDER**

Counsel,

Please see the below correspondence from and on behalf of Bob Raymar.

---

Dear David,

Attached to this email as Appendix A is a list of 31 donors to Penn and their 37 children who have attended Penn from 2006 to the present. This list is based on publicly available information.

For each student on Appendix A, Plaintiffs request that Penn produce the admissions files for each of those students or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.) as well as any internal Ratings used by Penn to admit or deny admission to the student. Plaintiffs also request all documents on a "go get" basis located in the Admissions, President's or Advancement Offices concerning any donations by each student's parents to Penn (or their capacity to make such donations), including any correspondence with those parents.

Plaintiffs are entitled to this information because it is directly probative of two of the central issues in this case: (1) Whether Pennadmitted all domestic students without regard to their or their families' financial circumstances and ability to donate; and (2) the extent to which Penn uses its admissions process to maximize revenues, which would trigger the application of the per se standard to Plaintiffs' claim under Section 1 of the Sherman Act.

Plaintiffs request that Penn provide FERPA notices to the students at issue. The issuance of such notices is authorized by the Court's Order Regarding FERPA and the Production of Certain Documents and Information, dated Oct. 26, 2022 (ECF 231), which includes (as Ex. A) the form of the Notice to be provided. In the August 17 Joint Status Report ("JSR"), Plaintiffs reserved the right to request that each Defendant provide up to 50 notices under FERPA to students who had been admitted to the university and whose parents were known to have made donations to the university. See JSR at 4, notes 6-7.

Plaintiffs' request is narrow and targeted, and any burden it imposes on Penn is proportional to Plaintiffs' evidentiary burdens. See July 24 Hrg. Tr. at 43 ("[I]f [a motion to disclose PII concerns] 100 people, it's going to be one thing. If it's 10,000 people, it's going to be another thing"). The information sought is distinctly probative in comparison to any existing discovery that Plaintiffs have obtained, or expect to obtain, regarding these issues. Here, having information about the academic credentials of students whose parents are significant donors allows Plaintiffs to compare the qualifications of that discrete group against the general population of admitted students. In addition, during any deposition of Penn personnel about the influence of donations on admissions, having the already publicly available names of both the donors and the names of the applicants (instead of an anonymized list of UID applicants) allows for more thorough questioning of the deponent and gives the deponent less room to provide misleading answers. For example, where we already have the names of the donors and the admittees, we can ask better follow-up questions because we often have additional publicly available information about the amount and timing of the donations, as well as publicly available information from social media, magazines and newspapers about individual students which is suggestive of the student's academic qualifications or lack thereof.

At the same time, Plaintiffs are prepared to discuss foregoing this discovery if Penn is willing to enter into certain stipulations that would make the discovery less probative and important for trial. Those stipulations include the following:

1. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Penn is entitled to immunity from antitrust liability based on the "568 Exemption," Penn will not contend that its admissions policies and practices are lawful because it admitted only a "de minimis" or immaterial number of students, either each year or in toto, in consideration of their parents' past or prospective donations to the school (assuming that any "de minimis" exception to the 568 statute is even determined to exist).

2. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Penn is entitled to immunity from antitrust liability based on the "568 Exemption," Penn will not contend that Plaintiffs' identification of any specific students or their families on an anonymized basis (such as by UIDs), in presenting evidence or arguing that Pennconsidered past or prospective donations to the school in making admissions decisions regarding those students, in any way constitutes a failure of proof.

3. Penn will not contend that the school's consideration of the prior or prospective donations by the families of one or more anonymized students will disqualify Penn from the protection of the 568 Exemption only if Plaintiffs prove that "but for" such donations or financial circumstances, the student or students would not have been admitted.

Unless Penn is prepared to agree to such stipulations, Plaintiffs will pursue the foregoing discovery, while reserving their rights to supplement this request with additional names (beyond those listed in App. A, up to a maximum of 50 Penn students), posing burdens that continue to be proportional to Plaintiffs' existing evidentiary burdens.

Please advise by Wednesday, September 20, whether Penn will agree to issue FERPA notices to the students listed on App. A; or, in the alternative, is prepared to agree to the proposed stipulations. Plaintiffs are of course available to meet and confer on this subject on, September 19 or 20. If Penn refuses to issue FERPA notices as requested (or agree to the proposed stipulations), Plaintiffs will move to compel.

Regards,

Robert Raymar
Gilbert Litigators & Counselors, P.C.
C: (201) 259-4890
rraymar@gilbertlitigators.com
www.gilbertlitigators.com