# EXHIBIT F

| | |
|---|---|
| **From:** | Peter Bach-y-Rita <pbachyrita@fnf.law> |
| **Sent:** | Friday, September 15, 2023 6:32 PM |
| **To:** | Norm Armstrong; Zach Fardon; Emily Chen |
| **Cc:** | 568 Litigation; 568_litigation@gilbertlitigators.com |
| **Subject:** | 568 Plaintiffs Request to Rice for FERPA Notices |
| **Attachments:** | Rice Appendix A.docx |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Dear Norm,

Attached to this email as Appendix A is a list of 10 donors to Rice and their 11 children. This list is based on publicly available information. Several of the donors listed are current or former members of the University's board of trustees.

For each student on Appendix A, Plaintiffs request that Rice produce the admissions files for each of those students or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.) as well as any internal Ratings used by Rice to admit or deny admission to the student. Plaintiffs also request all documents on a "go get" basis located in the Admissions, President's or Advancement Offices concerning any donations by each student's parents to Rice (or their capacity to make such donations), including any correspondence with those parents.

Plaintiffs are entitled to this information because it is directly probative of two of the central issues in this case: (1) Whether Rice admitted all domestic students without regard to their or their families' financial circumstances and ability to donate; and (2) the extent to which Rice uses its admissions process to maximize revenues, which would trigger the application of the *per se* standard to Plaintiffs' claim under Section 1 of the Sherman Act.

Plaintiffs request that Rice provide FERPA notices to the students at issue. The issuance of such notices is authorized by the Court's Order Regarding FERPA and the Production of Certain Documents and Information, dated Oct. 26, 2022 (ECF 231), which includes (as Ex. A) the form of the Notice to be provided. In the August 17 Joint Status Report ("JSR"), Plaintiffs reserved the right to request that each Defendant provide up to 50 notices under FERPA to students who had been admitted to the university and whose parents were known to have made donations to the university. *See* JSR at 4, notes 6-7.

Plaintiffs' request is narrow and targeted, and any burden it imposes on Rice is proportional to Plaintiffs' evidentiary burdens. *See* July 24 Hrg. Tr. at 43 ("[I]f [a motion to disclose PII concerns] 100 people, it's going to be one thing. If it's 10,000 people, it's going to be another thing"). The information sought is distinctly probative in comparison to any existing discovery that Plaintiffs have obtained, or expect to obtain, regarding these issues. Here, having information about the academic credentials of students whose parents are significant donors allows Plaintiffs to compare the qualifications of that discrete group against the general

1

population of admitted students. In addition, during any deposition of Rice personnel about the influence of donations on admissions, having the already publicly available names of both the donors and the names of the applicants (instead of an anonymized list of UID applicants) allows for more thorough questioning of the deponent and gives the deponent less room to provide misleading answers. For example, where we already have the names of the donors and the admittees, we can ask better follow-up questions because we often have additional publicly available information about the amount and timing of the donations, as well as publicly available information from social media, magazines and newspapers about individual students which is suggestive of the student's academic qualifications or lack thereof.

At the same time, Plaintiffs are prepared to discuss foregoing this discovery if Rice is willing to enter into certain stipulations that would make the discovery less probative and important for trial. Those stipulations include the following:

1. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Rice is entitled to immunity from antitrust liability based on the "568 Exemption," Rice will not contend that its admissions policies and practices are lawful because it admitted only a "de minimis" or immaterial number of students, either each year or in toto, in consideration of their parents' past or prospective donations to the school (assuming that any "de minimis" exception to the 568 statute is even determined to exist).

2. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Rice is entitled to immunity from antitrust liability based on the "568 Exemption," Rice will not contend that Plaintiffs' identification of any specific students or their families on an anonymized basis (such as by UIDs), in presenting evidence or arguing that Rice considered past or prospective donations to the school in making admissions decisions regarding those students, in any way constitutes a failure of proof.

3. Rice will not contend that the school's consideration of the prior or prospective donations by the families of one or more anonymized students demonstrates a revenue maximizing purpose, or disqualifies Rice from the protection of the 568 Exemption, only if Plaintiffs prove that "but for" such donations or financial circumstances, the student or students would not have been admitted.

Unless Rice is prepared to agree to such stipulations, Plaintiffs will pursue the foregoing discovery, while reserving their rights to supplement this request with additional names (beyond those listed in App. A, up to a maximum of 50 Rice students), posing burdens that continue to be proportional to Plaintiffs' existing evidentiary burdens.

Please advise by Wednesday, September 20, whether Rice will agree to issue FERPA notices to the students listed on Appendix A; or, in the alternative, is prepared to agree to the proposed stipulations. Plaintiffs are of course available to meet and confer on this subject. If Rice refuses to issue FERPA notices as requested (or agree to the proposed stipulations), Plaintiffs will move to compel.

Peter Bach-y-Rita
*Associate*

**Freedman Normand Friedland LLP**
99 Park Ave., Suite 1910
New York, NY 10016
(t) 646.823.1555
(f) 646.392.8842
(m) 415.948.9625
(@) pbachyrita@fnf.law

*Admitted in California Only*

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

APPENDIX A:  CHILDREN OF RICE DONORS WHO SHOULD RECEIVE FERPA NOTICES*



1. Parent Donor: ██████████████████ .
   ███ '22
2. Parent Donor: ██████████
   ███ '21.
3. Parent Donor: ████████████
   ███ '18, ████ '19,     '22.
4. Parent Donor: ████████████████████
   ███ '22
5. Parent Donor: ███████ '87 █████████████
   ███ '16.
6. Parent Donor: ████████████ '79
   ████████████ '22
7. Parent Donor: █████████████████
   ███ '18
8. Parent Donor: ████████████
   ███ '17
9. Parent Donor: ██████████
   ███ '18.
10. Parent Donor: ███████
    ████ '20

*Designates ██████████████ .