# EXHIBIT H

| | |
|---|---|
| **From:** | Peter Bach-y-Rita <pbachyrita@fnf.law> |
| **Sent:** | Wednesday, September 20, 2023 8:22 PM |
| **To:** | William Donnelly; S Kirkpatrick; M Heins; Van Kirk, Robert |
| **Cc:** | 568 Litigation; 568_litigation@gilbertlitigators.com |
| **Subject:** | 568 Plaintiffs Request to Notre Dame for FERPA Notices |
| **Attachments:** | Notre Dame Appendix A.docx |

Sarah,

Attached to this email as Appendix A is a list of 6 donors to Notre Dame and their 11 children and grandchildren. This list is based on publicly available information. Some of the donors listed are current or former members of the University's board of trustees.

For each student on Appendix A, Plaintiffs request that Notre Dame produce the admissions files for each of those students or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.) as well as any internal Ratings used by Notre Dame to admit or deny admission to the student. Plaintiffs also request all documents on a "go get" basis located in the Admissions, President's or Advancement Offices concerning any donations by each student's parents to Notre Dame (or their capacity to make such donations), including any correspondence with those parents.

Plaintiffs are entitled to this information because it is directly probative of two of the central issues in this case: (1) Whether Notre Dame admitted all domestic students without regard to their or their families' financial circumstances and ability to donate; and (2) the extent to which Notre Dame uses its admissions process to maximize revenues, which would trigger the application of the *per se* standard to Plaintiffs' claim under Section 1 of the Sherman Act.

Plaintiffs request that Notre Dame provide FERPA notices to the students at issue. The issuance of such notices is authorized by the Court's Order Regarding FERPAand the Production of Certain Documents and Information, dated Oct. 26, 2022 (ECF 231), which includes (as Ex. A) the form of the Notice to be provided. In the August 17 Joint Status Report ("JSR"), Plaintiffs reserved the right to request that each Defendant provide up to 50 notices under FERPA to students who had been admitted to the university and whose parents were known to have made donations to the university. *See* JSR at 4, notes 6-7.

Plaintiffs' request is narrow and targeted, and any burden it imposes on Notre Dame is proportional to Plaintiffs' evidentiary burdens. *See* July 24 Hrg. Tr. at 43 ("[I]f [a motion to disclose PII concerns] 100 people, it's going to be one thing. If it's 10,000 people, it's going to be another thing"). The information sought is distinctly probative in comparison to any existing discovery that Plaintiffs have obtained, or expect to obtain, regarding these issues. Here, having information about the academic credentials of students whose parents are significant donors allows Plaintiffs to compare the qualifications of that discrete group against the general population of admitted students. In addition, during any deposition of Notre Dame personnel about the influence of donations on admissions, having the already publicly available names of both the donors and the names of the applicants (instead of an anonymized list of UID applicants) allows for more thorough questioning of the deponent and gives the deponent less room to provide misleading answers. For example, where we already have the names of the donors and the admittees, we can ask better follow-up questions because we often have additional publicly available information about the amount and timing of the

1

donations, as well as publicly available information from social media, magazines and newspapers about individual students which is suggestive of the student's academic qualifications or lack thereof.

At the same time, Plaintiffs are prepared to discuss foregoing this discovery if Notre Dame is willing to enter into certain stipulations that would make the discovery less probative and important for trial. Those stipulations include the following:

1. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Notre Dame is entitled to immunity from antitrust liability based on the "568 Exemption," Notre Dame will not contend that its admissions policies and practices are lawful because it admitted only a "de minimis" or immaterial number of students, either each year or in toto, in consideration of their parents' past or prospective donations to the school (assuming that any "de minimis" exception to the 568 statute is even determined to exist).

2. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Notre Dame is entitled to immunity from antitrust liability based on the "568 Exemption," Notre Dame will not contend that Plaintiffs' identification of any specific students or their families on an anonymized basis (such as by UIDs), in presenting evidence or arguing that Notre Dame considered past or prospective donations to the school in making admissions decisions regarding those students, in any way constitutes a failure of proof.

3. Notre Dame will not contend that the school's consideration of the prior or prospective donations by the families of one or more anonymized students demonstrates a revenue maximizing purpose, or disqualifies Notre Dame from the protection of the 568 Exemption, only if Plaintiffs prove that "but for" such donations or financial circumstances, the student or students would not have been admitted.

Unless Notre Dame is prepared to agree to such stipulations, Plaintiffs will pursue the foregoing discovery, while reserving their rights to supplement this request with additional names (beyond those listed in App. A, up to a maximum of 50 Notre Dame students), posing burdens that continue to be proportional to Plaintiffs' existing evidentiary burdens.

