UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, et al. individually and on behalf of all others similarly situated, )<br>)<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>BROWN UNIVERSITY, et al., )<br>)<br>*Defendants.* ) | Case No. 1:22-cv-000125<br><br>Hon. Matthew F. Kennelly |

**VANDERBILT DOE STUDENTS 1-42 MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND <u>ADDITIONAL TIME TO SUBMIT OBJECTION LETTERS</u>**

Vanderbilt Doe Students 1-42[1] (the "Students"), by and through undersigned counsel, hereby submit the following Memorandum in Support of their Motion for Protective Order and Additional Time to Submit Objection Letters in order to clarify the objection process and ensure its confidentiality.

I. **INTRODUCTION**

On October 19 and 20, 2023, the Students received notice from Vanderbilt that their highly sensitive information may be disclosed to the parties in this case if the Students do not object to that disclosure by November 2, 2023. The Students understand from filings on the Court's docket that Plaintiffs have requested this sensitive information—which they already have in anonymized form—to create a narrative that particular Students "would not have been admitted [to Vanderbilt] but for a donation or Vanderbilt's expectation of a donation." (Dkt. No. 433, p. 4).

---

[1] Plaintiffs requested the identities of 49 students represented by identification numbers in prior productions. This motion is on behalf of 42 of those students.

1

The Students oppose deanonymization of their records, and they wish to speak freely with this Court about the bases for their objections, including sharing sensitive and private information. However, the Court's order governing objections provides that the Students' letters will be filed on the Court's docket. *See* the Order Regarding FERPA and the Production of Certain Documents and Information (the "FERPA Order") (Dkt. No. 231), at ¶ 3. Thus, the Students must choose between having their sensitive information made public (which would defeat the purpose of objecting) or withholding important information for the Court to consider when evaluating their objections.

In order to avoid an invasion of their privacy or public embarrassment, **first**, the Students respectfully ask the Court to allow them to submit their objections for *in camera* review by the Court without docketing the letters. **Second**, to the extent the Court wants to provide access to the letters to any party, the Students ask the Court to permit them to (1) redact personally identifiable information from the letters before they are provided to any counsel and (2) mark the letters as "Attorneys' Eyes Only" [2] pursuant to the Confidentiality Order in this case. And **third**, the Students seek a modest 14-day extension to draft and submit their objections given the procedural questions posed in this Motion.

## II. BACKGROUND

Plaintiffs seek information about "students whose admission to Defendant universities during the class period may have been influenced by their families' historical or expected

---

[2] The Court entered the Amended Confidentiality Order on July 28, 2023 ("Confidentiality Order") (Dkt. No. 416-1), which provides that "any document protected under the Family Educational Rights and Privacy Act ('FERPA') may be marked Confidential. (Dkt. No. 416-1, ¶ 2(a)). The Confidentiality Order further provides that "[a]ny party or non-party may designate documents as ATTORNEYS' EYES ONLY if the document contains…highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm to, or cause material harm to the legitimate interests of, the disclosing party." (Dkt. No. 416-1, ¶ 2(b)).

donations" in an effort to advance their theory of "wealth favoritism." (Dkt. No. 443-1, p. 3). Plaintiffs filed a Motion to Compel Defendants to Provide FERPA Notices ("Motion to Compel FERPA Notices") (Dkt. No. 443). On October 5, 2023, the Court granted the Motion to Compel FERPA Notices and ordered Vanderbilt, along with other Defendants, to notify the students that the schools may have to identify them in documents previously produced in this case (Dkt No. 459). Vanderbilt provided such notices to the Students on October 19, 2023 and October 20, 2023.

The FERPA Order states that recipients "have 14 days from the date the Notice is sent to seek protection from the Court." (Dkt. No. 231, ¶ 2). The FERPA Order then states: "The Court will provide the parties notice of any letters seeking protective action from affected students ***by filing the letters on the docket*** and give the parties an opportunity to respond to such efforts to seek protective action within 30 days after such filing, after which the Court will determine whether to order the Defendant to produce the information notwithstanding the students' requests." (Dkt. No. 231, ¶ 3) (emphases added).

