UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, et al. individually and on behalf of all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BROWN UNIVERSITY, et al., )<br>)<br>Defendants. ) | Case No. 1:22-cv-000125<br><br>Hon. Matthew F. Kennelly |

**CORNELL UNIVERSITY DOE STUDENTS 1-9 MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO FILE UNDER SEAL AND FOR ADDITIONAL TIME TO SUBMIT OBJECTION LETTERS**

Cornell University Doe Students 1-9[1] (the "Students"), by and through undersigned counsel, hereby submit the following Memorandum in Support of their Unopposed Motion to File Under Seal and for Additional Time to Submit Objection Letters. Students' counsel met and conferred with Plaintiffs' counsel and the relief sought in this motion is unopposed.[2]

**I.    BACKGROUND**

On October 26, 2022, this Court issued an Order Regarding FERPA and the Production of Certain Documents and Information (the "FERPA Order") (Dkt. No. 231). The FERPA Order provides that "[i]f a Defendant determines to provide notice under 34 C.F.R. § 99.31(a)(9)(ii) with

---

[1] This motion is on behalf of the 9 students who received FERPA notices from Cornell.

[2] Students' counsel agrees with Plaintiffs' counsel that both Students and Plaintiffs reserve their rights to put forth arguments regarding the redaction of Students' names in any future document productions ordered to be made by Cornell of documents containing Students' personal identifying information (PII) in this case. Plaintiffs' position is that because the names of the objecting Students are already in Plaintiffs' possession based on publicly available information (indeed, Plaintiffs supplied the names to Cornell) the names need not be redacted from any documents produced by Cornell in response to Plaintiffs' Motion to Compel Defendants to Provide FERPA Notices and the Production of Certain Documents and Information (Dkt. No. 443), especially since those names and related PII will be designated AEO under the Confidentiality Order.

1

respect to any documents it will produce in discovery, the Defendant shall provide notice . . . to any applicants or students recipients implicated in those documents, notifying them so the applicants or students may seek protective action in a court filing." *Id.* ¶ 2. The FERPA Order further states that the notice "shall advise the recipient that, if they wish to seek protective action, they have 14 days from the date the Notice is sent to seek protection from the Court." *Id*. Following receipt of any letters seeking protective action, the Court will "fil[e] the letters on the docket and give the parties an opportunity to respond . . . within 30 days after such filing." *Id.* ¶ 3.

On September 25, 2023, Plaintiffs filed a Motion to Compel Defendants to Provide FERPA Notices ("Motion to Compel FERPA Notices") (Dkt. No. 443). In their motion, Plaintiffs sought information about "students whose admission to Defendant universities during the class period may have been influenced by their families' historical or expected donations." (Dkt. No. 443-1, p. 3). On October 5, 2023, the Court granted the Motion to Compel FERPA Notices and ordered Cornell University ("Cornell"), along with other Defendants, to notify students that they may have to disclose their identity in documents previously produced in this case. (Dkt. No. 459). Cornell subsequently provided such notice to the Students on October 19, 2023, indicating that their personally identifiable information from their education records may be disclosed to the parties in this case if the Students do not object to that disclosure within 14 days, and that any objections must be mailed to the Court by November 2, 2023.

On October 29, 2023, Vanderbilt Doe Students 1-42 ("Vanderbilt Students") filed a motion with the Court requesting a protective order and additional time to submit their objection letters. (Dkt. No. 471). Two days later, on October 31, 2023, the Court granted their motion in part, allowing the Vanderbilt Students to file their letter under seal with personal identifiers (names, addresses, birth dates, and Social Security numbers) redacted; providing that the Vanderbilt Students' letters would

2

be treated as Attorneys' Eyes Only material under the Amended Confidentiality Order; and granting a seven-day extension for the Vanderbilt Students to file their objection letters. (Dkt. No. 476).

