**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANDREW CORZO, et al. individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:22-cv-000125 |
| *Plaintiffs,* | ) ) | Hon. Matthew F. Kennelly |
| v. | ) ) | |
| BROWN UNIVERSITY, et al., | ) ) | |
| *Defendants.* | ) | |

**UNIVERSITY OF PENNSYLVANIA DOE STUDENTS 1-6'S MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION TO FILE UNDER SEAL AND FOR ADDITIONAL TIME TO SUBMIT OBJECTION LETTERS**

University of Pennsylvania Doe Students 1-6 (the "Penn Students"), by and through undersigned counsel, hereby submit the following Memorandum in Support of their Motion to File Under Seal and For Additional Time to Submit Objection Letters. Penn Students' counsel met and conferred with Plaintiffs' counsel and the relief sought in this motion is unopposed.

**I.    BACKGROUND**

On September 25, 2023, Plaintiffs filed a Motion to Compel Defendants to Provide FERPA Notices ("Motion to Compel FERPA Notices"). (Dkt. No. 443). On October 5, 2023, the Court granted the Motion to Compel FERPA Notices and ordered the University of Pennsylvania ("Penn"), along with other Defendants, to notify certain students that the schools may have to identify them in documents previously produced in this case. (Dkt No. 459). Penn provided such notices to its students between October 27, 2023 and November 3, 2023.

The FERPA Order entered in this case in October 2022 states that recipients "have 14 days from the date the [FERPA] Notice is sent to seek protection from the Court." (Dkt. No. 231, ¶ 2). The FERPA Order then states: "The Court will provide the parties notice of any letters seeking

1

protective action from affected students ***by filing the letters on the docket*** and give the parties an opportunity to respond to such efforts to seek protective action within 30 days after such filing, after which the Court will determine whether to order the Defendant to produce the information notwithstanding the students' requests." (Dkt. No. 231, ¶ 3) (emphasis added).

On October 29, 2023 Vanderbilt Doe Students 1-42 ("Vanderbilt Students") filed a motion with the Court requesting a protective order and additional time to submit their objection letters. (Dkt. No. 471). On October 31, 2023, the Court granted their motion in part, allowing the Vanderbilt Students to file their letters under seal and with personal identifiers (names, addresses, birth dates, and Social Security numbers) redacted from the under-seal filing; ordering the objection letters to be treated as attorneys' eyes only material under the amended confidentiality order dated 7/28/2023; and providing seven days from the date of the order to file the objection letters. (Dkt. No. 476).

On November 2, 2023, Cornell Doe Students 1-9 ("Cornell Students") filed an identical motion with the Court requesting the same relief that the Court granted for the Vanderbilt Students. (Dkt. Nos. 479-480). The Court granted the Cornell Students' motion on November 3, 2023. (Dkt. No. 482).

The Penn Students now seek similar relief as they intend to submit objection letters and anticipate that they will provide highly personal and private information to the Court to explain why they object to the deanonymization of their already-produced education records, and why such deanonymization is harmful.

## II.    ARGUMENT

### A.  *Good Cause Exists for Permitting the Letters to be Filed Under Seal.*

The filing of the Penn Students' letters on the public docket will release highly personal and private information about the Penn Students, rendering the FERPA objection process moot. (Dkt. No. 471-1, p. 5). As such, good cause exists to protect this highly sensitive information from disclosure to the public and permit the Penn Students to file the objection letters under seal. *See, e.g. SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.,* 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003) (explaining that "[a]lthough documents submitted to a court are presumptively available for public inspection in order to facilitate public monitoring of the courts, portions of documents that are shown to contain trade secrets, or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal."); *Patterson v. Burge,* 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005) ("non-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection.").

### B.  *Good Cause Exists to Allow Redaction of Personal Information and AEO Designation of the Objection Letters.*

Moreover, the Penn Students are similarly concerned that if the unredacted objection letters are provided to counsel for the parties, counsel will have extremely personal and private information about the Penn Students. Counsel will not be prejudiced if personally identifiable information is redacted from the objection letters because they do not need to know who wrote the objection letters to adequately respond to them. Thus, the relief sought here—designating the objection letters Attorneys' Eyes Only and permitting redaction of the personally identifiable information in the objection letters ***before*** the letters go to the parties' counsel—will protect the

highly sensitive and personal information the Penn Students anticipate providing in the letters while providing sufficient information to counsel to respond.

