# EXHIBIT A

| | |
|---|---|
| **From:** | David Copeland |
| **To:** | Carbone Defendants Service List; 568_litigation@gilbertlitigators.com; 568 Litigation |
| **Subject:** | FW: Plaintiffs" Supplemental Request for Production Re Parent/Donor and Student Information |
| **Date:** | Monday, August 14, 2023 2:57:18 PM |

**[EXTERNAL SENDER]**

Dear Counsel:

As this email and the attached emails relate to an issue which may be included in the JSR to be filed later this week, I am copying all counsel.

**From:** David Copeland <dcopeland@gilbertlitigators.com>
**Date:** Monday, August 14, 2023 at 2:48 PM
**To:** Newman, Kelly <kelly.newman@whitecase.com>
**Cc:** Milne, Robert <rmilne@whitecase.com>, Gidley, J. Mark <mgidley@whitecase.com>, Suggs, David <dsuggs@whitecase.com>
**Subject:** Re: Plaintiffs' Supplemental Request for Production Re Parent/Donor and Student Information

Dear Kelly:

This email responds to certain statements in your August 11 email. Given the impending deadline for identifying active disputes for the Court in the JSR due on August 17, this email is not intended as an endorsement of or acquiescence to any statements in your August 11 email which are not specifically refuted below:

   A. **Your Email Completely Misstates the Central Issue. Plaintiffs Are Not Asking to Unmask Anyone's Identity.**

Your August 11 email uses and repeats the word "unmask" and variations thereof about a half dozen times. But Plaintiffs are not trying to unmask anyone. Plaintiffs already **know** and have known for months the identities of all the parent-donors and their children-students listed in the RFP Appendices. Similarly, Plaintiffs have known for months the names listed in my August 8 email, the amount of the parents' donations, and the fact that their children were admitted to Vanderbilt – because those facts are all a matter of public record. Vanderbilt's effort to re-mask the identities of these students and their parents is nothing more than a futile attempt to push toothpaste back into the tube.

If Vanderbilt denies that these students would not have been admitted but for their parents' donations, Plaintiffs are entitled to know the internal evaluator ratings, test scores and class rank for the students. That is why Plaintiffs have asked Vanderbilt to provide FERPA notice to

these students, pursuant to this Court's October 26, 2022 Order Regarding FERPA And The Production Of Certain Documents And Information (Dkt # 231). If Vanderbilt wants to avoid giving FERPA Notice to these students, Vanderbilt should stipulate that it would not have admitted these students **but for** their parents' commitment to donate money to Vanderbilt (or Vanderbilt's expectation that such a donation would be made).

Under the circumstances, Plaintiffs reserve their right to file a motion to compel FERPA notice and disclosure of certain documents and information regarding the children of the Vanderbilt parent-donors identified in my August 8 email, for the reasons stated in that email and herein.

B. **Information From Vanderbilt's Office of Development and Alumni Relations (DAR)**

Your email refers to an August 8 email from Robert Gilbert which preceded an August 10 Global Meet and Confer, followed by Mr. Gilbert's August 12 email to all Defendants in which he summarized the parties' agreement on glossaries (see Section C, below). In that same email, Mr. Gilbert stated that: "Plaintiffs reserve their rights to seek custodians of documents from the President's Office and Development/Advancement Offices. Defendants reserve their rights to oppose such discovery from those offices." Thus, your objections to DAR discovery (see Point 3 of your August 11 email) have been superseded by the parties' mutual reservation of rights on that issue.

Also, as Vanderbilt has recognized and you confirmed in our phone call on August 10, Vanderbilt has a pre-existing commitment to Plaintiffs to conduct "target searches . . . from Development and Alumni Relations files" for any "DAR lists" and to promptly produce those documents. (July 28 email from Kelly Newman to David Copeland). Plaintiffs require that those documents be produced (with UIDs corresponding to Vanderbilt's structured data production) no later than August 21, so Plaintiffs can efficiently proceed with the depositions of Messrs. Christiansen and Beasley (possibly in the first week of October), as well as Ann Smith, Janelle Wilson, and Victoria Robson.

C. **Plaintiffs' Glossary Proposal**

With respect to glossaries, your August 11 email again refers to Robert Gilbert's August 8 email and suggests a "mutually-acceptable approach." Once again, Mr. Gilbert's August 8 email has since been clarified and superseded by the Global Meet and Confer and by Robert Gilbert's August 12 email to all Defendants, in which he summarized the parties' global agreement on glossaries. Plaintiffs will therefore proceed by providing Vanderbilt with a list of 100-150 UIDs per Mr. Gilbert's August 12 email (reserving the right to supplement that list with UIDs from Vanderbilt's supplemental DAR production as described above). Plaintiffs are following a similar procedure with Yale, which has accepted and is implementing this glossary

proposal for the upcoming deposition of Ms. Joan O'Neill on August 17.

