# EXHIBIT 8

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No. 1:22-cv-00125<br><br><br>Hon. Matthew F. Kennelly |

## PLAINTIFF CAMERON WILLIAMS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Cameron Williams ("Plaintiff"), by way of answer and responses to Defendants' Second Set of Interrogatories ("Interrogatories"), says as follows:

## GENERAL OBJECTIONS

1.     Plaintiff objects generally to the Interrogatories insofar as the Interrogatories require the disclosure of matters protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. In the event that privileged information and documents are inadvertently produced, such a production is not to be construed as a waiver of any applicable privilege.

2.     Plaintiff objects generally to the Interrogatories to the extent that the Interrogatories are overly broad, seek information and documents not relevant to any party's claims or defenses, or are not proportional to the needs of the case.

3.     Plaintiff objects generally to the Interrogatories to the extent that the Interrogatories seek information that is in the possession or control of any Defendant or is equally available to the Defendants as to Plaintiff.

4.     Plaintiff's responses to these Interrogatories are based on information and documents known to him at this time. Plaintiff reserves the right to amend or supplement his responses to reflect information and documents which may become available to him up until the time of trial.

5.     Plaintiff objects generally to the Interrogatories, including all definitions and instructions therein, to the extent that they seek to impose obligations on Plaintiff beyond those required by the Federal Rules of Civil Procedure or the Court's Local Rules.

6.     By providing information and/or documents in response to a specific interrogatory or request, Plaintiff does not admit or concede that the interrogatory or request relates to relevant information or is otherwise admissible in evidence for any purpose.

7.     Plaintiff objects to the Interrogatories to the extent that they would expose Plaintiff to annoyance, harassment, oppression, and/or undue burden or expense.

2

8.      Plaintiff objects to Instruction Number Two, which requires Plaintiff to rewrite Defendants' Request for Interrogatories for them.

9.      Without waiving the objections set forth above, which are incorporated into each of the responses below, and in the interest of advancing this litigation and cooperating in the discovery process, Plaintiff will respond specifically to the requests contained in the Interrogatories as he understands them when possible and, when appropriate, will state additional objections to such requests.

## RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 5:** Identify, for each Academic Year, what would have been each named Plaintiff's Expected Family Contribution at the Institution he or she attended but for an alleged unlawful agreement among Defendants.

**RESPONSE TO INTERROGATORY NO. 5:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 6:** Identify, for each Academic Year, what would have been each named Plaintiff's Net Price of Attendance at the Institution he or she attended but for an alleged unlawful agreement among Defendants.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

3

**INTERROGATORY NO. 7:** Explain in full what you contend to be the "consensus methodology" from 2003–2023.

**RESPONSE TO INTERROGATORY NO. 7:** Plaintiff objects to this Interrogatory as unduly burdensome and not proportional to the needs of this case to the extent it seeks information already in Defendants' possession, custody, or control, including information created or determined by Defendants, and thus for which the burden on Plaintiff is equal to or greater than that of Defendants. Plaintiff further objects that Plaintiff's investigation remains ongoing and that this is a premature contention interrogatory. Subject to and without waiver of any of any Objections, Plaintiff responds as follows:

The "consensus methodology" is formally reflected in Defendants' hundreds of documents and guidelines created, considered, and interpreted by the 568 Presidents' Group and its members, such as the regularly updated and maintained "568 Presidents Group Consensus Methodology Policy Guidelines." *E.g.*, BROWN_0000000342; NULIT-0000143485; GTWNU_0000010376; NULIT-0000106877; STANFORD_000356; CALTECH000051837. Absent further representations and evidence from Defendants about whether any other documents constitute or reflect the consensus methodology, Plaintiff reasonably understands these documents to embody it.

**INTERROGATORY NO. 8:** Separately for each Defendant, list all facts that support Your contention (2d Am. Compl. ECF No. 308 ¶¶ 5, 10, 96–106) that the Defendant "implemented" and/or "used" the "Consensus Methodology," including how and during what time period the "Consensus Methodology" was used by that Defendant, and for each such fact, identify the supporting evidence.

