# EXHIBIT 9

# King & Spalding

King & Spalding LLP
1700 Pennsylvania Ave, NW
Suite 900
Washington, D.C. 20006-4707
Tel: +1 202 737 0500
Fax: +1 202 626 3737
www.kslaw.com

Chris C. Yook
Partner
Direct Dial: +1 202 626 3747
cyook@kslaw.com

November 8, 2023

**VIA EMAIL**
Ted Normand
Freedman Normand Friedland LLP
99 Park Avenue, Suite 1910
New York, NY 10016
tnormand@fnf.law

Re: *Henry v. Brown Univ.*, Case No. 1:22-cv-00125

Dear Ted,

Thank you for the meet-and-confers on November 6th and 7th regarding Plaintiffs' responses to Defendants' Second Set of Interrogatories and First Set of Requests for Admission. This letter memorializes our discussions. Please let us know if the notes do not accurately capture anything discussed on those calls.

In addition to the specific topics detailed below, we discussed Plaintiffs' overarching position that contention interrogatories are premature. Defendants pointed out that the parties have been engaged in fact discovery for over twelve months and that fact discovery is set to close in less than three months. Indeed, this case has been pending since January 9, 2022—for nearly two years now—and Defendants served these discovery requests by the deadline set by the Court. The time has come to provide answers without further delay.

Please let us know by November 9th if Plaintiffs have reconsidered their positions and are willing to provide answers to the outstanding Interrogatories and Requests for Admission. If you commit to supplementation, we also ask that you provide more information as to the depth of supplementation intended. Note that we are fully prepared to exercise our rights to receive timely discovery about the fundamental aspects of Plaintiffs' claims and related facts. This includes seeking costs should Plaintiffs attempt to further delay by committing to supplementation and then serving

November 8, 2023
Page 2

evasive answers. Also, as described in detail below, we will seek to exclude evidence not properly disclosed by Plaintiffs in their discovery responses.

* * *

**DEFENDANTS' SECOND SET OF INTERROGATORIES**

    <u>**Interrogatory No. 5**</u>

    **Plaintiffs' Position:** Plaintiffs objected and refused to identify what would have been each named Plaintiff's Expected Family Contribution at the Institution he or she attended but for an alleged unlawful agreement among Defendants. When asked if they were contending that the schools that Plaintiffs attended would have used a particular methodology to calculate the Expected Family Contribution, Plaintiffs said they view the Interrogatory as asking for expert opinion and refused to provide further answer to the Interrogatory.

    **Defendants' Response:** The mere prospect of expert opinion on a matter does not make it outside of the proper scope of interrogatories. Defendants are entitled to discover the factual basis for Plaintiffs' allegations on this topic. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

    <u>**Interrogatory No. 6**</u>

    **Plaintiffs' Position:** Plaintiffs objected and refused to identify what would have been each named Plaintiff's Net Price of Attendance at the Institution he or she attended but for an alleged unlawful agreement among Defendants. Plaintiffs will consider supplementing their answer to the Interrogatory.

    **Defendants' Response:** The mere prospect of expert opinion on a matter does not make it outside of the scope of interrogatories. Defendants are entitled to discover the factual basis for Plaintiffs' allegations on this topic. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

    <u>**Interrogatory No. 7**</u>

    **Plaintiffs' Position:** The Interrogatory calls for Plaintiffs to explain in full what they contend to be the Consensus Methodology from 2003-2023. Plaintiffs only specifically identify the Policy Guidelines as formally embodying the Consensus Methodology. Moreover, Plaintiffs only cite six examples of the Policy Guidelines and do not address the gaps during the relevant time period. When Plaintiffs were asked whether there are any documents embodying the Consensus Methodology, Plaintiffs generally alluded to "hundreds" of documents but could not identify any with specificity.

