UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No.: 1:22-cv-00125-MEK |
| Plaintiffs, | |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER #1 AND
<u>MEMORANDUM IN SUPPORT</u>**

Plaintiffs respectfully submit this Memorandum of Law in Support of their Motion to Modify Case Management Order #1. ECF 195 (reflected in Appendix A). Plaintiffs respectfully ask the Court to extend the schedule by approximately seventy-five (75) days, to the dates set forth in Appendix B. The dates from Appendix A and Appendix B are compared in Appendix C. This is Plaintiffs' first motion to modify Case Management Order #1 (although, as explained below, the Court previously extended the date for Defendants substantially to complete their document production, after considering the parties' joint request for such an extension with respect to certain Defendants).

## LEGAL STANDARDS

A discovery schedule may be modified before the expiration of the existing deadlines "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time without or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."). The "primary consideration" with respect to "good cause" is the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Such extensions are appropriate, for example, where "it does not appear that either party was attempting to purposefully delay these proceedings" and there have been no post-deadline "discovery requests to gain a tactical advantage." *Krukowski v. Omicron Techs., Inc.*, 2012 WL 3841491, at *4 (N.D. Ill. Aug. 29, 2012).

## ARGUMENT

Plaintiffs respectfully submit that, under the foregoing standards, the proposed modification of Case Management Order #1, reflected in Appendix B, is warranted and in the

1

best interests of the proposed class, for numerous reasons, primarily arising out of Plaintiffs' counsel's diligence in discovery to date:

*First*, since the outset of fact discovery, in September 2022, Plaintiffs have diligently and aggressively pursued discovery in this complex and expansive case. As the Court recognized at the outset of discovery, this is a case with seventeen defendant universities ("Defendants"), each with sophisticated counsel, concerning an alleged conspiracy beginning in 2003 and continuing until 2021, and a proposed class of nearly 200,000 allegedly injured students and former students. Considering the law the Court may apply (where the issue of whether the "*per se*" or "rule of reason" mode of analysis is an intensely factual issue), Plaintiffs have undertaken to collect evidence on each of the elements of their antitrust claim under both the *per se* and rule of reason standards and on Defendants' claimed immunity. Seeking damages and a class under Fed. R. Civ. P. 23(b)(3), Plaintiffs are working in conjunction with consulting and testifying experts to understand the details of the alleged cartel's financial aid methods and principles, how each school imposed such methods and principles, in order to hone the computation of impact and damages within the proposed class. In conjunction with the latter project, Plaintiffs have been pursuing production of large databases of structured data regarding reflecting each Defendant's methods and computations of financial aid and pricing for tens of thousands of students from a period before the alleged conspiracy began and extending through the present. Even in the context of large antitrust class actions, this one stands out for the amount of time and effort required for Plaintiffs to accomplish the tasks necessary to prove their claims.

*Second*, the proposed extension will most reasonably permit Plaintiffs' counsel to complete their substantial document and data review and numerous relevant depositions, in line with schedules entered in similar cases in this District. Over the last eight (8) months,

Defendants have collectively produced approximately 1.13 million documents, totaling more than 4.8 million pages. In line with a conventional and reasonable approach to fact discovery, Plaintiffs' counsel have sought to review some critical mass of these documents before taking fact depositions, using those depositions to sharpen their further document review, and noticing and taking subsequent fact depositions on the basis of such analyses. In addition, also in line with a conventional and reasonable approach to fact discovery, Plaintiffs' counsel have sought to complete as much document review, and as many fact depositions, as possible before identifying relevant topics for purposes of depositions under Fed. R. Civ. P. 30(b)(6). Plaintiffs' counsel have thus far taken thirty-three (33) fact depositions, have noticed or scheduled to take approximately twenty-five (25) more, and anticipate noticing at least twenty (20) more, including the Rule 30(b)(6) depositions. The result of this approach is that Plaintiffs would ideally finish their document review over the next two (2) months, while continuing to take numerous fact depositions, and thereafter take the remaining fact depositions and Rule 30(b)(6) depositions as appropriate.

