**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | **Case No. 1:22-cv-00125** |
| Plaintiffs, | |
| v. | **Hon. Matthew F. Kennelly** |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**[PROPOSED] ORDER REGARDING PLAINTIFFS' MOTION TO DESIGNATE GEORGETOWN'S PRESIDENT AND HIS ASSISTANT AS CUSTODIANS AND TO COMPEL GEORGETOWN TO PRODUCE DOCUMENTS**

Upon consideration of Plaintiffs' Motion and supporting Memorandum, the Court enters the following order:

1.    Defendant Georgetown will designate President John DeGioia and Assistant to the President Andrew Koenig of the President's Office as custodians for the search for and production of:

    a.    Every document, email, record or other written communication ("Record") concerning: (1) the nomination, recommendation, suggestion, or sponsorship of an individual for admission to Georgetown ("Sponsor-Related Communications"), with respect to any individual who was ultimately included on a President's List ("President's List Applicant"), including any response to or Record concerning any such Communication; (2) any President's List Applicant who is the subject of any Sponsor-Related Communication; (3) any donor or prospective donor who is a family member of any President's List Applicant ("Applicant-Interested Donor"), or any Record to or from such Donor; and (4) any actual or potential pledge agreement or other agreement to donate funds to Georgetown by any Applicant-Interested Donor.  As used herein, the term President's List Applicant does not include any children or grandchildren of Georgetown administrators or faculty members.

    b.    Every Record (including but not limited to memoranda, guidelines, and checklists) written, maintained or otherwise created by the President, his Office or Office personnel concerning: (1) the reason(s) why applicants for admission are or have been included on the President's List; (2) the practices or polices of Georgetown or the President's Office concerning the inclusion of applicants on the President's List based on the donation history or capacity of an applicant's family.

2.      The documents described in Paragraphs 1 herein do not include: (1) PL Excel Files or spreadsheets previously produced to Plaintiffs under the Court's August 30 Order (ECF 437); and (2) other substantially similar Excel files or spreadsheets.

3.      With respect to any Excel files, spreadsheets or similar documents included in the "PL Excel Files" or "Advancement Documents" referenced in the Aug. 30 Order, Georgetown will, through its counsel and in good faith, respond to written and oral questions (including reasonable follow-up questions) from Plaintiffs' counsel concerning the understanding and interpretation of those materials.

4.      The production described in Paragraph 1 shall be concluded by December 8, unless the parties agree otherwise in writing.


SO ORDERED:


Dated: _____          _____
                                  Hon. Matthew F. Kennelly
                                  United States District Judge