**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125 <br><br> **Hon. Matthew F. Kennelly** |

**PLAINTIFFS' MOTION TO DESIGNATE GEORGETOWN'S PRESIDENT AND HIS ASSISTANT AS CUSTODIANS AND TO COMPEL GEORGETOWN TO PRODUCE DOCUMENTS AND MEMORANDUM IN SUPPORT**

Plaintiffs respectfully submit this Memorandum in Support of Their Motion to Designate

the President of Defendant Georgetown University ("Georgetown"), John DeGioia, and his

assistant Andrew Koenig, as document custodians; and to order Georgetown to search for and

produce documents from those custodians in the time and manner described in the Proposed Order submitted herewith.

## SUMMARY OF ARGUMENT

Defendants are not entitled to antitrust immunity under the 568 Exemption if they have considered the "financial circumstances" of applicants or their families when making admissions decisions. (Motion to Dismiss Opinion (ECF 185) at 10 & n.1.) Any evidence that Georgetown has engaged in "wealth favoritism" by considering the donation history or capacity of an applicant's family in deciding whether to admit that applicant is thus highly relevant. ████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

The current dispute is another episode in the saga arising from Georgetown's knowingly false representations to this Court in January 2023 that Plaintiffs' assertions that the relevant documents were in the President's Office were "speculative" or "hypothetical." (Jan. 13, 2023 Joint Status Report (ECF 274) at 24-26.) Georgetown's counsel told the Court at that time that the place to look for wealth favoritism documents was in each Defendant's Admissions Office, and that therefore there was no need to designate the President's Office (or its officials or employees) as custodians. The Court accepted that argument but reserved the right to reconsider as to one or

---

[1] ████████████████████████████████████████████

████████████████████████████████████████████

████████ Plaintiffs are seeking to prove that, in at least some instances, the reason is financially motivated.

more Defendants by designating their President's Office as a custodian and ordering production

from that custodian if it turned out the relevant information resided in the President's Office.[2]

The evidence shows that, for Georgetown, the relevant information does reside in the

President's Office. ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ The time is thus ripe for the Court to order production of donor-related applicant records

in Georgetown's President's Office, by designating John DeGioia, who has been the President of

Georgetown for over 30 years, and his current assistant, Andrew Koenig, as custodians.

As for the documents these custodians should produce, Plaintiffs have submitted a

Proposed Order that includes documents that are responsive to numerous of Plaintiffs' RFPs and

essential on the issue of wealth favoritism. If Georgetown means to object to such production as

unduly burdensome or affording insufficient time to respond, the short answers are  that

Georgetown should have produced all these documents by the original March 3 deadline for

---

[2]    "So we're going to put the pause on having custodians from the development and president's office right now. Here's what that means for the defendants. I want to make it real clear what that means for the defendants. Okay? What that means is if I later determine that there's a basis to include those for some or all of the defendants, you're not going to get a whole lot of time to produce the stuff, and you're not going to get to do it at anybody's leisure. It's going to be my definition of how quick you get it done. So that's the condition." (Feb. 8, 2023 Hearing Tr. 54:14-55:3.)

[3]    Pages of the Deacon deposition cited herein are included as Ex. A to Plaintiffs' Motion, and pages of the Youmans deposition cited herein are included as Ex. B.

document production, or at least by the revised date of May 15.  The Court explained there would

be consequences to Defendants if responsive donor related applicant records were not timely

produced.  With the DeGioia and Koenig depositions scheduled for the second week of January

2024, now is the time for Georgetown to produce these responsive and important documents.[4]

I.      **GEORGETOWN HAS IMPROPERLY FAILED TO PRODUCE HIGHLY RELEVANT DOCUMENTS FROM ITS PRESIDENT'S OFFICE RELATED TO THE UNIVERSITY'S WEALTH FAVORITISM**

The original deadline for the production of all documents responsive to Plaintiffs' First

Request for Production of Documents was March 3, 2023, later extended to May 15.[5]  Those are

the dates by which Plaintiffs should have received all documents in Georgetown's possession

related to the University's policy and practice of considering the donation history or capacity of

an applicant's family in making its admissions decision whether to admit that applicant.  But that

never happened, for the following reasons:

First, Georgetown waited more than a year, until June 22, 2023, to produce the May 18,

2022 transcript of the deposition of Dean of Admissions Charles Deacon taken by the DOJ and the

NYAG as part of an investigation closely related to the factual and legal issues in this case.  That

deposition was defended by the same lawyer and the same firm (Mayer Brown) that defends

Georgetown as in this case.  As the result of that concealment which this Court called "dirty pool,"[6]

---

[4]      As to burden, Plaintiffs have excluded from production the Excel files and spreadsheets of the type already produced.  *See* Proposed Order ¶ 3.  Otherwise, recent communications with Georgetown's counsel indicate that Georgetown's  main concern is with Paragraph 1(a) of the Proposed Order because it may be duplicative of certain emails previously produced.  But that objection does not apply to documents and other records which are either not emails or documents responsive to Paragraph 1(b) of the Proposed Order.

