**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No.: 1:22-cv-00125-MEK |
| Plaintiffs, | |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 5

    I.     PLAINTIFFS SENSIBLY PROPOSE TO RESPOND TO THE
          CONTENTION INTERROGATORIES FOUR (4) WEEKS BEFORE
          FACT DISCOVERY ENDS ..................................................................................... 5

    II.    THE EXPERT DISCOVERY INTERROGATORIES ARE OVERBBROAD
          AND SHOULD BE LEFT FOR EXPERT DISCOVERY ........................................... 8

    III.   THE MOVING DEFENDANTS HAVE NOT ASSERTED (OR SHOWN)
          ANY EFFICIENCIES OR FAIRNESS RESULTING FROM THE
          PREMATURE RESPONSES THEY SEEK ................................................................ 11

    IV.   PLAINTIFFS' INCORPORATION BY REFERENCE WAS
          COMMENSURATE WITH THE NATURE AND SCOPE OF THE
          INTERROGATORIES AT ISSUE AND WAS NO DIFFERENT
          THAN MANY DEFENDANTS' RESPONSES ............................................................ 13

    V.    PLAINTIFFS CITATION TO DOCUMENTS WAS A PROPER AND
          COMMENSURATE RESPONSE TO DEFENDANTS' OVERLY
          BROAD AND PREMATURE INTERROGATORIES ............................................... 14

CONCLUSION .............................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**

*American Needle, Inc. v. National Football League*,
    560 U.S. 183 (2010).................................................................................................... 7

*American Needle, Inc. v. New Orleans Saints*,
    No. 04-cv-7806, WL 4327395 (N.D. Ill) ............................................................... 7, 11

*Baxter Int'l Inc. v. Abbott Lab'ys*,
    No. 88 C 8605, 1990 WL 208599 (N.D. Ill. Dec. 10, 1990) ...................................... 6

*BCBSM, Inc. v. Walgreen Co.*,
    No. 20-cv-01853, 2023 WL 3737724 (N.D. Ill.) .................................................... 7, 11

*Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*,
    2020 WL 1701861 (N.D. Ill. Apr. 8, 2020) ............................................................. 13

*Bonutti Skeletal Innovations LLC v. Linvatec Corp.*,
    No. 6:12-CV-1379-ORL-22, 2014 WL 186123 (M.D. Fla. Jan. 16, 2014) .............................. 12

*FONA International, Inc. v. Roddy*,
    No. 20-cv-03011 (N.D. Ill.) ................................................................................. 8, 11

*Glob. Locating Sys., LLC v. ShadowTrack 247*, LLC,
    No. 19-CV-00225, 2020 WL 3432714 (W.D.N.C. June 23, 2020) ........................................... 9

*Grimes v. Keramida Env't, Inc.*,
    No. 122CV01598JRSMJD, 2023 WL 5384049 (S.D. Ind. Aug. 22, 2023) ............................ 17

*HIRECounsel D.C., LLC v. Thuemmler*,
    No. 05-cv-2111, 2008 WL 11504116 (D.D.C. Jan. 29, 2008)...................................... 9

*In re Dealer Mgmt. Sys. Antitrust Litig.*,
    No. 18 C 864, 2019 WL 6498081 (N.D. Ill. Dec. 3, 2019) .................................... 6, 11

*In re eBay Seller Antitrust Litig.*,
    No. 07-cv-1882, 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008).................................. 9

*In re Peregrine Fin. Grp. Customer Litig.*,
    No. 12 C 5546, 2015 WL 1344466 (N.D. Ill. Mar. 20, 2015) ...................................... 8, 9, 15

*In Re Turkey Antitrust Litig.*,
    No. 19-cv-8318, Dkt. No. 507 (N.D. Ill. Mar. 21, 2022)........................................ 5, 10, 11, 15

*Inojosa v. Bd. of Trustees of City Colleges of Chicago, Cmty. Coll. Dist. 508*,
    No. 20 C 1114, 2021 WL 4461579 (N.D. Ill. Apr. 12, 2021)...................................... 8

*Logan v. Burge*,
　No. 09 C 5471, 2010 WL 4074150 (N.D. Ill. Oct. 12, 2010) ..................................................... 10

*McKellips v. Kumho Tire Co.*,
　305 F.R.D. 655 (D. Kan. 2015) ................................................................................................... 12

