**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>**Defendants**. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**GEORGETOWN UNIVERSITY'S MOTION TO FILE UNDER SEAL ITS RESPONSE TO PLAINTIFFS' MOTION TO DESIGNATE GEORGETOWN'S PRESIDENT AND HIS ASSISTANT AS CUSTODIANS AND TO COMPEL GEORGETOWN TO PRODUCE DOCUMENTS**

Pursuant to the Agreed Confidentiality Order (ECF 254) and Local Rule 26.2, Defendant Georgetown University ("Georgetown") respectfully requests that the Court grant this Motion to File Under Seal its Response to Plaintiffs' Motion to Designate Georgetown's President and His Assistant as Custodians and to Compel Georgetown to Produce Documents, the Declaration of Daniel T. Fenske ("Fenske Declaration"), and Exhibit 1 cited therein.

1

**BACKGROUND**

1. On November 22, 2022, the Court entered the final Agreed Confidentiality Order (ECF 254) outlining what materials may be designated as containing Confidential Information and how those materials must be treated. Under the Confidentiality Order, a party may designate certain materials as "Confidential" or "Attorneys' Eyes Only." *Id.* ¶¶ 2(a)-(b). Documents may be designated "Confidential" where they contain "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person; or (h) any document protected under the Family Educational Rights and Privacy Act ("FERPA"), including the application, financial aid, or educational records of any applicant, student, or former student." *Id*. ¶ 2(a). Documents may be designated as "Attorneys' Eyes Only" where they contain "highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party. *Id*. ¶ 2(b). These designations were intended to strictly limit access to such documents to a small universe of individuals, including the Court, counsel, contractors, consultants, and court reporters who require access. *Id.* ¶ 6(c).

2. On November 15, 2023, Plaintiffs filed a Motion to Designate Georgetown's President and His Assistant as Custodians and to Compel Georgetown to Produce Documents ("Plaintiffs' Motion") (ECF 502) and a Proposed Order ("Plaintiffs' Proposed Order") (ECF 502-4), with attached Exhibits A and B. This Motion and its exhibits were filed under seal, and Plaintiffs publicly filed a redacted version of the Motion. The Court has not yet ruled on Plaintiffs' Motion.

3. On November 22, Georgetown filed its Response to Plaintiff's Motion ("Georgetown's Response"), the Fenske Declaration, and two exhibits to the Fenske Declaration. Georgetown's Response, the Fenske Declaration, and its Exhibit 1 contain information that would reveal Georgetown's trade secrets or that is otherwise commercially and competitively sensitive because that information relates to Georgetown's admissions process and has not been made available to the public.

4. The Confidentiality Order provides that any party wishing to file a document designated as Confidential Information must comply with Local Rule 26.2. ECF 254 ¶ 10. As required by Local Rule 26.2(c), Georgetown is filing its Response to Plaintiffs' Motion, the Fenske Deposition, and Exhibit 1 provisionally under seal and providing unredacted versions to counsel of record and the Court. Georgetown will file a redacted (public) version of the Response to Plaintiffs' Motion, the Fenske Declaration, and Exhibit 1 via ECF shortly after the filing of this motion.

**LEGAL STANDARD**

5. The Seventh Circuit has long recognized that "[i]nformation that affects the disposition of litigation belongs in the public record *unless* a statute or privilege justifies nondisclosure," and documents containing confidential information may be sealed. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (emphasis added). A court may enter an order directing a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See, e.g.*, *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009).

**DISCUSSION**

6. "[A] court may for good cause shown enter an order directing that one or more documents be filed under seal." Loc. R. 26.2(b). As the Court can see from the redacted versions of its Response, the Fenske Declaration, and Exhibit 1 that Georgetown filed publicly, the

3

information Georgetown seeks to file under seal here is quite limited. Georgetown moves to place small portions of its Response, the Fenske Declaration, and Exhibit 1 under seal as they reference information that Georgetown has designated as Confidential Information under the Agreed Confidentiality Order because those portions contain highly confidential and competitively sensitive information about Georgetown's admissions process that has not been made available to the public. Under the Confidentiality Order, information of this nature qualifies as "Confidential" ("(b) information that reveals trade secrets; [or] (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential," *id*. ¶ 2(a)) or "Attorneys' Eyes Only" ("highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party, *id.* ¶ 2(b)).

7. Georgetown has not made the sensitive information contained within its Response, the Fenske Declaration, or Exhibit 1 to the Fenske Declaration publicly available, and this information should remain under seal so as to protect the legitimate interests of Georgetown, which the Court provided for in its Confidentiality Order. ECF No. 254. Thus, Georgetown respectfully asks that it be permitted to file the unredacted versions of these documents under seal.

## CONCLUSION

For the foregoing reasons, Defendant Georgetown University requests that the Court grant this motion and enter an order directing that the unredacted versions of Georgetown's Response to Plaintiffs' Motion, the Fenske Declaration, and Exhibit 1 should remain under seal.

Dated: November 22, 2023            Respectfully submitted,

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive

4

Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*