PUBLIC VERSION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br>      *Plaintiffs*,<br>v.<br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br>      *Defendants*. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**DECLARATION**

Daniel T. Fenske declares the following pursuant to 28 U.S.C. § 1746:

1. I am admitted to practice before this Court, am a member in good standing of the Bar of the State of Illinois, and am an attorney at the law firm of Mayer Brown LLP. I submit this declaration based on my personal knowledge and in support Georgetown University's Response to Plaintiffs' Motion to Designate Georgetown's President and His Assistant as Custodians and to Compel Georgetown to Produce Documents.

2. In August 2023, Georgetown produced 16 Excel files created by Andrew Koenig that related to the President's Lists, and which spanned from application years 2007-2008 through

1

**PUBLIC VERSION**

2022-2023. █████████████████████████████████████████

█████████████████████ Together, these files ████████████████████████ These documents contain information and comments about ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

3. In August and September 2023, Georgetown produced documents from the Advancement Office. These 512 documents included Excel files and PDFs that identified specific candidates for admission to Georgetown being tracked by the Advancement Office. These documents included, in many instances, ████████████████████████████

████████████████████████████████████████████████████████████ This production also included Word and PowerPoint files.

4. In late October 2023, Georgetown completed its production of documents relating to the 150 applicants selected by Plaintiffs under this Court's August 30, 2023 Order (ECF No. 437) ("August 30 Order"), producing over 1,000 documents. Among other documents, Georgetown produced 132 PDF and Word documents in this review.

5. The review under the Court's August 30 Order was very burdensome. It required Georgetown to hire 50 contract attorneys, who collectively spent, in a conservative estimate, over 2,000 hours on the review and redaction of documents for FERPA-protected information and other agreed information. This review also required substantial time from Mayer Brown attorneys. During this review phase, an agreement that Georgetown could redact certain information unrelated to the 150 students at issue allowed Georgetown to complete the review on an expedited basis.

**FILED UNDER SEAL**

6. To date, Georgetown has identified over 940,000 documents that potentially would be subject to search and review in response to Plaintiffs motion, even when already-produced documents and Excel files are excluded. I estimate that reviewing these files in the way Plaintiffs suggest, even if limited by search terms, would likely require review of over 100,000 documents, and perhaps multiples of that. Such a review would likely take months, due to the need to negotiate search terms, elevate these documents to the review space, hire contract attorneys, conduct first-level review of the documents, and carefully review responsive documents for FERPA redactions and UID insertion.

7. Georgetown has produced 1,286 documents from President's Office custodians in this matter.

8. In the course of trying to resolve the dispute as to Plaintiffs' current motion, counsel for Plaintiffs and Georgetown exchanged various emails between November 10 and 14, 2023. A true and correct copy of this correspondence is attached to this Declaration as Exhibit 1.

9. Counsel for Plaintiffs and Georgetown met and conferred by telephone on November 13, 2023. On that call, I reiterated that Plaintiffs' request for further discovery from the President's Office was inappropriate in light of the extensive discovery Georgetown had already provided from the President's Office and because Plaintiffs' requested search would be extraordinarily burdensome based on the more limited review Georgetown conducted under the Court's agreed August 30 Order.

10. During that meet-and-confer, counsel for Plaintiffs stated that they were not primarily interested in documents concerning why particular candidates were included on the President's List, but instead were interested in higher level documents summarizing Georgetown's President's Office's "policies and practices" for the President's List. I stated that although we were

**FILED UNDER SEAL**

unaware of any such additional documents in the President's Office's files, Georgetown would be willing to consider conducting a supplemental search for such documents on a "go get" basis if Plaintiffs would be willing to abandon the burdensome custodial/email search they had demanded.

11. Counsel for Plaintiffs have noticed depositions for President DeGioia and Mr. Koenig in early January 2024.

12. A true and correct copy of an excerpt of the transcript of this Court's August 24, 2023 hearing is attached to this Declaration as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Daniel T. Fenske*