# EXHIBIT 1

PUBLIC VERSION

| | |
|---|---|
| **From:** | Fenske, Daniel T. |
| **Sent:** | Tuesday, November 14, 2023 4:21 PM |
| **To:** | David Copeland; Miller, Britt M.; Stride, Megan E.; McElhaney III, William J. |
| **Cc:** | Robert Gilbert; Steven Magnusson; Fenske, Daniel T. |
| **Subject:** | RE: Plaintiffs' Motion to Designate Georgetown's President's Office as a Custodian [MB-AME.FID13752972] |

David,

We were disappointed to receive your below email in light of the parties' meet/confer yesterday.

During that discussion, we repeatedly stated that the type of broad-based email/custodial search of the President's office that Part 1.A of your email from earlier today requests is (1) unnecessary in light of the extensive discovery we have already provided from the President's office on the "President's List" and (2) would be incredibly burdensome and could not possibly be completed by December 8. Your statement below that we expressed concern only about searching for "for excel files and spreadsheets that might be duplicative of prior productions" is simply wrong. The main burden we expressed was about searching emails and other custodial files, because our recent experience with conducting similar searches under the Court's agreed August 30 order suggests that any such email/custodial search would require reviewing hundreds of thousands of documents (and making associated FERPA redactions), the vast majority of which we expect to be non-responsive. That is the very search you are now seeking. Your proposal from earlier today thus does nothing to address the burden concerns we have expressed. It compounds those concerns.

What is more, when we expressed our concern with an email/custodial search yesterday, you stated repeatedly that Plaintiffs' focus was <u>not</u> on obtaining additional information as to how a donation may have influenced the admission of specific candidates. Rather, you stated that you were interested in higher-level documents describing the President's office's policies or practices as to how candidates for admission are selected for inclusion on the "President's List." We stated that such a request is more reasonable and expressed a willingness to continue to explore how to search for and produce any such materials, to the extent they exist. We stated (repeatedly) that we were making that offer with the understanding that Plaintiffs were serious about avoiding the burden that the broad email/custodial search you are now requesting would entail. It seems clear from your email of today that Plaintiffs are not serious about addressing the massive burden their request would foist on Georgetown.

Further, it is clear that Plaintiffs are now asking Georgetown to conduct a burdensome additional review and production of President's-office documents without having conducted any meaningful review of the documents that Georgetown has already produced as to the President's list from both the President's and Advancement offices. Neither you nor Mr. Magnusson appeared to understand the nature of the documents Georgetown produced when we asked if you had reviewed those materials or could explain why they were not sufficient. Those documents included both excel files and similar documents tracking admissions candidates from both the President's and Advancement offices <u>and</u> emails from President DeGioia's and Mr. Koenig's files (and Advancement-office custodians) as to 150 candidates on the President's list that *Plaintiffs selected*. In other words, the documents we have *already* produced on the very issues you claim to need further discovery about are more than sufficient.

1

To be clear, the above discussion goes to Part I.A of your email below.  Although we have questions about the remainder of your email, we would be happy to discuss those portions of your email further if you are willing to forego the incredibly burdensome search you have requested in Part I.A.

If you believe it would be fruitful, we will make ourselves available for a meet/confer on this issue tomorrow (Wednesday).

Regards,
Dan

_____

**Daniel T. Fenske**
*Partner*
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, Illinois 60606
T +1 312 701 8926
LinkedIn | Twitter
mayerbrown.com

---

**From:** David Copeland <dcopeland@gilbertlitigators.com>
**Sent:** Tuesday, November 14, 2023 11:29 AM
**To:** Fenske, Daniel T. <DFenske@mayerbrown.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>; McElhaney III, William J. <WMcElhaney@mayerbrown.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; Steven Magnusson <smagnusson@gilbertlitigators.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>
**Subject:** Re: Plaintiffs' Motion to Designate Georgetown's President's Office as a Custodian [MB-AME.FID9564911]

**CAUTION: External Email -** Only click on contents you know are safe.

Dear Dan:

    Thank you for yesterday's Meet and Confer.  We understand Georgetown's concern about avoiding a search for excel files and spreadsheets that might be duplicative of prior productions.  Plaintiff's proposed order – set forth below -- excludes such documents.  If Georgetown agrees to designate DeGioia and Koenig as custodians and make the production described below, Plaintiffs request that such production be made by December 15, and will consider an extension of that deadline (and a corresponding adjournment of the DeGioia and Koenig depositions), **provided** that the Court grants Plaintiffs' motion to extend the fact discovery cutoff.  However, if the proposed order below is not accepted by Georgetown, Plaintiffs intend to file a motion tomorrow asking the Court to enter the proposed order (perhaps with additional provisions) and to order production by December 8.

