# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125-MEK |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF THE EDUCATION RECORDS OF THE 35 GEORGETOWN AND PENN STUDENTS WHO HAVE NOT FILED OBJECTIONS TO SUCH PRODUCTION UNDER FERPA**

Plaintiffs respectfully ask this Court, consistent with its October 26, 2022 Order Regarding FERPA and the Production of Certain Documents and Information (ECF 231) ("Initial FERPA Order"), to grant the relief requested in Paragraphs 6-8 herein.

1. On October 5, 2023, this Court entered a Minute Order (ECF 459) which granted Plaintiffs' Motion to Compel Defendants to Provide FERPA Notices Pursuant to this Court's Order Requiring FERPA and the Production of Certain Documents and Information (ECF 443). Under that Minute Order, Defendants Cornell, Georgetown, Penn (the "FERPA Defendants") were ordered to send FERPA Notices to students previously identified by Plaintiffs, advising them of their right to seek protective action from this Court by filing letters of objection within 14 days from the date the Notice was sent. *See* Initial FERPA Order ¶¶ 2-3.[1]

2. By November 3, 2023, each of the FERPA Defendants had advised Plaintiffs that they had completed sending FERPA Notices as required by the Court's October 5 Order. As of November 17, a total of 36 students – now represented by their own counsel – had filed objection letters with the Court.[2] As discussed below, however, an additional 35 students to whom the FERPA Defendants had sent notices *did not file objections*.

3. Under the Initial FERPA Order (¶ 3), Plaintiffs and the FERPA Defendants may file responses to student objections "within 30 days after filing." To avoid duplicative responses, Plaintiffs have suggested that this Court set December 18 as the date for Plaintiffs and the FERPA Defendants to each file 15-page responses to all student objections. *See* November 22, 2023 Joint Status Report (JSR) at 3.

---

[1] Although Plaintiffs' Motion to Compel FERPA Notices originally applied to other Defendants, the Motion has since been resolved as to all Defendants *except* Cornell, Georgetown, and Penn.

[2] *See* ECF 496 (9 from Cornell), ECF 508-09 (19 from Georgetown), and ECF 507 (8 from Penn).

4. There are approximately 35 students (9 from Georgetown, 26 from Penn) to whom Plaintiffs requested that FERPA Notices be sent *who did not file objections* or seek "protective action" under FERPA ("Non-Objecting Students") from an order by this Court requiring the production of documents containing their Education Records and Personally Identifiable Information ("PII"). As to these Non-Objecting Students, it is clear that this Court has statutory authority to order disclosure of their FERPA-protected Education Records and PII so long as a "reasonable effort" has been made to notify the students in advance and give them the opportunity to "seek protective action." (Initial FERPA Order at 2, citing 34 C.F.R. § 99.31(a)(9)(i)-(ii)).[3]

5. Indeed, this Court has already ruled that any Defendant in this case "may produce . . . requested documents and information without prior consent if the affected student has not sought protection from the Court within 30 days of the date on which the Defendants distributes the Notice." (Initial FERPA Order ¶ 4). Here, given that the notices were all sent out by Nov. 3, Georgetown and Penn are each authorized within 30 days thereafter (Monday, Dec. 4) to produce documents requested by Plaintiffs which include Education Records of the Non-Objecting Students – without any redactions of those students' PII which might otherwise be protected under FERPA.

6. In light of the foregoing, Plaintiffs are entitled to an order by this Court requiring Georgetown and Penn to produce by December 8 (or as promptly thereafter as the Court shall require), as to each Non-Objecting Student, the following documents previously requested by Plaintiffs: (1) The admission files for each student or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.), as well

---

[3] Plaintiffs are not aware of any Non-Objecting Students from Cornell.

as any Ratings used to admit or deny students for admission; and (2) All documents located in the Admissions, President's or Development Offices concerning any donations by each student's parents (or their capacity to make such donations), including any correspondence with those parents. (*See* Memorandum in Support of Plaintiffs' Motion to Compel FERPA Notices, filed September 25, 2023 (ECF 443-1) at 5 ("Plaintiffs' September 25 Request").

7. In addition, Georgetown and Penn should produce, for each non-objecting student, all documents concerning that student's inclusion on ▮▮▮▮▮ (for Georgetown) or designation (by Penn) as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[4]

8. Furthermore, this Court should require that, in any document produced from the Education Records of any non-objecting student, Georgetown and Penn may not redact any Personal Identifying Information related to the non-objecting student, although they may designate the document as Confidential or Attorneys Eyes Only if such designation is appropriate under the Confidentiality Order in this case.

9. Plaintiffs did not file a motion seeking the relief described herein on November 15 (the date on which motions to be heard on Nov. 28 were due) because the Non-Objecting Students were permitted under this Court's Initial FERPA Order (¶ 2) to file their Objections up

---

[4] Although these documents were not included in Plaintiffs' September 25 Memorandum, their importance has since become apparent. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

until November 17. In addition, as a matter of efficiency and fairness, Plaintiffs should not be required to wait until the Court's next status conference (perhaps in January) to secure a court order regarding a request for production which has been pending *since September 25*, especially since at this point Plaintiffs are only asking for production as to 35 *Non-Objecting Students*.[5]

10. To the extent that Georgetown and Penn may argue that the requested production is unduly burdensome or disproportionate under the Federal Rules (cf. Initial FERPA Order ¶ 5), that ship has sailed. Plaintiffs are not seeking Education Records for thousands or even hundreds of students. Plaintiffs' motion is limited to 35 students who have *not objected* to the disclosure of their Education Records and PII.

11. <u>Statement Under Local Rule 37.2</u>. When Penn and Georgetown advised Plaintiffs that they wanted to meet and confer on this Motion, Plaintiffs asked for a conference on proposed times on dates before and after Thanksgiving, including Monday, November 27. Counsel for Penn insisted instead that the meet and confer be held after the Court's Status Conference on November 28, in an apparent effort to further delay the requested production. Accordingly, Plaintiffs' "attempts to engage in . . . consultation" prior to bringing this motion "were unsuccessful due to no fault of counsel's." (LR 37.2(2)).

WHEREFORE, Plaintiffs request that the Court grant this Motion and grant the relief requested in Paragraphs 6-8 herein.

Dated: November 27, 2023                    Respectfully Submitted,

/s/ Robert D. Gilbert                       /s/ Edward J. Normand
Robert D. Gilbert                           Devin "Vel" Freedman
Elpidio Villarreal                          Edward J. Normand
Robert S. Raymar                            Peter Bach-y-Rita

---

[5] Penn's and Georgetown's suggestion in the recent JSR (at 7) that they were unaware of Plaintiffs' long-standing request for production until its mention in a Nov. 21 draft JSR is belied by the record.

4

David Copeland
Steven Magnusson
Natasha Zaslove
**GILBERT LITIGATORS &**
  **COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com
nzaslove@gilbertlitigators.com

/s/ Eric L. Cramer
Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
enoteware@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Richard Cipolla
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-350-0527
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

Ivy Ngo
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

5