**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125-MEK |

**PLAINTIFFS' AMENDED AND RENEWED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF THE EDUCATION RECORDS OF THE 35 GEORGETOWN AND PENN STUDENTS WHO HAVE NOT FILED OBJECTIONS TO SUCH PRODUCTION UNDER FERPA**

Plaintiffs respectfully ask the Court, in order to implement its October 26, 2022 Order Regarding FERPA and the Production of Certain Documents and Information (ECF 231) ("2022 FERPA Order"), which was granted on consent, to grant the relief requested in Paragraphs 7 and 8 herein.

The 2022 FERPA Order states specifically:

> The Defendant may produce the requested documents and information without prior consent if the affected student has not sought protection from the Court within 30 days of the date on which the Defendant distributes the Notice.

2022 FERPA Order at 3.

1. On October 5, 2023, the Court entered a Minute Order (ECF 459) which granted Plaintiffs' Motion to Compel Defendants to Provide FERPA Notices Pursuant to the Court's Order Requiring FERPA and the Production of Certain Documents and Information (ECF 443). Under that Minute Order, Defendants Cornell University, Georgetown University, and The Trustees of the University of Pennsylvania ("Penn") (the "FERPA Defendants") were ordered to send FERPA Notices to students previously identified by Plaintiffs, advising them of their right to seek protective action from the Court by filing letters of objection within 14 days from the date the Notice was sent. *See* 2022 Order ¶¶ 2-3.[1]

2. By November 3, 2023, each of the FERPA Defendants had advised Plaintiffs that they had completed sending FERPA Notices as required by the Court's October 5 Order. As of November 17, a total of 36 students – now represented by their own counsel – had filed objection

---

[1] Although Plaintiffs' November 27, 2023 Motion to Compel FERPA Notices (ECF 528) originally applied to other Defendants, the Motion has since been resolved as to all Defendants *except* Cornell, Georgetown, and Penn.

letters with the Court.² As discussed below, however, an additional 35 students to whom the FERPA Defendants had sent notices *did not file objections*.

3. Under the 2022 FERPA Order (¶ 3), Plaintiffs and the FERPA Defendants may file responses to student objections "within 30 days after filing." Plaintiffs and the FERPA Defendants have until December 18 to each file 15-page responses to all student objections. *See* November 22, 2023 Joint Status Report (ECF 524) at 3; November 28, 2023 Hr'g Tr., at 5:17-6:8.

4. There are approximately 35 students (9 from Georgetown, 26 from Penn) to whom Plaintiffs requested FERPA Notices be sent *who did not file objections* or seek "protective action" under FERPA ("Non-Objecting Students") from an order by the Court requiring the production of documents containing their Education Records and Personally Identifiable Information ("PII"). As to these Non-Objecting Students, it is clear the Court has statutory authority to order disclosure of their FERPA-protected Education Records and PII so long as a "reasonable effort" has been made to notify the students in advance and give them the opportunity to "seek protective action." (2022 FERPA Order at 2, citing 34 C.F.R. § 99.31(a)(9)(i)-(ii)).³

5. Indeed, the Court has already ruled that any Defendant in this case "may produce . . . requested documents and information without prior consent if the affected student has not sought protection from the Court within 30 days of the date on which the Defendants distributes the Notice." (2022 FERPA Order ¶ 4). Here, given that the notices were all sent out by November 3, Georgetown and Penn are each authorized within 30 days thereafter (Monday, December 4) to produce documents requested by Plaintiffs which include Education Records of the Non-Objecting

---

² *See* ECF 496 (9 from Cornell), ECF 508-09 (19 from Georgetown), and ECF 507 (8 from Penn).

³ Plaintiffs are not aware of any Non-Objecting Students from Cornell.

3

Students – without any redactions of those students' PII which might otherwise be protected under FERPA.

6. The 2022 FERPA Order is already entered on consent, and no further order should be needed. At the October 26, 2022 status hearing, the Court asked the parties whether the Court should enter the 2022 FERPA Order. Both Defendants' counsel and Plaintiffs' counsel stated "Yes," whereupon the Court stated: "Okay, I'll do that today." (*See* October 26, 2022 Hr'g Tr., at 41:16-20.) Counsel for Penn is simply trying to relitigate a consent order entered more than 13 months ago.

