UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No.: 1:22-cv-00125-MEK |

**PLAINTIFFS' STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.2**

This Local Rule 37.2 Statement accompanies Plaintiffs' Amended and Renewed Motion to Compel the Production of the Education Records of the 35 Georgetown and Penn Students Who Have Not Filed Objections to Such Production Under FERPA ("the Motion").

Plaintiffs have conferred in good faith with Defendants in an effort to resolve the issues raised by the Motion. In support, I David Copeland state as follows:

    i. The Trustees of the University of Pennsylvania ("Penn") and Georgetown University ("Georgetown") have declined to follow the Court's October 26, 2022 Order Regarding FERPA and the Production of Certain Documents and Information (ECF 231) ("2022 FERPA Order"), specifically paragraph 4 of the 2022 FERPA Order, which was entered on consent and provides in pertinent part:

> The Defendant may produce the requested documents and information without prior consent if the affected student has not sought protection from the Court within 30 days of the date on which the Defendant distributes the Notice.

2022 FERPA Order at 3.

    ii. Even though this is nothing more than the implementation of an order already entered, counsel for Penn insisted that Plaintiffs needed to file a motion. Plaintiffs asked for a conference with counsel for Penn and counsel for Georgetown before filing a prior version of the Motion. Plaintiffs proposed times for the call on dates before and after Thanksgiving, including Monday, Nov. 27. Counsel for Penn declined to meet on the proposed times and instead proposed meeting and conferring in person after the Court's Status Conference on Nov. 28. (Notwithstanding Penn's refusal to meet and confer on November 27, on this Motion, Penn's counsel demanded on the evening of November 27 that Plaintiffs' counsel meet and confer on a motion that Penn wanted to file on that very same evening. *See* Exhibit A to Motion, November 27, 2023 email from David Gringer to Robert Gilbert, Eric Cramer, and Ted Normand) Accordingly, Plaintiffs' "attempts to engage in . . . consultation" prior to bringing the previously filed version of this motion "were unsuccessful due to no fault of counsel's." (LR 37.2(2)).

3

iii. The prior version of the instant Motion was filed and has now been withdrawn and replaced with this amended and renewed version of the Motion based on the parties' recent meet and confer efforts.

iv. On November 28, 2023, Plaintiffs' counsel proposed holding a meet and confer call with counsel for Penn to resolve these issues without the need for the instant Motion. Plaintiffs' counsel further offered to withdraw the previously filed version of the Motion pending the meet and confer call, with the caveat that if the parties did not reach agreement, Plaintiffs' Motion would be updated and refiled. Counsel for Penn responded to confirm a meet and confer call on November 29, 2023, at 4:30 p.m. ET, and to advise that counsel for Georgetown would also be joining the call.

v. A meet and confer call among counsel for Plaintiffs, counsel for Penn and counsel for Georgetown occurred on November 29, 2023.

vi. For its part, Penn through its counsel offered terms that were not acceptable to Plaintiffs. These terms included inter alia:

1. For Penn's non-objecting students Penn would provide only a chart matching UID to name.
2. Penn would search produced documents from the agreed-upon custodians (not development or president's office) and would produce in unredacted form any documents with the non-objecting student or parent names.
3. In return, Plaintiffs would be required to withdraw their motion to compel as to Penn in its entirety and not re-file a new motion to compel against Penn seeking the material demanded in the motion to compel.

4

    4. Additionally, Plaintiffs would be required to allow Penn to serve a "reasonable number" of interrogatories and requests for admissions "related solely to those students' qualifications for admission to Penn or otherwise agree to work with Penn on a stipulation as those students objective qualifications and a reasonable benchmark to assess their qualifications."

(*See* Exhibit B to Motion [November 29, 2023 email from David Gringer to David Copeland and Natasha Zaslove].)

vii. Plaintiffs' counsel considered Penn's proposal and responded to Penn's counsel that the proposal was not acceptable for several reasons, including the following:

    1. Because of unresolved issues in Penn's structured data production, it would not be helpful to Plaintiffs to be limited to reliance on Penn's structured data once names and UIDs are provided. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

    2. Penn's counsel incorrectly asserted that plaintiffs would be able to "discern…all communications with Penn admissions about these students and their families." If those communications have not already been produced, plaintiffs will not be able to so "discern."

    3. If there are tags for any of these students, Plaintiffs believe they are entitled to the files showing who awarded or affixed those tags, why the

5

tags were affixed, what communications the President's, Development or Admissions Offices led to affixing those tags, and what weight they had on the admission of tagged applicants.

4. Plaintiffs' First Set of Requests for Production, Requests Nos. 20, 22, 23, 58, 80, 124, 126, 127, 128, 129, 130, 131, and 132; Plaintiff's Second Set of Requests for Production of Documents Requests Nos. 1, and 4; and Plaintiffs' Third Set of Requests for Production Requests Nos. 11, and 12, collectively requested all documents related to donor-influence on the admission of these students.

5. Penn's proffered terms would not require it to produce the files/documents yet to be produced from the President's, Development or Admissions Office that relate to the awarding or affixing of tags for any of these students, to communications about donations.

6. Plaintiffs are entitled to production of files/documents showing who awarded or affixed tags, why, and what impact the tags had on admissions.

7. Penn's proposal contained ambiguities and deficiencies that made it too vague to be certain.

(*See* Motion Exhibit C [November 30, 2023 Email from Ms. Zaslove to Mr. Gringer and Mr. Fenske].)

viii. During the November 29, 2023 meet and confer call, counsel for Georgetown did not provide a proposal for Plaintiffs' consideration to resolve the issue. Georgetown counsel stated he had not conferred with Georgetown itself yet but suggested that the

6

parties seek to have the Court resolve the dispute regarding the production of the Non-Objecting Students' records simultaneously with objections of the Objecting Students.

      ix. In light of the parties' inability to reach an informal resolution, the instant Motion was made necessary – even though all of this was resolved on consent on October 26, 2022 – to ensure the Education Records of the 35 non-objecting students are produced in accordance with the entered 2022 FERPA Order.

      x. As the instant Motion was being finalized, Plaintiffs' counsel further responded to Penn counsel's emailed accusations that Plaintiffs' counsel somehow failed to meet and confer on the now-withdrawn prior Motion. For the sake of completeness, that communication is submitted with the instant Motion. (*See* Motion Exhibit D [December 1, 2023 Email from Ms. Zaslove to Mr. Gringer].)

      xi. Both counsel for Penn and counsel for Georgetown have affirmed that they will submit responses to the instant Motion by December 18.

Plaintiffs respectfully submit that they have complied with Local Rule 37.2 as to the issues that are addressed in the instant Motion.

Dated: December 1, 2023                      Respectfully Submitted,

/s/ David Copeland  
Robert D. Gilbert  
Elpidio Villarreal  
Robert S. Raymar  
David Copeland  
Steven Magnusson  
**GILBERT LITIGATORS &**  
  **COUNSELORS, P.C.**  
11 Broadway, Suite 615  
New York, NY 10004  
Phone: (646) 448-5269  
rgilbert@gilbertlitigators.com  

Devin "Vel" Freedman  
Edward J. Normand  
Peter Bach-y-Rita  
Richard Cipolla  
**FREEDMAN NORMAND**  
  **FRIEDLAND LLP**  
99 Park Avenue  
Suite 1910  
New York, NY 10016  
Tel: 646-350-0527  
vel@fnf.law

pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com

tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

Ivy Ngo
**FREEDMAN NORMAND**
 **FRIEDLAND LLP**
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
enoteware@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.nett

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

*Counsel for Plaintiffs*