# EXHIBIT C

**Subject:** Re: FERPA Motion M&C
**Date:** Thursday, November 30, 2023 at 3:32:05 PM Eastern Standard Time
**From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**To:** Gringer, David <David.Gringer@wilmerhale.com>, Fenske, Daniel T. <DFenske@mayerbrown.com>
**CC:** David Copeland <dcopeland@gilbertlitigators.com>, 568_litigation@gilbertlitigators.com <568_litigation@gilbertlitigators.com>, 568 Litigation <568_Litigation@fnf.law>, 568GROUP-DEFS-SERVICE@list.wilmerhale.com <568GROUP-DEFS-SERVICE@list.wilmerhale.com>

David (with a note to Dan at the end of this email, regarding motion scheduling),

Thank you for your email. We, too, recognize that both sides put time and effort into a productive meet and confer. After considering your offer below, we cannot agree to your terms.

Your first three points contain objectionable ambiguities and deficiencies.

As for your Point 1, Penn's structured data production has gaps; you do not propose to provide the admission records and BSI or USI tags if they are not already in the structured data produced. Further, you say that plaintiffs will be able to "discern…all communications with Penn admissions about these students and their families." If those communications have not already been produced, plaintiffs will not be able to "discern" anything. You do not propose to produce the applicant files containing such communications. Moreover, if there are tags for any of these students, we are entitled to the files showing who awarded or affixed those tags, why, what communications by the President's, Development or Admissions Offices led to affixing those tags, and what weight they had on the admission of tagged applicants.

As for your Point 2, it is limited to a search of produced documents. Plaintiffs' Requests for Production — especially Plaintiffs' First Set of Requests for Production, numbers 20, 21, 22, 23, 58, 80, 124, 126, 127, 128, 129, 130, 131, 132; Plaintiff's Second Set of Requests for Production of Documents, numbers 1, 4; and Plaintiffs' Third Set of Requests for Production, numbers 11, 12 — collectively requested all documents related to donor-influence on the admission of these students. As stated, your Point 2 will not cause Penn to produce the files/documents yet to be produced from the President's, Development or Admissions Office that relate to the awarding or affixing of tags for any of these students, to communications about donations.

Your Point 3 has the same deficiencies as your Points 1 and 2. Plaintiffs are entitled to production of files/documents showing who awarded or affixed tags, why, and what impact they had on admissions.

There is no Court order or colloquy supporting your proposal that Plaintiffs' discovery obligation be augmented as you describe. As noted during the call, the Court decided the issue about non-objecting students more than a year ago: Penn is obligated by the October 26, 2022 FERPA Order to produce the files for the non-objecting students within the time frame set forth in the

Order. We therefore see no reason for Plaintiffs to provide additional discovery, after the cutoff, in exchange for discovery Penn is already required to produce.

We note as well that the deficiencies in Penn's structured data would make responding to the further discovery requests you describe particularly difficult.

As we agreed to do, we are withdrawing our motion to compel as filed on November 27, 2023, and plan to file a renewed and amended motion to compel. Please confirm no later than tomorrow Friday December 1, that you agree to a deadline of December 18, 2023 for Defendants' response to the motion.

@Dan: Please also confirm by noon tomorrow that you agree with December 18, 2023, as the last day to respond to the renewed and amended motion to compel.

All the best,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com

> On Nov 29, 2023, at 3:25 PM, Gringer, David <David.Gringer@wilmerhale.com> wrote:
>
> David and Natasha,
>
> Thank you for our productive meet and confer this afternoon. As noted on the call, Penn is committed to trying to resolve this issue.
>
> As discussed, Penn would agree to the following, if it fully resolves the issues raised in Monday's motion to compel:
> 1. For Penn's non-objecting students we will give you a chart matching UID to name. That chart will allow plaintiffs to discern admission records and BSI or USI tags for all students at issue from Penn's structured data, plus all communications with Penn admissions about those students and their families. Penn will be able to provide you with this chart by early next week.
> 2. Penn will search produced documents from the agreed-upon custodians and share files for the individual student names on the list and will produce in unredacted form any documents with the non-objecting student or parent names. For the avoidance of doubt, Penn will not be searching documents from any new custodians nor will it expand the scope of its productions just because of the FERPA order. And as we discussed on the call, the FERPA order necessarily cannot require us to produce documents you did not request in your RFPs to begin with. That said, we believe that what you will be getting are the

> relevant documents that exist for the non-objecting students at issue.
>
> 3.   If the judge overrules all or some of the remaining students' FERPA objections, we will do the same as the above for those students.

In return, Plaintiffs will withdraw their motion to compel as to Penn in its entirety and they will not re-file a new motion to compel against Penn seeking the material demanded in your current motion to compel.  Additionally, Plaintiffs will allow Penn to serve a reasonable number of interrogatories and RFAs related solely to those students qualifications for admission to Penn or otherwise agree to work with Penn on a stipulation as those students objective qualifications and a reasonable benchmark to assess their qualifications.

One final point—as I see it, this is at least the second time in recent weeks that Plaintiffs filed a motion to compel without complying with Local Rule 37.2.  As you noted on the call today and as your colleagues have previously noted, meet and confers between Penn and Plaintiffs have typically been productive with issues in dispute resolved quickly and pragmatically.  Today, as we pledged to do last week, we came prepared with a proposal to resolve the issues in dispute.  No one could (or did) say that our proposal was an insincere attempt to resolve the issue. The local rule requirement on meet and confers before discovery disputes is a sound one as it prevents undue expense to the parties and more importantly, undue burden to the Court.  Penn asks that going forward you honor the rule and its spirit without reminder.

Sincerely,

David


**David Gringer | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
david.gringer@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Sent:** Wednesday, November 29, 2023 6:09 PM
**To:** Gringer, David <David.Gringer@wilmerhale.com>
**Cc:** David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com

**Subject:** Re: FERPA Motion M&C

**EXTERNAL SENDER**

David,

Following up our call today, we are standing by for the written proposal you outlined. Please provide by today or no later than tomorrow, so we can consider on our end.

Thank you,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com


> On Nov 28, 2023, at 6:10 PM, 'Gringer, David' via 568_litigation <568_litigation@gilbertlitigators.com> wrote:
>
> We can do 4:30. Counsel for Georgetown will also be joining. Could I trouble you to send an invite?
>
> Sincerely,
>
>
> **David Gringer l WilmerHale**
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007 USA
> +1 212 230 8864 (o)
> +1 917 747 0731 (c)
> david.gringer@wilmerhale.com
>
> ---
>
> **From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
> **Sent:** Tuesday, November 28, 2023 8:41:00 PM
> **To:** Gringer, David <David.Gringer@wilmerhale.com>
> **Cc:** David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com<568_litigation@gilbertlitigators.com>; 568 Litigation <568_Litigation@fnf.law>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com <568GROUP-DEFS-SERVICE@list.wilmerhale.com>
> **Subject:** FERPA Motion M&C

**EXTERNAL SENDER**

David,

Please let us know your availability to meet and confer with David Copeland and me tomorrow, Wednesday November 29 between 3:00 and 5:00 p.m. ET with respect to production of education records of the Penn students who have not filed objections.

Plaintiffs' motion on this issue will be withdrawn pending the meet and confer. If the meet and confer does not result in a resolution, Plaintiffs' motion will be updated as necessary and refiled.

Regards,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com