UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>**Defendants**. | Case No.: 1:22-cv-00125-MEK<br><br>Judge Matthew F. Kennelly |

**GEORGETOWN UNIVERSITY'S MOTION TO FILE UNDER SEAL ITS MEMORANDUM IN SUPPORT OF THE GEORGETOWN DOE STUDENTS' OBJECTIONS UNDER FERPA AND ITS RESPONSE TO PLAINTIFFS' AMENDED AND RENEWED MOTION TO COMPEL THE PRODUCTION OF THE EDUCATION RECORDS OF THE 35 GEORGETOWN AND PENN STUDENTS WHO HAVE NOT FILED OBJECTIONS TO SUCH PRODUCTION UNDER FERPA**

Pursuant to the Agreed Confidentiality Order (Dkt. 254) and Local Rule 26.2, Defendant Georgetown University ("Georgetown") respectfully requests that the Court grant this Motion to File Under Seal its Response to Plaintiffs' Amended and Renewed Motion to Compel the Production of the Education Records of the 35 Georgetown and Penn Students Who Have Not

1

Filed Objections to Such Production Under FERPA ("Georgetown's Response Regarding Non-Objectors"), Exhibit 2 to Georgetown's Response Regarding Non-Objectors, and Georgetown's Memorandum in Support of the Georgetown Doe Students' Objections Under FERPA ("Georgetown's Memorandum Regarding Objectors").

## BACKGROUND

1. On November 22, 2022, the Court entered the final Agreed Confidentiality Order (Dkt. 254) outlining what materials may be designated as containing Confidential Information and how those materials must be treated. Under the Confidentiality Order, a party may designate certain materials as "Confidential" or "Attorneys' Eyes Only." *Id.* ¶¶ 2(a)-(b). Documents may be designated "Confidential" where they contain "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person; or (h) any document protected under the Family Educational Rights and Privacy Act ("FERPA"), including the application, financial aid, or educational records of any applicant, student, or former student." *Id*. ¶ 2(a). Documents may be designated as "Attorneys' Eyes Only" where they contain "highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party. *Id.* ¶ 2(b). These designations were intended to strictly limit access to such documents to a small universe of individuals, including the Court, counsel, contractors, consultants, and court reporters who require access. *Id.* ¶ 6(c).

2. On December 1, 2023, Plaintiffs filed under seal a Renewed Motion to Compel the Production of the Education Records of the 35 Georgetown and Penn Students Who Have Not

Filed Objections to Such Production Under FERPA ("Plaintiffs' Motion Regarding Non-Objectors") (Dkt. 540). Plaintiffs also publicly filed a redacted version of the Motion Regarding Non-Objectors (Dkt. 539) and a Proposed Order (Dkt. 539-1), with attached Exhibits A, B, C and D. On December 2, 2023, the Court granted Plaintiffs' Motion to Seal their Motion Regarding Non-Objectors (Dkt. 541).

3. On December 18, 2023, Georgetown filed its Response Regarding Non-Objectors. Georgetown's Response Regarding Non-Objectors contains information that would reveal Georgetown's trade secrets or that is otherwise commercially and competitively sensitive because that information relates to Georgetown's admissions process and has not been made available to the public.

4. On December 18, Georgetown also filed Exhibit 2 to its Response Regarding Non-Objectors. Exhibit 2 is an excerpt from the transcript of the November 28, 2023 hearing before this Court, and includes material that the Court previously ordered sealed. *See* Ex. 2, 11/28/2023 Hr'g Tr. 21:14-16 (ordering portion to be sealed). This transcript excerpt similarly contains information that would reveal Georgetown's trade secrets or that is otherwise commercially and competitively sensitive because that information relates to Georgetown's admissions process and has not been made available to the public.

5. On November 17, Georgetown University Doe Students 1-19 ("Students") filed their FERPA Notice Objection Letters ("Objection Letters") (Dkt. 508, 509). Students filed an unopposed motion to seal the Objection Letters (Dkt. 490), which the Court granted. The Court ordered that the "letters may be filed under seal with personally identifiable information (names, addresses, birth dates, and Social Security numbers) redacted; and they are to be treated as

attorney's eyes only material under the amended confidentiality order dated 7/28/2023." (Dkt. 493).

6. On December 18, Georgetown filed its Memorandum Regarding Objectors. Georgetown's Memorandum contains quotations from the sealed Objection Letters that are highly personal and private in nature and that, pursuant to the Court's earlier order, should remain under seal. Georgetown's Memorandum also contains information that would reveal Georgetown's trade secrets or that is otherwise commercially and competitively sensitive because that information relates to Georgetown's admissions process and has not been made available to the public.

7. The Confidentiality Order provides that any party wishing to file a document designated as Confidential Information must comply with Local Rule 26.2. Dkt. 254 ¶ 10. As required by Local Rule 26.2(c), Georgetown is filing its Response Regarding Non-Objectors and its Memorandum Regarding Objectors provisionally under seal and providing unredacted versions to counsel of record and the Court. Georgetown will file redacted (public) versions of its Response Regarding Non-Objectors and its Memorandum Regarding Objectors via ECF shortly after the filing of this motion.

**LEGAL STANDARD**

8. The Seventh Circuit has long recognized that "[i]nformation that affects the disposition of litigation belongs in the public record *unless* a statute or privilege justifies nondisclosure," and documents containing confidential information may be sealed. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (emphasis added). A court may enter an order directing a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See, e.g.*, *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009).

**DISCUSSION**

9. "[A] court may for good cause shown enter an order directing that one or more documents be filed under seal." Loc. R. 26.2(b). The information within Georgetown's Response Regarding Non-Objectors that it seeks to file under seal is limited, as the Court can see from the redacted, publicly-filed version. Georgetown moves to place portions of this Response, as well as Exhibit 2 to this Response, under seal as they reference information that Georgetown has designated as Confidential Information under the Agreed Confidentiality Order because those portions contain highly confidential and competitively sensitive information about Georgetown's admissions process that has not been made available to the public. Under the Confidentiality Order, information of this nature qualifies as "Confidential" ("(b) information that reveals trade secrets; [or] (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential," *id*. ¶ 2(a)) or "Attorneys' Eyes Only" ("highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm" to the disclosing party, *id*. ¶ 2(b)). In addition, this Court previously ordered that material in Exhibit 2 be sealed. *See* Ex. 2, 11/28/2023 Hr'g Tr. 21:14-16 (ordering portion to be sealed).

10. Similarly, the information in Georgetown's Memorandum Regarding Objectors that it seeks to file under seal includes material (such as direct quotations) from Students' Objection Letters that is highly private and personal in nature and that the Court has already ordered sealed, as well as information designated by Georgetown as Confidential Information under the Agreed Confidentiality Order because it is highly confidential and competitively sensitive information about Georgetown's admissions process that has not been made available to the public..

11. This information should remain under seal so as to protect the legitimate interests of Students and Georgetown, which the Court provided for in its Confidentiality Order. Dkt. 254. Thus, Georgetown respectfully asks that it be permitted to file the unredacted versions of these documents under seal.

## CONCLUSION

For the foregoing reasons, Defendant Georgetown University requests that the Court grant this motion and enter an order directing that the unredacted versions of Georgetown's Response Regarding Non-Objectors, Exhibit 2 to Georgetown's Response Regarding Non-Objectors, and its Memorandum Regarding Objectors should remain under seal.

Dated: December 18, 2023   Respectfully submitted,

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*