# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No. 1:22-cv-00125-MFK<br><br>Hon. Matthew F. Kennelly |

**THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S MEMORANDUM OF LAW IN RESPONSE TO STUDENT OBJECTIONS UNDER FERPA**

Pursuant to the Court's November 28, 2023 minute entry (ECF No. 530), Penn respectfully submits this response in strong support of the University of Pennsylvania Doe Students' objections under the Family Educational Rights and Privacy Act ("FERPA") (ECF No. 507). Under FERPA, Plaintiffs face a "heavy burden" to access the information sought over student objection. *Wanko v. Bd. of Trs. of Ind. Univ.*, 2018 WL 3631579, at *4 (S.D. Ind. July 30, 2018), *aff'd* 927 F.3d 966 (7th Cir. 2019); *see also Banks v. Baraboo Sch. Dist.*, 2020 WL 5751415, at *4, *7 (W.D. Wis. Sept. 25, 2020). As to the Penn objecting students, Plaintiffs fall well short of meeting this heavy burden.

The privacy interests here are significant, as the Penn objecting students explain at length in their letters. The students describe . ECF No. 507 at 2. They explain that ████ *Id.* at 2. And they note ████ *Id.* ████ Gringer Decl. Ex. 1 ("Leo-Guerra Tr.") 145:2-25.[1]

Compared to the compelling privacy interests of these students, the value of this information to the Plaintiffs is minimal. To begin, at Penn, the majority of students from whom

---

[1] ████

Plaintiffs are seeking information did *not* object. Plaintiffs surely can accomplish whatever it is they seek to accomplish without invading the privacy of those few Penn students who did object.

But even if *every* Penn student had objected, Plaintiffs have not made an adequate showing to access the *names* and other PII of the students at issue. This point is critical: Plaintiffs will not access a single additional document in the case if these objections are overruled; instead, they will only get access to student names where those names are currently protected. Plaintiffs have no need for these names. In fact, as lead counsel for Plaintiffs put it, the students at issue were chosen by "shooting in the dark," and are the product of laughable speculation. Gringer Decl. ¶ 4; *see* Gringer Decl. Ex. 2; *see* ECF No. 548.[2] To put it mildly, "shooting in the dark" does not meet Plaintiffs' burden.

Moreover, the record in this case makes overwhelmingly clear that students (certainly including the objecting students) were not admitted to Penn based on donations or likelihood thereof. *See, e.g.,* Gringer Decl. Ex. 3 ("Furda Dep. Tr.") 83:24-84:13, 347:20-348:6 (███████ ███████████████████████████████████████████████████████████); *id.* Ex. 4 ("Varas Dep. Tr.") 290:3-9 (███████████████████████████ ███████████████████████████████). The students' letters make the absence of any influence from donations abundantly clear. *See* ECF No. 507 at 2 (███████████████████████████████████████); *id.* at 10 (███████████████████████████████

---

[2] Though Penn does not seek reconsideration of the Court's initial order granting the motion to compel, ECF No. 459, it notes that, as to Penn, Plaintiffs misstated to the Court the degree of research they had done in identifying the students at issue. ECF No. 443-1 at 2. Penn assumes that had Plaintiffs been candid and informed the Court that the Penn students at issue were identified by "shooting in the dark", the motion to compel would not have been granted.

2



); *id.* at 14 (

); *id.* at 16 (

).

      Because the privacy interests here are significant, and the value of this information to the Plaintiffs is non-existent—combined with the fact that Plaintiffs have no basis to believe that these students were not qualified for admission to Penn or that donation history played any role in their admission—Plaintiffs have plainly not overcome the requisite burden to access the records at issue. The Penn students' objections should be sustained.

Dated: December 18, 2023

By: /s/ David Gringer
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-230-8800
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*