# EXHIBIT 1

| | |
|---|---|
| **From:** | owner-568group-defs-service@list.wilmerhale.com on behalf of David Copeland <0000000f2552bfc9-dmarc-request@LIST.WILMERHALE.COM> |
| **Sent:** | Monday, December 18, 2023 9:14 AM |
| **To:** | Fenske, Daniel T.; Natasha Zaslove |
| **Cc:** | Gringer, David (EXTERNAL CONTACT); 568_litigation@gilbertlitigators.com; 568 Litigation; 568group-defs-service@list.wilmerhale.com; Fenske, Daniel T. |
| **Subject:** | Re: FERPA Motion M&C |

**CAUTION:** External Email - Only click on contents you know are safe.
**EXTERNAL SENDER**

Dan:

As discussed on our call Friday afternoon, Georgetown's proposal as to non-objecting students is unacceptable to Plaintiffs for reasons akin to the reasons why Penn's proposal was unacceptable. In addition, it appears that Georgetown is unwilling to search its President's and Development Offices for documents related to the non-objecting students, as called for in the Proposed Order which Plaintiffs filed with respect to those students (ECF 540). For the reasons we have stated in prior briefs, and for the reasons stated in the brief Plaintiffs will file today in response to the letters filed by the objecting students, Georgetown's position is unacceptable to Plaintiffs.

Regards, David

**From:** Fenske, Daniel T. <DFenske@mayerbrown.com>
**Date:** Thursday, December 14, 2023 at 4:12 PM
**To:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Cc:** Gringer, David (EXTERNAL CONTACT) <david.gringer@wilmerhale.com>, David Copeland <dcopeland@gilbertlitigators.com>, 568_litigation@gilbertlitigators.com <568_litigation@gilbertlitigators.com>, 568 Litigation <568_Litigation@fnf.law>, 568group-defs-service@list.wilmerhale.com <568group-defs-service@list.wilmerhale.com>, Fenske, Daniel T. <DFenske@mayerbrown.com>
**Subject:** RE: FERPA Motion M&C

Counsel:

We write regarding Plaintiffs' motion to compel as to Georgetown students who did not subject objections ("Non-Objecting Students") under FERPA. Dkt. No. 539. To resolve the motion, Georgetown will agree as follows:

1. Georgetown will supply the UID as to the Non-Objecting Students whose admissions records are within the Admissions-Office structured data Georgetown has previously produced. This will allow Plaintiffs to understand, among other things, the student's academic credentials, one of the focuses of your motion.

2. For those Non-Objecting Students not in the Admissions-Office structured data, Georgetown will search for and produce, to the extent available, documents from their application materials submitted to Georgetown that address their academic credentials (e.g., high schools grades, test scores, etc.), provided those materials are from within the agreed upon discovery period (2003-forward).

3. Georgetown will also agree to search its produced documents for references to the Non-Objecting Students and will re-produce those documents with any redactions as to the Non-Objecting Students removed.

We believe this offer would provide you everything to which you are entitled, as the FERPA notice-process does not entitle Plaintiffs to expand the scope of discovery beyond that to which the parties previously agreed or the Court has ordered.

Please advise if this resolves the dispute as to Georgetown.

Regards,
Dan

_____

**Daniel T. Fenske**
*Partner*
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, Illinois 60606
T +1 312 701 8926
LinkedIn | Twitter
mayerbrown.com

**From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Sent:** Friday, December 1, 2023 10:28 AM
**To:** Fenske, Daniel T. <DFenske@mayerbrown.com>
**Cc:** Gringer, David (EXTERNAL CONTACT) <david.gringer@wilmerhale.com>; David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>; 568group-defs-service@list.wilmerhale.com
**Subject:** Re: FERPA Motion M&C

**CAUTION: External Email -** Only click on contents you know are safe.

Dan,

Thank you.

Best,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com

> On Dec 1, 2023, at 8:19 AM, Fenske, Daniel T. <DFenske@mayerbrown.com> wrote:
>
> Natasha — I am out of the office at a funeral. A December 18 response date is fine.

