**PUBLIC VERSION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIA HENRY *et al.*, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BROWN UNIVERSITY, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**CORNELL UNIVERSITY'S MEMORANDUM OF LAW IN RESPONSE TO
CORNELL STUDENTS' OBJECTIONS UNDER FERPA**

Pursuant to this Court's November 28, 2023 minute order (ECF No. 530), Cornell University ("Cornell") respectfully submits this response in support of the objections filed by the Cornell Doe Students and one other former Cornell student (collectively, "Cornell Students") under the Family Educational Rights and Privacy Act ("FERPA") (ECF Nos. 477, 496). Plaintiffs must satisfy a "significantly heavier burden" to access FERPA-protected information over the Cornell Students' objections. *Wanko v. Bd. of Trs. of Ind. Univ.*, 2018 WL 3631579, at *4 (S.D. Ind. July 30, 2018), *aff'd* 927 F.3d 966 (7th Cir. 2019); *see also Banks v. Baraboo Sch. Dist.*, 2020 WL 5751415, at *4, *7 (W.D. Wis. Sept. 25, 2020) ("Before disclosure of FERPA-protected documents pursuant to a court order, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students."); *McDaniel v. Loyola Univ. Med. Ctr.*, 2015 WL 13901029, * 2 (N.D. Ill. 2015). Plaintiffs have failed to meet this burden.

The privacy interests implicated here are paramount. All nine Cornell Students from whom Plaintiffs seek FERPA-protected information objected to disclosure. The Students explained that



*See, e.g.*, ECF No. 496 at 2, 10, 14.  They expressed

*Id.* at 2, 4, 10.  One Student

*Id.* at 15.  That Student further noted

*Id.*  While the Students are aware that the parties agreed to an Amended Confidentiality Order, they explained that

*Id.* at 2, 4, 6, 8, 10, 12, 15, 17.  And their concerns are warranted, especially given that Plaintiffs have filed confidential material on the public record, including on at least one occasion after the Students filed their objections.  *See, e.g.*, ECF No. 502.  No discovery sanction can undo the harm caused by sloppy or careless disclosure of protected, private information.

In stark contrast to the Students' individually expressed privacy interests, the value of the FERPA-protected information to Plaintiffs is minimal.  Plaintiffs plainly admitted that they selected the names of the Cornell Students "based on publicly available information about the amount and timing of their families' donations" (*see, e.g.*, ECF No. 443-1 at 2) without providing that information or the "publicly available information suggestive of the students' academic qualifications" (*id.*) to the Court.  And Plaintiffs have provided no other explanation for how and why they chose these nine Students and their families, specifically, out of Cornell's thousands of donors.  Should the Students' objections be overruled, Plaintiffs would only be entitled access to

the names of the Students, which are currently protected through anonymization—yet Plaintiffs have not even sustained their burden of showing why they need these names.

The record established by Cornell's numerous documents and the testimony provided by Cornell's witnesses lend no support for Plaintiffs' theory that Cornell admitted any student as a result of past and/or prospective donations by that student's family. Plaintiffs have deposed, among others, two of Cornell's former Directors of Undergraduate Admissions whose consecutive tenures spanned just over 20 years and a former Associate Provost for Admissions & Enrollment, all of whom testified that donors did not play any part in Cornell's admissions process. *See, e.g.*, Armstrong Decl. Ex. A, Felton Dep. Tr. at 157:19-24, 177:20-25 (testifying that "You have to meet the minimum requirements for admission to be offered admission regardless of who you are" and "I think you're more likely to be admitted if you present a strong application and you meet the admission requirements for the program/school you've applied to and the particular year that you've applied."); *id.* at 100:9-22, 160:18-23; *id.* Ex. B, Locke Rough Dep. Tr. at 20:18-21, 23:4-9, 26:14-20; *id.* Ex. C, Davis Rough Dep. Tr. at 74:8-75:7. In addition, when asked during his deposition about each of the donors related to the nine Students (as well as about some of the Students themselves) *by name*, the Director of Undergraduate Admissions who held the position during the admissions cycles when eight of the nine Students were applying to Cornell (and held other admissions-related positions during his twenty years of employment at Cornell), testified that he was familiar with a couple of the names but did not know whether they were donors or even whether their children or grandchildren had been admitted to Cornell. *See id.* Ex. A, Felton Dep. Tr. at 98:15-100:8.

In light of the Students' compelling privacy interests, the minimal value of the FERPA-protected information (specifically, the Students' names) to Plaintiffs, and the lack of evidence in

support of Plaintiffs' theory that Cornell engaged in purported wealth favoritism, the balance of interests favors protection of the Students' information from disclosure. Therefore, Cornell respectfully requests that this Honorable Court sustain the Cornell Students' objections and preclude disclosure of their names.

Dated: December 18, 2023

Respectfully submitted,

By: */s/ Norman Armstrong*
Norman Armstrong (admitted *pro hac vice*)
Christopher C. Yook (admitted *pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
Tel.: (202) 737-0500
narmstrong@kslaw.com
cyook@kslaw.com

Emily T. Chen (admitted *pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel.: (212) 556-2100
echen@kslaw.com

Zachary T. Fardon
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Tel.: (312) 995-6333
zfardon@kslaw.com

*Counsel for Defendant Cornell University*

**PUBLIC VERSION**

## **CERTIFICATE OF SERVICE**

I, Norman Armstrong, hereby certify that on December 18, 2023, I caused a true and correct copy of the foregoing Defendant Cornell University's Memorandum of Law In Response to Cornell Students' Objections Under FERPA, Declaration of Norman Armstrong, and Exhibits to Declaration of Norman Armstrong to be served via electronic mail upon all counsel of record in this action.

Dated: December 18, 2023   */s/ Norman Armstrong*
Norman Armstrong (admitted *pro hac vice*)

*Counsel for Defendant Cornell University*