PUBLIC VERSION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIA HENRY, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**GEORGETOWN UNIVERSITY'S MEMORANDUM IN SUPPORT
OF THE GEORGETOWN DOE STUDENTS' OBJECTIONS UNDER FERPA**

Georgetown University ("Georgetown") respectfully submits this response in support of the Georgetown Doe Students' ("Students'") objections under the Family Educational Rights and Privacy Act ("FERPA") to the production of their de-anonymized education records. *See* Dkt. 508, 509. Plaintiffs must satisfy a "significantly heavier burden" to access the FERPA-protected information they are seeking than with respect to other types of information. *Wanko v. Bd. of Trs. of Ind. Univ.*, 2018 WL 3631579, at *4 (S.D. Ind. July 30, 2018), *aff'd* 927 F.3d 966 (7th Cir. 2019) (internal quotation marks omitted); *see also Banks v. Baraboo Sch. Dist.*, 2020 WL 5751415, at *4, *7 (W.D. Wis. Sept. 25, 2020). In particular, Plaintiffs must establish that they have "a genuine need for the information that outweighs the privacy interests of the students." *Banks v. Baraboo Sch. Dist.*, 2020 WL 5751415, at *4, *7 (W.D. Wis. Sept. 25, 2020) (internal quotation marks omitted). Plaintiffs have not come close to satisfying this standard.

████████████████████████████████████████ the Students were eminently qualified for admission to Georgetown. Plaintiffs had no basis to suspect otherwise when choosing to single out these Students to claim that they were admitted solely because of their purported connections to actual or potential donors to Georgetown, rather than their own merit. Worse still, Plaintiffs have targeted these Students by seeking their education records in *de-identified* form. The only end such production could serve would be to risk further public disclosure that the Students were accused, without basis, of "buying" their way into college, and to improperly attempt to drive a wedge between Georgetown and its alumni and donor supporters. Particularly in the era when rumors spread in rapid fashion through social media, such public disclosure would endanger these students' reputations, career prospects, and relationships, as it would tie the Students *by name* to an unfounded attack on their qualifications and integrity.

The Students' letters to the Court reflect this substantial concern. One Student ████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Dkt. 508 at 30. Another explained ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████ *Id.* at 4-5. Still another expressed ████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████ *Id.* at 13.

Students explained that the confidentiality order in this case does not resolve their concerns. ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████ *Id.* at 31. Yet another Student told this Court ████████████████████████,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 8-9; *see also id.* at 3, 9, 23, 28, 31, 33 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Given Plaintiffs' past filing of confidential material on the public record, *see* Dkt. 356, 357, these concerns are more than justified.

On the other side of the scale, Plaintiffs' need for these documents is, at best, minimal. Plaintiffs seek highly private records for a cherry-picked list of students whom Plaintiffs have selected simply by "us[ing] publicly available information to identify students whose families have made or were prospects to make substantial donations to the university to which the student was admitted." *See* Dkt. 443-1 at 4. In other words, Plaintiffs had *no* basis for believing a donation influenced these Students' admission beyond publicly available information that they are related to individuals who may have donated to Georgetown. Georgetown has hundreds if not thousands of donors, and Plaintiffs cannot justify why they singled out *these* Students. And even if Googling donors to Georgetown were enough, there would *still* be no reason to compel production of highly personal educational records in *de-anonymized* fashion. Even if produced in redacted form, Plaintiffs can tie documents about particular Students together through the insertion of UIDs, which will make clear which produced documents relate to which students. In short, Plaintiffs do not need documents with the unredacted names of any particular Students to assess whether a donation by their relative "impacted the admissions process," obviating Plaintiffs' stated need for the materials. Ex. 1, 10/5/2023 Hr'g Tr. 13:21-22.

Plaintiffs' need for documents about these particular Students is further undermined by the sheer volume of documents Georgetown has produced as to alleged wealth favoritism more generally. As Georgetown recently explained in connection with Plaintiffs' motion to obtain

further information regarding its "President's List," *see* Dkt. 520, Georgetown has produced copies of the original "President's Lists;" voluminous Excel and similar files relating to the President's Lists for a 16-year period that include certain comments about candidates for admission, such as their relationship with actual or potential Georgetown donors; and hundreds of additional documents from its Advancement Office—the office responsible for managing donor relationships at Georgetown—relating to Georgetown's Special Interest policy. *See* Dkt. 520, at 3. Following this Court's August 2023 directive, moreover, Georgetown reached an agreement with Plaintiffs to provide discovery as to 150 candidates that Plaintiffs selected based on their review of documents Georgetown had already produced related to President's List candidates. *Id.* at 4. And in the near term, Georgetown will produce additional documents related to applicants on the President's List for three years of Plaintiffs' choosing, consistent with this Court's ruling during the November 28, 2023 hearing. *See* Dkt. 530.

In other words, Georgetown has or will produce voluminous information about the alleged influence of donations on admissions at Georgetown. That information is more than enough for Plaintiffs to assess whether a donation influenced any student's admission at Georgetown—the issue Plaintiffs are focused on. Ex. 1, 10/5/2023 Hr'g Tr. 13:21-22. Particularly given their compelling objections under FERPA, there is no reason to target the Georgetown Doe Students and unmask their highly personal educational records in this litigation.

Accordingly, Georgetown supports the Students' objections and requests that the Court reject Plaintiffs' efforts to obtain those Students' records.

**PUBLIC VERSION**

Dated: December 18, 2023        Respectfully submitted,

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP 71 South Wacker Drive
Chicago, IL 60606
Tel.: (312) 783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

**PUBLIC VERSION**

**CERTIFICATE OF SERVICE**

    I, Britt M. Miller, an attorney, hereby certify that on December 18, 2023, I caused a true and correct copy of the foregoing Georgetown University's Memorandum in Support of the Georgetown Doe Students' Objections Under FERPA to be served electronically on all counsel of record via email.

                                            /s/ *Britt M. Miller*
                                            Britt M. Miller
                                            MAYER BROWN LLP
                                            71 South Wacker Drive
                                            Chicago, IL 60606
                                            (312) 782-0600
                                            bmiller@mayerbrown.com