PUBLIC VERSION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SIA HENRY, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**GEORGETOWN UNIVERSITY'S RESPONSE TO PLAINTIFFS' AMENDED AND RENEWED MOTION TO COMPEL THE PRODUCTION OF THE EDUCATION RECORDS OF THE 35 GEORGETOWN AND PENN STUDENTS WHO HAVE NOT FILED OBJECTIONS TO SUCH PRODUCTION UNDER FERPA**

Plaintiffs' motion is the latest in a series targeted at alleged "wealth favoritism" at Georgetown and other defendants. As the Court is aware given the recent motion practice on these issues, Georgetown has produced extensive discovery on that topic from its Admissions, President's, and Advancement Offices. Georgetown is in the process of collecting and producing additional materials on this subject—related to the so-called "President's List"—in response to the Court's November 28, 2023 order directing further (but limited) discovery on that issue. *See* Dkt. 530. And in response to the instant motion as to certain current or former Georgetown students who did not submit objections to their Family Educational Rights and Privacy Act ("FERPA") notices (the "At-Issue Students"), Georgetown has *agreed* (1) to provide available Admissions-Office data or documents sufficient to show their academic credentials, and (2) to search for and

re-produce any other documents that Georgetown produced as to those students with redactions as to these students removed, which would include any produced documents relating to donations made by family members or other individuals connected to the students. *See* Ex. 1 (emails between counsel for Georgetown and counsel for Plaintiffs on December 14 and 18, 2023).[1]

Despite all of that discovery—provided at considerable burden—Plaintiffs are not satisfied, and have demanded that Georgetown conduct *additional* searches for documents as to the At-Issue Students. Plaintiffs' motion is a thinly-veiled attempt to obtain, through a motion to "unmask" certain students under the FERPA-notice process, additional discovery from Georgetown to which they are not entitled and which they do not need.

1. Plaintiffs first seek "the admission files for each student or, at a minimum, documents sufficient to show each student's academic data (SAT/ACT scores, AP grades, GPA, Class Rank, etc.), as well as any ratings used to admit or deny students for admission." Mot. ¶ 7. As noted above, Georgetown has agreed to produce this information as to each of the At-Issue Students to the extent it is maintained in its structured data or, if not, to the extent that it can be located in Admissions-Office records. This request is, therefore, no longer in dispute.

2. The focus of this brief is Plaintiffs' demand that Georgetown search for (a) "all documents located in the Admissions, President's or Development [Advancement] Offices concerning any donations by each student's parents (or their capacity to make such donations), including any correspondence with those parents," as well as "all documents concerning that student's inclusion on the President's list." Mot. ¶¶ 7, 8. Plaintiffs are not entitled to, and have no need for, that discovery.

---

[1] Exhibits 1-3 are attached to the Declaration of Daniel T. Fenske filed concurrently.

3. *First*, by Plaintiffs' own admission, the request for "all documents concerning that student's inclusion on the President's List" was "not included in the Plaintiffs' September 25 Memorandum." Mot. ¶ 8, N.4. The At-Issue Students thus had no way to know the scope of Plaintiffs' request at the time objections were due. For this reason alone, the Court should rule that Plaintiffs are not entitled to discovery broader than what Plaintiffs sought in their Motion to Compel FERPA Notices.

4. *Second,* Georgetown has already produced substantial discovery from all three offices (Admissions, President's, and Advancement) as to alleged wealth-favoritism. As part of that process, the parties negotiated discovery parameters and, where they could not agree, the Court has ordered additional discovery—including as to the exact same issues that are at issue here. If the prior and ongoing discovery identified documents as to the At-Issue Students, it would already have been produced (or will be produced if located during the ongoing review ordered by the Court on November 28). Georgetown has agreed to re-produce those materials without the At-Issue Students' names redacted. *See supra*, at 2.

5. *Third*, requiring Georgetown to conduct additional searches for documents about the At-Issue Students would circumvent limitations on discovery this Court imposed only weeks ago. In their recent motion to compel to add Georgetown's President and his assistant as custodians, Plaintiffs sought 20-plus years of discovery as to the "President's List"—the very same issue Plaintiffs seek further discovery on here. *See* Mot. ¶ 8. This Court granted that motion, but only in part. The Court permitted Plaintiffs to select a three-year period for which Georgetown would provide additional information as to President's-List candidates. *See* Ex. 2, 11/28/2023 Hr'g Tr. 41:21-42:19 (sealed portion). Georgetown is in the process of providing that information, and will produce information responsive to the parties' agreed-upon search parameters. Anything

3

further would require Georgetown to conduct the very search for President's-List materials the Court has already *rejected*.

6. *Fourth,* Plaintiffs' request that Georgetown produce "all" documents from three different offices regarding the At-Issue Students, including all correspondence with their parents, is overbroad and disproportionate. Universities often correspond with parents of current or prospective students about a variety of matters, including housing, financial aid, course-loads, and myriad other matters. There is no reason to believe that all that correspondence is relevant. Further, searching for all such correspondence would be burdensome, as it could not all be found in one location. Particularly in light of the extensive other discovery Georgetown has provided or is in the process of providing on alleged wealth favoritism, Plaintiffs proposal is disproportionate to the needs of this case.

7. *Fifth*, to the extent Plaintiffs are arguing that the Court's prior decision granting the motion to compel FERPA notices itself compelled Defendants to produce any particular document, *see* Mot. ¶¶ 5, 6, Plaintiffs are wrong. The Court made clear in ruling on that motion that it was *only* ordering Defendants to send FERPA notices to the impacted students; it did not compel the production of any particular documents. *See* Ex. 3, 10/5/2023 Hr'g Tr. 27:16-28:23.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied, except to the extent that Georgetown should be directed:

(1) To supply the UIDs as to the Non-Objecting Students whose admissions records are within the Admissions-Office structured data Georgetown has previously produced.

(2) As to those Non-Objecting Students not reflected in the Admissions-Office structured data, to search for and produce, to the extent they can be located in the Admissions-Office records, documents from their application materials submitted to Georgetown sufficient to show their academic credentials (e.g., high school grades, test scores, etc.), provided those materials are from within the agreed upon discovery period (2003-forward).

**PUBLIC VERSION**

(3) To search its produced documents for references to the Non-Objecting Students and to re-produce those documents with any redactions as to the Non-Objecting Students removed.

Dated: December 18, 2023

Respectfully submitted,

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

**PUBLIC VERSION**

## **CERTIFICATE OF SERVICE**

I, Britt M. Miller, an attorney, hereby certify that on December 18, 2023, I caused a true and correct copy of Georgetown University's Response to Plaintiffs' Amended and Renewed Motion to Compel the Production of the Education Records of the 35 Georgetown and Penn Students Who Have Not Filed Objections to Such Production Under FERPA to be served electronically on all counsel of record via email.

/s/ *Britt M. Miller*
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com