# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> *Defendants*. | Case No. 1:22-cv-00125-MFK <br><br> Hon. Matthew F. Kennelly |

**THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S RESPONSE TO PLAINTIFFS' RESPONSE TO THE FERPA OBJECTIONS OF DOE STUDENTS (ECF NO. 561)**

Defendant Trustees of the University of Pennsylvania ("Penn") submits this brief

response to correct the record regarding several misstatements in Plaintiffs' Memorandum In

1

Response To The Objections Of 37 Donor-Related Students To The Production Of Their FERPA-Protected Education Records By Defendants Cornell, Georgetown, and Penn (ECF No. 561). Penn asked Plaintiffs to file a corrected brief, but they refused.

1. Plaintiffs twice assert that Penn "received substantial donations from the families of the students who have filed objections to the production of their FERPA-protected records." *Id.* at 3, 4. As to Penn, that is false. Indeed, Plaintiffs do not know the identity of the objecting students, and thus cannot know whether that statement was correct. In any event, Penn can confirm that it is incorrect.

2. Plaintiffs next purport to identify two of the "likely" objectors from Penn, based on no evidence at all. *Id.* at 10. Plaintiffs are once again wrong. Plaintiffs further reference students who are not even among those on their list at issue in this motion and who are plainly irrelevant. *Id.* at 10 & n.22. And the only donations Plaintiffs can muster occurred *after* the students at issue were admitted to Penn and thus did not influence the admissions process.

3. Finally, Plaintiffs seek to take advantage of recent events at Penn by claiming that they are somehow evidence relevant to this antitrust lawsuit. *Id.* at 9. Much has been written about Penn in the last two months, but none of it has anything to do with this case. These comments are not legitimate litigation tactics, have nothing to do with the FERPA objections, and do not belong in this case, period.

4. Plaintiffs' baseless (and in fact erroneous) speculation about Penn and the families in question should be stricken, the Penn Doe Students' objections should be upheld, and Plaintiffs' Motion to Compel should be denied.

Dated: December 20, 2023

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-230-8800
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*