# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | **Case No. 1:22-cv-00125** |
| Plaintiffs, | |
| v. | **Hon. Matthew F. Kennelly** |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT PENN'S MOTION FOR LEAVE TO RESPOND TO PLAINTIFFS' RESPONSE TO THE OBJECTIONS OF 37 DONOR-RELATED STUDENTS TO THE PRODUCTION OF THEIR FERPA-PROTECTED EDUCATION RECORDS**

Defendant The Trustees of the University of Pennsylvania ("Penn") has moved for leave to respond – *i.e.*, to file an unauthorized reply -- to Plaintiffs' Response to the Objections of 37 Donor-Related Students to the Production of Their FERPA-Protected Education Records, ECF 561

("Plaintiffs' Response"). For the following reasons, Penn's motion should be denied; or, alternatively, the Court should reject the arguments in Penn's proposed "Response":

1. Penn has not told the Court that Plaintiffs offered to file a short pleading to explain why the statements in Plaintiffs' Response were not (in Penn's word) "baseless." Instead, Penn gave Plaintiffs three hours to agree to let Penn file a new brief that was not permitted under the Court's prior orders. *See* email correspondence attached as Ex. A, which sets forth in full Plaintiffs' reasonable responses to Penn's unreasonable demands.[1]

2. Penn's main complaint is that Plaintiffs made the following statements in their brief: (a) ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████ Plaintiffs' Response at 10 (emphases added).

3. Why did Plaintiffs use the qualifier "likely"? That is explained in Plaintiffs' Response, n.13: "Because the Court allowed counsel for the objecting students to redact the names of those students before their letters were served on Plaintiffs' counsel, Plaintiffs cannot state with certainty which of the . . . Penn students to whom FERPA notices were sent actually filed objections, and which did not. . . . Under these circumstances, Plaintiffs have made the reasonable deduction that students from the wealthy . . . Penn donor-families described above were 'likely' among those who hired counsel to assist in the preparation and filing of their objections."

4. Penn now says that Plaintiffs were mistaken, *i.e.*, that ███████████████ were *not* among the students who filed objections to the productions of their education records. If

---

[1] In an abundance of caution, Plaintiffs have redacted two student names from one of its emails. If the Court believes these redactions are improper, Plaintiffs will re-file Ex. A without redactions.

2

that is true, however, then it follows that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ were among the Penn students who did *not* file objections in response to the FERPA Notices sent to them by Penn counsel at Plaintiffs' request. In that event, there is no question that their admission files and parent-donor communications should be promptly produced.[2]

5. Penn counsel is also upset that Plaintiffs cited recent news articles to demonstrate the broad influence that Penn donors clearly exert over their school. Penn says those reports are not "relevant." Plaintiffs will leave that determination to the Court.

6. Finally, in a comment that goes beyond the purported purpose of Penn's "Response," Penn states that "the only donations Plaintiffs can muster occurred *after* the students at issue were admitted to Penn and thus did not influence the admissions process." Penn Ex. 1 ¶ 3 (emphasis in original). Penn's statement ignores the fact that time and again Plaintiffs have told this Court that wealth favoritism occurs when one of the Defendants "consider[s] the donation history or *capacity for future donations* in deciding whether an individual applicant should be admitted." Plaintiffs' Response at 2 (emphasis added). *See also* Oct. 5, 2023 Hearing Tr. 12, 14 (Court referring to "wealth" as a consideration). To put the matter bluntly, when an applicant's family is worth more than a billion (or several hundred million) dollars, a university may choose to admit the student and wait for the donation.

7. Plaintiffs stand by the briefs they have filed as to the objecting and non-objecting students from Penn, Cornell, and Georgetown.

---

[2] *See* Plaintiffs' Amended and Renewed Motion to Compel the Production of the Education Records of the Georgetown and Penn Students Who Have Not Filed Objections. ECF 539, 540.

Dated: December 20, 2023

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Steven Magnusson
**GILBERT LITIGATORS &**
  **COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com

/s/ Eric L. Cramer
Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
enoteware@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Respectfully Submitted,

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Peter Bach-y-Rita
Richard Cipolla
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-350-0527
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

Ivy Ngo
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

4