UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**JOINT DECLARATION OF ERIC L. CRAMER,
ROBERT D. GILBERT, & EDWARD NORMAND IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS
BROWN UNIVERSITY, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY
OF NEW YORK, DUKE UNIVERSITY, EMORY UNIVERSITY, AND YALE
UNIVERSITY, PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT
CLASS, APPROVAL OF THE REVISED NOTICE PLAN, AND APPROVAL OF THE
<u>SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS</u>**

Pursuant to 28 U.S.C. §1746, we, Eric L. Cramer, Robert D. Gilbert, and Edward Normand jointly declare:

1. We are, respectively, shareholders or partners of the law firms of Berger Montague PC ("Berger Montague"), Gilbert Litigators and Counselors ("GLC"), and Freedman Normand Friedland LLP ("FNF") (together, "Settlement Class Counsel"). We have been actively involved in investigating, initiating, and prosecuting this matter from the outset. On September 9, 2023, the Court preliminarily approved the Plaintiffs' proposed class settlement with Defendant University of Chicago ("Chicago"). *See* ECF No. 439 ("University of Chicago Preliminary Approval Order"). Subsequently, Plaintiffs executed settlement agreements with five additional Defendants: Brown University ("Brown"); The Trustees of Columbia University in the City of New York ("Columbia"); Duke University ("Duke"); Emory University ("Emory"); and Yale University ("Yale") (these settling Defendants collectively, the "Second Tranche Settling Universities" or "Second Tranche Settling Defendants;" and these settlements, the "Second Tranche Settlements").[1] We are familiar with all of these proceedings and have personal knowledge of the matters set forth herein. If called upon and sworn as witnesses, we would be competent to testify thereto.

2. For efficiency purposes, Plaintiffs are requesting that the Court combine the approval process for the University of Chicago Settlement with all five of the Second Tranche Settlements (collectively, the "Settlements" and "Settling Defendants" or "Settling Universities").

3. Unless otherwise defined herein, all capitalized terms have the same meanings set

---

[1] As the parties previously informed the Court, Plaintiffs have also reached an agreement in principle with Vanderbilt University ("Vanderbilt") (ECF No. 525). The parties are in the process of finalizing that Settlement Agreement.

forth in the settlement agreements with Second Tranche Settling Defendants (collectively referred to as the "Settlement Agreements"), which are attached hereto at Exhibits 1-5. Because each Settlement Agreement is structured with the same format, citations to the Settlement Agreements will use the singular form. Any citations unique to a specific Settlement Agreement will be expressly noted.

4. We respectfully submit this Declaration in Support of the Motion for Preliminary Approval of Settlements with Defendants Brown University, The Trustees of Columbia University in the City of New York, Duke University, Emory University, and Yale University, Provisional Certification of the Proposed Settlement Class, Approval of the Revised Notice Plan, and Approval of the Schedule for Completing the Settlement Process.

5. The Second Tranche Settling Universities have agreed to make the following payments to Plaintiffs and the Settlement Class:

- Emory: $18.5 million.
- Yale: $18.5 million.
- Brown: $19.5 million.
- Columbia: $24 million.
- Duke: $24 million.

6. These additional settlements collectively amount to $104.5 million, and with the preliminarily approved University of Chicago Settlement ($13.5 million), the six settlements achieved to date total $118 million in aggregate cash payments for the benefit of the Settlement Class. As described below, the Settlements are fair, reasonable, and adequate.

7. Proposed Class Representatives have been involved in assisting the litigation of the matter, helping to file this class action lawsuit, responding to discovery, and have considered

and approved the terms of the Settlement Agreements.

8. We believe that the Settlements are an excellent result for the Settlement Class in light of, *inter alia*, the substantial and immediate cash payments (individually and collectively) for the benefit of the Settlement Class, the risks associated with delay, Settling Defendants' ongoing discovery obligations under the Settlement Agreements, and the fact that the remaining non-settling Defendants[2] in the matter are jointly and severally liable for, and capable of paying, the full amount of anticipated proved damages caused by the alleged conspiracy. Accordingly, we respectfully submit that pursuant to Federal Rule of Civil Procedure 23(e), the Settlements should be preliminarily approved.

