# Exhibit A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | **Case No. 1:22-cv-00125** |
| Plaintiffs, | |
| v. | **Hon. Matthew F. Kennelly** |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | **SECOND AMENDED CONFIDENTIALITY ORDER** |
| Defendants. | |

## Confidentiality Order

The parties to this Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Scope.**  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, electronically stored information, structured data, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order shall apply to any named party to this action (including its officers, directors, employees, retained experts, outside counsel, and their support staff), any third-party that receives a subpoena for testimony, documents, or electronically stored information, and any person or entity that obtains access to Confidential Information subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party or non-party.

        **(a)      Documents Which May be Designated "CONFIDENTIAL."** Any party or non-party may designate documents as CONFIDENTIAL if they contain: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal

2

identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person; or (h) any document protected under the Family Educational Rights and Privacy Act ("FERPA"), including the application, financial aid, or educational records of any applicant, student, or former student. Information or documents that are available to the public may not be designated as Confidential Information. Nothing herein shall be construed to suggest that the names of witnesses, potential witnesses, deponents, subpoenaed parties or persons with potentially relevant information can be designated "CONFIDENTIAL"; however, personal identity information and Personally Identifiable Information (as defined under FERPA), including names, Social Security numbers, home addresses, email addresses and phone numbers may be so designated.

      **(b)**     **Documents Which May be Designated "ATTORNEYS' EYES ONLY."** Any party or non-party may designate documents as ATTORNEYS' EYES ONLY if the document contains highly sensitive trade secrets or other highly sensitive competitive or highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm to, or cause material harm to the legitimate interests of, the disclosing party.

      **3.**     **Designation.**

      **(a)**     A party or non-party may designate a document as CONFIDENTIAL or ATTORNEYS' EYES ONLY for protection under this Order by placing or affixing those words on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document is not practicable,

including documents produced in native format, the producing party or third-party may designate the document as such by cover letter, slip sheet, or by affixing a label to the production media containing the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The markings "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time that the documents are produced or disclosed. Applying these markings "to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

     **(b)**    The designation of a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall constitute a good faith determination by the designating party that the document contains Confidential Information and meets the criteria for such designation as defined in this Order.

     **4.**    **Depositions.** Deposition testimony is protected by this Order if designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by denominating by page and line those portions of the deposition which are to be considered "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" within 15 calendar days of receiving the final transcript and exhibits and so informing all parties in writing of the designation. Until the 15-day period has passed, the deposition transcript in its entirety must be treated as if it were designated "ATTORNEYS' EYES

ONLY" and "CONFIDENTIAL" under the terms of this Order. Failure to timely designate deposition testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not constitute a waiver of the right to subsequently do so.

5.      **Discovery of Non-Parties.** Whenever a party seeks discovery by subpoena or any other means from a non-party to this action, a copy of this Order shall accompany the subpoena to allow the non-party to designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and obtain the protections provided in this Order.

6.      **Protection of Confidential Information.**

(a)      **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named Plaintiff(s) and shall not be disclosed to any other member of the proposed class, except as provided for in Paragraph 7.

(b)      **Limited Disclosures of Information Designated as "CONFIDENTIAL."** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(11). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL":

(1)      **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

(2)    **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)    **Unnamed Class Members.** Confidential Information may only be provided to unnamed class members after a class is certified, and in that case, only to the extent counsel determines in good faith that the unnamed class member's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, and only after such unnamed class member has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(4)    **The Court and its personnel;**

(5)    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(6)    **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(7)    **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8)    **Witnesses at depositions**. During their depositions or in preparation for their deposition, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing that such information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of CONFIDENTIAL documents, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and may receive sealed copies of exhibits for a remote deposition pursuant to any remote deposition stipulation or order that the Court may subsequently enter. Pages of transcribed deposition testimony or exhibits to depositions that are designated

CONFIDENTIAL pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(9) **Author or recipient.** The author, addressees, and recipient of the CONFIDENTIAL document solely to the extent that they have previously had lawful access to the Confidential Information;

(10) **Identified Persons**. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided, that counsel for the party intending to disclose the information has a good-faith basis for believing that the CONFIDENTIAL document is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, and disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and

(11) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Disclosures of Information Designated as "ATTORNEYS' EYES ONLY."** Except as otherwise authorized, the parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated "ATTORNEYS' EYES ONLY" to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of person may be allowed to review documents that have been designated "ATTORNEYS' EYES ONLY":

(1) **Counsel.** Outside counsel and in-house counsel, including para-professional or professional staff working at the direction of each, for the parties who have responsibility for the action;

(2) **The Court and its personnel;**

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4)     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)     **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6)     **Author or recipient.** The author, addressees, and recipient of the ATTORNEYS' EYES ONLY document solely to the extent that they have previously had lawful access to such information; and

(7)     **Employees at Depositions.** During their depositions or in preparation for their deposition, witnesses in this action who are current employees of the Party from which the documents originated, provided that counsel for the party intending to disclose the information has a good-faith basis for believing that such information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of **ATTORNEYS' EYES ONLY** documents, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and may receive sealed copies of exhibits for a remote deposition pursuant to any remote deposition stipulation or order that the Court may subsequently enter. Pages of transcribed deposition testimony or exhibits to depositions that are designated **ATTORNEYS' EYES ONLY** pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(8)     **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(d)     **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential and Attorneys' Eyes Only Information in accordance with the requirements in this Order.

