UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, et al. individually and on behalf of all others similarly situated, ) ) ) | |
| *Plaintiffs,* ) ) | Case No. 1:22-cv-00125 |
| v. ) ) | Hon. Matthew F. Kennelly |
| BROWN UNIVERSITY, et al., ) ) | |
| *Defendants.* ) | |

**GEORGETOWN UNIVERSITY DOE STUDENTS 1-19'S
AND UNIVERSITY OF PENNSYLVANIA DOE STUDENTS 1-8'S
RESPONSE TO PLAINTIFFS' FEBRUARY 9, 2024 STATUS REPORT**

Georgetown University Doe Students 1-19 (the "Georgetown Students") and University of Pennsylvania Doe Students 1- 8 (the "Penn Students") (collectively, the "Objecting Students"), by and through undersigned counsel, hereby submit the following Response to Plaintiffs' February 9, 2024 Status Report.

**I.  Background**

On January 23, 2024, the Court held a hearing on Plaintiffs' motions regarding the production of confidential student records protected by the Family Educational Rights and Privacy Act ("FERPA"). During the hearing, Plaintiffs' counsel stated that Plaintiffs want the names of the Objecting Students unmasked in certain documents in order to "be more efficient" (See Exhibit 1, January 23, 2024 Hearing Tr. 44:1-2). In response to the Court's question of whether "[Plaintiffs] are going to need to get something else beyond what's at issue on the current motion that [the Court hasn't] given [Plaintiffs] access to," Plaintiffs' counsel responded "no." (January 23, 2024 Hearing Tr. 44:7-16). The Court took Plaintiffs' request to compel the production of FERPA protected materials for the Objecting Students under advisement. (Dkt. No. 602). Plaintiffs'

1

counsel then filed a "Status Report" on February 9, 2024, in which they asked the Court to rule on the issue related to the Objecting Students that the Court clearly stated is already under advisement and made additional misleading arguments regarding the same.

## II. The Objecting Students' Names Should Not be Disclosed in Documents Already in Plaintiffs' Possession.

To understand why Plaintiffs do not need deanonymized information of the Objecting Students, it is critical to understand what they *already* have.

As set forth in the Objecting Students' December 18, 2023 briefing (Dkt. Nos. 545, 546), the Objecting Students from Georgetown understand that Georgetown has or will soon produce:

- Admissions data (including the Objecting Students') in a structured format that contains information on students who applied to Georgetown from 2017 forward;

- Available copies of original "President's Lists" and excel files relating to the lists spanning from application years 2007-2008 through 2022-2023;

- Documents from its Office of Advancement, including excel files describing specific applicants who the Office of Advancement either tracked or recommended to the Office of the President under the Special Interest Policy;

- Responsive documents from admissions custodians that mention many of the donors on Plaintiffs' lists together with any one of the 47 search terms related to donations or wealth, and a whole range of other documents responsive to other related search terms;

- Discovery as to 150 candidates (25 per class year for the six-year period beginning in 2017) that Plaintiffs were permitted to select based on their review of documents Georgetown produced describing candidates on the President's List, which resulted in the production of over 1,000 documents; and

- Additional discovery regarding the President's List ordered on November 28, 2023.

Similarly, the Objecting Students from Penn understand that Penn has or will soon produce:

- Admissions data (including the Objecting Students') from 1998 to the present in an anonymized format;

- Data used to evaluate an application's merits and any tags that might be applied for students of interest in the University's development, advancement, or president's offices (if such tags exist); and

2

- Responsive documents from admissions custodians that mention many of the donors on Plaintiffs' lists together with any one of the 47 search terms related to donations or wealth, and a whole range of other responsive documents hitting on other related search terms.

The structured data and other documents produced in this case use anonymized identifiers ("UIDs") for applicants. Those UIDs are consistent across schools. Plaintiffs can look at the admissions data or other produced documents and identify a student by UID who they think supports their "wealth favoritism" argument. Plaintiffs can then take that UID from the admissions data or other produced documents and see if it matches a UID in other data described above. Plaintiffs simply do not want to make this effort and are asking the schools to unmask the UIDs of a randomly and carelessly selected group of students as a matter of "efficiency" – after the schools must have taken great time and care to develop the UID system and cross-code documents. Throwing darts at a handful of students and asking that their documents be deanonymized is hardly "efficient."

In any event, efficiency is not the standard under FERPA. Under FERPA, the Court must consider whether there is a legitimate need for the information and whether the legitimate need outweighs the privacy interests expressed by the Objecting Students. *Banks v. Baraboo Sch. Dist.,* 2020 WL 5751415, at *4 (W.D. Wis. Sept. 25, 2020). It is clear there is no legitimate need for the Objecting Students' names to be deidentified in the documents already in Plaintiffs' possession; Plaintiffs can take the time to match UID numbers across the documents. Plaintiffs' desire for "efficiency" does not demonstrate a need for the information, and certainly does not outweigh the legitimate and serious privacy interests raised by the Objecting Students in their objection letters submitted to the Court and the responses in support thereof. (Dkt. No. 507, 508, 509, 545, 546).

Additionally, the Objecting Students take exception with Plaintiffs' unsupported assertion in the February 9, 2024 Status Report that because they filed objections they are more likely to be

concerned that their family donation history or capacity was considered in their admission. As explained in their objection letters and the responses in support thereof (Dkt. No. 507, 508, 509, 545, 546), the Objecting Students have a variety of reasons for objecting to the deidentification of their names in documents already in Plaintiffs' possession, including but not limited to concerns with their mental health and the fact that student names have appeared in the record in this case on more than one occasion despite the Court's strong confidentiality order. Plaintiffs assertion is based on pure speculation and is incorrect. Indeed, if merely objecting to the disclosure of one's confidential information under FERPA (which FERPA explicitly allows for) was enough to set the statute's protections aside, then FERPA would be rendered meaningless. The fact that these students want to preserve the privacy of educational records protected by law cannot establish a "genuine need" for the names of these students to be identified in records already in Plaintiffs' possession.

### III. Conclusion

For the foregoing reasons as well as those stated in the Objecting Students objection letters and the responses in support, the Objecting Students respectfully request that the Court deny Plaintiffs' motion to compel as to the Objecting Students and maintain their anonymity in the records that have already been or will be produced to Plaintiffs.

Date: February 16, 2024            Respectfully Submitted,

                                                 /s/ Sarah K. Wake
                                                 Sarah K. Wake
                                                 Melissa M. Weiss
                                                 McGUIREWOODS LLP
                                                 77 West Wacker Drive, Suite 4100
                                                 Chicago, Illinois 60601-1818
                                                 Tel:     312.849.8100
                                                 Fax:    312.849.3690
                                                 Email:  swake@mcguirewoods.com
                                                                                mweiss@mcguirewoods.com

***Attorneys for Georgetown University Doe Students 1-19; University of Pennsylvania Doe Students 1-8***

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also sent a copy of the foregoing to counsel for the parties via email.

    /s/ Sarah K. Wake