**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>    Defendants. | Case No.: 1:22-cv-00125<br><br>**Hon. Matthew F. Kennelly** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS TRUSTEES OF DARTMOUTH COLLEGE, NORTHWESTERN UNIVERSITY, WILLIAM MARSH RICE UNIVERSITY, AND VANDERBILT UNIVERSITY, PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS, APPROVAL OF THE REVISED NOTICE PLAN, AND APPROVAL OF THE SCHEDULE FOR <u>COMPLETING THE SETTLEMENT PROCESS</u>**

# TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................................. 1

**THE THIRD TRANCHE SETTLEMENTS** ........................................................................... 3

**CONCLUSION** ..................................................................................................................... 8

**INTRODUCTION**

Plaintiffs have executed settlement agreements with four additional Defendants: Trustees of Dartmouth College ("Dartmouth"), Northwestern University ("Northwestern"), William Marsh Rice University ("Rice"), and Vanderbilt University ("Vanderbilt") (these settling Defendants collectively, the "Third Tranche Settling Universities" or "Third Tranche Settling Defendants;" and these settlements, the "Third Tranche Settlements"). As Plaintiffs did with the Second Tranche Settlements,[1] Plaintiffs similarly request that the Court combine the approval process for all Settlements[2] to date into a single notice plan and schedule for efficiency purposes and to avoid Class member confusion.

The four Third Tranche Settlements collectively provide $166 million in cash payments for the benefit of the Settlement Class, and combined with the Second Tranche Settlements and the University of Chicago Settlement (together, $118 million), all ten Settlements achieved to date provide $284 million in aggregate cash payments for the benefit of the Settlement Class. Like the earlier settling Defendants, each Third Tranche Settling Defendant has also agreed to complete certain additional, limited discovery.

The Third Tranche Settlements account for materially higher cash payments than the earlier settlements in this case. Other than that key fact, they are substantively similar to the Second Tranche Settlements and the University of Chicago Settlement in that they: (i) provide cash payments for the benefit of the Settlement Class; (ii) seek certification of the same

---

[1] The term "Second Tranche Settlements" refers to the settlement agreements with Defendants Brown University ("Brown"), The Trustees of Columbia University in the City of New York ("Columbia"), Duke University ("Duke"), Emory University ("Emory"), and Yale University ("Yale"). The terms "Second Tranche Settling Universities" and "Second Tranche Settling Defendants" refer to the group comprised Brown, Columbia, Duke, Emory, and Yale.
[2] The term "Settlements" refers to all executed settlement agreements to date, specifically the settlements with the University of Chicago, the Second Tranche Settling Universities, and the Third Tranche Settling Universities.

1

Settlement Class; (iii) include similar agreements by each Third Tranche Defendant to provide additional discovery; (iv) adopt the same Revised Plan of Allocation; (v) include the materially similar releases; (vi) propose the same Class Representatives and Settlement Class Counsel; and (vii) adopt the same Revised Notice Plan with a minor revision to include information about the Third Tranche Settlements; among other similar provisions. The Third Tranche Settlements could have been included as part of the motion to preliminarily approve the Second Tranche Settlements but for the additional time needed to execute final settlement agreements with each Third Tranche Settling Defendant.

Because Plaintiffs rely upon the same arguments and facts they presented with their prior preliminary approval motions, and to avoid repetition, they hereby incorporate as if set forth herein: (a) Plaintiffs' brief in support of preliminary approval of the Second Tranche Settlements (ECF No. 603-1); and (b) Plaintiffs' brief for preliminary approval of the University of Chicago Settlement where it addresses provisional class certification (ECF No. 428-1, at 24-33).

A form of proposed order is also submitted with this motion that uses the same language as the proposed order submitted with Plaintiffs' motion for preliminary approval of the Second Tranche Settlements, <u>except</u>: (i) approval of the Revised Notice Plan is amended to apply to all Settlements to date; (ii) the end of the Class Period for the proposed Settlement Class is amended to the same date (*i.e.*, the date of preliminary approval for the Third Tranche Settlements) for all the Settlements to date; (iii) the proposed schedule for settlement approval is amended to apply to all Settlements to date; and (iv) the approved forms of class notice are amended to include information about all of the settlements to date, including the Third Tranche Settlements.[3]

---

[3] The amended summary and long-form notices are attached to the Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re Amending the Proposed Revised Notice Plan for the Third Tranche

2

Plaintiffs submit this Memorandum of Law in support of preliminary approval of the Third Tranche Settlements (including provisional certification of the proposed settlement class, approval of the revised notice plan, and approval of the revised allocation plan), and approval of the (further) revised schedule for completing the settlement process for all ten Settlements. Additional background information relating to the Third Tranche Settlements and the revised schedule is provided in the following section.

