# EXHIBIT 8

**Executed Version**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| SIA HENRY, et al., individually and on behalf of all others similarly situated, | Case No. 1:22-cv-125 |
| Plaintiffs, | Hon. Matthew F. Kennelly |
| v. | |
| BROWN UNIVERSITY, et al., | **SETTLEMENT AGREEMENT BETWEEN DEFENDANT THE TRUSTEES OF DARTMOUTH COLLEGE AND THE PROPOSED CLASS OF PLAINTIFFS** |
| Defendants. | |

THIS SETTLEMENT AGREEMENT ("Settlement Agreement" or the "Settlement") is made and entered into as of February 22, 2024, by and between (a) Defendant the Trustees of Dartmouth College ("Dartmouth"); and (b) Plaintiffs,[1] individually and on behalf of the settlement class (the "Class" as defined in Paragraph 1 below, and together with Dartmouth, the "Settling Parties"), in this Action (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-125 (N.D. Ill.)).

WHEREAS, Plaintiffs filed a lawsuit alleging that Defendants Brown University, California Institute of Technology, the University of Chicago, the Trustees of Columbia University in the City of New York, Cornell University, the Trustees of Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, the University of Notre Dame Du Lac, the Trustees of the University of Pennsylvania, William Marsh Rice University, Vanderbilt University, and Yale University (collectively, "Defendants") have restrained competition for undergraduate financial aid in violation of federal antitrust laws, and that Plaintiffs and Class Members incurred damages

---

[1] Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams.

**Executed Version**

as a result, as detailed in Plaintiffs' Complaint, filed in this Action on January 9, 2022 (ECF No. 1) and as subsequently amended ("Complaint");

WHEREAS, Dartmouth has asserted defenses to Plaintiffs' claims, denies each and every one of Plaintiffs' allegations of unlawful or wrongful conduct by Dartmouth, denies that any conduct of Dartmouth challenged by Plaintiffs caused any damage whatsoever, and denies all liability of any kind;

WHEREAS, Dartmouth has consented to the appointment of the law firms Freedman Normand Friedland LLP, Gilbert Litigators & Counselors, PC, and Berger Montague PC as Settlement Class Counsel ("Settlement Class Counsel");

WHEREAS, Settlement Class Counsel and counsel for Dartmouth have engaged in arm's-length settlement negotiations, and have reached this Settlement Agreement, subject to Court approval, which embodies all of the terms and conditions of the Settlement between Plaintiffs, both individually and on behalf of the Class, and Dartmouth;

WHEREAS, Settlement Class Counsel have concluded, after extensive fact discovery and consultation with their consultants and experts, and after carefully considering the circumstances of this Action, including the claims asserted in the Complaint and Dartmouth's defenses thereto, that it would be in the best interests of the Class to enter into this Settlement Agreement and assure a benefit to the Class, and further, that Settlement Class Counsel consider the Settlement to be fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, and in the best interests of the Class;

WHEREAS, Dartmouth has concluded, despite its belief that it is not liable for the claims asserted and that it has good and valid defenses thereto, that it would be in its best interests to enter into this Settlement Agreement to avoid the risks and uncertainties inherent in complex litigation and also to avoid additional costs of further litigation;

WHEREAS, Plaintiffs and Dartmouth agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of

2

any liability or wrongdoing by Dartmouth, or of the validity or truth of any of the claims or allegations alleged in the Complaint;

WHEREAS, Plaintiffs and Dartmouth agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence by Plaintiffs of the absence of any violation of any statute or law or of any absence of liability or wrongdoing by Dartmouth, or of the validity of any of Dartmouth's defenses, or of the lack of truth of any of the claims or allegations alleged in the Complaint; and

WHEREAS, Plaintiffs and Dartmouth agree that Dartmouth's consent to the certification of the Settlement Class shall not be deemed or construed as consent to, or otherwise supportive of, the certification of this or any other class for litigation purposes, and that, in the event the Settlement Agreement is terminated for any reason, Dartmouth may oppose the certification of any class on any and all grounds.

NOW THEREFORE, it is agreed by the undersigned Settlement Class Counsel, on behalf of Plaintiffs and the Class, on the one hand, and Dartmouth on the other, that all claims brought by Plaintiffs and the Class against Dartmouth be fully, finally, and forever settled, compromised, discharged, and dismissed with prejudice as to Dartmouth, without costs as to Plaintiffs, the Class, or Dartmouth, subject to Court approval, on the following terms and conditions:

**1. Definitions**

a) "Action" means *Henry et al. v. Brown University et al.* No. 1:22-cv-00125 (N.D. Ill.).

b) "Claims Administrator" means the entity appointed by the Court, on motion of Settlement Class Counsel, to provide notice to the Class, process the claims submitted by Class Members, and carry out any other duties or obligations provided for by the Settlement.

c) The "Class" means the settlement-only class, which permits potential class members to opt out, including the following persons:

    a. all U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate

3

programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[2] The Class Period is defined as follows:

      i.    For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale— from Fall Term 2003 through the date the Court enters an order preliminarily approving the Settlement.

      ii.    For Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

      iii.    For CalTech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

      iv.    For Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

b.    Excluded from the Class are:

      i.    Any Officers[3] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid

---

[2] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

[3] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

ii.   the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

d) "Class Members" means the members of the Class who do not timely and validly exclude themselves from the Settlement.

e) "Effective Date" means the date on which all of the following have occurred: (i) the Settlement is not terminated pursuant to Paragraphs 15 or 16 below; (ii) the Settlement is approved by the Court as required by Fed. R. Civ. P. 23(e); (iii) the Court enters a final approval order; and (iv) the period to appeal the final approval order has expired and/or all appeals have been finally resolved.

f) "Escrow Account" means the qualified settlement escrow account which holds the Dartmouth Settlement Fund.

g) "Escrow Agreement" means an agreement in the form annexed hereto as Exhibit B.

h) "Fee and Expense Award" means award(s) by the Court to Settlement Class Counsel for reasonable attorneys' fees and reimbursement of reasonable costs and expenses incurred in the prosecution of the Action, including any interest accrued thereon.

i) "Notice Expenses" means expenses relating to providing notice, including, *inter alia*, the cost of (a) publications, (b) printing and mailing the long-form notice, (c) the Claims Administrator's costs of maintaining and administering the notice website and toll-free phone number, and (d) the Claims Administrator's costs associated with designing and administering the notice plan.

j) "Plaintiffs' Claims" means Plaintiffs' claims against Dartmouth and other Defendants as stated in the Complaint.

k) "Plan of Allocation" means the plan proposed by Settlement Class Counsel for the allocation of the Dartmouth Settlement Fund to Class Members.

l) "Releasees" means Dartmouth and the Trustees of Dartmouth College, individually and collectively, and all of their present, future and former parent, subsidiary and affiliated corporations and entities, the predecessors and successors-in-interest of any of them, and each of the foregoing's respective present, former and future officers, directors, trustees, members, affiliates, employees, administrators, faculty members, students, agents, advisors, representatives, volunteers, attorneys, outside counsel, predecessors, successors, heirs, devisees, executors, conservators, and assigns.

m) "Releasors" means all Plaintiffs and Class Members, and those Plaintiffs' and Class Members' agents, attorneys, representatives (and as applicable each of their past, present, and future agents, attorneys, representatives, and all persons or entities that made payments to Dartmouth or other Defendants on behalf of Plaintiffs and Class Members), the predecessors, successors, heirs, devisees, executors, conservators, administrators, and representatives of each of the foregoing.

n) "Released Claims" means any and all claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, accrued or unaccrued, contingent or absolute, suspected or unsuspected, in law, equity, or otherwise, that Plaintiffs ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively, as assignees or in any other capacity, to the extent alleged in the Complaint or to the extent arising out of or relating to a common nucleus of operative facts with those alleged in the Complaint that Plaintiffs have asserted or could have asserted in the Action. For avoidance of doubt, claims between Class Members and Dartmouth arising in the ordinary course and not relating to, arising from, or sharing a common nucleus of operative facts with the facts alleged in the Complaint will not be released.

o) "Settlement Class Counsel" means the law firms Freedman Normand Friedland LLP, Gilbert Litigators & Counselors, PC, and Berger Montague PC.

p) "Settling Parties" means Dartmouth, Plaintiffs, and the Class.

q) "Dartmouth Payment" means thirty-three million, seven hundred and fifty thousand dollars ($33,750,000.00).

r) "Dartmouth Settlement Fund" means the Dartmouth Payment, plus interest accrued on the Settlement Fund. It is understood that, at no additional cost to Dartmouth or the Dartmouth Settlement Fund, the Dartmouth Settlement Fund may be combined with settlement funds from the settlements with other Defendants in the event that Plaintiffs achieve settlements with additional Defendants in this Action.

2.      **Reasonable Steps Necessary to Help Effectuate this Settlement.**  The Settling Parties agree to undertake in good faith all reasonable steps necessary to help effectuate the Settlement, including undertaking all actions contemplated by and steps necessary to carry out the terms of this Settlement and to secure the prompt, complete, and final dismissal with prejudice of all claims in this Action against Dartmouth. The Settling Parties also agree to the following:

a)      Dartmouth agrees not to oppose a grant of the relief requested in the Plaintiffs' motions for preliminary or final approval of the Settlement, and agrees not to appeal any Court ruling granting in full either of these motions.

b)  Settlement Class Counsel represent that Plaintiffs will support the Settlement and will not object to the Settlement or opt out of the Settlement Class.

c)  Dartmouth will serve notice of this Settlement on the appropriate federal and state officials under the Class Action Fairness Act, 28 U.S.C. § 1715.

d)  This Settlement is reached with Settlement Class Counsel who will seek Court approval to represent all of the Class, and is intended to be binding on all persons who are within the definition of the Class, except any persons who timely and validly opt out.

3.      **Motion for Preliminary Approval of the Settlement.** Plaintiffs shall draft a motion for preliminary approval of the Settlement and all necessary supporting documents, which

shall be consistent with this Settlement Agreement and which Dartmouth shall have a right to review and approve (which approval shall not be unreasonably withheld). Dartmouth may suggest revisions, which Plaintiffs agree to consider in good faith, as long as Dartmouth provides its suggested revisions or comments within seven (7) business days of having received any such document or documents from Plaintiffs, or such other time as the Settling Parties may agree. Unless the Settling Parties agree otherwise, Plaintiffs will file the motion for preliminary approval with the Court no later than 45 days after the execution of this Settlement Agreement. Dartmouth understands and accepts that Plaintiffs may file for preliminary approval of this Settlement jointly with other settlements in this Action. Nothing in this Settlement Agreement shall prevent Plaintiffs from consummating settlements with other Defendants in this Action or from including such settlements as part of a joint preliminary approval motion. The motion for preliminary approval shall include a proposed form of order substantially similar to Exhibit A, including:

a) requesting preliminary approval of the Settlement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, and finding that dissemination of notice to the Class is warranted;

b) finding that the proposed plan of notice complies with Rule 23 and due process, and seeking approval of short- and long-form notices;

c) preliminarily approving the Plan of Allocation;

d) providing that if final approval of the Settlement is not obtained, the Settlement shall be null and void, and the Settling Parties will revert to their positions ex ante without prejudice to their claims or defenses; and

e) setting a date for a motion for final approval, a deadline for objections and exclusions, and a date for a fairness hearing.

**4. Stay of Proceedings; Subsequent Litigation Class.** The motion for preliminary approval shall also provide for a stay of Plaintiffs' proceedings against Dartmouth pending final approval or termination of the Settlement. Dartmouth agrees not to oppose preliminary approval of the Settlement. Plaintiffs represent that the Class definition in Paragraph 1 of this Settlement

Agreement is at least as broad as that for which the Plaintiffs will seek certification in their Motion for Class Certification or any later motion(s) for certification of a settlement class (collectively, "Certification Motions") against one or more of the remaining Defendants in the Action, except that as to any subsequent motion for a settlement class in the Action, Plaintiffs may extend the end date of the class period to the date of preliminary approval of any subsequent settlement without violating the provisions of this Paragraph. In the event that Settlement Class Counsel seek to certify a class or classes in any Certification Motion against one or more of the remaining Defendants that include(s) any class members not included in the Class definition in Paragraph 1 herein (except as to the end date of the class period in the context of a motion seeking certification of a settlement class), and if the Court certifies such a broader class at the request of Settlement Class Counsel, Settlement Class Counsel agree that this Settlement Agreement shall be amended to include such additional class members and that in the event an Amended Motion for Preliminary Approval of this Settlement Agreement, any amended notices to the class(es), or an Amended Motion for Final Approval of this Settlement Class are necessary, Settlement Class Counsel will file such amendments and provide such notice at no expense to Dartmouth.

5.      **Motion for Final Approval and Entry of Final Judgment.**  In the event the Court enters an order preliminarily approving the Settlement, the Plaintiffs shall draft a motion for final approval of the Settlement and all necessary supporting documents, which Dartmouth shall have a right to review and approve (which approval shall not be unreasonably withheld). Dartmouth may suggest revisions, which Plaintiffs agree to consider in good faith, as long as Dartmouth provides its suggested revisions or comments within seven (7) business days of having received any such document or documents from Plaintiffs, or other such time as the Settling Parties may agree. Plaintiffs will file the motion for final approval pursuant to the schedule ordered by the Court. The final approval motion shall seek entry of a final approval order, including:

a)      finding that notice given constitutes due, adequate, and sufficient notice and meets the requirements of due process and the Federal Rules of Civil Procedure;

b) finding the Settlement to be fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and directing consummation of the Settlement pursuant to its terms;

c) finding that all Class Members shall be bound by the Settlement Agreement and all of its terms;

d) finding that the Releasors shall be bound by the respective releases set forth in Paragraphs 13 and 14 of this Settlement Agreement, and shall be forever barred from asserting any claims or liabilities against Dartmouth covered by the respective Released Claims against any of the Releasees;

e) approving expressly the provisions in Paragraph 7(e) of the Settlement Agreement allowing payment of Settlement Class Counsel fees and expenses before the Effective Date pursuant to the terms of that paragraph;

f) directing that the Action be dismissed with prejudice as to Dartmouth and without costs;

g) determining under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal with prejudice as to Dartmouth be final;

h) retaining exclusive jurisdiction over the Settlement, including the administration and consummation of the Settlement; and

i) directing that, for a period of five years, the Clerk of the Court shall maintain the record of the entities that have excluded themselves from the Class and that a certified copy of such records shall be provided to Dartmouth.

6. **Finality of Settlement.** This Settlement Agreement shall become final upon the Effective Date.

