**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No.: 1:22-cv-00125 |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | **Hon. Matthew F. Kennelly** |
| Defendants. | |

**ORDER PRELIMINARILY APPROVING SETTLEMENTS WITH DEFENDANTS TRUSTEES OF DARTMOUTH COLLEGE, NORTHWESTERN UNIVERSITY, WILLIAM MARSH RICE UNIVERSITY, AND VANDERBILT UNIVERSITY, PROVISIONALLY CERTIFYING THE PROPOSED SETTLEMENT CLASS, APPROVING THE NOTICE PLAN, AND APPROVING THE SCHEDULE FOR <ins>COMPLETING THE SETTLEMENT PROCESS</ins>**

WHEREAS, on September 9, 2023, this Court preliminarily approved ("Chicago Order")

a settlement in this case between Plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra,

Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams (collectively, "Plaintiffs") on behalf of themselves and a proposed Settlement Class (defined below) and defendant University of Chicago ("Chicago") (ECF No. 439);

WHEREAS, on February 14, 2024, the Court preliminarily approved the settlements with Defendants Emory University ("Emory"), Yale University ("Yale"), Brown University ("Brown"), Trustees of Columbia University in the City of New York ("Columbia"), and Duke University ("Duke") (collectively the "Second Tranche Settling Universities," and the settlements the "Second Tranche Settlements"), including approval of the Revised Notice Plan (ECF No. 614);

WHEREAS, Plaintiffs, on behalf of themselves and the same proposed Settlement Class have, since September 9, 2023, entered into additional settlement agreements ("Settlement Agreements") with defendants Trustees of Dartmouth College ("Dartmouth"), Northwestern University ("Northwestern"), William Marsh Rice University ("Rice"), and Vanderbilt University ("Vanderbilt") ((collectively the "Third Tranche Settling Universities") (Plaintiffs and the Third Tranche Settling Universities together, the "Parties") that set forth the terms and conditions of the Parties' proposed settlements and releases and their agreements (the "Third Tranche Settlements") to dismiss with prejudice the claims of the Plaintiffs and members of the proposed Settlement Class against each of the Third Tranche Settling Universities;

WHEREAS, the universities Plaintiffs sued in this Action are the "Defendants." Defendants are Brown University, California Institute of Technology ("CalTech"), University of Chicago, Trustees of Columbia University in the City of New York, Cornell University ("Cornell"), Trustees of Dartmouth College, Duke University, Emory University, Georgetown University ("Georgetown"), Johns Hopkins University ("Johns Hopkins"), Massachusetts

Institute of Technology ("MIT"), Northwestern University, University of Notre Dame du Lac ("Notre Dame"), Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University, Vanderbilt University, and Yale University.

WHEREAS, on February 23, 2024, Plaintiffs filed a Motion for Preliminary Approval of the Third Tranche Settlements, Provisional Certification of Proposed Settlement Class, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process, requesting the entry of an Order (the "Motion"): (i) granting preliminary approval of the Settlement Agreements; (ii) finding that the standards for certifying the proposed Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement and judgment are likely satisfied; (iii) appointing Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams as representatives of the Settlement Class ("Class Representatives"); (iv) appointing Freedman Normand Friedland LLP, Gilbert Litigators & Counselors PC, and Berger Montague PC as Settlement Class Counsel under Fed R. Civ. P. 23(g); (v) conforming the Class Period for the class definition applicable to the University of Chicago Settlement Agreement and Second Tranche Settlements to the Class Period applicable to the Third Tranche Settlements; (vi) preliminarily approving the Revised Plan of Allocation (ECF No. 603-9) as also applicable to the Third Tranche Settlements; (vii) appointing Angeion Group as Settlement Claims Administrator; (viii) appointing The Huntington National Bank ("Huntington Bank") as Escrow Agent; and (ix) approving proposed schedule for the Settlements, including the scheduling of a Fairness Hearing during which the Court will consider: (a) Plaintiffs' request for final approval of all Settlements and entry of a proposed order and final judgment; (b) Plaintiffs' counsel's application for attorneys' fees, reimbursement of expenses, service awards, and payment of administrative costs;

and (c) Plaintiffs' request for dismissal of this action only against the Settling Universities with prejudice.

WHEREAS, the Court held a hearing on the Motion on February 28, 2024;

WHEREAS, the Second and Third Tranche Settling Universities and the University of Chicago support the Motion; and

WHEREAS, the Court is familiar with and has reviewed the record in this case and the Settlements, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**<u>Jurisdiction</u>**

1.      This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of this action and over the Second and Third Tranche Settling Universities, Defendant University of Chicago, and Plaintiffs, including all members of the Settlement Class (defined below).

**<u>Settlement Class</u>**

2.      Pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court preliminarily finds that the Court will likely find that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for settlement and judgment purposes only. As to the requirements of Rule 23(a) for settlement purposes only, (i) the Settlement Class provisionally certified herein likely exceeds 100,000 individuals, and joinder of all would be impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Class Representatives' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; and (iv) Class Representatives are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3) for settlement purposes only, questions

of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and a class action on behalf of the Settlement Class is superior to other available means of settling and disposing of this dispute.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies, solely for purposes of effectuating the Settlement, the following "Settlement Class," which permits potential class members to opt out, including the following persons:

      a.      all U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[1] The Class Period is defined as follows:

          i.      For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through the date the Court enters an order preliminarily approving the Settlement.

          ii.      For Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

          iii.      For CalTech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

---

[1] For the avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

    iv. For Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

   b. <u>Excluded from the Class are:</u>

    i. Any Officers[2] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

    ii. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

4. For purposes of the end date of the class definition in the Chicago Settlement and the Second Tranche Settlements, the date of this Order shall be considered the date of preliminary approval of the Chicago Settlement and the Second Tranche Settlements.

5. For settlement purposes only, the Court hereby appoints plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams as Class Representatives.

6. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Berger Montague PC, Freedman Normand Friedland LLP, and Gilbert Litigators & Counselors PC as Settlement Class Counsel for the Settlement Class.

## **Preliminary Approval of Settlements**

---

[2] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

7.      Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlements, as embodied in the Third Tranche Settlement Agreements between Plaintiffs and the Settling Universities.

