UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | **Case No. 1:22-cv-00125** <br><br> **Hon. Matthew F. Kennelly** |

**JOINT STATUS REPORT REGARDING PROPOSED ORDER UNDER ECF 636 & 627**

On February 27, 2024, the Court ordered Plaintiffs and Defendants Cornell University, The Trustees of the University of Pennsylvania, and Georgetown University (collectively, "Certain Defendants") to "negotiate a special protective order related to objecting students' documents that embodies the Court's statements at the hearing on February 22, 2024 and in the Court's minute

entry (ECF 627) of the same date." The parties have submitted competing orders to the Court's inbox. This Joint Status Report discusses the points on which the parties disagree.

A. **Plaintiffs' Statement**

Plaintiffs' Proposed Special Protective Order achieves the Court's goal "to avoid disclosure of individual student/applicant names" along with the "continued use of identifying numbers along with separate disclosure of applicant/student names rather than production of unredacted records containing the names." Minute Entry, Feb. 22, 2024, ECF 627. Plaintiffs' Order is also consistent with the Court's instruction that: "there's going to need to be an order . . . that prohibits the disclosure even outside those four of any names or information that would otherwise identify the students." Feb. 22, 2024 Hearing Tr. 49.

In contrast, the Certain Defendants' Proposed Order requires that even after an Objecting Student's name has been replaced by UIDs, only four Plaintiffs' attorneys can view the document – even though under Plaintiffs' Proposed Order ¶ 3 Defendants can redact any additional identifying information. Allowing only four Plaintiffs' attorneys to view documents where names and identifying information have been redacted is inconsistent with what the Court ruled. And it makes no sense. The entire point of UIDs is to protect student identities. Drafting, editing, and finalizing a brief is often a multi-step process. Typically, a junior attorney (or attorneys) drafts a brief and suggests potential exhibits for review and input by senior attorneys. This work invariably spills across the three Plaintiffs' firms depending on the legal and factual issues implicated and domain expertise required, among other factors. This work obviously cannot be done by requiring – even after UIDs have been inserted in all relevant documents – that only four attorneys handle all stages of preparing briefs that address issues affecting each of three different universities, and which are signed by three different Plaintiffs' firms. In addition, Defendants' Proposed Order

would prejudice Plaintiffs in taking depositions, as the different senior attorneys who have knowledge of the particularized issues at each of the three universities could not be supported by their associates in selecting documents and preparing for each deposition.

### B. Certain Defendants' Statement

Under Certain Defendants' proposed Special Protective Order, documents referencing the Objecting Students or their family members—including those in which the producing Defendant has inserted a UID or ID number in place of the student's, parent's, or grandparent's name—are subject to certain heightened protections. This is consistent with, and indeed required by, what this Court directed at the February 22, 2024 hearing and its minute order of the same day at ECF 627. At the hearing, this Court specified that only a limited number of attorneys for each party may be privy to "*any names or information that would otherwise identify* the students." 2/22/2024 Hrg. Tr. 49:14-22 (emphasis added). Similarly, the Court at ECF 627 reiterated that disclosure will be limited to "no more than 2 attorneys per non-settling defendant and 4 attorneys for plaintiffs," *and* further ordered the "continued use of identifying numbers along with separate disclosure of applicant/student names rather than production of unredacted records containing the names."

Based on all of this, Certain Defendants understood the Court to require multiple, mutually reinforcing confidentiality provisions to ensure protection of the Objecting Students' privacy. That makes perfect sense, given the risk of inadvertent disclosure of information about the Objecting Students. Each layered protection the Court ordered—UID insertion; limiting the scope of attorneys to access the information; etc.—reinforces the other, and reduces the cost from any potential inadvertent disclosure. And Plaintiffs can address their concerns about preparing for depositions or briefing by carefully selecting the four attorneys permitted to see this information. For example, Plaintiffs can select one or two "junior" attorneys among the four who could handle

cite-checking and finalizing, and who could support the two or three "senior" attorneys who could access this information. Regardless, Plaintiffs' counsel's concerns about the minimal inconvenience to them from the procedures the Court has directed pale in comparison to the students' substantial privacy interests.

Dated: March 5, 2024  Respectfully Submitted,

By: /s/ *Edward J. Normand*
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
Peter Bach-y-Rita
FREEDMAN NORMAND
FRIEDLAND LLP
99 Park Avenue
Suite 1910
New York, NY 10016
Tel.: 646-350-0527
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law
pbachyrita@fnf.law

Ivy Ngo
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

/s/ *Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Steven Magnusson

By: /s/ *Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-3180
Norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-341-7458
Emily.chen@kirkland.com

*Counsel for Defendant Cornell University*

By: /s/ *Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
Megan E. Stride
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com
mstride@mayerbrown.com

*Counsel for Defendant Georgetown University*

By: /s/ *David Gringer*
David Gringer

Natasha Zaslove
GILBERT LITIGATORS & COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@ gilbertlitigators.com
smagnusson@gilbertlitigators.com
nzaslove@gilbertlitigators.com

Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: 215-875-3000
ecramer@bm.net
enoteware@bm.net
dlanger@bm.net
jgradwohl@bm.net

Richard Schwartz
BERGER MONTAGUE PC
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Tel.: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-230-8800
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

By: */s/ Seth Waxman*
Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
30 West Monroe Street
19th Floor
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*