UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly <br><br> **SPECIAL PROTECTIVE ORDER REGARDING OBJECTING STUDENTS AT CORNELL UNIVERSITY, GEORGETOWN UNIVERSITY, AND THE UNIVERSITY OF PENNSYLVANIA** |

**SPECIAL PROTECTIVE ORDER REGARDING OBJECTING STUDENTS**

The parties to this Special Protective Order Regarding Objecting Students have agreed to be bound by the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** Effective as of the date of entry of this Order, all materials and information produced or adduced in the course of discovery referencing students (or their families) from Defendants Georgetown University ("Georgetown"), The Trustees of the University of Pennsylvania ("Penn"), and Cornell University ("Cornell"), who submitted objection letters to the Court to object to the disclosure of their educational records protected by the Family Educational Rights and Privacy Act ("FERPA") to Plaintiffs (ECF 477, 496, 507, 508, 509, and 592) (the "Objecting Students") ("Student Information"), shall be subject to this Order. This Order shall apply to any named party to this action (including its officers, directors, employees, retained experts, outside counsel, and their support staff), counsel for the Objecting Students, any third-party that receives a subpoena for testimony, documents, or electronically stored information, and any person or entity that obtains access to Student Information subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Protection of Student Information.**

    **(a)** **General Protections.** Student Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    **(b)** **Document Designation.** Documents produced within the scope of this Special Protective Order and which are entitled to protection as Student Information

under this Order must be branded with the following text: "SUBJECT TO SPECIAL PROTECTIVE ORDER." For the avoidance of doubt,[1] documents that do not bear this designation are outside the scope of this Order.

**(c)** **Limited Disclosures of Student Information.** Absent advance approval by the Court or except as otherwise authorized, the counsel for the parties who have access to Student Information shall not disclose or permit the disclosure of any Student Information to any party, third person, or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, only the following categories of person may be allowed access to Student Information ("Authorized Persons"):

**(1)** **Plaintiffs' Counsel.** No more than six (6) attorneys and one (1) paralegal for the Plaintiffs will be permitted access to Student Information. Within two (2) business days of the Court's entry of this Order, Plaintiffs' counsel shall identify, to Non-Settling Defendants' counsel of record, the names of the Plaintiffs' attorneys and paralegal who are permitted access to Students' Information.

**(2)** **Non-Settling Defendants' Counsel**. No more than two (2) attorneys and one (1) administrative staff person per non-settling Defendant shall be permitted access to Student Information for Students who are not from the Defendant each represents. Within two (2) business days of the Court's entry of this Order, Non-Settling Defendants' counsel shall identify, to Plaintiffs' counsel of record, the names of the Non-Settling Defendants' counsel, and one (1) administrative staff person for the purpose of facilitating court filings, who are permitted access to Student Information.

**(3)** **The Court and its personnel.**

**(4)** **Court Reporters and Recorders.** Court reporters and video recorders engaged for depositions.

---

[1] For the avoidance of doubt, Defendants may elect to re-produce previously produced documents containing Student Information to designate them as "SUBJECT TO SPECIAL PROTECTIVE ORDER." Such documents are subject to this Special Protective Order.

**(5)** **Contractor.** No more than two (2) people per contractor specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

**(6)** **Students.** Students may access their educational records as permitted by FERPA.

**(7)** **Others by Consent.** Other persons only by written consent of the producing party and the Objecting Student whose information is at issue, or upon order of the Court and on such conditions as may be agreed or ordered.

**(d)** **Use of Student Information at Depositions**. To the extent any counsel for Plaintiffs, Defendants, or any third party are Authorized Persons and intend to disclose Student Information at a deposition, such counsel must identify the document(s) which may be used to counsel for the producing party no less than three (3) business days in advance of the deposition, and the producing party shall notify counsel for the Objecting Student whose Student Information is at issue. The parties shall then meet and confer regarding the appropriate process to ensure the deposition proceeds in accordance with the restrictions in this Special Protective Order.

**(e)** **Control of Students' Information.** Authorized Persons must ensure there is no unauthorized or inadvertent disclosure of Student Information.

