UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**JOINT STATUS REPORT**
**March 15, 2024**

I.      **PLAINTIFFS' STATEMENT OF RELEVANT ISSUES**

   A.      **Completed and Pending Depositions**

Since the February 15, 2024 report, Plaintiffs have taken approximately another thirteen depositions. Not including the Rule 30(b)(6) depositions, another five depositions are scheduled. With respect to the 30(b)(6) depositions, the parties have been engaged in meet and confers to limit the need for oral testimony and expect to have witnesses designated/scheduled shortly.

   B.      **Confidentiality and AEO Designations**

Pursuant to the Second Amended Confidentiality Order (Dkt. No. 608), Plaintiffs have challenged certain "Confidential" and "AEO" designations of documents from Georgetown, Cornell, and Penn relating to policies and procedures. Plaintiffs have met and conferred with Georgetown and Cornell, and are still seeking to meet and confer with Penn. Plaintiffs anticipate filing a motion shortly as it appears the parties are approaching or at an impasse.

   C.      **Special Protective Order**

Plaintiffs and Defendants are still engaged in discussions, but there may be an issue relating to the treatment of documents re-produced pursuant to the Special Protective Order that requires resolution by the Court. Specifically, Defendants' position is that previously produced versions should be destroyed despite being in redacted form and despite having been previously produced with no issue. While Plaintiffs agree that these documents can be produced anew with additional information that is properly subject to the Special Protective Order and designated accordingly, Plaintiffs do not agree that this should require destruction of the previously produced form of the document subject the Second Amended Confidentiality Order. This would impose an inordinate and unnecessary burden on Plaintiffs to immediately seek out and destroy documents with which

Plaintiffs have been working for more than a year, many of which may have already been filed with the Court or introduced in depositions. Retroactively imposing stringent new access controls for these documents under the threat of contempt would be extremely prejudicial to Plaintiffs and serve no legitimate purpose.

### D. Early Summary Judgment Motions

Defendants first raised this with Plaintiffs at 5:50 P.M. on March 15. Plaintiffs did not have time to assess fully but are inclined, for several reasons, to stick to the schedule the Court has already set.

## II. DEFENDANTS' STATEMENT OF RELEVANT ISSUES

Defendants have no present issues warranting the Court's attention.

### A. Confidentiality and AEO Designations

Defendants are unaware of any issue remotely near an impasse. Plaintiffs first raised their confidentiality designations as to Georgetown and Cornell on March 7, and then supplemented their challenges as to Georgetown on March 13, mere hours before a scheduled meet-and-confer. On separate meet-and-confers on March 13, both Georgetown and Cornell requested that Plaintiffs abide by the process outlined in the confidentiality order before filing any motion, which gives the responding party the right to respond to individual challenges within a "reasonable time" after a meet/confer. Georgetown and Cornell also noted that Plaintiffs have known these Defendants' position on confidentiality for months if not a year, and it was unfair for them to demand that Defendants' respond immediately, at the same time they are devoting substantial responses to producing documents in response to the Court's February 27 order.

As to Penn, Plaintiffs challenged some of Penn's designations earlier this week many days after the Cornell and Georgetown challenges. Penn immediately committed to reviewing the

challenged designations "in good faith," is doing so, and will respond to Plaintiffs with responses within a "reasonable time" (as contemplated by the confidentiality order).

Defendants are concerned that Plaintiffs feel compelled to manufacture issues at the last minute before the scheduled status conferences because it turns the status conferences into the source of disputes rather than resolving them.

B. **Special Protective Order**

Destroying documents that are duplicates of documents reproduced subject to the special protective order is the only way to ensure compliance with the special protective order. The purpose of the special protective order is to provide special protection to highly sensitive documents. If those documents are not removed from the discovery record, the special protective order has no effect. Plaintiffs' position that destroying the documents would be burdensome is not sufficient in light of the purpose of the special protective order.

C. **Early Summary Judgment Motions**

At the next status conference, Defendants request an opportunity to discuss whether the Court is amenable to Defendants filing one or more early summary judgment motions on targeted aspects of the case without waiving the right to file additional motions after expert discovery and before the dispositive motions deadline (April 25, 2025). For example, the statute of limitations has considerable impact on the scope of the class, the issues in this case, and, of course, damages.

