# EXHIBIT C



Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Daniel T. Fenske**
Partner
T: +1 312 701 8926
F: +1 312 706 9380
DFenske@mayerbrown.com

March 29, 2024

BY EMAIL

Richard Cipolla
Freedman Normand Friedland LLP
225 Franklin St
26th Floor
Boston, MA 02210

Re: Plaintiffs' 30(b)(6) deposition notice to Georgetown University

Dear Richard:

I write to respond to Plaintiffs' proposal for narrowing the 30(b)(6) deposition notice that was issued to Georgetown University ("Georgetown"), and to follow up on our meet and confer discussions with all parties globally and as to Georgetown specifically.

As an initial matter, Georgetown reiterates its objection to the 30(b)(6) notice as facially overbroad in light of the Court's January 12, 2023, order that limits any 30(b)(6) deposition by Plaintiffs as to Georgetown to only 7 hours in length. During our February 23, 2024, meet and confer (and several times via email since), Georgetown requested Plaintiffs consider the breadth of their topics in particular in light of the time limitation Plaintiffs have in this 30(b)(6) deposition. In your March 11, 2024, email, we were disappointed to see that Plaintiffs appear not to have done so. We do note that Plaintiffs are withdrawing topics 29 and 30, which Georgetown accepts, but those topics were already duplicative of portions of other topics that Plaintiffs continue to insist on (*e.g.*, topics 20, 21, and 31), and we further note that Plaintiffs still appear to be insisting on obtaining testimony on various topics that are duplicative of one another (*e.g.*, topics 12 and 14). We were further disappointed to see that Plaintiffs not only are continuing to insist on topics as to Georgetown that Plaintiffs had verbally committed to withdrawing during the parties' February 16 and February 20, 2024, global meet and confers, but that Plaintiffs are now adding additional questions they purport to require Georgetown to address, despite those questions not appearing in Plaintiffs' 30(b)(6) notice as to Georgetown.

Nevertheless, we have reviewed the proposal in your March 11 email, and the prior discovery responses and deposition testimony Georgetown and its witnesses have provided in the case to date, and Georgetown sets out its responses to Plaintiffs' proposals herein. We note that any statement in this letter that Georgetown would consider designating certain testimony as 30(b)(6) testimony for a given topic or topics is without prejudice to Georgetown's modifying those portions of testimony or withdrawing them entirely, depending on the parties' negotiations as to this 30(b)(6) notice as a whole. For the avoidance of doubt, Georgetown will agree to designate prior deposition testimony—and the proposals contained herein are conditional on Plaintiffs' agreement to that effect—only where doing so will fully resolve or substantially narrow the

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian law partnership).

scope of one or more topic(s) upon which Plaintiffs are insisting Georgetown designate a 30(b)(6) witness.

As to the topics contained in Plaintiffs' 30(b)(6) notice as modified by your March 11 email, Georgetown's responses are as follows:

**Topic 1**

Georgetown will designate a witness to testify on this topic, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topic 2**

This topic is overly broad, vague and undefined. Plaintiffs need to specify which "significant or material changes" they are asking about in order for Georgetown to identify/prepare a proper witness. Pending such further clarification and the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice, Georgetown tentatively states it will designate a witness to testify on what Georgetown considers "significant or material" as to the topics in question.

**Topic 3**

This topic is overly vague and undefined. Plaintiffs need to specify which modifications to the CM they are asking about in order for Georgetown to know who the proper witness to designate would be, if any. Pending such further clarification, and the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice, Georgetown tentatively states that it will designate a witness to testify on this topic as further clarified.

**Topic 4**

Georgetown has the same objection to this topic as with Topic 2: Plaintiffs need to specify which "significant or material changes" they are asking about in order for Georgetown to identify/prepare a proper witness. Pending such further clarification and the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice, Georgetown will designate a witness to testify on this topic.

