# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>                *Plaintiffs,*<br><br>      v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>                *Defendants.* | Civil Action No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

## CONSENT ORDER REGARDING PLAINTIFFS' MOTION TO CHALLENGE CERTAIN CONFIDENTIAL AND ATTORNEYS' EYES ONLY DESIGNATIONS BY DEFENDANTS CORNELL, GEORGETOWN, AND PENN (ECF 652)

Pending before the Court is Plaintiffs' Motion to Challenge Certain Improper Confidential and Attorneys' Eyes Only ("AEO") Designations by Defendants Cornell, Georgetown, and Penn under the Second Amended Confidentiality Order ("Plaintiffs' Confidentiality Motion") (ECF 652).

Based on discussions between counsel for Plaintiffs and Penn, those parties have agreed, and the Court orders as follows:

1

1. Based on the agreements in this Order, Plaintiffs' Confidentiality Motion is withdrawn as to Penn, but remains pending against Cornell and Georgetown. Plaintiffs agree to withdraw the portions of the Confidentiality Motion and exhibits thereto that relate to Penn (including Exhibits I, J, K, L, M to Plaintiffs' Confidentiality Motion as well as Exhibit C to the Declaration of David Copeland).

2. Penn agrees to reproduce the following documents previously produced in the following manner (hereinafter referred to as "De-Designated Materials"): (1) the document titled "Undergraduate Admissions Master File Definition Cycle 2007-2008," bearing Bates numbers PENN569-LIT-00048263 through PENN568-LIT-00048280 (Plaintiffs' Confidentiality Motion, Ex. I), shall be reproduced as a new non-overlay document in which lines 391, 393, 394, 395, 396, 397 and 401 of the document are not designated as Confidential or AEO under the Second Amended Confidentiality Order ("SACO") (ECF 608) and from which any remaining Confidential or AEO information has been redacted: (2) the document titled in metadata as usisponsorreport12.7.179.30am(1).xlsx, bearing Bates number PENN568-LIT-00163324 (Plaintiffs' Confidentiality Motion, Ex. J), shall be reproduced as a non-overlay document in which the column headers and the BSI and USI references within the document ("Special Interest Designations") are not designated as Confidential or AEO, and from which any remaining Confidential or AEO information has been redacted.

3. With respect to the deposition testimony of Sara Harberson attached as Ex. L to Plaintiffs' Confidentiality Motion, Penn shall remove any Confidential or AEO

designation from the following "De-Designated Testimony": Harberson Tr. 234:12-14; 236:16-20, 236:24-237:17.

4. With respect to the deposition testimony of Eric Furda that is attached as Ex. M to Plaintiffs' Confidentiality Motion, Penn shall re-designate that attached testimony as Confidential to the extent it was previously designated as AEO, and in addition shall remove any Confidential or AEO designation from the following "De-Designated Testimony": Furda Tr. 134:21-135:16; 236:24-237:2.

5. With respect to the Declaration of Ted Tatos, previously filed provisionally under seal by Plaintiffs as ECF 611, Ex. D, and subsequently filed with substantial redactions by Defendants in a "public version" of ECF 611, Penn agrees that it will not oppose a request by Plaintiffs to unseal the contents of that Declaration in its entirety.

6. Plaintiffs are permitted to use or refer to any De-Designated Material or Testimony identified in this Order, which for the avoidance of doubt includes the existence of the codes BSI and USI and the reasons such codes may have been applied that are identified in the De-Designated Material or Testimony, as well as anonymized "sponsor reports" and data analyses, in any hearings or proceedings in this litigation open to the public.

7. This Order is without prejudice to Plaintiffs' right to challenge other Confidential or AEO designations by Penn under SACO ¶ 12. However, Plaintiffs will not make any renewed de-designation requests of any of the remaining material in Plaintiffs' Confidentiality Motion from Penn until three months before summary judgment motions are due.

SO ORDERED:

Dated: 4/2/2024

_____
Hon. Matthew F. Kennelly
United States District Judge