**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> *Defendants*. | Case No.: 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S**
**MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO**
**COMPEL AND CERTAIN ACCOMPANYING EXHIBITS**

Pursuant to the Second Amended Confidentiality Order (Dkt. 608) and Local Rule 26.2, Defendant Massachusetts Institute of Technology ("MIT") respectfully requests that the Court maintain under seal the following documents, which were filed with Plaintiffs' Motion and Memorandum of Law in Support of Plaintiffs' Motion for Leave to Reopen the 30(b)(6)

1

Deposition of Defendant MIT and to Compel MIT to Provide a Designee Knowledgeable About Certain Limited Topics ("Plaintiffs' Motion"): (i) the redacted portions of Plaintiffs' Motion, (ii) the entirety of Exhibits 3-7, 9-16, 18, and 20-25 to Plaintiffs' Motion, and (iii) portions of Exhibits 1, 8, and 19 to Plaintiffs' Motion, as shown in the redacted versions attached.[1]  As detailed below, these materials contain confidential information about MIT's admissions, financial aid, and development practices that would materially damage MIT's legitimate institutional interests if publicized and should not be disclosed while the parties remain in discovery.

## BACKGROUND

On May 14, 2024, Plaintiffs filed their motion to reopen the Rule 30(b)(6) deposition of MIT and compel MIT to provide a witness on certain Topics.  Dkt. 685.  Plaintiffs' Motion quotes and cites several attached exhibits, including deposition testimony and documents that MIT produced during discovery and designated pursuant to the operative Confidentiality Order.  *See* Dkt. 608.  On May 15, 2024, the Court ordered that any motion to seal Plaintiffs' Motion be filed by May 20, 2024.  Dkt. 686.[2]  Pursuant to that Order, Plaintiffs filed a provisionally redacted version of their motion and exhibits, *see* Dkt. 689, and MIT now files this Motion to seal the narrower set of redactions shown in the attached versions.

## LEGAL STANDARD

The Court may order a document or portion of a document be shielded from public disclosure upon a showing of "good cause."  *See Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009); *see also* Dkts. 530, 666 (granting prior motions to seal in this action).  Good cause exists

---

[1] This Motion does not address Exhibits 2 and 17, and MIT has attached unsealed versions of those documents to this filing.  *See* Exs. 2, 17.

[2] Under the Court's Order, MIT's response to Plaintiffs' Motion is due May 22, 2024.  Dkt. 686.  For reasons similar to those discussed here, MIT anticipates filing a concurrent motion to seal certain information in that response.  *See* L. R. 26.2(c).

2

when the "property and privacy interests of the litigants predominate in the particular case." *Bond*, 585 F.3d at 1074 (internal citation omitted); *see also Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007) (noting that the public interest in "what goes on at all stages of a judicial proceeding . . . does not always trump the property and privacy interests of the litigants") (internal citation omitted).

During discovery, the presumption of public access that exists at later stages of litigation is more limited. The Supreme Court has explained that "pretrial depositions . . . are not public components of a civil trial," "[s]uch proceedings were not open to the public at common law," and "[t]herefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). As a result, "the public does not require a right to access discovery material just because a judge might review it in camera in the course of discovery proceedings." *Bond*, 585 F.3d at 1075 n.8.

For this reason, the Seventh Circuit has "limited the presumption of public access to materials that affect judicial decisions." *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014). In other words, "the common law right to access only extends to those documents on which a court *relies in adjudicating the litigants' substantive rights*." *Daniels v. Bursey*, 2006 WL 468015, at *4 (N.D. Ill. Feb. 23, 2006) (citing *Smith v. U.S. Dist. Ct. for the S. Dist. of Ill.*, 956 F.2d 647, 650 (7th Cir. 1992)) (emphasis added); *see also Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("[o]rdinarily," "discovery materials[] are private documents, . . . not judicial records, and so the issue of balancing" the parties' interests "against the interest in making public materials upon which judicial decisions are based does not arise—there is no judicial decision").

## **DISCUSSION**

Plaintiffs' Motion cites information from 25 exhibits, including deposition testimony of MIT witnesses and documents that MIT produced in discovery. These exhibits include materials discussing: (1) how MIT selects applicants for admission, (2) how MIT competes with other schools via its financial aid policies, and (3) how MIT works with donors. Given the competitively sensitive nature of this material, MIT designated its document productions and deposition transcripts pursuant to the Confidentiality Order in this case. Dkt. 608. Plaintiffs have not challenged those designations, and MIT respectfully requests that the unredacted versions of these exhibits remain under seal. Because the same information from these exhibits appears in Plaintiffs' Motion, MIT requests that the unredacted motion remain under seal as well.

First, as Plaintiffs' Motion makes clear, discovery in this action is not yet over. "Discovery rarely takes place in public," *Seattle Times*, 467 U.S. at 33 n.19, and this Court has not yet been called upon to make a ruling at summary judgment. The exhibits to Plaintiffs' Motion include excerpts from four deposition transcripts (Exhibits 3, 4, 22, and 23) in addition to correspondence between the Parties that quotes heavily from them (Exhibits 15 and 16). Plaintiffs are not entitled to conduct their depositions in public, and maintaining the confidentiality of this information promotes the "liberality of pretrial discovery permitted by Rule 26(b)(1)." *Id.* at 34; *see also Cnty. Materials Corp.*, 502 F.3d at 739 (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)) (noting that maintaining confidentiality during discovery "not only protects secrets but also promotes disclosure"). MIT therefore respectfully requests that these materials remain under seal in their entirety.

