# Exhibit 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No.: 1:22-cv-00125 |

## DECLARATION OF DAVID DUKOR-JACKSON

I, David duKor-Jackson, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I have spent over seven years of my professional career in the Admissions Office of the Massachusetts Institute of Technology ("MIT"). I am currently the Director of Admissions at MIT and have been in this role since April 2020. Before I was the Director of Admissions, I worked as the Director of Minority Recruitment in MIT's Admissions Office from 2009-2012.

1

2. Beyond my personal experience with and knowledge of the policies and practices of MIT's Admissions Office, I took several additional steps to prepare as MIT's designee for certain topics within the 30(b)(6) deposition notice (Topics 7-13, 23, 32-33).

3. I reviewed three deposition transcripts: those of the current Dean of Admissions and Student Financial Services (Stuart Schmill) and, the former Dean of Admissions (Marilee Jones), as well as my previous deposition.

4. I met with counsel on at least half a dozen occasions to discuss the 30(b)(6) topics, with the first meeting occurring in late March.

5. I reviewed and familiarized myself with numerous documents that spanned nearly two decades relating to the 30(b)(6) topics.

6. I interviewed the Dean of Admissions and Student Financial Services (Stuart Schmill) on at least two occasions and discussed, among other issues: (i) practices relating to the designations of applicants variously referred to as "Dean's Cases," "Senior Cases," or "Acknowledgement Cases," (ii) training materials and guidebooks given to the staff of the Office of Resource Development to educate them on the admissions process, (iii) an instance Plaintiffs mistakenly believe is an example of MIT giving an applicant an advantage in MIT's admissions process because of a connection to a donor, and (iv) other policies and practices of the Admissions Office.

7. I interviewed the Executive Director of Individual Giving in the Office of Resource Development (Christina Toro) and discussed, among other issues: (i) the origin of and the purpose for the liaison position in the Office of Resource Development for communicating with the Admissions Office and (ii) policies governing the interactions between the Office of Resource Development and the Admissions Office.

2

8. In total, I devoted approximately 30 hours of my time over the course of more than one month to prepare to testify on Topics 7-13, 23, 32-33 of the 30(b)(6) deposition notice.

9. Based on my personal experience, conversations with MIT employees, my review of ordinary course documents, and my review of deposition transcripts, I was prepared to testify on the 30(b)(6) topics for which I was designated, including the fact that there are no instances in which an applicant was admitted to MIT or received an advantage in the MIT admissions process because of a connection to a current or prospective donor to MIT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2024, in Cambridge, MA.

Signature: _____
David duKor-Jackson

3