UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No.: 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S
MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL AND CERTAIN ACCOMPANYING EXHIBITS**

Pursuant to the Second Amended Confidentiality Order (Dkt. 608) and Local Rule 26.2, Defendant Massachusetts Institute of Technology ("MIT") respectfully requests that the Court maintain under seal portions of MIT's Opposition to Plaintiffs' Motion to Compel ("MIT's Opposition" or Opp.) and Exhibits 1, 2, and 3 to MIT's Opposition. These materials contain

1

confidential information about MIT's admissions processes and practices that would materially damage MIT's legitimate institutional interests if publicized. There is no compelling interest for the public to access them as this Court decides Plaintiffs' Motion seeking additional deposition discovery.

## BACKGROUND

On May 14, 2024, Plaintiffs filed their Motion to Compel, seeking to reopen the Rule 30(b)(6) deposition of MIT and compel MIT to provide a witness on certain Topics. Dkt. 685. MIT moved to seal portions of the Motion to Compel and its exhibits, which included numerous documents and deposition transcripts obtained during discovery. Dkt. 690. Pursuant to Local Rule 26.2(c), MIT has provisionally filed under seal its Opposition to Plaintiffs' Motion to Compel and certain of its exhibits (Exhibits 1, 2, and 3) and now submits this Motion in support of that sealing request.[1]

## LEGAL STANDARD

The Court may order a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009); *see also* Dkts. 530, 666 (granting prior motions to seal in this action). Good cause exists when the "property and privacy interests of the litigants predominate in the particular case." *Bond*, 585 F.3d at 1074 (internal citation omitted); *see also Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007) (noting that the public interest in "what goes on at all stages of a judicial proceeding . . . does not always trump the property and privacy interests of the litigants") (internal citation omitted).

---

[1] Pursuant to Local Rule 26.2(c), MIT has filed a public-record version of its Opposition. This Motion does not address Exhibits 4 through 7 to MIT's Opposition, and those exhibits have been filed publicly in unredacted form.

2

During discovery, the presumption of public access that exists at later stages of litigation is more limited. The Supreme Court has explained that "pretrial depositions . . . are not public components of a civil trial," "[s]uch proceedings were not open to the public at common law," and "[t]herefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). As a result, "the public does not require a right to access discovery material just because a judge might review it in camera in the course of discovery proceedings." *Bond*, 585 F.3d at 1075 n.8.

## DISCUSSION

MIT's Opposition quotes from and discusses documents and deposition testimony that MIT has designated pursuant to the Confidentiality Order in this action. *See* Dkt. 608. These materials include exhibits previously attached to Plaintiffs' Motion to Compel (as well as portions of Plaintiffs' Motion citing them), and for the reasons set forth in MIT's prior motion to seal (Dkt. 690), MIT respectfully requests that the redacted portions of MIT's Opposition that cite the provisionally sealed portions of Plaintiffs' Motion or its exhibits remain under seal.[2]

MIT's Opposition also cites and quotes excerpts from three deposition transcripts attached as exhibits to the Opposition. These include the deposition of MIT's current Dean of Admissions and Student Financial Services (Exhibit 1), as well as two depositions of former employees from MIT's admissions office (Exhibits 2, 3). Given these witnesses' current or former roles, these depositions discuss MIT's proprietary approaches for determining which applicants to admit, as well as MIT's internal processes for managing those applications. As MIT explained in its prior

---

[2] *See* Opp. 3 (citing Pls.' Ex. 3), Opp. 4 (citing Pls.' Motion at 3-4 and Pls.' Ex. 3), Opp. 5 (citing Pls.' Ex. 3, Pls.' Motion at 4, and Pls.' Ex. 13), Opp. 8 (citing Pls.' Ex. 3), Opp. 9 (citing Pls.' Ex. 3), Opp. 10 (citing Pls.' Ex. 3), Opp. 11 (citing Pls.' Ex. 20, Pls.' Ex. 3, and Pls.' Motion at 10), Opp. 12 (citing Pls.' Motion at 8-9, 11 and Pls.' Ex. 3), Opp. 13 (citing Pls.' Motion at 9, 11 and Pls.' Ex. 3), Opp. 14 (citing Pls.' Motion at 12 and Pls.' Ex. 3).

motion to seal, this information is competitively sensitive: MIT competes with certain other highly selective institutions to admit and enroll talented students. *See* Dkt. 690 at 5-6. Disclosing this information publicly would undermine MIT's standing vis-à-vis competing institutions and invite applicants to attempt to reverse-engineer the admissions process. For these reasons, MIT respectfully requests that the Court maintain under seal the redacted portions of the Opposition, which cite or quote these exhibits, as well as the three exhibits in their entirety.

As MIT emphasized in its prior motion to seal, the instant dispute concerns the scope of discovery rather than the merits of Plaintiffs' claims. *See* Dkt. 690 at 4. "Discovery rarely takes place in public," and maintaining the confidentiality of this information promotes the "liberality of pretrial discovery permitted by Rule 26(b)(1)." *Seattle Times*, 467 U.S. at 33 n.19, 34. The publicly filed version of MIT's Opposition provides the public with sufficient visibility into the nature of this dispute without compromising the confidentiality of MIT's competitively sensitive information. Accordingly, MIT respectfully requests that the redacted portions of MIT's Opposition and the deposition transcripts attached to it remain under seal.

## CONCLUSION

For the foregoing reasons, MIT respectfully requests that the Court maintain under seal the redacted portions of MIT's Opposition, as well as the entirety of Exhibits 1, 2, and 3 to the Opposition.

Dated: May 22, 2024

Respectfully submitted,

/s/ *Jan Rybnicek*
Jan Rybnicek
Eric Mahr
Daphne Lin
FRESHFIELDS BRUCKHAUS

4

        DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Tel: 202-777-4500
jan.rybnicek@freshfields.com
eric.mahr@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Tel: 312-681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Defendant Massachusetts Institute of Technology*