UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, *Plaintiffs*, v. BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, *Defendants*. | Case No.: 1:22-cv-00125 Hon. Matthew F. Kennelly |

**DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S
MOTION TO SEAL PORTIONS OF PLAINTIFFS' MAY 22, 2024 OPPOSITION
TO MIT'S MOTION TO SEAL AND PLAINTIFFS' MAY 23, 2024
REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL**

Pursuant to the Second Amended Confidentiality Order (ECF No. 608) and Local Rule 26.2, Defendant Massachusetts Institute of Technology ("MIT") respectfully requests that the Court maintain under seal portions of Plaintiffs' Memorandum in Opposition to MIT's Motion to

1

Seal Portions of Plaintiffs' Motion to Compel (ECF No. 697), Plaintiffs' Reply Memorandum of Law in Support of their Motion to Compel MIT to Reopen its 30(b)(6) Deposition for Limited Purposes (ECF No. 700), and certain exhibits attached to these filings. These materials contain confidential, nonpublic information about MIT's admissions processes and practices, and MIT respectfully submits that there is no compelling public interest to access this information, all of which was submitted solely in the context of a since-resolved discovery dispute, while the parties complete discovery.

## BACKGROUND

On May 14, 2024, Plaintiffs filed a motion to compel MIT to provide a witness on certain Topics in their Notice of 30(b)(6) Deposition and to reopen the deposition. ECF No. 685. MIT moved to seal portions of that motion to compel and its exhibits, which included numerous documents and deposition transcript excerpts obtained during discovery. ECF No. 690. On May 22, 2024, Plaintiffs filed under seal their memorandum in opposition to MIT's motion to seal ("Plaintiffs' May 22 Opposition"). ECF No. 697. The next day, on May 23, 2024, Plaintiffs filed under seal a reply memorandum in support of their motion to compel ("Plaintiffs' May 23 Reply Memo"). ECF No. 700. Both of these filings attached multiple exhibits.

On May 24, 2024, the Court held a hearing via videoconference on Plaintiffs' motion to compel.[1] ECF No. 701. At that hearing, the Court observed with respect to dealing with "discovery disputes" like this one that "discovery generally . . . isn't and doesn't have to be conducted in the public record." May 24, 2024 Hr'g Tr. at 5:15-16. As the Court noted, these proceedings have not yet reached the phase of dispositive motions, where a different standard for

---

[1] While portions of the May 24 hearing were held in a closed session, the Court's discussion of the issue of sealing was open to the public. *See* May 24, 2024 Hr'g Tr. at 3:22-7:24.

sealing applies. *See id.* at 5:16-6:15. The Court granted in part Plaintiffs' motion to compel, *see* ECF No. 701, and MIT now moves to seal portions of the May 22 and May 23 filings that Plaintiffs submitted in connection with that motion.

## LEGAL STANDARD

The Court may order a document or portion of a document be shielded from public disclosure upon a showing of "good cause." *See Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009); *see also* ECF Nos. 530, 666 (granting prior motions to seal in this action). Good cause exists when the "property and privacy interests of the litigants predominate in the particular case." *Bond*, 585 F.3d at 1074 (internal citation omitted); *see also Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007) (noting that the public interest in "what goes on at all stages of a judicial proceeding . . . does not always trump the property and privacy interests of the litigants") (internal citation omitted).

During discovery, the presumption of public access that exists at later stages of litigation is more limited. The Supreme Court has explained that "pretrial depositions . . . are not public components of a civil trial," "[s]uch proceedings were not open to the public at common law," and "[t]herefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). As a result, "the public does not require a right to access discovery material just because a judge might review it in camera in the course of discovery proceedings." *Bond*, 585 F.3d at 1075 n.8.

