UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>                        v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>                        Defendants. | Case No.: 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MIT's
MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION
TO COMPEL AND CERTAIN ACCOMPANYING EXHIBITS**

       The Seventh Circuit has articulated a rigorous standard for demonstrating good cause to seal documents filed with the Court. "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies the confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010).

Documents that "influence or underpin [a] judicial decision" should be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002); *see also Motorola, Inc. v. Lemko Corp.,* 2010 WL 2179170, at *4 (N.D. Ill. 2010) (Kennelly, J.) (party relying on designation of materials as confidential under a protective order "bears the burden of justifying the need for enforcement of the order") (citation omitted).[1]

In its Motion to Seal Portions of Plaintiffs' Motion to Compel, the Massachusetts Institute of Technology ("MIT") fails to satisfy its burden to show that the material it seeks to protect from the public are trade secrets, competitively sensitive information, or otherwise protected. In fact, MIT makes no genuine effort to tie its redactions to the wording of the Second Amended Confidentiality Order (ECF 608) regarding competitively sensitive information, and thus fails to satisfy even the initial threshold of showing that the information is "Confidential." Indeed, much of the material that MIT proposes to seal from public view it has already disclosed via a publicly available job posting for its development director.

In addition, MIT contradicts itself when, on the one hand, it argues that it gives no admissions preference to donor-related applicants, and, on the other, asserts that the material it wants to seal constitutes a trade secret. MIT cannot have it both ways. And MIT's proposal to redact Plaintiffs' Motion to Compel, ECF No. 690, is so extensive that adopting it would render Plaintiffs' brief largely unintelligible to the public. MIT also fails to comply with the Court's Order,

---

[1] As the Court has explained: "[I]t's not an appropriate justification under the way the Seventh Circuit looks at these things and under the way I look at these things to say . . . it was designated as confidential . . . . It's a different question from whether something's appropriately filed under seal *in a case that's supposed to be litigated in public*." Oct. 10, 2023 Tr. 23:14-22 (emphasis added). The Court added: "[A]nytime somebody files a motion to file under seal that says, I need to file this under seal because somebody designated it as confidential or super confidential or whatever, that motion is going to be denied. You're going to have to explain why the passages you're cutting out are appropriately cut out of the public record . . . . I've let people get lax on it. That ends right now." *Id.* 24:10-17.

ECF No. 686, to provide "a written point-by-point justification" for its motion to seal. Accordingly, for all of these reasons, the Court should deny MIT's motion.

I.  **The Court Should Deny MIT's Motion to Seal the Following Materials**

MIT's requests to seal and redact the following materials[2] are improper under the Seventh Circuit's stringent standards and should be denied:

A.  **Pages 3-4 of Plaintiffs' Motion & Exs. 4-7, 9-14 (Summary of ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ at MIT)**

Pages 3-4 of Plaintiffs' Motion (Exhibits 4-7, 9-14) contain a summary of some of the record evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The summary shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[3] This material does not contain any privileged communications, trade secrets, or information identifying an applicant, and no statute or rule protects them.[4]

---

[2] Plaintiffs articulate in Exhibit A hereto their positions on MIT's proposed sealings and redactions for each exhibit and the references to them. *See also infra* at p. 12 (listing disputed proposed redactions and sealing).
[3] Plaintiffs do not object to redacting any student or applicant names, or any personal identifying information related to them. Under the Second Amended Confidentiality Order, however, "the names of witnesses, potential witnesses, deponents, subpoenaed parties or persons with potentially relevant information" cannot be designated as confidential. ECF No. 608 ¶ 2(a). It follows that the names of recommenders of applicants identified in Ex. 11 (and in the very similar Ex. 21) should not be redacted unless they amount to personal identifying information of a student or applicant.
[4] Plaintiffs do not oppose redacting the email from the student that is contained in Exhibit 13 but otherwise oppose redactions in Exhibit 13.

