UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No.: 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO COMPEL MIT TO REOPEN
ITS 30(b)(6) DEPOSITION FOR LIMITED PURPOSES**

Plaintiffs respectfully request that the Court consider this Reply Memorandum and the attached exhibits in further support of their Motion to Compel so that Plaintiffs may respond to certain assertions in MIT's Opposition to Plaintiffs' Motion to Compel ("Opp.") and provide the

1

Court with further documentary evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇s about which their Rule 30(b)(6) designee was unaccountably unprepared to testify.

Plaintiffs' Motion to Compel demonstrated through testimony and documentary evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. MIT claims in opposition that Mr. duKor-Jackson was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Opp. at 14. The testimony shows otherwise:



duKor-Jackson Tr. (Ex. 3 to Mot. to Compel) 67:2-16. This exchange makes clear that the witness was not adequately prepared to testify concerning ▇▇▇▇▇▇▇▇, even though it was a Rule 30(b)(6) noticed topic (and it had been discussed at several depositions in the case).

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In March 2019, former MIT Admissions Director McGregor Crowley wrote to the Boston Globe about his experiences at MIT:

> [I]n truth, for every office of admissions there is a development office that builds a university's endowment through donations from alumni and wealthy individuals. And every year, regardless of what a college or university says publicly, a number

> of children of wealthy donors and alumni get a nod in their direction while other applicants are rejected.

Ex. 1 hereto.[1] In December 2019, the *Boston Globe* cited Mr. Crowley's letter in an editorial writing that "contrary to the publicly stated policy of the institute, it, like other universities has routinely favored children of wealthy donors and alumni." Ex. 2 hereto.



Ex. 3 hereto (MIT LIT-000117897). Mr. Schmill responded:

*Id.* This correspondence thus references ▮▮▮▮ about which MIT's Rule 30(b)(6) witness lacked any familiarity.

As shown in Plaintiffs' Motion, during his deposition, Mr. Waitz testified that ▮▮▮

---

[1] Likewise, following her resignation after it was discovered that she had falsified her resume and credentials, MIT's former Dean of Admissions for the years 1999-2007, wrote that to be admitted to MIT, an applicant needs a "hook," which she defined as an "institutional need, something the schools want but will never tell the public about" and specifically mentioned "children of major donors or celebrities." Ex. 4 hereto. She later authored a presentation that explained that colleges admit students to satisfy their "Institutional Needs" which include creating "financial stability within the school's cultural context by assuring that certain populations are admitted and enrolled" and these needs are "not communicated to the public." Ex. 5 hereto.

3

██████████████████████████████████████████████████████. MIT now claims in its Opposition that ██████████████████████████████████████████████ ████████████████. Not so. MIT's contemporaneous internal documents support Mr. Waitz's testimony and show that ██████████████████████████████████████ as shown in Exhibits 24 and 25 to the Motion to Compel, but also ██████. *See* Ex. 6 (MITLIT000124248).[2]

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

*Id.* (emphasis added). This further supports Plaintiffs' argument that ████████████ ██████████████████████████████████ that MIT did not prepare its Rule 30(b)6) witness to discuss even though Plaintiffs Rule 30(b)(6) Notice covered ██████████████

Finally, MIT in opposition claims that MIT's Dean of Admissions ██████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████ (Br. at 4). MIT's pre-litigation, contemporaneous internal documents, including ████████████████████████████████████████████ undercuts this claim as well. *See* Ex.5 to the Motion (MITLIT-000089375). ██████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ █████████████████████████████████████ *Id.* ██████████████████████████

---

[2] An email from December 22, 2018 (MITLIT-000124345) (Ex. 7) references a ██████████ ████████████████████

4



*Id.* (emphasis added).

| | |
|---|---|
| Dated: May 23, 2024 | Respectfully Submitted, |
| | |
| By:/*s*/*Robert D. Gilbert* | /*s*/ *Edward J. Normand* |
|     Robert D. Gilbert | Devin "Vel" Freedman |
|     Elpidio Villarreal | Edward J. Normand |
|     Robert S. Raymar | Peter Bach-y-Rita |
|     Natasha Zaslove | **FREEDMAN NORMAND** |
| **GILBERT LITIGATORS &** | **FRIEDLAND LLP** |
| **COUNSELORS, P.C.** | 99 Park Avenue, Suite 1910 |
| 11 Broadway, Suite 615 | New York, NY 10016 |
| New York, NY 10004 | Tel: 646-970-7513 |
| Phone: (646) 448-5269 | vel@fnf.law |
| rgilbert@gilbertlitigators.com | tnormand@fnf.law |
| pdvillarreal@gilbertlitigators.com | pbachyrita@fnf.law |
| rraymar@gilbertlitigators.com | |
| smagnusson@gilbertlitigators.com | /*s*/*Eric L. Cramer* |
| nzaslove@gilbertlitigators.com | Eric L. Cramer |
| | Ellen T. Noteware |
| | **BERGER MONTAGUE PC** |
| | 1818 Market Street, Suite 3600 |
| | Philadelphia, PA 19103 |
| | Tel: 215-875-3000 |
| | ecramer@bm.net |
| | enoteware@bm.net |
| | |
| | |
| | Daniel J. Walker |
| | Robert E. Litan |
| | Hope Brinn |
| | **BERGER MONTAGUE PC** |
| | 1001 G Street, NW |

Suite 400 East
Washington, DC 20001
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

*Counsel for Plaintiffs*