# Exhibit 30

Exhibit 9
Witness: McGreggor Crowley, M.D.
10/11/2023
Michelle Keegan, RMR, CRR, CSR

EDITORIAL

# Time for colleges to end legacy admissions

Harvard and other elite New England schools should lead the way in going legacy-blind

Updated December 1, 2019, 12:00 a.m.



Students walk across Harvard Yard on the Harvard University campus in Cambridge. NYT

The promise of higher education in the United States is that it helps deliver on the American Dream — that anyone, from any upbringing, can be powered by a college degree to build a successful career and do better than one's parents. Belief in that promise is why Americans pay high tuition bills, rack up student debt, and, as a society, offer these institutions tax-exempt status. But today, more and more young people are disillusioned by the high price of a degree and the diminishing ability to get ahead in a stratified society.

That's why it's time for private colleges and universities to end legacy admissions: an antiquated and indefensible system that is deepening public cynicism about higher education and contributing to socioeconomic inequality.

As college application season gears up for high school seniors, it's not lost on them that some of the applicants they're competing against started on third base. It's been an open secret for years that top-tier colleges give special preference to undergraduate applicants with familiar last names or family fortunes.

Indeed, a recent lawsuit against Harvard confirmed that the Ivy League university gives a "tip" to applicants whose parents are alumni or faculty, and also to families with checkbooks fat enough to land their children on the "dean's interest" list. Earlier this year, former MIT admissions director McGreggor Crowley wrote in the Globe that contrary to the publicly stated policy of the institute, it, like other universities, has also routinely favored the children of wealthy donors and alumni.

Yes, private colleges need to raise money to survive. But a donation should not be pursued — to use a phrase of the political moment — as a quid pro quo in exchange for admissions preference. It's one thing to put a donor name on a dorm or an endowed chair. But it is part of private colleges' social responsibility — and ultimately in their

own interest — to stop rewarding legacies with admissions spots. No one should have to suspect whether an Ivy League or other university graduate was merely born into privilege; the degree should be a reliable signal of their hard work and talent. And if removing the pay-to-play feature weakens a bid to raise money, fund-raisers ought to pursue a more high-minded donor.

Harvard's admissions policies came under fresh scrutiny because of a lawsuit filed against the university by a conservative group that sought to overturn its affirmative action policy for racial minorities. One of the plaintiffs' arguments was that if Harvard just eliminated legacy admissions (and preferences for athletes and children of faculty members) it could achieve racial diversity without resorting to affirmative action.

The judge in the case, [Allison D. Burroughs](), rejected that contention, finding that simply scrapping legacies and athletic recruiting couldn't substitute for affirmative action. But in her September ruling, she made clear that she wasn't endorsing the practices, and put the ball in the university's court to decide their future.

Having what Harvard considers good breeding doesn't guarantee admission, but it's correlated with much better odds. The university's overall acceptance rate is [less than 5 percent](), but the judge's ruling noted that more than a third of white and Asian legacy applicants win admission.

While those numbers might not have mattered in court, the court of public opinion is a different matter. It's hard for private universities to defend affirmative action as a necessary way to achieve diversity while also maintaining a policy that has the opposite effect of that goal.

From the perspective of colleges and universities, legacy admissions fall under the

euphemism of institution-building. Giving an inside track to legacies — and to the offspring of wealthy families willing to pay for new squash courts or scholarships — is seen as just what they have to do to cultivate donors, build alumni loyalty, and ultimately fulfill their educational mission. As a legal matter, private colleges are under no obligation to accept their smartest applicants, and if they want to sacrifice a few places in the freshman class for some privileged students to protect the institution, well, that's their call.

But just because colleges *can* grant privileges to alumni's children and the scions of the elite doesn't mean they *should*, especially given the country's [stark level of inequality](#) — which is at least in part fueled by inherited privilege. Legacy admissions to the universities that serve as the finishing school of the upper class only perpetuate the troubling trend. And whatever financial boost colleges receive isn't worth the damage they are doing to Americans' confidence in higher education.

Putting the children of donors and alumni on the same playing field as everyone else might cost private colleges and universities some donations. But just as going need-blind created an opportunity for university fund-raisers to rally donors to the worthy cause of serving low and middle-income students, going legacy-blind could be used to inspire similar largesse from successful people who didn't grow up with such advantages, either.

Harvard, MIT, and other top colleges and universities in New England should lead the country, as they have in so many other arenas, by ending legacy admissions. Doing so would demonstrate that they want to be the backbones of a meritocracy, instead of brokers of ongoing access to wealth and power for the privileged — that they aim to correct rather than perpetuate our country's profound inequality. For as long as such

colleges and universities stack the admissions decks in favor of the children of the wealthy and alumni, they will fail to fully serve their public purpose.

Show 97 comments

©2023 Boston Globe Media Partners, LLC