## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | **Case No. 1:22-cv-00125** |
| Plaintiffs, | |
| v. | **Hon. Matthew F. Kennelly** |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

## JOINT STATUS REPORT
### June 11, 2024

## I.     PLAINTIFFS' STATEMENT OF RELEVANT ISSUES

### A.     The Parameters of Sealing Post-Discovery Court Filings

Plaintiffs address below the efforts to follow up on the Court's recent comments regarding "parameters" for the sealing of information in post-discovery filings (such as motions concerning class certification, summary judgment, *Daubert* issues, pre-trial filings, and filings during trial). During the May 24, 2024 hearing, the Court stated: "I've become increasingly concerned the sealed designation as it relates to material filed in court for things that I have to rule on is being significantly overused." 5/24/24 Tr. at 5. The Court instructed the parties to "set some parameters in advance for what's going to pass muster and what is not going to pass muster in terms of the filing." *Id*. at 7.

Accordingly, on May 24, Plaintiffs wrote to Defendants to propose such parameters, below, and asked Defendants to respond during the week of May 27 with respect to Category no. 2:

> 1.  Any material that is genuinely FERPA-protected consistent with the Court's orders may be filed under seal.

> 2.   No other material should be filed under seal, except for specific narrowly defined categories of documents or testimony proposed by Defendants and agreed to by Plaintiffs as the result of further negotiations to be concluded at least one week before the June 18 status hearing.

> 3.   Any material filed under seal on which the Court relies in deciding motions for summary judgment, or in deciding any other motion, shall be unsealed in the Court's discretion.

On the evening of June 5, Defendants responded that they did not think as a practical matter that they could identify "categories . . . in advance," and then proposed a process that would apply *after* the parties had filed fully sealed pleadings. The parties met and conferred on June 7 and June 10. In an email exchange on June 10, the Defendants proposed 10 categories for sealing, and the parties exchanged their views about the governing Seventh Circuit legal standard. Ex. 1,

1

R. Gilbert Email, 6/10/2024. The parties are scheduling an additional meet and confer and hope to be able to present a proposal to the Court at the next status hearing following the June 18 status hearing.

In the June 10 email exchange, Plaintiffs reminded Defendants that the general rule is that the record of a judicial proceeding is public. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "[S]uch records often concern issues in which the public has an interest, in which event concealing the records disserves the values protected by the free-speech and free-press clauses of the First Amendment." *Id.* at 928. The public's interest "can be overridden only if the [privacy] interests predominate in the particular case . . . ." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Here, the public interest predominates. Access to higher education and the exorbitant cost of higher education are currently two of the most important public policy issues in the United States.

## B.  Applicability of the Second Amended Confidentiality Order

On February 3, 2024, the Court entered the Second Amended Confidentiality Order (SACO), ECF No. 608, the provisions of which the parties had negotiated and agreed to.  Paragraph 2 of the SACO defined "confidential" information. Paragraph 10(c) of the SACO provided that, once Defendants moved to seal a pleading, the Plaintiffs would be permitted two business days to file a brief in opposition.

On the evening of June 3, 2024, MIT moved to seal certain filings made in connection with the motion to compel. ECF No. 706. The motion made arguments about what constitutes Confidential material that went far beyond the definition of Confidential under Paragraph 2 of the SACO. On June 5, less than two business days after the motion was filed, Plaintiffs were finalizing their opposition brief. The central argument of the opposition was that, irrespective of whether the litigation was at the discovery or the summary judgment stage, the MIT documents and testimony

2

at issue did not satisfy the threshold definition of "Confidential" on which all parties had agreed and consented in the SACO, and most certainly were not in any way limited to "…how [MIT] structures and competes with other schools…." 5/24/2024 Hr'g Tr. at 4.

On the afternoon of June 5, the Court granted MIT's motion. ECF No.708. With respect to any future motions to seal that may concern discovery disputes, Plaintiffs therefore ask the Court to clarify (a) whether the definition of "confidential" in Paragraph 2 in the SACO remains applicable and (b) whether Plaintiffs should proceed on the premise that, under Paragraph 10(c) of the SACO, they have two business days to oppose motions to seal during discovery.

### C. MIT Wealth Favoritism Documents

Plaintiffs are seeking disclosure of some additional documentary discovery of MIT wealth favoritism documents, specifically the "Cases of Interest" lists that were sent to the President and other senior MIT officials and related data concerning the students from those lists who were admitted to MIT. Plaintiffs requested this supplemental information immediately following the Court-ordered one hour deposition of MIT's Dean of Admissions Stuart Schmill last week. The parties are meeting and conferring about this issue.

