# EXHIBIT 1

**Richard Cipolla**

| | |
|---|---|
| **From:** | Robert Gilbert <rgilbert@gilbertlitigators.com> |
| **Sent:** | Monday, June 10, 2024 10:46 PM |
| **To:** | Fenske, Daniel T. |
| **Cc:** | eric.mahr@freshfields.com; Miller, Britt M.; Kirkpatrick, Sarah; Gringer, David; norman.armstrong@kirkland.com; 568_litigation@gilbertlitigators.com; 568 Litigation; 568GROUP-DEFS-SERVICE@list.wilmerhale.com; Fenske, Daniel T. |
| **Subject:** | The Parameters of Sealing |

**[EXTERNAL SENDER]**

Dear Dan,

This email responds to your email earlier today (below), and follows up on our subsequent follow call with you and other defense counsel concerning post-discovery sealing.

Your email argues that the Seventh Circuit test, "requires the Court to balance the competing privacy and public interests 'case by case,' *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), which necessarily requires the parties and Court to know what documents and testimony are at issue before applying that test." That is not an accurate characterization of the governing Seventh Circuit law. *Jessup v. Luther* held that the public right of access outweighs a defendant's right of secrecy where, as here, the records concern, "…issues in which the public has an interest, in which event concealing the records disserves the values protected by the free-speech and free-press clauses of the First Amendment…." (277 F.3d at 928.) Contrary to the claim in your email, The *Jessup* standard of weighing the public interest against a defendant's secrecy interest on a "case by case" basis (*Id.*) does not mean each *document* should be individually assessed, but rather the *case* itself should be accorded a public right of access that corresponds to its public significance. The additional relevant inquiry in our case is whether each category of documents actually satisfies the agreed upon definition of "Confidential" in the Second Amended Confidentiality Order (SACO).

The 568 Cartel litigation is one of far more sweeping national public interest than *Jessup* and indeed concerns two of the most important public policy issues in the United States: access to higher education and the exorbitant cost of higher education. . "When a designation of materials as confidential under a protective order is challenged, the designating party bears the burden of justifying the need for enforcement of the order." *Motorola, Inc. v. Lemko Corp.*, 2010 WL 2179170 at *4 (N.D. Ill. 2010) (Kennelly J.) (c*iting Team Play, Inc. v. Boyer*, 2005 WL 256476 (N.D. Ill. 2005)). The general rule is that the record of a judicial proceeding is public. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). The public's interest "can be overridden only if the [privacy] interests predominate in the particular case . . . ." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*,

1

178 F.3d 943, 945 (7th Cir. 1999). Under the governing law of the Seventh Circuit, the public right of access in this case overwhelmingly predominates over the Defendants' interest in secrecy.

In this legal framework, we appreciate receiving today your ten proposed categories for sealing of post-discovery materials such as Daubert motions, Class Certification motions and Summary Judgment motions. We will evaluate which of these proposed categories, in our judgment, satisfy the Seventh Circuit standard and SACO requirements and which do not (and which may require editing). As we agreed in today's call, we will schedule at least one more meet and confer session, and the parties expect to be in a position to make a proposal to the court outlining areas of agreement and disagreement in the next status conference following the June 18 conference.

Thank you.

Best,

Bob

Robert D. Gilbert
Managing Partner
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
rgilbert@gilbertlitigators.com
646-448-5269 work
203-645-0055 cell
www.gilbertlitigators.com

---

**From:** Fenske, Daniel T.
**Sent:** Monday, June 10, 2024 11:14 AM
**To:** Robert Gilbert
**Cc:** eric.mahr@freshfields.com; Miller, Britt M.; Kirkpatrick, Sarah (EXTERNAL CONTACT); Gringer, David; Armstrong, Norman (EXTERNAL CONTACT); 568GROUP-DEFS-SERVICE@list.wilmerhale.com; 568_litigation@gilbertlitigators.com; 568 Litigation; Fenske, Daniel T.
**Subject:** RE: The Parameters of Sealing

Bob,

I am writing to follow up on the parties' meet/confer on Friday as to the standard and protocol to govern sealing of materials filed in connection with merits-related motions. As discussed on Friday, we believe it is very difficult to define in advance all of those "categories" of documents that may contain information that meets the standard for sealing under Seventh Circuit law. For example, the test requires the Court to balance the competing privacy and public interests "case by case," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), which necessarily requires the parties and Court to know what documents and testimony are at issue before applying that test. That said, we agree that it would be helpful for the parties to articulate the types of documents that we expect would meet the standard for sealing. In conjunction with the process to meet/confer over any sealed

2

filings that we outlined in our email of June 5, this information will allow the parties to ensure public access to those materials that do not meet the sealing standard while also ensuring that we do not burden the Court with the task of having to evaluate each document line by line.

