UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | **Case No. 1:22-cv-00125** <br><br><br> **Hon. Matthew F. Kennelly** |

**JOINT STATUS REPORT**
**July 16, 2024**

Pursuant to the Court's June 18, 2024 order, the parties have met-and-conferred regarding "a process for addressing information on materials filed under seal." Dkt. 720. The parties have reached an agreement on such a process, and on the contents of a Proposed Order Governing Disclosure in Merits-Related Motion Practice of Material Designated under the Second Amended Confidentiality Order as Confidential or AEO, except for two issues identified below and discussed in this Joint Status Report. The parties describe their positions on these two issues below, and have submitted separate proposed orders—one for Plaintiffs ("Plaintiffs' Proposed Order," Exhibit A); the other for Defendants ("Defendants' Proposed Order," Exhibit B)—for the Court's consideration.

A. **Plaintiffs' Position**

**First Dispute: Plaintiffs' Proposal that the Litigating Defendans Identify Deposition Exhibits They Claim Should Be Filed under Seal Is Efficient and Non-Burdensome**

Plaintiffs' Proposed Order Par. 2(a)—by focusing on a subset of Defendants (i.e., the Litigating Defendants, or "LDs") and a targeted set of documents (i.e., exhibits already introduced during LD depositions)—ensures that many of the key disputes regarding which types of documents should be sealed will be flushed out and potentially resolved weeks before the first wave of merits-related motions (class certification and Daubert) are filed in mid-December 2024.[1]

---

[1] Plaintiffs' Proposed Order ¶ 2(a) states: "To identify Materials that may be subject to disputes over sealing in advance of merits-related motion practice, on or before September 10, 2024, each Litigating Defendant and each Plaintiff shall, with respect to any deposition of such Litigating Defendant or Plaintiff taken in this action (or in related depositions of some of the Litigating Defendants taken by the U.S. Department of Justice), identify any deposition exhibits (or portions thereof) that such Defendant or Plaintiff maintains in good faith falls within one or more of the Exhibit A Categories. On or before October 8, 2024, Plaintiffs and the Litigating Defendants will respond in writing to Defendants' and Plaintiffs' September 10 identification of documents; and the parties will meet and confer on any disputes no later than October 15, 2024. Nothing herein shall preclude Plaintiffs or Litigating Defendants from identifying any documents or testimony under sub-paragraphs (b) and (c) herein that have been designated as Confidential or AEO and that Plaintiffs or Litigating Defendants intend to include in an upcoming filing."

1

Although LDs have objected to Plaintiffs' proposed Par. 2(a) as inefficient and burdensome, the opposite is true.[2] Under LDs' version, the parties would not even begin the process of identifying potentially sealed documents and resolving disputes (to the extent practicable) until 30 days before the date for filing merits-related motions. Indeed, for class certification and Daubert motions, due December 16, 2024 under the Court's current schedule, the parties will not be required to identify documents or testimony they "maintain in good faith should be filed under seal or in redacted form" until December 2, followed by a meet and confer on December 9, only 7 days before these complicated motions (with potentially hundreds of exhibits) are due. In contrast, Plaintiffs' proposed Par. 2(a) ensures that the identification and dispute resolution process will commence—with respect to core documents marked at LD (and Plaintiff) depositions—on September 10, 2024, approximately 2 months earlier than under the LDs' proposal. It is therefore Plaintiffs' proposed Par. 2(a), not LDs' opposition to that provision, that will promote efficiency.[3]

As for LDs' claim that Plaintiffs' proposal is burdensome, that is hardly the case, given that each LD will only be obligated to review and designate exhibits from a maximum of 10 party depositions—well within the capacity of the premier law firms representing those Defendants.

**Second Dispute: Defendants Should Not Be Able to Redact Names of Officials, Trustees or Board Members Engaged in Wealth Favoritism Towards Applicants to Whom They Are Not Related**

Exhibit A of both Plaintiffs' and Defendants'' Proposed Orders sets forth numerous categories of information that may be filed under seal or redacted, such as information protected

---

[2] Although the LDs have objected to Plaintiffs' proposed Par. 2(a) in its entirety, Plaintiffs accepted those Defendants' proposal that the provision, if included, should apply to Plaintiffs as well as the LDs.

[3] Defendants claim that Plaintiffs' proposal is contrary to the Court's order "to negotiate a protocol for sealing materials that will *actually* be filed along with merits-related motions." (Emphasis in original). But the Court's order (ECF 720) does not use the word "actually," and Plaintiffs' proposal is a reasonable and efficient way to implement what the Court's order actually says.

