# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**[PLAINTIFFS' PROPOSED] ORDER GOVERNING DISCLOSURE IN MERITS-RELATED MOTION PRACTICE OF MATERIAL DESIGNATED UNDER THE SECOND AMENDED CONFIDENTIALITY ORDER AS CONFIDENTIAL OR AEO**

    Plaintiffs and Defendants hereby stipulate and agree to, and further request that the Court enter, the following Order:

1.      **Scope and Effect.**  This Order applies to all materials that have been designated as Confidential or Attorneys' Eyes Only ("AEO") under the Second Amended Confidentiality Order ("SACO"), ECF 608, and that are hereafter included or cited in filings made in connection with merits-related motions (i.e., motions for class certification, Daubert motions, motions for summary judgment, and merits-related pre-trial motions).  This Order applies to Plaintiffs, Defendants who have not entered into settlement agreements ("Litigating Defendants"), and Defendants who have entered into such agreements ("Settling Defendants").  The provisions of this Order (including Exhibit A) regarding the use of materials designated as Confidential or AEO in merits-related motion practice supersede SACO ¶¶ 10 and 12.

2.      **Filing of Confidential or AEO Information.**  Materials filed in connection with a merits-related motion, including any briefs, exhibits, documents, testimony, or other materials filed or presented in support of or in opposition to such motion (collectively, "Materials") may be filed in part, or entirely, under seal, to the extent that such Material contains one or more of the categories of information listed in Exhibit A to this Order.

   a.      To identify Materials that may be subject to disputes over sealing in advance of merits-related motion practice, on or before September 10, 2024, each Litigating Defendant and each Plaintiff shall, with respect to any deposition taken in this action of such Litigating Defendant or Plaintiff (or in related depositions of some of the Litigating Defendants taken by the U.S. Department of Justice), identify any deposition exhibits (or portions thereof) that such Defendant or Plaintiff maintains in good faith falls within one or more of the Exhibit A Categories.  On or before October 8, 2024, Plaintiffs and the Litigating Defendants will respond in writing to Defendants' and Plaintiffs' September 10 identification of documents; and the parties will meet and confer on any disputes no later

2

than October 15, 2024. Nothing herein shall preclude Plaintiffs or Litigating Defendants from identifying any documents or testimony, or otherwise limit those parties' rights, under sub-paragraphs (b) and (c) herein.

b. No later than 30 days before the filing of a merits-related motion ("Motion Date"), the filing party shall serve on the designating parties (including non-parties) a list of documents and testimony that have been designated by each party as Confidential or AEO and that the filing party intends to include in the upcoming filing. No later than 14 days before the Motion Date, each designating party may serve on the filing party a list of the documents or testimony identified under this sub-paragraph that such party maintains in good faith should be filed under seal or in redacted form. No later than 7 days before the Motion Date, the affected parties shall meet and confer in an effort to resolve and/or limit any disputes under this sub-paragraph.

c. If a filing party decides, prior to the Motion Date, to supplement any list provided under the preceding sub-paragraph, the filing party shall promptly disclose the use of the additional documents and testimony to the relevant designating party or parties, and the parties shall meet and confer as soon as practicable in an effort to resolve and/or limit any disputes under this sub-paragraph.

d. With respect to any Materials filed in opposition or reply to any merits-related motion, the filing party shall, no later than 14 days before the filing of such materials ("Filing Date"), serve on the designating parties (including non-parties) a list of documents and testimony that have been designated by each party as Confidential or AEO and that the filing party intends to include in the upcoming filing. No later than 7 days before the Filing Date, each designating party may serve on the filing party a list of the

3

documents or testimony identified under this sub-paragraph that such party maintains in good faith should be filed under seal or in redacted form. No later than 5 days before the Filing Date, the affected parties shall meet and confer in an effort to resolve and/or limit any disputes under this sub-paragraph. If a filing party decides, prior to the Filing Date, to supplement any list provided under this sub-paragraph, the filing party shall promptly disclose the use of the additional documents and testimony to the relevant designating party or parties, and the parties shall meet and confer as soon as practicable in an effort to resolve and/or limit any disputes.

   e. Any Material that the affected parties have agreed under this Paragraph should be filed under seal shall be filed accordingly. Any Material that is the subject of an unresolved dispute under this Paragraph must be filed provisionally under seal.

  3. **Motions to Seal**. Within 7 days after the filing of a merits-related motion or brief in support, opposition or reply thereto, all parties affected by an unresolved dispute under the preceding Paragraph shall meet and confer in an effort to resolve and/or limit any remaining disputes regarding the Materials that the filing party has filed under seal or provisionally under seal. Within 11 days after any Materials related to a merits-related motion have been filed provisionally under seal, any party who believes that any Materials filed provisionally under seal should remain under seal must file a motion to seal such Materials. In the event multiple aligned Defendants intend to file motions to seal, such Defendants must coordinate in the filing of a single joint motion to seal. The opposing party or parties shall have 7 days after the filing of a motion to seal to oppose such a motion, and the filing party will have 4 days for a reply.

