IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>BROWN UNIVERSITY, COMPENSATION AND WORKPLACE PRACTICES COMMITTEE OF ALLIANCEBERNSTEIN CORPORATION, RAMON DE OLIVEIRA, PAUL L. AUDET, DANIEL G. KAYE, KRISTI MATUS, MARK PEARSON, BERTRAM L. SCOTT, TARA THOMPSON POPERNIK, DANIEL LOEWY, ADMINISTRATIVE COMMITTEE, INVESTMENT COMMITTEE, and JANE and JOHN DOES 1-20,<br><br>      Defendants. | Case No. 1:22-cv-00125-MFK<br>Hon. Matthew F. Kennelly |

**MOTION TO RECONSIDER, CLARIFY, ALTER, OR AMEND**
**JUDGMENT PURSUANT TO FED. R. CIV. P. 59 AND 60**

  Comes now, Lucas Martin, a member of the settlement class, by and through the undersigned counsel, and hereby moves for reconsideration and/or any other relief deemed just and proper from the final judgment of this Court approving the proposed settlements in in the above-captioned matter on July 20, 2024 (Dkt. 726), for the following reasons:

  1.  On or about May 20, 2024, the Clerk of Court docketed Mr. Martin's timely *pro se* objections to the settlement and plan of allocation. *See* Statement of Objections by Lucas Martin. (May 20, 2024) (Dkt. 691).

2. Though filed in a *pro se* capacity, Mr. Martin's objections cogently raised several legitimate concerns about the proposed settlement—namely, that:

    a. The proposed settlement does not adequately or fairly compensate class members, insofar as the proposal would result in payments representing roughly less than 1% of the total net price that he and similarly situated class members paid to attend and obtain degrees from Defendants; and

    b. The proposed allocation plan's method of discounting claims by class members who attended college towards the beginning of the time period is unfair insofar as it fails to take into account the time-value of money, which is particularly important insofar as it relates to class members who incurred interest-bearing student loan debt that continued to accrue over the class period.

*Id*.

3. Based on the instructions and guidance provided to class members via the settlement administrator's website and this Court's docket, Mr. Martin was under the impression that he would not be heard, or have an opportunity to develop his objections further, unless he could travel to Chicago in order to attend the final fairness before this Court, in person—which he could not do. Specifically, the settlement administrator's website instructed objectors to include "a statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend," but made no mention of a class members' ability to appear telephonically. https://www.financialaidantitrustsettlement.com/faqs. Meanwhile, a minute entry related to the fairness hearing on this Court's docket expressly stated that "no person

listening in by telephone will be permitted to speak," and that "an in-person appearance … will be required for any … person who wishes to be heard." (Jul. 19, 2024) Dkt. 723).

4. If Mr. Martin had been properly notified of his right to be heard and/or appear at the fairness hearing without traveling to Chicago, he would have readily availed himself of that opportunity.

5. On July 20, 2024, this Court entered a final judgment and order, approving the proposed settlement, over Mr. Martin's objections, as follows:

> The Court finds that one member of the Settlement Class has objected to the Settlements. The Court has carefully considered the objection and has also independently reviewed and considered all relevant factors into the propriety of the Settlements, the Revised Plan of Allocation, and the Allocation Plan Process. The Court overrules the objection because the Settlements and the Allocation Plan Process are fair, reasonable, and adequate and consistent with all applicable standards and due process of law for the reasons set forth herein.

Order (Jul. 20, 2024) (Dkt. 726), at ¶10.

6. Because that is the only language and analysis with respect to Mr. Martin's objections in this Court's Order (Dkt. 726), Mr. Martin does not, and indeed, cannot discern or understand the basis for this Court's decision to overrule his objections to the proposed settlement.

WHEREFORE, in the interest of justice, Mr. Martin respectfully requests that the Court:

(a) reconsider, or enter an order clarifying or amending its decision and judgment pursuant to Fed. R. Civ. P. 59 and 60; and/or

(b) grant Mr. Martin an opportunity to be heard on the matter, either telephonically, or through supplemental briefing, should the Court find that further argument would be helpful to making a substantively meaningful ruling on the matter; and

(c) granting any other such further relief as the Court deems just and proper.

Dated: August 19, 2024

                                           Respectfully submitted,

By:   */s/ Agatha M. Cole*
       Agatha M. Cole
       BEVERLY PLLC
       43 West 43rd Street, Suite 159
       New York, NY 10036
       Tel: (917) 524-8055
       Email: agatha@beverlypllc.com