```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3

 4   SIA HENRY, et al.,                )  Docket No. 22 C 125
                                       )
 5                  Plaintiffs,        )
                                       )
 6           vs.                       )
                                       )
 7   BROWN UNIVERSITY, et al.,         )  Chicago, Illinois
                                       )  June 18, 2024
 8                  Defendants.        )  12:45 o'clock a.m.

 9
                        TRANSCRIPT OF PROCEEDINGS
10             BEFORE THE HONORABLE MATTHEW F. KENNELLY

11
     APPEARANCES:
12

13   For the Plaintiffs:    ROCHE FREEDMAN LLP
                            BY:  MR. EDWARD J. NORMAND
14                          99 Park Avenue, Suite 1910
                            New York, NY 10016
15                          (646) 970-7513

16

17
                            GILBERT LITIGATORS & COUNSELORS
18                          BY:  MR. ROBERT DEWITT GILBERT
                            11 Broadway, Suite 615
19                          New York, NY 10004
                            (646) 448-5269

20

21

22   Court Reporter:        MS. CAROLYN R. COX, RPR, CRR, FCRR
                            Official Court Reporter
23                          219 S. Dearborn Street, Suite 2102
                            Chicago, Illinois  60604
24                          (312) 435-5639

25
```

```
 1  APPEARANCES CONTINUED:

 2
                         BERGER MONTAGUE PC
 3                       BY:  MS. ELLEN NOTEWARE
                         2001 Pennsylvania Avenue, NW
 4                       Suite 300
                         Washington, DC 20006
 5                       202-559-9745

 6

 7  Cornell University:  KIRKLAND & ELLIS
                         BY:  MS. EMILY T. CHEN
 8                       601 Lexington Avenue
                         New York, NY  60654
 9                       (312) 862-2000

10

11  Dartmouth College:   JENNER & BLOCK LLP
                         BY:  MS. TERRI LYNN MASCHERIN
12                       353 N. Clark Street
                         Chicago, IL 60654
13                       (312) 222-9350

14

15
    Georgetown University: MAYER BROWN LLP
16                         BY:  MS. BRITT MARIE MILLER
                                MR. GEORGE FENSKE
17                         71 South Wacker Drive
                           Chicago, IL 60606
18                         (312) 782-0600

19

20  Massachusetts
    Institute of
21  Technology:          FRESHFIELDS BRUCKHAUS DERINGER
                         BY:  MR. JAN RYBNICEK
22                       700 13th St NW, 10th Floor
                         Washington, DC 20005-3960
23                       (202) 777-4500

24

25
```

3

APPEARANCES CONTINUED:

| University of Pennsylvania: | WILMER CUTLER PICKERING HALE AND DORR LLP<br>BY:  MS. ARIELLE HERZBERG<br>1225 17th Street, Suite 2600<br>Denver, Colorado 80202<br>(720) 274-3135 |
|---|---|
| | WILMER CUTLER PICKERING HALE AND DORR LLP<br>BY:  MR. DAVID GRINGER<br>7 World Trade Center<br>New York, NY 10007<br>(212) 230-8864 |

1    (The following proceedings were had in open court:)
2         THE CLERK:  Case 22 C 125, Henry v. Brown.
3         THE COURT:  Good afternoon.  So welcome to anybody
4    who is listening on the phone.  I don't know who wants to give
5    your appearances for the record here.  Anybody want to?
6    Nobody's jumping for the podium.
7         MR. FRIEDLAND:  On the phone you mean, your Honor?
8         THE COURT:  No, here.
9         MR. NORMAND:  Edward Normand, Freedman Normand
10   Friedland, for the plaintiffs.
11        MR. GILBERT:  Robert Gilbert, Gilbert Litigators, for
12   the plaintiffs
13        MS. NOTEWARE:  Ellen Noteware from Berger Montague
14   for the plaintiffs.
15        MR. GRINGER:  Good afternoon, your Honor.  Steven
16   Gringer from Wilmer Hale for Penn.
17        MR. FENSKE:  Good afternoon, your Honor, Dan Fenske
18   and Britt Miller from Mayer Brown for Georgetown.
19        MR. RYBNICEK:  Good afternoon, your Honor.  Jan
20   Rybnicek from Freshfields for MIT.
21        THE COURT:  Okay.  So if I'm -- if I got everything
22   down right, we have a hearing date in the middle of July on
23   the motion for final approval of the however many settlements
24   there are.  It's something like July the 19th.  And so that's
25   not really on the table today.

