# EXHIBIT 102

𝔇𝔲𝔨𝔢 𝔘𝔫𝔦𝔳𝔢𝔯𝔰𝔦𝔱𝔶

DURHAM
NORTH CAROLINA
27708-0397

FINANCIAL AID OFFICE

BOX 90397
TELEPHONE (919) 684-6225
FAX (919) 660-9811

To:    Consensus Approach Methodology Financial Aid Directors

From: Jim Belvin, Chairman, 568 Group Common Standards Subcommittee

Each of the 568 Group institutions has made a commitment to the financial aid principles adopted by the 568 Presidents' Group on April 18, 2001 and to the implementation of the need analysis policies and procedures first published on July 2, 2001 and revised with your help in the ensuing months.

As the aid director of a participating 568 Group institution, you will be responsible for:

- implementing the currently agreed upon Consensus Approach need analysis methodology on your campus;
- participating in continuing discussions designed to build, maintain and revise, as appropriate, the Consensus Approach methodology;
- preparing and analyzing such data as the 568 Group, with the advice of legal counsel, may deem appropriate.

Implicit in this understanding is the responsibility of each financial aid officer to implement the Consensus Approach (CA) methodology on his or her campus. In addition, CA includes guidelines for Professional Judgment (PJ) designed to assist aid officers in dealing with special circumstances that vary from the norm. Although PJ, locally applied, is a critical element of this approach, the goal of consistent results requires that variations from CA, beyond those detailed in these guidelines, should be the exception, rather than the rule. Outlined below are the core need analysis elements of that approach. Details of the core analysis and the application of Professional Judgment are outlined in the Consensus Approach Notebook and the Professional Judgment Guidelines Manual being provided to each member institution.

With respect to determining financial need, participating institutions agree to:

1. use CSS Institutional Methodology (IM) as the base calculation;
2. provide training and materials to all staff with responsibility for need analysis for undergraduate students;
3. collect all of the most recent parent tax and W2 forms prior to the issuing of any award, including tentative awards (early decision aid awards are exempted from this requirement);
4. expect financial information and contribution from both biological/adoptive parents, carefully documenting exceptions;
5. exclude business and rental losses from income, adding back rental and business depreciation, imputing rental property value;
6. use the CSS cost of living adjustment factors for high cost areas; all others COL = 1;

CONFIDENTIAL

CORNELL_LIT0000303597

7. treat all parent-originated assets of the student and sibling(s) as parent assets, including pre-paid tuition plans, college savings plans and parent originated trusts;
8. treat assets given to the student by a third party in any form as student assets;
9. use home equity in the calculation, with the value to be determined using the federal multiplier and a cap of 2.4 times parent total income;
10. add a retirement allowance for parents who have only social security as a retirement source;
11. use the IM treatment for multiple siblings in college, excluding graduate/professional students unless there is documentation of actual support;
12. use the IM optional treatment of elementary and secondary tuition expenses;
13. employ the IM treatment of medical expenses;
14. extrapolate assets from dividends and interest reported based on a set percentage each year (4% for 2003);
15. exclude certain non-recurring income (capital gains, pension withdrawals, etc.);
16. recognize educational debt incurred either for older siblings already out of college or parents' educational debt with documentation;
17. if using PROFILE, sign up for the appropriate service options to ensure the baseline calculation;
18. use Professional Judgment only on a case-by-case basis, consulting the guidelines provided within CA;
19. reconcile CA with the Federal Methodology in a manner that does not result in an overaward of federal funds.

Implementation of the Consensus Approach begins with the cohort of students applying to enter college in the fall of 2003. Students applying Early Decision or Early Action are to be included. Institutions may choose to implement the methodology for current students, but are not required to do so.

Please direct any questions you may have to me at <jim.belvin@duke.edu> or 919-684-2248, or to another member of the Common Standards Subcommittee: David Charlow, Columbia; Georgette DeVeres, Claremont-McKenna; David Hoy, Haverford; Kathryn Osmond, Wellesley; Joseph Russo, Notre Dame, William Schilling, Penn, and Myra Smith, Yale.

CORNELL_LIT0000303598

CORNELL_LIT0000303599

CONFIDENTIAL

# Consensus Approach

## A New Opportunity for Financing Higher Education



BJC — predatory in some by Fin oversensely.
unfair statement or non - Fin.

# Setting the Stage

- Investigation by Justice Dept.-1989-90
- Consent Decree ends Ivy Overlap
- Aid Officers have limited contact
- Federal Methodology becomes law
- Institutional Methodology still widely accepted
- Enrollment management goals

CORNELL_LIT0000303600

CONFIDENTIAL

# Setting the Stage

- Wide divergence results in confusion for families

- College presidents sensitive to cost controls

- Amendment to Higher Education Act allows certain schools to meet and agree on need analysis PRINCIPLES!!!

