UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| Plaintiffs, | Hon. Matthew F. Kennelly |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**JOINT DECLARATION OF EDWARD NORMAND, ROBERT D. GILBERT & ERIC CRAMER IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS CALIFORNIA INSTITUTE OF TECHNOLOGY AND THE JOHNS HOPKINS UNIVERSITY, CONFIRMATION OF CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS, APPROVAL OF THE FOURTH TRANCHE NOTICE PLAN, APPROVAL OF THE FOURTH TRANCHE ALLOCATION PLAN, AND APPROVAL OF <u>THE SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS</u>**

Pursuant to 28 U.S.C. §1746, we, Edward Normand, Robert D. Gilbert, and Eric Cramer jointly declare:

1. We are, respectively, shareholders or partners of the law firms of Freedman Normand Friedland LLP ("FNF"), Gilbert Litigators and Counselors ("GLC"), and Berger Montague PC ("Berger Montague") (together, "Settlement Class Counsel"). We have been actively involved in investigating, initiating, and prosecuting this matter from the outset. On July 20, 2024, the Court granted final approval of settlements with ten of the seventeen Defendants in the case, namely Brown University, University of Chicago, The Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University. *See* ECF No. 726 ("Final Approval Order"). These settlements collectively provided $284 million in cash for the benefit of the Settlement Class.

2. Plaintiffs now seek preliminary approval of two additional executed settlements with Defendants California Institute of Technology ("Caltech") and the Johns Hopkins University ("Johns Hopkins") (these settling Defendants collectively the "Fourth Tranche Settling Universities" or "Fourth Tranche Settling Defendants;" and these settlements, the "Fourth Tranche Settlements"). We are familiar with these proceedings and have personal knowledge of the matters set forth herein. If called upon and sworn as witnesses, we would be competent to testify thereto.

3. Unless otherwise defined herein, all capitalized terms have the same meanings set forth in the settlement agreements with Fourth Tranche Settling Defendants (collectively referred to as the "Settlement Agreements"), which are attached hereto at Exhibits A and B. Because each Settlement Agreement is structured with the same format, citations to the Settlement Agreements

2

will use the singular form. Any citations unique to a specific Settlement Agreement will be expressly noted.

4. We respectfully submit this Declaration in Support of the Motion for Preliminary Approval of Settlements with Defendants California Institute of Technology and the Johns Hopkins University, Confirmation of Certification of the Proposed Settlement Class, Approval of the Fourth Tranche Notice Plan, Approval of the Fourth Tranche Allocation Plan, and Approval of the Schedule for Completing the Settlement Process.[1]

5. The Fourth Tranche Settling Universities have agreed to make the following payments to Plaintiffs and the Settlement Class:

- Caltech: $16,750,000
- Johns Hopkins: $18,500,000

6. These two additional settlements collectively amount to $35,250,000, and together with the prior ten settlements ($284 million) total $319,250,000 in aggregate cash payments for the benefit of the Settlement Class. Given Plaintiffs' economic expert's estimate of $685 million in damages to the proposed litigation class (before trebling), the aggregate settlement amount, if the Fourth Tranche were approved, would provide a total recovery of 47 percent of single damages, with the Fourth Tranche Settlements alone accounting for just over 5 percent of single damages.

7. The Fourth Tranche Settlements, while relatively smaller than most of the prior ten settlements (which ranged from $13.5 million to $55 million, with a median settlement value of $24 million), reflect material differences between Johns Hopkins and Caltech, on the one hand, and the earlier Settling Defendants, on the other. Importantly, the Fourth Tranche Settling

---

[1] The Fourth Tranche Allocation Plan is attached hereto as Ex. C.

3

Defendants had the shortest tenures in the 568 Group—which lasted for more than twenty years—of all Defendants. Johns Hopkins had only been in the Group for approximately two months prior to Plaintiffs filing their initial Complaint, and Caltech had only been a member of the 568 Group for a little over two years prior to the initial Complaint. Moreover, Caltech is the smallest of the seventeen Defendants in terms of student body size, with just 1,023 undergraduates enrolled in 2023. *See California Institute of Technology*, U.S. NEWS & WORLD REPORT (last visited Jan. 7, 2025), https://www.usnews.com/best-colleges/california-institute-of-technology-1131. By contrast, the next smallest of the seventeen Defendants, Dartmouth, had an undergraduate enrollment of 4,447 in 2023. *See Dartmouth College*, U.S. NEWS & WORLD REPORT (last visited Jan. 7, 2025), https://www.usnews.com/best-colleges/dartmouth-college-2573. Another of the Settling Defendants, Columbia, had an undergraduate enrollment nearly 9 times the size of Caltech, standing at 9,111 in 2023. *See* Office of Planning & Institutional Research, *Columbia College & Columbia Engineering 2023-24 Common Data Set*, COLUMBIA UNIVERSITY (last visited Jan. 7, 2025), https://opir.columbia.edu/sites/default/files/content/Common%20Data%20Set/2023-24_Columbia_College_and_Columbia_Engineering_CDS.pdf.