Please advise by Friday, September 22, whether Notre Dame will agree to issue FERPA notices to the students listed on Appendix A; or, in the alternative, is prepared to agree to the proposed stipulations. Plaintiffs are of course available to meet and confer on this subject. If Notre Dame refuses to issue FERPA notices as requested (or agree to the proposed stipulations), Plaintiffs will move to compel.

Peter Bach-y-Rita
*Associate*
**Freedman Normand Friedland LLP**
99 Park Ave., Suite 1910
New York, NY 10016
(t) 646.823.1555
(f) 646.392.8842
(m) 415.948.9625
(@) pbachyrita@fnf.law

*Admitted in California Only*

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

APPENDIX A: CHILDREN OF NOTRE DAME DONORS WHO SHOULD RECEIVE FERPA NOTICES*

1. Parent Donor: ███████████████
   ███ '20

2. Parent Donor: ███ '62 and ██████
   ███ '00; ███ '06

3. Parent Donor: ████████████████████
   ████████ '11 (granddaughter); █████████ (granddaughter) '18.

4. Parent Donor: █████ '69 ████████
   ██████ '90; ███ '20 (granddaughter)

5. Parent Donor: ████████████████
   ███ '12, ██ '17

6. Parent Donor: ████████████
   ████ '05

*Designates ██████████████████████.

| | |
|---|---|
| **From:** | S Kirkpatrick |
| **Sent:** | Thursday, September 28, 2023 11:36 AM |
| **To:** | Peter Bach-y-Rita; William Donnelly; M Heins; Van Kirk, Robert |
| **Cc:** | 568 Litigation; 568_litigation@gilbertlitigators.com |
| **Subject:** | RE: 568 Plaintiffs Request to Notre Dame for FERPA Notices |

Peter –
Following up on my email from last week, and notwithstanding your premature and improper filing of a motion to compel against Notre Dame without having satisfied the meet and confer requirement, I wanted to see if we could find a time to talk tomorrow about this request? Could you do a call at 10am ET or 1:30 or 2pm ET?
Thanks,
Sarah

**Sarah F. Kirkpatrick**
**Williams & Connolly LLP**
680 Maine Ave. S.W., Washington, DC 20024
(P) 202-434-5958 | (F) 202-434-5029
SKirkpatrick@wc.com | www.wc.com/skirkpatrick

**From:** Kirkpatrick, Sarah
**Sent:** Friday, September 22, 2023 10:20 AM
**To:** 'Peter Bach-y-Rita' <pbachyrita@fnf.law>; Donnelly, William <wdonnelly@wc.com>; Heins, Matthew <MHeins@wc.com>; Van Kirk, Robert <RVanKirk@wc.com>
**Cc:** 568 Litigation <568_Litigation@fnf.law>; 568_litigation@gilbertlitigators.com
**Subject:** RE: 568 Plaintiffs Request to Notre Dame for FERPA Notices

Peter –
Your request for a response by today is not reasonable, given that you sent this email on Wednesday night. We will need time to consider your multifaceted proposal and to speak with our client. We note that your email below refers to your "reservation of rights" in the August 17th JSR—meaning that Plaintiffs have been working on and planning this request for over a month. Indeed, we understand you and various other lawyers representing Plaintiffs have made this same request or similar requests of other Defendants over the past several weeks. There is no reason for Plaintiffs to impose a less than 48-hour deadline on Notre Dame, particularly when Plaintiffs have known of this issue for more than a month and have been in discussions with other Defendants for several weeks.

We are happy to have a meet and confer with you sometime next week, and will reach out early in the week to schedule something.

Sarah

**Sarah F. Kirkpatrick**
**Williams & Connolly LLP**
680 Maine Ave. S.W., Washington, DC 20024
(P) 202-434-5958 | (F) 202-434-5029
SKirkpatrick@wc.com | www.wc.com/skirkpatrick

**From:** Peter Bach-y-Rita <pbachyrita@fnf.law>
**Sent:** Wednesday, September 20, 2023 8:22 PM

**To:** Donnelly, William <wdonnelly@wc.com>; Kirkpatrick, Sarah <SKirkpatrick@wc.com>; Heins, Matthew <MHeins@wc.com>; Van Kirk, Robert <RVanKirk@wc.com>
**Cc:** 568 Litigation <568_Litigation@fnf.law>; 568_litigation@gilbertlitigators.com
**Subject:** 568 Plaintiffs Request to Notre Dame for FERPA Notices

Sarah,

Attached to this email as Appendix A is a list of 6 donors to Notre Dame and their 11 children and grandchildren. This list is based on publicly available information. Some of the donors listed are current or former members of the University's board of trustees.