The Students, who are not parties to this case and have not been accused of any wrongdoing, intend to submit objection letters to the Court as permitted by FERPA and the FERPA Order because they are concerned about the deanonymization of their personal and confidential information. However, if the objections are published on the Court's docket (as provided by the FERPA Order), merely explaining the bases for their objections requires disclosing personal and highly sensitive information of the very type that the Students are trying to protect by objecting. Further, providing copies of the Students' letters to Plaintiffs' counsel will provide counsel with the exact information they are seeking—the Students' actual identities—without the Court first having an opportunity to consider the Students' objections.

3

To be more specific, the Students anticipate that they will include highly personal and private information to the Court to explain why they object to the deanonymization of their already-produced education records, and why such deanonymization is harmful. The information Students are considering including in the objection letters varies by individual, but includes:

- How disclosure of their high school and college records will impact their mental health;

- Students' qualifications when applying to Vanderbilt;

- Students' academic performance at Vanderbilt;

- Family donation history to Vanderbilt and/or other institutions of higher education, including anonymous donations, and the timing of such donations;

- Reasons why a student's family may have donated to Vanderbilt;

- Sentiments about the reputational harm they will suffer by the insinuation that their parents entered into a *quid pro quo* arrangement to entice Vanderbilt to accept them, including harm to current academic and career pursuits; and

- Concerns regarding potential re-disclosure by counsel of education records and/or misuse of that information, even given the Confidentiality Order in place in this case.

Disclosure of this highly personal, sensitive information to the public, or even to any party, could cause serious harm to the Students and/or their families. As such, the Students file this Motion.

### III. ARGUMENT

#### A. *Good Cause Exists for In Camera Review.*

Under Federal Rule of Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[]" and "[t]he Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." "Good cause is difficult to define in absolute terms, but generally signifies a sound basis or legitimate need to

4

take judicial action." *Hobley v. Burge,* 22 F.R.D. 221, 224 (N.D. Ill. 2004). Here, good cause exists to review the objection letters *in camera*.

As Students understand it, Plaintiffs already have the education records they seek, but they are anonymized; Plaintiffs seek targeted deanonymization of the Students' records. Good cause exists to protect the privacy interests of these non-party Students who seek to submit objection letters to the Court. Students anticipate their objection letters will contain "highly sensitive confidential information and disclosure to another party . . . would result in specific demonstrable harm to or cause material harm to the legitimate interests of, the disclosing party." (Dkt. No. 416-1, ¶ 2(b)). Students want to speak freely and honestly with this Court, and thus anticipate including information about their personal lives, families, and the impact this situation is having on their mental health.

The filing of the Students' letters on the public docket will release highly personal and private information about the Students, rendering the FERPA objection process moot. This would have the same effect as deanonymizing the Students' education records, because in order to appropriately object, Students must address topics such as their high school and college GPAs and credentials, their application process to Vanderbilt (including when several students were minors), and their time at Vanderbilt—which is the information Plaintiffs seek about the Students. As such, good cause exists to protect this highly sensitive information from disclosure to the public. *See, e.g. SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.,* 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003) (explaining that "[a]lthough documents submitted to a court are presumptively available for public inspection in order to facilitate public monitoring of the courts, portions of documents that are shown to contain trade secrets, or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal.");

5

*Patterson v. Burge,* 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005) ("non-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection.").

For these reasons, good cause exists to protect Students from public disclosure of their sensitive information while allowing them to speak freely with this Court about their personal records, reactions, and circumstances. *In camera* review is the most effective way to do that and is warranted here.

### B. Good Cause Exists to Allow Redaction of Personal Information and AEO Designation if this Court Intends to Disclose the Objection Letters to Counsel for the Parties.

Moreover, if the unredacted objection letters are provided to counsel for the parties, Students are similarly concerned that Plaintiffs' counsel—who have specifically targeted these Students—and even counsel for Defendants, will have extremely personal and private information about Students. Simply put a lot of people will have access to some of their most private and sensitive information. Thus, if the Court intends to provide Students' letters to counsel for the parties, Students request that this Court permit them to (1) redact any personally identifiable information in their letters (including their names) and (2) mark such letters Attorneys' Eyes Only to limit disclosure.

Counsel will not be prejudiced if personally identifiable information is redacted because they do not need to know who wrote the objection letters to adequately respond to them. Thus, the relief sought here—designating the objection letters Attorneys' Eyes Only and permitting redaction of the personally identifiable information in the objection letters **before** the letters go to the parties' counsel—will protect the highly sensitive and personal information the Students

6

anticipate providing in the letters while providing sufficient information to counsel to respond, to the extent the Court determines they should have access to the letters in the first place.