Between October 30 and November 1, 2023, Cornell put the Students in touch with the undersigned counsel to assist them in the process of evaluating the FERPA notice and filing any objections they determine to file. The undersigned counsel promptly contacted the Students, and both the Students and counsel require a short extension to draft anticipated objections to the disclosure of any of the education records referred to in the FERPA notice.

Here, just like the Vanderbilt students, the Students are not parties to this case and have not been accused of any wrongdoing. The Students similarly oppose the disclosure of their highly sensitive records—they wish to avoid an invasion of their privacy, and they are concerned about the public shame and embarrassment that will inevitably result from such a disclosure. The Students intend to submit objection letters to the Court as permitted by FERPA and the FERPA Order to further explain to this Court the extent of their concern regarding the disclosure of their personal and confidential information. Similar to the Vanderbilt Students, the Students anticipate that their letters may include highly personal and private information to illustrate for the Court the full extent of harm caused by a possible disclosure—information that may include, but is not limited to, the following:

- Students' mental health and well-being;

- Students' application process when applying to Cornell, including their qualifications and credentials;

- Students' academic performance while attending Cornell;

- Family donation history to Cornell and/or other institutions of higher education, including anonymous donations, and the timing of and reasons behind such donations;

- Concerns regarding potential re-disclosure by counsel of education records and/or

3

- misuse of that information, even given the Court's Amended Confidentiality Order[3] in place in this case; and

- Fears regarding the reputational harm Students will suffer by disclosure, including harm to current academic, professional, and personal achievements and pursuits.

The Students thus file this Motion requesting as follows: ***First***, that the Court to permit them to (i) file their objection letters under seal with personally identifiable information redacted before they are provided to any counsel and (ii) mark the letters as "Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case; and ***second***, that the Court grant a 7-day extension, until November 9, 2023, to allow them to draft and submit their objections given the uncertainty surrounding the procedural questions in this Motion.

II. **ARGUMENT**

    A. ***Good Cause Exists to Allow the Redaction of Personal Information and AEO Designation of Objection Letters Filed under Seal***

If the Court intends to provide Students' objection letters to parties' counsel, Students request that this Court permit them to file the letters under seal and (1) redact any personal identifiers in their letters (including names, addresses, birth dates, and Social Security numbers) before the letters go to parties' counsel, as well as (2) designate the letters as "Attorneys' Eyes Only." The redaction of personal identifiers will not prejudice counsel, who will still be able to respond to the letters without knowing who the authors are. The relief requested here "will protect the highly sensitive and personal information the Students anticipate providing in the letters while providing sufficient information to allow counsel to respond." (Dkt. No. 471-1, pp. 6-7).

As the Vanderbilt Students explained, because the Court has not yet issued a ruling as to

---

[3] The Court entered the Amended Confidentiality Order on July 28, 2023 (Dkt. No. 416-1), which provides that "any document protected under the Family Educational Rights and Privacy Act ('FERPA') may be marked Confidential." (Dkt. No. 416-1, ¶ 2(a)).

4

whether Students' names will be deanonymized in the record, "good cause exists to permit the Students the opportunity to take reasonable steps to continue to protect their personal information." (Dkt. No. 471-1, p. 7); *see, e.g.*, *Wanko v. Bd. of Trs. of Ind. Univ.*, 2018 WL 3631579, at *4 (S.D. Ind. July 30, 2018) (concluding that "student names are not relevant to [plaintiff's] discovery request," and that the "assigned numbers for each student's grades data/GPA/race and gender information" was a "sufficient production" in a motion to compel), *aff'd* 927 F.3d 966 (7th Cir. 2019); *Loch v. Bd. of Educ. of Edwardsville Comm. Sch. Dist. #7*, 2007 WL 3037288, at *1–2 (S.D. Ill. Oct. 17, 2007) (finding that "giving plaintiffs the information they seek but withholding information that would identify the individual students" is "an appropriate response" in motion to compel context).