This requested relief is particularly important given that the Court has not yet ruled on the FERPA objections and thus has not yet ruled whether Penn Students' names will be deanonymized. (Dkt. No 471-1, p. 7, Dkt. No. 480, p. 4-5). As such, good cause exists to permit the Penn Students the opportunity to take reasonable steps to continue to protect their personal information. *See, e.g.*, *Wanko v. Bd. of Trs. of Ind. Univ.,* 2018 WL 3631579, at *4 (S.D. Ind. July 30, 2018) (in motion to compel context, declining to provide personally identifying information in connection with each student's records because the student names were not relevant to plaintiff's discovery requests); *aff'd* 927 F.3d 966 (7th Cir. 2019); *Loch v. Bd. of Educ. of Edwardsville Comm. Sch. Dist. #7,* 2007 WL 3037288, at *1–2 (S.D. Ill. Oct. 17, 2007) (in motion to compel context, finding that "giving plaintiffs the information they seek but withholding information that would identify the individual students" to be "an appropriate response.").

### C. Good Cause Exists to Extend the Time to Submit Objection Letters.

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Per the FERPA Order and FERPA Notice, Penn Students are to submit objection letters within fourteen days of service of the FERPA notices. (Dkt. No. 231, ¶ 2). Penn provided such notices to its students between October 27, 2023 and November 3, 2023, requiring the objection letters to be postmarked between November 10, 2023 and November 17, 2023.

Good cause exists to extend the time for some Penn Students to submit objection letters so that they have clarity on the process as to whether the objection letters will be filed publicly on the docket and/or whether unredacted versions of the letters will be available to the parties' counsel.

No party will be prejudiced by this request for additional time to submit the objection letters. As such, the Penn Students respectfully request that all objection letters may be submitted to the Court no later than November 17, 2023.[1] This is only an extension for the students who received their FERPA notices prior to November 3, 2023. For the 11 students who received their notices on November 3, 2023, no extension is requested.

### III.   <u>Conclusion</u>

For the foregoing reasons, Penn Students 1-6 respectfully request that the Court grant the Motion to File Under Seal and Additional Time to Submit Objection Letters in its entirety. Specifically, that the Penn Students may: (1) file their letters under seal; (2) redact personally identifiable information from the under-seal filing and have the objection letters be treated as attorneys' eyes only material under the amended confidentiality order dated 7/28/2023; and (3) have until November 17, 2023 to file the objection letters.

Date:   November 6, 2023                     Respectfully Submitted,

                                          /s/ Sarah K. Wake
                                         Sarah K. Wake
                                         Melissa M. Weiss
                                         McGUIREWOODS LLP
                                         77 West Wacker Drive, Suite 4100
                                         Chicago, Illinois 60601-1818
                                         Tel:    312.849.8100
                                         Fax:    312.849.3690
                                         Email:  swake@mcguirewoods.com
                                                 mweiss@mcguirewoods.com

                                         *Attorneys for University of Pennsylvania Doe Students 1-6*

---

[1] If, after the objection process concludes, the Court rules that the Students' records must be deanonymized, the Students respectfully ask that the Court allow for designation of those records as Attorneys' Eyes Only.

**Local Rule 37.2 Certification**

I HEREBY CERTIFY that pursuant to Local Rule 37.2, on November 6, 2023, I spoke by telephone with Plaintiffs' counsel regarding this Motion. Plaintiffs' counsel stated they do not object to the relief requested herein. However, Plaintiffs' counsel reserve their rights to object to the redaction of Students' names in any potential future document productions related to this issue. Plaintiffs' position is that if the Court orders Defendant Penn to produce the admission files and related documents for the objecting Penn Students ("Student Files")—as requested in Plaintiffs' Motion to Compel Defendants to Provide FERPA Notices and the Production of Certain Documents and Information (Dkt. No. 443)—then the names of the objecting Students (many of which are already in Plaintiffs' possession based on publicly available information) should not be redacted from the Student Files. To ensure the confidentiality of student names and related PII in the Student Files, Plaintiffs' counsel believes it will be sufficient for that information to be designated AEO under the Confidentiality Order.

    /s/ Sarah K. Wake_____

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also sent a copy of the foregoing to counsel for the parties via email.

__/s/ Sarah K. Wake_____