\*\*\*\*

Plaintiffs are available tomorrow (Tuesday) morning at 10:30 AM ET to meet and confer on any matters discussed in this email. Plaintiffs presently intend to advise the Court in the JSR due on August 17 of the dispute with Vanderbilt regarding FERPA Notice described in Point A above, and of any other disputes as to Vanderbilt that are ripe as of August 17, if there are any.

Regards, David

---

**From:** Newman, Kelly <kelly.newman@whitecase.com>
**Date:** Friday, August 11, 2023 at 9:38 PM
**To:** David Copeland <dcopeland@gilbertlitigators.com>
**Cc:** Milne, Robert <rmilne@whitecase.com>, Gidley, J. Mark <mgidley@whitecase.com>, Suggs, David <dsuggs@whitecase.com>
**Subject:** RE: Plaintiffs' Supplemental Request for Production Re Parent/Donor and Student Information

David,

Thank you for your email. I respond to your email below, along with Bob Gilbert's email of Tuesday, August 8, 2023, and our discussions concerning Vanderbilt's supplemental production of DAR Interest Lists, financial aid formulae, and any potential notice that would need to be sent to any Vanderbilt applicants or alumni.

1. **Request to Unmask the UIDs for Admissions Ratings of Individuals Listed Below In Violation of FERPA – After Spending Significant Time During the John Gaines Deposition on Such Inquiries**. With respect to Plaintiffs' request for the admissions ratings, standardized test scores, GPA and high school class rank for the children of the individuals about which Plaintiffs questioned John Gaines in his deposition (as listed in your August 8, 2023 email), Plaintiffs already have that information in Vanderbilt's structured admissions data, to the extent such individuals applied for admission to Vanderbilt and received such admissions ratings and submitted their test scores, high school GPA and class rank. But Plaintiffs' request goes further, and asks Vanderbilt to unmask such admission ratings, scores, GPA and rankings, so that "[Plaintiffs] can link the data to the students in question." Plaintiffs' request requires Vanderbilt to disclose personally identifiable information in violation of FERPA. Moreover, such disclosure is unwarranted because Plaintiffs' request is disproportionate to the needs of the case.

Rule 26 limits discovery to information that is both relevant and proportional to the needs of the case. When assessing whether the requested discovery is proportional, a court must weigh, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(b)(1). In addition, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FRCP 26(b)(2)(C).

Here, Plaintiffs already have the Vanderbilt University admissions scoring data for every single student

that applied, with a UID code that can be used to tie that student's application to financial aid data, and if applicable, certain documents and emails that concern that student that could suggest a connection between a donation, donor, or potential donor and a decision on that student's admission to Vanderbilt. That information is sufficient for Plaintiffs to make the argument that a particular school took donation potential into account when admitting certain students. Indeed, Plaintiffs were able to ask Mr. Gaines extensive questions—which Mr. Gaines answered at his deposition—concerning Vanderbilt's consideration of past donations, donation potential, alumni connections, and the involvement of the office of Development and Alumni Relations in the admissions process with respect to particular students, whose names were obscured by a UID code. *See, e.g.*, Gaines Tr. 45–46, 48–49, 56, 64–66, 89–95, 100–102, 126–129, 138–139, 141–153, 154–155, 157–160, 163–165, . Therefore, seeking personally identifiable information is of minimal, if any, importance to "resolving the issues" surrounding whether Vanderbilt was need-blind in admissions (in this instance, based on Plaintiffs' argument that Vanderbilt's interest in a handful of donors had any impact on admissions decisions, as opposed to whether the student could pay).

To justify this intrusion into the privacy of Vanderbilt's students, who are nonparties to this action, you state only that Plaintiffs "should not be hamstrung in their proof when, as here, Plaintiffs 'need to be able to ask actual witnesses actual questions about actual information that's been provided to us.'" Nothing in the FERPA redaction provisions that have been ordered by the Court hamstring Plaintiffs in their ability to ask questions about the data or documents that Vanderbilt has provided to Plaintiffs – as demonstrated by the extensive questioning of Vanderbilt's ex-Admissions official John Gaines in his deposition.

And indeed, as discussed below, Vanderbilt has agreed that it will work with Plaintiffs to provide its witnesses with the names of the individuals whose names have been redacted in documents Plaintiffs intend to use in depositions to precisely address Plaintiffs' concerns that a witness will not know which student the document discusses. What the court's FERPA Order, Dkt. No. 231, does prevent, however, and intentionally so, is linking confidential student records to those students' identities. That is particularly relevant here, given that on our last meet and confer, Plaintiffs informed Vanderbilt that part of their motivation for seeking *these particular students'* data was "to paint a more vivid picture for the jury." In other words, Plaintiffs want to make this information public, at a jury trial, **not** because there is no other way to make their point, but because they think they can make the point more *vividly* to a jury by naming names. Rule 26 does not permit parties to obtain duplicative discovery to needlessly embarrass and harass non-parties.

Moreover, the Court has already rejected a similar proposal by Plaintiffs' to unmask the names of donors who are related to particular students, stating that it is "not prepared at this point to start telling people to – we're chucking the redaction scheme out the window and do the two things that Mr. Raymar said is, don't redact donor names and for students without UIDs create UIDs." July 24, 2023 Hearing Tr. at 42. And in fact, in rejecting Plaintiffs' argument, the Court was addressing a far less drastic request: unredacting the name of donors where the document indicates a familial relationship that could lead to the discovery of the identity of the student. Here, Plaintiffs ask for the complete unmasking of a student's UID to link that student's name to his or her academic and admissions record so that Plaintiffs can use that student's name before a jury to argue that that student did not deserve to be admitted. Providing such sensitive FERPA-protected information is unreasonably cumulative and duplicative.

Given the scant need Plaintiffs have for unmasking the identities of certain students' education records, requiring Vanderbilt to send FERPA notices would constitute an undue burden that is disproportionate to the needs of the case. Indeed, Vanderbilt would need to ensure it had the proper contact information for each of these individuals, which itself would take a considerable amount of time, particularly in light of the fact that Plaintiffs have provided at most the first names of the students at issue (and in some cases, only a first initial or no name at all).

    **2. Plaintiffs' Request for a Glossary linking names to UIDs to be provided to Vanderbilt witnesses only.** Vanderbilt is willing to work with Plaintiffs to identify a mutually-acceptable approach to unmasking certain UIDs to be visible to Vanderbilt witnesses who are current Vanderbilt University employees, without disclosing the identity of such students to Plaintiffs, so that Plaintiffs may question

Vanderbilt witnesses concerning documents that refer to students whose names have been redacted and replaced with a UID.  For example, Vanderbilt would be willing to consider creating such a glossary for its witnesses if Plaintiffs provide Vanderbilt with a narrowed list of UIDs, or, if Plaintiffs are unwilling to do so, Vanderbilt would be willing to consider making unredacted versions of Plaintiffs' deposition exhibits available for the witness's review only so that the witness would have the name of the student in front of him or her.   For the avoidance of doubt, such unredacted documents would not be made available to Plaintiffs or made part of the record.

3. **Plaintiffs' Request for Additional Vanderbilt University DAR Information, as Requested in Bob Gilbert's August 8, 2023, Email.**

Vanderbilt objects to producing this information both on the grounds of relevance and burden.

   a. **Burden**.  Providing this information would require thousands of hours of work to pull, person by person, the information in Mr. Gilbert's email.  Just looking up the donor history of the relatives of each individual applicant would require multiple hours of work per name across multiple platforms.  Doing that, on a yearly basis, for the entire relevant period, even if such history could be recreated, would therefore amount to thousands, and potentially tens of thousands of hours work for Vanderbilt employees.  Such disproportionate effort to create a glossary that did not exist in the "real world" is unduly burdensome and disproportionate to the needs of the case.  That is particularly so given the testimony of John Gaines and the discovery Vanderbilt has produced to date, which includes email correspondence, charts, and files that concern certain applicants in whom the Department of Alumni Relations expressed an interest to the admissions department.  Further, while Vanderbilt is still investigating what university interest lists exist, we note that such lists would provide Plaintiffs with exactly the information they claim to need.  For that additional reason, we believe that searching for and generating the information Plaintiffs ask for in Mr. Gilbert's August 8. 2023 email, is not only unduly burdensome, but it is also cumulative and duplicative of discovery already produced (and agreed to be produced, if it exists).
   b. **Relevance**.  Even under Plaintiffs' theory that donation-related admissions mean the university was not "need-blind," the only relevant factor is the extent to which the *admissions office* considered the financial circumstances of the student or the student's family.  As Mr. Gaines testified in his recent deposition, Vanderbilt admissions always had the final say in whether a student was admitted.  *E.g.*, Gaines Tr. 48-49, 66.  Therefore, conversations that DAR had with a particular student or a student's family that were not relayed to admissions are irrelevant to that question of need-blind admissions, and certainly disproportionate to the needs of the case.

4. **Plaintiffs' Request for Financial Aid Formula Inputs**.  We have relayed Bob Litan's request, as clarified on today's meet and confer, to our client, and are evaluating what we can provide in response.  However, at this point, we are continuing to investigate and do not have a final answer.

5. **FERPA Notice**.  If, and only if, the Court determines that Plaintiffs' request to unmask certain Personally Identifiable Information from Vanderbilt students' education records is relevant and proportional to the needs of the case, then Vanderbilt will (as it must) provide the notice to any such affected student, as identified in the Court's FERPA order.

If Plaintiffs have further questions concerning Vanderbilt's position on any of these issues, please let us know.

Best regards,
Kelly

**Kelly Newman**  |  Associate
T  +1 617 979 9329     M  +1 202 378 3718     E  kelly.newman@whitecase.com
White & Case LLP  |  75 State Street | Boston, MA 02109-1814

---

**From:** David Copeland <dcopeland@gilbertlitigators.com>
**Sent:** Tuesday, August 8, 2023 4:42 PM
**To:** Newman, Kelly <kelly.newman@whitecase.com>
**Cc:** Milne, Robert <rmilne@whitecase.com>; Gidley, J. Mark <mgidley@whitecase.com>; Suggs, David <dsuggs@whitecase.com>
**Subject:** Plaintiffs' Supplemental Request for Production Re Parent/Donor and Student Information

Dear Kelly:

Yesterday we met via Zoom and discussed the following issue which, if not resolved, should be identified as an outstanding dispute in the next JSR to be filed on August 14, 2023.  *This issue concerns parent-donors (with children who were admitted to Vanderbilt) whose names have been public since they were identified months ago in the appendices to Plaintiffs' First and Third RFP. Moreover, all the information about these parents, their donations, and their children which was referenced at the Gaines deposition was obtained from publicly available sources.*

At the deposition of John O. Gaines (p. 229), Plaintiffs made the following supplemental request for documents (as clarified herein):   All documents concerning the evaluator ratings given by the Office of Undergraduate Admissions (or any OUA personnel) – including academic, personal, school fit and overall ratings – for each Vanderbilt student with a Parent-Donor listed in Gaines Dep. Exhibits 18 and 19 who was also identified by Mr. Gilbert during the Gaines deposition, at pp. 130-37 of the transcript; as well as SAT/ACT test scores, GPA and class rank for each student.  For ease of reference, here is a list of the Parent-Donors and Students referenced above (dates of graduation or admission may not be entirely accurate):

Parent: ███████)
Students: ███████████████████████
Parents: ███████████
Student: ████████████████████████████
Parents: ██████████████
Student: ████████████████
Parents: █████
Students: ██████████████████
Parents: ███████████
Students: ████████████████████████
Parents: ██████████
Student: █████████
Parents: ██████████
Student: █████████
Parent: ██████████
Students: ██████████████████
Parent: ██████

Student: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Parent: ▓▓▓▓▓▓▓▓▓▓▓▓
Student: ▓▓▓▓▓▓▓

Vanderbilt has stated that it will likely object to such production to the extent that it asks for ratings and other information related to individual students identified by name rather than UID, on the grounds, inter alia, that such disclosure is prohibited by FERPA.  Without conceding that such information related to donor/parent and student names based on publicly available sources is protected by FERPA, Plaintiffs maintain that the information they are seeking – related to a small number of students – is a proportional request that can be satisfied without undue burden.  See July 24 Hearing Tr. at 24:2-8 (statements by court indicating that issues of "undue burden and proportionality" analysis will differ when requests are made on an "individual-by-individual basis"); id. at 43 (Plaintiffs' motion denied without prejudice "because I think it's reasonable to expect that, you know, if it's 100 people, it's going to be one thing [but if] it' 10,000 people, it's going to be another thing.").

To the extent that Vanderbilt objects to Plaintiffs' request because the information sought may already have been provided, but with the students and their parents identified solely by their UID numbers, Plaintiffs should not be hamstrung in their proof when, as here, Plaintiffs "need to be able to ask actual witnesses actual questions about actual information that's been provided to us."  (July 24 Hearing Tr. at 37).  Since Plaintiffs already know the names in question, Vanderbilt needs to produce the documents and data requested in un-redacted form (without UIDs) so we can link the data to the students in question.

Finally, with respect to concerns about FERPA and confidentiality, Plaintiffs may not object to FERPA notice or disclosure to the affected students if Vanderbilt will otherwise withdraw its objections to disclosure, and if such notice can be given and resolved in time for the production requested by Plaintiffs to be made by September 15, 2023 (10 days before the earliest date on which Vanderbilt has stated that it may be able to schedule the depositions of Messrs. Christiansen and Beasley).

We look forward to the meet and confer on this issue at a mutually convenient time tomorrow, or Thursday morning.

David Copeland
Counsel
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
dcopeland@gilbertlitigators.com
570-517-1759 Direct
www.gilbertlitigators.com


==================================================================
This email communication is confidential and is intended only for the individual(s) or entity named

above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 617 979 9300. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================