**RESPONSE TO INTERROGATORY NO. 8:** Plaintiff objects to this Interrogatory as unduly burdensome and not proportional to the needs of this case to the extent it seeks information already in Defendants' possession, custody, or control, including information created or determined by Defendants, and thus for which the burden on Plaintiff is equal to or greater than that of

4

Defendants. Plaintiff further objects that Plaintiff's investigation remains ongoing and that this is a premature contention interrogatory. Plaintiff further objects that requiring Plaintiff to list "all facts" in support of this contention is overbroad and any unduly burdensome in a case with over a million produced documents. Plaintiff further objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff further objects to the extent that the overbroad Request for "all facts" calls for materials protected by the work product and/or attorney-client privilege.

Subject to and without waiver of any of any Objections, Plaintiff responds as follows: The Consensus Methodology embodies and flows from the "six financial aid principles" stated at the outset of each Consensus Methodology Policy Guidelines Manual produced in this matter. *See, e.g.*, COFHE-02-00003106. Each Defendant agreed to use those principles stated in the Consensus Methodology. Indeed, the manual itself states that these principles were "adopted by the 568 Presidents," *id.*, and Defendants routinely espouse their continued adoption and support of those principles, even including recently in depositions. *E.g.*, GTWNU_0000003673; ND_0095502; Chang Tr. 230:13-231:4; Coffin Tr: 89:21-91:8; McCall Tr. 206:1-12; McDermott Tr. 169:23-170:2; Tilton Tr.  Wallace-Juedes Tr. 106:13-15; *see also* DUKE568_0082375 at -0082417 (recognizing that Columbia, Cornell, Duke, Georgetown, MIT, Notre Dame, Penn, Vanderbilt, and Yale applied the Consensus Methodology).

Further, while Plaintiff reasonably expects that expert discovery will shed additional light on the structured data reflecting Defendants' use of other technical elements of the Consensus Methodology, Defendants also admit to using the Consensus Methodology, or have Institutional

5

Methodologies that reflect the Consensus Methodology in meaningful parts. *E.g.*, CORNELL_LIT0000233353; DARTMOUTH_0000004744 (applying a home equity cap of 1.2 * total income); DUKE568_0151633; GTWNU_0000003673; ND_0006830.

**INTERROGATORY NO. 9:** Identify each fact that You discovered in the four years before commencing this action on January 9, 2022, that You did not discover, and could not have discovered earlier, concerning how, if at all, "Defendants' use of the Consensus Methodology has disadvantaged and in fact caused financial injury to the Class Members." 2d Am. Compl., ECF No. 308 ¶¶ 198–199. For each such fact, provide the date that You learned of that fact, explain how You learned of that fact, and describe what diligence, if any, You engaged in before You learned of the fact at issue.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff's investigation remains ongoing and thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff further objects that this Interrogatory is unduly broad and burdensome to the extent that it requires Plaintiff to identify all facts Plaintiff "could not have discovered" regarding Defendants' internal conduct. Plaintiff further objects that this interrogatory is compound to the extent that it seeks discovery on both the facts Plaintiff discovered and Plaintiff's diligence. Plaintiff further objects that the Interrogatory is based on the false premise that Plaintiff "commenced" this action on January 9, 2022 or knew of any facts before January 9, 2022.

Subject to and without waiver of any of any Objections, Plaintiff responds as follows:

Plaintiff knew nothing about how "Defendants' use of the Consensus Methodology has disadvantaged and in fact caused financial injury to the Class Members" prior to meeting with Counsel, which occurred for the first time after January 9, 2022.

**INTERROGATORY NO. 10:** Identify each fact that You discovered in the four years before commencing this action on January 9, 2022, that You did not discover, and could not have discovered earlier, related to "the extent to which Defendants had failed to admit all successful applicants without regard to the financial circumstances of the student or the student's family, in violation of the 568 Exemption." 2d Am. Compl., ECF No. 308 ¶¶ 198–199. For each such fact, provide the date that You learned of that fact, explain how You learned of that fact, and describe what diligence, if any, You engaged in before You learned of the fact.

6

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff's investigation remains ongoing and thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff further objects that this Interrogatory is unduly broad and burdensome to the extent that it requires Plaintiff to identify all facts Plaintiff "could not have discovered" regarding Defendants' internal conduct. Plaintiff further objects that this interrogatory is compound to the extent that it seeks discovery on both the facts Plaintiff discovered and Plaintiff's diligence. Plaintiff further objects that the Interrogatory is based on the false premise that Plaintiff "commenced" this action on January 9, 2022 or knew of any facts before January 9, 2022.

Subject to and without waiver of any of any Objections, Plaintiff responds as follows:

Plaintiff knew nothing about the "568 Exemption" and did not know the "the extent to which Defendants had failed to admit all successful applicants without regard to the financial circumstances of the student or the student's family" prior to meeting with Counsel, which occurred for the first time after January 9, 2022.

**INTERROGATORY NO. 11:** Identify all distinct characteristics of and services that are offered by "private national universities with an average ranking of 25 or higher in the *U.S. News & World Report*" and which are not offered by a private national university with an average ranking at all lower than 25. 2d Am. Compl. ECF No. 308 ¶ 244.

**RESPONSE TO INTERROGATORY NO. 11:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff further objects that it is overbroad and unduly burdensome to the extent it requests Plaintiff to identify

"all" distinct characteristics and services, regardless of their potential relevance to any relevant market definition. Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 12:** Identify all facts that support Your contention that competition between public universities and elite, private universities is "limited in the national market for students seeking financial aid," and for each such fact, identify the evidence that supports Your contention. 2d Am. Compl. ECF No. 308 ¶ 250.

**RESPONSE TO INTERROGATORY NO. 12:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 13:** Identify all "distinct services" that are offered by each Defendant and not offered by liberal arts colleges that support Your contention that the putative Market for Elite, Private Universities "does not include liberal arts colleges," 2d Am. Compl., ECF No. 308 ¶ 245, and for each such service, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 13:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff further objects that it is overbroad and unduly burdensome to the extent it requests Plaintiff to identify "all" distinct characteristics and services, regardless of their potential relevance to any relevant market definition. Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 14:** Identify the evidence that supports Your contention that all members of the proposed class were injured by the conduct You allege to be unlawful in this action.

**RESPONSE TO INTERROGATORY NO. 14:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 15:** Identify, separately and for each Defendant, every agreement—whether with a Defendant or with any other person or entity—that You contend is either independently unlawful or constitutes an overt act in furtherance of an unlawful exclusionary or anticompetitive scheme or conspiracy, and for each such agreement, identify: (i) all persons or entities who are or were parties to the agreement; (ii) the date each person or entity entered into the agreement, (iii) the date on which the agreement terminated, if any, with respect to each person or entity; (iv) the terms of the agreement; and (v) the evidence supporting Your contention.

**RESPONSE TO INTERROGATORY NO. 15:** Plaintiff's investigation remains ongoing and thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff further objects that this Interrogatory is overly broad and unduly burdensome to the extent it requests Plaintiff to identify agreements with irrelevant third parties or unrelated to the Defendants' anticompetitive scheme at issue in this matter. Plaintiff further objects that this Interrogatory is duplicative with Request No. 8 regarding how Defendants used and implemented the Consensus Methodology.

Subject to and without waiver of any of any Objections, Plaintiff responds as follows: Defendants have produced over a hundred signed memoranda of understanding and certifications, indicating Defendants' agreements to participate in the 568 Presidents' Group. Plaintiff refers

Defendants to those documents for the details contained therein.[1] In addition to their agreements related to the 568 Presidents' Group, Defendants agreed to exchange information through overlapping memberships in organizations such as the College Board, CNAR, and COFHE. Plaintiff further refers to the Response to Request No. 8.

**INTERROGATORY NO. 16:** Separately for each Defendant, identify all facts that support Your contention in the Complaint (2d Am. Compl., ECF No. 308 ¶¶ 258–262) that, but for the alleged conspiracy, each Defendant would have used its endowment to devote more resources to financial aid and identify the evidentiary support for each fact identified.

**RESPONSE TO INTERROGATORY NO. 16:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates

---

[1] *E.g.*, BROWN_0000328140; CALTECH000000214; CALTECH000001075; CALTECH000002769; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002634; COFHE-02-00002722; COFHE-02-00002722; COFHE-02-00003247; COFHE-02-00011586; COFHE-02-00012267; COFHE-02-00012267; COFHE-02-00012269; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012273; COFHE-02-00012690; COFHE-02-00025087; COFHE-02-00025088; COFHE-02-00025094; COFHE-02-00025095; COFHE-02-00025097; COFHE-02-00025102; COFHE-02-00025117; Columbia_00003778; Columbia_00043185; Columbia_00122250; Columbia_00133828; Columbia_00293773; CORNELL_LIT0000002438; CORNELL_LIT0000002444; CORNELL_LIT0000002446; CORNELL_LIT0000002448; CORNELL_LIT0000002451; CORNELL_LIT0000040721; CORNELL_LIT0000093063; CORNELL_LIT0000365250; CORNELL_LIT0000365254; DARTMOUTH_0000003519; DARTMOUTH_0000004178; DARTMOUTH_0000025514; DARTMOUTH_0000028430; DARTMOUTH_0000097115; DARTMOUTH_0000097365; DUKE568_0000002; DUKE568_0000025; DUKE568_0000051; DUKE568_0000055; DUKE568_0000059; Emory_568Lit_0022095; Emory_568Lit_0083073; GTWNU_0000014269; GTWNU_0000280581; GTWNU_0000291558; GTWNU_0000293793; GTWNU_0000323635; GTWNU_0000324135; GTWNU_0000324137; GTWNU_0000324843; GTWNU_0000348165; JHULIT_0000028198; JHULIT_0000042761; JHULIT_0000067275; MIDDLEBURY10514; MIDDLEBURY12860; MIDDLEBURY14511; MITLIT-000019888; MITLIT-000025180; MITLIT-000144994; MITLIT-000144997; ND_0000859; ND_0000864; ND_0070231; ND_0268240; ND_0268242; ND_0268872; ND_0268874; NULIT-0000131311; NULIT-0000161962; PENN568-LIT-00053644; PENN568-LIT-00124148; PENN568-LIT-00138281; RICE_LIT0000008049; RICE_LIT0000132574; VANDERBILT-00000103; VANDERBILT-00000148; VANDERBILT-00001015; VANDERBILT-00001062; VANDERBILT-00041936; YALE_LIT_0000119060; YALE_LIT_0000131142; YALE_LIT_0000131862.

Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 17:** Identify what, if any, competitively sensitive information about financial aid was exchanged by one Defendant with another Defendant through the 568 Group, and the nature, the date, and the frequency of each such exchange.

**RESPONSE TO INTERROGATORY NO. 17:** Plaintiff objects that "competitively sensitive information" is vague and ambiguous and capable of multiple meanings. Plaintiff further objects that the request is overbroad and unduly burdensome, as evidenced by the fact that in this action Defendants have designated nearly a million documents with "Confidential" or "Attorneys' Eyes Only" designations, several of which involve more than one Defendant. *E.g.*, YALE_LIT_0000133131. Plaintiff's investigation remains ongoing and thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff declines to respond further to this Request.

**INTERROGATORY NO. 18:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant agreed with another Defendant or with any other person or entity on how to calculate Expected Family Contribution for financial aid applicants, and for each such fact, identify, separately and for each purported agreement, the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 18:** Plaintiff's investigation remains ongoing and thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff further objects that this Interrogatory is duplicative of other interrogatories regarding Defendants' "use" of the Consensus Methodology as well as Defendants' illegal agreements (Requests No. 8 and 15, respectively).

Subject to and without waiver of any of any Objections, Plaintiff responds as follows: Plaintiff refers to the Response to Requests No. 8 and 15 above.

**INTERROGATORY NO. 19:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to calculating Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

11

**RESPONSE TO INTERROGATORY NO. 19:** Plaintiff responds as follows: Plaintiff refers to

the Response to Request No. 18.

**INTERROGATORY NO. 20:** Separately for each Defendant and by academic year, describe in detail the manner in which You contend the Defendant would have calculated Expected Family Contribution for financial aid applicants, if at all, but for their purported agreement to calculate Expected Family Contribution in a specific manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 20:** Plaintiff objects to this Interrogatory on the

grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the

extent that it seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates

Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to

respond to this Interrogatory.

**INTERROGATORY NO. 21:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant agreed with another Defendant or with any other person or entity to use home equity in a particular manner as an input to the calculation of financial aid applicants' Expected Family Contribution, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 21:** Plaintiff responds as follows: Plaintiff refers to

the Response to Request No. 18.

**INTERROGATORY NO. 22:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to using home equity when calculating financial aid applicants' Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 22:** Plaintiff responds as follows: Plaintiff refers to

the Response to Request No. 18.

**INTERROGATORY NO. 23:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have used home equity, if at all, to calculate financial aid applicants' Expected Family Contribution but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 23:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 24:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant agreed with another Defendant or with any other person or entity to treat parent assets in a particular manner as an input to the calculation of financial aid applicants' Expected Family Contribution, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 24:** Plaintiff responds as follows: Plaintiff refers to the Response to Request No. 18.

**INTERROGATORY NO. 25:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to the treatment of parent assets when calculating financial aid applicants' Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 25:** Plaintiff responds as follows: Plaintiff refers to the Response to Request No. 18.

**INTERROGATORY NO. 26:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have treated parent assets, if at all, when calculating financial aid applicants' Expected Family Contribution but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 26:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the

13

extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 27:** Separately for each Defendant and by academic year, list all facts that You contend show that any Defendant agreed with another Defendant or with any other person or entity to treat retirement income in a particular manner as an input to the calculation of financial aid applicants' Expected Family Contribution, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 27:** Plaintiff responds as follows: Plaintiff refers to the Response to Request No. 18.

**INTERROGATORY NO. 28:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to the treatment of retirement income when calculating financial aid applicants' Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 28:** Plaintiff responds as follows: Plaintiff refers to the Response to Request No. 18.

**INTERROGATORY NO. 29:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have treated retirement income, if at all, when calculating financial aid applicants' Expected Family Contribution but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 29:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates

Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 30:** Separately for each Defendant and by academic year, list all facts that You contend show that any Defendant agreed with another Defendant or with any other person or entity to apply cost of living adjustments in a particular manner as an input to the calculation of financial aid applicants' Expected Family Contribution, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 30:** Plaintiff responds as follows: Plaintiff refers to the Response to Request No. 18.

**INTERROGATORY NO. 31:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to cost of living adjustments when calculating financial aid applicants' Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 31:** Plaintiff responds as follows: Plaintiff refers to the Response to Request No. 18.

**INTERROGATORY NO. 32:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have applied cost of living adjustments, if at all, when calculating financial aid applicants' Expected Family Contribution but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 32:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 33:** Separately for each Defendant and by academic year, list all facts that You contend show that any Defendant agreed with another Defendant or with any other person

or entity to calculate noncustodial parent contribution in a particular manner as an input to the calculation of financial aid applicants' Expected Family Contribution, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 33:** Plaintiff responds as follows: Plaintiff refers to

the Response to Request No. 18.

**INTERROGATORY NO. 34:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to calculating noncustodial parent contribution when calculating financial aid applicants' Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 34:** Plaintiff responds as follows: Plaintiff refers to

the Response to Request No. 18.

**INTERROGATORY NO. 35:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have calculated noncustodial parent contribution, if at all, when calculating financial aid applicants' Expected Family Contribution but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 35:** Plaintiff objects to this Interrogatory on the

grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the

extent that it seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates

Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to

respond to this Interrogatory.

**INTERROGATORY NO. 36:** Separately for each Defendant and by academic year, list all facts that you contend show that any Defendant agreed with another Defendant or with any other person or entity to exercise professional judgment in a particular manner when determining financial aid applicants' Expected Family Contribution, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 36:** Plaintiff's investigation remains ongoing and

thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff further objects that

16

this Interrogatory is duplicative of other interrogatories regarding Defendants' "use" of the Consensus Methodology, Defendants' illegal agreements, and Defendants' calculation of EFC. (Requests No. 8, 15, and 18 respectively).

Subject to and without waiver of any of any Objections, Plaintiff responds as follows: The Consensus Methodology specifically addresses the exercise of professional judgment in certain circumstances. Not only is there a specific principle of the Consensus Methodology limiting the exercise of professional judgment as "mechanism for systematically treating" applicants differently, but indeed, "Part I" of the manual is entitled "Needs Analysis and Professional Judgment Issues." *See, e.g.*, DUKE568_0156575 at -580. In addition, the Defendants, through the 568 Presidents Group, published guidance on the Consensus Methodology as a "Professional Judgment Guidelines Manuals." BROWN_000000386. Finally, Defendants' employees received the same training and guidelines from institutions like the College Board when exercising professional judgment. *E.g.*, CORNELL_LIT0000303495; *see also* McDermott Tr. at 361:18-362:5, 363:2-11. And in terms of evidence of Defendants' agreement to use the practices reflected in these documents, Plaintiff refers the Response to Requests No. 8, 15, and 18 for the balance of the response.

**INTERROGATORY NO. 37:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to exercising professional judgment when determining financial aid applicants' Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 37: Plaintiff refers to the Response** to Requests No. 8, 15, 18, and 36.

**INTERROGATORY NO. 38:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have exercised professional judgment, if at all, when calculating financial aid applicants' Expected Family Contribution but for the Defendant's

purported agreement to do so in a particular manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 38:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 39:** Separately for each Defendant and by academic year, list all facts that You contend show that any Defendant agreed with another Defendant or with any other person or entity as to a particular manner of evaluating any component of need analysis when determining financial aid applicants' Expected Family Contribution, other than those identified in Interrogatory Nos. 18–38, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 39: Plaintiff refers to the Response** to Request No. 18.

**INTERROGATORY NO. 40:** Separately for each Defendant and by academic year, list all facts that You contend show that the Defendant's general approach to evaluating any component of need analysis when calculating financial aid applicants' Expected Family Contribution, other than those identified in Interrogatory Nos. 18–38, was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 40: Plaintiff refers to the Response** to Request No. 18.

**INTERROGATORY NO. 41:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have evaluated each specific component of need analysis when calculating financial aid applicants' Expected Family Contribution, other than those identified in Interrogatory Nos. 18–38, if at all, but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

18

**RESPONSE TO INTERROGATORY NO. 41:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 42:** Separately for each Defendant and by academic year, list all facts that You contend show that any Defendant agreed with another Defendant or with any other person or entity to package financial aid awards in a particular manner (e.g., whether and/or in what amount to offer grants, loans, and/or work-study), and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 42:** Plaintiff's investigation remains ongoing and thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff further objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 43:** Separately for each Defendant and by academic year, list all facts that you contend show that the Defendant's general approach to packaging financial aid awards was in fact an approach agreed between the Defendant and another Defendant or other person or entity, and for each such fact, identify the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 43:** Plaintiff's investigation remains ongoing and thus Plaintiff objects that this is a premature contention interrogatory. Plaintiff further objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

19

client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 44:** Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have packaged financial aid awards, if at all, but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

**RESPONSE TO INTERROGATORY NO. 44:** Plaintiff objects to this Interrogatory on the grounds that it is premature expert discovery. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it violates Section 4(b) of the Order Regarding Scope of Expert Discovery (Dkt. #218). Plaintiff declines to respond to this Interrogatory.

**INTERROGATORY NO. 45:** For each Request for Admission to which Your response is anything other than an unqualified "Admit," provide all facts that support Your response, including the evidence supporting Your response.

**RESPONSE TO INTERROGATORY NO. 45:** Plaintiff objects that this Interrogatory is compound and violates the number of interrogatories permitted under the Case Management Order. *See, e.g.*, *Loeber by & through Loeber v. United States*, No. 21-CV-03866-LB, 2023 WL 4703329, at *3 (N.D. Cal. July 24, 2023). Because Defendants are otherwise at their limit for written interrogatories, Plaintiff declines to respond to this Interrogatory.

Dated:  October 30, 2023                          Respectfully Submitted,


By: /s/ Robert D. Gilbert_____        By: /s/ Edward J. Normand_____
Robert D. Gilbert                                      Devin "Vel" Freedman
Elpidio Villarreal                                      Edward J. Normand
Robert S. Raymar                                      Peter Bach-y-Rita
David Copeland                                         Richard Cipolla

Steven Magnusson
Natasha Zaslove
**GILBERT LITIGATORS &**
  **COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com
nzaslove@gilbertlitigators.com

**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

Ivy Ngo
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
1 SE 3rd Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

Eric L. Cramer
Caitlin G. Coslett
Ellen Noteware
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
enoteware@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

*Counsel for Plaintiffs*

## **VERIFICATION OF INTERROGATORY RESPONSES**

I certify that I have read the foregoing answers and, based on reasonable inquiry, that such answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2023.


_____
Cameron Williams