    **Defendants' Response:** The Interrogatory calls for Plaintiffs to identify and explain what they contend to be the Consensus Methodology. This is clearly a fundamental issue in the case. Defendants

must know Plaintiffs' contention so they can adequately take fact discovery to rebut the allegations. Plaintiffs' broad reference to "hundreds" of unidentified documents is improper under Rule 33(d). Moreover, the citations to six Policy Guidelines in their entirety are improper under Rule 33(d) where many pages of the documents contain no information about the Consensus Methodology. Finally, the Interrogatory calls for the information to be provided by year of the relevant time period. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

Moreover, should Plaintiffs fail to supplement the answer in a timely manner, Defendants will be prejudiced by the inability to seek fact discovery to rebut newly identified facts and allegations, and Defendants will seek to preclude the admission of any undisclosed evidence.

### Interrogatory No. 8

**Plaintiffs' Position:** The Interrogatory calls for Plaintiffs to identify all facts that support the allegation that each Defendant implemented or used the Consensus Methodology. Plaintiffs' answer narrowly states that the Consensus Methodology "embodies and flows from the six financial aid principles stated at the outset of each Consensus Methodology Policy Guidelines Manual." When asked if Plaintiffs are aware of any additional facts to support their contention that each Defendant implemented or used the Consensus Methodology, Plaintiffs identified no such facts, other than to broadly refer to the Defendants' structured data. Plaintiffs will consider supplementing their answer to the Interrogatory.

**Defendants' Response:** Plaintiffs must identify the facts that support their allegation that each Defendant implemented or used the Consensus Methodology. Those facts should be provided by Defendant and how and when that Defendant used the Consensus Methodology. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

Moreover, should Plaintiffs fail to supplement the answer in a timely manner, Defendants will be prejudiced by the inability to seek fact discovery to rebut newly identified facts and allegations, and Defendants will seek to preclude the admission of any undisclosed evidence.

### Interrogatory No. 9

**Plaintiffs' Position:** Plaintiff Henry and Shumate's answers state that they were "not familiar with the Consensus Methodology or the 568 President's Group during the college and financial aid application process" and "had no inkling that they were injured by the Consensus Methodology or the 568 Presidents' Group, and thus, while going through the financial aid process . . . performed no specific diligence on how 'Defendants' use of the Consensus Methodology has disadvantaged and in fact caused financial injury to the Class Members.'" This statement is not included in the other Plaintiffs' answers. Plaintiffs will investigate why this statement was only included in Plaintiff Henry and Shumate's answers.

**Defendants' Response:** Unless their answers are supplemented, Defendants will interpret the omission as indicating that Plaintiffs Corzo, Leo-Guerra, Maerlender, Piyevsky, Weaver, and Williams were aware during their college admissions applications of the Consensus Methodology, the 568 President's Group, and that they were aware of their alleged injuries and had performed diligence of the same.

**Interrogatory No. 10**

**Plaintiffs' Position:** Plaintiffs' answer states that they were not aware of *the extent to which* Defendants had engaged in allegedly need-aware admissions practices prior to first meeting with counsel. Plaintiffs will consider supplementing the answer with further information about when and how they had *any knowledge* about the Defendants' alleged admissions practices.

**Defendants' Response:** Defendants will await Plaintiffs' response on this topic.

**Interrogatory No. 11**

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any distinct characteristics of and services offered by private national universities with an average ranking of 25 or higher in the U.S. News & World Report and which are not offered by a private national university with an average ranking at all lower than 25. When asked if Plaintiffs were aware of any such distinct characteristics and services, Plaintiffs said they may be able to identify "some," but view the Interrogatory as calling for expert testimony. Plaintiffs will consider supplementing the answer, as well as the answer to the previously served Interrogatory No. 3.

Plaintiffs also confirmed that they do not intend to modify the market definition as alleged in the operative complaint, that is: "a relevant market, for undergraduate education at private national universities with an average ranking of 25 or higher in the U.S. News & World Report rankings from 2003 through 2021." 2d Am. Compl., ECF No. 308 ¶ 244.

**Defendants' Response:** The Interrogatory calls for a straightforward answer on a fundamental element of Plaintiffs' antitrust claims. The Interrogatory requests facts and does not require expert testimony to answer. Defendants have engaged in substantial efforts to obtain fact discovery to rebut the market definition as currently alleged in the operative complaint (including from non-party universities, university ranking services, and other sources). There is no basis for Plaintiffs' refusal, at this late stage of discovery, to identify the facts that support their allegation in Paragraph 244 of the Second Amended Complaint. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

Moreover, to the extent any modifications to Plaintiffs' market definition are not identified in a timely manner, Defendants will be prejudiced by the inability to seek additional fact discovery to rebut a modified market definition and will seek to preclude the admission of any evidence and expert testimony of the same.

November 8, 2023
Page 5

### Interrogatory No. 12

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any facts or evidence that support their contention that competition between public universities and elite, private universities is "limited in the national market for students seeking financial aid." When asked if Plaintiffs were aware of any such facts, Plaintiffs were unable to identify any. Plaintiffs will consider supplementing their answer to the Interrogatory.

**Defendants' Response:** The Interrogatory straightforwardly asks Plaintiffs to identify the facts that support an allegation in their operative Complaint. There is no basis for Plaintiffs' refusal, at this late stage of discovery, to identify the facts that support their allegation in Paragraph 250 of the Second Amended Complaint. Please confirm that Plaintiffs will produce responsive information to these Interrogatories, otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 13

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any "distinct services" offered by Defendants that support the contention that the putative Market for Elite, Private Universities "does not include liberal arts colleges." When asked if Plaintiffs were aware of any such distinct characteristics and services, Plaintiffs were unable to identify any. Plaintiffs will consider supplementing their answer to the Interrogatory.

**Defendants' Response:** The Interrogatory straightforwardly asks Plaintiffs to identify the evidence that supports an allegation Plaintiffs first asserted more than twenty-one months ago. There is no basis for Plaintiffs' refusal, at this late stage of discovery, to identify the facts that support their allegation in Paragraph 245 of the Second Amended Complaint. Please confirm that Plaintiffs will produce responsive information to these Interrogatories, otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 14

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any evidence that supports their contention that all members of the proposed class were injured by the conduct Plaintiffs allege to be unlawful. Plaintiffs argue that giving an answer presupposes that they can cite facts to show injury to all class members, which they say is a function of expert work.

**Defendants' Response:** These allegations were made in the Complaint, and as such, Defendants are entitled to the factual bases for the contentions. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

November 8, 2023
Page 6

**Interrogatory No. 15**

**Plaintiffs' Position:** The Interrogatory calls for Plaintiffs to identify each agreement which they allege is unlawful or constitutes an overt act in furtherance of an unlawful conspiracy. Plaintiffs originally referred to the memoranda of understanding and certifications for the 568 Presidents Group, but these only pertain to agreements to *participate in* the 568 Presidents Group. When asked if there are other agreements alleged to be unlawful, Plaintiffs did not identify any but said they would consider supplementing their answer.

Also, Plaintiffs' answer says that Defendants agreed to exchange information through the College Board, CNAR, and COFHE. When asked if there are any other organizations through which Defendants agreed to exchange information, Plaintiffs were unable to identify any but said they would consider supplementing their answer.

**Defendants' Response:** The Interrogatory calls for a straightforward answer on a fundamental element of Plaintiffs' antitrust claims. The Interrogatory requests facts and does not require expert testimony to answer. A proper answer to this Interrogatory must identify the terms of each allegedly unlawful agreement, as well as the parties and the time periods. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

Moreover, to the extent Plaintiffs later claim additional agreements to be unlawful in this case, Defendants will be prejudiced by the inability to seek additional fact discovery to rebut those allegations and will seek to preclude the admission of any evidence regarding the same.

**Interrogatory No. 16**

**Plaintiffs' Position:** Plaintiffs objected and refused to provide any facts that support their contention in the operative Complaint that, but for the alleged conspiracy, each Defendant would have used its endowment to devote more resources to financial aid and identify the evidentiary support for each fact identified. Plaintiffs said that they are willing to supplement their response by identifying facts supporting their allegation.

**Defendants' Response:** Please confirm when Plaintiffs will serve a supplemental response.

**Interrogatory No. 17**

**Plaintiffs' Position:** Plaintiffs objected and refused to identify what, if any, competitively sensitive information about financial aid was exchanged by one Defendant with another Defendant through the 568 Group, as well as the nature, date and frequency of those exchanges. Plaintiffs claim that "competitively sensitive information" is a legal term of art, and they have not yet finalized their ultimate conclusion.

November 8, 2023
Page 7

**Defendants' Response:** The Interrogatory calls for a straightforward answer on a fundamental aspect of Plaintiffs' antitrust claims. Plaintiffs may not refuse to answer an interrogatory because it may call for the application of law to fact. Please confirm that Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

Moreover, to the extent Plaintiffs refuse to disclose what they allege to constitute exchanges of competitively sensitive information, Defendants will be prejudiced by the inability to seek additional fact discovery to rebut those allegations and will seek to preclude the admission of any evidence regarding the same.

### Interrogatory Nos. 18, 21, 24, 27, 30, 33

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any facts or evidence they contend show that the Defendant agreed with another entity on certain components of need analysis, specifically the calculation of EFC, treatment of home equity, treatment of parent assets, treatment of retirement income, cost of living adjustments, and calculation of noncustodial parent income. When asked if there are any other facts or evidence to support their allegations on these topics, Plaintiffs did not identify any but said they would consider supplementing their answer.

**Defendants' Response:** Plaintiffs have failed to identify any facts on these fundamental aspects of the case. If Plaintiffs do not contend that there was any agreement between any Defendant and any other entity as to each of these aspects of need analysis, they may say so, in which case they obviously need not identify facts supporting that contention. Otherwise, if Plaintiffs do contend there was agreement as to these aspects of need analysis, then Plaintiffs must identify the facts supporting that contention. If there are no such facts, Plaintiffs' responses should so state. Please confirm whether Plaintiffs will produce responsive information to these Interrogatories; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory Nos. 19, 22, 25, 28, 31, 34

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any facts or evidence they contend show that each Defendant's approach to certain components of need analysis was in fact a product of agreement with any other entity, specifically the calculation of EFC, treatment of home equity, treatment of parent assets, treatment of retirement income, cost of living adjustments, and calculation of noncustodial parent income. When asked if there are any other facts or evidence to support their allegations on these topics, Plaintiffs did not identify any but said they would consider supplementing their answer.

**Defendants' Response:** Plaintiffs have failed to identify any facts on these fundamental aspects of the case. If Plaintiffs do not contend that any Defendant's approach to these components of need analysis were in fact a product of agreement with another entity, they may say so, in which case they obviously need not identify facts supporting that contention. Otherwise, if Plaintiffs do contend

November 8, 2023
Page 8

that a Defendant's approach to these components of need analysis were in fact a product of agreement with another entity, then Plaintiffs must identify the facts supporting that contention. If there are no such facts, Plaintiffs' responses should so state. Please confirm whether Plaintiffs will produce responsive information to these Interrogatories; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory Nos. 20, 23, 26, 29, 32, 35

**Plaintiffs' Position:** Plaintiffs objected and refused to describe how they contend Defendants would have treated certain aspects of need analysis absent the alleged agreements, specifically the calculation of EFC, home equity, parent assets, retirement income, cost of living adjustments, and the calculation of noncustodial parent income. Plaintiffs state that this calls for expert opinion but said they would consider supplementing their answer.

**Defendants' Response:** The mere prospect of expert opinion on a matter does not make it outside of the scope of interrogatories. Defendants are entitled to discover the factual bases for Plaintiffs' allegations on these topics. Please confirm that Plaintiffs will produce responsive information to these Interrogatories; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 36

**Plaintiffs' Position:** The Interrogatory calls for Plaintiffs to identify any facts or evidence they contend show that any Defendant agreed with another entity to exercise professional judgment in a particular manner when determining Expected Family Contributions. Plaintiffs provided relatively more information in this answer than in other answers, but it appears that Plaintiffs miscite a document (BROWN_000000386) in their response. Plaintiffs will also consider supplementing their answer.

**Defendants' Response:** Defendants will await Plaintiffs' responses on these topics.

### Interrogatory No. 37

**Plaintiffs' Position:** Plaintiffs objected and refused to provide a list of all facts that they contend show that the Defendants' general approach to exercising professional judgment when determining Expected Family Contribution was in fact an approach agreed between the Defendant and another Defendant or other person or entity. Plaintiffs' answer simply refers to their answers to Interrogatories 8, 15, 18 and 36, without more detail. When asked if there are any other facts or evidence to support their allegations on this topic, Plaintiffs did not identify any but said they would consider supplementing their answer.

**Defendants' Response:** Plaintiffs have failed to identify any facts on this fundamental aspect of the case. In the absence of a proper objection to the Interrogatory, Defendants will interpret Plaintiffs' answer as having waived all objections. Please confirm whether Plaintiffs will produce

responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 38

**Plaintiffs' Position:** Plaintiffs objected and refused to describe how they contend Defendants would have exercised professional judgment when determining Expected Family Contribution absent the alleged agreements. Plaintiffs state that this calls for expert opinion but said they would consider supplementing their answer.

**Defendants' Response:** The mere prospect of expert opinion on a matter does not make it outside of the scope of interrogatories. Defendants are entitled to discover the factual bases for Plaintiffs' allegation on this topics. Please confirm that Plaintiffs will produce responsive information to these Interrogatories; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 39

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any facts or evidence they contend show that a Defendant agreed with another entity on any component of need analysis, other than those identified in Interrogatory Nos. 18-38. When asked if there are any other facts or evidence to support their allegations on these topics, Plaintiffs did not identify any but said they would consider supplementing their answer.

**Defendants' Response:** Plaintiffs have failed to identify any facts on these fundamental aspects of the case. If Plaintiffs do not contend that there was any agreement between any Defendant and another entity as to any component of need analysis not identified in Interrogatory Nos. 18-38, they may say so, in which case they obviously need not identify facts supporting that contention. Otherwise, if Plaintiffs do contend there was agreement as to such components of need analysis, then Plaintiffs must identify the facts supporting that contention. If there are no such facts, Plaintiffs' responses should so state. Please confirm whether Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 40

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any facts or evidence they contend show that each Defendant's approach to any components of need analysis (other than those identified in Interrogatory Nos. 18-38) was in fact a product of agreement with any other entity. When asked if there are any other facts or evidence to support their allegations on these topics, Plaintiffs did not identify any but said they would consider supplementing their answer.

**Defendants' Response:** Plaintiffs have failed to identify any facts on these fundamental aspects of the case. If Plaintiffs do not contend that any Defendant's approach to components of need analysis not identified in Interrogatory Nos. 18-38 were the product of an agreement between any of

the Defendants and another entity, they may say so, in which case they obviously need not identify facts supporting that contention. Otherwise, if Plaintiffs do contend that a Defendant's approach to such components of need analysis were in fact a product of agreement with another entity, then Plaintiffs must identify the facts supporting that contention. If there are no such facts, Plaintiffs' responses should so state. Please confirm whether Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 41

**Plaintiffs' Position:** Plaintiffs objected and refused to describe how they contend Defendants would have treated any component of need analysis (other than those identified in Interrogatory Nos. 18-38) absent the alleged agreements. Plaintiffs state that this calls for expert opinion but said they would consider supplementing their answer.

**Defendants' Response:** The mere prospect of expert opinion on a matter does not make it outside of the scope of interrogatories. Defendants are entitled to discover the factual bases for Plaintiffs' allegation on this topic. Please confirm that Plaintiffs will produce responsive information to these Interrogatories; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 42

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any facts or evidence they contend show that the Defendant agreed with another entity to package financial aid awards in a particular manner. Plaintiffs claimed that the Interrogatory calls for expert opinion because the facts relevant to packaging is informed by expert opinion. Plaintiffs said that they received additional deposition testimony on this topic "in the last couple of weeks" and were now in a better position to answer this Interrogatory.

**Defendants' Response:** Plaintiffs have failed to identify any facts on these fundamental aspects of the case. The mere prospect of expert opinion on a matter does not make it outside of the scope of interrogatories. If Plaintiffs do not contend that there was any agreement on packaging, they may say so, in which case they obviously need not identify facts supporting that contention. Otherwise, if Plaintiffs do contend there was agreement on packaging, then Plaintiffs must identify the facts supporting that contention. If there are no such facts, Plaintiffs' responses should so state. Please confirm whether Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 43

**Plaintiffs' Position:** Plaintiffs objected and refused to identify any facts or evidence they contend show that each Defendant's approach to packaging financial aid was in fact a product of agreement with any other entity.

November 8, 2023
Page 11

**Defendants' Response:** Plaintiffs have failed to identify any facts on these fundamental aspects of the case. If Plaintiffs do not contend that any Defendant's approach to packaging was a product of an agreement with another entity, they may say so, in which case they obviously need not identify facts supporting that contention. Otherwise, if Plaintiffs do contend a Defendant's approach to packaging was a product of an agreement with another entity, then Plaintiffs must identify the facts supporting that contention. If there are no such facts, Plaintiffs' responses should so state. The mere prospect of expert opinion on a matter does not make it outside of the scope of interrogatories. Please confirm whether Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

### Interrogatory No. 44

**Plaintiffs' Position:** Plaintiffs objected and refused to describe how they contend Defendants would have packaged financial aid absent the alleged agreements. Plaintiffs state that this calls for expert opinion but said they would consider supplementing their answer.

**Defendants' Response:** Plaintiffs have failed to identify any facts on these fundamental aspects of the case. The mere prospect of expert opinion on a matter does not make it outside of the scope of interrogatories. Please confirm whether Plaintiffs will produce responsive information to this Interrogatory; otherwise, Defendants are prepared to seek relief from the Court on this issue.

**DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

### Request for Admission No. 2

**Plaintiffs' Position:** Plaintiffs denied that membership in the 568 Presidents Group did not limit a member's ability to match a lower Net Price of Attendance offered by any other Institution. Plaintiffs provided a single basis for their denial: the 568 Presidents Group's Consensus Methodology includes, for example, a principle that families should contribute "to the extent they are able."

**Defendants' Response:** Defendants explained that Rule 36 requires parties to deny with specificity. If Plaintiffs do not provide any other basis for denying this Request, Defendants will interpret it as an admission that there is indeed no other limitation on a member of the 568 Presidents Group's ability to match Net Price of Attendance.

### Request for Admission No. 11

**Plaintiffs' Position:** Plaintiffs denied that members of the 568 Presidents Group were prohibited from discussing financial aid packaging. Plaintiffs' answer states that Defendants shared packaging information "through overlapping membership in various groups." Plaintiffs will consider revising the answer to state whether they contend that members of the 568 Presidents Group were specifically prohibited from discussing financial aid packaging *within the 568 Presidents Group*.

**Defendants' Response:** Defendants will await Plaintiffs' response on this topic.

Sincerely,

Chris C. Yook