   The schedule that Plaintiffs propose will result in a period of fact discovery comparable to many complex multi-defendant antitrust litigation in this District. In *In re Turkey Antitrust Litigation*, Civ. A. No. 1-19-cv-8318 (N.D. Ill.), for example, the court set an original period of fact discovery of approximately eighteen (18) months. ECF 200. The court subsequently extended the period of fact discovery by approximately five (5) months, resulting in a fact-discovery period of approximately two years. ECF 571. In *Kleen Products v. Packaging Corp.*, 1:10-cv-05711 (N.D. Ill.), the court allowed a fact discovery period of approximately seventeen (17) months, ECF No. 461, and ultimately extended fact discovery by another five months, giving the parties approximately twenty-two (22) months. ECF No. 513. In *In re: Plasma-*

3

*Derivative Protein Therapies Litigation*, 1:09-cv-0766 (N.D. Ill.), the court allowed a fact-discovery period of approximately eighteen (18) months, ECF No. 330, and ultimately extended that by another nine (9) months, giving the parties around twenty-seven (27) months of fact discovery, ECF No. 500. And in *Moehrl v. National Association of Realtors*, 1:19-cv-01610 (N.D. Ill.), the court authorized fact discovery to last nearly two years (663 days). ECF No. 196. The schedule that Plaintiffs now propose, in Appendix B, would result in a period of fact discovery of approximately nineteen (19) months (from September 2022 to April 2024).

*Third*, the proposed extension follows naturally, and symmetrically, from Defendants' mid-discovery requests for extensions of time by which they would substantially complete their production of data and documents, and the Court's global resolution of such requests. The original date for the substantial completion of document production for requests for production served on September 19, 2022, was March 3, 2023. At Defendants' request, however, Plaintiffs consented to extending this date until May 15, 2023—an extension of seventy-three (73) days. EFC 352.[1] In so agreeing, Plaintiffs accepted several Defendants' explanation that, given the number of documents at issue, they would be unable to meet the original deadline. The result of this extension was that Plaintiffs had 73 fewer days in which to conduct document review and deposition identification.[2] This prior, 73-day extension thus corresponds to the 75-day extension of the schedule that Plaintiffs now seek. Plaintiffs did not seek any such extension earlier this year (either from the Defendants or the Court), because they were seeking to complete fact

---

[1] On April 20, 2023, the Court moved the deadline to May 15, 2023, for all Defendants after learning that Plaintiffs had agreed to extensions between April 30, 2023, and May 15, 2023, for certain Defendants and were seeking some "deadline." 4/20/23 Tr. at 8:12-10:7.

[2] Defendants similarly sought, and obtained, a three-week extension to produce structured data. ECF 315.

4

discovery within the original deadline. As explained herein, however, Plaintiffs' counsel have now concluded that it would benefit the proposed class to move back the original deadline.

*Fourth*, the proposed extension sensibly accounts for the noticing and scheduling of depositions to date in this matter. After an initial period of document review, as explained above, Plaintiffs' counsel began noticing fact depositions during the late spring, the summer, and the early fall. In doing so, Plaintiffs' counsel understood—including based on repeated explanations from Defendants' counsel—that the proposed deponents were almost never available for deposition in the near term (that is, within a period of a few weeks). (*See, e.g.*, Normand Decl. Ex. A (summarizing the lengths of time between the date when deposition notices were sent, when the Defendant offered deposition dates in response, and the date for which the deposition was scheduled).) On average, witnesses have been produced over 90 days after being noticed— and this is rarely due to an adjournment request from Plaintiffs. *See id.*[3] Plaintiffs' counsel accepted that this was either because (a) Defendants' employees, given academic schedules, were not immediately available during the summer and because the fall is a particularly busy time for colleges and universities such as Defendants, and/or (b) Defendants wanted to spend a significant amount of time in preparing the witness for deposition. Whatever the explanation, Plaintiffs' counsel have been accommodating in agreeing to depositions dates that have been, with very few exceptions, many weeks and even months after the dates the deposition notices were sent. Plaintiffs submit that their proposed extension request accounts for such accommodating scheduling.[4]

---

[3] Plaintiffs' exhibit regarding the scheduling of depositions does not reflect the many instances where Plaintiffs have had to repeatedly reach out to obtain dates for noticed depositions.

[4] In the October 2023 Joint Status Report, Defendants asserted that Plaintiffs have "inexplicably delay[ed] in beginning to notice depositions" and have requested "repeated postponements of depositions." ECF 450 at 8-9. Contrary to this narrative, and in summarizing the timing logistics for each deponent noticed

5



―――――――――――――――――

to date, Exhibit A of the supporting Declaration of Edward Normand largely speaks for itself. In addition, Defendants' narrative omits key facts, such as the revelation in late June 2023 (after the May 2023 deadline for the substantial completion of document production) regarding the existence of the Department of Justice's investigation and the depositions of Defendants taken in connect therewith, which the Court indicated the relevant Defendants should have acknowledged much earlier. 7/24/23 Tr. at 43-49. Such developments necessarily altered strategy and timing regarding several key depositions.

5

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

*Sixth*, the proposed extension will reasonably permit Plaintiffs' counsel to continue to obtain the structured data they have repeatedly sought from Defendants, which efforts have included numerous requests for clarifications related to such data, including definitions of variable and field names, and explanations for apparently missing data (which Defendants have since explained is due to its unavailability). The production and clarification process has been pursued informally through emails and meet-and-confers, and it is continuing. In Plaintiffs' counsel's experience, even where (such as here) the defendants cooperate in such efforts, this process is inherently time-consuming in major data-intensive antitrust cases.[6]

Finally, to the extent the Court deems this factor relevant, Plaintiffs submit that the proposed extension will not prejudice Defendants. In fact, it seems likely to ease the burden on them. Plaintiffs could conceivably identify and notice all of the remaining fact deponents and Rule 30(b)(6) topics for completion of depositions by January 31, 2024. (Plaintiffs' counsel, for the many reasons explained above, reasonably seek to avoid such a schedule.) In that event, however, Defendants would need to make their fact deponents available, and to prepare a Rule 30(b)(6) witnesses or witnesses, on a much more compressed time schedule than they have made witnesses available for depositions to date—and would have to do so through the typical vacation times of the second half of December and beginning of January. Plaintiffs' counsel

---

[6] Plaintiffs learned through depositions this summer, for example, that Defendants had maintained their formulae for setting financial aid awards in their database software. Although most Defendants have produced these software "settings," Plaintiffs remain engaged in process of obtaining clarifications about various definitions in these settings. Some Defendants have provided, or committed to provide, these clarifications informally. Some Defendants have insisted that these clarifications be obtained formally, which Plaintiffs plan to do through Rule 30(b)(6) depositions.

7

propose instead to take the same number of depositions but to use a longer period of time in which to do so, and thereby increase scheduling flexibility.

## CONCLUSION

Plaintiffs respectfully request, for the foregoing reasons, that the Court modify Case Management Order #1, ECF 195, to the dates set forth in Appendix B.

| | |
|---|---|
| Dated: November 15, 2023 | Respectfully Submitted, |
| /s/ Robert D. Gilbert | /s/ Edward J. Normand |
| Robert D. Gilbert | Devin "Vel" Freedman |
| Elpidio Villarreal | Edward J. Normand |
| Robert S. Raymar | Peter Bach-y-Rita |
| David Copeland | Richard Cipolla |
| Steven Magnusson | **FREEDMAN NORMAND** |
| Natasha Zaslove | **FRIEDLAND LLP** |
| **GILBERT LITIGATORS &** | 99 Park Avenue |
| **COUNSELORS, P.C.** | Suite 1910 |
| 11 Broadway, Suite 615 | New York, NY 10016 |
| New York, NY 10004 | Tel: 646-350-0527 |
| Phone: (646) 448-5269 | vel@fnf.law |
| rgilbert@gilbertlitigators.com | tnormand@fnf.law |
| pdvillarreal@gilbertlitigators.com | pbachyrita@fnf.law |
| rraymar@gilbertlitigators.com | rcipolla@fnf.law |
| dcopeland@gilbertlitigators.com | |
| smagnusson@gilbertlitigators.com | Ivy Ngo |
| nzaslove@gilbertlitigators.com | **FREEDMAN NORMAND** |
| | **FRIEDLAND LLP** |
| | 1 SE 3d Avenue |
| | Suite 1240 |
| | Miami, FL 33131 |
| | Tel: 786-924-2900 |
| | ingo@fnf.law |
| | |
| /s/ Eric L. Cramer | Daniel J. Walker |
| Eric L. Cramer | Robert E. Litan |
| Caitlin G. Coslett | Hope Brinn |
| Ellen Noteware | **BERGER MONTAGUE PC** |
| **BERGER MONTAGUE PC** | 2001 Pennsylvania Avenue, NW |
| 1818 Market Street, Suite 3600 | Suite 300 |
| Philadelphia, PA 19103 | Washington, DC 20006 |

8

Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
enoteware@bm.net

Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

*Counsel for Plaintiffs*

**Appendix A**

| EVENT | DEADLINE |
|---|---|
| Motions with Respect to Written Discovery | November 15, 2023 |
| Close of Fact Discovery | January 31, 2024 |
| Opening Expert Reports (Class Certification and Merits) on All Issues on Which a Party Has the Burden off Proof | March 15, 2024 |
| Opposition Expert Reports (Class Certification and Merits) | May 17, 2024 |
| Rebuttal Expert Reports (Class Certification and Merits) | August 2, 2024 |
| Close of Expert Discovery | September 13, 2024[3] |
| *Daubert* Motions | October 18, 2024 |
| Motion for Class Certification | October 18, 2024 |
| *Daubert* Oppositions | November 15, 2024 |
| Opposition to Motion for Class Certification | November 15, 2024 |
| *Daubert* Replies | December 20, 2024 |
| Reply in Support of Class Certification | January 8, 2025 |

| | |
|---|---|
| *Daubert* and/or Class Certification Hearing | Court's discretion |
| Summary Judgment Motions | March 7, 2025 |
| Summary Judgment Oppositions | April 11, 2025 |
| Summary Judgment Replies | May 12, 2025 |
| Summary Judgment Hearing | Court's discretion |
| Pre-Trial Conference | Court's discretion |
| Trial | Court's discretion |

**Appendix B**

| EVENT | DEADLINE |
|---|---|
| Motions with Respect to Written Discovery | January 26, 2024 |
| Close of Fact Discovery | April 15, 2024 |
| Opening Expert Reports (Class Certification and Merits) on All Issues on Which a Party Has the Burden off Proof | June 3, 2024 |
| Opposition Expert Reports (Class Certification and Merits) | August 5, 2024 |
| Rebuttal Expert Reports (Class Certification and Merits) | October 21, 2024 |
| Close of Expert Discovery | December 2, 2024[3] |
| *Daubert* Motions | January 13, 2025 |
| Motion for Class Certification | January 13, 2025 |
| *Daubert* Oppositions | February 13, 2025 |
| Opposition to Motion for Class Certification | February 13, 2025 |
| *Daubert* Replies | March 28, 2025 |
| Reply in Support of Class Certification | April 5, 2025 |

| | |
|---|---|
| *Daubert* and/or Class Certification Hearing | Court's discretion |
| Summary Judgment Motions | June 5, 2025 |
| Summary Judgment Oppositions | July 10, 2025 |
| Summary Judgment Replies | August 11, 2025 |
| Summary Judgment Hearing | Court's discretion |
| Pre-Trial Conference | Court's discretion |
| Trial | Court's discretion |

**Appendix C**

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Motions with Respect to Written Discovery | November 15, 2023 | January 26, 2024 |
| Close of Fact Discovery | January 31, 2024 | April 15, 2024 |
| Opening Expert Reports (Class Certification and Merits) on All Issues on Which a Party Has the Burden off Proof | March 15, 2024 | June 3, 2024 |
| Opposition Expert Reports (Class Certification and Merits) | May 17, 2024 | August 5, 2024 |
| Rebuttal Expert Reports (Class Certification and Merits) | August 2, 2024 | October 21, 2024 |
| Close of Expert Discovery | September 13, 2024[3] | December 2, 2024[3] |
| *Daubert* Motions | October 18, 2024 | January 13, 2025 |
| Motion for Class Certification | October 18, 2024 | January 13, 2025 |
| *Daubert* Oppositions | November 15, 2024 | February 13, 2025 |
| Opposition to Motion for Class Certification | November 15, 2024 | February 13, 2025 |
| *Daubert* Replies | December 20, 2024 | March 28, 2025 |

14

| | | |
|---|---|---|
| Reply in Support of Class Certification | January 8, 2025 | April 5, 2025 |
| *Daubert* and/or Class Certification Hearing | Court's discretion | Court's discretion |
| Summary Judgment Motions | March 7, 2025 | June 5, 2025 |
| Summary Judgment Oppositions | April 11, 2025 | July 10, 2025 |
| Summary Judgment Replies | May 12, 2025 | August 11, 2025 |
| Summary Judgment Hearing | Court's discretion | Court's discretion |
| Pre-Trial Conference | Court's discretion | Court's discretion |
| Trial | Court's discretion | Court's discretion |