[5]      The Court told Defendants that any Defendant who could not meet the extended deadline would have to file a motion.  (April 20, 2023 Hr'g Tr. 10:5-14 ("If there's somebody on the defense side that thinks you can't do it by [the May 15 deadline], you have to get a motion on file and you best not file it on May the 15th. You best get it on file well before the deadline so that I can deal with it before the deadline, and if I need to set it for a quick hearing, I can do that.").)  No Defendant ever did so.

[6]      *See* July 14, 2023 Hearing Tr. 47:19-48:13.

Plaintiffs were unaware until late June that Georgetown President's Office, ███████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ Those lists,

known at Georgetown as "President's Lists," are at the heart of the current discovery dispute.

Second, Georgetown has continuously opposed the designation of the President's Office

or President John DeGioia as document custodians in this case and made misrepresentations to the

Court in support of such opposition. In particular, Georgetown (with other Defendants) told the

Court that the President's Office was "too attenuated" from admissions decisions to justify the

search for or production of its documents, and that Plaintiff's assertions to the contrary were

"hypothetical" and "speculation." (Jan. 13, 2023 Joint Status Report (ECF 274) at 24-26.) The

Court accepted those representations and entered an Order on March 8, 2023 (ECF 330), stating:

"At this time, Defendants need not designate custodians form its President or Development

Office." The Court added that its order "without prejudice to future applications by Plaintiffs for

such designation." (*Id*.)

Third, Plaintiffs later filed a motion to compel and for sanctions against Georgetown on

July 17, 2023, which included a request that President DeGioia be designated as custodian of the

records maintained in the President's Office and search those records and produce all documents

responsive to Plaintiffs' RFPs. Georgetown opposed the motion, which resulted in further

litigation and the Court's order requiring the parties to enter into negotiations, which in turn

resulted in an August 30, 2023 Order (ECF 437) that resolved Plaintiffs' motion without prejudice.

Under that order, the only production from the President's Office to which Georgetown agreed, in

addition to finally producing the actual President's Lists and backup Excel files and spreadsheets

for those Lists (ECF 437 ¶¶ 1-2), was to produce the results of a keyword search of the email files

of President DeGioia and his assistant Andrew Koenig, limited to Plaintiffs' selection of 150

applicants who appeared on President's Lists over a six-year period (from 2017-18 to 2022-23). (*See* ECF 437 ¶ 5 (agreeing to produce documents from email files "that describe the reason(s) the selected applicants were placed on the President's list").)

Fourth, as a further consequence of the delays caused by Georgetown's misrepresentations and contumacious behavior, Georgetown did not complete the limited production required by the August 30, 2023 Order until October 20. That production included a torrent of Excel files and spreadsheets with UIDs for the 150 applicants described above, but only a few emails containing communications related to the President List's or the admission of donor-related applicants.[7]

## II. DISCOVERY HAS NOW SHOWN THAT THE DOCUMENTS SHOWING WHY APPLICANTS ARE PLACED ON THE PRESIDENT'S LIST ARE INDEED LOCATED IN THE PRESIDENT'S OFFICE, NOT THE ADMISSIONS OFFICE

On November 9, Plaintiffs took the deposition of Charles Deacon, who has served as Dean of Admissions of Georgetown for 50 years. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ But Plaintiffs are not required to rely solely on a "general statement" to a media outlet; Plaintiffs are entitled to documentary proof.

---

[7]   Some of the Excel files and spreadsheets contain certain "fields" and random comments which might permit an expert to conclude that donations were a factor in the admission of otherwise under-qualified students. And Plaintiffs may attempt to use such materials in the upcoming depositions of DeGioia and Koenig. But Plaintiffs are **not** seeking any further production of Excel files or spreadsheets from the Georgetown President's Office. *See* Proposed Order ¶ 3.

Deacon's testimony thus opened the door for Plaintiffs' counsel to ask whether the donation history or capacity of an applicant's family are a reason why an individual applicant would be included on a President's List. ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Plaintiffs are entitled to prove their case based on facts and documents proving what did happen; they should not have to rely on what even the most knowledgeable witness testifies "might" have happened.

## III. PLAINTIFFS' PROPOSED ORDER WILL REMEDY THE DEFICIENCIES AND DELAYS IN GEORGETOWN'S PRODUCTION OF DOCUMENTS FROM ITS PRESIDENT'S OFFICE

It is now clear that the President's Office is the *only*—not the "attenuated" nor the "speculative" nor the "hypothetical"—location of documents that Plaintiffs can use to prove that Georgetown engaged in wealth favoritism (and therefore it and the other 568 Cartel members are not entitled to antitrust immunity under the 568 Exemption) by taking the donation history or capacity of applicant's family into consideration when deciding whether to include the applicant on the President's List.[8]  Under these circumstances, Plaintiffs ask this Court to enter the Proposed Order included in this motion.

---

[8]     Presumably, the President's List also includes applicants who are the children or grandchildren of Georgetown faculty members or administrators, which is why Plaintiffs' Proposed Order expressly excludes documents related to such applicants.  But to the extent that the "financial circumstances" of an applicant or the applicant's family is among the reasons why an applicant gets on the President's List, that is highly relevant information in this case.

### A.   President DeGioia and His Assistant Should Be Named Custodians

The Court has made it clear since the inception of this case that its decisions regarding the

designation of document custodians are subject to reconsideration.  Indeed, on the specific issue

of whether Georgetown or another Defendant's President Office should be designated as a

custodian, the Court ruled in a cautious way even *before* Georgetown's misrepresentations (see

Point A, supra) came to light:

> And as far as adding the development and president's office as custodians, I'm putting the pause on that for now. For now. We're going to readdress that in a couple of months once stuff is actually getting produced. I have to get this thing off the dime. So we're going to put the pause on having custodians from the development and president's office right now. Here's what that means for the defendants. I want to make it real clear what that means for the defendants. Okay? What that means is if I later determine that there's a basis to include those for some or all of the defendants, you're not going to get a whole lot of time to produce the stuff, and you're not going to get to do it at anybody's leisure. It's going to be my definition of how quick you get it done. So that's the condition.

(Feb. 8, 2023 Hearing Tr. 54:14-55:3.) In this case, moreover, Georgetown's objections to the

designation of the President's Office as custodians were based on misrepresentations or material

omissions and were raised for the transparent purpose to avoid or delay discovery to which

Plaintiffs were entitled and to shield its President DeGioia.  *See* Fed. R. Civ. P. 26(g)(1)(B)(ii)

(objections may not be "interposed for any improper purpose, such as to cause unnecessary

delay").[9]  Given these circumstances, the designation of President DeGioia and his assistant

Koenig, along with an order that Georgetown quickly produce responsive documents from those

custodians, is both necessary and particularly appropriate.

---

[9]    Indeed, because Georgetown counsel "fail[ed] to participate in good faith in developing and submitting a proposed discovery plan," their conduct is potentially subject to sanctions.  See Fed. R. Civ. P. 37(f).

**B.** **Georgetown Should Search the Custodians' Files for Responsive Documents and Produce Them**

The wealth favoritism and donor-related documents that Plaintiffs now seek are highly responsive to Plaintiffs' RFPs and the issues which have arisen in this case to date. *See, e.g.,* First RFP Nos. 20, 22, 124, 128, 129, 132. Georgetown has thus far managed to delay any meaningful discovery on these issues and the productions it has recently made have omitted documents which may be highly relevant but are neither spreadsheet nor emails. Accordingly, Paragraphs 1(a) and 1(b) of Plaintiffs' Proposed Order requests the following documents:

    a.    Every document, email, record or other written communication ("Record") concerning: (1) the nomination, recommendation, suggestion, or sponsorship of an individual for admission to Georgetown ("Sponsor-Related Communications"), with respect to any individual who was ultimately included on a President's List ("President's List Applicant"), including any response to or Record concerning any such Communication; (2) any President's List Applicant who is the subject of any Sponsor-Related Communication; (3) any donor or prospective donor who is a family member of any President's List Applicant ("Applicant-Interested Donor"), or any Record to or from such Donor; and (4) any actual or potential pledge agreement or other agreement to donate funds to Georgetown by any Applicant-Interested Donor. As used herein, the term President's List Applicant does not include any children or grandchildren of Georgetown administrators or faculty members.

    b.    Every Record (including but not limited to memoranda, guidelines, and checklists) written, maintained or otherwise created by the President, his Office or Office personnel concerning: (1) the reason(s) why applicants for admission are or have been included on the President's List; (2) the practices or polices of Georgetown or the President's Office concerning the inclusion of applicants on the President's List based on the donation history or capacity of an applicant's family.

With respect to burden, Plaintiffs have excluded from production the Excel files and spreadsheets of the type already produced. *See* Proposed Order ¶ 3. Otherwise, recent communications with Georgetown indicate that their main concern is with Paragraph 1(a) of the Proposed Order because it may be duplicative of certain emails previously produced, but this is a

minor number of emails in the context of 80 students being placed on the President's List each year. In addition, that objection does not apply to documents and other records that are either not emails or documents responsive to Paragraph 1(b) of the Proposed Order.

In short, the Court ruled that if it determined that relevant documents resided in the President's Office, it would order them produced in very short order. Feb. 8, 2023 Hearing Tr. 54:14-55:3. That is the relief Plaintiffs seek.

## CONCLUSION

For all the reasons stated herein, Plaintiffs' motion should be granted, and the Court should enter the Proposed Order submitted herewith.

Dated: November 15, 2023

Respectfully Submitted,

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Steven Magnusson
Natasha Zaslove
**GILBERT LITIGATORS &
  COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com
nzaslove@gilbertlitigators.com

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Peter Bach-y-Rita
Richard Cipolla
**FREEDMAN NORMAND
  FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-350-0527
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

Ivy Ngo
**FREEDMAN NORMAND
  FRIEDLAND LLP**
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

/s/ Eric L. Cramer
Eric L. Cramer
Caitlin G. Coslett
Ellen Noteware
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
enoteware@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

11