*Mellor v. JetBlue Airways Corp.*,
　No. 1:21-CV-10319-IT, 2022 WL 3154672 (D. Mass. Aug. 8, 2022) ...................................... 12

*Open Text Inc v. Northwell Health, Inc.*,
　No. 19-cv-9216, 2020 WL 6050595 (C.D. Cal. Aug. 6, 2020) ................................................... 9

*Palmer v. City of Decatur*,
　No. 17-3268, 2019 WL 13155813 (C.D. Ill. Jan. 29, 2019) ..................................................... 10

*Poshard v. Madison Cnty., IL*,
　2020 WL 5645303 (S.D. Ill. Sept. 22, 2020) .............................................................................. 7

*Rusty Jones, Inc. v. Beatrice Co.*,
　No. 89 C 7381, 1990 WL 139145 (N.D. Ill. Sept. 14, 1990) .................................................... 16

*Scaife v. Boenne,*
　191 F.R.D. 590 (N.D. Ind. 2000) ............................................................................................... 18

*Segerdahl Corp. v. Ferruzza*,
　No. 17-CV-03015, 2018 WL 11199218 (N.D. Ill. Mar. 9, 2018) .............................................. 11

*Sigman v. CSX Corp.*,
　No. 3:15-CV-13328, 2016 WL 7444947 (S.D.W. Va. Dec. 27, 2016) ...................................... 12

*U.S. Healthcare, Inc. v. Healthsource, Inc.*,
　986 F.2d 589 (1st Cir. 1993) ..................................................................................................... 14

*United States ex rel. Tyson v. Amerigroup Illinois, Inc.*,
　230 F.R.D. 538 (N.D. Ill. 2005) ......................................................................................... 6, 9, 12

*Ziemack v. Centel Corp.*,
　No. 92 C 3551, 1995 WL 729295 (N.D. Ill. Dec. 7, 1995) ............................................... passim

Plaintiffs respectfully submit this Memorandum of Law in Opposition to the Moving Defendants' Motion to Compel Responses to Defendants' Second Set of Interrogatories (ECF 497).[1] Plaintiffs explain below that, under the law and rationales governing such timing, Plaintiffs should supplement their responses to (1) interrogatories 7, 8, 9, 12, 15, 17, 18, 19, 21-35, 39, 40, 41, 42, 43 (the "Contention Interrogatories") four weeks before the end of fact discovery and (2) interrogatories 11, 13, 14, 16, 20, 44 (the "Expert Discovery Interrogatories") in conjunction with Plaintiffs' expert report.

## INTRODUCTION

The Interrogatories are quintessentially overbroad, and Plaintiffs have objected where appropriate on that basis, but have nevertheless also agreed to supplement their answers under Rule 26(e) of the Federal Rules of Civil Procedure. The dispute between the parties concerns the timing of the supplemental responses. Under longstanding law, allowing the plaintiff to respond to contention interrogatories and interrogatories concerning expert work towards the end of fact discovery or the production of reports comports with the "general policy" of this District and promotes "efficiency and fairness," and in this case it will not prejudice the moving Defendants. *Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995).

*First*, as courts routinely recognize, including in large antitrust cases, it is most efficient and fair to wait until the end of discovery to answer contention interrogatories. *Ziemack*, 1995 WL 729295, at *2; *see also In Re Turkey Antitrust Litig.*, No. 19-cv-8318, Dkt. No. 507 at 6-7 (N.D. Ill. Mar. 21, 2022) (finding defendants provided insufficient reasoning to show that the "interests of fairness and efficiency" required plaintiffs to answer contention interrogatories

---

[1] The moving Defendants are California Institute of Technology, Cornell University, Georgetown University, The Johns Hopkins University, Massachusetts Institute of Technology, the University of Notre Dame, and the Trustees of the University of Pennsylvania.

"now" rather than before the end of discovery—which had lasted fourteen months and which deadline the court had already extended); *In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2019 WL 6498081, at \*6 (N.D. Ill. Dec. 3, 2019) (noting that the Federal Rule governing interrogatories itself recognizes that contention interrogatories "often are most appropriate toward the close of discovery, or even after the close of discovery"); *Baxter Int'l Inc. v. Abbott Lab'ys*, No. 88 C 8605, 1990 WL 208599, at \*1 (N.D. Ill. Dec. 10, 1990) (noting that contention interrogatories are "most fruitful when brought at the conclusion of all other discovery"). And for interrogatories that "address the issues that will be more appropriately dealt with by experts," courts do not require responding parties to provide any response at all, let alone a premature one. *Ziemack*, 1995 WL 729295, at \*3; *see also United States ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 543 n.6 (N.D. Ill. 2005) (denying motion to compel answer to interrogatories that sought "tentative theories [that] would precede decisive expert disclosure by a matter of weeks").

Such timing is especially appropriate here, given the discovery remaining and the breadth of the Interrogatories. The Interrogatories repeatedly request, for example, that Plaintiffs effectively fill out matrices denoting what each Defendant did in each academic year (that is, a 17 x 20 table) with "all facts" supporting broadly phrased contentions that go to the heart of what Plaintiffs continue to pursue in discovery, such as the following demonstrative examples:

- No. 8: "*Separately for each Defendant, list all facts* that support Your contention (2d Am. Compl. ECF No. 308 ¶¶ 5, 10, 96–106) that the Defendant "implemented" and/or "used" the "Consensus Methodology," including *how and during what time period* the "Consensus Methodology" was used by that Defendant, and for each such fact, identify the supporting evidence."

- No. 18: "*Separately for each Defendant and by academic year, list all facts* that You contend show that the Defendant agreed with another Defendant or with any other person or entity on how to calculate Expected Family

Contribution for financial aid applicants, and for each such fact, identify, *separately and for each purported agreement*, the evidence that supports Your contention."

- No. 43: "*Separately for each Defendant and by academic year, list all facts that you contend show that the Defendant's general approach to packaging financial aid awards was in fact an approach agreed . . . .*"

*See* Motion to Compel, Ex. 1 Dkt. No. 497 at 4, 11, 19 (emphases added). Whatever Plaintiffs may have to prove at trial in these regards, there is nothing in the relevant precedent or Defendants' logic that requires them to try to answer them now, mid-discovery.

Instead, such "all facts" formulations are impermissible, *see, e.g.*, *Poshard v. Madison Cnty., IL*, 2020 WL 5645303, at *5 (S.D. Ill. Sept. 22, 2020), and even a narrowed version of the Interrogatories would be premature given the state of discovery: Plaintiffs intend to take dozens of further fact depositions; Plaintiffs have not taken any Rule 30(b)(6) depositions to date (as they continue to review, for example, the millions of pages of documents that have been produced in the case); ███████████████████████████████████████████████

███████████████████████████████████. The moving Defendants' own responses reflect this reality, as their own answers (about their own practices) repeatedly contain limited details and a note that they are still investigating. *See* Ex. A to Declaration of Edward Normand in Support, at pp. 1-3.

The cases the moving Defendants cite do not involve this procedural posture. In *BCBSM, Inc. v. Walgreen Co.*, 20-cv-01853 (N.D. Ill.), for example, the parties conducted discovery for over 18 months at the time of the motion (*compare* Dkt. No. 138 *with* Dkt. No. 407), with the fact discovery deadline having been extended twice by that time as well. In *American Needle, Inc. v. New Orleans Saints*, 04-cv-7806 (N.D. Ill), plaintiffs brought the motion to compel on the eve of the fact discovery deadline in a case that had been pending for eight years and had already had a round of summary judgment briefing that resulted in a seminal Supreme Court case:

3

*American Needle, Inc. v. National Football League*, 560 U.S. 183 (2010). And in *FONA International, Inc. v. Roddy*, 20-cv-03011 (N.D. Ill.), the court had granted expedited discovery five months before the motion to compel (Dkt. No. 66) in light of an anticipated preliminary injunction evidentiary hearing.

*Second*, the moving Defendants have asserted no concrete prejudice or unfairness resulting from following the standard policy in this District. The law further provides, in this regard, that the moving Defendants bear the burden of justifying the need for premature responses to contention interrogatories. *In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) ("The party advocating for an early response to contention interrogatories bears the burden of justifying the request.") (cleaned up); *Inojosa v. Bd. of Trustees of City Colleges of Chicago, Cmty. Coll. Dist. 508*, No. 20 C 1114, 2021 WL 4461579, at *3 (N.D. Ill. Apr. 12, 2021) (denying motion to compel because moving party did not explain how "answer[ing] this interrogatory now will promote efficiency or fairness"). Defendants show no such prejudice. With document production largely complete, all the Plaintiffs' depositions taken, and the parties regularly negotiating about the relevance for outstanding depositions, the necessarily incomplete responses that the moving Defendants seek will not narrow the scope of any discovery in a meaningful way. The moving Defendants' repeated invocation of the stipulated schedule for serving discovery (which does not address contention interrogatories) as an end unto itself reflects the lack of any unfairness to them.

*Third*, the moving Defendants' complaint that Plaintiffs have incorporated certain responses by reference belies their own, similar responses and serves merely to underscore that, as reflected in their motion, they fully understand Plaintiffs' objections and arguments to their duplicative requests. In particular, Plaintiffs' attempt at concision in a lengthy interrogatory

response in a complex case is no different than how many Defendants addressed many of the interrogatories served on them. In addition, as Plaintiffs have already explained to the moving Defendants, when they timely supplement their responses as appropriate—and they then do not have to assert the same type of subject matter- and timing-based objections to multiple interrogatories—Plaintiffs will remove such cross-references. Similarly, Plaintiffs cross-reference to documents in their initial responses was a commensurate response to Defendants' improper request that Plaintiffs identify "all facts" supporting a given response; Plaintiffs' supplemental responses, if Defendants prefer, will omit all such document citation.

## ARGUMENT

I. **PLAINTIFFS SENSIBLY PROPOSE TO RESPOND TO THE CONTENTION INTERROGATORIES FOUR (4) WEEKS BEFORE FACT DISCOVERY ENDS**

Defendants misstate the longstanding standard in this District[2] governing when responses to contention interrogatories are due—namely, the end of fact discovery. *Ziemack*, 1995 WL 729295, at *2 ("The general policy is to defer contention interrogatories until discovery is near an end"); s*ee also In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (same, citing *Ziemack*); *Tyson*, 230 F.R.D. at 547 (same, citing *Ziemack*). This policy is embodied in the Federal Rules of Civil Procedure itself. *See* Fed. R. Civ. P. 33(a)(2) (providing that "the court may order that the interrogatory need not be answered until designated discovery is complete").

---

[2] Other courts also routinely follow this policy. *Open Text Inc v. Northwell Health, Inc.*, No. 19-cv-9216, 2020 WL 6050595, at *4 (C.D. Cal. Aug. 6, 2020) ("Indeed, it is generally accepted that courts will not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period.") (cleaned up); *Glob. Locating Sys., LLC v. ShadowTrack 247*, LLC, No. 19-CV-00225, 2020 WL 3432714, at *2 (W.D.N.C. June 23, 2020) ("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically, at the end of the discovery period") (internal quotation marks omitted); *In re eBay Seller Antitrust Litig.*, No. 07-cv-1882, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete."); *HIRECounsel D.C., LLC v. Thuemmler*, No. 05-cv-2111, 2008 WL 11504116, at *3 (D.D.C. Jan. 29, 2008) ("A court may postpone responding party's obligation to answer contention interrogatories until near the end of the discovery period unless the proponent carries its burden of demonstrating why they are necessary earlier on.") (internal quotation marks omitted).

The moving Defendants' failure even to acknowledge *Ziemack* serves merely to underscore the standard considered in nearly every subsequent case in this District: contention interrogatories are delayed until the end of discovery because of the "twin purposes of efficiency and fairness." 1995 WL 729295 at *2. It is not "efficient" for a party to respond to a contention interrogatory "repeatedly" and it is not fair to force a party to "prematurely take a position, which would produce an artificial narrowing of the issues." *Id.* at *2 n.3.

In applying this test, even after approximately twenty-eight (28) months of discovery before the ruling,[3] the *Ziemack* court still did not require plaintiffs to respond to the 'list all facts' equivalent of the contention interrogatories at issue. The opinion includes the full text of only one interrogatory in this securities fraud case, and the court distinguished which parts were premature:

> Interrogatory No. 2 requests Plaintiffs to: (1) "[i]dentify in full . . . each and every of the individual statements contained in the alleged 'series of false and misleading statements,' referenced in Paragraphs 30 and 54 of the Complaint" and (2) "for each such statement, provide the complete factual basis for your allegation that the statement is false and misleading." *The second part, which asks Plaintiffs to "provide the complete factual basis," is premature.*

*Ziemack*, 1995 WL 729295, at *4 n.4 (emphasis added). Courts routinely apply this standard to deny premature contention interrogatories. *See, e.g.*, *In Re Turkey Antitrust Litig.*, Dkt. No. 507 at 6-7; *Inojosa*, 2021 WL 4461579, at *3; *Palmer v. City of Decatur*, No. 17-cv-3268, 2019 WL 13155813, at *3 (C.D. Ill. Jan. 29, 2019) (finding party's contention interrogatory premature, delaying the deadline to answer until discovery was complete, and noting that the party issuing the interrogatory bears the burden of showing it needs an early answer); *Logan v. Burge*, No. 09-

---

[3] The parties had almost a year to conduct discovery before a stay pending the motion to dismiss (Dkt. Nos. 34, 125) followed by over eighteen additional months between the denial of the motion to dismiss and the decision on the motion to compel (Dkt. Nos. 155, 223).

cv-5471, 2010 WL 4074150, at *4 (N.D. Ill. Oct. 12, 2010) (finding request premature and noting that courts may order interrogatory responses to be delayed until designated discovery is complete, until a pretrial conference has taken place, or some other time).

In proposing (at 3) that contention interrogatories are premature "only if" they force plaintiffs to take "ultimate positions on the merits," the moving Defendants take a position with no basis in the law. They cite *FONA Int'l*, 2021 WL 5352611, at *1 (N.D. Ill. Jan. 19, 2021), which uses no language to suggest a mandatory conditional such as "only if," and the dicta in the case concerning interrogatory responses does not address either the relevant Federal Rule of Civil Procedure or any caselaw on the subject, in part because the plaintiff folded and thus the court did "not see that the contention interrogatory issue needs to be addressed any further in this Order." 2021 WL 5352611, at *2. Similarly, the language Defendants cite in *BCBSM, Inc. v. Walgreen Co.*, 2023 WL 3737724 at *10-11 (N.D. Ill. May 31, 2023), concerns responses to requests for admissions, not contention interrogatories. And, as noted, the procedural posture and discovery status of these cases render them irrelevant as compared to closer analogues such as *In re Turkey Antitrust*.

The moving Defendants' Interrogatories are also overbroad in seeking the recitation of "all facts," especially when there is additional context such as "more than 1.75 million documents have been produced and more than 80 witnesses have been deposed." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2019 WL 6498081, at *6; *see also Segerdahl Corp. v. Ferruzza*, No. 17-CV-03015, 2018 WL 11199218, at *4 (N.D. Ill. Mar. 9, 2018) (narrowing interrogatory requests to seek only "the material or principal facts and evidence"); *Am. Needle*, 2012 WL 4327395, at *2 (limiting interrogatory requesting "each and every efficiency" to "material or principal efficiencies"). If appropriately narrowed, moreover, the Interrogatories as drafted

remain sufficiently comprehensive that it will take substantial time to answer. The fact is that

Defendants' own witnesses, who are professionals that sometimes worked at these institutions

for decades, cannot easily describe their own practices, Plaintiffs should not be expected to

marshal, let alone mid-discovery, "all" evidence about such practices.[4]

## II.  THE EXPERT DISCOVERY INTERROGATORIES ARE OVERBBROAD AND SHOULD BE LEFT FOR EXPERT DISCOVERY

The Expert Discovery Interrogatories are a subset of premature contention interrogatories

that should be delayed until expert discovery, because contention interrogatories that touch on

the subject of expert discovery are routinely answered on such timing. *Ziemack*, 1995 WL

729295, at *3. This is the general rule across jurisdictions.[5] This precedent again reflects the

"twin purposes" of efficiency and fairness, where there is no efficiency to be had serving

incomplete responses on topics better addressed by experts, and it would be unfair to provide

---



[4]

[5] *See, e.g.*, *Mellor v. JetBlue Airways Corp.*, No. 1:21-CV-10319-IT, 2022 WL 3154672, at *2 (D. Mass. Aug. 8, 2022) (interrogatories held premature because "Plaintiff's expert disclosures are not [yet] due"); *Sigman v. CSX Corp.*, No. 3:15-CV-13328, 2016 WL 7444947, at *2 (S.D.W. Va. Dec. 27, 2016) (delaying responses to contention interrogatories until "shortly after the production of expert reports"); *McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 681 (D. Kan. 2015) (sustaining "Kumho's premature expert discovery objections" and ordering delay "until after it has served its expert disclosures"); *Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12-CV-1379-ORL-22, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014) (denying motion to compel answer to "premature, oppressive and overbroad" interrogatory that sought "a detailed explanation of a substantial part of its case before expert discovery on these issues has taken place").

Moving Defendants additional time with Plaintiffs' expert work. *Tyson*, 230 F.R.D. at 545-46

("[G]iving an opportunity for an early peek at the theory seems to be the antithesis of

'fairness.'").

These rationales are especially forceful here, when the parties have a stipulated

agreement regarding the scope of expert discovery which states that "non-final work created by,

for, or at the direction of a testifying expert or consultant" is "not discoverable." Court's Order

Regarding Scope of Expert Discovery (Dkt. No. 218) Section 4(b). Accordingly, the Expert

Discovery Interrogatories (Nos. 11, 13, 14, 16, 20, and 44) should be left until opening expert

reports. Ignoring this precedent and these rationales, the moving Defendants cite only *Beijing*

*Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 WL 1701861 (N.D. Ill. Apr. 8,

2020), which is nothing like this one, because it involved a situation where plaintiffs' expert had

already given a declaration and a deposition. *Id.* at *10 ("Mr. Kidder has already provided at

least some of the expert analysis [in his] declaration and deposition testimony"). The

interrogatory in that case, unlike this case, thus was not premature.

The moving Defendants further ignore the foregoing precedent in contending (at 7) that

the Expert Discovery Interrogatories merely seek the "facts under the allegations" the expert

analysis would cite. This is a distinction without a difference, because on the topics at issue, the

expert work will inform the very universe of relevant facts:

- Interrogatories 11[6] and 13[7] go to the relevant market inquiry, and seek premature
  identification of the key characteristics that differentiate Defendants' institutions from

---

[6] Identify all distinct characteristics of and services that are offered by "private national universities with an average ranking of 25 or higher in the U.S. News & World Report" and which are not offered by a private national university with an average ranking at all lower than 25. 2d Am. Compl. ECF No. 308 ¶ 244.

[7] Identify all "distinct services" that are offered by each Defendant and not offered by liberal arts colleges that support Your contention that the putative Market for Elite, Private Universities "does not include

competitors from an economic perspective. *U.S. Healthcare, Inc. v. Healthsource, Inc.*, 986 F.2d 589, 599 (1st Cir. 1993) ("In practice, the frustrating but routine question how to define the product market is answered in antitrust cases by asking expert economists to testify.").

- Interrogatory No. 14[8] goes to the ultimate issue of Plaintiffs' class certification motion: whether class members have suffered an injury.

- Interrogatories No. 16,[9] 20,[10] and 44[11] each ask Plaintiffs to describe the results of a hypothetical but-for world without Defendants' alleged conspiracy, a task that necessarily requires an expert economic model of the but-for world.

There may be instances, of course, in which there is a distinction between facts and expert analysis, as reflected in that part of *Ziemack* in which the court required plaintiffs to respond with information "regarding the *fact* of their damages . . . even if the only such underlying facts are the raw data on stock prices." 1995 WL 729295 at *3.

Plaintiffs have accounted for such law, and such prospective distinctions, in formulating their responses and proposed timing for supplements. That is, for a separate set of Contention Interrogatories that touched on expert discovery issues but had a segregable, stand-alone fact component, Plaintiffs agreed to supplement those responses at the end of fact discovery and

---

liberal arts colleges," 2d Am. Compl., ECF No. 308 ¶ 245, and for each such service, identify the evidence that supports Your contention.

[8] Identify the evidence that supports Your contention that all members of the proposed class were injured by the conduct You allege to be unlawful in this action.

[9] Separately for each Defendant, identify all facts that support Your contention in the Complaint (2d Am. Compl., ECF No. 308 ¶¶ 258–262) that, but for the alleged conspiracy, each Defendant would have used its endowment to devote more resources to financial aid and identify the evidentiary support for each fact identified.

[10] Separately for each Defendant and by academic year, describe in detail the manner in which You contend the Defendant would have calculated Expected Family Contribution for financial aid applicants, if at all, but for their purported agreement to calculate Expected Family Contribution in a specific manner, including the evidence that supports Your contention.

[11] Separately for each Defendant and by academic year, describe in detail how You contend the Defendant would have packaged financial aid awards, if at all, but for the Defendant's purported agreement to do so in a particular manner, including the evidence that supports Your contention.

before expert discovery. *See* Motion to Compel Ex. 10 at 2) (agreeing to supplement answers to Interrogatories 8, 12, 21-35, 39, 40, 41, 42, 43). The Expert Discovery Interrogatories, in contrast, cannot be meaningfully separated from expert analysis in the same way and it would not be efficient or fair to answer them prematurely.

**III.  THE MOVING DEFENDANTS HAVE NOT ASSERTED (OR SHOWN) ANY EFFICIENCIES OR FAIRNESS RESULTING FROM THE PREMATURE RESPONSES THEY SEEK**

Where the general policy is that responding parties need not respond to contention interrogatories until the end of discovery, in order to compel a premature response, the moving Defendants bear the burden to justify the need. *In re Peregrine Fin. Grp. Customer Litig.,* 2015 WL 1344466, at *4. Having crafted a non-existent standard for answering interrogatories that never addressed the "efficiency or fairness" factors, the moving Defendants did not and now cannot meet their burden. *In Re Turkey Antitrust Litig.*, Dkt. No. 507 at 6-7; *Palmer*, 2019 WL 13155813, at *3.

In particular, rather than explain "why" they supposedly need premature answers, the moving Defendants address their need in conclusory terms (at best), merely insisting that Plaintiffs should have the information at their fingertips. Defendants contend (at 6), for example, that Plaintiffs must have had responsive facts in their possession before even filing their complaint. This misses the point in a few respects—even beyond the fact that it is a truism that could be stated about any plaintiff in any case concerning contention interrogatories. First, it mischaracterizes the relevant inquiry. Whether Plaintiffs should respond to an interrogatory does not turn on whether Plaintiffs possesses any relevant facts; it turns, instead, on the efficiency and fairness of responding prematurely, before a complete picture is formed. Second, to the extent Defendants are focusing on Plaintiffs' pleadings, they allege *numerous* facts from which Defendant can easily make out Plaintiffs' theories of liability. In fact, Plaintiffs' Second

11

Amended Complaint (Dkt. No. 308) is seventy-five pages long and contains citations to dozens of sources and facts, including ninety-three footnotes. Defendants thus have *all manner* of facts underlying Plaintiffs' claims—and, as shown above, they are not entitled to a recitation of "all" the relevant facts in any interrogatory response. Third, in the case the moving Defendants cite on this point, the responding party had "access to thousands of pages" of the moving party's documents before filing the complaint because of documents produced in a bankruptcy. *Rusty Jones, Inc. v. Beatrice Co.*, No. 89 C 7381, 1990 WL 139145, at *2 (N.D. Ill. Sept. 14, 1990).

The moving Defendants go on to cite (at 4) the parties' stipulated deadlines for serving and responding to written discovery, as if Plaintiffs' response constitutes some sort of deviation. But the stipulated schedule, contained in the Joint Status Report dated July 11, 2023 (Dkt. No. 394), never addresses contention interrogatories, and the parties never discussed it in setting these dates. Given the complexity of this antitrust case and the breadth of the parties' interrogatories at issue, both parties had to have known that final, trial-ready discovery responses were not going to served in October 2023, just one month after receiving the requests.

In sum, the Moving Defendants provide no justification why, as they contend (at 11), they need incomplete and premature responses within "two weeks of this Court's order."[12] Answering them now, prematurely, will have no concrete benefit. The answers will not narrow the scope of discovery: Defendants have almost no discovery left to take, nearly all the relevant documents been produced, and every deposition notice, document request follow up, and structured data clarification is already highly negotiated. Defendants' conclusory statements (at 2, 5) that premature answers will enable it to "engage in responsive discovery" or "target their depositions" thus have no concrete basis.

---

[12] In fact, after giving Plaintiffs two days to propose a timeline for supplementing the responses to the Interrogatories, Defendants never countered with an alternative.

12

Just as fundamentally, with regards to prejudice and fairness, the moving Defendants have far better access to the information they seek from Plaintiffs. For example, presumably for the Interrogatory that effectively ask Plaintiffs to list all facts showing whether Penn "agreed with another Defendant . . . to use home equity in a particular manner" in, say, 2013—Penn already knows how it used home equity in 2013. Defendants are ultimately entitled to understand Plaintiffs' position of Penn's use of home equity in 2013 (and 2014, and 2015, and so on), based on full and complete discovery, but Defendants are not prejudiced by obtaining Plaintiffs' answer later at the proper time, given their own access to this information.

## IV. PLAINTIFFS' INCORPORATION BY REFERENCE WAS COMMENSURATE WITH THE NATURE AND SCOPE OF THE INTERROGATORIES AT ISSUE AND WAS NO DIFFERENT THAN MANY DEFENDANTS' RESPONSES

Plaintiffs' answers to the Interrogatories that incorporate other answers and objections by reference is the natural result of responding to overbroad, repeated, and duplicative Interrogatories seeking information about what Plaintiffs contend on how Defendants implemented their conspiracy. One example is that Defendants have propounded several interrogatories that ask, in one way or another, for Plaintiffs to describe how the Defendants implemented the Consensus Methodology (for example, Interrogatories 8, 21-35). For these types of related Interrogatories, the same objections apply and Plaintiffs' approach is not different than what Defendants have done themselves.[13] As a result, the incorporation by reference did not "make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Scaife v. Boenne,* 191 F.R.D. 590, 594 (N.D. Ind.

---

[13] Several Defendants did this in their own responses. *See* Normand Decl. Ex. A at pp. 4-5. Plus each Defendant propounded general objections via a preliminary statement which they then reflexively incorporated into every answer. This tactic is improper in the Seventh Circuit, *e.g.*, *Grimes v. Keramida Env't, Inc.*, No. 22-cv-01598, 2023 WL 5384049, at *2 (S.D. Ind. Aug. 22, 2023) (collecting cases), but it was not worth the candle to move on compared to the real issues in the case Plaintiffs have moved on.

2000). Indeed, Defendants' own argument indicates they understand Plaintiffs' responses objections. In addition, as Plaintiffs have already explained to the moving Defendants, when they timely supplement their responses as appropriate—and they then do not have to assert the same type of subject matter- and timing-based objections to multiple interrogatories—Plaintiffs will remove such cross-references.

## V.  PLAINTIFFS CITATION TO DOCUMENTS WAS A PROPER AND COMMENSURATE RESPONSE TO DEFENDANTS' OVERLY BROAD AND PREMATURE INTERROGATORIES

It is proper to point to documents in an interrogatory response. Fed. R. Civ. P. 33(d)(1) (in response to an interrogatory a responding party may "answer by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"). Indeed, Defendants do it themselves, sometimes citing voluminous records without pin cites to answer broad questions.[14] Plaintiffs relied on this option in order to provide substantive, albeit incomplete, responses where possible to Defendants' premature and overly broad Interrogatories. Plaintiffs cross-reference to documents in their initial responses was a commensurate response to Defendants' improper request that Plaintiffs identify "all facts" supporting a given response; Plaintiffs' supplemental responses, if Defendants prefer, will omit all such document citation.

## CONCLUSION

Plaintiffs respectfully request, for the foregoing reasons, that the Court deny Moving Defendants' Motion to Compel Responses to Defendants' Second Set of Interrogatories (Dkt.

---

[14] ██████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████ .

14

No. 497) and narrow Defendants' Interrogatories to exclude all formulations of "list all facts"

and their equivalents.

November 22, 2023

                                                    Respectfully Submitted,

/s/ *Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Steven Magnusson
**GILBERT LITIGATORS &**
  **COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com


/s/ *Eric L. Cramer*
Eric L. Cramer
Ellen Noteware
David Langer
Jeremy Gradwohl (*phv forthcoming*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
enoteware@bm.net
dlanger@bm.net
Jgradwohl@bm.net


Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

/s/ *Edward J. Normand*
Devin "Vel" Freedman
Edward J. Normand
Peter Bach-y-Rita
Richard Cipolla
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law


Ivy Ngo
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law


Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

15