1. Georgetown will designate President John DeGioia and Assistant to the President Andrew Koenig of the President's Office as custodians for the search for and production of:

    A. Every email, record or other written communication ("Record") concerning: (a) the nomination, recommendation, suggestion, or sponsorship of an individual for admission to Georgetown ("Sponsor-Related Communications"), with respect to any individual who was ultimately included on a President's List ("President's List Applicant"), including any response to or Record concerning any such Communication; (b) any President's List Applicant who is the subject of any Sponsor-

- Related Communication; (c) any donor or prospective donor who is a family member of any President's List Applicant ("Applicant-Interested Donor"), or any Record to or from such Donor; and (d) any actual or potential pledge agreement or other agreement to donate funds to Georgetown by any Applicant-Interested Donor.
  B. Any Record (including but not limited to memoranda, guidelines, and checklists) written, maintained or otherwise created by the President, his Office or Office personnel concerning: (a) the reason(s) why applicants for admission are or have been included on the President's List; (b) the practices or polices of Georgetown or the President's Office concerning the inclusion of applicants on the President's List based on the donation history or capacity of an applicant's family.

2. The documents described in Paragraphs 1 herein do not include: (a) PL Excel Files or spreadsheets previously produced to Plaintiffs under the Court's August 30 Order (ECF 437); or (b) other substantially similar Excel files or spreadsheets.
3. With respect to any Excel files, spreadsheets or similar documents included in the "PL Excel Files" or "Advancement Documents" referenced in the Aug. 30 Order, Georgetown will, through its counsel and in good faith, respond to written and oral questions (including reasonable follow-up questions) from Plaintiffs' counsel concerning the understanding and interpretation of those materials.
4. The production described in Paragraph 1 shall be concluded by December 8, unless the parties agree otherwise in writing.


David Copeland
Counsel
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
dcopeland@gilbertlitigators.com
570-517-1759 Direct
www.gilbertlitigators.com

---

**From:** David Copeland <dcopeland@gilbertlitigators.com>
**Date:** Monday, November 13, 2023 at 2:06 PM
**To:** Fenske, Daniel T. <DFenske@mayerbrown.com>, Miller, Britt M. <BMiller@mayerbrown.com>, Stride, Megan E. <MStride@mayerbrown.com>, McElhaney III, William J. <WMcElhaney@mayerbrown.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>, Steven Magnusson <smagnusson@gilbertlitigators.com>, Fenske, Daniel T. <DFenske@mayerbrown.com>
**Subject:** Re: Plaintiffs' Motion to Designate Georgetown President's Office as a Custodian [MB-AME.FID9564911]

Dear Dan:

Thank you for your Nov. 12 email ("GU Letter") regarding Plaintiffs' intention to file a motion to designate the Georgetown (GU) President's Office as a custodian of files responsive to Plaintiffs' discovery requests. Please consider the following in advance of our Meet and Confer at 5PM ET today:

First, the GU Letter argues that Plaintiffs' request "completely ignores the substantial discovery that Georgetown has *already* provided from the President's and Advancement offices on the issue of why a candidate for admission may have been flagged for special consideration by either office." In the same letter, however, GU admits that the only discovery it has provided from the **President's Office** regarding GU's admission decisions has been the documents recently produced pursuant to Paragraph 5 of the Court's August 30 Order (ECF 437). As the GU Letter admits, that production was limited to GU's agreement "to search agreed-upon email files . . . as to 150 candidates on the President's list [for the academic years 2017-18 to 2022-23]" selected by Plaintiffs.

Missing from that limited production are documents from the **President's Office** concerning why candidates for admission may be flagged for special consideration, and in particular whether the donation history or capacity of an applicant's family is ever considered by the President's Office to be relevant to or a factor in the University's admissions decisions. In contrast, GU has produced similar documents from the Advancement Office. *See* Aug. 30 Order ¶ 3 (GU has "collected on a 'go get' basis . . . available files [from] . . . its Advancement Office that contain . . . information related to the reason(s) why Advancement Office personnel may have identified certain candidates for admission under Georgetown's Special Interest policy, including the President's List").

Second, the GU Letter argues that t█████████████████████████████████████████████
████████████████████████████ However, when asked ██████████████████████████████
█████████████████████████████████████████ *See* Costanzi Dep. at 311:1-15. In addition, Costanzi testified that ████████████████████████████████████████████████████████
████████████████████████████████ *Id*. at 110:17-24, 112:3-12. Given the apparent limits of Costanzi's knowledge, Plaintiffs were allowed to test the accuracy and completeness of her testimony via the deposition of Charles Deacon, who has been the Dean of Admissions at Georgetown for 50 years.

As for the notion that the Aug. 30 Order somehow precludes Plaintiffs from asking the Court to designate the President's Office as a custodian, the simple answer was that the Order (ECF 437) was entered on the docket with the notation that Plaintiffs' motion to compel and for sanctions (ECF 402) was dismissed "without prejudice." Thus, the Court has recognized that to the extent that the negotiated 8/30 Order – which reflects what GU was willing to give – proves insufficient, Plaintiffs are entitled to seek additional relief.

Moreover, Plaintiffs' request that President's Office personnel be designated as custodians is longstanding. *See, e.g.,* Joint Status Report of Plaintiffs and Georgetown to Resolve Plaintiffs' Motion to Compel and for Sanctions, filed Aug. 4, 2023 (ECF 422) at 3. Likewise, the Court has consistently said that it remains open to designating custodians from the President's Office at the point when such designation becomes necessary. *See, e.g.*, ECF 330 ¶ 5 ("At this time, Defendants need not designate custodians from its President or Development Office. This is without prejudice to future applications by Plaintiffs for such designations.")

The time for such designation has arrived. Dean Deacon and his executive assistant have now confirmed that ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████ *See, e.g.*, Deacon Dep. at 16:9-13, 135:12-15, 138:23-139:11; Youmans Dep. at 107-13. Given that testimony, it is now clear that the **President's Office** is the place to look for documents concerning GU's policies or practices concerning the inclusion of applicants on each year's President's List based on the donation history or capacity of an applicant's family, and more generally whether

4

Georgetown has ever considered such donation history or capacity as relevant or as a factor in its admissions decisions (collectively, "Wealth Favoritism" documents).

We note that the GU Letter begins with a strong objection to "Plaintiffs' request that Georgetown designate its entire President's office as a custodian." While Plaintiffs believe that such a designation would be entirely justified, we are willing in the spirit of compromise to limit the designation of custodians to President DeGioia and Andrew Koenig. However, with the DeGioia deposition now scheduled for January 12, 2024, and the Koenig deposition likely to be scheduled for the same week, it is critical that those individuals be designated as custodians, and that GU promptly produce any Wealth Favoritism documents in their possession.

The documents Plaintiffs seek are highly relevant to the issues in this case and responsive to numerous RFPs (*see, e.g.*, First Set RFPs 20, 22, 124, 128, 129. 132). If Georgetown will agree to produce those documents which are in DeGioia's and Koenig's possession – and to complete such production by December 8th – Plaintiffs will not file the broader motion to compel aimed at the entire President's Office, as described in my Nov. 10 email.

Regards, David


David Copeland
Counsel
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
dcopeland@gilbertlitigators.com
570-517-1759 Direct
www.gilbertlitigators.com

---

**From:** Fenske, Daniel T. <DFenske@mayerbrown.com>
**Date:** Sunday, November 12, 2023 at 8:32 PM
**To:** David Copeland <dcopeland@gilbertlitigators.com>, Miller, Britt M. <BMiller@mayerbrown.com>, Stride, Megan E. <MStride@mayerbrown.com>, McElhaney III, William J. <WMcElhaney@mayerbrown.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>, Steven Magnusson <smagnusson@gilbertlitigators.com>, Fenske, Daniel T. <DFenske@mayerbrown.com>
**Subject:** RE: Plaintiffs' Motion to Designate Georgetown President's Office as a Custodian [MB-AME.FID9564911]

David:

Plaintiffs' request that Georgetown designate its entire President's office as a custodian is not well taken. Your email completely ignores the substantial discovery that Georgetown has *already* provided from the President's and Advancement offices on the issue of why a candidate for admission may have been flagged for special consideration by either office. In light of that discovery, the additional discovery you seek is simply unnecessary and flagrantly disproportionate to the needs of the case.

You claim that the discovery you seek is justified by the recent testimony of Mr. Deacon and Ms. Youmans. But neither deposition revealed any new information on t[REDACTED]

Costanzi Tr. 294:19-23 ([REDACTED]

████████ Further, Plaintiffs made the point that the Admissions office files were insufficient to identify why an individual was on the President's list at the August 24 hearing when it previously sought further discovery from the President's office (and the Advancement office). *See, e.g.*, 8/24/23 Hr'g Tr. 42:16-43:6.

As directed by the Court at that hearing, the parties subsequently negotiated a process to provide Plaintiffs the information you are seeking. A part of that process, Georgetown agreed to search agreed-upon email files of both the President's and Advancement offices as to 150 candidates on the President's list that Plaintiffs were able to select. *See* 8/30/2023 Order ¶ 5 (ECF No. 437). Georgetown has produced a substantial number of documents from the President's and Advancement offices, at great burden and expense, under that agreed-upon process. Your email acknowledges none of that, and you have not questioned any witnesses about the vast majority of those materials to date. And you are scheduled to depose both President DeGioia and Andrew Koenig on these very issues, where you will be able to question them about particular candidates.

In short, Georgetown has already produced a significant volume of materials as to the very issue you claim justifies adding the entire President's office as a custodian, which would be incredibly burdensome. There is no warrant for any further discovery at this stage from the President's office.

We are available to meet and confer on these issues after 4 pm central time tomorrow (Monday) if you would like.

Regards,

Dan

_____

**Daniel T. Fenske**
*Partner*
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, Illinois 60606
T +1 312 701 8926
LinkedIn | Twitter
mayerbrown.com

---

**From:** David Copeland <dcopeland@gilbertlitigators.com>
**Sent:** Friday, November 10, 2023 6:59 AM
**To:** Fenske, Daniel T. <DFenske@mayerbrown.com>; Miller, Britt M. <BMiller@mayerbrown.com>; Stride, Megan E. <MStride@mayerbrown.com>; McElhaney III, William J. <WMcElhaney@mayerbrown.com>
**Cc:** Robert Gilbert <rgilbert@gilbertlitigators.com>; Steven Magnusson <smagnusson@gilbertlitigators.com>
**Subject:** Plaintiffs' Motion to Designate Georgetown President's Office as a Custodian

**CAUTION: External Email -** Only click on contents you know are safe.

Dear Dan:

Based on the deposition testimony of Youmans and Deacon that ████████████████████████████████████████ Plaintiffs intend to file a motion asking the Court to designate the Georgetown President's Office as a custodian and to be ordered to produce all documents responsive to the RFPs listed in Plaintiffs' prior Motion to Compel and for Sanctions (see July 17 Memorandum at 4), as well as any documents related to the (a) the donation history or capacity of the parents or family of an applicant; or (b) the inclusion of an applicant on the President's List based on such donation history or capacity.

We are available to meet and confer on this motion and the relief sought at a mutually convenient time this afternoon or on Monday, Nov. 13.


Also, my colleague Steve Magnusson will be contacting you about scheduling Andrew Koenig's deposition in January prior to the DeGioia deposition, as well as any other matters related to deposition scheduling.

Thank you, David

David Copeland
Counsel
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
dcopeland@gilbertlitigators.com
570-517-1759 Direct
www.gilbertlitigators.com

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.