7. In light of the foregoing, Georgetown and Penn should produce within a reasonable time as to each Non-Objecting Student, the following documents previously requested by Plaintiffs: (1) The admission files for each student or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.), as well as any ratings used to admit or deny students for admission; and (2) all documents located in the Admissions, President's or Development Offices concerning any donations by each student's parents (or their capacity to make such donations), including any correspondence with those parents.

8. In addition, Georgetown and Penn should produce, for each non-objecting student, all documents concerning that student's inclusion on the President's List (for Georgetown) or designation (by Penn) as "BSI," "BSI-A," "BSI-B" or "BSI-C," and/or included in the following documents: PENN568-LIT-00158475, PENN568-LIT-00162228, PENN568-LIT-00163323, PENN568-LIT-00163325, PENN568-LIT-00163324.[4]

---

[4] Although these documents were not included in Plaintiffs' September 25 Memorandum, their importance has since become apparent.

4

9. Furthermore, the Court should require that, in any document produced from the Education Records of any non-objecting student, Georgetown and Penn may not redact any Personal Identifying Information related to the non-objecting student, although they may designate the document as Confidential or Attorneys Eyes Only if such designation is appropriate under the Confidentiality Order in this case.

10. Pursuant to Local Rule 37.2, Plaintiffs have conferred in good faith with Defendants in an effort to resolve the issues raised by the instant Motion.[5]

11. The requested production is not unduly burdensome or disproportionate under the Federal Rules (*cf.* Initial FERPA Order ¶ 5). Plaintiffs are not seeking Education Records for thousands or even hundreds of students. Plaintiffs' motion is limited to 35 students who have



---

[5] Plaintiffs did not file a motion seeking the relief described herein on November 15 (the date on which motions to be heard on Nov. 28 were due) because the Non-Objecting Students were permitted under the Court's 2022 FERPA Order (¶ 2) to file their Objections up until November 17. In addition, as a matter of efficiency and fairness, Plaintiffs should not be required to wait until the Court's next status conference (perhaps in January) to secure a court order regarding a request for production which has been pending since September 25, especially since at this point Plaintiffs are only asking for production as to 35 Non-Objecting Students. Penn's and Georgetown's suggestion in the recent JSR (at 7) that they were unaware of Plaintiffs' long-standing request for production until its mention in a Nov.ember21 draft JSR is belied by the record.

*not objected* to the disclosure of their Education Records and PII (and whose PII will in any event likely be designated as Confidential or AEO under the Confidentiality Order in this case).

12. Because this request for production has been pending since September 25, 2023, and only involves limited records pertaining to 35 Non-Objecting students, Plaintiffs respectfully request that the Court resolve this matter separately from the status conference. Plaintiffs could not file a motion seeking the relief described herein on November 15 (the date on which motions to be heard on November 28 were due) because the Non-Objecting Students had until November 17 to object. 2022 FERPA Order ¶ 2. Penn's and Georgetown's suggestion in the recent JSR (at 7) that they were unaware of Plaintiffs' long-standing request for production until its mention in a November 21 draft JSR is belied by the record.

13. The parties agree that Penn and Georgetown's will respond to the instant Motion by December 18, 2023.

WHEREFORE, Plaintiffs request that the Court set a response due date of December 18, 2023 and grant the relief requested in paragraphs 7 and 8 above.

Dated: December 1, 2023

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Steven Magnusson
**GILBERT LITIGATORS &
  COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com

Respectfully Submitted,

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Peter Bach-y-Rita
Richard Cipolla
**FREEDMAN NORMAND
  FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-350-0527
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

<div style="display: flex;">

<div>

/s/ Eric L. Cramer
Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
enoteware@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

</div>

<div>

Ivy Ngo
**FREEDMAN NORMAND**
 **FRIEDLAND LLP**
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

</div>

</div>

*Counsel for Plaintiffs*