2

Daniel T. Fenske
*Partner*
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, Illinois 60606
T +1 312 701 8926
LinkedIn | Twitter
mayerbrown.com

On Dec 1, 2023, at 9:34 AM, Natasha Zaslove <nzaslove@gilbertlitigators.com> wrote:

**CAUTION: External Email -** Only click on contents you know are safe.

Dear David,

Everyone understands the lengths to which you will go to try to create smokescreens and diversionary issues about a very simple matter: the implementation of the Court's ruling (which was entered on consent of all parties) on October 26, **2022** ("the 2022 Order") that the Defendants produce the records of the non-objecting students.

As you know, Plaintiffs have not done anything "improper" (much less "concededly" so). As was set forth in our Statement in Compliance with Local Rule 37.2 filed in November 27, you failed to make yourself available for a meet and confer on multiple days, including on November 27, so the straightforward motion to implement the 2022 Order was filed.

Notwithstanding Penn's bad faith in trying to re-litigate the 2022 Order (which had been entered on consent), and notwithstanding Penn's further bad faith in being unable to meet and confer on Plaintiffs' motion on November 27 yet demanding that same evening an immediate meet and confer on your own agenda, Plaintiffs decided to bend over backwards to try to appease you by giving you another opportunity to meet and confer to see if Penn would comply with the 2022 Order. We informed you that we would withdraw the November 27 motion, provided that Penn and Georgetown met and conferred with us, and that Plaintiffs would re-file an updated motion if that meet and confer did not resolve the issue.

We are doing exactly what we said we would do. We held that meet and confer with Penn and Georgetown on November 29 at 4:30 PM ET (i.e., late afternoon on the day before yesterday). For several reasons we have explained (including in writing), the meet and confer did not resolve the issue. Moreover, Penn tried to leverage the meet and confer opportunity about Plaintiffs' motion to demand additional discovery for Penn.

We have withdrawn the November 27 motion, and informed the Court that we will file an amended and renewed motion. We are simply waiting for Georgetown's counsel to let us know whether Georgetown agrees to the December 18 briefing schedule to which Penn agreed; as you know, we gave Georgetown's counsel a deadline of noon ET today on that scheduling point. We are going to honor the commitment we made to Georgetown to allow them to respond by noon.

With respect to Penn's structured data, they do not include SI tags for 2016 through 2022 (see PENN568-STRUCTURED-003). We know from Penn's own documents Penn was still using SI tags after 2016. Semantics aside, this omission would make the exercise you proposed during our meet and confer call — namely correlating non-objecting student names/UIDs with Penn's structured data — a fruitless exercise.

Best,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com

> On Nov 30, 2023, at 8:04 PM, Gringer, David <David.Gringer@wilmerhale.com> wrote:
>
> Dear Natasha,
>
> More than 48 hours have elapsed since Plaintiffs promised to withdraw their concededly improper motion to compel. Please withdraw it by Noon ET tomorrow or we will submit to the Court a response consisting of the fact that (a) you never conferred with us before filing; (b) promised to withdraw the motion because you did not confer; and (c) did not, in fact, withdraw the motion.
>
> In addition, as you saw, Bob Litan confirmed to us tonight that there are no "gaps" in Penn's structured data production. We expect that will be reflected in Plaintiffs' motion. In addition, we have to ask you again to please stop misrepresenting the record in your correspondence. This is not the first (or second) time you have done so, and it is inappropriate.
>
> Sincerely,
>
> David
>
>
> **David Gringer | WilmerHale**
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007 USA
> +1 212 230 8864 (o)
> +1 917 747 0731 (c)
> david.gringer@wilmerhale.com
>
> ---
>
> **From:** owner-568group-defs-service@list.wilmerhale.com <owner-568group-defs-service@list.wilmerhale.com> on behalf of Gringer, David <David.Gringer@wilmerhale.com>
> **Sent:** Thursday, November 30, 2023 3:45:04 PM
> **To:** Natasha Zaslove <nzaslove@gilbertlitigators.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>
> **Cc:** David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com<568_litigation@gilbertlitigators.com>; 568 Litigation <568_Litigation@fnf.law>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com <568GROUP-DEFS-SERVICE@list.wilmerhale.com>
> **Subject:** RE: FERPA Motion M&C

4

I should say, we agree to Dec. 18, assuming your new motion is filed no later than tomorrow at 5PM ET.

Sincerely,

David

**David Gringer | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
david.gringer@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** owner-568group-defs-service@list.wilmerhale.com <owner-568group-defs-service@list.wilmerhale.com>**On Behalf Of** Gringer, David
**Sent:** Thursday, November 30, 2023 3:42 PM
**To:** Natasha Zaslove <nzaslove@gilbertlitigators.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>
**Cc:** David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com
**Subject:** RE: FERPA Motion M&C

I am truly stunned at your position and your bad faith negotiating posture, including the email below, which sets a new record for misrepresentations (and font changes). Good luck with your motion, we will respond on or before Dec. 18.

Sincerely,

David



**David Gringer | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
david.gringer@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Sent:** Thursday, November 30, 2023 3:32 PM
**To:** Gringer, David <David.Gringer@wilmerhale.com>; Fenske, Daniel T. <DFenske@mayerbrown.com>
**Cc:** David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com
**Subject:** Re: FERPA Motion M&C

**EXTERNAL SENDER**

David (with a note to Dan at the end of this email, regarding motion scheduling),

Thank you for your email. We, too, recognize that both sides put time and effort into a productive meet and confer. After considering your offer below, we cannot agree to your terms.

Your first three points contain objectionable ambiguities and deficiencies.

As for your Point 1, Penn's structured data production has gaps; you do not propose to provide the admission records and BSI or USI tags if they are not already in the structured data produced. Further, you say that plaintiffs will be able to "discern…all communications with Penn admissions about these students and their families." If those communications have not already been produced, plaintiffs will not be able to "discern" anything. You do not propose to produce the applicant files containing such communications. Moreover, if there are tags for any of these students, we are entitled to the files showing who awarded or affixed those tags, why, what communications by the President's, Development or Admissions Offices led to affixing those tags, and what weight they had on the admission of tagged applicants.

As for your Point 2, it is limited to a search of produced documents. Plaintiffs' Requests for Production — especially Plaintiffs' First Set of Requests for Production, numbers 20, 21, 22, 23, 58, 80, 124, 126, 127, 128, 129, 130, 131, 132; Plaintiff's Second Set of Requests for Production of Documents, numbers 1, 4; and Plaintiffs' Third Set of Requests for Production, numbers 11, 12 — collectively requested all documents related to donor-influence on the admission of these students. As stated, your Point 2 will not cause Penn to produce the files/documents yet to be produced from the President's, Development or Admissions Office that relate to the awarding or affixing of tags for any of these students, to communications about donations.

Your Point 3 has the same deficiencies as your Points 1 and 2. Plaintiffs are entitled to production of files/documents showing who awarded or affixed tags, why, and what impact they had on admissions.

There is no Court order or colloquy supporting your proposal that Plaintiffs' discovery obligation be augmented as you describe. As noted during the call, the Court decided the issue about non-objecting students more than a year ago: Penn is obligated by the October 26, 2022 FERPA Order to produce the files for the non-objecting students within the time frame set forth in the Order. We therefore see no reason for Plaintiffs to provide additional discovery, after the cutoff, in exchange for discovery Penn is already required to produce.

We note as well that the deficiencies in Penn's structured data would make responding to the further discovery requests you describe particularly difficult.

As we agreed to do, we are withdrawing our motion to compel as filed on November 27, 2023, and plan to file a renewed and amended motion to compel. Please confirm no later than tomorrow Friday December 1, that you agree to a deadline of December 18, 2023 for Defendants' response to the motion.

@Dan: Please also confirm by noon tomorrow that you agree with December 18, 2023, as the last day to respond to the renewed and amended motion to compel.

All the best,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com


> On Nov 29, 2023, at 3:25 PM, Gringer, David <David.Gringer@wilmerhale.com> wrote:
>
> David and Natasha,
>
> Thank you for our productive meet and confer this afternoon. As noted on the call, Penn is committed to trying to resolve this issue.
>
> As discussed, Penn would agree to the following, if it fully resolves the issues raised in Monday's motion to compel:
>   1. For Penn's non-objecting students we will give you a chart matching UID to name. That chart will allow plaintiffs to discern admission records and BSI or USI tags for all students at issue from Penn's structured data, plus all communications with Penn admissions about those students and their families. Penn will be able to provide you with this chart by early next week.
>   2. Penn will search produced documents from the agreed-upon custodians and share files for the individual student names on the list and will produce in unredacted form any documents with the non-objecting student or parent

7

    names. For the avoidance of doubt, Penn will not be searching documents from any new custodians nor will it expand the scope of its productions just because of the FERPA order. And as we discussed on the call, the FERPA order necessarily cannot require us to produce documents you did not request in your RFPs to begin with. That said, we believe that what you will be getting are the relevant documents that exist for the non-objecting students at issue.

3. If the judge overrules all or some of the remaining students' FERPA objections, we will do the same as the above for those students.

In return, Plaintiffs will withdraw their motion to compel as to Penn in its entirety and they will not re-file a new motion to compel against Penn seeking the material demanded in your current motion to compel. Additionally, Plaintiffs will allow Penn to serve a reasonable number of interrogatories and RFAs related solely to those students qualifications for admission to Penn or otherwise agree to work with Penn on a stipulation as those students objective qualifications and a reasonable benchmark to assess their qualifications.

One final point—as I see it, this is at least the second time in recent weeks that Plaintiffs filed a motion to compel without complying with Local Rule 37.2. As you noted on the call today and as your colleagues have previously noted, meet and confers between Penn and Plaintiffs have typically been productive with issues in dispute resolved quickly and pragmatically. Today, as we pledged to do last week, we came prepared with a proposal to resolve the issues in dispute. No one could (or did) say that our proposal was an insincere attempt to resolve the issue. The local rule requirement on meet and confers before discovery disputes is a sound one as it prevents undue expense to the parties and more importantly, undue burden to the Court. Penn asks that going forward you honor the rule and its spirit without reminder.

Sincerely,

David


**David Gringer | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 230 8864 (o)
+1 917 747 0731 (c)
[david.gringer@wilmerhale.com](mailto:david.gringer@wilmerhale.com)

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email

8

to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Sent:** Wednesday, November 29, 2023 6:09 PM
**To:** Gringer, David <David.Gringer@wilmerhale.com>
**Cc:** David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com
**Subject:** Re: FERPA Motion M&C

**EXTERNAL SENDER**

David,

Following up our call today, we are standing by for the written proposal you outlined. Please provide by today or no later than tomorrow, so we can consider on our end.

Thank you,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com

> On Nov 28, 2023, at 6:10 PM, 'Gringer, David' via 568_litigation <568_litigation@gilbertlitigators.com> wrote:
>
> We can do 4:30. Counsel for Georgetown will also be joining.  Could I trouble you to send an invite?
>
> Sincerely,
>
>
> **David Gringer | WilmerHale**
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007 USA
> +1 212 230 8864 (o)
> +1 917 747 0731 (c)
> david.gringer@wilmerhale.com

9

**From:** Natasha Zaslove <nzaslove@gilbertlitigators.com>
**Sent:** Tuesday, November 28, 2023 8:41:00 PM
**To:** Gringer, David <David.Gringer@wilmerhale.com>
**Cc:** David Copeland <dcopeland@gilbertlitigators.com>; 568_litigation@gilbertlitigators.com<568_litigation@gilbertlitigators.com>; 568 Litigation <568_Litigation@fnf.law>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com <568GROUP-DEFS-SERVICE@list.wilmerhale.com>
**Subject:** FERPA Motion M&C

**EXTERNAL SENDER**

David,

Please let us know your availability to meet and confer with David Copeland and me tomorrow, Wednesday November 29 between 3:00 and 5:00 p.m. ET with respect to production of education records of the Penn students who have not filed objections.

Plaintiffs' motion on this issue will be withdrawn pending the meet and confer. If the meet and confer does not result in a resolution, Plaintiffs' motion will be updated as necessary and refiled.

Regards,

Natasha Zaslove
Senior Associate
Gilbert Litigators & Counselors, P.C.
Cell: 917-699-1474
nzaslove@gilbertlitigators.com
www.gilbertlitigators.com

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.