## SETTLEMENT CLASS COUNSEL'S PROSECUTION OF THE ACTION

9. Proposed Settlement Class Counsel have devoted substantial time, effort, and resources to this litigation, beginning with their initial investigation, through the filing of the Complaint, the successful briefing on the motion to dismiss, the aggressive pursuit of document and deposition discovery, and the development of expert analyses with consulting and testimonial experts. Further, Settlement Class Counsel pursued resolution with the Settling Universities and Vanderbilt over many months, including arm's length settlement negotiations (sometimes individually and sometimes in pairs) and lengthy discussions of the details of each Settlement Agreement and associated documents. Settlement Class Counsel did not have the benefit of a governmental investigation or enforcement action in advance of filing the Action, but instead investigated and initiated the matter solely through their and their clients' own initiative, joint investigation, and collective resources.

10. Plaintiffs filed the initial complaint on January 9, 2022. ECF No. 1. Defendants

---

[2] "Defendants" is defined in each Settlement Agreement at 1-2.

4

filed Motions to Dismiss on April 15, 2022. *See* ECF Nos. 145 (by Defendants Brown, Emory, Chicago, and Johns Hopkins), 146 (by all Defendants), 148 (by Defendant Yale). On August 15, 2022, the Court issued an Order denying Defendants' Motions to Dismiss in their entirety. *See* ECF No. 185. The Court analyzed Plaintiffs' claims and found that Plaintiffs had plausibly alleged, *inter alia*, that (1) the challenged conduct did not fall within an antitrust exemption, (2) that Defendants had committed violations of the Sherman Act, (3) that Plaintiffs' injuries were sufficient to satisfy antitrust injury and antitrust standing requirements, and (4) that the claims were not time-barred. *Id.*

11. Over the next two years, Settlement Class Counsel have aggressively litigated the case, including with regard to fact discovery and expert work. Both pursuits are critical to: establishing liability and the foundations for class certification; opposing Defendants' anticipated summary judgment and *Daubert* motions; preparing for the jury trial in this matter; and defending any judgment on appeal.

12. To date, in discovery, Settlement Class Counsel have secured the production of over 1.4 million documents in total from all Defendants (including over 400,000 documents from the Second Tranche Settling Universities and Vanderbilt) and multiple third parties. Plaintiffs have also taken over fifty fact depositions of non-settling Defendants and Settling Defendants and defended nine fact depositions to date.

13. Settlement Class Counsel also identified, collected, reviewed, and produced nearly 4,000 documents from the Class Representatives. This process involved numerous calls and meetings (including in-person meetings) to identify and collect documents and identify electronic data sources subsequently collected by a retained vendor. Once Settlement Class Counsel responded to Defendants' document requests on behalf of the Class Representatives and

5

negotiated search terms with Defendants, Settlement Class Counsel reviewed the universe of collected documents to locate those appropriate for production. Settlement Class Counsel also worked with the Class Representatives to produce multiple rounds of Interrogatory Responses on behalf of the Class Representatives, as well as Initial Disclosures. Settlement Class Counsel also defended the depositions of each of the eight class representatives and a parent of one class representative.

14. Settlement Class Counsel also felt it necessary to file multiple motions to compel compliance with discovery requests served on Defendants. *See, e.g.*, ECF Nos. 331, 402, 440, 443, 467, 505, 539.

15. In preparation for the more than sixty fact depositions taken and defended in this case to date and the many more that are scheduled, Settlement Class Counsel (a) identified key documents to be used at each deposition, (b) prepared extensive deposition outlines, and (c) coordinated deposition strategy and questioning amongst the Plaintiffs' legal team, as well as logistics with Defendants.

16. Given the importance of expert issues, including economic and damages issues in this case, Settlement Class Counsel have spent significant time working with their retained testimonial and consulting experts and investigators to address issues including impact of the challenged conduct on the members of the proposed class, damages suffered by the class, and anticompetitive effects of the challenged conduct.

## THE SECOND TRANCHE SETTLEMENTS

17. Plaintiffs executed a settlement agreement with the University of Chicago on August 7, 2023. Plaintiffs subsequently moved for preliminary approval of the settlement with the University of Chicago on August 14, 2023. The Court granted that motion on September 9, 2023. ECF No. 439. Following the Settlement with the University of Chicago, Settlement Class

Counsel—over the course of several months—pursued, negotiated, and subsequently executed separate Settlement Agreements with each of the Second Tranche Settling Defendants. *See* Exhibits 1-5.

18. Each Settlement Agreement with the Second Tranche Settling Defendants provides for the Second Tranche Settling Defendant to make a cash payment to Plaintiffs and the proposed Settlement Class (which Class includes approximately 200,000 members), and to provide certain additional, limited discovery. *See, e.g.*, Ex. 1 ¶¶ 7, 20. The amount of each Settling Defendant's cash payment is listed above at Paragraph 5. The five Second Tranche Settlements collectively amount to $104.5 million. As noted above, all six settlements achieved to date (including the settlement with the University of Chicago) total $118 million in aggregate cash payments for the benefit of the Settlement Class.

19. Over a period of roughly 16 weeks, involving extensive arm's length negotiations, Plaintiffs reached settlements in principle with the Second Tranche Settlements and Vanderbilt, and then formal settlement agreements with each of the Second Tranche Settling Defendants. For some of the Second Tranche Settlements, agreement was achieved with the able assistance of renowned mediator, former U.S. District Court Judge Layn Phillips and his colleagues Miles Rothenberg and Clay Cogman at Phillips ADR.

20. These agreements were not achieved as a group or all at once, but instead were separately pursued over the course of time, with negotiations going on simultaneously. Settlement Class Counsel pursued a strategy of increasing the settlement amounts with each successive agreement or set of agreements to exert pressure on non-settling Defendants to reach agreement imminently or risk having to pay significantly more by waiting.

21. Moreover, under each Settlement Agreement, each Second Tranche Settling

Defendant has agreed to engage in certain important continued discovery obligations, tailored to the needs of the Plaintiffs with regard to each Settling Defendant individually. *See* Brown Settlement ¶ 20; Columbia Settlement ¶ 20; Duke Settlement ¶ 20; Emory Settlement ¶ 20; Yale Settlement ¶ 20. Among other things, Second Tranche Settling Universities agreed to: (a) work in good faith to resolve unanswered questions regarding their respective data productions; (b) consider reasonable requests to produce additional relevant information, including documents, regarding undergraduate financial aid and the 568 Group; and (c) facilitate authentication of certain documents it produced in discovery. *Id*.

22. Each Settlement Agreement provides that if more than 650 proposed Class Members opt-out of the Settlement in a timely fashion, the Second Tranche Settling Defendant would have the right to terminate the Settlement Agreement. *See, e.g.*, Exhibit 1, ¶ 16.

23. The Custodian/Escrow Agreement for Second Tranche Settlements ("Jan. 23, 2024 Escrow Agreement") is attached hereto as Exhibit 6. Plaintiffs request that Huntington Bank, a highly respected bank providing consumers, corporations, and others with a broad range of financial services, be appointed as Escrow Agent for the Second Tranche Settlements. The Court previously approved Huntington Bank as the Escrow Agent for the University of Chicago Settlement. *See* University of Chicago Preliminary Approval Order ¶ 9, ECF No. 439.

24. We know of no separate agreements or conflicts that would affect the settlement amounts, the eligibility of Settlement Class Members to participate in the Settlements, or the treatment of Settlement Class Members' claims.

25. We have collectively prosecuted numerous antitrust class actions as lead counsel or in other leadership positions. We have collectively negotiated many class and non-class litigation settlements. In our opinion, the Settlement Agreements in this case are fair, reasonable,

and adequate. The Settlements (individually and collectively) provide substantial benefits to members of the Settlement Class as described herein.

26. For the reasons set forth above and in the accompanying Memorandum of Law, we respectfully submit that under Rule 23(e), the Settlements' terms are fair, reasonable, and adequate in all respects and should be approved. Working in conjunction with economist Ted Tatos (at EconOne), Plaintiffs' counsel devised a fair, equitable, and efficient proposed plan of allocation.[3] Mr. Tatos specializes in economic and statistical analysis, including in antitrust and higher education. He was previously an Adjunct Professor of economics at the University of Utah, where he has taught both graduate and undergraduate economics and statistics classes. He is also the Associate Economics Editor of the *Antitrust Bulletin* journal. He regularly publishes in economic and law journals on antitrust, labor, statistics, higher education, and intellectual property issues. His work has appeared in the Antitrust Bulletin, the Harvard Journal of Sports & Entertainment Law, the Federal Circuit Bar Journal, the Appraisal Journal, and others. Plaintiffs' counsel intend to submit a detailed proposal and schedule for the claims process at the final approval stage.

---

[3] Settlement Class Counsel propose a Revised Plan of Allocation for Settlements with University of Chicago and the Five Additional Settling Defendants ("Revised Plan of Allocation"), attached hereto as Exhibit 7, for all Settling Defendants, including the University of Chicago. The Revised Plan of Allocation incorporates, and is substantially the same as the Plan of Allocation the Court preliminarily approved for the University of Chicago Settlement, *see* Proposed Plan of Allocation, ECF No. 428-6; Order Granting Preliminary Approval of University of Chicago Settlement, ECF No. 439 ¶ 7, with the only modification sought being that Plaintiffs may seek leave of Court to disburse excess funds to a worthy *cy pres* recipient in a situation where it would not be cost effective or administratively efficient to redistribute any excess funds to authorized claimants, *see* Ex. 7, Revised Plan of Allocation.

### CONSOLIDATED NOTICE AND ADMINISTRATION OF ALL SETTLEMENTS

27. Settlement Class Counsel propose a consolidated notice program for the Settlements. Under a consolidated approach, one schedule will be used to manage the notice and settlement administration steps through final approval and the distribution of the net settlement funds for the University of Chicago Settlement and the Second Tranche Settlements. It is Plaintiffs' intention that the approval process for the University of Chicago Settlement, the Second Tranche Settlements, and (once finalized) the Vanderbilt Settlement will proceed together. This approach will be efficient and straightforward for Settlement Class members.

28. Plaintiffs' revised long-form and summary class notices build off of the notices that the Court approved as part of the University of Chicago Settlement. *Compare* Chicago Summary Notice, ECF Nos. 428-9 *and* Chicago Summary Notice 428-10 *with* Exs. A (Revised Summary Notice) *and* B (Revised Long-Form Notice) to the Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re the Proposed Revised Notice Plan, Jan. 22, 2024 (the "Jan. 22, 2024 Weisbrot Decl."). The new forms of notice are updated to include information about the Settlements. They also provide the revised Settlement Class definition (which shall apply to all Settlements achieved to date) and forms of release as they appear in the Second Tranche Settlements. Counsel for University of Chicago and the Second Tranche Universities consent to the new proposed forms and manner of notice.

29. The revised notice plan is described in the Jan. 22, 2024 Weisbrot Decl., which is attached to the Memorandum of Law. The revised long-form and summary notices are attached at Exhibits A and B of the Jan. 22, 2024 Weisbrot Decl., respectively.

### PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS SETTLEMENT CLASS COUNSEL

30. Plaintiffs' counsel filed a motion to be appointed interim co-lead class counsel on February 9, 2022. ECF No. 87. The Court denied that motion as premature on August 7, 2022.

ECF No. 182. We incorporate that motion, and the accompanying Declaration of Robert Gilbert, ECF No. 87-2, herein. The Court subsequently appointed the three proposed interim co-lead class counsel firms as Settlement Class Counsel in the Chicago Preliminary Approval Order. ECF No. 428 ¶ 5 (moving for the appointment of the three proposed firms as interim co-lead counsel); ECF No. 439 (appointing Settlement Class Counsel). We also incorporate the motion, and the accompanying August 14, 2023 Joint Declaration herein. ECF No. 428.

31. The three firms seeking to be appointed Settlement Class Counsel collectively have decades of experience in antitrust litigation, including one member who, while at the U.S. Department of Justice, spearheaded the original successful prosecution of the Overlap Group against several universities who were alleged to have colluded regarding financial aid practices prior to the initiation of the 568 Presidents Group.

Dated: January 23, 2024

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ Eric L. Cramer
Eric L. Cramer (*pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Tel: (215) 875-3000
ecramer@bm.net

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ Robert D. Gilbert
Robert D. Gilbert
**GILBERT LITIGATORS & COUNSELORS**
11 Broadway, Suite 615 New York, NY

>10004
>Tel: (646) 448-5269
>rgilbert@gilbertlitigators.com

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

>*s/ Edward Normand*
>Edward Normand (*pro hac vice*)
>**FREEDMAN NORMAND**
>  **FRIEDLAND LLP**
>99 Park Ave., 1910 New York, NY 10016
>Tel: (646) 350-0527
>ted@fnf.law