7.    **Absent Class Member.** Confidential Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Paragraphs 6(b) and 6(c) of this Order. If, however, Confidential Information is contained in a filing with the Court pursuant to Paragraph 10 of this Order, such filing may be disclosed to counsel for an Absent Class Member (or the Absent Class Member if not represented) for the sole purpose of evaluating any settlements affecting the Absent Class Member requesting such materials, provided that such counsel, if any, and the Absent Class Member have completed the certification contained in Attachment A to this Order.

8.    **Application & Financial Aid Materials; Education Records.** Notwithstanding any other provision of this Order, the terms of this Paragraph 8 apply to any production of Application Materials, Financial Aid Materials, and Education Records.

    (a)    **Definitions.**

        (1)    **"Application Materials"** includes all materials submitted by an applicant for admission to a Defendant-university or a non-party college or university subpoenaed in this case, or received by the Defendant-university from another person or entity regarding the applicant's application for admission, including but not limited to: (i) the applicant's Common Application or any other application form, essays, transcripts, test scores, extracurricular activities, and class rank; (ii) evaluations, assessments, and comments regarding the applicant; (iii) letters of recommendation regarding the applicant; and (iv) any documents containing the applicant's name, address, social security number, high school or other institution attended, or other Personally Identifiable Information. Such materials may be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY regardless of whether they are subject to the protections of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and its implementing regulations, 34 C.F.R. pt. 99 ("FERPA").

(2)     **"Financial Aid Materials"** includes all materials submitted by an applicant for financial aid to a Defendant-university or a non-party college or university subpoenaed in this case, or received by the Defendant-university from another person or entity regarding the applicant for financial aid or his or her family, including but not limited to (i) the applicant's FAFSA form or any other application for financial aid including, but not limited to, the College Scholarship Service (CSS) application, (ii) financial information concerning the applicant or the applicant's family, including but not limited to tax information, tax documents, tax returns, IRS forms, income records, bank records, investment records, and business records; and (iii) any documents containing the applicant's or applicant's family members' names, addresses, social security numbers, or other Personally Identifiable Information. Such materials may be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY regardless of whether they are subject to the protections of FERPA.

(3)     **"Education Records"** has the meaning set forth in 34 C.F.R. § 99.3. The parties acknowledge that Education Records are subject to the protections of FERPA and the parties are obligated to comply with FERPA. Education Records may be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY.

(4)     **"Donation Records"** are documents that both (a) constitute, embody, reflect, refer to, or pertain to the monetary amount and/or name of the donor of a donation, including emails, other communications, and other documents related to a past, present or future donation to a Defendant and (b) are in connection with, or related to, the application to, the admission to, or attendance at, the Defendant of a family member, relative or friend of the donor.

(5)     **"Personally Identifiable Information"** has the meaning set forth in 34 C.F.R. § 99.3.

(5)     The ability to designate Application Materials, Financial Aid Materials, and Education Records as CONFIDENTIAL or ATTORNEYS EYES ONLY under this Order does not waive any objection to the production of such material on any ground authorized by the Federal Rules of Civil Procedure.

(b)     **FERPA**. The effect of FERPA on the production of Education Records, Application Materials and Financial Aid Materials in this action shall be governed by by this Order

and the separate Order to be entered by the Court addressing FERPA compliance ("FERPA Order"), which shall be submitted to the Court contemporaneously with this Order.

(c)     **Redaction Permitted.** Application Materials, Financial Aid Materials, and Education Records may be produced redacted to obscure the names, physical addresses (excluding zip codes, which shall not be redacted), email addresses, telephone numbers, social security numbers, and other Personally Identifiable Information concerning any applicant, applicant's family member, or student (collectively "Personal Information"), except in the case of Application Materials, Financial Aid Materials, and Education Records concerning any named class representative. Pursuant to the Court's oral ruling on October 26, 2022, Donation Records or other documents that contain a donor's name and/or donation amount do not constitute Education Records under FERPA based solely on the presence of a donor's name or donation amount, and donor names and/or donation amounts may not be redacted from such documents. Any "Personal Information" in such Donation Records or other documents may be redacted, except that the name of the applicant/student in or referred to by such Donation Record, or related to the donor or donation, may be redacted only if it is replaced with the unique applicant/student Identification Code generated pursuant to paragraph 8(d)(i) of this Order. Notwithstanding the foregoing, in the event that the number or format of any Donation Records anticipated to be produced renders it disproportionately burdensome to apply Identification Codes to them, each Defendant reserves the right to meet and confer with Plaintiffs on the issue and to seek a resolution from the Court if no agreement between the parties is reached.

(d)     **Coding of Redacted Documents**.

(i)  **Structured Data.**  All structured data comprising or containing Education Records or Personally Identifiable Information ("Structured Education Data") produced in this case shall be deidentified in accordance with FERPA. Pursuant to 34 C.F.R. §§ 99.31(a) and (b), Defendants shall retain a contractor to generate a unique code associated with each applicant or student (an "Identification Code") for use across Defendant universities which shall be applied to any Structured Education Data produced in this case in order to facilitate obtaining at a later date further information or documents regarding a particular applicant or student, including information that is initially redacted per this Paragraph 8 from the Structured Education Data, and to allow for comparison of data regarding the same student across multiple Defendants. Non-party colleges and universities subpoenaed for Structured Education Data in this case may also retain a contractor to generate an Identification Code associated with each applicant or student. That Identification Code shall be sufficient to de-identify the applicants or students under FERPA. Defendants shall provide a declaration from the contractor retained in accordance with this paragraph describing how the Identification Code was determined and applied and stating that such actions by the contractor conform to the requirements of this paragraph.

(ii)  **Non-Structured Data.**  Other than as set forth specifically in this Order to the contrary, Educational Records and documents other than Structured Education Data which contain Personally Identifiable Information may be produced with all Personally Identifiable Information redacted, but without the necessity of inserting an Identification Code to identify the applicant or student implicated, subject to subsection (h) below.

(iii)    **Inadvertent Production of Personally Identifiable Information.**

Other than as specifically set forth in this Order to the contrary, in the event that a receiving party discovers that it has received or examined document(s) that are or reasonably may contain Personally Identifiable Information, the receiving party promptly shall (i) sequester the document(s), and (ii) within four business days of such discovery, notify the producing party of the possible production or disclosure by identifying the bates range(s) of the document the receiving party believes are or may contain Personally Identifiable Information (an "Production Notice"). Upon the producing party receiving a Production Notice, if the producing party determines that the subject documents contains Personally Identifiable Information, the receiving party shall immediately destroy or return the documents and the producing party shall promptly provide replacement documents with appropriate redactions.

(e)    **Management of Education Records, Personally Identifiable Information and Personal Information.** Should any party or non-party receive Education Records. Personally Identifiable Information or Personal Information in the course of discovery, the receiving party or non-party shall maintain those materials in a secure location and/or protected electronic document or data repository that cannot be accessed by third persons or entities that are prohibited from reviewing Confidential or Attorneys' Eyes Only Information pursuant to this Order.

(f)    **Obligations of the Parties.** Other than as explicitly permitted by this Order, the parties, their counsel, agents, and experts shall not attempt to identify, learn, or verify Personally Identifiable Information concerning any applicant, applicant's family member, or

student who is not a Plaintiff, unless the party asserts under Paragraph 8(h) below that they require this information to support their claims or defenses. A party may not use Application Materials, Financial Aid Materials, or other Education Records or documents containing Personally Identifiable Information in connection with contacting any students or applicants unless that party provides written notice of their intended use to the producing party and asserts they must do so to support their claims or defenses.

    **(h)**   **De-anonymization**. In the event a party (the "Requesting Party") asserts they must (a) identify, learn or verify any Application Materials, Financial Aid Materials, Education Records, or other Personally Identifiable Information beyond that permitted by this Order, (b) use Application Materials, Financial Aid Materials, Education Records or Personally Identifiable Information to contact any students or applicants in order to support their claims or defenses, or (c) learn the Identification Code applicable to a student's Personally Identifiable Information redacted from a document, the Requesting Party shall notify the producing party and the parties shall confer in good faith within a reasonable time in light of the scope of the request in an effort to agree upon a resolution of the request. If the parties are unable to reach an agreement, the Requesting Party may make an appropriate motion to the Court to obtain the information or take the actions it seeks. During the pendency of any such motion, the parties, their counsel, agents, and experts shall not (i) other than as permitted by this Order, attempt to identify, learn, or verify any Application Materials, Financial Aid Materials, Education Records, or other Personally Identifiable Information, or (ii) use information learned from any Application Materials, Financial Aid Materials, Education Records, or Personally Identifiable Information to contact any students or applicants. Nothing in this Order prevents (a) the parties, their counsel, agents, and experts from contacting or being contacted by students or applicants using means other than Application

Materials, Financial Aid Materials, or Education Records or (b) a producing party from using its Application Materials, Financial Aid Materials, or Education Records in the ordinary course of business.

       **(i)**      **Directory Information Upon Certification of Class.** To the extent a class is certified in this litigation, the provisions of this Paragraph 8 shall not apply to the production of "directory information," as that term is defined by 34 C.F.R. § 99.3, sufficient to identify the members of the certified class.

       **9.**      **Inadvertent Failure to Designate.** An inadvertent failure to designate a document, transcript, or other material as Confidential Information does not, standing alone, waive the right to so designate the document. If a party or non-party designates a document, transcript, or other material as Confidential Information after it was initially disclosed, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

       **10.**      **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. ~~Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.~~ When a party wishes to file Confidential Information with the Court, the following procedures shall be observed:

**(a)**      To the extent practicable, at least two business days before the filing, the filing party shall notify the individual producing party, non-party, or settled-party and identify with specificity the to-be-filed documents, testimony, or other discovery material that the producing party designated as "Confidential Information" and request dedesignation of the Confidential Information.

**(b)**      Absent dedesignation pursuant to subparagraph (a), the filing party shall provisionally file the entire filing under seal and cause an unredacted copy of the filling to be served upon all parties (and any relevant non-party or party that has settled if the Confidential Information was produced by a non-party or settled-party) and shall specifically notify the individual party, non-party, or settled-party that the filing contains its Confidential Information (including, to the extent not readily apparent, information sufficient to identify the location of such Confidential Information within the filing).

**(c)**      Within seven business days of the initial filing pursuant to sub-paragraph (b), the producing party(ies) may file a motion to seal, including a proposed redacted version of the filing as an exhibit thereto. Opposition(s) to a motion to seal may be filed two business days after the filing of the motion to seal. If no motion to seal is filed within seven business days, or if the Court denies the motion(s) to seal, the filing party shall file an unredacted version of the initial filing. If the motion to seal is granted, the filing party shall publicly file a redacted version of the initial filing.

**(d)**      The producing party may request more than seven business days to file the motion pursuant to subparagraph (c) for particularly voluminous filings such as summary judgment or class certification filings or for other good cause.

**11.     No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party or non-party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection. The effect of FERPA on the production of Education Records, Application Materials and Financial Aid Materials shall be governed by the separate Order to be entered by the Court addressing FERPA compliance.

**12.     Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a)     Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party or non-party. In conferring, the challenging party must identify the documents at issue by bates number, explain the basis for its belief that the confidentiality designation was not proper and must give the designating party or non-party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party or non-party shall respond to any request under this paragraph within a reasonable time given the scope of the request.

**(b)     Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Any such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

designating party or non-party, who shall have the right to respond to any motion filed by the challenging party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. Any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them publicly in a manner that would reveal Confidential Information.

13. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. **Use of Confidential Information at Trial or Hearing.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing provided that the parties take necessary advance precautions to avoid the unnecessary disclosure of Confidential Information. A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's, the parties, and the producing parties' or non-parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. Producing non-parties shall be given notice of the intended use. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

15. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    **(a)** If a receiving party is served with a subpoena or an order in another matter that would compel disclosure of any material or document designated in this action as Confidential

Information, the receiving party must so notify the designating party or non-party, in writing, no later than seven business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must, within three business days, inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party or non-party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in Paragraph 15 remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

17.    **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Return or Destruction of Confidential Material.** Within thirty calendar days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, including copies as defined in Paragraph 3(a), shall be returned to the producing party or destroyed with certification of destruction provided to the producing party unless: (1) the document has been offered into evidence or filed with the Court, without restriction as to disclosure, unless the document is an Education Record or contains Personal Information, in which case the document shall be returned to the producing party or destroyed pursuant to this paragraph; or (2) the Confidential Information is included in an e-mail or an attachment to an e-mail or contained in deposition transcripts or drafts or final expert reports, unless the Confidential Information is an Education Record or includes Personal Information, in which case the document containing the Confidential Information shall be returned to the producing party or destroyed pursuant to this Paragraph 17. Any Confidential Information that is retained pursuant to (1) or (2) shall not be accessed or used for any purpose other than this litigation.

**(c)** **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order and shall not be accessed or used for any purpose other than this litigation. Attorneys may use their work product in subsequent litigation, provided that such work product does not contain, and is not derived from, Confidential Information.

**18.**     **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. Any motion to modify shall certify that notice has been provided to parties and third-parties that have produced Confidential Information pursuant to this Order.

**19.**     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is admissible as evidence for any purpose in this litigation or any other proceeding, or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**20.**     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms or by execution of Attachment A.

**SO ORDERED.**

Dated: _____      _____
                                  Hon. Matthew F. Kennelly

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) | |
| | ) | Civil No. 22-cv-00125 |
| Plaintiffs | ) ) | Hon. Matthew F. Kennelly |
| v. | ) ) | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order entered

in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be

bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          _____

                                          Signature