## THE THIRD TRANCHE SETTLEMENTS

On September 9, 2023, the Court preliminarily approved Plaintiffs' proposed class settlement with Defendant University of Chicago. *See* ECF No. 439 ("University of Chicago Preliminary Approval Order"). The University of Chicago Settlement included a cash payment of $13.5 million. On January 23, 2024, Plaintiffs moved for preliminary approval of the Second Tranche Settlements (ECF No. 603), which the Court granted on February 14, 2024 (ECF No. 614). Those included:

- Emory: $18.5 million
- Yale: $18.5 million
- Brown: $19.5 million
- Columbia: $24 million
- Duke: $24 million

---

Settlements ("Feb. 20, 2024 Weisbrot Decl.") at Exs. A (Amended Summary Notice) & B (Amended Long-Form Notice).

3

Plaintiffs now move for preliminary approval of settlement agreements with each of the below Third Tranche Settling Defendants (collectively referred to as the "Third Tranche Settlement Agreements"):[4]

- Dartmouth: $33.75 million.
- Rice: $33.75 million.
- Northwestern: $43.5 million.
- Vanderbilt: $55 million.

As noted above, all ten Settlements achieved to date provide $284 million in aggregate cash payments for the benefit of the Settlement Class and each Settling Defendant has agreed to complete certain additional, limited discovery. Together with the earlier settlements, these Third Tranche Settlements constitute an excellent result both in absolute terms and given that the litigation continues against the remaining seven non-settling Defendants,[5] each of which is jointly and severally liable for any and all provable damages suffered by the class. *See* Feb. 22, 2024 Joint Decl. ¶ 8 (also citing January 23, 2024 Joint Declaration (ECF No. 603-2)).

As with the University of Chicago and the Second Tranche Settling Universities, Plaintiffs entered into the Third Tranche Settlement Agreements after two years of hard-fought litigation, including significant fact discovery, and after roughly 16 weeks of extensive arm's length negotiations with each of the Third Tranche Setting Defendants. *Id*. ¶¶ 10-11. Some of the negotiations occurred between Plaintiffs and a single Defendant, and some took place between Plaintiffs and a pair of Defendants. Certain of the Third Tranche Settlements were achieved with

---

[4] The Third Tranche Settlement Agreements are attached at Exhibits 8-11 to the Joint Declaration of Settlement Class Counsel, dated February 22, 2024 ("Feb. 22, 2024 Joint Decl."), filed in support of this Motion.
[5] "Defendants" is defined in each Settlement Agreement at pp. 1-2. *See* Exhibits 8-11 of the Feb. 22, 2024 Joint Decl.

4

the able assistance of renowned mediator, former U.S. District Court Judge Layn Phillips and his colleagues Miles Ruthberg and Clay Cogman at Phillips ADR. *Id*. ¶ 11.

The Third Tranche Settlements also reflect Plaintiffs' successful strategy of increasing the settlement amounts with each successive agreement or set of agreements. *Id*. ¶ 12. This approach was designed to put pressure on the non-settling Defendants to settle imminently or risk having to pay significantly more by waiting. It also accounted for certain Defendants asserting claimed unique defenses. When examining all ten Settlements in order of the date that agreements to settle in principle were reached, it shows that the first settlements in principle amongst the Second Tranche Settling Defendants include payments by Emory and Yale of $18.5 million each, whereas the final settlement in principle as part of the Third Tranche Settling Defendants is with Vanderbilt for a cash payment of $55 million. *Id.* Each of the Third Tranche Settlements includes payment amounts that are greater than the highest payment from a Second Tranche Settling Defendant (*i.e.*, higher than Columbia and Duke, which were $24 million each). *Id.*

In their motion for preliminary approval of the Second Tranche Settlements, Plaintiffs proposed a consolidated notice plan for all the Settlements reached as of the date of that motion (*i.e.*, the Revised Notice Plan). *See* ECF No. 603-1, at 25-27; *see generally* ECF No. 603-10 (the Jan. 23, 2024 Weisbrot Decl.). Plaintiffs now propose to update that plan to include the Third Tranche Settlements.[6] The proposal is to implement the Revised Notice Plan but with amended forms of notice and an amended schedule for completing the settlement process. The proposed amended notices are identical to the notices submitted for preliminary approval of the Second

---

[6] In their brief for preliminary approval of the Second Tranche Settlement, Plaintiffs stated it was their intention that all the Settlements would proceed together, and specifically referenced the settlement agreement with Vanderbilt, which was not final at that time. ECF No. 603-1, at 5.

5

Tranche Settlements except they are revised to add information about the Third Tranche Settlements. *Compare* ECF Nos. 603-11 (Ex. A, Revised Summary Notice) & 603-12 (Ex. B, Revised Long Form Notice) *with* Feb. 20, 2024 Weisbrot Decl. Exs. A (Amended Summary Notice) & B (Amended Long Form Notice). To effectuate a unified notice program, Plaintiffs' proposed order for preliminary approval of the Third Tranche Settlements provides that (i) the schedule for administering the Settlements adopted by the proposed order expressly applies to the Second Tranche Settlements and the University of Chicago Settlement, and (ii) the end of the Class Period for the proposed Settlement Class for the Second Tranche Settlements and the University of Chicago Settlement shall be the date of preliminary approval for the Third Tranche Settlements (*i.e.*, setting the same Class Period for the Settlement Class across all Settlements). This plan will be efficient and straightforward for Settlement Class members, and it will avoid the costs and likely confusion associated with issuing seriatim notices.

Accordingly, Plaintiffs propose the following schedule for the remainder of the settlement approval process for all Settlements, and respectfully request that the Court enter a proposed order, which has been submitted to the Court, providing as follows:

1. Provisional certification of the proposed Settlement Class;
2. Provisional appointment of Plaintiffs as Class Representatives;
3. Appointment of Plaintiffs' counsel as Settlement Class Counsel for the proposed Settlement Class;
4. Preliminary approval of the proposed Third Tranche Settlement Agreements;
5. Conforming the Class Period for the Settlement Class definition applicable to the University of Chicago Settlement Agreement and the Second Tranche Settlements to the Class Period applicable to the Third Tranche Settlements;
6. Directing notice to the Settlement Class be conducted pursuant to the Revised Notice Plan (ECF No. 603-10), but using the amended long-form and summary notices submitted with the Feb. 20, 2024 Weisbrot Decl.;

7. Pursuant to 34 C.F.R. § 99.37(a), finding that mailing addresses and email addresses in education records of current students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation if (a) the Defendant has previously provided public notice that the mailing addresses and email addresses are considered "directory information" that may be disclosed to third parties including public notice of how students may restrict the disclosure of such information, and (b) the student has not exercised a right to block disclosure of current mailing addresses or email addresses ("FERPA Block"). Defendants shall not disclose from education records mailing addresses or email addresses subject to a FERPA Block;

8. Pursuant to 34 C.F.R. § 99.37(b), finding that mailing addresses and email addresses in education records of former students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation, provided that each Defendant continues to honor any valid and un-rescinded FERPA Block created while a student was in attendance;

9. Preliminary approval of the Revised Plan of Allocation (ECF No. 603-9) as also applicable to the Third Tranche Settlements;

10. Appointment of Angeion Group as Settlement Claims Administrator;

11. Appointment of The Huntington National Bank ("Huntington") as Escrow Agent for the funds from all the Settlements achieved to date and approval of the Custodian/Escrow Agreement for Third Tranche of Settlements, dated Feb. 21, 2024, attached at Exhibit 12 to the Feb. 22, 2024 Joint Decl.);

12. Approval and establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder;

13. Staying of all litigation activity against the Settling Universities on behalf of the Settlement Class pending final approval or termination of the Settlements; and

14. Approval of a proposed schedule for the Settlements, including the scheduling of a Fairness Hearing during which the Court will consider: (a) Plaintiffs' request for final approval of all Settlements and entry of a proposed order and final judgment; (b) Plaintiffs' counsel's application for attorneys' fees, reimbursement of expenses, service awards, and payment of administrative costs; and (c) Plaintiffs' request for dismissal of this action only against the Settling Universities with prejudice.

Counsel for the parties involved in these Third Tranche Settlement Agreements are highly experienced in antitrust litigation and well-positioned to assess the risks and merits of the

case. Plaintiffs have reasonably concluded that the proposed cash settlements for the Third Tranche Settlements—indeed, for all Settlements to date (both individually and collectively)—are in the best interests of the Settlement Class given that, if finally approved, the Settlements would assure the Settlement Class of a significant cash recovery without diminishing the joint and several liability of the remaining non-settling Defendants. The Third Tranche Settlement Agreements, like those before them, also provide Plaintiffs with the benefit of obtaining certain additional discovery from each of the Third Tranche Settling Universities. *See* Feb. 22, 2024 Joint Decl. ¶ 13.

The Third Tranche Settlements avoid the inherent risks of summary judgment, trial, and potential appeal, while preserving the ability to recover all the damages allegedly suffered by the Settlement Class from the remaining non-settling Defendants. *See id.* ¶ 8. For the reasons discussed herein, and those incorporated from Plaintiffs' briefs for the prior preliminary approval motions, the Third Tranche Settlements satisfy the requirements for preliminary approval. *See id.*

## CONCLUSION

Plaintiffs respectfully request, for the foregoing reasons, that the Court grant Plaintiffs' Motion and enter the proposed Order (in the form attached to the Motion).


Dated: February 23, 2024                    Respectfully Submitted,

By:/s/ Robert D. Gilbert                    /s/ Edward J. Normand
Robert D. Gilbert                           Devin "Vel" Freedman
Elpidio Villarreal                          Edward J. Normand
Robert S. Raymar                            Peter Bach-y-Rita
David Copeland                              Richard Cipolla
Steven Magnusson                            **FREEDMAN NORMAND**
Natasha Zaslove                              **FRIEDLAND LLP**
**GILBERT LITIGATORS &**                    99 Park Avenue
 **COUNSELORS, P.C.**                        Suite 1910
11 Broadway, Suite 615                      New York, NY 10016

8

New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
smagnusson@gilbertlitigators.com
nzaslove@gilbertlitigators.com

Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law

/s/ Eric L. Cramer
Eric L. Cramer
Ellen Noteware
David A. Langer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
enoteware@bm.net
dlanger@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

*Counsel for Plaintiffs and the Proposed Settlement Class*