7. **Monetary Relief; Notice Fees and Costs**

a) Dartmouth shall transfer or cause to be transferred ten million dollars of the Dartmouth Payment ($10,000,000.00) to the Escrow Account within the later of: (i) 30 calendar days after entry by the Court of the preliminary approval order on the docket of the Action, or (ii) 14 calendar days after Settlement Class Counsel provide Dartmouth counsel in writing with

wiring instructions for the Escrow Account. Dartmouth shall transfer or cause to transfer the remaining balance of the Dartmouth Payment to the Escrow Account within 30 calendar days after entry by the Court of the final approval order on the docket of the Action.

b) The payments provided for in subparagraph 7(a) above shall be held in the Escrow Account subject to the terms and conditions of the Escrow Agreement, and in accordance with the provisions of Paragraphs 8-11, 16 and 17 below.

c) Before the granting of final approval, and upon the direction of Settlement Class Counsel, all reasonable costs of providing notice to the Class and any costs of settlement fund administration, including taxes, will be paid out of the Escrow Account on a non-recoupable basis other than as set forth below. Settlement Class Counsel shall attempt to defray the costs of notice by combining the administration of multiple settlements, if such settlements occur and if permitted by the Court to do so. If multiple settlements are noticed together, the notice costs shall be divided by the number of settlements and charged to the escrow account of each settlement pari passu. Settlement Class Counsel shall provide copies to Dartmouth's counsel of any invoices paid by Settlement Class Counsel for which money is withdrawn from the Escrow Account. In the event that no noticed settlements become effective, then any withdrawals for reasonable costs from the Escrow Account pursuant to this provision shall be non-refundable. If at least one noticed settlement becomes effective, then all withdrawals for reasonable costs from the Escrow Account (or escrow accounts as applicable) pursuant to this provision shall be withdrawn only from/charged only to the settlement fund(s) of the effective settlement(s). Settlement Class Counsel agree to arrange for provision of notice to the Class in accordance with Fed. R. Civ. P. 23 and any orders of the Court. Settlement Class Counsel agree to provide Dartmouth reasonable advance notice of the notice plan and costs.

d) Following the Effective Date, any attorneys' fees, costs and expenses and Class representative service awards awarded to Settlement Class Counsel and Plaintiffs by

the Court will be paid from the Escrow Account. Dartmouth will take no position on Settlement Class Counsel's application for attorneys' fees, costs, and expenses or for Class representative service awards to the Plaintiffs unless requested to do so by the Court.

e)    Notwithstanding the above, subject to and following both the Court's approval in the Final Approval Order and the posting of a non-revocable letter of credit issued by Northern Trust, Bank of America, Citibank, or Chase Bank agreed to in writing in advance by the Settling Parties in an amount equal to or greater than the amount of any funds paid under this Paragraph, Settlement Class Counsel's attorneys' fees and/or reimbursement of out-of-pocket expenses of Settlement Class Counsel awarded by the Court, up to a maximum of 90% of the combined amount of the Fee and Expense Award(s) associated with any and all settlements in this Action with other Defendants approved contemporaneously with this Settlement, shall be payable from the combined Settlement Fund upon being awarded by the Court, notwithstanding the existence of any timely-filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, including on the award of attorneys' fees and costs. Any payment pursuant to this Paragraph 7(e) shall be subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Dartmouth Settlement Fund with interest that would have accrued to the Dartmouth Settlement Fund if the early payment(s) had not been made, within five business days, if and when, as a result of any appeal or further proceedings on remand, action by or ruling of the Court, or successful collateral attack, the fee or award of costs and expenses is reduced or reversed, or in the event the Settlement does not become final or is rescinded or otherwise fails to become effective. If Settlement Class Counsel fail to make the required repayments in accordance with the time period in this Paragraph, Dartmouth may call the letter of credit. If the provisions of this Paragraph are followed, Dartmouth shall not object to such disbursements. If the Court does not approve this provision, that disapproval will have no effect otherwise on the Settling Parties' Settlement Agreement. Nothing in this Paragraph is intended to serve as a cap on, or limit to, the

attorneys' fees or expenses that Settlement Class Counsel or Plaintiffs may be awarded by the Court and receive following the Effective Date.

f)      Aside from the payments specified in this Paragraph 7, Dartmouth shall not pay any additional amount at any time, whether for attorneys' fees or expenses, incentive awards, settlement administration costs, escrow costs, taxes due from the Escrow Account, or any other cost. Dartmouth shall not be liable for any monetary payments under the Settlement Agreement other than the Dartmouth Payment.

**8.     The Dartmouth Settlement Fund.** At all times prior to the Effective Date, the Dartmouth Settlement Fund shall be invested at the direction of Settlement Class Counsel as set forth in Paragraph 3 of the Escrow Agreement, in instruments backed by the full faith and credit of the U.S. Government or fully insured by the U.S. Government or an agency thereof, including a U.S. Treasury Money Market Fund or a bank account insured by the FDIC up to the guaranteed FDIC limit subject to the review and approval of Dartmouth, such approval not to be unreasonably withheld. Dartmouth shall have no responsibility for, or obligation with respect to, the investment or management of the Dartmouth Settlement Fund. The Dartmouth Settlement Fund may be combined in the same Escrow Account as the settlement funds from other settlements in this Action. After the Effective Date, the Dartmouth Settlement Fund shall be invested pursuant to Paragraph 7 of the Escrow Agreement as directed in writing by Settlement Class Counsel. All interest earned on the Dartmouth Settlement Fund shall become part of the Dartmouth Settlement Fund.

**9.     Disbursements.** After the Effective Date, the Dartmouth Settlement Fund shall be distributed in accordance with the Plan of Allocation and the Court's approval of subsequent request(s) for distribution. If any portion of the Settlement Fund remains following disbursement of Court-approved Notice Expenses, the Fee and Expense Award, and the service awards to the Class representatives, and after distribution (or redistribution) to authorized claimants pursuant to the Court-approved Plan of Allocation, and is of such an amount that it is not cost effective or administratively efficient to redistribute the amount to the authorized claimants, then the Settling

Parties agree to seek leave of Court to disburse such remaining funds, after payment of any further notice and administration costs and taxes and tax expenses, to one or more appropriate charitable non-profit organizations that promote access to higher education for disadvantaged students and families as agreed to by the Settling Parties and upon approval by the Court.

**10. Taxes.**

a) Settlement Class Counsel shall be solely responsible for directing the Escrow Agent (as defined in the Escrow Agreement) to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Escrow Account. Further, Settlement Class Counsel shall be solely responsible for directing the Escrow Agent to make any tax payments, including interest and penalties due, on income earned by the Escrow Account. Subject to Paragraph 7 above, Settlement Class Counsel shall be entitled to direct the Escrow Agent to pay customary and reasonable tax expenses, including professional fees and expenses incurred in connection with carrying out the Escrow Agent's or tax preparer's responsibilities as set forth in this Paragraph, from the Escrow Account. Settlement Class Counsel shall notify Dartmouth through its counsel regarding any payments or expenses paid from the Escrow Account. Dartmouth shall have no responsibility to make any tax filings relating to this Settlement Agreement, the Escrow Account, or the Settlement Payments, and shall have no responsibility to pay taxes on any income earned by the Escrow Account.

b) For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be Settlement Class Counsel, who shall timely and properly file or cause to be filed on a timely basis all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)).

c) The Settling Parties and their counsel shall treat, and shall cause the Escrow Agent to treat, the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Settling Parties, their counsel, and the Escrow

14

Agent agree that they will not ask the Court to take any action inconsistent with the treatment of the Escrow Account in this manner. In addition, the Escrow Agent and, as required, the Settling Parties, shall timely make such elections under § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

11.    **Full Satisfaction; Limitation of Interest and Liability.** Plaintiffs and Class Members shall look solely to the Dartmouth Payment for satisfaction of any and all Released Claims. If the Settlement becomes final pursuant to Paragraph 6 above, Dartmouth's payment of the Dartmouth Payment will fully satisfy any and all Released Claims, as compromised. Except as provided by order of the Court, no Class Member shall have any interest in the Dartmouth Payment, Escrow Account, or any portion thereof. Recognizing that Dartmouth cannot defend itself in this action in absentia after settling, the Settling Parties agree that any finding of liability against any other party would not establish that Dartmouth would have been liable, or the amount of any such liability, if Plaintiffs had proceeded to trial against Dartmouth on Plaintiffs' claims. It is not a violation of this Settlement Agreement for Plaintiffs to use any evidence, including evidence that Plaintiffs believe shows Dartmouth's involvement in the challenged conduct, to prove Plaintiffs' claims for liability and damages against any non-settling Defendant in this Action. Notwithstanding anything set forth above, nothing in this Paragraph is intended to or shall be used

to (i) exonerate any party other than Dartmouth, and/or (ii) reduce the exposure of any non-settling defendant to liability, including to liability for the alleged actions of Dartmouth.

> **12.**     **Attorneys' Fees, Expenses, and Costs.**

a)     Settlement Class Counsel shall file any motion for a Fee and Expense Award in accordance with the Court's preliminary approval or final approval order. Settlement Class Counsel shall receive any Fee and Expense Award relating to this Settlement solely from the Dartmouth Settlement Fund. Other than as provided in Paragraph 7(e) and approved by the Court, no portion of any Fee and Expense Award shall be released from the Dartmouth Settlement Fund prior to the Effective Date. Dartmouth is not obligated to take, does not take, and, unless requested to do so by the Court, will not take any position with respect to the application by Settlement Class Counsel for reimbursement of attorneys' fees, expenses, and costs.

b)     The procedures for and the allowance or disallowance by the Court of Settlement Class Counsel's application for a Fee and Expense Award to be paid from the Dartmouth Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Award, or any appeal from any such order, shall not operate to modify or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the Settlement. A modification or reversal on appeal of any amount of the Fee and Expense Award shall not be deemed a modification of the terms of this Settlement Agreement or final approval order, and shall not give rise to any right of termination.

> **13.**     **Release.**  Upon the occurrence of the Effective Date, the Releasors hereby release and forever discharge, and covenant not to sue the Releasees only, with respect to, in connection with, or relating to any and all of the Released Claims.

> **14.**     **Additional Release.** In addition, each Releasor hereby expressly waives and releases, upon the Effective Date, any and all provisions, rights, and/or benefits conferred by Section 1542 of the California Civil Code, which reads:

> Section 1542. <u>Release</u>. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, notwithstanding that the release in Paragraph 13 is not a general release and is of claims against Releasees only. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of Paragraph 13. Nonetheless, upon the Effective Date, each Releasor hereby expressly waives and fully, finally, and forever settles and releases any known or unknown, foreseen, or unforeseen, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of Paragraph 13, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against the Releasees under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of the Released Claims.

**15.** **Effect of Disapproval.** If the Court (i) declines to approve this Settlement Agreement; (ii) does not enter the preliminary approval order containing the elements set forth in Paragraph 3 above; (iii) does not enter the final approval order containing the elements set forth in Paragraph 5 above; or (iv) enters the final approval order and appellate review is sought, and on such review, such final approval order is not affirmed, then Settlement Class Counsel or Dartmouth may elect to terminate this Settlement Agreement by sending written notice to the other party within 10 business days of the event allowing for termination. For the avoidance of doubt and without limiting the foregoing, any order of the Court, the Seventh Circuit Court of Appeals, or the United States Supreme Court that is based on a determination that the Settlement is not fair, reasonable, or adequate or that: (a) materially changes or does not approve the scope of the releases

and covenant not to sue contemplated by this Settlement; (b) purports to impose additional material obligations on Dartmouth; or (c) declines to enter a final judgment that meets the requirements set forth in Paragraph 5 above, except as otherwise agreed in writing by Settlement Class Counsel and Dartmouth, constitutes a failure to grant final approval of this Agreement and confers on Settlement Class Counsel and/or Dartmouth the right to terminate the Agreement. A modification or reversal on appeal of the Plan of Allocation, Fee and Expense Award, or Plaintiffs' service awards shall not be deemed a modification of the terms of this Agreement or Final Approval Order and shall not give rise to any right of termination.

        **16.**      **Opt-Out and Termination Rights.**

        a)      Should more than 650 proposed Class Members (not including employees of any of the law firms representing Defendants in this case) opt-out of this Settlement, Dartmouth has the right to terminate this Settlement, as long as Dartmouth notifies Settlement Class Counsel in writing of its decision to terminate within ten (10) business days of having been informed that more than 650 proposed Class Members have opted out or such other time as the Settling Parties may agree, and provided that Dartmouth has been given timely information regarding any opt-outs within a reasonable time after such opt-out requests come to the attention of Settlement Class Counsel. In such instance of termination, the Settling Parties would return to their respective positions as of September 27, 2023. In the event of a termination, the Settling Parties agree to work in good faith to propose a schedule to the Court to restart the litigation between Plaintiffs and Dartmouth. Dartmouth agrees that its President, Provost, General Counsel, or outside counsel shall take no actions, publicly or privately, directly or indirectly, to encourage any proposed Class Members to opt out of this Settlement, or to encourage opting out from any other settlements that Plaintiffs may enter into with other Defendants in this Action, or from any class or classes that the Court may certify in this Action.

        b)      Any disputes regarding the application of this Paragraph 16 may be resolved by the Court, with Plaintiffs, Dartmouth, and the opt-out(s) all having the opportunity to be heard.

17.      **Reimbursement of the Dartmouth Settlement Fund upon Termination.** If the Settlement Agreement is terminated pursuant to the provisions of Paragraphs 15 or 16 above, the Escrow Agent shall return to Dartmouth the funds in the Dartmouth Settlement Fund consistent with Paragraph 7 at the time of termination. Subject to Paragraph 8 of the Escrow Agreement, the Escrow Agent shall disburse the funds left in the Dartmouth Settlement Fund consistent with Paragraph 7 to Dartmouth in accordance with this Paragraph within 15 calendar days after receipt of either (i) written notice signed by Settlement Class Counsel and Dartmouth's counsel stating that the Settlement has been terminated (such written notice will be signed by the non-terminating party within three days of receiving the written notice from the terminating party), or (ii) any order of the Court so directing. If the Settlement Agreement is terminated pursuant to Paragraphs 15 or 16, (1) any obligations pursuant to this Settlement Agreement other than (i) disbursement of the Dartmouth Settlement Fund to Dartmouth as set forth above and (ii) Paragraph 23, shall cease immediately and (2) the releases set forth in Paragraphs 13 and 14 above shall be null and void.

18.      **Preservation of Rights.** Except as expressly provided for in the Releases in Paragraphs 13 and 14 above, this Settlement Agreement, whether the Settlement becomes final or not, and any and all negotiations, documents, and discussions associated with it, shall be without prejudice to the rights of any of the Settling Parties, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or lack thereof, of any liability or wrongdoing by Dartmouth or lack thereof, or of any amount of improperly acquired funds received by Dartmouth or the lack thereof, or of the truth or lack thereof of any of the claims or allegations contained in the Complaint or any other pleading, and evidence thereof shall not be discoverable or used directly or indirectly, in any way other than to enforce the terms of this Settlement Agreement. The Settling Parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement. Upon the Settlement becoming final, nothing in this Settlement Agreement shall (a) prevent Dartmouth from asserting any release or citing this Settlement Agreement to offset any liability to any other parties not party to the Action, including but not limited to, claims filed by federal and state governments or any

19

governmental entity, or (b) be construed to impair, negate, diminish, or adversely affect any rights of Dartmouth or its successors or assigns to seek to recover or to recover insurance proceeds or payments from its past or current insurance carriers with respect to amounts paid pursuant to this Settlement Agreement or incurred in connection with the Action, or any other loss or liability, and Dartmouth expressly reserves all rights, claims, positions, arguments, contentions, and defenses with respect to such matters.

19. **No Admission of Liability by Dartmouth; No Admission of Absence of Merit by Plaintiffs.** This Settlement Agreement shall not be deemed or construed to be an admission of Dartmouth's liability in this Action or to be admissions that Plaintiffs' claims in this Action have any merit against Dartmouth or otherwise, or to comprise any determination as to whether there were, or the amount of, any improperly acquired funds allegedly received by Dartmouth. Dartmouth denies any wrongdoing in relation to the claims brought by Plaintiffs in this Action. Dartmouth's consent to the Settlement Class shall not be deemed consent to the certification of this or any other class for litigation purposes, and in the event of termination, Dartmouth may oppose the certification of any class. This Settlement Agreement shall not be deemed or construed to be an admission that Plaintiffs' Claims in this Action have or lack merit as to Dartmouth or otherwise.

20. **Discovery Disclosures to Plaintiffs.** The intent of this Paragraph is to expressly limit and define Dartmouth's obligations with respect to discovery that Plaintiffs may seek from Dartmouth following the Settlement. Other than as set forth below, or as may subsequently be agreed to by the Settling Parties, Dartmouth and its current or former employees shall neither be required to respond or supplement its response to any discovery request (including deposition notices or subpoenas), previously served by Plaintiffs or that Plaintiffs may serve in the future. To the extent Plaintiffs depose any witness in this Action who is a former employee of Dartmouth, Plaintiffs shall refrain from questioning the witness concerning the witness' employment with Dartmouth. In addition, Settlement Class Counsel agree that they will consult with Dartmouth

Counsel before attempting to contact or make any effort to communicate with any former Dartmouth employees.

a) **Data**. Dartmouth will respond in good faith to the data questions it received from Settlement Class Counsel on December 14, 2023 before the close of fact discovery.

b) **Interrogatories**. Dartmouth will provide sworn responses to no more than two interrogatories, including sub-parts, before the close of fact discovery.

c) **Testimony**. Notwithstanding this Settlement Agreement, if any other party to the Action takes a deposition of a Dartmouth-related witness, Dartmouth agrees that it will not object to making that witness available for deposition questioning by Plaintiffs' counsel for an equal amount of time, subject to a combined time limit as set in Fed. R. Civ. P. 30(d)(1).

d) **Produced documents kept in the ordinary course of business and trial witness**. Dartmouth agrees that in the event the need arises in this Action, and there is an authenticity or hearsay objection made by one or more Defendants in the Action to documents or data produced by Dartmouth in this litigation, Dartmouth will provide a declaration (i) pursuant to Federal Rule of Evidence 902(11) concerning the authenticity of those documents; and (ii) providing facts relevant to the application of the Business Records Exception to the Hearsay Rule (Fed. R. Evid. 803(6)) for documents or data that qualify as business records. In the event that a declaration is not sufficient to meet the requirements of Fed. R. Evid. 803(6), Dartmouth will provide a records custodian witness to testify by deposition *de bene esse* or, if necessary, at trial, for the sole purpose of providing support for the authenticity of the documents or data or the application of the Business Records Exception to the Hearsay Rule for those documents or data.

e) **Confidentiality**: All non-public data, documents, information, testimony, and/or communications provided to Plaintiffs' counsel as part of discovery in the Action or as part of subparts (a) to (e) above, if so designated by Dartmouth, shall be treated as "Confidential" or "Attorneys' Eyes Only" under the Confidentiality Order in the Action. Plaintiffs reserve the right to challenge such designations, after the fact, under the terms of the Confidentiality Order, however, Plaintiffs must provide in writing their legal basis for such a challenge and then

21

telephonically meet and confer in good faith with counsel for Dartmouth before filing any motion to challenge such designations with the Court. Plaintiffs further agree that they shall not seek to challenge the confidentiality of any Dartmouth documents or testimony unless Plaintiffs intend to file such documents or testimony with the Court in support of a motion (other than a motion to challenge confidentiality designations) or introduce such documents or testimony in a hearing or trial in the Action. Notwithstanding anything to the contrary in this Settlement Agreement or the Confidentiality Order, Plaintiffs shall not object to any FERPA designations made by Dartmouth under any circumstances.

   f)  **Admissibility and Privilege**: Nothing herein shall require Dartmouth to provide information protected by the attorney-client privilege, attorney work-product doctrine, joint-defense privilege or similar privileges, and Dartmouth shall not waive any protections, immunities, or privileges. All provisions of the Confidentiality Order and other orders governing discovery in the Action otherwise will apply, including without limitation, provisions related to inadvertent disclosure.

   **21.**  **Temporary Stay of Litigation.** The Settling Parties agree that it appears unlikely a temporary stay of litigation will be necessary before the Court considers the stay requested as part of the motion for preliminary approval of the Settlement Agreement. In the event that either Settling Party to this Settlement Agreement believes in good faith that it has become necessary to seek a stay of the litigation in order for that party to avoid work not contemplated by this Settlement Agreement or some other undue burden, the Settling Parties agree that they will seek a temporary stay of the litigation.

   **22.**  **Resumption of Litigation in the Event of Termination.** The Settling Parties agree that in the event that the Settlement Agreement is not approved by the Court, or if the Settlement does not become final pursuant to Paragraph 6 above, or if the Settlement Agreement is terminated pursuant to Paragraphs 15 or 16 above, Plaintiffs may resume litigation of the Action against Dartmouth in a reasonable manner to be approved by the Court upon a joint application by the

Settling Parties, and if and only if Plaintiffs have fully reimbursed to Dartmouth the Dartmouth Settlement Fund as provided for in Paragraph 17 above.

23.     **Maintaining Confidentiality of Litigation Materials.**  In the event that Plaintiffs or Settlement Class Counsel receive a subpoena or other legal process that would require disclosure of material covered by any protective order entered in the Action (the "Protective Order") or covered by Federal Rule of Evidence 408, such Plaintiff or Settlement Class Counsel shall promptly notify Dartmouth and forward a copy of such subpoena or legal process so that Dartmouth may seek a protective order or otherwise seek to maintain the confidentiality of material covered by the Protective Order or Rule 408; and such Plaintiff or Settlement Class Counsel shall object to the production of such material unless and until any such motion filed by Dartmouth is resolved. In addition, Plaintiffs and Settlement Class Counsel shall abide by the terms of the Protective Order in this Action, including with respect to the destruction of materials and the limitations on the use of any material covered by the Protective Order to this Action, unless otherwise ordered by a court of competent jurisdiction.

24.     **Binding Effect.** This Settlement Agreement shall be binding upon, and inure to the benefit of, the Releasors and the Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Settlement Class Counsel shall be binding upon Plaintiffs and all Class Members.

25.     **Integrated Agreement.** This Settlement Agreement, together with the exhibits hereto and the documents referenced herein, contains the complete and integrated statement of every term in this Settlement Agreement, and supersedes all prior agreements or understandings, whether written or oral, between the Settling Parties with respect to the subject matter hereof. This Settlement Agreement shall not be modified except by a writing executed by Plaintiffs and Dartmouth.

26.     **Independent Settlement.** This Settlement Agreement is not conditioned on the performance or disposition of any other settlement agreement between the Class and any other Defendant.

27.     **Headings.** The headings in this Settlement Agreement are intended only for the convenience of the reader and shall not affect the interpretation of this Settlement Agreement.

28.     **No Party is the Drafter.** None of the Settling Parties shall be considered the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of construction that might cause any provision to be construed against the drafter hereof.

29.     **Consent to Jurisdiction.** Each Class Member and Dartmouth hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of Illinois for any suit, action, proceeding or dispute among or between them arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein, provided that this consent to jurisdiction shall not affect Dartmouth's right or ability to assert this Settlement Agreement or the releases contained herein as a defense in an action filed in any other jurisdiction asserting Released Claims or concerning this Settlement Agreement or this Action.

30.     **Choice of Law.** All terms of this Settlement Agreement shall be governed by and interpreted according to federal common law or, where state law must apply, Illinois law without regard to conflicts of law principles.

31.     **Representations and Warranties.** Each party represents and warrants that it has the requisite authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated herein.

32.     **Notice.** Where this Settlement Agreement requires either Settling Party to provide notice or any other communication or document to the other Settling Party, such notice shall be in writing and provided by email and overnight delivery to the counsel set forth in the signature block

below for Settlement Class Counsel, respectively, or their designees or successors. For Dartmouth, notice shall be provided by email and overnight delivery to:

| | | |
|---|---|---|
| Sandhya L Iyer | Douglas E. Litvack | Ishan Bhabha |
| Senior Vice President and | Jenner & Block LLP | Jenner & Block LLP |
| General Counsel | 1099 New York Avenue, NW | 1099 New York Avenue, NW |
| Dartmouth College | Suite 900, Washington, DC 20001 | Suite 900, Washington DC 20001 |
| 63 South Main Street | dlitvack@jenner.com | Ibhabha@jenner.com |
| Suite 301, Hanover, NH 03755 | | |
| Sandhya.l.Iyer@dartmouth.edu | | |

33. **Execution in Counterparts.** This Settlement Agreement may be executed in counterparts. A facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

34. **Confidentiality.** The terms of this Settlement Agreement shall remain confidential until Plaintiffs move for preliminary approval of the Settlement, unless Dartmouth and Settlement Class Counsel agree otherwise, provided that Dartmouth may disclose the terms of this Settlement Agreement to accountants, lenders, auditors, legal counsel, insurers, tax advisors, or in response to a request by any governmental, judicial, or regulatory authority or otherwise required by applicable law or court order, and Plaintiffs may disclose the terms of the Settlement Agreement to any entity that has applied to serve as Notice and Claims Administrator or Escrow Agent, who shall abide by the terms of this Paragraph.

**Executed Version**

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of the date first herein above written.

Dated: February ____22____, 2024.

TRUSTEES OF DARTMOUTH COLLEGE

By: _____
     Sandhya L. Iyer

Its:    Senior Vice President, General Counsel and Secretary

By: *Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
**GILBERT LITIGATORS &**
**COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com
amarquez@gilbertlitigators.com
smagnusson@gilbertlitigators.com


By: _____
Eric L. Cramer
Caitlin G. Coslett
Ellen Noteware
Hope Brinn
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net


Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net


By: _____
Devin "Vel" Freedman
Edward J. Normand
**FREEDMAN NORMAND**
**FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law


Daniel J. Walker
Robert E. Litan
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net


*Counsel for Plaintiffs and the Proposed Settlement Class*

**Executed Version**

By:_____

Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
**GILBERT LITIGATORS &
COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
sschuster@gilbertlitigators.com
amarquez@gilbertlitigators.com
smagnusson@gilbertlitigators.com


By:_____

Eric L. Cramer
Caitlin G. Coslett
Ellen Noteware
Hope Brinn
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net


Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net


By: *Edward Normand*

Devin "Vel" Freedman
Edward J. Normand
**FREEDMAN NORMAND
FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
vel@fnf.law
tnormand@fnf.law
pbachyrita@fnf.law
rcipolla@fnf.law


Daniel J. Walker
Robert E. Litan
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net


*Counsel for Plaintiffs and the Proposed Settlement Class*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>    Defendants. | Case No.: 1:22-cv-00125<br><br>**Hon. Matthew F. Kennelly** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS WITH DEFENDANTS TRUSTEES OF DARTMOUTH COLLEGE, NORTHWESTERN UNIVERSITY, WILLIAM MARSH RICE UNIVERSITY, AND VANDERBILT UNIVERSITY, PROVISIONALLY CERTIFYING THE PROPOSED SETTLEMENT CLASS, APPROVING THE NOTICE PLAN, AND APPROVING THE SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS**

WHEREAS, on September 9, 2023, this Court preliminarily approved ("Chicago Order")

a settlement in this case between Plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra,

- 1 -

Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams (collectively, "Plaintiffs") on behalf of themselves and a proposed Settlement Class (defined below) and defendant University of Chicago ("Chicago") (ECF No. 439);

WHEREAS, on February 14, 2024, the Court preliminarily approved the settlements with Defendants Emory University ("Emory"), Yale University ("Yale"), Brown University ("Brown"), Trustees of Columbia University in the City of New York ("Columbia"), and Duke University ("Duke") (collectively the "Second Tranche Settling Universities," and the settlements the "Second Tranche Settlements"), including approval of the Revised Notice Plan (ECF No. 614);

WHEREAS, Plaintiffs, on behalf of themselves and the same proposed Settlement Class have, since September 9, 2023, entered into additional settlement agreements ("Settlement Agreements") with defendants Trustees of Dartmouth College ("Dartmouth"), Northwestern University ("Northwestern"), William Marsh Rice University ("Rice"), and Vanderbilt University ("Vanderbilt") ((collectively the "Third Tranche Settling Universities") (Plaintiffs and the Third Tranche Settling Universities together, the "Parties") that set forth the terms and conditions of the Parties' proposed settlements and releases and their agreements (the "Third Tranche Settlements") to dismiss with prejudice the claims of the Plaintiffs and members of the proposed Settlement Class against each of the Third Tranche Settling Universities;

WHEREAS, the universities Plaintiffs sued in this Action are the "Defendants." Defendants are Brown University, California Institute of Technology ("CalTech"), University of Chicago, Trustees of Columbia University in the City of New York, Cornell University ("Cornell"), Trustees of Dartmouth College, Duke University, Emory University, Georgetown University ("Georgetown"), Johns Hopkins University ("Johns Hopkins"), Massachusetts

Institute of Technology ("MIT"), Northwestern University, University of Notre Dame du Lac ("Notre Dame"), Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University, Vanderbilt University, and Yale University.

WHEREAS, on February 23, 2024, Plaintiffs filed a Motion for Preliminary Approval of the Third Tranche Settlements, Provisional Certification of Proposed Settlement Class, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process, requesting the entry of an Order (the "Motion"): (i) granting preliminary approval of the Settlement Agreements; (ii) finding that the standards for certifying the proposed Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement and judgment are likely satisfied; (iii) appointing Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams as representatives of the Settlement Class ("Class Representatives"); (iv) appointing Freedman Normand Friedland LLP, Gilbert Litigators & Counselors PC, and Berger Montague PC as Settlement Class Counsel under Fed R. Civ. P. 23(g); (v) conforming the Class Period for the class definition applicable to the University of Chicago Settlement Agreement and Second Tranche Settlements to the Class Period applicable to the Third Tranche Settlements; (vi) preliminarily approving the Revised Plan of Allocation (ECF No. 603-9) as also applicable to the Third Tranche Settlements; (vii) appointing Angeion Group as Settlement Claims Administrator; (viii) appointing The Huntington National Bank ("Huntington Bank") as Escrow Agent; and (ix) approving proposed schedule for the Settlements, including the scheduling of a Fairness Hearing during which the Court will consider: (a) Plaintiffs' request for final approval of all Settlements and entry of a proposed order and final judgment; (b) Plaintiffs' counsel's application for attorneys' fees, reimbursement of expenses, service awards, and payment of administrative costs;

and (c) Plaintiffs' request for dismissal of this action only against the Settling Universities with prejudice.

WHEREAS, the Court ordered that any oppositions to the Motion would be due on [DATE] and no oppositions were filed;

WHEREAS, the Court held a hearing on the Motion on [DATE];

WHEREAS, the Second and Third Tranche Settling Universities and the University of Chicago support the Motion; and

WHEREAS, the Court is familiar with and has reviewed the record in this case and the Settlements, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**<u>Jurisdiction</u>**

1.      This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of this action and over the Second and Third Tranche Settling Universities, Defendant University of Chicago, and Plaintiffs, including all members of the Settlement Class (defined below).

**<u>Settlement Class</u>**

2.      Pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court preliminarily finds that the Court will likely find that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for settlement and judgment purposes only. As to the requirements of Rule 23(a) for settlement purposes only, (i) the Settlement Class provisionally certified herein likely exceeds 100,000 individuals, and joinder of all would be impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Class Representatives' claims are typical of the claims of the Settlement Class they seek to represent

for purposes of settlement; and (iv) Class Representatives are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3) for settlement purposes only, questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and a class action on behalf of the Settlement Class is superior to other available means of settling and disposing of this dispute.

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies, solely for purposes of effectuating the Settlement, the following "Settlement Class," which permits potential class members to opt out, including the following persons:

> a.   all U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[1] The Class Period is defined as follows:
>
> > i.   For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through the date the Court enters an order preliminarily approving the Settlement.
> >
> > ii.   For Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

---

[1] For the avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

      iii.  For CalTech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

      iv.  For Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

   b.  <u>Excluded from the Class are:</u>

      i.  Any Officers[2] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

      ii.  the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

4.     For purposes of the end date of the class definition in the Chicago Settlement and the Second Tranche Settlements, the date of this Order shall be considered the date of preliminary approval of the Chicago Settlement and the Second Tranche Settlements.

5.     For settlement purposes only, the Court hereby appoints plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams as Class Representatives.

---

[2] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

6.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Berger Montague PC, Freedman Normand Friedland LLP, and Gilbert Litigators & Counselors PC as Settlement Class Counsel for the Settlement Class.

## Preliminary Approval of Settlements

7.      Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlements, as embodied in the Third Tranche Settlement Agreements between Plaintiffs and the Settling Universities.

8.      Upon review of the record, the Court finds the Third Tranche Settlements were entered into after approximately two years of hard-fought litigation, extensive discovery, and arm's length negotiations. Accordingly, the Court preliminarily finds that the Third Tranche Settlements meet all factors under Rule 23(e)(2) and will likely be granted final approval by the Court, subject to further consideration at the Court's final Fairness Hearing. The Court finds that the Third Tranche Settlements encompassed by the Settlement Agreements are preliminarily determined to be fair, reasonable, and adequate, and in the best interest of the Settlement Class, raise no obvious reasons to doubt their fairness, and that there is a reasonable basis for presuming that the Third Tranche Settlements and their terms satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Third Tranche Settlements should be given to members of the Settlement Class.

9.      The Court has reviewed and hereby preliminarily approves the same Revised Plan of Allocation proposed by Plaintiffs articulated in the Motion for Preliminary Approval of the Second Tranche Settlements, including without limitation its provisions providing that if any

portion of the Settlement Fund remains following disbursement of Court-approved Notice

Expenses, the Fees and Expense Award, and the service awards to the class representatives, and

after distribution (or redistribution) to authorized claimants pursuant to the Court-approved

Revised Plan of Allocation, and is of such an amount that it is not cost effective or

administratively efficient to redistribute the amount to the authorized claimants, then the Settling

Parties have agreed to seek leave of Court to disburse such remaining funds, after payment of

any further notice and administration costs and taxes and tax expenses, to one or more

appropriate charitable non-profit organization(s) that promote access to higher education for

disadvantaged students and families as agreed to by the Settling Parties and upon approval by the

Court.

10.     Angeion Group is hereby appointed as Settlement Claims Administrator.

11.     Huntington Bank is hereby appointed as Escrow Agent pursuant to the

Settlements.

12.     The Court approves the establishment of the Settlement Fund under the Third

Tranche Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal

Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains

continuing jurisdiction as to any issue that may arise in connection with the formation and/or

administration of the QSF. In accordance with the Third Tranche Settlement Agreements,

Settlement Class Counsel are authorized to withdraw funds from the QSF for the payment of the

reasonable costs of notice, payment of taxes, and reasonable settlement administration costs.

13.     Pending further Order of the Court, all litigation activity against the Third

Tranche Settling Universities on behalf of the Settlement Class is hereby stayed, and all hearings,

deadlines, and other proceedings related to the Plaintiffs' claims against the Third Tranche

Settling Universities, other than those incident to the settlement process, are hereby taken off the Court's calendar. The stay shall remain in effect until such a time that (i) any Third Tranche Settling University or Plaintiffs exercise its/their right to terminate any of the Settlements; (ii) any of the Third Tranche Settlements is terminated pursuant to its terms; or (iii) the Court renders a final decision regarding approval of any of the Third Tranche Settlements, and if it approves the Third Tranche Settlements, enters final judgment and dismisses Plaintiffs' claims against the Third Tranche Settling Universities with prejudice.

14.     In the event that any of the Third Tranche Settlements fail to become effective in accordance with its/their terms, or if an Order granting final approval to any of the Third Tranche Settlements and dismissing Plaintiffs' claims against any of the Third Tranche Settling Universities with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void but only as to the Third Tranche Settlement(s) that fail to become effective.

15.     In the event any of the Third Tranche Settlements terminates, or is not approved by the Court, or any Third Tranche Settlement does not become final pursuant to its terms, litigation against that Third Tranche Settling University or those Third Tranche Settling Universities shall resume in a reasonable manner as approved by the Court upon joint application of the Plaintiffs and that Third Tranche Settling University or those Third Tranche Settling Universities.

**Approval of Notice Plan**

16.     In the Chicago Order, the Court approved the long-form notice (Chicago Order, Exhibit A) and summary publication/email notice (Chicago Order, Exhibit B). The Court also approved the settlement website as described in the Declaration of Steven Weisbrot of Angeion

Group (dated August 11, 2023). The Plaintiffs then submitted revised forms of long-form notice and summary publication/email notice, which forms of notice combined and incorporated summaries of the Chicago Settlement and Plaintiffs' Settlements with the Second Tranche Settling Universities, which the Court approved on February 14, 2024 (ECF No. 614). Plaintiffs now submit amended forms of long-form notice and summary publication/email notice, which forms of notice combine and incorporate summaries of the Chicago Settlement and Plaintiffs' Settlements with the Second and Third Tranche Settling Universities ("Amended Notices"). The Court hereby approves the amended long-form notice ("Amended Long-Form Notice") (attached hereto as Exhibit A) and amended summary publication/email notice ("Amended Summary Notice") (attached hereto as Exhibit B). The Plaintiffs also have proposed to use the same notice program and settlement website (updated to include the new settlements) as the Court approved in the Chicago Order for the Second and Third Tranche Settlements. The Court reaffirms its finding in the Chicago Order that the proposed class notice plan specified by Plaintiffs and supported by the Declaration of Steven Weisbrot (dated August 11, 2023): (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency and status of this Action and of their right to participate in, object to, or exclude themselves from the proposed Settlements; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies the requirements of Fed. R. Civ. P. 23(e)(1), and constitutes due process, and is a reasonable manner of distributing notice to Settlement Class members who would be bound by the Chicago Settlement and the Settlements with the Second and Third Tranche Settling Universities.

17.     Angeion may modify the form and/or content of the targeted advertisements and banner notices as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications substantially comport with the forms of notice approved by the Court, and are approved by the Parties, the Second Tranche Settling Universities, and the University of Chicago.

18.     The Settling Universities shall provide notice of the Settlements as required by 28 U.S.C. § 1715.

### Email and Mailing Addresses for Notice

19.     Pursuant to 34 C.F.R. § 99.37(a), the Court finds that mailing addresses and email addresses in education records of current students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation if (a) the Defendant has previously provided public notice that the mailing addresses and email addresses are considered "directory information" that may be disclosed to third parties including public notice of how students may restrict the disclosure of such information, and (b) the student has not exercised a right to block disclosure of mailing addresses or email addresses ("FERPA Block"). Defendants shall not disclose from education records mailing addresses or email addresses subject to a FERPA Block.

20.     Pursuant to 34 C.F.R. § 99.37(b), the Court further finds that mailing addresses and email addresses in education records of former students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation, provided that each Defendant continues to honor any valid and un-rescinded FERPA Block.

### Approval of Schedule

21.     Angeion Group and the Parties, as well as Second Tranche Settling Universities

and the University of Chicago with respect to the settlement between Plaintiffs and Defendant University of Chicago, shall adhere to the following schedule:

    a.   No later than 30 days after the date of this Order, Angeion Group shall begin the process of providing notice to the Settlement Class, in accordance with the Plan of Notice.

    b.   No later than 60 days after the date of this Order, Settlement Class Counsel shall file a motion for attorneys' fees, unreimbursed litigation costs and expenses, and/or service awards for the Class Representatives, pursuant to the terms of the Settlement Agreements.

    c.   By no later than 75 days after the date of this Order, Settlement Class Members may request exclusion from the Settlement Class or submit any objection to the proposed Settlements or to the proposed allocation plan summarized in the notice, or to Settlement Class Counsel's request for attorneys' fees, unreimbursed litigation costs and expenses, and/or service awards to the Class Representatives. All objections must be in writing and filed with the Court, with copies sent to the Claims Administrator, and include the following information: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership (such as, for instance, evidence of an accepted financial aid award from a Defendant University), indicating that the individual is a member of the Settlement Class; (4) a statement detailing all objections to the Settlements; and (5) a statement of whether the individual will appear at the Fairness Hearing, either with or without counsel. All requests for exclusion from the Settlement Class must be in writing, mailed to the Claims Administrator, and include the following information: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of

membership (such as, for instance, evidence of an accepted financial aid award from a Defendant University); (4) a statement indicating that the individual is a member of the proposed Settlement Class and wishes to be excluded from the Settlement Class; and (5) an individual signature by the Settlement Class member.

       d.   No later than 90 days after the date of this Order, Settlement Class Counsel shall file all briefs and materials in support of final approval of the Chicago and Second and Third Tranche Settlements.

       e.   The Court's Order dated September 9, 2023 preliminarily approving the settlement with Chicago (ECF 439) shall hereby be amended to conform the class definition, schedule, contents of notice, notice and allocation plans and final approval process, so that they are consistent with this Order.

       f.   The Fairness Hearing on the Chicago Settlement shall take place at the same time as the Fairness Hearing for the settlements with the Second and Third Tranche Settling Universities, which will take place telephonically on [DATE at least 120 days after the Court's entry of this Order].

Dated: _____, 2024          **SO ORDERED**

                                       _____

                                        Matthew F. Kennelly

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDREW CORZO, SIA HENRY, ALEXANDER
LEO-GUERRA, MICHAEL MAERLENDER,
BRANDON PIYEVSKY, BENJAMIN SHUMATE,
BRITTANY TATIANA WEAVER, and
CAMERON WILLIAMS, individually and on
behalf of all others similarly situated,

                Plaintiffs,

      v.

BROWN UNIVERSITY, CALIFORNIA
INSTITUTE OF TECHNOLOGY, UNIVERSITY
OF CHICAGO, THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,
CORNELL UNIVERSITY, TRUSTEES OF
DARTMOUTH COLLEGE, DUKE UNIVERSITY,
EMORY UNIVERSITY, GEORGETOWN
UNIVERSITY, THE JOHNS HOPKINS
UNIVERSITY, MASSACHUSETTS INSTITUTE
OF TECHNOLOGY, NORTHWESTERN
UNIVERSITY, UNIVERSITY OF NOTRE DAME
DU LAC, THE TRUSTEES OF THE
UNIVERSITY OF PENNSYLVANIA, WILLIAM
MARSH RICE UNIVERSITY, VANDERBILT
UNIVERSITY, and YALE UNIVERSITY,

                Defendants.

Case No.: 1:22-cv-00125

**Hon. Matthew F. Kennelly**

## Notice of Class Action Settlements
## Authorized by the U.S. District Court for the Northern District of Illinois

**Settlements totaling $284 million from ten out of the seventeen defendants in the case will provide payments to students who received need-based financial aid to cover some but not all costs (tuition, fees, room, and/or board) to attend Brown University, California Institute of Technology, University of Chicago, Columbia**

1

**University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, William Marsh Rice University, Vanderbilt University, or Yale University.**

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

- The Court has preliminarily approved proposed settlements ("Settlements") with the following ten defendant schools: Brown University ("Brown"), University of Chicago ("Chicago"), the Trustees of Columbia University in the City of New York ("Columbia"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Northwestern University ("Northwestern"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt") and Yale University ("Yale").

- The Court has also preliminarily approved a Settlement Class of students who attended the following seventeen schools (during certain time periods): Brown, California Institute of Technology, Chicago, Columbia, Cornell University, Dartmouth, Duke, Emory, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, Rice, Vanderbilt, and Yale (the "Defendants," or "Universities," or "Defendant Universities").

- Persons who are members of the Settlement Class may participate in the Settlements as explained in more detail in this notice.

- As part of the Settlements:

  - Chicago has agreed to make a settlement payment of $13.5 million.

  - Emory has agreed to make a settlement payment of $18.5 million.

  - Yale has agreed to make a settlement payment of $18.5 million.

  - Brown has agreed to make a settlement payment of $19.5 million.

  - Columbia has agreed to make a settlement payment of $24 million.

  - Duke has agreed to make a settlement payment of $24 million.

  - Dartmouth has agreed to make a settlement payment of $33.75 million.

  - Rice has agreed to make a settlement payment of $33.75 million.

  - Northwestern has agreed to make a settlement payment of $43.5 million.

  - Vanderbilt has agreed to make a settlement payment of $55 million.

- In addition, as part of the Settlements, Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt, and Yale have each agreed to complete certain discovery in this antitrust class action lawsuit, called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125, which is pending in the United States District Court for the Northern District of Illinois (the "Action").

- This Action was brought by certain students who attended the Universities while receiving partial need-based financial aid. The Action alleges that the Universities conspired in violation of the federal antitrust laws regarding principles, formulas, and methods of determining financial aid. The Action also alleges that as a result, the Universities provided less financial aid than they would have provided had there been full and fair competition. The Universities have alleged that Plaintiffs' claims lack merit; that the Universities' financial aid policies were legal and pro-competitive, and financial aid awards were not artificially reduced; that the Universities have valid defenses to Plaintiffs' allegations; and that Plaintiffs' claims would have been rejected prior to trial, at trial, or on appeal.

- The Settlements are for the benefit of the "Settlement Class," which is composed of the following persons:

    all U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[3] The Class Period is defined as follows:

    a.  For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through the date the Court enters an order preliminarily approving the Settlement.

    b.  For Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

    c.  For CalTech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

    d.  For Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

---

[3] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

<u>Excluded from the Class are:</u>

a. Any Officers[4] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

b. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

For purposes of the end date of the class definition in the Chicago Settlement, the date of this Order shall be considered the date of preliminary approval of the Chicago Settlement and the Chicago class definition shall otherwise be conformed to match the class definition for the more recent Settlements.

The Court approved the following lawyers for the Settlement Class (referred to as "Settlement Class Counsel"):

Edward J. Normand
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
tnormand@fnf.law

Robert D. Gilbert
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com

Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
ecramer@bm.net

---

[4] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

- The Settlements offer cash payments to members of the Settlement Class who submit valid and timely claim forms later in the process. Payments for claims will vary depending on a number of factors as set forth below. Assuming that about half of the estimated 200,000 Class members submit timely claims, and that the Court awards the attorneys' fees and costs as requested, the average claimant will receive about $2,000 from these Settlements. Because the Plaintiffs allege an antitrust conspiracy where Plaintiffs allege that Defendants would be joint and severally liable, the amount of money any member of the Settlement Class receives is not directly related to the amount of money that the institution that person attended paid in settlement. The parties have agreed to ask the Court that any funds remaining after an initial distribution to the Settlement Class that are unable to be efficiently distributed to the Settlement Class be given, with the Court's approval, to charitable causes that promote access to higher education for disadvantaged students and families.

- This Notice has important information. It explains the Settlements and the rights and options of members of the Settlement Class in this class action lawsuit.

- For the full terms of the Settlements, you should look at the Settlement Agreements between Plaintiffs and Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt, and Yale that are available at www.FinancialAidAntitrustSettlement.com.

- Please check www.FinancialAidAntitrustSettlement.com for any updates relating to any of the Settlements or the settlement approval process.

## LEGAL RIGHTS and OPTIONS

**If you are a member of the Settlement Class, your legal rights and options are described in this section. You may:**

**Exclude Yourself**: You may request to be excluded from the Settlement Class. This is the only way you can preserve any right you have to be part of another potential lawsuit that you or others might bring in the future seeking money for claims arising out of the facts alleged in this Action. If you timely request exclusion (also referred to as "opt out"), you will no longer be part of the Settlement Class, and you will *not* be able to get any money from the Settlements. If you would like to opt out, you must mail your exclusion request by [DATE]. *See* Question 12 for more information on requesting an exclusion.

**Object**: If you do not agree with any part of the Settlements, or you do not agree with the requested award of attorneys' fees, expenses, and/or service awards for the representative Plaintiffs you may:

- Write to the Court to explain why (*see* Question 16 for more information on filing an objection), and

- Ask to speak at the Court hearing about either the fairness of the Settlements or about the requested attorneys' fees, expenses, or service awards. (*See* Question 22).

**Do Nothing:** To remain in the Settlement Class, **you need do nothing now**. However, at a later time, if the Settlements are approved, in order to receive money from the lawsuit, you will need to file a claim form. *See* Question 23 for more information.

**File a Claim**: This is the only way to get money from the Settlements. You must file a timely and valid claim **at a later point in the process**. *See* Question 9 for more information.

**Deadlines:** *See* Questions 12 and 16 for more information about rights and options and all deadlines.

## BASIC INFORMATION

### 1.     Purpose of this Notice?

This notice explains the proposed Settlements in a class action lawsuit called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125, and the legal rights and options of the members of the Settlement Class to participate in the Settlements, or not, before the Court decides whether to give final approval to the Settlements. This notice explains the Action, the proposed Settlements, your legal rights, the benefits available, eligibility for those benefits, and how to get them. The Honorable Matthew F. Kennelly in the United States District Court for the Northern District of Illinois is overseeing this Action.

The persons or entities who started this case are called the "Plaintiffs." The Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams.

The Court has provisionaly certified the Settlement Class. The Court has also approved Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams to act as Settlement Class Representatives on behalf of the Settlement Class for purposes of the Settlements only.

The universities Plaintiffs sued in this Action are the "Defendants." Defendants are Brown University, California Institute of Technology, University of Chicago, Trustees of Columbia University in the City of New York, Cornell University, Trustees of Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame du Lac, Trustees of the University of Pennsylvania, William Marsh Rice University, Vanderbilt University, and Yale University. **Although these settlements resolve claims against only ten of these seventeen Defendants, Settlement Class members who attended any of the seventeen Defendants may be eligible to file a claim.**

### 2.     What is this lawsuit about?

Generally, Plaintiffs allege that Defendants engaged in an anticompetitive conspiracy in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Specifically, Plaintiffs allege that Defendants conspired to fix or otherwise limit the amount of financial aid students received, and thereby to artificially inflate the net prices that Settlement Class members paid to attend the Universities during certain time periods. Plaintiffs allege that Defendants conspired through an organization called the 568 Presidents Group, of which all of the Defendants were members during some or all of the time period. Members of the 568 Presidents Group allegedly shared sensitive information regarding financial aid and financial aid principles and allegedly agreed to create and implement common principles used in calculating students' "financial need" that, Plaintiffs say, all schools participating in the alleged conspiracy agreed to adopt. Absent participation in this alleged conspiracy, Plaintiffs allege that Defendants would have competed with each other to award more financial aid. Plaintiffs allege that Defendants' participation in the alleged conspiracy artificially reduced the amount of financial aid Settlement Class member students received.

Defendants deny each and every one of Plaintiffs' allegations of unlawful or wrongful conduct by the Universities, deny that any conduct of the Universities challenged by Plaintiffs caused any damage whatsoever, and deny all liability of any kind. Defendants have asserted that they had no agreement with other Universities regarding their financial aid policies, that each University's financial aid policy was lawful and designed to promote socio-economic diversity at its institution by enhancing financial awards, that the Universities have valid defenses to Plaintiffs' allegations, and that Plaintiffs' claims would have been rejected prior to trial, at trial, or on appeal.

You may obtain more information regarding the specific allegations of the Action by reviewing the Second Amended Complaint, which is available at www.FinancialAidAntitrustSettlement.com.

**3.   Why is this lawsuit a class action?**
In a class action, people or businesses sue not only for themselves but also on behalf of other people or businesses with similar legal claims and interests. Together all people or businesses with similar claims and interests form a specifically defined class and are class members. For purposes of these Settlements, the Court has certified the Settlement Class (discussed above and further in Question 5). This means that if the Court approves these Settlements, they are applicable to all members of the Settlement Class (except those who follow the appropriate process to exclude themselves).

**4.   Why is there a settlement?**
        Plaintiffs and Settlement Class Counsel believe that the members of the Settlement Class have been damaged by Defendants' conduct, as described in the Action (including the Complaint and any amendments). Defendants believe that Plaintiffs' claims lack merit and would have been rejected prior to trial, at trial, or on appeal. The Court has not decided which side was right or wrong or if any laws were violated. Instead, Plaintiffs and Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University agreed to settle the case and avoid the delays, costs, and the risk of trial, and the appeals that would follow a trial.

These Settlements are the product of extensive arm's length negotiations, between experienced counsel. Settling this case allows members of the Settlement Class to receive cash payments (*see* Question 6 below). In addition, under the Settlements, Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed to complete certain discovery as detailed in the Settlement Agreements.

Plaintiffs, Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed to settle this case after two years of extensive litigation and discovery. As

part of discovery, Plaintiffs have reviewed and analyzed tens of thousands of pages of documents turned over by the Defendants in the litigation.

The Settlements allow members of the Settlement Class who submit valid and timely claims to receive some compensation, rather than risk ultimately receiving nothing. Plaintiffs and Settlement Class Counsel believe the Settlements are in the best interests of all members of the Settlement Class.

If the Settlements are approved, Plaintiffs and the Settlement Class will dismiss and release their claims against Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University.

**5.** __Am I part of this Settlement?__

In the Court's Preliminary Approval Order of [DD, MM, 2024], the Court defined the Settlement Class as follows:

> all U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[5] The Class Period is defined as follows:
>
> > a. For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through [DATE] [the date the Court enters an order preliminarily approving the Settlement].
> >
> > b. For Brown, Dartmouth, Emory—from Fall Term 2004 through [DATE] [the date the Court enters an order preliminarily approving the Settlement].
> >
> > c. For CalTech— Fall Term 2019 through [DATE] [the date the Court enters an order preliminarily approving the Settlement].
> >
> > d. For Johns Hopkins— Fall Term 2021 through [DATE] [the date the Court enters an order preliminarily approving the Settlement.]
>
> Excluded from the Class are:

---

[5] For the avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

a. Any Officers[6] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

b. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

If you are not sure whether you are part of the Settlement Class, contact the Claims Administrator at:

Call the toll-free number, 1-833-585-3338.

Visit: www.FinancialAidAntitrustSettlement.com

Write to: Financial Aid Antitrust Settlements, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Email: Info@FinancialAidAntitrustSettlement.com

Please contact the Claims Administrator with any questions instead of directing questions about the Settlements to your undergraduate institutution or to the attorneys representing your undergraduate institution in this lawsuit.

## SETTLEMENT BENEFITS

### 6.     What do these Settlements provide?

Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed to provide, collectively, $284 million in cash for the benefit of the Settlement Class as part of a Settlement Fund.

Every member of the Settlement Class who (a) does not exclude him, her, or themselves from the Settlement Class by the deadline described below, and (b) files a valid and timely claim during a process that will occur later will be paid from the monies from the Settlement Fund. The money in this Settlement Fund will be also used to pay:

• The cost of settlement administration and notice, and applicable taxes on the Settlement Fund, and any other related tax expenses, as approved by the Court,

• Money awards for the Settlement Class Representatives for their service on behalf of the Settlement Class, as approved by the Court, and

---

[6] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel, as approved by the Court (*see* Question 19 below for more information relating to attorneys' fees and other costs).

The money in this Settlement Fund less the three categories of costs described just above is the Net Settlement Fund. The Net Settlement Fund will only be distributed to members of the Settlement Class if the Court finally approves the Settlements and the plan for allocating the monies in the Settlement Fund to members of the Settlement Class.

**7.    How do I ask for money from these Settlements?**

If you are a member of the Settlement Class, you must submit a valid and timely claim to get money from the Settlement Fund during a process that will begin several months from now. If the Court finally approves the Settlements, as part of the Court approved distribution and allocation process, the Claims Administrator will distribute a Claim Form to complete to all Settlement Class members, who do not exclude themselves from the Settlement Class, and for which there are valid email or postal addresses. Members of the Settlement Class may also contact the Claims Administrator or visit the Settlement Website if they do not receive a Claim Form. The Claim Form will include the deadline for timely submission and instructions on how to submit the Claim Form. Those Settlement Class Members who submit Claim Forms are called Claimants. The Court will approve the plan of allocating the Net Settlement Fund amongst the Claimants, and will set the schedule for that process, at the time that it decides whether or not to approve the Settlements.

**8.    How much money will I get?**

At this time, it is not known precisely how much each member of the Settlement Class will receive from the Net Settlement Fund or when payments will be made. The amount of your payment, if any, will be determined by the Plan of Allocation proposed by Plaintiffs and to be approved by the Court. The proposed Plan of Allocation can be summarized as follows:

First, the Claims Administrator would determine, for each Claimant, the number of years (or fractions thereof) that the Claimant paid a Defendant University for the cost of attendance during the Settlement Class Period. The Claims Administrator, on a Claimant-by-Claimant basis, would then assign to each Claimant the average annual Net Price charged by that University for each year the Claimant attended (or fraction thereof) based on publicly available aggregated pricing data. The Net Price shall be defined for these purposes as the average price for tuition, room, and board less the average amount of financial aid (not including loans). The Net Prices assigned for each Claimant would be adjusted for fractions of years, where a student may not have attended for an entire school year. The Claims Administrator would then sum the average Net Prices over all the years for each Claimant, up to a maximum of four full academic years per Claimant. That sum would be the numerator of each Claimant's *pro rata* allocation computation.

Second, the Claims Administrator would add together all of the numerators for all Claimants, and that sum would serve as the denominator.

Third, the Claims Administrator would divide the numerator from the first step for each Claimant by the denominator from the second step. That fraction would be the *pro rata* share for each Claimant.

Fourth, and finally, to compute the total allocated sum for each Claimant, the Claims Administrator would multiply the fraction from the third step for each Claimant by the Net Settlement Fund, generating the dollar value of each Claimant's total allocation from the Net Settlement Fund.

The Claims Administrator will make decisions regarding claim submissions, including regarding their validity and amounts, with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert.

The parties have agreed to ask the Court to be permitted to donate any funds that remain in the Net Settlement Fund after distribution to the Settlement Class to charitable causes that promote access to higher education for disadvantaged students and families.

The complete proposed Plan of Allocation is available on the Settlement website, www.FinancialAidAntitrustSettlement.com.

## HOW TO FILE A CLAIM

**9.     How do I file a claim?**

If the Court approves the Settlements (*see* "The Court's Fairness Hearing" below), the Court will at that time approve a Claim Form and set a deadline for members of the Settlement Class to submit claims. At that time, to receive a payment, you must submit a Claim Form. The Claim Form for Settlement Class members will be posted on the Settlement website and available by calling the toll-free number 1-833-585-3338. Members of the Settlement Class will be able to submit claims electronically using the Settlement website or by email or through first class mail. A Claim Form will also be mailed to members of the Settlement Class for which the Claims Administrator has valid and current addresses.

**10.     Who decides the value of my claim?**

After receiving your timely-submitted Claim Form, the Court-appointed Claims Administrator, will make decisions about the value and validity of claims with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert.

For the Claimants, the Claims Administrator will use publicly available average annual price of tuition, fees, room, and board minus institutional grants ("Net Price") charged by Defendants for each applicable academic year to estimate each Claimant's Net Price, and thus (using the method set forth above) determine each Claimant's *pro rata* share of the Net Settlement Fund.

**Some companies may offer to help you file your Claim Form in exchange for a portion of your recovery from the Settlements. While you may choose to use such companies, you should know that you can file with the Claims Administrator on your own, free of charge. Additionally, you are entitled to contact the Claims Administrator or Settlement Class**

Counsel for assistance with understanding and filing your Claim Form—again, at no cost to you.

**11.** __Am I giving anything up by filing a claim or not filing a claim?__

If you are a member of the Settlement Class and do not exclude yourself, you cannot sue, continue to sue, or be part of any other lawsuit seeking recovery for the Released Claims against Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University or Releasees (defined below), even if you do not file a Claim Form. More specifically, staying in the Settlement Class means you have agreed to be bound by the Settlement Agreements and their terms including the release of claims contained therein. The Settlement Agreements are available on the Settlement website, www.FinancialAidAntitrustSettlement.com. The claims released in the Settlements are described below.

Specifically, the Settlement Agreements provide that the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, accrued or unaccrued, contingent or absolute, suspected or unsuspected, in law equity, or otherwise, that Plaintiffs ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively, as assignees or in any other capacity, to the extent alleged in the Complaint or to the extent arising out of or relating to a common nucleus of operative facts with those alleged in the Complaint that Plaintiffs have asserted or could have asserted in the Action. For avoidance of doubt, claims between Class Members and the Defendant Universities arising in the ordinary course and not relating to, arising from, or sharing a common nucleus of operative facts with, the facts alleged in the Complaint (including amendments), will not be released. The claims described as being released in this paragraph are referred to herein as the "Released Claims."

In addition, each Releasor (defined below) hereby expressly waives and releases, upon the Effective Date, any and all provisions, rights, and/or benefits conferred by Section 1542 of the California Civil Code, which reads:

> Section 1542. __Release__. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, notwithstanding that the release in Paragraph 13 of each of the Settlement Agreements is not a general release and is of claims against Releasees only. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of Paragraph 13. Nonetheless, upon the Effective Date (defined below), each Releasor hereby expressly waives and fully, finally, and forever settles and releases

13

any known or unknown, foreseen, or unforeseen, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of Paragraph 13, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against the Releasees under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of the Released Claims.

"Effective Date" means the date on which all of the following have occurred: (i) the Settlement is not terminated pursuant to Paragraphs 15 or 16 of each of the Settlement Agreements; (ii) the Settlement is approved by the Court as required by Fed. R. Civ. P. 23(e); (iii) the Court enters a final approval order; and (iv) the period to appeal the final approval order has expired and/or all appeals have been finally resolved.

"Releasees" means the Settling Universities, the Boards of Trustees of the Settling Universities, individually and collectively, and all of their present, future and former parent, subsidiary and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, former and future officers, directors, trustees, affiliates, employees, administrators, faculty members, students, agents, advisors, representatives, volunteers, attorneys, outside counsel, predecessors, successors, heirs, devisees, executors, conservators, and assigns.

"Releasors" means all Plaintiffs and Settlement Class Members, and those Plaintiffs' and Settlement Class Members' agents, attorneys, representatives (and as applicable each of their past, present, and future agents, attorneys, representatives, and all persons or entities that made payments to the Universities or other Defendants on behalf of Plaintiffs and Settlement Class Members), the predecessors, successors, heirs, executors, administrators, and representatives of each of the foregoing.

**The Scope and Effect of the Release**: Upon the occurrence of the Effective Date, the Releasors hereby release and forever discharge, and covenant not to sue the Releasees only, with respect to, in connection with, or relating to any and all of the Released Claims.

**12.**    **How do I exclude myself from the Settlement Class?**

If you are a member of the Settlement Class, do not want to remain in the Settlement Class, and do not want a payment from the Settlements, then you must take steps to exclude yourself from the Settlements. This is sometimes referred to as "opting out" of a class. The Court will exclude from the Settlements all members of the Settlement Class who submit valid and timely requests for exclusion.

If you exclude yourself, you will *not* be able to receive any payments from these Settlements. However, this is the only way you will retain your rights to sue Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William

Marsh Rice University, Vanderbilt University, and Yale University and the Releasees on your own based on the Released Claims.

You can exclude yourself by sending a written "Request for Exclusion" to the Claims Administrator. To be valid, your Request for Exclusion must be received by the Claims Administrator no later than [DATE] to:

**Claims Administrator**

Financial Aid Antitrust Settlements
Attn: Exclusion Request
P.O. Box 58220
Philadelphia, PA 19102

Your Request for Exclusion must: (i) be in writing by mail (you cannot exclude yourself by telephone or email); (ii) be signed by the person or entity holding the claim or by his, her or its authorized representative; (iii) state the full name, address, and phone number of the Universit(ies) you attended; (iv) include proof of membership in the Settlement Class; and (vi) include a signed statement that "I/we hereby request I/we be excluded from the Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt and Yale Settlements in *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125."

13.    **If I don't exclude myself, can I sue Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University and the other Releasees for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University and the Releasees for the Released Claims if you qualify for membership in the Settlement Class. If you decide to exclude yourself, your decision will apply only to Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University, and the other Releasees.

14.    **If I exclude myself from the Settlement Class, can I get money from the Settlements?**

No. You will not get any money from the Settlements if you exclude yourself.

15.    **If I exclude myself from the Settlements, can I still object?**

No. If you exclude yourself, you are no longer a member of the Settlement Class and may not object to any aspect of the Settlements.

**OBJECTING TO THE SETTLEMENTS**

15

**16.** **How do I tell the Court if I don't like any aspect of the Settlements?**

If you are a member of the Settlement Class (and don't exclude yourself from that class), you can object to any part or any one of the Settlements, the summary of the Plan of Allocation, and/or the request for attorneys' fees and litigation costs and expenses and/or the service awards request.

To object, you must timely submit a letter that includes the following: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) your name and address and if represented by counsel, the name, address, and telephone number of your counsel; (3) proof that you are a member of the Settlement Class; (4) a statement detailing your objections to the Settlements with specificity and including your legal and factual bases for each objection; and (5) a statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend.

You cannot make an objection by telephone or email. You must do so in writing and file your objection with the Clerk of Court and mail your objection to the following address postmarked by [DATE].

> **Court**
>
> United States District Court for the Northern District of Illinois
> Clerk of Court
> 219 S. Dearborn Street
> Chicago, IL 60604

You must also send a copy of your Statement of Objections to the Claims Administrator at the following address:

> **Claims Administrator**
> Financial Aid Antitrust Settlements
> Attn: Objections
> P.O. Box 58220
> Philadelphia, PA 19102

If you don't timely and validly submit your objection, your view will not be considered by the Court or any court on appeal.

**17.** **What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlements. You can object to the Settlements only if you don't exclude yourself from the Settlement Class. Objecting does not change your ability to claim money from the Net Settlement Fund if the Court approves the Settlements. If you exclude yourself, you cannot object because the Settlements no longer affects your rights, and you cannot claim money from the Net Settlement Fund.

## THE LAWYERS REPRESENTING YOU

**18. Do I have a lawyer in this lawsuit?**

The Court has appointed the lawyers listed below to represent you. These lawyers are called Settlement Class Counsel. Other lawyers have also worked with Settlement Class Counsel to represent you in this case. Because you are a Settlement Class member, you do not have to pay any of these lawyers. They will be paid from the Settlement Fund upon making an application to the Court.

Edward J. Normand
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
tnormand@fnf.law

Robert D. Gilbert
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com

Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net

If you have any questions about the notice or the Action, you can contact the above-listed Settlement Class Counsel.

**19. Should I hire my own lawyer?**

You do not have to hire your own lawyer. But you can if you want to, at your own cost.

If you hire your own lawyer to appear in this case, you must tell the Court and send a copy of your notice to Settlement Class Counsel at any of the addresses above.

**20. How will the lawyers for the Plaintiffs and Settlement Class be paid?**

To date, Settlement Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs or expenses that Settlement Class Counsel expended to litigate this case. Any attorneys' fees and costs and expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. By [DATE], Settlement Class Counsel will move for an

award of attorneys' fees not to exceed 1/3 of the Settlement Fund, plus any accrued interest, reimbursement of litigation costs and expenses not to exceed $12,000,000 and service awards of up to $20,000 for each of the eight Settlement Class Representatives to be paid out of the Settlement Fund. If the Court grants Settlement Class Counsel's requests, these amounts would be deducted from the Settlement Fund. You will not have to pay these fees, expenses, and costs out of your own pocket.

Any motions in support of the above requests will be available on the Settlement Website after they are filed by [DATE]. After that time, if you wish to review the motion papers, you may do so by viewing them at www.FinancialAidAntitrustSettlement.com.

The Court will consider the motion for attorneys' fees and litigation costs and expenses, service awards at or after the Fairness Hearing.

**THE COURT'S FAIRNESS HEARING**

**21.** **When and where will the Court decide whether to approve these Settlements, including the attorneys' fees and costs motion and the Plan of Allocation?**

There will be a Fairness Hearing held telephonically on [DATE] using call-in number 888-684-8852, access code 746-1053.

*Important!* The time and date of the Fairness Hearing may change without additional mailed or published notice. For updated information on the hearing, visit www.FinancialAidAntitrustSettlement.com.

At the Fairness Hearing, the Court will consider whether the Settlements are fair, adequate, and reasonable and should be approved. The Court will also decide whether it should give its final approval of the Plaintiffs' requests for attorneys' fees and expenses, service awards to the Settlement Class Representatives, and other costs. The Court will consider any objections and listen to members of the Settlement Class who have asked to speak at the Fairness Hearing.

**22.** **Do I have to come to the Fairness Hearing to get my money?**

No. You do not have to go to the Fairness Hearing, even if you sent the Court an objection. But you can go to the hearing or hire a lawyer to go to the Fairness Hearing if you want to, at your own expense.

**23.** **What if I want to speak at the Fairness Hearing?**

You must file a Notice of Intention to Appear with the Court at this address:

United States District Court for the Northern District of Illinois
Clerk of Court
219 S. Dearborn Street
Chicago, IL 60604

Your Notice of Intention to Appear must be filed by [DATE]. You must also mail a copy of your letter to Settlement Class Counsel at the addresses listed in the answer to Question 18. Your Notice of Intention to Appear must be signed and: (i) state the name, address, and phone number

of the University you attended and if applicable, the name, address, and telephone number of your attorney (who must file a Notice of Appearance with the Court); and (ii) state that you (or if applicable, your lawyer) intends to appear at the Fairness Hearing for the Settlements in *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125.

## IF YOU DO NOTHING

### 24. __What happens if I do nothing?__

If you do nothing, and if you fit the Settlement Class description, you will automatically be a member of the Settlement Class. However, if you do not timely file a Claim Form at the appropriate time later in the process, you will not receive any payment from the Settlements. You will be bound by past and future rulings, including rulings on the Settlements, Released Claims, and Releasees.

## GETTING MORE INFORMATION

### 25. __How do I get more information?__

This Notice summarizes the Action, the terms of the Settlements, and your rights and options in connection with the Settlements. More details are in the Settlement Agreements, which are available for your review at www.FinancialAidAntitrustSettlement.com. The Settlement Website also has the Second Amended Complaint and other documents relating to the Settlements. You may also call toll-free 1-833-585-3338 or write the Claims Administrator at: Financial Aid Antitrust Settlements, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

# EXHIBIT B

To:      Settlement Class Member Email Address
From:    Claims Administrator
Subject: Notice of Proposed Class Action Settlement – *Henry, et al. v. Brown University, et al.*

---

**Notice ID: <<Notice ID>>**
**Confirmation Code: <<Confirmation Code>>**

<u>Notice of Class Action Settlement</u>
<u>Authorized by the U.S. District Court for the Northern District of Illinois</u>

**Settlements of $284 million will provide payments to students who received need-based financial aid that covered some but not all costs (tuition, fees, room & board) to attend Brown University, California Institute of Technology, University of Chicago, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, Rice University, Vanderbilt University, or Yale University (the "Universities" or "Defendants").**

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

This Notice is only a summary.
Please visit www.FinancialAidAntitrustSettlement.com for more information.

- The Court has preliminarily approved proposed settlements ("Settlements") with the following ten schools: Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University (collectively the "Settling Universities").

- The Court has also preliminarily approved a class of students who attended one or more of the Settling Universities during certain time periods. This is referred to as the "Settlement Class," which is defined in more detail below.

- As part of the Settlements, the Settling Universities have agreed to make settlement payments totaling $284 million and to complete certain discovery in this antitrust class action lawsuit, called *Henry, et al. v. Brown University, et al.*, 1:22-cv-00125, which is pending in the United States District Court for the Northern District of Illinois (the "Action").

- This Action was brought by certain students ("Plaintiffs") who attended certain of the Universities while receiving partial need-based financial aid. The Action alleges that the Defendants violated federal antitrust laws by agreeing regarding principles, formulas, and methods of determining financial aid. The Action also alleges that as a result, the Defendants provided less need-based financial aid than they would have provided had there been full and fair competition. The Defendants assert that Plaintiffs' claims lack merit; that no such agreement existed, that the

Defendants' financial aid policies were legal and pro-competitive, and that financial aid awards were not artificially reduced.

**Why am I receiving this notice?**

The Court authorized this Notice because you are entitled to know about your rights under the proposed class action settlements with the Settling Universities before the Court decides whether to approve the Settlements.

The Settlement Class consists of: All U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, and (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[7] The Class Period is defined as follows:

- For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through the date the Court enters an order preliminarily approving the Settlement.

- For Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

- For CalTech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

- For Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

**What do these Settlements provide?**

Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed, collectively, to provide $284 million in cash for the benefit of the Settlement Class as part of a Settlement Fund if the Court finally approves the Settlements.

Every member of the Settlement Class who (a) does not exclude him, her, or themselves from the Settlement Class by the deadline described below, and (b) files a valid and timely claim during a process that will occur later will be paid from the monies from the Settlement Fund. The money in this Settlement Fund will be also used to pay the following, as approved by the Court:

- The cost of settlement administration and notice, and applicable taxes on the Settlement Fund, and any other related tax expenses;

- Money awards for the Settlement Class Representatives for their service on behalf of the Settlement Class; and

---

[7] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

2

- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel.

Payments for claims will vary depending on a number of factors as set forth below. Assuming that about half of the estimated 200,000 Class members submit timely claims, and that the Court awards the attorneys' fees and costs as requested, the average claimant will receive about $2,000 from these Settlements. Because the Plaintiffs allege an antitrust conspiracy, the amount of money any member of the Settlement Class receives is not directly related to the amount of money that the institution that person attended paid to settle.

The parties have agreed to ask the Court to allow them to donate any funds that remain in the Settlement Fund after distribution to the Settlement Class to charitable causes that promote access to higher education for disadvantaged students and families.

**How do I ask for money from these Settlements?**

If you are a member of the Settlement Class, you must submit a valid and timely claim to get money from the Settlement Fund during a process that will begin several months from now. If the Court finally approves the Settlements, as part of the Court approved distribution and allocation process, the Claims Administrator will distribute to all Settlement Class members, who do not exclude themselves from the Settlement Class, and for which there are valid addresses, a Claim Form to complete. Members of the Settlement Class may also contact the Claims Administrator or visit the Settlement Website if they do not receive a Claim Form. The Claim Form will include the deadline for timely submission and instructions on how to submit or approve the Claim Form.

Visit www.FinancialAidAntitrustSettlement.com for more information on how to submit a Claim Form.

**What are My Other Options?**

If you **Do Nothing**, you will be legally bound by the terms of the Settlements, and you will release your claims against the Releasees. You may **Opt-Out** of or **Object** to the Settlement by <u>Month, Day, Year</u>. Please visit www.FinancialAidAntitrustSettlement.com for more information on how to Opt-Out of or Object to the Settlements.

**Do I have a Lawyer in this Case?**

Yes. The Court appointed the following law firms to represent you and other Settlement Class Members: Freedman Norman Friedland LLP, Gilbert Litigators & Counselors, PC, and Berger Montague PC. These firms are called Settlement Class Counsel. They will be paid from the Settlement Fund upon making an application to the Court.

**The Court's Fairness Hearing.**

There will be a Fairness Hearing held telephonically on [DATE] using call-in number 888-684-8852, access code 746-1053

At the Fairness Hearing, the Court will consider whether the Settlements are fair, adequate, and reasonable and should be approved. The Court will also decide whether it should give its final approval of the proposed Plan of Allocation, and to Plaintiffs' requests for attorneys' fees and expenses, service awards to the Settlement Class Representatives, and other costs. The Court will consider any objections and listen to members of the Settlement Class who have asked to speak at the Fairness Hearing.

**This notice is only a summary.**

3

**For more information, visit <u>www.FinancialAidAntitrustSettlement.com</u> or call toll-free 1-XXX-XXX-XXXX**

*Unsubscribe*

# EXHIBIT B

**CUSTODIAN/ESCROW AGREEMENT FOR THIRD TRANCHE OF SETTLEMENTS**

This Custodian/Escrow Agreement dated February 21, 2024, is made among Berger Montague PC, Freedman Normand Friedland LLP, and Gilbert Litigators & Counselors, P.C. ("Settlement Class Counsel"), and **THE HUNTINGTON NATIONAL BANK**, as Custodian/Escrow agent ("Third Tranche 568 Custodian/Escrow Agent").

## Recitals

A.     This Custodian/Escrow Agreement ("Third Tranche 568 Custodian/Escrow Agreement") governs the deposit, investment and disbursement of the settlement funds that, pursuant to the Stipulations of Settlement (the "Settlement Agreements") dated February 21, 2024 attached hereto as Exhibits 1-4, entered into by, among others, Settlement Class Counsel on behalf of the Plaintiffs,[1] individually and on behalf of the settlement class ("the Settlement Class"),[2] will be paid to settle, in part, the class action captioned *Henry et al. v. Brown Univ. et*

---

[1] Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams.

[2] The Settlement Class includes:

    a.   All U.S. citizens or permanent residents who have during the Class Period
        (a) enrolled in one or more of Defendants' full-time undergraduate programs,
        (b) received at least some need-based financial aid from one or more Defendants, and
        (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.  The Class Period is defined as follows:

        i.    Chicago, Columbia, Cornell, Duke Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term, 2003 through the date the Court enters an order preliminarily approving the Settlement.

        ii.   Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

        iii.  Caltech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

        iv.  Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

The Settlement Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants. Excluded from the Settlement Class are (i) any Officers and/or Trustees of Defendants (with the exception of exempt employees of Columbia University with the title of "officer," as described further in footnote 3 of the Settlement Agreements), or any current or former employees holding any of the following positions:  Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admission offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and (ii) the Judge presiding over this Action, his or her law clerks, spouse, and any person within the third degree of

*al.*, No. 1:22-cv-00 ("the Action"), pending in the Northern District of Illinois (the "Court"). The Action brings claims against Brown University ("Brown"), California Institute of Technology ("Caltech"), University of Chicago ("Chicago"), The Trustees of Columbia University in the City of New York ("Columbia"), Cornell University ("Cornell"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Georgetown University ("Georgetown"), The Johns Hopkins University ("Johns Hopkins"), Massachusetts Institute of Technology ("MIT"), Northwestern University ("Northwestern"), University of Notre Dame du Lac ("Notre Dame"), The Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt"), and Yale University ("Yale").

B.      Pursuant to the terms of the Settlement Agreements, Defendants Trustees of Dartmouth College ("Dartmouth"), Northwestern University ("Northwestern"), William Marsh Rice University ("Rice"), and Vanderbilt University ("Vanderbilt") (collectively, the "Settling Universities") have agreed to pay or cause to be paid the total amount of $166 million in cash (the "Total Third Tranche Settlement Amount") in settlement of the claims brought against the Settling Universities in the Action. The Settling Universities have each agreed to pay the following amounts in accordance with the terms of their respective Settlement Agreements:

- Dartmouth – $33.75 million
- Rice – $33.75 million
- Northwestern – $43.5 million
- Vanderbilt –$55 million

C.      The Third Tranche Total Settlement Amount is to be deposited into a Custodian/Escrow account and, together with any interest accrued thereon, used to satisfy payments to authorized claimants, payments for attorneys' fees and expenses, payments for tax liabilities, and other costs pursuant to the terms of the Settlement Agreements. Consistent with the terms of the Settlement Agreements with the Settling Universities, if multiple settlements are noticed together, the notice costs shall be divided by the number of settlements and charged to the escrow account of each settlement, or the portion of any joint escrow account contributed to by each settlement, pari passu.

D.      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Settlement Agreements.

**Agreement**

1.      Appointment of Custodian/Escrow Agent. The Third Tranche 568 Custodian/Escrow Agent is hereby appointed to receive, deposit, and disburse the Total Third Tranche Settlement Amount upon the terms and conditions provided in this Third Tranche 568 Custodian/Escrow Agreement, the Settlement Agreements, and any other exhibits or schedules later annexed hereto and made a part hereof.

---

relationship living in the Judge's household and the spouse of such a person.

2

2.    The Third Tranche 568 Custodian/Escrow Account. The Third Tranche Custodian/Escrow Agent shall establish and maintain a Custodian/Escrow account on behalf of the Third Tranche 568 Settlement Fund, titled as 568 Settlement Fund (the "Third Tranche 568 Custodian/Escrow Account"). The Third Tranche 568 Custodian/Escrow Account shall include the existing Total Third Tranche Settlement Amount. Pursuant to the Settlement Agreements, the Settling Universities shall each cause their respective portions of the Third Tranche Total Settlement Amount identified in their respective Settlement Agreements to be deposited into the Third Tranche 568 Custodian/Escrow Account according to the terms of their respective Settlement Agreements. The Third Tranche 568 Custodian/Escrow Agent shall receive the Total Third Tranche Settlement Amount into the Third Tranche 568 Custodian/Escrow Account; the Total Third Tranche Settlement Amount and all interest accrued thereon shall be referred to herein as the "Settlement Fund." The Settlement Fund shall be held and invested on the terms and subject to the limitations set forth herein, and shall be released by the Third Tranche 568 Custodian/Escrow Agent only in accordance with the terms and conditions hereinafter set forth and set forth in the Settlement Agreements and in orders of the Court approving the disbursement of the Settlement Fund.

3.    Investment of Settlement Fund. At the written direction of Settlement Class Counsel, the Third Tranche 568 Custodian/Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Money Market Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Settling Universities shall not bear any responsibility for or liability related to the funds set forth in Paragraph 7(a) of the Settlement Agreement, once each of the Settling Universities transfers payment to the Third Tranche Custodian/Escrow Agent (through the method set forth in paragraph 7(a) of each respective Settlement Agreement), including but not limited to any responsibility for or liability related to the investment of the Settlement Fund by the Third Tranche 568 Custodian/Escrow Agent." .

4.    Custodian/Escrow Funds Subject to Jurisdiction of the Court. The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund shall be distributed, pursuant to the Settlement Agreements and on further order(s) of the Court.

5.    Tax Treatment & Report. The Settlement Fund shall be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. Class Counsel and the Settling Universities shall jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation, including the "relation-back election" under Treas. Reg. § 1.468B-1(j)(2) if necessary to the earliest permitted date. For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1. Settlement Class Counsel shall timely and properly prepare and file any informational and other tax returns necessary or advisable with respect to the Settlement Funds

3

and the distributions and payments therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. §1.468B-2(1).

6.    Tax Payments of Settlement Fund.  All Taxes with respect to the Settlement Fund, as more fully described in the Settlement Agreement, shall be treated as and considered to be a cost of administration of the Settlement Fund and the Third Tranche 568 Custodian/Escrow Agent shall timely pay such Taxes out of the Settlement Fund without prior order of the Court, as directed by Settlement Class Counsel. Settlement Class Counsel shall be responsible for the timely and proper preparation and delivery of any necessary documentation for signature by all necessary parties, and the timely filing of all tax returns and other tax reports required by law. Settlement Class Counsel may engage an accounting firm or tax preparer to assist in the preparation of any tax reports or the calculation of any tax payments due as set forth in Sections 5 and 6, and the expense of such assistance shall be paid from the Settlement Fund by the Third Tranche 568 Custodian/Escrow Agent at Settlement Class Counsel's direction.  The Settlement Fund shall indemnify and hold the Settling Universities harmless for any taxes that may be deemed to be payable by the Settling Universities by reason of the income earned on the Settlement Fund, and the Third Tranche 568 Custodian/Escrow Agent, as directed by Settlement Class Counsel, shall establish such reserves as are necessary to cover the tax liabilities of the Settlement Fund and the indemnification obligations imposed by this paragraph. If the Settlement Fund is returned to the Settling Universities pursuant to the terms of the Settlement Agreements, the Settling Universities shall provide the Third Tranche 568 Custodian/Escrow Agent with a properly completed Form W-9.

7.    Disbursement Instructions

(a)    Settlement Class Counsel may, without further order of the Court or authorization by the Settling Universities' Counsel, instruct the Third Tranche 568 Custodian/Escrow Agent to disburse the funds necessary to pay Notice Expenses and the costs associated with administering the Settlement Fund as specifically set forth in this Agreement.

(b)    Disbursements other than those described in paragraph 7(a), including disbursements for distribution of Settlement Class Settlement Funds, must be authorized by either (i) an order of the Court, or (ii) the written direction of Settlement Class Counsel, namely Eric L. Cramer, Edward Normand, and Robert Gilbert.

(c)    In the event funds transfer instructions are given (other than in writing at the time of execution of this Third Tranche 568 Custodian/Escrow Agreement), whether in writing, by facsimile, e-mail, telecopier or otherwise, the Third Tranche 568 Custodian/Escrow Agent will seek confirmation of such instructions by telephone call back when new wire instructions are established to the person or persons designated in subparagraphs (a) and (b) above only if it is reasonably necessary, and the Third Tranche 568 Custodian/Escrow Agent may rely upon the confirmations of anyone purporting to be the person or persons so designated. It will not be reasonably necessary to seek confirmation if the Third Tranche 568 Custodian/Escrow Agent receives written letters authorizing a disbursement from each of the law firms required in subparagraphs (a) and (b), as applicable, on their letterhead and signed by one of the persons designated in subparagraphs (a) and (b). To assure accuracy of the

instructions it receives, the Third Tranche 568 Custodian/Escrow Agent may record such call backs. If the Third Tranche 568 Custodian/Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it shall not execute the instruction until all issues have been resolved. The persons and telephone numbers for call backs may be validly changed only in a writing that (i) is signed by the party changing its notice designations, and (ii) is received and acknowledged by the Third Tranche 568 Custodian/Escrow Agent. Settlement Class Counsel will notify the Third Tranche 568 Custodian/Escrow Agent of any errors, delays or other problems within 30 days after receiving notification that a transaction has been executed. If it is determined that the transaction was delayed or erroneously executed as a result of the Third Tranche 568 Custodian/Escrow Agent's error, the Third Tranche 568 Custodian/Escrow Agent's sole obligation is to pay or refund the amount of such error and any amounts as may be required by applicable law. Any claim for interest payable will be at the then-published rate for United States Treasury Bills having a maturity of 91 days.

(d) The Third Tranche 568 Custodian/Escrow Agent shall not be liable for any losses, costs or expenses arising directly or indirectly from the Third Tranche 568 Custodian/Escrow Agent's reliance upon and compliance with such instructions notwithstanding such instructions conflict or are inconsistent with a subsequent written instruction. The party providing electronic instructions agrees: (i) to assume all risks arising out of the use of such electronic methods to submit instructions and directions to the Third Tranche 568 Custodian/Escrow Agent, including, without limitation, the risk of the Third Tranche 568 Custodian/Escrow Agent acting on unauthorized instructions, and the risk or interception and misuse by third parties; (ii) that it is fully informed of the protections and risks associated with the various methods of transmitting instructions to the Third Tranche 568 Custodian/Escrow Agent and that there may be more secure methods of transmitting instructions than the method(s) selected by the Third Tranche 568 Custodian/Escrow Agent; and (iii) that the security procedures (if any) to be followed in connection with its transmission of instructions provide to it a commercially reasonable degree of protection in light of its particular needs and circumstances.

8. <u>Termination of Settlements</u>. If the Settlement Agreements, or any of them, terminate in accordance with their terms, Class Counsel and the Universities shall, pursuant to Paragraph 17 of the Settlement Agreement(s), jointly notify the Third Tranche 568 Custodian/Escrow Agent of the termination of those Settlement Agreement(s). Upon such notification, the balance of the Settlement Fund proportionably attributable to the terminated settlements, together with any interest earned thereon, shall be returned to the Settling Universities (whose settlements terminated) in accordance Paragraph 7(c) or Paragraph 17 of the parties' Settlement Agreement(s), whichever is applicable, and in accordance with instruction from the relevant Settling Universities' Counsel.

9. <u>Fees</u>. The Third Tranche 568 Custodian/Escrow Agent shall be entitled to compensation for its services as stated in the fee schedule attached as Exhibit 5. All fees and expenses of the Third Tranche 568 Custodian/Escrow Agent shall be paid solely from the Settlement Fund. The Third Tranche 568 Custodian/Escrow Agent may pay itself such fees from the Settlement Fund only after such fees have been approved for payment by Settlement Class Counsel. If the Third Tranche 568 Custodian/Escrow Agent is asked to provide additional

5

services, such as the preparation and administration of payments to Authorized Claimants, a separate agreement and fee schedule will be entered into.

      10.    <u>Duties, Liabilities and Rights of Third Tranche Custodian/Escrow Agent</u>. This Third Tranche 568 Custodian/Escrow Agreement sets forth all of the obligations of the Third Tranche 568 Custodian/Escrow Agent, and no additional obligations shall be implied from the terms of this Third Tranche 568 Custodian/Escrow Agreement or any other agreement, instrument or document.

      (a)    The Third Tranche 568 Custodian/Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by Settlement Class Counsel, as provided herein, without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof, or the jurisdiction of the court issuing any judgment or order. The Third Tranche 568 Custodian/Escrow Agent may act in reliance upon any signature which is reasonably believed by it to be genuine, and may assume that such person has been properly authorized to do so.

      (b)    The Third Tranche 568 Custodian/Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected to the extent the Third Tranche 568 Custodian/Escrow Agent acts in accordance with the reasonable opinion and instructions of counsel. The Third Tranche 568 Custodian/Escrow Agent shall have the right to reimburse itself for reasonable legal fees and reasonable and necessary disbursements and expenses actually incurred from the Third Tranche 568 Custodian/Escrow Account only (i) upon approval by Settlement Class Counsel or (ii) pursuant to an order of the Court.

      (c)    The Third Tranche 568 Custodian/Escrow Agent, or any of its affiliates, is authorized to manage, advise, or service any money market mutual funds in which any portion of the Settlement Fund may be invested.

      (d)    The Third Tranche 568 Custodian/Escrow Agent is authorized to hold any treasuries held hereunder in its federal reserve account.

      (e)    The Third Tranche 568 Custodian/Escrow Agent shall not bear any risks related to the investment of the Settlement Fund in accordance with the provisions of paragraph 3 of this Third Tranche 568 Custodian/Escrow Agreement. The Third Tranche 568 Custodian/Escrow Agent will be indemnified by the Settlement Fund, and held harmless against, any and all claims, suits, actions, proceedings, investigations, judgments, deficiencies, damages, settlements, liabilities and expenses (including reasonable legal fees and expenses of attorneys chosen by the Third Tranche 568 Custodian/Escrow Agent) as and when incurred, arising out of or based upon any act, omission, alleged act or alleged omission by the Third Tranche 568 Custodian/Escrow Agent or any other cause, in any case in connection with the acceptance of, or performance or non-performance by the Third Tranche 568 Custodian/Escrow Agent of any of the Third Tranche 568 Custodian/Escrow Agent's duties under this Agreement, except as a result

of the Third Tranche 568 Custodian/Escrow Agent's bad faith, willful misconduct or gross negligence.

(f)     Upon distribution of all of the funds in the Third Tranche 568 Custodian/Escrow Account pursuant to the terms of this 568 Custody/Escrow Agreement and any other orders of the Court, the Third Tranche 568 Custodian/Escrow Agent shall be relieved of any and all further obligations and released from any an all liability under this Third Tranche 568 Custodian/Escrow Agreement, except as otherwise specifically set forth herein.

(g)     In the event any dispute shall arise between the parties with respect to the disposition or disbursement of any of the assets held hereunder, the Third Tranche 568 Custodian/Escrow Agent shall be permitted to interplead all of the assets held hereunder into a court of competent jurisdiction, and thereafter be fully relieved from any and all liability or obligation with respect to such interpleaded assets. The parties further agree to pursue any redress or recourse in connection with such a dispute, without making the Third Tranche 568 Custodian/Escrow Agent a party to same.

11.     <u>Non-Assignability by Custodian/Escrow Agent</u>. The Third Tranche 568 Custodian/Escrow Agent's rights, duties and obligations hereunder may not be assigned or assumed without the written consent of Settlement Class Counsel and the Settling Universities.

12.     <u>Resignation of Custodian/Escrow Agent</u>. The Third Tranche 568 Custodian/Escrow Agent may, in its sole discretion, resign and terminate its position hereunder at any time following 120 days prior written notice to the parties to the Third Tranche 568 Custodian/Escrow Agreement herein. On the effective date of such resignation, the Third Tranche 568 Custodian/Escrow Agent shall deliver this Third Tranche 568 Custodian/Escrow Agreement together with any and all related instruments or documents and all funds in the Third Tranche 568 Custodian/Escrow Account to the successor Third Tranche 568 Custodian/Escrow Agent, subject to this Third Tranche 568 Custodian/Escrow Agreement. If a successor Third Tranche 568 Custodian/Escrow Agent has not been appointed prior to the expiration of 120 days following the date of the notice of such resignation, then the Third Tranche 568 Custodian/Escrow Agent may petition the Court for the appointment of a successor Third Tranche 568 Custodian/Escrow Agent, or other appropriate relief. Any such resulting appointment shall be binding upon all of the parties to this Third Tranche 568 Custodian/Escrow Agreement.

13.     <u>Notices</u>. Notice to the parties hereto shall be in writing and delivered by hand-delivery, facsimile, electronic mail or overnight courier service, addressed as follows:

If to Class Counsel:   **GILBERT LITIGATORS & COUNSELORS, P.C.**
Robert D. Gilbert
11 Broadway, Suite 615
New York, NY 10004
Phone: 203-645-0055
rgilbert@gilbertlitigators.com

**FREEDMAN NORMAND FRIEDLAND LLP**
Edward J. Normand
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: 646-970-7513
tnormand@fnf.law

**BERGER MONTAGUE PC**
Eric L. Cramer
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net

If to Settling
Universities:

**TRUSTEES OF DARTMOUTH COLLEGE**
Sandhya L Iyer
Senior Vice President and General Counsel
Dartmouth College
63 South Main Street
Suite 301, Hanover, NH 03755
Sandhya.l.Iyer@dartmouth.edu

Douglas E. Litvack
Ishan Bhabha
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900, Washington, DC 20001
dlitvack@jenner.com
ibhabha@jenner.com

**NORTHWESTERN UNIVERSITY**
Stephanie Graham
Priya Harjani
Northwestern University
Office of General Counsel
633 Clark Street
Evanston, IL 60208
smg@northwestern.edu
p-harjani@northwestern.edu

Scott D. Stein
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
sstein@sidley.com

9

**WILLIAM MARSH RICE UNIVERSITY**
Omar A. Syed
Vice President, General Counsel & Secretary
William Marsh Rice University
360 Allen Center
6100 Main St.
Houston, TX 77005
legal@rice.edu

Norman Armstrong, Jr.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
norman.armstrong@kirkland.com

**VANDERBILT UNIVERSITY**
Michelle Tellock
Deputy General Counsel
Vanderbilt University
2100 West End Avenue, Suite 1100
Nashville, TN 37203
michelle.tellock@vanderbilt.edu

J. Mark Gidley
White & Case LLP
701 Thirteenth Street NW
Washington, D.C. 20005-3807
mgidley@whitecase.com

| | |
|---|---|
| If to Third Tranche 568 Custodian/Escrow Agent: | **THE HUNTINGTON NATIONAL BANK**<br>Liz Lambert, Senior Managing Director<br>2 Great Valley Parkway, Suite 300<br>Malvern, PA 19355<br>Telephone: (215) 568-2382<br>E-mail: liz.lambert@huntington.com<br><br>Susan Brizendine, Trust Officer<br>Huntington National Bank<br>7 Easton Oval – EA5W63<br>Columbus, Ohio 43219<br>Telephone: (614) 331-9804<br>E-mail: susan.brizendine@huntington.com |

10

14. <u>Patriot Act Warranties</u>. Section 326 of the USA Patriot Act (Title III of Pub. L. 107-56), as amended, modified or supplemented from time to time (the "Patriot Act"), requires financial institutions to obtain, verify and record information that identifies each person or legal entity that opens an account (the "Identification Information"). The parties to this Third Tranche 568 Custodian/Escrow Agreement agree that they will provide the Third Tranche 568 Custodian/Escrow Agent with such Identification Information as the Third Tranche 568 Custodian/Escrow Agent may reasonably request in order for the Third Tranche 568 Custodian/Escrow Agent to satisfy the requirements of the Patriot Act.

15. <u>Entire Agreement</u>. This Third Tranche 568 Custodian/Escrow Agreement, including all Schedules and Exhibits hereto, constitutes the entire agreement and understanding of the parties hereto. Any modification of this Third Tranche 568 Custodian/Escrow Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto. To the extent this Third Tranche 568 Custodian/Escrow Agreement conflicts in any way with any of the Settlement Agreements, the provisions of such Settlement Agreement(s) shall govern.

16. <u>Governing Law</u>. This Third Tranche 568 Custodian/Escrow Agreement shall be governed by the law of the State of Ohio in all respects. The parties hereto submit to the jurisdiction of the Court, in connection with any proceedings commenced regarding this Third Tranche 568 Custodian/Escrow Agreement, including, but not limited to, any interpleader proceeding or proceeding the Third Tranche 568 Custodian/Escrow Agent may commence pursuant to this Third Tranche 568 Custodian/Escrow Agreement for the appointment of a successor Third Tranche 568 Custodian/Escrow agent, and all parties hereto submit to the jurisdiction of such Court for the determination of all issues in such proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

17. <u>Termination of Custodian/Escrow Account</u>. The Third Tranche 568 Custodian/Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Settlement Agreements and this Third Tranche 568 Custodian/Escrow Agreement.

18. <u>Miscellaneous Provisions</u>.

(a) <u>Counterparts</u>. This Third Tranche 568 Custodian/Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Third Tranche 568 Custodian/Escrow Agreement.

(b) <u>Further Cooperation</u>. The parties hereto agree to do such further acts and things and to execute and deliver such other documents as the Third Tranche 568 Custodian/Escrow Agent may reasonably request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Third Tranche 568 Custodian/Escrow Agreement in order (a) to give the Third Tranche 568 Custodian/Escrow Agent confirmation and assurance of the Third Tranche 568 Custodian/Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) to better

11

enable the Third Tranche 568 Custodian/Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Third Tranche 568 Custodian/Escrow Agreement, each in such form and substance as may be acceptable to the Third Tranche 568 Custodian/Escrow Agent.

        (c)    <u>Non-Waiver</u>. The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

        (d)    <u>Electronic Signatures</u>. The parties agree that the electronic signature (provided by the electronic signing service DocuSign initiated by the Custodian/Escrow Agent) of a party to this Escrow Agreement shall be as valid as an original signature of such party and shall be effective to bind such party to this Escrow Agreement. The parties agree that any electronically signed document shall be deemed (i) to be "written" or "in writing," (ii) to have been signed, and (iii) to constitute a record established and maintained in the ordinary course of business and an original written record when printed from electronic files.

        **IN WITNESS WHEREOF**, the parties hereto have executed this Third Tranche 568 Custodian/Escrow Agreement as of the date first above written.

THE HUNTINGTON NATIONAL BANK, as the Third Tranche 568 Custodian/Escrow Agent

By: _____
      Liz Lambert, Senior Managing Director


Class Counsel


By: _____
      Eric Cramer, Chairman
      Berger Montague PC

By: _____
      Robert D. Gilbert
      Gilbert Litigators & Counselors, P.C.


By: _____
      Edward Normand, Partner
      Freedman Normand Friedland LLP

12

enable the Third Tranche 568 Custodian/Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Third Tranche 568 Custodian/Escrow Agreement, each in such form and substance as may be acceptable to the Third Tranche 568 Custodian/Escrow Agent.

      (c)   <u>Non-Waiver</u>. The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

      (d)   <u>Electronic Signatures</u>. The parties agree that the electronic signature (provided by the electronic signing service DocuSign initiated by the Custodian/Escrow Agent) of a party to this Escrow Agreement shall be as valid as an original signature of such party and shall be effective to bind such party to this Escrow Agreement. The parties agree that any electronically signed document shall be deemed (i) to be "written" or "in writing," (ii) to have been signed, and (iii) to constitute a record established and maintained in the ordinary course of business and an original written record when printed from electronic files.

      **IN WITNESS WHEREOF**, the parties hereto have executed this Third Tranche 568 Custodian/Escrow Agreement as of the date first above written.

THE HUNTINGTON NATIONAL BANK, as the Third Tranche 568 Custodian/Escrow Agent

By: _____
     Liz Lambert, Senior Managing Director

Class Counsel

By: _____
     Eric Cramer, Chairman
     Berger Montague PC

By: _____
     Robert D. Gilbert
     Gilbert Litigators & Counselors, P.C.

By: _____
     Edward Normand, Partner
     Freedman Normand Friedland LLP

TRUSTEES OF DARTMOUTH COLLEGE

By: _Sandhya I. Iyer_

Its: **Senior Vice President, General Counsel and Secretary**

NORTHWESTERN UNIVERSITY

By: _____

Its: _____

WILLIAM MARSH RICE UNIVERSITY

By: _____

Its: Vice President, General Counsel & Secretary

VANDERBILT UNIVERSITY

By: _____

Its: _Vice Chancellor, General Counsel and University Secretary_

13

TRUSTEES OF DARMTOUTH COLLEGE

By: _____

Its: _____

NORTHWESTERN UNIVERSITY

By: _____

Its: Vice President and Chief Financial Officer

WILLIAM MARSH RICE UNIVERSITY

By: _____

Its: _____

VANDERBILT UNIVERSITY

By: _____

Its: _____