8.      Upon review of the record, the Court finds the Third Tranche Settlements were entered into after approximately two years of hard-fought litigation, extensive discovery, and arm's length negotiations. Accordingly, the Court preliminarily finds that the Third Tranche Settlements meet all factors under Rule 23(e)(2) and will likely be granted final approval by the Court, subject to further consideration at the Court's final Fairness Hearing. The Court finds that the Third Tranche Settlements encompassed by the Settlement Agreements are preliminarily determined to be fair, reasonable, and adequate, and in the best interest of the Settlement Class, raise no obvious reasons to doubt their fairness, and that there is a reasonable basis for presuming that the Third Tranche Settlements and their terms satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Third Tranche Settlements should be given to members of the Settlement Class.

9.      The Court has reviewed and hereby preliminarily approves the same Revised Plan of Allocation proposed by Plaintiffs articulated in the Motion for Preliminary Approval of the Second Tranche Settlements, including without limitation its provisions providing that if any portion of the Settlement Fund remains following disbursement of Court-approved Notice Expenses, the Fees and Expense Award, and the service awards to the class representatives, and after distribution (or redistribution) to authorized claimants pursuant to the Court-approved Revised Plan of Allocation, and is of such an amount that it is not cost effective or

administratively efficient to redistribute the amount to the authorized claimants, then the Settling Parties have agreed to seek leave of Court to disburse such remaining funds, after payment of any further notice and administration costs and taxes and tax expenses, to one or more appropriate charitable non-profit organization(s) that promote access to higher education for disadvantaged students and families as agreed to by the Settling Parties and upon approval by the Court.

10.     Angeion Group is hereby appointed as Settlement Claims Administrator.

11.     Huntington Bank is hereby appointed as Escrow Agent pursuant to the Settlements.

12.     The Court approves the establishment of the Settlement Fund under the Third Tranche Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. In accordance with the Third Tranche Settlement Agreements, Settlement Class Counsel are authorized to withdraw funds from the QSF for the payment of the reasonable costs of notice, payment of taxes, and reasonable settlement administration costs.

13.     Pending further Order of the Court, all litigation activity against the Third Tranche Settling Universities on behalf of the Settlement Class is hereby stayed, and all hearings, deadlines, and other proceedings related to the Plaintiffs' claims against the Third Tranche Settling Universities, other than those incident to the settlement process, are hereby taken off the Court's calendar. The stay shall remain in effect until such a time that (i) any Third Tranche Settling University or Plaintiffs exercise its/their right to terminate any of the Settlements; (ii) any of the Third Tranche Settlements is terminated pursuant to its terms; or (iii) the Court

renders a final decision regarding approval of any of the Third Tranche Settlements, and if it approves the Third Tranche Settlements, enters final judgment and dismisses Plaintiffs' claims against the Third Tranche Settling Universities with prejudice.

14.     In the event that any of the Third Tranche Settlements fail to become effective in accordance with its/their terms, or if an Order granting final approval to any of the Third Tranche Settlements and dismissing Plaintiffs' claims against any of the Third Tranche Settling Universities with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void but only as to the Third Tranche Settlement(s) that fail to become effective.

15.     In the event any of the Third Tranche Settlements terminates, or is not approved by the Court, or any Third Tranche Settlement does not become final pursuant to its terms, litigation against that Third Tranche Settling University or those Third Tranche Settling Universities shall resume in a reasonable manner as approved by the Court upon joint application of the Plaintiffs and that Third Tranche Settling University or those Third Tranche Settling Universities.

**Approval of Notice Plan**

16.     In the Chicago Order, the Court approved the long-form notice (Chicago Order, Exhibit A) and summary publication/email notice (Chicago Order, Exhibit B). The Court also approved the settlement website as described in the Declaration of Steven Weisbrot of Angeion Group (dated August 11, 2023). The Plaintiffs then submitted revised forms of long-form notice and summary publication/email notice, which forms of notice combined and incorporated summaries of the Chicago Settlement and Plaintiffs' Settlements with the Second Tranche Settling Universities, which the Court approved on February 14, 2024 (ECF No. 614). Plaintiffs

now submit amended forms of long-form notice and summary publication/email notice, which forms of notice combine and incorporate summaries of the Chicago Settlement and Plaintiffs' Settlements with the Second and Third Tranche Settling Universities ("Amended Notices"). The Court hereby approves the amended long-form notice ("Amended Long-Form Notice") (attached hereto as Exhibit A) and amended summary publication/email notice ("Amended Summary Notice") (attached hereto as Exhibit B). The Plaintiffs also have proposed to use the same notice program and settlement website (updated to include the new settlements) as the Court approved in the Chicago Order for the Second and Third Tranche Settlements. The Court reaffirms its finding in the Chicago Order that the proposed class notice plan specified by Plaintiffs and supported by the Declaration of Steven Weisbrot (dated August 11, 2023): (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency and status of this Action and of their right to participate in, object to, or exclude themselves from the proposed Settlements; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies the requirements of Fed. R. Civ. P. 23(e)(1), and constitutes due process, and is a reasonable manner of distributing notice to Settlement Class members who would be bound by the Chicago Settlement and the Settlements with the Second and Third Tranche Settling Universities.

17.    Angeion may modify the form and/or content of the targeted advertisements and banner notices as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications substantially comport with the forms of notice approved by the Court, and are approved by the Parties, the Second Tranche Settling Universities, and the University of Chicago.

18.     The Settling Universities shall provide notice of the Settlements as required by 28 U.S.C. § 1715.

## Email and Mailing Addresses for Notice

19.     Pursuant to 34 C.F.R. § 99.37(a), the Court finds that mailing addresses and email addresses in education records of current students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation if (a) the Defendant has previously provided public notice that the mailing addresses and email addresses are considered "directory information" that may be disclosed to third parties including public notice of how students may restrict the disclosure of such information, and (b) the student has not exercised a right to block disclosure of mailing addresses or email addresses ("FERPA Block"). Defendants shall not disclose from education records mailing addresses or email addresses subject to a FERPA Block.

20.     Pursuant to 34 C.F.R. § 99.37(b), the Court further finds that mailing addresses and email addresses in education records of former students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation, provided that each Defendant continues to honor any valid and un-rescinded FERPA Block.

## Approval of Schedule

21.     Angeion Group and the Parties, as well as Second Tranche Settling Universities and the University of Chicago with respect to the settlement between Plaintiffs and Defendant University of Chicago, shall adhere to the following schedule:

a.  No later than 30 days after the date of this Order, Angeion Group shall begin the process of providing notice to the Settlement Class, in accordance with the Plan of Notice.

b. No later than 60 days after the date of this Order, Settlement Class Counsel shall file a motion for attorneys' fees, unreimbursed litigation costs and expenses, and/or service awards for the Class Representatives, pursuant to the terms of the Settlement Agreements.

c. By no later than 75 days after the date of this Order, Settlement Class Members may request exclusion from the Settlement Class or submit any objection to the proposed Settlements or to the proposed allocation plan summarized in the notice, or to Settlement Class Counsel's request for attorneys' fees, unreimbursed litigation costs and expenses, and/or service awards to the Class Representatives. All objections must be in writing and filed with the Court, with copies sent to the Claims Administrator, and include the following information: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership (such as, for instance, evidence of an accepted financial aid award from a Defendant University), indicating that the individual is a member of the Settlement Class; (4) a statement detailing all objections to the Settlements; and (5) a statement of whether the individual will appear at the Fairness Hearing, either with or without counsel. All requests for exclusion from the Settlement Class must be in writing, mailed to the Claims Administrator, and include the following information: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership (such as, for instance, evidence of an accepted financial aid award from a Defendant University); (4) a statement indicating that the individual is a member of the proposed Settlement Class and wishes to be excluded from the Settlement Class; and (5) an individual signature by the Settlement Class member.

d.    No later than 90 days after the date of this Order, Settlement Class Counsel shall file all briefs and materials in support of final approval of the Chicago and Second and Third Tranche Settlements.

e.    The Court's Order dated September 9, 2023 preliminarily approving the settlement with Chicago (ECF 439) shall hereby be amended to conform the class definition, schedule, contents of notice, notice and allocation plans and final approval process, so that they are consistent with this Order.

f.    The Fairness Hearing on the Chicago Settlement shall take place at the same time as the Fairness Hearing for the settlements with the Second and Third Tranche Settling Universities, which will take place in person in Courtroom 2103 on Friday, July 19, 2024 at 1:00 p.m.

Dated: February 28, 2024               **SO ORDERED**

Matthew F. Kennelly

# EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No.: 1:22-cv-00125<br><br>**Hon. Matthew F. Kennelly** |

<u>**Notice of Class Action Settlements**</u>
<u>**Authorized by the U.S. District Court for the Northern District of Illinois**</u>

**Settlements totaling $284 million from ten out of the seventeen defendants in the case will provide payments to students who received need-based financial aid to cover some but not all costs (tuition, fees, room, and/or board) to attend Brown University, California Institute of Technology, University of Chicago, Columbia**

1

**University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, William Marsh Rice University, Vanderbilt University, or Yale University.**

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

- The Court has preliminarily approved proposed settlements ("Settlements") with the following ten defendant schools: Brown University ("Brown"), University of Chicago ("Chicago"), the Trustees of Columbia University in the City of New York ("Columbia"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Northwestern University ("Northwestern"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt") and Yale University ("Yale").

- The Court has also preliminarily approved a Settlement Class of students who attended the following seventeen schools (during certain time periods): Brown, California Institute of Technology, Chicago, Columbia, Cornell University, Dartmouth, Duke, Emory, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, Rice, Vanderbilt, and Yale (the "Defendants," or "Universities," or "Defendant Universities").

- Persons who are members of the Settlement Class may participate in the Settlements as explained in more detail in this notice.

- As part of the Settlements:

  - Chicago has agreed to make a settlement payment of $13.5 million.

  - Emory has agreed to make a settlement payment of $18.5 million.

  - Yale has agreed to make a settlement payment of $18.5 million.

  - Brown has agreed to make a settlement payment of $19.5 million.

  - Columbia has agreed to make a settlement payment of $24 million.

  - Duke has agreed to make a settlement payment of $24 million.

  - Dartmouth has agreed to make a settlement payment of $33.75 million.

  - Rice has agreed to make a settlement payment of $33.75 million.

  - Northwestern has agreed to make a settlement payment of $43.5 million.

  - Vanderbilt has agreed to make a settlement payment of $55 million.

- In addition, as part of the Settlements, Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt, and Yale have each agreed to complete certain discovery in this antitrust class action lawsuit, called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125, which is pending in the United States District Court for the Northern District of Illinois (the "Action").

- This Action was brought by certain students who attended the Universities while receiving partial need-based financial aid. The Action alleges that the Universities conspired in violation of the federal antitrust laws regarding principles, formulas, and methods of determining financial aid. The Action also alleges that as a result, the Universities provided less financial aid than they would have provided had there been full and fair competition. The Universities have alleged that Plaintiffs' claims lack merit; that the Universities' financial aid policies were legal and pro-competitive, and financial aid awards were not artificially reduced; that the Universities have valid defenses to Plaintiffs' allegations; and that Plaintiffs' claims would have been rejected prior to trial, at trial, or on appeal.

- The Settlements are for the benefit of the "Settlement Class," which is composed of the following persons:

  all U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[3] The Class Period is defined as follows:

  a. For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through the date the Court enters an order preliminarily approving the Settlement.

  b. For Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

  c. For CalTech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

  d. For Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

---

[3] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

3

<u>Excluded from the Class are:</u>

a. Any Officers[4] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

b. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

For purposes of the end date of the class definition in the Chicago Settlement, the date of this Order shall be considered the date of preliminary approval of the Chicago Settlement and the Chicago class definition shall otherwise be conformed to match the class definition for the more recent Settlements.

The Court approved the following lawyers for the Settlement Class (referred to as "Settlement Class Counsel"):

Edward J. Normand
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
tnormand@fnf.law

Robert D. Gilbert
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com

Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
ecramer@bm.net

---

[4] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

- The Settlements offer cash payments to members of the Settlement Class who submit valid and timely claim forms later in the process. Payments for claims will vary depending on a number of factors as set forth below. Assuming that about half of the estimated 200,000 Class members submit timely claims, and that the Court awards the attorneys' fees and costs as requested, the average claimant will receive about $2,000 from these Settlements. Because the Plaintiffs allege an antitrust conspiracy where Plaintiffs allege that Defendants would be joint and severally liable, the amount of money any member of the Settlement Class receives is not directly related to the amount of money that the institution that person attended paid in settlement. The parties have agreed to ask the Court that any funds remaining after an initial distribution to the Settlement Class that are unable to be efficiently distributed to the Settlement Class be given, with the Court's approval, to charitable causes that promote access to higher education for disadvantaged students and families.

- This Notice has important information. It explains the Settlements and the rights and options of members of the Settlement Class in this class action lawsuit.

- For the full terms of the Settlements, you should look at the Settlement Agreements between Plaintiffs and Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt, and Yale that are available at www.FinancialAidAntitrustSettlement.com.

- Please check www.FinancialAidAntitrustSettlement.com for any updates relating to any of the Settlements or the settlement approval process.

**LEGAL RIGHTS and OPTIONS**

**If you are a member of the Settlement Class, your legal rights and options are described in this section. You may:**

**Exclude Yourself**: You may request to be excluded from the Settlement Class. This is the only way you can preserve any right you have to be part of another potential lawsuit that you or others might bring in the future seeking money for claims arising out of the facts alleged in this Action. If you timely request exclusion (also referred to as "opt out"), you will no longer be part of the Settlement Class, and you will *not* be able to get any money from the Settlements. If you would like to opt out, you must mail your exclusion request by [DATE]. *See* Question 12 for more information on requesting an exclusion.

**Object**: If you do not agree with any part of the Settlements, or you do not agree with the requested award of attorneys' fees, expenses, and/or service awards for the representative Plaintiffs you may:

- Write to the Court to explain why (*see* Question 16 for more information on filing an objection), and

- Ask to speak at the Court hearing about either the fairness of the Settlements or about the requested attorneys' fees, expenses, or service awards. (*See* Question 22).

**Do Nothing:** To remain in the Settlement Class, ***you need do nothing now***. However, at a later time, if the Settlements are approved, in order to receive money from the lawsuit, you will need to file a claim form. *See* Question 23 for more information.

**File a Claim**: This is the only way to get money from the Settlements. You must file a timely and valid claim ***at a later point in the process***. *See* Question 9 for more information.

**Deadlines:** *See* Questions 12 and 16 for more information about rights and options and all deadlines.

## BASIC INFORMATION

**1.     Purpose of this Notice?**

This notice explains the proposed Settlements in a class action lawsuit called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125, and the legal rights and options of the members of the Settlement Class to participate in the Settlements, or not, before the Court decides whether to give final approval to the Settlements. This notice explains the Action, the proposed Settlements, your legal rights, the benefits available, eligibility for those benefits, and how to get them. The Honorable Matthew F. Kennelly in the United States District Court for the Northern District of Illinois is overseeing this Action.

The persons or entities who started this case are called the "Plaintiffs." The Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams.

The Court has provisionaly certified the Settlement Class. The Court has also approved Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams to act as Settlement Class Representatives on behalf of the Settlement Class for purposes of the Settlements only.

The universities Plaintiffs sued in this Action are the "Defendants." Defendants are Brown University, California Institute of Technology, University of Chicago, Trustees of Columbia University in the City of New York, Cornell University, Trustees of Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame du Lac, Trustees of the University of Pennsylvania, William Marsh Rice University, Vanderbilt University, and Yale University. **Although these settlements resolve claims against only ten of these seventeen Defendants, Settlement Class members who attended any of the seventeen Defendants may be eligible to file a claim.**

**2.     What is this lawsuit about?**

Generally, Plaintiffs allege that Defendants engaged in an anticompetitive conspiracy in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Specifically, Plaintiffs allege that Defendants conspired to fix or otherwise limit the amount of financial aid students received, and thereby to artificially inflate the net prices that Settlement Class members paid to attend the Universities during certain time periods. Plaintiffs allege that Defendants conspired through an organization called the 568 Presidents Group, of which all of the Defendants were members during some or all of the time period. Members of the 568 Presidents Group allegedly shared sensitive information regarding financial aid and financial aid principles and allegedly agreed to create and implement common principles used in calculating students' "financial need" that, Plaintiffs say, all schools participating in the alleged conspiracy agreed to adopt. Absent participation in this alleged conspiracy, Plaintiffs allege that Defendants would have competed with each other to award more financial aid. Plaintiffs allege that Defendants' participation in the alleged conspiracy artificially reduced the amount of financial aid Settlement Class member students received.

Defendants deny each and every one of Plaintiffs' allegations of unlawful or wrongful conduct by the Universities, deny that any conduct of the Universities challenged by Plaintiffs caused any damage whatsoever, and deny all liability of any kind. Defendants have asserted that they had no agreement with other Universities regarding their financial aid policies, that each University's financial aid policy was lawful and designed to promote socio-economic diversity at its institution by enhancing financial awards, that the Universities have valid defenses to Plaintiffs' allegations, and that Plaintiffs' claims would have been rejected prior to trial, at trial, or on appeal.

You may obtain more information regarding the specific allegations of the Action by reviewing the Second Amended Complaint, which is available at www.FinancialAidAntitrustSettlement.com.

**3.**     <u>**Why is this lawsuit a class action?**</u>
In a class action, people or businesses sue not only for themselves but also on behalf of other people or businesses with similar legal claims and interests. Together all people or businesses with similar claims and interests form a specifically defined class and are class members. For purposes of these Settlements, the Court has certified the Settlement Class (discussed above and further in Question 5). This means that if the Court approves these Settlements, they are applicable to all members of the Settlement Class (except those who follow the appropriate process to exclude themselves).

**4.**     <u>**Why is there a settlement?**</u>
    Plaintiffs and Settlement Class Counsel believe that the members of the Settlement Class have been damaged by Defendants' conduct, as described in the Action (including the Complaint and any amendments). Defendants believe that Plaintiffs' claims lack merit and would have been rejected prior to trial, at trial, or on appeal. The Court has not decided which side was right or wrong or if any laws were violated. Instead, Plaintiffs and Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University agreed to settle the case and avoid the delays, costs, and the risk of trial, and the appeals that would follow a trial.

These Settlements are the product of extensive arm's length negotiations, between experienced counsel. Settling this case allows members of the Settlement Class to receive cash payments (*see* Question 6 below). In addition, under the Settlements, Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed to complete certain discovery as detailed in the Settlement Agreements.

Plaintiffs, Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed to settle this case after two years of extensive litigation and discovery. As

part of discovery, Plaintiffs have reviewed and analyzed tens of thousands of pages of documents turned over by the Defendants in the litigation.

The Settlements allow members of the Settlement Class who submit valid and timely claims to receive some compensation, rather than risk ultimately receiving nothing. Plaintiffs and Settlement Class Counsel believe the Settlements are in the best interests of all members of the Settlement Class.

If the Settlements are approved, Plaintiffs and the Settlement Class will dismiss and release their claims against Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University.

**5.**     <u>**Am I part of this Settlement?**</u>

In the Court's Preliminary Approval Order of [DD, MM, 2024], the Court defined the Settlement Class as follows:

> all U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[5] The Class Period is defined as follows:

> > a.     For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through [DATE] [the date the Court enters an order preliminarily approving the Settlement].

> > b.     For Brown, Dartmouth, Emory—from Fall Term 2004 through [DATE] [the date the Court enters an order preliminarily approving the Settlement].

> > c.     For CalTech— Fall Term 2019 through [DATE] [the date the Court enters an order preliminarily approving the Settlement].

> > d.     For Johns Hopkins— Fall Term 2021 through [DATE] [the date the Court enters an order preliminarily approving the Settlement.]

> <u>Excluded from the Class are:</u>

---

[5] For the avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

a. Any Officers[6] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices; and

b. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

If you are not sure whether you are part of the Settlement Class, contact the Claims Administrator at:

Call the toll-free number, 1-833-585-3338.

Visit: www.FinancialAidAntitrustSettlement.com

Write to: Financial Aid Antitrust Settlements, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Email: Info@FinancialAidAntitrustSettlement.com

Please contact the Claims Administrator with any questions instead of directing questions about the Settlements to your undergraduate institutution or to the attorneys representing your undergraduate institution in this lawsuit.

## SETTLEMENT BENEFITS

### 6.    What do these Settlements provide?

Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed to provide, collectively, $284 million in cash for the benefit of the Settlement Class as part of a Settlement Fund.

Every member of the Settlement Class who (a) does not exclude him, her, or themselves from the Settlement Class by the deadline described below, and (b) files a valid and timely claim during a process that will occur later will be paid from the monies from the Settlement Fund. The money in this Settlement Fund will be also used to pay:

- The cost of settlement administration and notice, and applicable taxes on the Settlement Fund, and any other related tax expenses, as approved by the Court,

- Money awards for the Settlement Class Representatives for their service on behalf of the Settlement Class, as approved by the Court, and

---

[6] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel, as approved by the Court (*see* Question 19 below for more information relating to attorneys' fees and other costs).

The money in this Settlement Fund less the three categories of costs described just above is the Net Settlement Fund. The Net Settlement Fund will only be distributed to members of the Settlement Class if the Court finally approves the Settlements and the plan for allocating the monies in the Settlement Fund to members of the Settlement Class.

**7.   How do I ask for money from these Settlements?**

If you are a member of the Settlement Class, you must submit a valid and timely claim to get money from the Settlement Fund during a process that will begin several months from now. If the Court finally approves the Settlements, as part of the Court approved distribution and allocation process, the Claims Administrator will distribute a Claim Form to complete to all Settlement Class members, who do not exclude themselves from the Settlement Class, and for which there are valid email or postal addresses. Members of the Settlement Class may also contact the Claims Administrator or visit the Settlement Website if they do not receive a Claim Form. The Claim Form will include the deadline for timely submission and instructions on how to submit the Claim Form. Those Settlement Class Members who submit Claim Forms are called Claimants. The Court will approve the plan of allocating the Net Settlement Fund amongst the Claimants, and will set the schedule for that process, at the time that it decides whether or not to approve the Settlements.

**8.   How much money will I get?**

At this time, it is not known precisely how much each member of the Settlement Class will receive from the Net Settlement Fund or when payments will be made. The amount of your payment, if any, will be determined by the Plan of Allocation proposed by Plaintiffs and to be approved by the Court. The proposed Plan of Allocation can be summarized as follows:

First, the Claims Administrator would determine, for each Claimant, the number of years (or fractions thereof) that the Claimant paid a Defendant University for the cost of attendance during the Settlement Class Period. The Claims Administrator, on a Claimant-by-Claimant basis, would then assign to each Claimant the average annual Net Price charged by that University for each year the Claimant attended (or fraction thereof) based on publicly available aggregated pricing data. The Net Price shall be defined for these purposes as the average price for tuition, room, and board less the average amount of financial aid (not including loans). The Net Prices assigned for each Claimant would be adjusted for fractions of years, where a student may not have attended for an entire school year. The Claims Administrator would then sum the average Net Prices over all the years for each Claimant, up to a maximum of four full academic years per Claimant. That sum would be the numerator of each Claimant's *pro rata* allocation computation.

Second, the Claims Administrator would add together all of the numerators for all Claimants, and that sum would serve as the denominator.

Third, the Claims Administrator would divide the numerator from the first step for each Claimant by the denominator from the second step. That fraction would be the *pro rata* share for each Claimant.

Fourth, and finally, to compute the total allocated sum for each Claimant, the Claims Administrator would multiply the fraction from the third step for each Claimant by the Net Settlement Fund, generating the dollar value of each Claimant's total allocation from the Net Settlement Fund.

The Claims Administrator will make decisions regarding claim submissions, including regarding their validity and amounts, with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert.

The parties have agreed to ask the Court to be permitted to donate any funds that remain in the Net Settlement Fund after distribution to the Settlement Class to charitable causes that promote access to higher education for disadvantaged students and families.

The complete proposed Plan of Allocation is available on the Settlement website, www.FinancialAidAntitrustSettlement.com.

## HOW TO FILE A CLAIM

### 9. <u>How do I file a claim</u>?

If the Court approves the Settlements (*see* "The Court's Fairness Hearing" below), the Court will at that time approve a Claim Form and set a deadline for members of the Settlement Class to submit claims. At that time, to receive a payment, you must submit a Claim Form. The Claim Form for Settlement Class members will be posted on the Settlement website and available by calling the toll-free number 1-833-585-3338. Members of the Settlement Class will be able to submit claims electronically using the Settlement website or by email or through first class mail. A Claim Form will also be mailed to members of the Settlement Class for which the Claims Administrator has valid and current addresses.

### 10. <u>Who decides the value of my claim</u>?

After receiving your timely-submitted Claim Form, the Court-appointed Claims Administrator, will make decisions about the value and validity of claims with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert.

For the Claimants, the Claims Administrator will use publicly available average annual price of tuition, fees, room, and board minus institutional grants ("Net Price") charged by Defendants for each applicable academic year to estimate each Claimant's Net Price, and thus (using the method set forth above) determine each Claimant's *pro rata* share of the Net Settlement Fund.

**Some companies may offer to help you file your Claim Form in exchange for a portion of your recovery from the Settlements. While you may choose to use such companies, you should know that you can file with the Claims Administrator on your own, free of charge. Additionally, you are entitled to contact the Claims Administrator or Settlement Class**

**Counsel for assistance with understanding and filing your Claim Form—again, at no cost to you.**

**11.**    <u>**Am I giving anything up by filing a claim or not filing a claim**</u>?

If you are a member of the Settlement Class and do not exclude yourself, you cannot sue, continue to sue, or be part of any other lawsuit seeking recovery for the Released Claims against Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University or Releasees (defined below), even if you do not file a Claim Form. More specifically, staying in the Settlement Class means you have agreed to be bound by the Settlement Agreements and their terms including the release of claims contained therein. The Settlement Agreements are available on the Settlement website, www.FinancialAidAntitrustSettlement.com. The claims released in the Settlements are described below.

Specifically, the Settlement Agreements provide that the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, accrued or unaccrued, contingent or absolute, suspected or unsuspected, in law equity, or otherwise, that Plaintiffs ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively, as assignees or in any other capacity, to the extent alleged in the Complaint or to the extent arising out of or relating to a common nucleus of operative facts with those alleged in the Complaint that Plaintiffs have asserted or could have asserted in the Action. For avoidance of doubt, claims between Class Members and the Defendant Universities arising in the ordinary course and not relating to, arising from, or sharing a common nucleus of operative facts with, the facts alleged in the Complaint (including amendments), will not be released. The claims described as being released in this paragraph are referred to herein as the "Released Claims."

In addition, each Releasor (defined below) hereby expressly waives and releases, upon the Effective Date, any and all provisions, rights, and/or benefits conferred by Section 1542 of the California Civil Code, which reads:

> Section 1542. <u>Release</u>. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, notwithstanding that the release in Paragraph 13 of each of the Settlement Agreements is not a general release and is of claims against Releasees only. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of Paragraph 13. Nonetheless, upon the Effective Date (defined below), each Releasor hereby expressly waives and fully, finally, and forever settles and releases

any known or unknown, foreseen, or unforeseen, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of Paragraph 13, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against the Releasees under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of the Released Claims.

"Effective Date" means the date on which all of the following have occurred: (i) the Settlement is not terminated pursuant to Paragraphs 15 or 16 of each of the Settlement Agreements; (ii) the Settlement is approved by the Court as required by Fed. R. Civ. P. 23(e); (iii) the Court enters a final approval order; and (iv) the period to appeal the final approval order has expired and/or all appeals have been finally resolved.

"Releasees" means the Settling Universities, the Boards of Trustees of the Settling Universities, individually and collectively, and all of their present, future and former parent, subsidiary and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, former and future officers, directors, trustees, affiliates, employees, administrators, faculty members, students, agents, advisors, representatives, volunteers, attorneys, outside counsel, predecessors, successors, heirs, devisees, executors, conservators, and assigns.

"Releasors" means all Plaintiffs and Settlement Class Members, and those Plaintiffs' and Settlement Class Members' agents, attorneys, representatives (and as applicable each of their past, present, and future agents, attorneys, representatives, and all persons or entities that made payments to the Universities or other Defendants on behalf of Plaintiffs and Settlement Class Members), the predecessors, successors, heirs, executors, administrators, and representatives of each of the foregoing.

**The Scope and Effect of the Release**: Upon the occurrence of the Effective Date, the Releasors hereby release and forever discharge, and covenant not to sue the Releasees only, with respect to, in connection with, or relating to any and all of the Released Claims.

**12.     How do I exclude myself from the Settlement Class?**

If you are a member of the Settlement Class, do not want to remain in the Settlement Class, and do not want a payment from the Settlements, then you must take steps to exclude yourself from the Settlements. This is sometimes referred to as "opting out" of a class. The Court will exclude from the Settlements all members of the Settlement Class who submit valid and timely requests for exclusion.

If you exclude yourself, you will *not* be able to receive any payments from these Settlements. However, this is the only way you will retain your rights to sue Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William

Marsh Rice University, Vanderbilt University, and Yale University and the Releasees on your own based on the Released Claims.

You can exclude yourself by sending a written "Request for Exclusion" to the Claims Administrator. To be valid, your Request for Exclusion must be received by the Claims Administrator no later than [DATE] to:

**Claims Administrator**

Financial Aid Antitrust Settlements
Attn: Exclusion Request
P.O. Box 58220
Philadelphia, PA 19102

Your Request for Exclusion must: (i) be in writing by mail (you cannot exclude yourself by telephone or email); (ii) be signed by the person or entity holding the claim or by his, her or its authorized representative; (iii) state the full name, address, and phone number of the Universit(ies) you attended; (iv) include proof of membership in the Settlement Class; and (vi) include a signed statement that "I/we hereby request I/we be excluded from the Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt and Yale Settlements in *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125."

13. **If I don't exclude myself, can I sue Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University and the other Releasees for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University and the Releasees for the Released Claims if you qualify for membership in the Settlement Class. If you decide to exclude yourself, your decision will apply only to Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University, and the other Releasees.

14. **If I exclude myself from the Settlement Class, can I get money from the Settlements?**

No. You will not get any money from the Settlements if you exclude yourself.

15. **If I exclude myself from the Settlements, can I still object?**

No. If you exclude yourself, you are no longer a member of the Settlement Class and may not object to any aspect of the Settlements.

**OBJECTING TO THE SETTLEMENTS**

15

**16.    How do I tell the Court if I don't like any aspect of the Settlements?**

If you are a member of the Settlement Class (and don't exclude yourself from that class), you can object to any part or any one of the Settlements, the summary of the Plan of Allocation, and/or the request for attorneys' fees and litigation costs and expenses and/or the service awards request.

To object, you must timely submit a letter that includes the following: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) your name and address and if represented by counsel, the name, address, and telephone number of your counsel; (3) proof that you are a member of the Settlement Class; (4) a statement detailing your objections to the Settlements with specificity and including your legal and factual bases for each objection; and (5) a statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend.

You cannot make an objection by telephone or email. You must do so in writing and file your objection with the Clerk of Court and mail your objection to the following address postmarked by [DATE].

> **Court**
>
> United States District Court for the Northern District of Illinois
> Clerk of Court
> 219 S. Dearborn Street
> Chicago, IL 60604

You must also send a copy of your Statement of Objections to the Claims Administrator at the following address:

> **Claims Administrator**
> Financial Aid Antitrust Settlements
> Attn: Objections
> P.O. Box 58220
> Philadelphia, PA 19102

If you don't timely and validly submit your objection, your view will not be considered by the Court or any court on appeal.

**17.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlements. You can object to the Settlements only if you don't exclude yourself from the Settlement Class. Objecting does not change your ability to claim money from the Net Settlement Fund if the Court approves the Settlements. If you exclude yourself, you cannot object because the Settlements no longer affects your rights, and you cannot claim money from the Net Settlement Fund.

## THE LAWYERS REPRESENTING YOU

**18.** **Do I have a lawyer in this lawsuit?**

The Court has appointed the lawyers listed below to represent you. These lawyers are called Settlement Class Counsel. Other lawyers have also worked with Settlement Class Counsel to represent you in this case. Because you are a Settlement Class member, you do not have to pay any of these lawyers. They will be paid from the Settlement Fund upon making an application to the Court.

Edward J. Normand
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Tel: 646-970-7513
tnormand@fnf.law

Robert D. Gilbert
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com

Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net

If you have any questions about the notice or the Action, you can contact the above-listed Settlement Class Counsel.

**19.** **Should I hire my own lawyer?**

You do not have to hire your own lawyer. But you can if you want to, at your own cost.

If you hire your own lawyer to appear in this case, you must tell the Court and send a copy of your notice to Settlement Class Counsel at any of the addresses above.

**20.** **How will the lawyers for the Plaintiffs and Settlement Class be paid?**

To date, Settlement Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs or expenses that Settlement Class Counsel expended to litigate this case. Any attorneys' fees and costs and expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. By [DATE], Settlement Class Counsel will move for an

award of attorneys' fees not to exceed 1/3 of the Settlement Fund, plus any accrued interest, reimbursement of litigation costs and expenses not to exceed $12,000,000 and service awards of up to $20,000 for each of the eight Settlement Class Representatives to be paid out of the Settlement Fund. If the Court grants Settlement Class Counsel's requests, these amounts would be deducted from the Settlement Fund. You will not have to pay these fees, expenses, and costs out of your own pocket.

Any motions in support of the above requests will be available on the Settlement Website after they are filed by [DATE]. After that time, if you wish to review the motion papers, you may do so by viewing them at www.FinancialAidAntitrustSettlement.com.

The Court will consider the motion for attorneys' fees and litigation costs and expenses, service awards at or after the Fairness Hearing.

### THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve these Settlements, including the attorneys' fees and costs motion and the Plan of Allocation?**

There will be a Fairness Hearing held telephonically on [DATE] using call-in number 888-684-8852, access code 746-1053.

*Important!* The time and date of the Fairness Hearing may change without additional mailed or published notice. For updated information on the hearing, visit www.FinancialAidAntitrustSettlement.com.

At the Fairness Hearing, the Court will consider whether the Settlements are fair, adequate, and reasonable and should be approved. The Court will also decide whether it should give its final approval of the Plaintiffs' requests for attorneys' fees and expenses, service awards to the Settlement Class Representatives, and other costs. The Court will consider any objections and listen to members of the Settlement Class who have asked to speak at the Fairness Hearing.

**22. Do I have to come to the Fairness Hearing to get my money?**

No. You do not have to go to the Fairness Hearing, even if you sent the Court an objection. But you can go to the hearing or hire a lawyer to go to the Fairness Hearing if you want to, at your own expense.

**23. What if I want to speak at the Fairness Hearing?**

You must file a Notice of Intention to Appear with the Court at this address:

United States District Court for the Northern District of Illinois
Clerk of Court
219 S. Dearborn Street
Chicago, IL 60604

Your Notice of Intention to Appear must be filed by [DATE]. You must also mail a copy of your letter to Settlement Class Counsel at the addresses listed in the answer to Question 18. Your Notice of Intention to Appear must be signed and: (i) state the name, address, and phone number

of the University you attended and if applicable, the name, address, and telephone number of your attorney (who must file a Notice of Appearance with the Court); and (ii) state that you (or if applicable, your lawyer) intends to appear at the Fairness Hearing for the Settlements in *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125.

## IF YOU DO NOTHING

### 24.    What happens if I do nothing?

If you do nothing, and if you fit the Settlement Class description, you will automatically be a member of the Settlement Class. However, if you do not timely file a Claim Form at the appropriate time later in the process, you will not receive any payment from the Settlements. You will be bound by past and future rulings, including rulings on the Settlements, Released Claims, and Releasees.

## GETTING MORE INFORMATION

### 25.    How do I get more information?

This Notice summarizes the Action, the terms of the Settlements, and your rights and options in connection with the Settlements. More details are in the Settlement Agreements, which are available for your review at www.FinancialAidAntitrustSettlement.com. The Settlement Website also has the Second Amended Complaint and other documents relating to the Settlements. You may also call toll-free 1-833-585-3338 or write the Claims Administrator at: Financial Aid Antitrust Settlements, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

# EXHIBIT B

To:       Settlement Class Member Email Address
From:     Claims Administrator
Subject:  Notice of Proposed Class Action Settlement – *Henry, et al. v. Brown University, et al.*

---

**Notice ID: <<Notice ID>>**
**Confirmation Code: <<Confirmation Code>>**

<u>Notice of Class Action Settlement</u>
<u>Authorized by the U.S. District Court for the Northern District of Illinois</u>

**Settlements of $284 million will provide payments to students who received need-based financial aid that covered some but not all costs (tuition, fees, room & board) to attend Brown University, California Institute of Technology, University of Chicago, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, Rice University, Vanderbilt University, or Yale University (the "Universities" or "Defendants").**

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

This Notice is only a summary.
Please visit www.FinancialAidAntitrustSettlement.com for more information.

- The Court has preliminarily approved proposed settlements ("Settlements") with the following ten schools: Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University (collectively the "Settling Universities").

- The Court has also preliminarily approved a class of students who attended one or more of the Settling Universities during certain time periods. This is referred to as the "Settlement Class," which is defined in more detail below.

- As part of the Settlements, the Settling Universities have agreed to make settlement payments totaling $284 million and to complete certain discovery in this antitrust class action lawsuit, called *Henry, et al. v. Brown University, et al.*, 1:22-cv-00125, which is pending in the United States District Court for the Northern District of Illinois (the "Action").

- This Action was brought by certain students ("Plaintiffs") who attended certain of the Universities while receiving partial need-based financial aid. The Action alleges that the Defendants violated federal antitrust laws by agreeing regarding principles, formulas, and methods of determining financial aid. The Action also alleges that as a result, the Defendants provided less need-based financial aid than they would have provided had there been full and fair competition. The Defendants assert that Plaintiffs' claims lack merit; that no such agreement existed, that the

1

Defendants' financial aid policies were legal and pro-competitive, and that financial aid awards were not artificially reduced.

## Why am I receiving this notice?

The Court authorized this Notice because you are entitled to know about your rights under the proposed class action settlements with the Settling Universities before the Court decides whether to approve the Settlements.

The Settlement Class consists of: All U.S. citizens or permanent residents who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, and (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[7] The Class Period is defined as follows:

○ For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through the date the Court enters an order preliminarily approving the Settlement.

○ For Brown, Dartmouth, Emory—from Fall Term 2004 through the date the Court enters an order preliminarily approving the Settlement.

○ For CalTech—from Fall Term 2019 through the date the Court enters an order preliminarily approving the Settlement.

○ For Johns Hopkins—from Fall Term 2021 through the date the Court enters an order preliminarily approving the Settlement.

## What do these Settlements provide?

Brown University, the University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University have agreed, collectively, to provide $284 million in cash for the benefit of the Settlement Class as part of a Settlement Fund if the Court finally approves the Settlements.

Every member of the Settlement Class who (a) does not exclude him, her, or themselves from the Settlement Class by the deadline described below, and (b) files a valid and timely claim during a process that will occur later will be paid from the monies from the Settlement Fund. The money in this Settlement Fund will be also used to pay the following, as approved by the Court:

- The cost of settlement administration and notice, and applicable taxes on the Settlement Fund, and any other related tax expenses;

- Money awards for the Settlement Class Representatives for their service on behalf of the Settlement Class; and

---

[7] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

2

- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel.

Payments for claims will vary depending on a number of factors as set forth below. Assuming that about half of the estimated 200,000 Class members submit timely claims, and that the Court awards the attorneys' fees and costs as requested, the average claimant will receive about $2,000 from these Settlements. Because the Plaintiffs allege an antitrust conspiracy, the amount of money any member of the Settlement Class receives is not directly related to the amount of money that the institution that person attended paid to settle.

The parties have agreed to ask the Court to allow them to donate any funds that remain in the Settlement Fund after distribution to the Settlement Class to charitable causes that promote access to higher education for disadvantaged students and families.

**How do I ask for money from these Settlements?**

If you are a member of the Settlement Class, you must submit a valid and timely claim to get money from the Settlement Fund during a process that will begin several months from now. If the Court finally approves the Settlements, as part of the Court approved distribution and allocation process, the Claims Administrator will distribute to all Settlement Class members, who do not exclude themselves from the Settlement Class, and for which there are valid addresses, a Claim Form to complete. Members of the Settlement Class may also contact the Claims Administrator or visit the Settlement Website if they do not receive a Claim Form. The Claim Form will include the deadline for timely submission and instructions on how to submit or approve the Claim Form.

Visit www.FinancialAidAntitrustSettlement.com for more information on how to submit a Claim Form.

**What are My Other Options?**

If you **Do Nothing**, you will be legally bound by the terms of the Settlements, and you will release your claims against the Releasees. You may **Opt-Out** of or **Object** to the Settlement by Month, Day, Year. Please visit www.FinancialAidAntitrustSettlement.com for more information on how to Opt-Out of or Object to the Settlements.

**Do I have a Lawyer in this Case?**

Yes. The Court appointed the following law firms to represent you and other Settlement Class Members: Freedman Norman Friedland LLP, Gilbert Litigators & Counselors, PC, and Berger Montague PC. These firms are called Settlement Class Counsel. They will be paid from the Settlement Fund upon making an application to the Court.

**The Court's Fairness Hearing.**

There will be a Fairness Hearing held telephonically on [DATE] using call-in number 888-684-8852, access code 746-1053

At the Fairness Hearing, the Court will consider whether the Settlements are fair, adequate, and reasonable and should be approved. The Court will also decide whether it should give its final approval of the proposed Plan of Allocation, and to Plaintiffs' requests for attorneys' fees and expenses, service awards to the Settlement Class Representatives, and other costs. The Court will consider any objections and listen to members of the Settlement Class who have asked to speak at the Fairness Hearing.

**This notice is only a summary.**

**For more information, visit www.FinancialAidAntitrustSettlement.com or call toll-free 1-XXX-XXX-XXXX**

*Unsubscribe*

4