**(f)** **Production of Student Information and Certain Other Information That Could Be Used To Identify the Student.** Student Information shall be produced in a manner consistent with the requirements specified in the Order Regarding the Obligations of Defendants Cornell, Georgetown, and Penn with Respect to Plaintiffs' Motions to Compel Regarding Those Defendants' Non-Objecting Students (ECF 540) and Objecting Students (ECF 560) (Order at ECF 636). To the extent any material produced

identifies an Objecting or Non-Objecting Student's parent(s) and/or grandparent(s) name(s) reasonably known to the producing party, including in the metadata, Cornell, Georgetown, and Penn will use best efforts to produce such material with the parent and/or grandparent name(s) redacted and to insert the UID or ID associated with the relevant student, prefixed by "P-" for the parent(s) and "GP-" for the grandparent(s).

(g) **Management of Student Information.** Authorized Persons who receive Student Information in the course of discovery shall maintain those materials in a secure location and/or protected electronic document or data repository that cannot be accessed by any person other than the Authorized Persons.

3. **Filing of Student Information**. In the event any party files on the case docket a document containing Student Information or otherwise identifying an Objecting Student, the Objecting Student's parent(s), and/or the Objecting Student's grandparent(s), the filing party is prohibited from including that Objecting Student's, Objecting Student's parent's and/or Objecting Student's grandparent's name(s) in that filing. The filing party may only include such Objecting Student's UID/ID number, Objecting Student's parent's P-UID/P-ID number, and/or Objecting Student's grandparent's GP-UID/GP-ID number. Additionally, such UID/ID, P-UID/P-ID, and GP-UID/GP-ID number(s) and any other information sufficient to identify the Objecting Student, the Objecting Student's parent, and/or the Objecting Student's grandparent must be filed under seal, designated as ATTORNEYS' EYES ONLY pursuant to the Second Amended Confidentiality Order (ECF 608), and redacted from the public record. Any such document containing Student Information or otherwise identifying an Objecting Student, the Objecting Student's parent(s), and/or the Objecting Student's grandparent(s) must also be served on counsel for the Objecting Student.

**4.    Use of Student Information at Trial or Hearing.** An Authorized Person that intends to present Student Information at a hearing or trial shall bring that issue to the Court's, the parties', and Objecting Students' Counsel's attention by motion or in a pretrial memorandum. Counsel for the producing party(ies), Students and/or their counsel shall have the opportunity to submit objection letters and/or briefing to the Court regarding the use of the Student Information during the trial or hearing. The Court may thereafter make such orders as are necessary to govern the use of Student Information at a hearing or trial.

**5.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**    If an Authorized Person is served with a subpoena or an order in another matter that would compel disclosure of any Student Information, the receiving party must so notify the Defendant who produced the Student Information and the Objecting Students' Counsel, in writing, no later than seven (7) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)**    The Authorized Person also must, within three (3) business days, inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Authorized Person must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the producing Defendant in this case and/or Objecting Student an opportunity to try to protect the Student's Information in the court from which the

6

subpoena or order issued. The obligations set forth in Paragraph 5 remain in effect while the Authorized Person has in its possession, custody or control Student Information.

      6.      **Obligations on Conclusion of Litigation.**

          **(a)**      **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

          **(b)**      **Return or Destruction of Confidential Material.** Within thirty (30) calendar days after dismissal or entry of final judgment not subject to further appeal, all Student Information under this Order shall be returned to the producing party or destroyed with certification of destruction provided to the producing party.

      7.      **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. Any motion to modify shall certify that notice has been provided to the parties and counsel for Objecting Students pursuant to this Order.

      8.      **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms and the parties.

      9.      **Second Amended Confidentiality Order.** The protections of the Second Amended Confidentiality Order (ECF No. 608) continue to apply, including the clawback provisions embodied at paragraph 8(d)(iii) of that Order. Upon invocation of paragraph 8(d)(iii) of that Order, the receiving party shall confirm in writing to the producing party that it has immediately destroyed or returned documents that are or reasonably may contain Personally Identifiable Information, including in the metadata. The procedures of paragraph 12 of the Second Amended Confidentiality Order shall also apply to challenge any

"SUBJECT TO SPECIAL PROTECTIVE ORDER" designation.

      **10.**    **Failure to Comply**. Failure to comply with this Order will result in an order to show cause why the counsel or other person who violated this Order should not be held in contempt of court.

    SO ORDERED:

Dated: 3/6/2024

_____
Hon. Matthew F. Kennelly
United States District Judge