Dated: March 15, 2024                    Respectfully Submitted,

By: /s/ *Edward J. Normand*              By: /s/ *Deepti Bansal*
Devin "Vel" Freedman                     Deepti Bansal
Edward J. Normand                        Alexander J. Kasner
Richard Cipolla                          COOLEY LLP
Joseph Delich                            1299 Pennsylvania Avenue, NW
Peter Bach-y-Rita                        Suite 700

FREEDMAN NORMAND
FRIEDLAND LLP
99 Park Avenue
Suite 1910
New York, NY 10016
Tel.: 646-350-0527
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law
pbachyrita@fnf.law

Ivy Ngo
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3d Avenue
Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

/s/ *Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Steven Magnusson
Natasha Zaslove
GILBERT LITIGATORS &
COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@ gilbertlitigators.com
smagnusson@gilbertlitigators.com
nzaslove@gilbertlitigators.com

Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
BERGER MONTAGUE PC

Washington, DC 20004-2400
Tel.: 202-728-7027
dbansal@cooley.com
akasner@cooley.com

Matthew Kutcher
COOLEY LLP
110 N. Wacker Drive
Chicago, IL 60606
Tel.: 312-881-6500
mkutcher@cooley.com

*Counsel for Defendant California Institute of Technology*


By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-3180
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-341-7458
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
300 N La Salle Dr.
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive

| | |
|---|---|
| 1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel.: 215-875-3000<br>ecramer@bm.net<br>enoteware@bm.net<br>dlanger@bm.net<br>jgradwohl@bm.net<br><br>Richard Schwartz<br>BERGER MONTAGUE PC<br>1720 W Division<br>Chicago, IL 60622<br>Tel: 773-257-0255<br>rschwartz@bm.net<br><br>Daniel J. Walker<br>Robert E. Litan<br>Hope Brinn<br>BERGER MONTAGUE PC<br>1001 G Street, NW<br>Suite 400 East<br>Washington, DC 20001<br>Tel.: 202-559-9745<br>rlitan@bm.net<br>dwalker@bm.net<br>hbrinn@bm.net<br><br>*Counsel for Plaintiffs* | Chicago, IL 60606<br>Tel.: 312-783-0600<br>bmiller@mayerbrown.com<br>dfenske@mayerbrown.com<br><br>*Counsel for Defendant Georgetown University*<br><br>By: */s/ Jeffrey J. Bushofsky*<br>Jeffrey J. Bushofsky<br>ROPES & GRAY LLP<br>191 North Wacker Drive 32nd Floor<br>Chicago, IL 60606-4302<br>Tel.: 312-845-1200<br>jeffrey.bushofsky@ropesgray.com<br><br>Chong S. Park<br>Samer M. Musallam<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue, NW<br>Washington, DC 20006-6807<br>Tel.: 202-508-4600<br>chong.park@ropesgray.com<br>samer.musallam@ropesgray.com<br><br>*Counsel for Defendant Johns Hopkins University*<br><br>By: */s/ Eric Mahr*<br>Eric Mahr<br>Jan Rybnicek<br>Daphne Lin<br>FRESHFIELDS BRUCKHAUS DERINGER<br>700 13th Street, NW<br>Washington, DC 20005<br>Tel.: 202-777-4500<br>eric.mahr@freshfields.com<br>jan.rybnicek@freshfields.com<br>daphne.lin@freshfields.com<br><br>*Counsel for Defendant Massachusetts Institute of Technology*<br><br>By: */s/ Robert A. Van Kirk*<br>Robert A. Van Kirk<br>Jonathan B. Pitt |

5

Sarah F. Kirkpatrick
Matthew D. Heins
Cole T. Wintheiser
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
Tel.: 202-434-5000
rvankirk@wc.com
skirkpatrick@wc.com
jpitt@wc.com
mheins@wc.com
cwintheiser@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for Defendant University of Notre Dame du Lac*

By: */s/ Seth Waxman*
Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Daniel Martin Feeney

Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*