**Topic 5**

Georgetown acknowledges Plaintiffs' revision of Topic 5 to now read:

> While you were a member of the 568 Group, whether and how your involvement and participation in any of the following materially or substantially informed your policies or practices regarding and related to Your components of your Institutional Methodology or the packaging of financial aid: (1) College Board's Campus Needs Roundtable, (2) College Board's Financial Aid Standards and

Mayer Brown LLP

Richard Cipolla
March 29, 2024
Page 3

> Services Committee, (3) College Board's CSS/Financial Assistance Assembly, and/or (4) the "Ivy+" Group. "Informed" includes both affirmative changes to the policies or practices and affirmative decisions to maintain policies or practices.

Georgetown will designate a witness to testify on this topic, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

### **Topics 6-9**

Georgetown objects to producing a Rule 30(b)(6) witness on these topics. Plaintiffs have taken numerous depositions of the various Georgetown witnesses that would be knowledgeable about these topics and in those depositions Plaintiffs have focused almost exclusively on these topics. These witnesses include John DeGioia, Charles Deacon, Andrew Koenig, and Melissa Costanzi. We expect Plaintiffs to show a similar focus in the depositions of Bart Moore and the renewed deposition of John DeGioia. In light of the foregoing testimony, it would be unduly burdensome to foist on Georgetown the burden of preparing yet another witness to testify on the broad topics in question—especially given the likelihood that the witness would be one of the individuals Plaintiffs have already deposed in their individual capacity. Plaintiffs have already elicited extensive testimony on these topics; Georgetown identifies the following portions of prior testimony that adequately addresses each of these topics:

John DeGioia: 42:24 – 43:5; 43:22 – 44:10; 44:13 – 44:24; 45:3 – 45:23; 49:17 – 53:20; 129:14 – 130:3; 130:21 131:16; 145:4 – 147:13; 152:22 – 154:23; 172:11 – 173:14; 173:22 – 174:3

Charles Deacon (November 9, 2023): 19:4 – 19:14; 24:19 – 24:22; 171:15 – 171:19

Andrew Koenig: 15:23 – 16:15; 17:9 – 18:11; 20:11 – 20:20; 21:13 – 23:20; 24:14 – 25:2; 25:5 – 27:23; 28:24 – 30:24; 33:5 – 36:16; 37:21 – 38:10; 38:13 – 39:15; 47:9 – 48:9; 48:22 – 51:12; 63:18 – 64:15

Melissa Costanzi: 297:20 – 298:17

Georgetown will not be designating a witness to testify on these topics, as they have already been amply addressed by the testimony referred to above. However, Georgetown invites Plaintiffs to specifically identify any additional information not previously provided in the depositions of Georgetown witnesses to date—including, in particular, the above-cited testimony—and Georgetown will consider designating a witness as to those narrower topics.

### **Topic 10**

Georgetown will answer this topic via written response, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

Richard Cipolla
March 29, 2024
Page 4

**Topic 11**

Georgetown is still considering this topic, but tentatively states that it will designate a witness to testify on this topic, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topics 12 and 14**

Georgetown objects to Plaintiffs' inclusion of both topics 12 and 14 as duplicative of one another and therefore unduly burdensome to the extent Plaintiffs seek to compel testimony on both topics. Georgetown will respond as to either topic 12 or topic 14. And Georgetown further notes that, as to either topic, it has already answered those topics in its written discovery responses. *See, e.g.*, Georgetown University's Am. Resps. & Objs. to Pls.' Second Set of Interrogatories at 23-24 (Responses to Interrogatories 2, 3). Plaintiffs need to specify what answers they believe they have not already received, and narrow and focus the topic on which they desire 30(b)(6) testimony from Georgetown in order for Georgetown to be able to identify the proper witness and adequately prepare them to testify as to that narrower topic that is not already addressed by Georgetown's written discovery responses.

**Topic 13**

Georgetown will designate a witness to testify as to whether *Georgetown* had the intent in question or conducted any analyses of this topic, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice. Georgetown will not produce a witness to testify regarding the intentions or actions of third parties, as that is not properly the subject of testimony sought from Georgetown under Rule 30(b)(6).

**Topic 15**

Georgetown has already answered this topic in its written discovery responses. *See* Georgetown University's Am. Resps. & Objs. to Pls.' Second Set of Interrogatories at 35 (Response to Interrogatory 16). [redacted]

**Topics 16 and 23**

Georgetown objects to Plaintiffs' inclusion of both topics 16 and 23 as duplicative of one another and therefore unduly burdensome to the extent Plaintiffs seek to compel testimony on both topics. Georgetown further notes that, during the February 16, 2024, global meet and confer, Plaintiffs acknowledged that topic 23 was duplicative of topic 16, and represented that Plaintiffs' inclusion of topic 23 was inadvertent, that topic 23 was not seeking information different from or additional to that sought by topic 16, and that topic 16 could be treated as the operative topic. Further, Georgetown has already answered the information sought by these topics in its written

Richard Cipolla
March 29, 2024
Page 5

discovery responses. *See* Georgetown University's Am. Resps. & Objs. to Pls.' Second Set of Interrogatories at 36-37 (Response to Interrogatory 17). And this topic is further answered by the various policy statements, procedural manuals, and other such documents that Georgetown has produced from its Office of Student Financial Services including, for example:

- Georgetown University Office of Student Financial Services Briefing Books:
    - GTWNU_0000114100, at -4119 ███████████████████
      ████████████████████████████████████
    - GTWNU_0000232139, at -2174-75
    - GTWNU_0000250757, at -0779
    - GTWNU_0000290054, at -0075
    - GTWNU_0000353731, at -3749
    - GTWNU_0000369537, at -9559
- Georgetown University Office of Student Financial Services Policies and Procedures Manuals
    - GTWNU_0000000904 at -0917-18
    - GTWNU_0000003122 at -3135-36
    - GTWNU_0000109531 at -9552-54
    - GTWNU_0000175589 at -5600-01
    - GTWNU_0000180770 at -0782-83
    - GTWNU_0000181093 at -1106-07
    - GTWNU_0000181483 at -1495-97
    - GTWNU_0000185821 at -5834-35
    - GTWNU_0000186083 at -6096-97
    - GTWNU_0000186217 at -6230-31
    - GTWNU_0000186485 at -6496-97
    - GTWNU_0000187035 at -7056-57
    - GTWNU_0000187364 at -7783-84
    - GTWNU_0000187644 at -7664-65
    - GTWNU_0000233337 at -3359-60
    - GTWNU_0000347593 at -7605-06
    - GTWNU_0000347695 at -7707-08
    - GTWNU_0000390613 at -0624-25

Georgetown has a long-stated policy of meeting full need, as Plaintiffs already know. Georgetown will not be designating a witness on this topic.

## Topic 17

Georgetown has already answered this topic in its written discovery responses. *See* Georgetown University's Am. Resps. & Objs. to Pls.' Second Set of Interrogatories at 28 (Response to Interrogatory 8). ████████████████████████████

Mayer Brown LLP

Richard Cipolla
March 29, 2024
Page 6

**Topic 18**

[redacted]

**Topics 19, 20, and 21**

Georgetown objects to these topics to the extent they call for documents or data, rather than *testimony*, as impermissible topics for a 30(b)(6) subpoena. Georgetown further objects to these topics as cumulative and unnecessary to the extent they seek information already in Plaintiffs' possession or available from public sources. Notwithstanding the foregoing, Georgetown is evaluating the extent to which this information exists, has already been produced to Plaintiffs, and/or is publicly available. Georgetown tentatively states it will respond to these topics in writing, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topic 22**

Georgetown is still considering this topic, but tentatively states that it will address this topic via designation of prior testimony and/or by written response, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topics 24 and 25**

Georgetown acknowledges Plaintiffs' revision of these topics to now use the time period starting January 1, 1998, but Georgetown continues to object to producing discovery from before the 2003 discovery period in this case. Georgetown also objects to Topic 25 because the phrase "contingency or reserve fund" used therein is vague and undefined.

Further, Georgetown has already addressed these topics in its written discovery responses. *See* Georgetown University's Am. Resps. & Objs. to Pls.' Second Set of Interrogatories at 36-41 (Responses to Interrogatories 17 through 20). To the extent Plaintiffs believe these responses do not provide full answers to these topics, Plaintiffs should identify the specific topics they believe have not already been answered. Georgetown will consider responding in writing as to those narrower topics, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topic 26**

Georgetown will designate a witness to testify on this topic, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topics 27 and 28**

Georgetown acknowledges Plaintiffs' revision of these topics to use the time period of 2010 to 2016. Georgetown continues to object to these topics as vague and overly broad in that they do not define with "reasonable particularity" the matters to which Georgetown is intended to prepare a response. If Georgetown has produced certain document(s) that discuss these topics for which Plaintiffs seek an explanation, Plaintiffs should identify the document(s), or otherwise define with specificity what information Plaintiffs seek as to these topics. Georgetown will evaluate Plaintiffs' further clarification on these topics, and tentatively states that it will respond in writing to these topics as further clarified.

**Topics 29 and 30**

Georgetown accepts Plaintiffs' withdrawal of these topics from its 30(b)(6) notice.

**Topic 31**

Georgetown will answer this topic via written response, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topic 32**

Georgetown will answer this topic via written response, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topics 33, 34, 36, and 39**

Georgetown acknowledges Plaintiffs' addition of 7 supplemental questions that you represented would "address" topics 33, 34, 36, and 39, and "help alleviate the scope concerns" as to topic 40. Georgetown is still evaluating the supplemental questions Plaintiffs propounded, and tentatively states that it will respond to those supplemental questions to the extent possible in writing on the understanding that those questions will replace, and the answers thereto will fully resolve, topics 33, 34, 36, and 39 and pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topic 35**

Georgetown has previously produced its available financial aid software settings as:

- GTWNU_0000381449
- GTWNU_0000381455
- GTWNU_0000381461
- GTWNU_0000381467
- GTWNU_0000381474

Mayer Brown LLP

Richard Cipolla
March 29, 2024
Page 8

- GTWNU_0000381481
- GTWNU_00418577

Georgetown reiterates its objection to this topic as vague and insufficiently defined, unnecessarily duplicative to the extent Georgetown has already produced those software settings, and unduly burdensome to the extent this topic seeks testimony from Georgetown as to any and all components of Georgetown's software settings. Plaintiffs should clarify what precisely is being sought as to this topic, and if there are particular components of Georgetown's financial aid software or of Georgetown's methodology for calculating financial aid awards on which Plaintiffs are seeking testimony by this topic, Georgetown will consider those clarifications on this topic.

**Topic 37**

Georgetown will answer this topic via written response, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topic 38**

Georgetown will designate a witness to testify on this topic, pending the parties' agreement on the overall scope of testimony and other responses sought by this 30(b)(6) notice.

**Topics 40 and 41**

As noted above, Georgetown acknowledges the addition of 7 supplemental questions that Plaintiffs stated would "help alleviate the scope concerns" as to topic 40. Georgetown again reiterates the breadth and scope concerns as to topics 40 and 41 to the extent they purport to call for Georgetown to testify or respond to questions beyond those identified in Schedule B to Plaintiffs' 30(b)(6) subpoena and the seven supplemental questions from your March 11, 2024, email. Georgetown will respond to topics 40 and 41 in writing as to the supplemental questions propounded on March 11 and the questions listed in Plaintiffs' Schedule B, subject to the parties' agreement as to the overall scope of testimony or other responses sought by this 30(b)(6) notice, and would consider any such response to fully address Topics 40 and 41.

The proposals made herein are without prejudice to Georgetown's right to seek clarification, object, or otherwise respond to the topics contained in Plaintiffs' 30(b)(6) notice and any further clarifications or counter-proposals Plaintiffs make as to the 30(b)(6) notice. We will review Plaintiffs' response to this proposal and respond in a reasonable time after receipt of same.

Please let me know if you have any questions or would like to discuss any of the above.

Mayer Brown LLP

Richard Cipolla
March 29, 2024
Page 9

Regards,

Daniel T. Fenske
Partner