Second, most of the exhibits to Plaintiffs' Motion (Exhibits 1-16 and 22-25) were not used during Plaintiffs' 30(b)(6) deposition and are not relevant to the issue before the Court—whether

4

MIT sufficiently prepared its witness to testify to the noticed Topics. MIT respectfully submits that although these documents have now "crept into the record," they need not be disclosed for the purpose of resolving this discovery dispute. *City of Greenville*, 764 F.3d at 697 (quoting *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013)); *see also Cnty. Materials Corp.*, 502 F.3d at 739 (quoting *In re Krynicki*, 983 F.2d at 75) ("Secrecy persists only if the court does not use the information to reach a decision on the merits."). Furthermore, the redacted version of Plaintiffs' Motion that is attached to this filing will enable the public to understand this dispute without compromising the confidentiality of the material at issue.

Third, Plaintiffs' Motion and its exhibits contain three categories of competitively sensitive information. In the first category, MIT seeks to maintain under seal Exhibits 3-7, 9-13, 15-16, 18, and 20-25 and portions of Exhibit 19 because they reveal MIT policies and procedures for admitting undergraduate students:

- Exhibits 7, 9, and 18, and the redacted portions of Exhibit 19 reveal nonpublic details of MIT's approach to evaluating applications for admission. These documents include admission reader manuals (Exhibits 7 and 9), as well as a training presentation (Exhibit 18) and guidebook (Exhibit 19) with similar information. MIT competes with certain highly selective institutions to admit and enroll the most talented students, and MIT's approach to this process is highly confidential.

- Exhibits 3-6, 10-13, 15-16, and 20-25 reveal MIT admissions procedures and MIT's internal assessment of applicants for admission. This information is competitively sensitive in the context of the college admissions landscape, and MIT considers its processes for tracking and evaluating applicants to be highly confidential.

- Exhibits 11, 13, and 21 provide detail from the admissions records of specific applicants, including the name of one applicant (Exhibit 13). Exhibits 11 and 21 identify by name recommenders for several applicants. Publicly disclosing the names of these individuals would "likely threaten the privacy interests of such nonparties, exposing them to potential embarrassment and harm to their reputation." *See Jorjani v. N.J. Inst. of Tech.*, 2022 WL 1811304, at *6 (D.N.J. June 2, 2022).

Public disclosure of these materials would cause competitive injury to MIT, which competes with other highly selective institutions to admit and enroll talented students. For this reason, MIT's approach to reviewing applications and its systems for managing the admissions process are akin to trade secrets.[3] This type of information, if disclosed in the public domain, would undermine MIT's competitive standing among its peer institutions and invite gamesmanship by applicants in the admissions process.

In the second category, MIT seeks to maintain under seal the redacted portions of Exhibit 1 and 8, which discuss MIT financial aid data and policies:

- Exhibit 1, which is Plaintiffs' Notice of 30(b)(6) deposition to MIT, includes an appendix with questions about the structured financial aid data that MIT has produced in this litigation. Pursuant to the operative Confidentiality Order, MIT produced this data as "ATTORNEYS EYES ONLY" because it reveals how MIT determines and tracks students' financial aid awards. The questions in Exhibit 1 incorporate answers that MIT designated under the Confidentiality Order and provided so that Plaintiffs' experts would be able to use and understand this data.

- Exhibit 8 contains email correspondence between MIT's Dean of Admissions and Student Financial Services regarding preparation of an internal publication. The redacted portion of the email discusses MIT's competitive standing with another college or university. As the email notes, MIT treats this information as "Confidential" in the ordinary course. *See* Ex. 8 at -585.

MIT competes with certain highly selective institutions on several grounds, including on financial aid that makes it affordable for certain students to attend MIT. Publicly disclosing this information would cause injury to MIT by revealing confidential information about how MIT awards and packages aid and competes with other colleges and universities.

---

[3] Indeed, several of these exhibits note that MIT treats them as confidential in the ordinary course of business. *See* Ex. 7 at -826, Ex. 9 at -020, Ex. 19 at -215. Although MIT designated all of the exhibits that were produced during discovery pursuant to the Confidentiality Order, Exhibit 21 does not appear marked because of the way Plaintiffs prepared this exhibit for their deposition.

Finally, in the third category, MIT seeks to maintain under seal the entirety of Exhibit 14, which discusses MIT's policies for approaching donors in the context of a specific donor. Public disclosure of this information would cause injury to MIT because gifts from MIT's donors help to fund many of MIT's programs, including education, research, campus renewal, and faculty work. Publicly disclosing the detailed information about this specific donor—even with the donor's name redacted—would invite speculation about a nonparty's identity and accompanying harassment and embarrassment. Publicizing this information would also reveal MIT's strategies and considerations for soliciting donations.

## CONCLUSION

For the foregoing reasons, MIT respectfully requests that the Court maintain under seal (i) the redacted portions of Plaintiffs' Motion, (ii) the entirety of Exhibits 3-7, 9-16, 18, and 20-25 to Plaintiffs' Motion, and (iii) the redacted portions of Exhibits 1, 8, and 19 to Plaintiffs' Motion shown in the attached versions.

Dated: May 20, 2024

Respectfully submitted,

/s/ Jan Rybnicek
Jan Rybnicek
Eric Mahr
Daphne Lin
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI

7

BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Tel: 312-681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Defendant Massachusetts Institute of Technology*