## DISCUSSION

MIT respectfully requests that the Court keep the following materials under seal: (1) the portions of Plaintiffs' May 22 Opposition shown in the attached redacted version; (2) the entirety

3

of Exhibits A and B attached to Plaintiffs' May 22 Opposition (ECF Nos. 697-1 and 697-2); (3) the portions of Plaintiffs' May 23 Reply Memo shown in the attached redacted version; and (4) the entirety of Exhibits 26, 27, 28, and 33 attached to Plaintiffs' May 23 Reply Memo (ECF Nos. 700-1, 700-2, 700-3, and 700-8).[2] As the Court recognized during the May 24 hearing, these materials were filed as part of a discovery dispute, rather than one about the merits of Plaintiffs' claims. *See* May 24, 2024 Hr'g Tr. at 5:13-16.

"Discovery rarely takes place in public," *Seattle Times*, 467 U.S. at 33 n.19, and MIT submits that disclosure of this confidential and sensitive information is not necessary to provide the public with visibility into the discovery issues decided at the May 24 hearing.[3] In particular:

- The redacted portions of Plaintiffs' May 22 Opposition, as well as Exhibit A to that filing, cite and quote confidential information that was previously the subject of MIT's May 20 motion to seal. *See* ECF Nos. 697 and 697-1. For the reasons set forth in that motion, MIT respectfully submits that this information is properly sealed in the context of a discovery dispute. *See* ECF No. 690.

- Exhibit B to Plaintiffs' May 22 Opposition is an email thread between Plaintiffs' counsel and MIT's counsel that discusses MIT's methods to track and evaluate applicants. ECF No. 697-2. MIT treats these methods as confidential in the ordinary course, as MIT competes with certain other highly selective institutions to admit and enroll talented students. *See* ECF No. 690 at 5-6.

- The redacted portions of Plaintiffs' May 23 Reply Memo, as well as Exhibits 26, 27,[4] 28, and 33 to that filing—which are internal emails that MIT produced during discovery—include confidential information regarding MIT's admissions practices and procedures and other competitively sensitive information about financial aid policies (for Exhibit 26).

---

[2] The exhibit numbers listed here for the attachments to Plaintiffs' May 23 Reply Memo refer to the numbering on the slipsheet covers that Plaintiffs appended to these exhibits. Within their May 23 Reply Memo, Plaintiffs refer to these materials as "Ex. 6," "Ex. 5 to the Motion," "Ex. 3," and "Ex. 7," respectively. *See* ECF No. 700.

[3] MIT does not seek to seal Exhibits C and D to Plaintiffs' May 22 Opposition or Exhibits 29, 30, 31, and 32 to Plaintiffs' May 23 Reply Memo. Unredacted versions of those filings are attached to this Motion.

[4] Plaintiffs previously filed Exhibit 27 as Exhibit 5 to their motion to compel. *Compare* ECF No. 700-2 (MITLIT-000089375), *with* ECF No. 685-6 (MITLIT-000089375). This exhibit was also the subject of MIT's May 20 motion to seal. *See* ECF No. 690 at 5.

Disclosing this information publicly would undermine MIT's standing vis-à-vis competing institutions and invite gamesmanship by applicants in the college admissions process. For these reasons, MIT respectfully requests that the Court maintain under seal the specified exhibits in their entirety, along with the redacted portions of Plaintiffs' May 22 Opposition and Plaintiffs' May 23 Reply Memo, which cite or quote these exhibits.

## **CONCLUSION**

For the foregoing reasons, MIT respectfully requests that the Court maintain under seal: (1) the portions of Plaintiffs' May 22 Opposition shown in the attached redacted version; (2) the entirety of Exhibits A and B attached to Plaintiffs' May 22 Opposition (ECF Nos. 697-1 and 697-2); (3) the portions of Plaintiffs' May 23 Reply Memo shown in the attached redacted version; and (4) the entirety of Exhibits 26, 27, 28, and 33 attached to Plaintiffs' May 23 Reply Memo (ECF Nos. 700-1, 700-2, 700-3, and 700-8).

Dated: June 3, 2024

Respectfully submitted,

/s/ *Jan Rybnicek*
Jan Rybnicek
Eric Mahr
Daphne Lin
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Tel: 202-777-4500
jan.rybnicek@freshfields.com
eric.mahr@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor

5

Chicago, IL 60606
Tel: 312-681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Defendant Massachusetts Institute of Technology*