3

B.  **Page 7 through the Top of Page 9 of Plaintiffs' Motion (Discussion of Publicly Available Job Posting)**

MIT agreed that Exhibit 17 to Plaintiffs' Motion—which is a public job posting by MIT for the "Senior Leadership Giving Officer, Admissions," a position charged with responsibility for serving as the liaison between MIT's Resource Development and Admissions functions—should not be sealed.[5] Yet MIT now takes the contradictory position that its Rule 30(b)(6) witness's testimony about that public job description (███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████) must be sealed. *See* Ex. 17 to Mot. to Compel. There is no basis to seal that information since MIT already publicly disclosed the existence of the tracking and rating systems and its goal of "increasing the number of potentially high-capacity families who contribute philanthropically to MIT" in its publicly posted job description. *See id.* The proposed redactions do not concern testimony that describes how the tracking or rating systems work. ███████████████████████████████████████████████████████████████████████████████████ This ███████████ cannot be a trade secret worthy of protection from public view.[6]

C.  **Pages 10-11 of Plaintiffs' Motion & Ex. 20** ████████████████████████

MIT seeks to redact references to Exhibit 20, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ While Plaintiffs agree that the admissions-training materials themselves (*e.g.*, Exhibit 7) may be withheld from public view as they arguably provide applicants and competitors with information about how

---

[5] ECF No. 690 n.1 ("This Motion does not address Exhibits 2 and 17 and MIT has attached unsealed versions of these documents to this filing.").
[6] Plaintiffs do not object to redaction of the quote from the Resource Development/Admissions Guidebook in the middle of Page 9 of Plaintiffs' Motion, however, Plaintiffs object to the self-serving proposed redactions in Exhibit 19 as discussed more fully in Appendix A.

4

MIT's admissions processes work, Exhibit 20 does not discuss any specifics about MIT's admissions policies nor does it give the public insight into how MIT makes admissions decisions. Instead, Exhibit 20 discusses the fact that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

D. **Pages 11-12 of Plaintiffs' Motion & Ex. 21** ████████████████

MIT seeks to withhold from public view the testimony and exhibits concerning ████████████████████████████████████████████ An example of ████████ was attached as Exhibit 21 to Plaintiffs' Motion. ████████████████████████████████████████████████████ The information is not a trade secret, especially since MIT contends that ████████████████████████████████████. By claiming that ████████, MIT cannot claim that ████████████████████████████ but somehow meet its burden of showing that they are trade secrets or otherwise competitively sensitive.[7]

E. **Footnote 8 (**████████████████████**)**

MIT seeks to redact footnote 8 of Plaintiffs' Motion, which reports ██████████████████████████████████████████████████████████████████████████

---

[7] Plaintiffs dispute MIT's contention that the ████████████████████████████████████████████████████████████████████

███████████████████████████████████ This fact is not a trade secret or privileged information or otherwise worthy of sealing.

     **F.    Page 12-13 & Exs. 21-25** ███████████

MIT seeks to withhold from the public information discussing the testimony and documentary evidence that shows that ████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████ MIT seeks to seal the discussion of this situation in the briefing and also the related exhibits, Exhibit 22 (excerpts from the deposition of Mr. Waitz), Exhibit 23 (excerpts from the deposition of Mr. Millard), and Exhibits 24 and 25 ████████████████████████████████████████

████████████████████████████████████████████████████████████████

and Exhibit 3 (excerpts from the deposition of MIT's Rule 30(b)(6) witness concerning ███████). This testimony concerning ████████████████████████████████████ is evidence of wrongdoing consistent with Plaintiffs' theory of the case and not a trade secret, privileged, or statutorily protected information.

     **G.    Exhibits 15 & 16 (Correspondence with MIT)**

MIT proposes redacting the correspondence between counsel for the Plaintiffs and counsel for MIT relating to the motion to compel. Nothing in that correspondence contains MIT's competitively sensitive trade secret information, information identifying a student or applicant to MIT, or information otherwise protected by statute.

## II. The Cases MIT Cites Are Inapposite

None of the cases cited on page 3 of MIT's motion to seal justifies sealing or redaction. All of the cited cases are distinguishable from the present situation, which involves a substantive dispute going to the merits of the case and involving materials that have been filed with the Court. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), has no relevance here, as that case involved a dispute about documents produced in discovery that were *not filed* with the court. Similarly, *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009), involved a dispute involving a non-party that did not have standing to challenge a protective order, which has nothing to do with the issues presented by MIT's Motion, and did not involve documents filed with a court.[8]

The decision in *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014), involved a situation where a court was concerned that certain documents had "crept into the record" because a party had "filed, but not relied on or even cited, documents that had been produced in discovery under the protective order." Here, in contrast, MIT's refusal to produce a witness knowledgeable as to the wealth favoritism topics contained in Plaintiffs' Rule 30(b)(6) Notice made it necessary for Plaintiffs to advise the Court of the evidence adduced in discovery regarding those topics, and to include relevant documents and deposition testimony as exhibits to their motion to re-open MIT's Rule 30(b)(6) deposition. *Daniels v. Bursey*, 2006 WL 468015 (N.D. Ill. Feb. 23, 2006), involved the common law right of access and does not support MIT's broad assertion that all discovery materials cited by Plaintiffs must remain under seal unless the Court relies on the materials in deciding a substantive motion such as summary judgment. Indeed, that argument is belied by another case that MIT cites, which holds that courts may

---

[8] Conversely, in *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002), cited on page 3 of MIT's brief, the Seventh Circuit held that because the document at issue was submitted for the judge's approval, and was retained under seal in the court's file, it was "presumptively a public document." *Id*. at 929-30.

consider (under the public interest doctrine, rather than the common law right of access at issue in *Daniels*) "the public . . . interest in what goes on *in all stages of a judicial proceeding.*" *Cmty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007) (emphasis added).

### III.    MIT's Proposed Justifications Lack Merit

As a threshold matter, as noted above, MIT has failed to describe with particularity why the specific testimony and exhibits that it seeks to seal and redact are competitively sensitive or otherwise justify removal from public scrutiny. Where MIT did offer any justification for sealing, it did so only with generalities. MIT's arguments in favor of sealing also lack merit.

#### A.    MIT Cannot Shield All Deposition Testimony from Public View

With respect to depositions, MIT takes the general position that all deposition testimony and even paraphrased references to deposition testimony, no matter the content, must remain sealed at this juncture. *See* MIT's Mot. to Seal at 3 (citing *Seattle Times*, 467 U.S. at 33; *Bond*, 585 F.3d at 1075). This is contrary to law and unsupported by MIT's cited authority. *See, e.g.*, *Taction Tech., Inc. v. Apple Inc.*, 2023 WL 2415158, at *3 (S.D. Cal. Mar. 8, 2023) (declining to seal "the entirety of Dr. Biggs' deposition testimony" referenced in various discovery disputes because the moving party failed to identify the portions justifying sealing with specificity, attempted to seal testimony referencing publicly available information, and failed to show good cause).

The decisions in *Seattle Times* and *Bond* are inapposite here for the reasons discussed above, and they do not stand for the proposition that all deposition testimony should remain sealed during discovery no matter the content of testimony or circumstance of the motion. *Seattle Times* states that district courts *may* impose local rules sealing certain fruits of discovery except by court order without violating the First Amendment because "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of

8

the action." 467 U.S. 20, 33 & n.19. Here, MIT seeks to seal all deposition testimony even though the testimony directly implicates a core issue of liability—whether MIT engaged was need-blind in its admissions practices as required to receive the protection of the antitrust exemption. Likewise, *Bond*'s concern with only *unfiled* (and a party that did not even have standing) discovery cannot lend support to MIT's baseless position that any references to deposition testimony—in a motion specifically seeking to reopen a deposition—should be sealed.

Much of the content MIT seeks to redact from Plaintiffs' brief is not competitively sensitive at all. An example is Mr. duKor-Jackson's testimony that ███████ Mot. to Compel at 7 (citing duKor-Jackson Tr. at 14:20-15:19). ███████ is not competitively sensitive. Dean Schmill testified that he ███████ *See* Mot. to Compel at 3 (citing Schmill Tr. 176:7-177:24) & Ex. 4 thereto. Testimony that ███████ is not competitively sensitive because it does not describe a policy or procedure for admitting undergraduate students that would be of interest to competitors. Rather, the testimony explains without any specificity the fact that ███████

References to the testimony of Ian Waitz and the excerpt of his deposition transcript—███████—also do not justify sealing. Mr. Waitz's testimony ███████

9

▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. This is not competitively sensitive information regarding "admissions procedures and MIT's internal assessment of applicants for admission." Rather, it describes ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅.

The related testimony of Mr. Millard should also be made available to the public. Mr. Millard's testimony gives ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅ Mr. Millard's testimony does not describe any policy or practice at MIT. Mr. Millard's testimony does conclusively show that Mr. duKor-Jackson was unprepared for the Rule 30(b)(6) deposition. Despite notifying MIT that its designee should be prepared to discuss Topic 11, which covered "any instances in which a donor or identified prospective donor to MIT directed the admission of a specified applicant or applicants, ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅[9]

### B. Plaintiffs' Exhibits in Their Motion to Compel Are Directly Relevant to the Motion and to MIT's Liability in This Action.

MIT also argues (without support) that because certain of the exhibits were not used during the Rule 30(b)(6) deposition itself, they are not "relevant" and thus should apparently be sealed. *See* MIT's Mot. to Seal at 4-5. Not so. The materials cited in Plaintiffs' motion are highly relevant to the dispute at hand—whether MIT should be required to prepare a Rule 30(b)(6) witness on wealth favoritism. All of the cited materials are narrowly tailored to demonstrate to the Court that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ and that they should be required to present a witness

---

[9] Plaintiffs do not oppose any request to redact the name of ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ from the deposition transcript.

10

who can testify about and explain the materials that were presented to the Court. Without the disputed materials, the public would be unable to understand and evaluate the legitimacy of Plaintiffs' motion, which the public is entitled to do, especially since MIT has no legitimate privacy or other concern that justify the sealing or redaction of the disputed materials.

C. **MIT Cannot Simultaneously Assert That** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

In prior motion practice related to Georgetown and Cornell, the Court interpreted the Confidentiality Order in this case to permit those Defendants to designate as Confidential ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ April 18, 2024 (Sealed) Tr. 21:23-22:2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Exhibit B hereto (Mar. 19, 2024 Email from X. Tu) (asserting that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That conclusion applies *a fortiori* to MIT's efforts to shield from public scrutiny evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Mot. to Compel at 7 & Exs. 22-23 thereto. Evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



███████████████████████ has nothing whatsoever to do with any form of competition between MIT and other universities.

### D. MIT Inaccurately States that Plaintiffs Have Not Challenged the Competitively Sensitive Nature of the Testimony and Exhibits MIT Seeks to Seal.

Plaintiffs timely and repeatedly objected to MIT's designation of the documents and deposition testimony as Confidential and reserved the right to oppose a motion to seal.[10] Discovery material may not be sealed merely because the material has been designated as Confidential. *See* Note 1, above.

### CONCLUSION

Plaintiffs respectfully request, for the foregoing reasons, that the Court deny MIT's motion (i) to redact Plaintiffs' Motion to Compel, with the exception of quotations from the Resource Development/Admissions Guidebook in the middle of page 9 of Plaintiffs' Motion; (ii) to seal Exhibits 4-6, 10-12, 14, 19-20, 22, and 24-25; (iii) to seal Exhibits 13, 21, 23, with the exception of any personal identifying information of any student or applicant; (iv) to seal Exhibits 15 and 16, with the exception of quotations from exhibits the Court decides should be sealed; and (v) to seal any portions of Exhibit 3 quoted in Plaintiffs' Motion to Compel.

Dated: May 22, 2024               Respectfully Submitted,

By: /s/*Robert D. Gilbert*               /s/ *Edward J. Normand*

---

[10] The May 16, 2024 letter submitted by Plaintiffs and MIT to the Court, ECF No. 687, states that Plaintiffs "reserve the right to oppose" MIT's motion to seal, including MIT's "point-by-point justification" for sealing. Furthermore, a May 15, 2024 email from Plaintiffs' counsel Richard Schwartz to MIT counsel stated that "Plaintiffs are likely to oppose in substantial part" MIT's motion and point-by-point justification. (Exhibit C hereto). In addition, although MIT initially promised "to provide Plaintiffs with redacted versions of the motion and exhibits" by Friday, May 17 (*see* May 16, 2024 email from MIT counsel Daphne Lin (Exhibit D hereto)), MIT did not in fact provide redacted versions of the exhibits until its motion to seal was filed late night on Monday, May 20. EFC No. 690 (MIT's motion to seal with proposed redactions).

Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Natasha Zaslove
**GILBERT LITIGATORS & COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
nzaslove@gilberlitigators.com


/s/ Eric L. Cramer
Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
enoteware@bm.net
dlanger@bm.net
jgradwohl@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
Peter Bach-y-Rita
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: 646-350-0527
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law
pbachyrita@fnf.law

Ivy Ngo
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*

13