### D. Status of Expert Discovery

Plaintiffs served their opening expert reports on Defendants on May 14 and, on May 17, served the expert backup materials. The parties have since gone back and forth regarding Defendants' criticisms of the sufficiency of the backup materials and the implications of Defendants' late production of some structured data and limitations of much other structured data that caused certain deficiencies claimed by Defendants with respect to one expert report. In any event, that Plaintiffs' expert has determined that the resolution of this dispute about the backup data has had no material impact on his conclusions. The parties have tentatively agreed to modify

3

the deadlines for Defendants' rebuttal reports and Plaintiffs' reply reports; at this point, the parties do not expect these modifications to change any upcoming hearing dates or motions deadlines.

## II.    DEFENDANTS' STATEMENT OF RELEVANT ISSUES

### A.    Status of Discovery

The deadline for fact discovery was March 20, 2024.  Plaintiffs first produced declarations from certain settling Defendants on June 7, 2024.  Defendants are evaluating whether any additional discovery is necessary as a result.

Expert discovery is ongoing.  On May 14, 2024, Plaintiffs served their opening expert reports on Defendants, and on May 17, 2024, Plaintiffs served their expert backup materials.  Over the next days, Defendants and their experts identified deficiencies and errors in the backup materials, which Defendants promptly raised with Plaintiffs.  Since May 17, 2024, Plaintiffs have provided two amended expert reports and four sets of supplemental backup materials, but Defendants have continued to identify deficiencies and/or errors in the backup materials.  Given these issues, the parties have tentatively agreed to extensions of the July 26, 2024 and October 7, 2024 deadlines for Defendants' rebuttal reports and Plaintiffs' reply reports, respectively, and will finalize their agreement after discussions regarding Plaintiffs' experts' backup materials have concluded.  The parties' proposed modifications to these expert report deadlines are not expected to change any upcoming hearing dates or motions deadlines.

### B.    The Parameters of Sealing Post-Discovery Court Filings

At the May 24, 2024 status conference, the Court directed the parties to set "parameters" and define a "protocol" for addressing the sealing of filings in connection with merits-related motions such as summary judgment.  5/24/2024 Hr'g Tr. at 7.  In response to Plaintiffs' initial proposal described in Plaintiffs' section above, Defendants proposed a process by which the parties would file briefs or other documents in connection with merits motion that contain Confidential

Information under the Second Amended Confidentiality Order under seal. Then, within 14 days of the completion of briefing on any such motion, the parties would meet-and-confer as to which limited materials would remain under seal and, as to those materials as to which they could not agree, would submit those limited disputes for the Court to resolve. Ex. 1, D. Fenske Email, 6/5/2024. The goal of that process would be to eliminate or at least minimize to the maximum extent possible the parties' disputes over what should remain sealed. That would address this Court's concern, expressed at the May 24 hearing, about avoiding a "7-foot-high piles of material . . . half of which has been designated as sealed and I have to go through it item by item." 5/24/2024 Hr'g Tr. at 7. In their response, Defendants also asked to discuss with Plaintiffs their proposal that Defendants identify in advance definitive "categories" of materials as to which sealing would be limited. Defendants note that "this seems a very difficult conversation to have in the abstract, when we are not focused on particular documents. We'd like to discuss whether that 'categorical' approach, or an approach tied more directly to the legal tests under the Confidentiality Order or applicable case law makes more sense." Ex. 1, D. Fenske Email, 6/5/2024.

On June 7, the parties had that meet-and-confer, and in response to Plaintiffs' concerns, Defendants agreed to identify illustrative categories of documents for sealing. On June 10, Defendants made that proposal, identifying those types of documents "likely to contain information that can be appropriately sealed under Seventh Circuit law governing merits-related filings." Ex. 1, D. Fenske Email, 6/10/2024. The parties then conferred later on June 10, and Plaintiffs asked to further meet and confer on Defendants' proposal on Thursday or Friday of this week. Plaintiffs also proposed that the parties agree to suggest to the Court that they would submit a proposal as to sealing at the next status conference following the June 18, 2024 conference, based

5

on their continued discussions.  Defendants agreed, and are hopeful that the parties will reach

agreement on a protocol for sealing or, if they cannot, that they can continue narrow any

differences they may have on these issues in any proposals they may submit in advance of the next

status conference.

### C.        Applicability of the Second Amended Confidentiality Order

Nothing in the Court's order granting MIT's motion to seal (ECF No. 708) contradicts the

Second Amended Confidentiality Order (ECF No. 608), which continues to apply to materials

produced in this litigation.  First, Plaintiffs are simply incorrect that MIT's motion "went far

beyond the definition of Confidential" under the Second Amended Confidentiality Order.  As MIT

stated in its motion, the sealed portions contain "confidential, nonpublic information about MIT's

admissions processes and practices."  *See* ECF No. 706 at 2.  This falls squarely within the

Confidentiality Order's definition of "Confidential" material, specifically "research, technical,

competitive, commercial, insurance, or financial information that the party has maintained as

confidential."  ECF No. 608 at 2.  And, as the Court made clear in the Minute Entry, the standard

for sealing in a discovery motion is more lenient.  *See* ECF No. 708.

Second, the Minute entry granting MIT's motion reiterates the Court's guidance from the

May 24 hearing, and indeed MIT's motion involved some of the same materials that were the

subject of the motions discussed at that hearing: MIT's motion to seal portions of Plaintiffs' motion

to compel (ECF No. 690) and MIT's motion to seal portions of its opposition to Plaintiffs' motion

to compel (ECF No. 695).  Plaintiffs did file an opposition to the former motion and did not respond

to the latter motion.  As the Court explained at the May 24 hearing, stating "how the institution

selects applicants" and "how [MIT] structures and competes with other schools" are "legitimately

under seal."  5/24/2024 Hr'g Tr. at 4:10-5:2.  Sealing is especially justified for discovery disputes

because discovery "isn't and doesn't have to be conducted in the public record." *Id.* at 5:3-12.

6

**D.      Plaintiffs' Late and Irrelevant Discovery Requests**

Plaintiffs mischaracterize the timing of their new discovery requests to MIT and the nature of the information they now seek. Even though fact discovery had been open for 19 months and closed on March 20, 2024, Plaintiffs surprisingly sent a new discovery request to MIT on June 5. Plaintiffs then sent a second and substantially broader discovery request to MIT on June 6. On June 7, MIT responded that it had received and was reviewing Plaintiffs' requests. On June 11, MIT responded to Plaintiffs asking for the basis of their late discovery requests that call for a significant volume of irrelevant information. The parties are meeting and conferring about these requests.

Dated: June 11, 2024

By:/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
Peter Bach-y-Rita
FREEDMAN NORMAND
FRIEDLAND LLP
10 Grand Central
155 E. 44th Street, Suite 905
New York, NY 10017
Tel.: 646-350-0527
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law
pbachyrita@fnf.law

Ivy Ngo
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

Respectfully Submitted,

By: /s/ Deepti Bansal
Deepti Bansal
Alexander J. Kasner
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Tel.: 202-728-7027
dbansal@cooley.com
akasner@cooley.com

Matthew Kutcher
COOLEY LLP
110 N. Wacker Drive
Chicago, IL 60606
Tel.: 312-881-6500
mkutcher@cooley.com

*Counsel for Defendant California Institute of Technology*

By: /s/ Norman Armstrong
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004

7

/s/ *Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Natasha Zaslove
GILBERT LITIGATORS &
COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@ gilbertlitigators.com
nzaslove@gilberlitigators.com

/s/ *Eric L. Cramer*
Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: 215-875-3000
ecramer@bm.net
enoteware@bm.net
dlanger@bm.net
jgradwohl@bm.net

Richard Schwartz
BERGER MONTAGUE PC
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
BERGER MONTAGUE PC
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel.: 202-559-9745
rlitan@bm.net
dwalker@bm.net

Tel.: 202-389-3180
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-341-7458
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
300 N La Salle Dr.
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

By: /s/ *Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

By: /s/ *Jeffrey J. Bushofsky*
Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel.: 312-845-1200
jeffrey.bushofsky@ropesgray.com

Chong S. Park
Samer M. Musallam
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel.: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

8

hbrinn@bm.net

*Counsel for Plaintiffs*

*Counsel for Defendant Johns Hopkins University*

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS BRUCKHAUS DERINGER
700 13th Street, NW
Washington, DC 20005
Tel.: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

*Counsel for Defendant Massachusetts Institute of Technology*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan B. Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Cole T. Wintheiser
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
Tel.: 202-434-5000
rvankirk@wc.com
skirkpatrick@wc.com
jpitt@wc.com
mheins@wc.com
cwintheiser@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for Defendant University of Notre Dame du Lac*

By: */s/ Seth Waxman*

9

Seth Waxman
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN
LLP
30 West Monroe Street
19th Floor
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the
University of Pennsylvania*

10