We believe the following categories of information are likely to contain information that can be appropriately sealed under Seventh Circuit law governing merits-related filings. Note that Defendants are continuing to discuss these issues together and with our clients, but we are sending this list now to further our discussions. Thus, the below descriptions are not intended to be final.

1. Information prohibited from disclosure by statute, including any document protected under the Family Educational Rights and Privacy Act ("FERPA") or by the Court's orders protecting similar information (Confidentiality Order ¶ 8, the Order Regarding FERPA and the Production of Certain Documents and Information (ECF 231), or the Special Protective Order (ECF 645)), including the application, financial aid, contact information, or education records of any applicant, student, or former students and names of family members;
2. Documents that reveal the application, financial aid, contact information, or education records regarding any non-named Plaintiff student or applicant, regardless of whether that student received a FERPA notice;
3. Highly sensitive information about donations or actual or potential donors, such as names, donation amounts, or personal financial details such as individual income, assets, or net worth;
4. Highly sensitive competitive or highly sensitive confidential information where disclosure to another party or third party would result in specific demonstrable harm to, or cause material harm to the legitimate interests of, the disclosing party, including, for example, correspondence and materials related to compliance or non-compliance with unrelated regulations; unrelated internal or government investigations or litigation; highly confidential financial, insurance, or budgetary information; or highly confidential research, technical, competitive, commercial, or strategic initiatives;
5. Highly-sensitive trade secrets, including:
    1. Trade secrets with respect to Defendants' calculation of financial aid and its considerations in terms of evaluating applicants for admission;
    2. Trade secrets with respect to Defendants' internal systems or the processes of a President's, or Development/Advancement or Admissions or Financial Aid Office;
6. Medical information concerning any individual;
7. Income tax returns (including attached schedules and forms);
8. W-2 forms and 1099 forms;
9. Personnel or employment records of a person;
10. Non-public information about endowment or other finances/budget information

We look forward to our discussion this afternoon.

Regards,

Dan

_____

**Daniel T. Fenske**
*Partner*
Mayer Brown LLP
71 S. Wacker Dr.

Chicago, Illinois 60606
T +1 312 701 8926
LinkedIn | Twitter
mayerbrown.com

---

From: Fenske, Daniel T. <DFenske@mayerbrown.com>
Sent: Thursday, June 6, 2024 8:49 AM
To: Robert Gilbert <rgilbert@gilbertlitigators.com>
Cc: eric.mahr@freshfields.com; Miller, Britt M. <BMiller@mayerbrown.com>; Kirkpatrick, Sarah (EXTERNAL CONTACT) <skirkpatrick@wc.com>; Gringer, David <David.Gringer@wilmerhale.com>; Armstrong, Norman (EXTERNAL CONTACT) <norman.armstrong@kirkland.com>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com; 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>; Fenske, Daniel T. <DFenske@mayerbrown.com>
Subject: Re: The Parameters of Sealing [MB-AME.FID9564911]

Bob,

Thanks for your email. We have moved some things around and can make 3:30 ET on Friday work. Please confirm that works and we'll send a calendar invite.

Thanks,

Dan

On Jun 5, 2024, at 6:47 PM, Robert Gilbert <rgilbert@gilbertlitigators.com> wrote:

**CAUTION: External Email** - Only click on contents you know are safe.

Hi Dan,

Thank you for your email. From our perspective, Defendants waited 12 days to respond and then asked to confer in less one day (before the Plaintiffs' three firms have even had chance to confer with each other about the Defendants' fairly lengthy response), and otherwise offered a single half hour slot on Friday morning. Under the circumstances, it would be significantly more reasonable to propose a block of time on Friday afternoon. A few of us can make ourselves available any time between 1pm and 4:30pm ET on Friday. Please let us know what works. Thank you.

Best,

Bob

Robert D. Gilbert
Managing Partner
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
rgilbert@gilbertlitigators.com
646-448-5269 work
203-645-0055 cell
www.gilbertlitigators.com

**From:** Fenske, Daniel T.
**Sent:** Wednesday, June 5, 2024 3:35 PM
**To:** Robert Gilbert; eric.mahr@freshfields.com; Miller, Britt M.; Kirkpatrick, Sarah (EXTERNAL CONTACT); Gringer, David; Armstrong, Norman (EXTERNAL CONTACT); 568GROUP-DEFS-SERVICE@list.wilmerhale.com; Robert Gilbert
**Cc:** 568_litigation@gilbertlitigators.com; 568 Litigation; Fenske, Daniel T.
**Subject:** RE: The Parameters of Sealing [MB-AME.FID9564911]

Bob:

We write in response to your email below to provide Defendants' proposal for how to address a protocol for sealing in connection with summary judgment and class certification motions, as the Court directed at the May 24 hearing. The below outlines our proposal, which we would need to formalize in an amendment to the Second Agreed Confidentiality Order ("Confidentiality Order").

1. Defendants agree that information containing FERPA-protected information (that is, information governed by Confidentiality Order ¶ 8, the separate Order Regarding FERPA and the Production of Certain Documents and Information (ECF 231), or the Special Protective Order (ECF 645)) must continue to be filed under seal.

2. As to other documents, we'd like to discuss further your proposal that "specific narrowly defined categories of documents or testimony" may be filed under seal. It is not at all clear to us how, as a practical matter, we could both identify all such "categories" that include documents that are legitimately confidential or describe those "categories" with sufficient specificity to know in advance what documents fall in each category. In other words, this seems a very difficult conversation to have in the abstract, when we are not focused on particular documents. We'd like to discuss whether that "categorical" approach, or an approach tied more directly to the legal tests under the Confidentiality Order or applicable case law makes more sense.

3. Mindful of the Court's order that we discuss a "protocol" for addressing sealing issues, Defendants also believe that the following process is appropriate and will both alleviate the burden on the Court to unnecessarily resolve sealing disputes and ensure access by the public to those documents it has a legitimate interest in accessing under applicable First Amendment principles.

In particular, Defendants propose that the parties would initially file their motions for class certification/summary judgment, any oppositions or replies, and any supporting exhibits, under seal to the extent that they reference material designated as Confidential Information under the Confidentiality Order. Then, within 14 days after filing of any reply briefs in support of either the class certification or summary judgment motions—that is, when briefing on the applicable motion has closed—the parties would meet/confer to discuss any disputes over what should remain under seal in connection with all briefing on each motion, with the goal of eliminating or at least narrowing the documents in dispute. If any disputes remain, a party challenging any remaining sealed materials would then file a motion to unseal those materials, which would be briefed per Judge Kennelly's standard procedures.

4. Within 14 days after the Court rules on either class certification or summary judgment, and thus the parties have a better understanding of what materials the Court may have relied on in resolving those motions, the parties would further meet/confer on whether any additional materials should be unsealed and, as with (3) above, a party who disagrees that any material should remain sealed could then file a motion to unseal those materials. Of course, this is subject to the Court's discretion to otherwise seal or unseal documents as the Court sees fit.

The above proposal would apply only to class certification and summary judgment motions, given the different standard that the Court has applied to discovery motions. See, e.g., ECF 708.

Note also that the above proposal would only apply to the non-settling Defendants' documents. Documents from settling Defendants or third-parties would need to be treated consistent with the existing Agreed Confidentiality Order.

We are available to meet/confer tomorrow (Thursday) between 12-1:30 ET, and Friday between 10:30-11 ET.

Thank you,

Dan

___

**Daniel T. Fenske**
*Partner*
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, Illinois 60606
T +1 312 701 8926
LinkedIn | Twitter
mayerbrown.com

---

**From:** owner-568group-defs-service@list.wilmerhale.com <owner-568group-defs-service@list.wilmerhale.com> **On Behalf Of** Robert Gilbert
**Sent:** Friday, May 24, 2024 3:22 PM
**To:** eric.mahr@freshfields.com; Miller, Britt M. <BMiller@mayerbrown.com>; Kirkpatrick, Sarah (EXTERNAL CONTACT) <skirkpatrick@wc.com>; Gringer, David <David.Gringer@wilmerhale.com>; Armstrong, Norman (EXTERNAL CONTACT) <norman.armstrong@kirkland.com>; 568GROUP-DEFS-SERVICE@list.wilmerhale.com
**Cc:** 568_litigation@gilbertlitigators.com; 568 Litigation <568_Litigation@fnf.law>
**Subject:** The Parameters of Sealing

**CAUTION:** External Email - Only click on contents you know are safe.
**EXTERNAL SENDER**

Counsel:

In response to the Court's instruction that the parties negotiate "parameters" for sealing materials filed prior to and including motions for summary judgment, and that the parties advise the Court of the status of those negotiations at the June 18 hearing, Plaintiffs propose the following:

1. Any material that is genuinely FERPA-protected consistent with the Court's orders may be filed under seal.
2. No other material should be filed under seal, except for specific narrowly defined categories of documents or testimony proposed by Defendants and agreed to by Plaintiffs as the result of further negotiations to be concluded at least one week before the June 18 status hearing.

6

3. Any material filed under seal on which the Court relies in deciding motions for summary judgment, or in deciding any other motion, shall be unsealed in the Court's discretion.

Please provide us with your proposal for category 2 next week. Please also let us know your availability to meet and confer on Tuesday June 4 in the following time ranges: 11am to 12:30 pm ET; any time after 3pm ET. Thank you.

Have a good holiday weekend.

Best,

Bob

Robert D. Gilbert
Managing Partner
Gilbert Litigators & Counselors
11 Broadway, Suite 615
New York, NY 10004
rgilbert@gilbertlitigators.com
646-448-5269 work
203-645-0055 cell
www.gilbertlitigators.com

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.