2

under FERPA, as well as "[i]nformation in any non-public document whose redaction is necessary to ensure that any applicant for admission or student referenced in such documents may not be identified." *See* Plaintiffs' and Defendants' Proposed Order, Exhibit A ¶¶ 2-3. Plaintiffs' Order, however, makes it clear that: "Nothing in this Order or Exhibit A permits the redaction of the name of any university official, trustee, or board member who expresses interest in or attempts to exercise influence with respect to the admission of an applicant to whom he or she is not related, where Plaintiffs contend that such conduct was based in whole or in part on the financial circumstances of the applicant or the applicant's family." Plaintiffs' Proposed Sealing Order, Exhibit A ¶ 14.[4]

Notably, Plaintiffs' proposal does *not* preclude Defendants from seeking to redact the names of student-related donors—a point that Plaintiffs made repeatedly during recent meet and confer discussions. In addition, Defendants are wrong to suggest that Plaintiffs object to redacting the PII of non-parties, including donors, such as social security numbers, phone numbers, and addresses. To the contrary, *see* Plaintiffs' and Defendants' Proposed Order ¶ 4 (permitting such PII to be redacted "provided that financial information about those non-parties such as donation amounts, income, assets or net worth may only be redacted to the extent necessary to prevent the affected non-party from being identified.").

Contrary to Defendants' position, there is *no* legitimate interest in protecting the identities of university officials, trustees, or board members who have facilitated or participated in Defendants' wealth favoritism and revenue-maximization practices, or who have otherwise placed

---

[4] Although Defendants characterize this provision as a categorical rule, both sides have agreed that a Designating Party may bring a motion to seal or redact information not specified in Exhibit A provided that "the Designating Party demonstrates that disclosure to the public would cause demonstrable harm to a Designating Party or to a third-party that outweighs the public's interest in disclosure." Plaintiffs' and Defendants' Proposed Orders, Exhibit A ¶ 13.

3

their thumb on the scale based on the financial circumstance of an applicant or his or her family. [5] Such conduct violated Section 568. Defendants may be embarrassed by that activity or may otherwise desire to shield it from public scrutiny, but that does not justify sealing under Seventh Circuit law. *See Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (First Amendment and public interest create a "strong presumption" against sealing, to be overcome "[w]hen there is a compelling interest in secrecy, as in the case of trade secrets . . . ."); *Mitze v. Saul,* 968 F.3d 689, 692 (7th Cir. 2020) ("embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records") (citation omitted).

In conclusion, Plaintiffs propose an Order that does not permit Defendants to conceal from the public and from Congress the extent to which, in addition to violating the antitrust laws, Defendants were also making bad public policy on some of the most important issues in the United States: equitable access to higher education; the exorbitant cost of higher education; and the role of elite educational institutions in serving secondary school graduates and the Nation. In awarding financial aid, rather than competing with each other by asking what Defendants could afford to award and had the resources to award—and thereby lower net prices—Defendants asked what applicants and their families could afford to pay. These practices during the Class Period inflated average net prices even while Defendants' endowments skyrocketed in inflation-adjusted dollars—and families were forced, for example, to take out home equity loans and second mortgages to meet their supposed "ability to pay" and fuel those skyrocketing endowments. Under these circumstances, the public interest in disclosure clearly outweighs Defendants' interest in

---

[5] If the Court would like an update regarding the timing of the resolution of any discussions with any Settling Defendants regarding material to be redacted under existing settlement agreements or stipulations, as modified, Plaintiffs propose that the parties provide the Court with such update in an appropriately cabined portion of the JSR hearing.

maintaining secrecy. And, as this case enters merits-related motion practice, the public and Congress are entitled to know the evidence that supports the "allegations that [Defendants] coordinated their financial aid policies and admissions practices." Letter from U.S. Senator J.D. Vance to Lina M. Khan, Chair, Federal Trade Commission, dated Aug. 10, 2023, at 3 & n.7 (attached as Ex. C hereto); *see Senator Vance Calls for Antitrust Inquiries into Higher Education Institutions, Uncovers Evidence of Coordinated Behavior* (attached as Ex. D hereto).

### B. Defendants' Position

#### 1. Requiring the Review of 1,000-Plus Depositions Exhibits, Even Those Never To Be Submitted To The Court, Is Inefficient and Burdensome

The Court directed the parties to negotiate a protocol for sealing materials that will *actually* be filed along with merits-related motions. *See* Dkt. 720. Plaintiffs' proposal is divorced from the Court's directive. Plaintiffs would require Litigating Defendants and Plaintiffs to review *all* of their deposition exhibits in this case to see whether those exhibits should be sealed, even those that will never be submitted to, or relied on by, the Court. *See* Pls.' Prop'd Order ¶ 2(a).

This would be inefficient and burdensome make-work. There have been 56 depositions and over 1,100 deposition exhibits encompassing 14,000-plus pages just for witnesses affiliated with the five remaining Litigating Defendants. For many exhibits, it will not be readily apparent that they contain *no* information warranting sealing. Accordingly, Litigating Defendants would need to review a large chunk of over a thousand exhibits in detail to determine if they warrant sealing in whole or in part. All for many exhibits that the Court will never see. That makes little sense.

Plaintiffs' proposal is especially unnecessary given that the parties have already agreed to identify those documents that a party *actually intends* to file in advance of the filing date and to meet and confer on this precise issue—within 30 days for merits motions and 14 days for response and reply briefs. Defs.' Prop'd Order ¶ 2(a), (c). And Plaintiffs' arguments in support of their

5

proposal makes clear how much less efficient their proposal is. Although Plaintiffs now claim the parties could submit "potentially hundreds" of exhibits, even that would likely be a fraction of the *1,100-plus* exhibits they would require Litigating Defendants to evaluate and which can be evaluated under the timeframes and process the parties have agreed to in Paragraph 2(a) and (c) of Defendants' Proposed Order. In short, Plaintiffs' proposal is a naked attempt to impose unnecessary and extreme costs on Litigating Defendants for no good reason. Litigating Defendants respectfully request that the Court reject Paragraph (2)(a) of Plaintiffs' Proposed Order.

### 2. The Parties Should Be Permitted to Redact Personal Information Related To Certain Individuals.

The parties agree that they should be permitted to redact: "The names, addresses and similar personal identifying information of non-parties, provided that financial information about those non-parties such as donation amounts, income, assets or net worth may only be redacted to the extent necessary to prevent the affected non-party from being identified. Pls. Prop'd Order at Ex. A ¶ 4. But Plaintiffs propose a categorical carveout that would preclude Defendants from redacting "the name of any university official, board member or trustee who expresses interest in or attempts to exercise influence with respect to the admission of an applicant to whom he or she is not related, where Plaintiffs contend that such conduct was based in whole or in part on the financial circumstances of the applicant or the applicant's family." *Id.* ¶ 14. [6]

There is no reason for Plaintiffs' carveout. Defendants understand that Plaintiffs wish to call out the names of university officials, board members, or trustees whose recommendations

---

[6] The parties agree that, where the identity of any individual—or any other information—could be used to identify the applicant, the individual's identity should not be disclosed. *See* Pls.' Prop'd Order, Ex. A ¶ 3.

allegedly influenced admission decisions.[7] But Plaintiffs have not shown how the identity of these individuals is relevant. To the extent Plaintiffs plan to argue that Defendants are not entitled to Section 568 immunity if they considered the financial circumstances of an applicant or an applicant's family when making an admission decision, the relevant information would be *how the school took that information into account (or not)*, not the *name* of the university official, board member, or trustee who Plaintiffs claim recommended the applicant or otherwise "influenced" the decision.

Also, disclosing the names of university officials, board members, and trustees would unfairly prejudice them. These individuals have not been named as parties in the litigation. They have a privacy interest in remaining unknown and keeping their applicant recommendations confidential. Defendants also have an interest in respecting these individuals' desire not to have their recommendations made public.

The Seventh Circuit has held that irrelevant personal information may be kept under seal. In *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996), the Court noted that "[j]udicial proceedings are presumptively open, but particular information may be withheld," including, for example, information as to "[p]ersonal income" of questionable relevance. *Id.* In those circumstances, disclosing financial information even of a *named party* would be

---

[7] Defendants agree that information about non-parties that has already been made public would not be subject to redaction.

"gratuitous." *Id.*[8] This Court and others in this Circuit have also held that the identity of non-parties, including parties' employees, may be withheld under similar circumstances.[9]

A categorical rule that Defendants may not keep these individuals' names confidential would be premature and inappropriate. Defendants cannot address in the abstract the alleged relevance of every reference to these individuals that may appear in a document later submitted to the Court. But the Seventh Circuit has "limited the presumption of public access to materials that affect judicial decisions," *Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014), meaning information may be redacted if "the court does not use the information to reach a decision on the merits." *Cnty. Mats. Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007) (citation omitted).

Finally, Plaintiffs offer gratuitous and incorrect comments at the end of their section about the merits of this case. The remaining Defendants will demonstrate at the appropriate time that their policies were not remotely anticompetitive, but rather have served to increase access and affordability in higher education. For now, the key point is this: redacting irrelevant information about the identities of certain people will not shield from the public any information relevant to

---

[8] It is irrelevant that the Court elsewhere stated that "[t]he principle that materials on which a judicial decision rests are presumptively in the public domain . . . [was] not in play" because the district court never acted on the underlying TRO motion. *Methodist Hosps.,* 91 F.3d at 1031. As an alternative ground for its decision, the Court subsequently addressed the standard for the public's "right of access to documents filed in litigation" and held that "particular information may be withheld" including "[p]ersonal income" when warranted. *Id.*

[9] *See, e.g., Strait v. Belcan Eng'g Grp., Inc.*, 2012 WL 2277903, at *4 (N.D. Ill. June 18, 2012) (permitting redaction of names); *Smith v. Chicago*, 2005 WL 3215572, at *3 (N.D. Ill. Oct. 31, 2005) ("non-parties' names and identifying factors shall be redacted" from filings); *Love v. Med. Coll. of Wis.*, 2016 WL 3064095, at *1-3 (E.D. Wis. May 31, 2016) (allowing redaction of personally-identifying information including the initials, age, and sex of patients and the dates of certain procedures); *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006) (ordering party to "redact the names and identifying factors of nonparty employees" like "social security numbers, phone numbers, addresses, and etc." from its filings); *Rock v. NCAA*, 2015 WL 13632439, at *4-5 (S.D. Ind. Jan. 22, 2015) (granting motion to redact the names and emails of certain non-parties from exhibits to motion for class certification).

this case, but will protect those individuals from an unwarranted and unnecessary invasion of their privacy.

Accordingly, Defendants respectfully request that the Court reject Plaintiffs' carveout in Paragraph 14 of Exhibit A to Plaintiffs' Proposed Order. Alternatively, Defendants are willing to replace the names of university officials, board members, or trustees with a generic description—*e.g.*, "trustee"—that describes their relationship to the university.

Dated: July 16, 2024

Respectfully submitted,

By:*/s/ Edward J. Normand*
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
Peter Bach-y-Rita
FREEDMAN NORMAND
FRIEDLAND LLP
10 Grand Central
155 E. 44th Street, Suite 905
New York, NY 10017
Tel: 646-350-0527
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law
pbachyrita@fnf.law

Ivy Ngo
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law


*/s/ Robert D. Gilbert*
Robert D. Gilbert

By:*/s/ Kenneth Kliebard*
Kenneth Kliebard
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Suite 2800
Chicago, IL 60606-1511
Tel: 312-324-1000
kenneth.kliebard@morganlewis.com

Jon R. Roellke
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: 202-739-5754
jon.roellke@morganlewis.com

Sujal Shah
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Tel: 415-442-1386
sujal.shah@morganlewis.com

*Counsel for Defendant Brown University*

By:*/s/ Deepti Bansal*
Deepti Bansal
Alexander J. Kasner
COOLEY LLP

9

Elpidio Villarreal
Robert S. Raymar
David S. Copeland
Natasha Zaslove
GILBERT LITIGATORS &
COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
nzaslove@gilberlitigators.com

*/s/ Eric L. Cramer*
Eric L. Cramer
Caitlin G. Coslett
David Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3000
ecramer@bm.net
ccoslett@bm.net
dlanger@bm.net
jgradwohl@bm.net

Richard Schwartz
BERGER MONTAGUE PC
1720 W Division
Chicago, IL 60622
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
BERGER MONTAGUE PC
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: 202-559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Tel: 202-728-7027
dbansal@cooley.com
akasner@cooley.com

Matthew Kutcher
COOLEY LLP
110 N. Wacker Drive
Chicago, IL 60606
Tel: 312-881-6500
mkutcher@cooley.com

*Counsel for Defendant California Institute of Technology*

By:*/s/ James L.Cooper*
James L. Cooper
Michael Rubin
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Tel: 202-942-5014
james.cooper@arnoldporter.com
michael.rubin@arnoldporter.com

Leah Harrell
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel.: 212-836-7767
Leah.Harrell@arnoldporter.com

Valarie Hays
ARNOLD & PORTER KAYE SCHOLER LLP
70 W Madison Street
Suite 4200
Chicago, IL 60602
Tel.: 312-583-2440
valarie.hays@arnoldporter.com

*Counsel for Defendant University of Chicago*

By:*/s/ Amy Van Gelder*
Amy Van Gelder

10

| | |
|---|---|
| *Counsel for Plaintiffs* | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>320 S. Canal Street<br>Chicago, IL 60606-5707<br>Tel: 312-407-0508<br>amy.vangelder@skadden.com<br><br>Karen Hoffman Lent<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>Room 40-216<br>New York, NY 10001-8602<br>Tel: 212-735-3276<br>karen.lent@skadden.com<br><br>*Counsel for Defendant The Trustees of Columbia University in the City of New York*<br><br>By: */s/ Norman Armstrong*<br>Norman Armstrong<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br>Tel.: 202-389-3180<br>norman.armstrong@kirkland.com<br><br>Emily T. Chen<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel.: 212-341-7458<br>emily.chen@kirkland.com<br><br>Daniel E. Laytin<br>KIRKLAND & ELLIS LLP<br>300 N La Salle Dr.<br>Chicago, IL 60654<br>Tel.: 312-862-2000<br>daniel.laytin@kirkland.com<br><br>*Counsel for Defendant Cornell University*<br><br>By:*/s/ Terri L. Mascherin*<br>Terri L. Mascherin |

11

Reid J. Schar
JENNER & BLOCK LLP
353 N. Clark Street,
Chicago, IL 60654-3456
Tel: 312-222-9350
tmascherin@jenner.com
rschar@jenner.com

Ishan K. Bhabha
Douglas E. Litvack
Lauren J. Hartz
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel: 202-637-6327
ibhabha@jenner.com
dlitvack@jenner.com
lhartz@jenner.com

*Counsel for Defendant Trustees of Dartmouth College*

*/s/ James A. Morsch*
James A. Morsch
Jim.morsch@saul.com
SAUL EWING ARNSTEIN & LEHR
161 North Clark, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
Facsimile: (312) 876-0288
IL Attorney ID #6209558

Christopher D. Dusseault (pro hac vice)
cdusseault@gibsondunn.com
Jacqueline L. Sesia
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000

*Counsel for Defendant Duke University*

By:*/s/ Tina M. Tabacchi*
Tina M. Tabacchi

12

JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692
Tel.: 312-782-3939
tmtabacchi@jonesday.com

Craig A. Waldman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel.: 202-879-3877
cwaldman@jonesday.com

*Counsel for Defendant Emory University*

By:*/s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-783-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

By:*/s/ Jeffrey J. Bushofsky*

Jeffrey J. Bushofsky
ROPES & GRAY LLP
191 North Wacker Drive 32nd Floor
Chicago, IL 60606-4302
Tel: 312-845-1200
jeffrey.bushofsky@ropesgray.com

Chong S. Park
Samer M. Musallam
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel: 202-508-4600
chong.park@ropesgray.com
samer.musallam@ropesgray.com

*Counsel for Defendant Johns Hopkins University*

By:*/s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS BRUCKHAUS DERINGER
700 13th Street, NW
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

*Counsel for Defendant Massachusetts Institute of Technology*

By:*/s/ Scott D. Stein*
Scott D. Stein
Benjamin R. Brunner
Kelsey Annu-Essuman
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Tel.: 414-559-2434
sstein@sidley.com
bbrunner@sidley.com
kannuessuman@sidley.com

*Counsel for Defendant Northwestern University*

By:*/s/ Robert A. Van Kirk*
Robert A. Van Kirk
Cole T. Wintheiser
Jonathan Pitt
Matthew D. Heins
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: 202-434-5163
rvankirk@wc.com
cwintheiser@wc.com
jpitt@wc.com
mheins@wc.com
skirkpatrick@wc.com

14

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for Defendant University of Notre Dame du Lac*

By: */s/ Seth Waxman*
Seth Waxman
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: 202-663-6800
seth.waxman@wilmerhale.com

David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Daniel Martin Feeney
Edward W. Feldman
MILLER SHAKMAN LEVINE & FELDMAN LLP
30 West Monroe Street
19th Floor
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for Defendant The Trustees of the University of Pennsylvania*

By: */s/ Norman Armstrong*
Norman Armstrong

15

KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-3180
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-341-7458
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
300 N La Salle Dr.
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant William Marsh Rice University*

By:*/s/ J. Mark Gidley*
J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: 202-626-3600
mgidley@whitecase.com

Robert A. Milne
David H. Suggs
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Tel: 212-819-8200
rmilne@whitecase.com
dsuggs@whitecase.com

*Counsel for Defendant Vanderbilt University*

By:*/s/ Charles A. Loughlin*
Charles A. Loughlin
Benjamin F. Holt
HOGAN LOVELLS US LLP

16

555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel: 202-637-5600
chuck.loughlin@hoganlovells.com
benjamin.holt@hoganlovells.com

Stephen Novack
Stephen J. Siegel
Serena G. Rabie
NOVACK AND MACEY LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501
Tel.: 312-419-6900
snovack@novackmacey.com
ssiegel@novackmacey.com
srabie@novackmacey.com

*Counsel for Defendant Yale University*

17