  4. **Use of Confidential or AEO Information in a Court Hearing.** In any Court hearing on any merits-related motion, any Material that has been filed under seal pursuant to this

4

Order or subsequent orders by the Court shall not be presented orally to the Court except in a sealed hearing, unless the Court approves a different procedure upon request after notice to the affected party or non-party and an opportunity for the affected party or non-party to respond.

5. **Application of this Order to Settling Defendants.** Nothing in this Order amends, voids, or overrides any provision in any settlement agreement or stipulation between Plaintiffs and any Settling Defendant in this Action. Plaintiffs will comply with their obligations under any such settlement agreement or stipulation, and nothing precludes any Defendant from seeking to enforce a provision of such a settlement agreement or stipulation, including any provision specifically precluding the introduction of certain evidence pertaining to that Defendant.

6. **Trial.** The procedures for the introduction and use at trial of materials designated as Confidential or AEO will be addressed in a separate order.

**SO ORDERED.**

Dated: _____  _____
Hon. Matthew F. Kennelly

EXHIBIT A

Documents or testimony designated as Confidential or AEO under the Second Amended Confidentiality Order, ECF 608, may be filed under seal and/or redacted only with respect to the following categories of information:

1. Documents that must be filed under seal pursuant to the Amended Special Protective Order, ECF 657.

2. Information prohibited from disclosure under the Family Educational Rights and Privacy Act ("FERPA") or by the Court's orders protecting similar information, except that information may not be sealed under this Paragraph if the names and other personally identifying information of the affected student or applicant has been or can be replaced by UIDs or redacted in a manner that does not permit the affected student or applicant to be identified.

3. Information in any non-public document whose redaction is necessary to ensure that any applicant for admission or student referenced in such document may not be identified.

4. The names, addresses and similar personal identifying information of non-parties, provided that financial information about those non-parties such as donation amounts, income, assets or net worth may only be redacted to the extent necessary to prevent the affected non-party from being identified.

5. Information related to (a) compliance or non-compliance with regulations unrelated and outside the scope of the claims in this litigation or (b) unrelated internal or government investigations or litigation that are outside the scope of the claims in this litigation.

6. Trade secrets. For clarity, under this Order, trade secrets do not include the following, provided, however, that information falling into the categories below may be subject to redaction pursuant to other provisions of this Order, including those related to FERPA:

    a. A Designating Party's method of calculation of financial aid, unless the parties otherwise agree or a Designating Party files a motion seeking to seal certain such information pursuant to Paragraph 13 below;

    b. Information related to: (i) a Designating Party's internal systems or processes related to a President's List, Watch List, Special Interest Designations, Cases of Interest (or similar concept), or (ii) a recommendation or communication by any Development and Alumni Relations or Advancement Office to the President's Office or Admissions Office, or by any President's Office to the Admissions Office, about a specific applicant, provided that the document in question is sufficiently redacted so that the relevant applicant or student cannot be identified;

    c. Information or communications related to the consideration of any donor-related applicant or their financial circumstances by the Designating Party (or by such Party's President's Office, Development or Advancement Office, or Admissions or Financial Aid Offices), provided that the document in question is sufficiently redacted so that the relevant applicant or student cannot be identified;

    d. Information or communication related to the academic qualifications of a donor-related applicant, included the applicant's SAT, ACT, or AP scores, high school identification, GPA or class rank, high school or alumni letters of recommendation, Admissions Office evaluations, or recommendations by the Development, Advancement or President's Office provided that the document in question is sufficiently redacted so that the relevant applicant or student cannot be identified.

7. Medical records concerning any individual;

8. Income tax returns (including attached schedules and forms);

9. W-2 forms and 1099 forms;

10. Personnel or employment records of a university officer or employee, except where such information may be used by the submitting party to establish dates and scope of employment, in which case the document may be redacted to mask private information other than name, title, dates of employment and duties;

11. Non-public information about a Defendant's endowment, investments, budget, or other financial information, except that:

   a. Information pertaining to a budget or proposed budget for financial aid is not subject to redaction.

   b. Information related to policies or practices related to the use or potential use of endowment funds for financial aid, including the amount of such funds, are not subject to redaction.

   c. Financial or budgetary information shared with another member of the 568 Group or with third parties (including COFHE and CNAR) is not subject to redaction.

   d. The size or rate of growth of endowment funds, per year or over time, is not subject to redaction.

12. Information related to prospective strategic initiatives (e.g., prospective patent licensing or prospective expansion of university hospital systems), which are currently operational and have not been publicly disclosed.

13. Other information by agreement of the parties or as to which, upon motion to the Court made pursuant to Paragraph 3 of this Order, the Designating Party demonstrates that disclosure to the public would cause specific demonstrable harm to the Designating Party or a third-party that outweighs the public's interest in disclosure.

14. Nothing in this Order or Exhibit A permits the redaction of the name of any university official, board member or trustee who expresses interest in or attempts to exercise influence with respect to the admission of an applicant to whom he or she is not related, where Plaintiffs contend that such conduct was based in whole or in part on the financial circumstances of the applicant or the applicant's family.