1    And the status report, basically, largely contains a
2 discussion about confidentiality and sealing and things like
3 that, and I think I put in an order saying that everybody
4 ought to be prepared to talk about this today.  So that's what
5 I'd kind of like to do.
6    And I know we have people on the phone, but the phone
7 thing is just kind of a courtesy for people who didn't want to
8 come.  This was always going to be an in-person hearing.  And
9 I guess my inclination -- that's why I was counting the room
10 here.  I think we've got about 16 people.  My inclination
11 would basically just be to have a discussion without the court
12 reporter about this just so we can kind of have an exchange of
13 views because I'm not ruling on anything today.  I just want
14 to talk about parameters and get people's input and thoughts
15 and give you kind of what my thinking is.  And so that's --
16 unless somebody wants to -- unless somebody wants to jump up
17 and say, no, there's somebody really crucial on the phone that
18 has to be able to hear, in which case, do that right now.
19   (Brief pause.)
20      THE COURT:  Okay.  Nobody jumped up.
21    So is there anything -- before we talk about sealing
22 issues, is there anything else that anybody wants to talk
23 about today?  Any other issues that anybody wants to put on
24 the table?
25      Mr. Gringer.

1               MR. GRINGER:  Sure, your Honor.

2               THE COURT:  The only way the phone people can hear
3    you is if you're talking into a mic.

4               MR. GRINGER:  These are, I think, very quick good
5    news.  In our status report, we had an issue about expert --
6    the timing of expert reports based on receipt of backup
7    materials.  The parties have agreed that defendants' expert
8    reports will be due on August 7th, which is ten days after
9    they're currently due in the schedule, and that should not
10   necessitate any other changes to the case management order.

11              THE COURT:  I'm good with that.  That's just fine,
12   obviously.

13              MR. GRINGER:  The other issue that I think we would
14   benefit from the Court's guidance, we had noted in our status
15   report that we had just received some declarations from
16   plaintiffs after the close of discovery.  You know, we haven't
17   finalized our position yet, but it does to us appear that we
18   may wish to take some discovery from one school's declarants
19   via documents or potentially depositions.  I don't think
20   there's an objection from the plaintiffs to that so long as if
21   there is a deposition, they get some time, which I think would
22   be normal and understood.  So I don't know if the Court, you
23   know --

24              THE COURT:  So maybe I'm looking at the wrong status
25   report.  The one I'm looking at is dated June the 11th.

1  MR. GRINGER: Yes.
2  THE COURT: It doesn't talk about declarations. It
3  talks about new discovery requests.
4  MR. GRINGER: Well, the source of those new discovery
5  requests was because we got --
6  THE COURT: Ah.
7  MR. GRINGER: -- declarations from certain settling
8  defendants.
9  THE COURT: Okay.
10  MR. GRINGER: And we were evaluating --
11  THE COURT: Declarations, you said, from settling
12  defendants?
13  MR. GRINGER: Correct. And that may necessitate --
14  that were in the plaintiffs' possession.
15  THE COURT: Now I understand. You might think you
16  need to take depositions of those people.
17  MR. GRINGER: I think a very small number, but
18  perhaps one or two of a single settling defendant.
19  THE COURT: Somebody remind me what the dispositive
20  motion deadline is.
21  MR. GRINGER: It is in -- I want to say January.
22  THE COURT: So that's the date that's not going to
23  move.
24  MR. GRINGER: Certainly.
25  THE COURT: That's not the date that's going to move.

```
1              MR. GRINGER:  Understood.
2              THE COURT:  As long as everybody understands that.
3   It's not the first time I've said that.  As long as everybody
4   understands that, if you can come up with some agreement to
5   take depositions beyond the -- beyond the fact discovery
6   cutoff date, which I know has come and gone, I'm okay with
7   that.  That's fine.
8              MR. GRINGER:  Thank you, your Honor.
9              THE COURT:  If you don't agree, then somebody's going
10  to have to come in here and make a motion of some sort.
11             MR. GRINGER:  Understood.
12             THE COURT:  Does that give you enough info to go
13  ahead?
14             MR. GRINGER:  It does here.
15             MR. NORMAND:  That's fine, your Honor.  As
16  Mr. Gringer says, we're okay with the depositions.  We
17  understand why they're asking for them.  It sounds like a
18  small number, and we would just want some commensurate time
19  even if we're not taking the lead on taking the deposition.
20             THE COURT:  Yeah, I'm sure you can work that all out.
21             MR. NORMAND:  We can work it out.
22             THE COURT:  Anything else anybody can think of?
23             Okay.  So since I don't know who is on the phone,
24  we're going to cut off the phone.  We're just -- I don't have
25  my jury -- since I'm -- the tradeoff for getting a corner
```

1 office that's bigger in here is that they take it out of your
2 jury room.  So I have a small jury room; bigger chambers.  We
3 don't have enough room in the jury room for 16 people, at
4 least I don't think so.  It would be pretty tight in there and
5 no other room.  So I'm just going to sit here and people can
6 kind of gather around the tables.
7      So we're going to cut off the phone because we're
8 going to talk about stuff that's under seal or, by definition,
9 under seal at the moment.  So we're going off the record and
10 we're cutting off the phone.
11   (Discussion off the record.)
12   (Which were all the proceedings had in the above-entitled
13 cause on the day and date aforesaid.)
14   I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.

/s/ *Carolyn R. Cox, RPR, F/CRR*_____June 18, 2024
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division