CORNELL_LIT0000303601

CONFIDENTIAL

CORNELL_LIT0000303602

# Consensus Approach

- Agreement on Need Analysis Formula (Methodology)

- Agreement on Data Collection

- Agreement on Professional Judgment Standards

CONFIDENTIAL

# The CA Manual

- First Section is the Report to the Presidents

- Professional Judgment Sections
  - PJ guidelines developed by the CA group
  - CB guidelines adopted by the CA group



CORNELL_LIT0000303603

CONFIDENTIAL

# Agreement on Need Analysis Formula (Methodology)

- Count student assets as family assets (unless given by third party)

- Provide an adjustment for cost of living variations

- Retirement allowance

- Limit home value to 2.4 times family income

CORNELL_LIT0000303604

CONFIDENTIAL

# Agreement on Need Analysis Formula (Methodology)

- Impute parent/student assets based on interest/dividend income and a standard rate of return

- Disallow graduate/professional students in the number in college

- Change the multiple sibling discount

- Disallow losses

CORNELL_LIT0000303605

CONFIDENTIAL

# Agreement on Data Collection

- Collect W-2 forms prior to aid decision

- Collect tax returns prior to aid decision



CORNELL_LIT0000303606

CONFIDENTIAL

# Agreement on Professional Judgment Standards

- Guidelines created by the CA group

- Existing guidelines adopted by the CA group from the College Board



CORNELL_LIT0000303607

CONFIDENTIAL

## Consensus Approach Highlights

Section 568 of the Higher Education Act Amendments allow schools that employ need-blind admissions for all domestic U.S. students to meet and agree on certain financial aid issues.

- Agreement on Methodology (Formula) principles

    o Count student assets as family assets (unless given by third party)
    o Provide an adjustment for cost of living variations
    o Limit home value to 2.4 times family income
    o Impute parent/student assets based on interest/dividend income and a standard rate of return
    o Disallow graduate/professional students in the number in college
    o Change the multiple sibling discount
    o Disallow losses


- Agreement on Data Collection

    o Collect W-2 forms prior to aid decision
    o Collect tax returns prior to aid decision

- Agreement on Professional Judgment standards

    o Divorced and Separated families
    o Parental Education Debt
    o One-time income adjustments

Agreement to follow this need analysis approach is limited to following the formula for parent and student contribution results. Packaging of aid is a separate matter altogether. There cannot be agreement ahead of time on the combination of work, loan, and grants in student packages. We still cannot consult with other aid offices on individual cases before or after the aid decision is delivered to a student. Students may present the variety of packages to aid officers.

Prepared by:
Thomas C. Keane, Director                                      11/18/02

LIST OF 568 SIGNATORY PRESIDENTS AND THEIR INSTITUTIONS

Amherst College - Gerety, Thomas
Boston College - Leahy, Fr. William P., S.J.
Bowdoin College - Edwards, Robert H.
Claremont McKenna College - Gann, Pamela B.
Columbia University - Rupp, George
Cornell University - Rawlings, Hunter R., III
Davidson College - Vagt, Robert F.
Duke University - Keohane, Nannerl O.
Emory University - Chace, William
Georgetown University - DeGioia, John J.
Haverford College - Tritton, Thomas R.
Macalester College - McPherson, Michael S.
Massachusetts Institute of Technology - Vest, Charles M.
Middlebury College - McCardell, John M., Jr.
Northwestern University - Bienen, Henry S.
Pomona College - Stanley, Peter M.
Rice University - Gillis, Malcolm
Stanford University - Hennessy, John
Swarthmore College - Bloom, Alfred H.
University of Chicago - Randel, Don M.
University of Notre Dame - Malloy, Fr. Edward
University of Pennsylvania - Rodin, Judith
Vanderbilt University - Gee, Gordon
Wake Forest University - Hearn, Thomas K., Jr.
Wellesley College - Chapman Walsh, Diana
Wesleyan University - Bennet, Douglas J.
Williams College - Schapiro, Morton Owen
Yale University - Levin, Richard C.

Prepared by:
Thomas C. Keane, Director

11/18/02

CONFIDENTIAL

## QUESTIONS (AND ANSWERS) REGARDING
## THE CONSENSUS APPROACH
## AND OTHER NEED ANALYSIS ISSUES
**April 2003**

**1. If we are not using the home in our analysis, do we still leave it on the PR screen or do we take it off the screen?**

DO NOT remove the home from the PR screen. It corrupts the data to eliminate the home, and in future years, it will be unclear as to why the home wasn't listed previously.

**2. If we choose not to look at home equity (using CA):**
   **a. Can we do this?**

   It should be highly unusual to exclude home equity under CA, because of the 2.4 x income cap.

   **b. If so, how do we do it? Should we do a simulation putting the excluded home equity in "other real estate?"**

   If the PC is too high, consider using reported value, if < 2.4 x income.

   If the home is in a high-cost area, such as CA or Boston, see if the imputed value is < reported value.

   Explore a retirement allowance: use the FM asset protection allowance as a retirement allowance, and add this amount to the home debt. What condition are we looking at?

**3. If we're excluding assets, should we put debt against the asset, or should we actually reduce the amount reflected on the PR screen?**

Why are we considering changing the reported assets? It depends on the reason: if the asset has been fully used, it's OK to take it out since that asset no longer exists. If you're looking at reducing the impact of the assets on the PC, it may be OK to apply debt against it, but explain in AN what you've done and why you've done it.

**4. Are we supposed to try to reduce the gap between FM and CA in cases where the total FM EFC > Total CA EFC? If so, how?**

Yes, it's OK to do this, but document the circumstances in AN. (See "The CA/FM Conundrum," under "568 Professional Judgment Consensus Approach Guidelines," in the October 2002 manual *A Common Approach to Need Analysis.)*

   **a. Move student assets saved by parents to parent assets -- cash? investments? real estate?**
   It's OK to move assets from students to parents, but ONLY in regard to the CA/FM issue.

   **b. Higher state and other taxes?**
   b. Yes.

   **c. Private school tuition?**

CONFIDENTIAL

CORNELL_LIT0000303610

Yes – move the tuition amount from the "tuition" line on PR.

**d. Medical?**
Yes: move the expense from the "medical" to the "other" field on PR. Use ONLY the correct allowance amount (in excess of 4% of income) – NOT the full expense amount.

**e. IPA using the chart, or IPA using the difference between CA and FM IPAs on the PR screen?**
Yes – use the latter treatment

**f. Unreimbursed employee expenses that are not being allowed against CA?**
You wouldn't want to do this routinely – this treatment should only be used in unusual cases, as a last resort.

**g. Other adjustments that are not being allowed for CA (excess support to grandparents, home repairs, etc.)?**
Yes – they fit into the category of "exceptional expenses" as described in pp. 14-15 of the *Common Approach to Need Analysis* manual.

**5. Should we be kinder and gentler on the need analysis for priority students?**

No.

 **Should we assume that the flexibility is displayed by the low self-help level/college award, etc.?**

Yes.

**6. How strictly should we follow the guideline that the PC should be within 15-20% of income?**

It depends on what the family is showing as assets. The greater the assets, the less likely the PC would stay within the 15-20% of income range.

**7. Should we follow up with students who report assets on the SR screen, but did not answer the Q questions?**

Not all students got a chance to answer the Q questions – mainly those who applied very early on. If the asset amount seems large enough to you that it warrants follow-up, then please do so.

**8. What should we do with students who have sibs here:**

**a. If the new CA PC is lower than the sib's last-year's PC + 6% x 60%**

Use last year + 6% x 60%

**b. How do we calculate SCAs?**

Use the CA treatment for the new student, and our old approach for the sib. Explain that there's a new policy in place that's just beginning as of 2003-04.

CORNELL_LIT0000303611



Cornell University
203 Day Hall
Ithaca, NY 14853-2801

Telephone: 607 255-5145
Fax: 607 255-5022
E-mail: cornellu_fin_aid@cornell.edu
Web: http://finaid.cornell.edu

Office of Financial Aid and
Student Employment

## LIST OF SIGNATORY PRESIDENTS AND THEIR INSTITUTIONS

Amherst College - Gerety, Thomas
Boston College - Leahy, Fr. William P., S.J.
Bowdoin College - Edwards, Robert H.
Claremont McKenna College - Gann, Pamela B.
Columbia University - Rupp, George
Cornell University – Rawlings, Hunter R., III
Davidson College - Vagt, Robert F.
Duke University - Keohane, Nannerl O.
Emory University - Chace, William
Georgetown University – DeGioia, John J.
Haverford College - Tritton, Thomas R.
Macalester College - McPherson, Michael S.
Massachusetts Institute of Technology - Vest, Charles M.
Middlebury College - McCardell, John M., Jr.
Northwestern University - Bienen, Henry S.
Pomona College - Stanley, Peter M.
Rice University - Gillis, Malcolm
Stanford University - Hennessy, John
Swarthmore College - Bloom, Alfred H.
University of Chicago - Randel, Don M.
University of Notre Dame - Malloy, Fr. Edward
University of Pennsylvania - Rodin, Judith
Vanderbilt University – Gee, Gordon
Wake Forest University - Hearn, Thomas K., Jr.
Wellesley College - Chapman Walsh, Diana
Wesleyan University - Bennet, Douglas J.
Williams College - Schapiro, Morton Owen
Yale University - Levin, Richard C.

Prepared by:
Thomas C. Keane, Director

11/5/02

CONFIDENTIAL

CORNELL_LIT0000303612