       8.     The Fourth Tranche Settlement Agreements are substantially similar to the prior ten settlements in form and substance. One minor exception is that the Settlement Class definition includes a slight clarification providing that Settlement Class Members must have been U.S. citizens or permanent residents while attending a Defendant University and receiving partial, need-based financial aid. Settlement Class Counsel believe this clarification is appropriate following an inquiry by a potential Settlement Class member inquiring as to whether the fact that she obtained permanent resident status many years after her attendance at a Defendant University made her a member of the Settlement Class. Non-citizens or -permanent

residents are excluded from the Settlement Class because key outputs of the 568 Group, including the Consensus Methodology, were not intended to apply to international students. Indeed, the landscape for need-based financial aid is fundamentally different for international students. Thus, individuals who received need-based financial aid while attending a Defendant University, even if they subsequently became citizens or permanent residents, were not targets of the conduct Plaintiffs challenge. This minor revision to the Settlement Class definition therefore clarifies the original intent, which is that such students are excluded.

9. Settlement Class Counsel believe these Fourth Tranche Settlements are fair, reasonable, and adequate for the same reasons articulated in the August 14, 2023 Joint Declaration, ECF No. 428-2, and adopted in the January 23, 2024 Joint Declaration, ECF No. 603-2, and February 23, 2024 Joint Declaration, ECF No. 629-2. Because Plaintiffs rely on the same facts to support the motion for preliminary approval of the Fourth Tranche Settlements, and to reduce duplication, Settlement Class Counsel adopt and incorporate by reference the entirety of the August 14, 2023, January 23, 2024, and February 23, 2024 Joint Declarations, and supplement below to provide additional information specific to the Fourth Tranche Settlements.

10. We believe that the Fourth Tranche Settlements are an excellent result for the Settlement Class in light of, *inter alia*, the substantial and immediate cash payments for the benefit of the Settlement Class; the risks associated with delay should the Settlements not be approved; and the fact that each of the remaining five non-settling Defendants in the matter is jointly and severally liable for, and capable of paying, the full amount of anticipated proved damages caused by the alleged conspiracy.

## THE FOURTH TRANCHE SETTLEMENTS

11. Settlement Class Counsel have aggressively litigated this case—defeating Defendants' motions to dismiss; securing production of over 1.4 million documents; producing

over 4,000 documents from the eight Class Representatives; litigating multiple motions to compel; serving eight expert reports (including rebuttal reports) and responding to six expert reports of the Defendants; taking and defending a combined total of 109 fact and expert depositions; filing two *Daubert* motions and a motion for class certification; and preparing to respond to Defendants' *Daubert* motions.

12. Settlement Class Counsel—over the course of several months—pursued, negotiated, and subsequently executed separate Settlement Agreements with Johns Hopkins (dated August 6, 2024) and Caltech (dated November 1, 2024), respectively. *See* Exs. A & B.

13. Both Settlement Agreements with the Fourth Tranche Settling Defendants provide for each Fourth Tranche Settling Defendant to make a cash payment to Plaintiffs and the proposed Settlement Class (which Class includes approximately 200,000 members).[2] *See, e.g.*, Exs. A & B ¶¶ 7. The two Fourth Tranche Settlements collectively amount to $35.25 million. As noted above, all twelve Settlements achieved to date total $319.25 million in aggregate cash payments for the benefit of the Settlement Class.

14. As with many of the prior settlements, the extensive arm's length negotiations with the Fourth Tranche Settling Defendants occurred with the assistance of the offices of renowned mediator, Hon. Layn Phillips (ret.), and his associates, Clay Cogman and Miles Ruthberg.

15. Under both Fourth Tranche Settlement Agreements, if 650 proposed Class Members opt out of the Settlement in a timely fashion, the Fourth Tranche Settling Defendant would have the right to terminate the Settlement Agreement. *See* Exs. A & B, ¶ 16. Caltech's Settlement Agreement provides that it may terminate the settlement agreement if more than 150

---

[2] In addition, Johns Hopkins agreed to provide certain additional discovery. *See* Johns Hopkins Settlement, Ex. B, ¶ 20.

proposed Settlement Class Members who attended Caltech opt out. *See* Exhibit A, ¶ 16.

16. The Custodian/Escrow Agreement for the Fourth Tranche of Settlements is attached hereto as Exhibit D. Plaintiffs request that Huntington Bank be appointed as Escrow Agent for the Fourth Tranche Settlements. The Court previously approved Huntington Bank as the Escrow Agent for the prior Settlements. *See* Final Approval Order, ECF No. 726, ¶ 17.

17. We know of no separate agreements or conflicts that would affect the settlement amounts, the eligibility of Settlement Class Members to participate in the Settlements, or the treatment of Settlement Class Members' claims.

## ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

18. Plaintiffs' prior fee petition (dated April 29, 2024), relating to the prior ten settlements, reflected 91,313.4 hours of professional time and a total lodestar from inception through March 31, 2024 (at historical rates) of $70,150,911.00. *See* Pls.' Mot. for Attorneys' Fees, ECF No. 679, at 4. The Court awarded a fee of one-third of the gross $284 million Settlement Fund (plus interest), which amounted to $94.67 million (plus interest). *See* Final Approval Order, ECF No. 726, ¶ 24. As of March 31, 2024, the fee award amounted to a multiplier of 1.35. Pls.' Mot. for Attorneys' Fees, ECF No. 679, at 4. The final approval hearing relating to the prior settlements occurred on July 19, 2024.

19. As the Court is aware, the proposed schedule provides for the filing of Plaintiffs' fee petition (with all of the necessary and appropriate supporting information and detail regarding Class Counsel's lodestar and expenses) thirty days after the Court enters an order granting preliminary approval). Settlement Class Counsel has committed over 127,000 professional hours to litigating this case from inception through November 30, 2024, amounting to a total lodestar (at historical rates) of more than $95.5 million. Settlement Class Counsel's

7

lodestar from April 1, 2024 through November 30, 2024 (at historical rates) is approximately $25.5 million. Settlement Class Counsel's collective lodestar from July 20, 2024 (the day following the Final Approval Hearing) through November 30, 2024 (at historical rates) is approximately $11.1 million.

20. Settlement Class Counsel intend to make an application to the Court for a reasonable attorneys' fee award in an amount not to exceed one-third of the gross Fourth Tranche Settlement amount (*i.e.*, 1/3 of $35.25 million, or $11.75 million), plus accrued interest, and for reimbursement of all reasonably incurred expenses of Class Counsel from April 1, 2024 through November 30, 2024. Should the Court preliminarily and/or finally approve the Fourth Tranche Settlements, Settlement Class Counsel intend to seek reimbursement of notice and claims administration expenses after those expenses are incurred. Plaintiffs estimate that the costs of notice for the Fourth Tranche Settlements will be approximately $350,000. *See* Jan. 17, 2025 Weisbrot Decl. ¶ 11.

21. Should the Court award the sought fee ($11.75 million), the total fee award to date would be $94.67 million plus $11.75 million, which comes to $106.42 million. Given the total lodestar of Settlement Class Counsel through November 30, 2024 (just over $95.5 million), that would bring the total multiplier in the case to just over 1.1. Examining the Fourth Tranche Settlement results independently of the prior settlements would involve reference only to the marginal additional lodestar since either March 31, 2024 (the date through which the lodestar set forth in the fee petition was reported) or July 19, 2024 (the date of the final approval hearing). In either case, the multiplier would be modest. If the lodestar from April 1, 2024 through November 30, 2024 (approximately $25.5M) were considered, the total multiplier on the sought Fourth Tranche Fee would be under 0.5. If only the lodestar from July 20, 2024 through November 30,

2024 (approximately $11.1M) were considered, the total multiplier on the sought Fourth Tranche Fee would be just over 1.

22.     Plaintiffs estimate all unreimbursed expenses paid or incurred to amount to less than approximately $2.75 million. These expenses were primarily for Plaintiffs' five highly qualified experts who submitted eight expert reports and sat for a total of four depositions. Plaintiffs also incurred costs for electronic document storage and retrieval; travel expenses; computer research; copying; and other necessary costs.

23.     Settlement Class Counsel also intend to seek service awards of $2,500 for each of the eight Settlement Class Representatives. These Class Representatives have continued to commit time and effort to the case, including monitoring the litigation and approving the settlements.

24.     Given the excellent results Settlement Class Counsel have achieved on behalf of the Settlement Class and the lodestar and expenses incurred to date, the maximum fee and expenses Settlement Class Counsel would seek are within the reasonable range.

Dated: January 17, 2025

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*s/ Edward Normand*
Edward Normand (*pro hac vice*)
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
99 Park Ave., 1910 New York, NY
10016 Tel: (646) 350-0527
ted@fnf.law

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

        */s/ Robert D. Gilbert*
Robert D. Gilbert
**GILBERT LITIGATORS &
  COUNSELORS**
11 Broadway, Suite 615 New York, NY 10004 Tel: (646) 448-5269
rgilbert@gilbertlitigators.com

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

        */s/ Eric L. Cramer*
Eric L. Cramer (*pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Tel: (215) 875-3000
ecramer@bm.net