For each student on Appendix A, Plaintiffs request that Notre Dame produce the admissions files for each of those students or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.) as well as any internal Ratings used by Notre Dame to admit or deny admission to the student. Plaintiffs also request all documents on a "go get" basis located in the Admissions, President's or Advancement Offices concerning any donations by each student's parents to Notre Dame (or their capacity to make such donations), including any correspondence with those parents.

Plaintiffs are entitled to this information because it is directly probative of two of the central issues in this case: (1) Whether Notre Dame admitted all domestic students without regard to their or their families' financial circumstances and ability to donate; and (2) the extent to which Notre Dame uses its admissions process to maximize revenues, which would trigger the application of the *per se* standard to Plaintiffs' claim under Section 1 of the Sherman Act.

Plaintiffs request that Notre Dame provide FERPA notices to the students at issue. The issuance of such notices is authorized by the Court's Order Regarding FERPA and the Production of Certain Documents and Information, dated Oct. 26, 2022 (ECF 231), which includes (as Ex. A) the form of the Notice to be provided. In the August 17 Joint Status Report ("JSR"), Plaintiffs reserved the right to request that each Defendant provide up to 50 notices under FERPA to students who had been admitted to the university and whose parents were known to have made donations to the university. *See* JSR at 4, notes 6-7.

Plaintiffs' request is narrow and targeted, and any burden it imposes on Notre Dame is proportional to Plaintiffs' evidentiary burdens. *See* July 24 Hrg. Tr. at 43 ("[I]f [a motion to disclose PII concerns] 100 people, it's going to be one thing. If it's 10,000 people, it's going to be another thing"). The information sought is distinctly probative in comparison to any existing discovery that Plaintiffs have obtained, or expect to obtain, regarding these issues. Here, having information about the academic credentials of students whose parents are significant donors allows Plaintiffs to compare the qualifications of that discrete group against the general population of admitted students. In addition, during any deposition of Notre Dame personnel about the influence of donations on admissions, having the already publicly available names of both the donors and the names of the applicants (instead of an anonymized list of UID applicants) allows for more thorough questioning of the deponent and gives the deponent less room to provide misleading answers. For example, where we already have the names of the donors and the admittees, we can ask better follow-up questions because we often have additional publicly available information about the amount and timing of the donations, as well as publicly available information from social media, magazines and newspapers about individual students which is suggestive of the student's academic qualifications or lack thereof.

At the same time, Plaintiffs are prepared to discuss foregoing this discovery if Notre Dame is willing to enter into certain stipulations that would make the discovery less probative and important for trial. Those stipulations include the following:

1. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Notre Dame is entitled to immunity from antitrust liability based on the "568 Exemption," Notre Dame will not contend that its admissions policies and practices are lawful because it admitted only a "de minimis" or immaterial number of students, either each year or in toto, in consideration of their parents' past or prospective donations to the school (assuming that any "de minimis" exception to the 568 statute is even determined to exist).

2. With respect to any issue concerning liability or immunity under federal antitrust law, including the issue of whether Notre Dame is entitled to immunity from antitrust liability based on the "568 Exemption," Notre Dame will not contend that Plaintiffs' identification of any specific students or their families on an anonymized basis (such as by UIDs), in presenting evidence or arguing that Notre Dame considered past or prospective donations to the school in making admissions decisions regarding those students, in any way constitutes a failure of proof.

3. Notre Dame will not contend that the school's consideration of the prior or prospective donations by the families of one or more anonymized students demonstrates a revenue maximizing purpose, or disqualifies Notre Dame from the protection of the 568 Exemption, only if Plaintiffs prove that "but for" such donations or financial circumstances, the student or students would not have been admitted.

Unless Notre Dame is prepared to agree to such stipulations, Plaintiffs will pursue the foregoing discovery, while reserving their rights to supplement this request with additional names (beyond those listed in App. A, up to a maximum of 50 Notre Dame students), posing burdens that continue to be proportional to Plaintiffs' existing evidentiary burdens.

Please advise by Friday, September 22, whether Notre Dame will agree to issue FERPA notices to the students listed on Appendix A; or, in the alternative, is prepared to agree to the proposed stipulations. Plaintiffs are of course available to meet and confer on this subject. If Notre Dame refuses to issue FERPA notices as requested (or agree to the proposed stipulations), Plaintiffs will move to compel.

Peter Bach-y-Rita
*Associate*

**Freedman Normand Friedland LLP**
99 Park Ave., Suite 1910
New York, NY 10016
(t) 646.823.1555
(f) 646.392.8842
(m) 415.948.9625
(@) pbachyrita@fnf.law

*Admitted in California Only*

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not

the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.