This requested relief is particularly important given that the Court has not yet ruled whether Students' names will be deanonymized in the record. As such, good cause exists to permit the Students the opportunity to take reasonable steps to continue to protect their personal information. *See, e.g.*, *Wanko v. Bd. of Trs. of Ind. Univ.,* 2018 WL 3631579, at *4 (S.D. Ind. July 30, 2018) (in motion to compel context, declining to provide personally identifying information in connection with each student's records because the student names were not relevant to plaintiff's discovery requests); *aff'd* 927 F.3d 966 (7th Cir. 2019); *Loch v. Bd. of Educ. of Edwardsville Comm. Sch. Dist. #7,* 2007 WL 3037288, at *1–2 (S.D. Ill. Oct. 17, 2007) (in motion to compel context, finding that "giving plaintiffs the information they seek but withholding information that would identify the individual students" to be "an appropriate response."); *Tillman v. Gwinnett Cnty. Sch. Dist.,* 2005 WL 8154776 at *7 (N.D. Ga. 2005) (in motion to compel context, ordering the production of relevant information "but not the student's name" explaining that "the court finds no compelling reason that Plaintiff would need access to the specific identities of students . . . and the court feels it is its duty to protect the privacy of students not involved in this action.").

### C. Good Cause Exists to Extend the Time to Submit Objection Letters.

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Per the FERPA Order and FERPA Notice, Students are to submit objection letters within fourteen days of service of the FERPA notices. (Dkt. No. 231, ¶ 2). Vanderbilt sent the majority of the FERPA notices on October 19, 2023, requiring most of the objection letters to be postmarked by November 2, 2023.

7

Good cause exists to extend the time for Students to submit objection letters so that they have clarity on whether the objection letters will be filed publicly on the docket and/or available to the parties' counsel. If the objection letters will be filed publicly, or if unredacted versions will be provided to counsel, Students would like to know in advance so that they can consider what personal and private information to include in their letters. Students do not seek to delay the proceedings, but rather desire to make an informed decision about the details to include in their objection letters. Further, no party will be prejudiced by this request for additional time to submit the objection letters, as Students seek only a modest extension and Students understand that other Defendant universities are only now sending the FERPA notices to students. As such, the Students respectfully request an additional fourteen days from the date of an Order on this Motion to submit their objection letters to the Court.[3]

### IV. Conclusion

For the foregoing reasons, Vanderbilt Doe Students 1-42 respectfully request that the Court grant the Motion for Protective Order and Additional Time to Submit Objection Letters in its entirety and allow for *in camera review* of the letters once provided to the Court (thereby not including the letters on the docket). To the extent the Court determines the letters should be provided to the parties, the Students request that (1) they be permitted to redact personally identifiable information (including their names) from the letters before they are provided to counsel for any party and (2) the letters to be designated as "Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. Finally, the Students request an extension, until fourteen (14) days after this Motion is resolved, to submit their objection letters.

---

[3] If, after the objection process concludes, the Court rules that the Students' records must be deanonymized, the Students respectfully ask that the Court allow for designation of those records as Attorneys' Eyes Only.

Date: October 29, 2023						Respectfully Submitted,

							  /s/ Sarah K. Wake
							Sarah K. Wake
							Melissa M. Weiss
							McGUIREWOODS LLP
							77 West Wacker Drive, Suite 4100
							Chicago, Illinois 60601-1818
							Tel:    312.849.8100
							Fax:    312.849.3690
							Email:  swake@mcguirewoods.com
							             mweiss@mcguirewoods.com

							***Attorneys for Vanderbilt Doe Students 1-42***

**Local Rule 37.2 Certification**

I HEREBY CERTIFY that pursuant to Local Rule 37.2, on October 27, 2023, I spoke by telephone with Plaintiffs' counsel regarding this Motion. Plaintiffs' counsel stated they do not object to designating the letters Attorneys' Eyes Only and do not object to submitting the letters to the Court under seal. Plaintiffs' counsel did not agree to *in camera* review of the letters or that any information should be redacted from the letters prior to counsel for any party receiving the letters. Thus, the parties have conferred pursuant to Local Rule 37.2 and, despite the parties' good faith efforts, the parties were unable to reach an accord on this issue.

                                                                           /s/ Sarah K. Wake

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also sent a copy of the foregoing to counsel for the parties via email.

    __/s/ Sarah K. Wake_____