The Amended Confidentiality Order in this case provides that "[a]ny party or non-party may designate documents as ATTORNEYS' EYES ONLY if the document contains . . . highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm to, or cause material harm to the legitimate interests of, the disclosing party." (Dkt. No. 416-1, ¶ 2(b)). As discussed above, Students anticipate that their objection letters will include highly sensitive information regarding their personal and professional lives, families, and impact on mental health, the disclosure of which to any party could cause serious harm to the Students and/or their families. Students thus request that the Court designate their objection letters as "Attorneys' Eyes Only" in order to limit disclosure.

### B. *Good Cause Exists to Extend the Time to Submit Objection Letters*

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Per the FERPA Order and FERPA Notice, Students are required to submit objection letters within fourteen days of

5

service of the FERPA notices. (Dkt. No. 231, ¶ 2). Cornell sent the FERPA notices to Students on October 19, 2023, and told students objection letters must be received by the court within 30 days and be postmarked by November 2, 2023.

Good cause exists to extend the time for Students to submit objection letters so that they can make an informed decision about what personal and private details to include in their letters. In making this request, it is not Students' intention to delay the proceedings; instead, Students are simply seeking clarity as to whether unredacted versions of their objection letters will be provided to counsel. No party will be prejudiced by this request for additional time to submit the objection letters, as Students seek the same modest extension granted to Vanderbilt Students. Moreover, it is the Students' understanding that "other Defendant universities are only now sending the FERPA notices to students." (Dkt. No. 471-1, p. 8). As such, Students respectfully request an additional seven days, until November 9, 2023, to submit their objection letters to the Court.[4]

### III. CONCLUSION

For the foregoing reasons, Students respectfully request that the Court grant the Motion to File Under Seal and for Additional Time to Submit Objection Letters in its entirety. Specifically, the Students request that the Court to permit them to (i) file their objection letters under seal with personally identifiable information redacted before they are provided to any counsel and (ii) mark the letters as "Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. Finally, the Students request a seven-day extension, until November 9, 2023, to submit their objection letters.

---

[4] If, after the objection process concludes, the Court rules that the Students' records must be deanonymized, the Students respectfully ask that the Court allow for designation of those records as Attorneys' Eyes Only.

Date: November 2, 2023                                Respectfully Submitted,

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz (Illinois Bar No. 6209701)
Eric R. Swibel (Illinois Bar No. 6297743)
LATHAM & WATKINS LLP
sean.berkowitz@lw.com
eric.swibel@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 777-7016

*Attorneys for Cornell University Doe Students 1-9*

**Local Rule 37.2 Certification**

I HEREBY CERTIFY that pursuant to Local Rule 37.2, on November 2, 2023, I spoke by videoconference with Plaintiffs' counsel regarding this Motion. Plaintiffs' counsel stated they do not object to designating the letters Attorneys' Eyes Only and do not object to submitting the letters to the Court under seal. Plaintiffs' counsel further stated they do not object to a seven-day extension, until November 9, 2023, to allow Students to submit their objection letters to the Court. Notwithstanding this Motion, Students' counsel and Plaintiffs' counsel reserve their rights to put forth arguments regarding the redaction of Students' names in any future document productions ordered to be made by Cornell of documents containing Students' personal identifying information (PII) in this case. Plaintiffs' position is that because the names of the objecting Students are already in Plaintiffs' possession based on publicly available information (indeed, Plaintiffs supplied the names to Cornell) the names need not be redacted from any documents produced by Cornell in response to Plaintiffs' Motion to Compel Defendants to Provide FERPA Notices and the Production of Certain Documents and Information (Dkt. No. 443), especially since those names and related PII will be designated AEO under the Confidentiality Order. Thus, the parties have conferred in good faith pursuant to Local Rule 37.2 and were able to reach an accord on this issue.

*/s/ Eric R. Swibel*
Eric R. Swibel

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz