**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>                Defendants. | Case No.: 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS CALIFORNIA INSTITUTE OF TECHNOLOGY AND THE JOHNS HOPKINS UNIVERSITY, PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS, APPROVAL OF THE FOURTH TRANCHE NOTICE PLAN, APPROVAL OF THE FOURTH TRANCHE ALLOCATION PLAN, AND APPROVAL OF THE SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS**

WHEREAS, on July 20, 2024, this Court granted final approval of settlements between

Plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon

Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams (collectively, "Plaintiffs") on behalf of themselves and a Settlement Class and Defendants Brown University ("Brown"), University of Chicago ("Chicago"), The Trustees of Columbia University in the City of New York ("Columbia"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Northwestern University ("Northwestern"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt"), and Yale University ("Yale") (ECF No. 726);

WHEREAS, Plaintiffs, on behalf of themselves and a proposed Settlement Class of the same individuals have, since July 20, 2024, entered into two additional settlement agreements ("Settlement Agreements") with Defendants California Institute of Technology ("Caltech") and the Johns Hopkins University ("Johns Hopkins") (collectively the "Fourth Tranche Settling Universities" or "Fourth Tranche Settling Defendants") (Plaintiffs and the Fourth Tranche Settling Universities together, the "Parties") that set forth the terms and conditions of the Parties' proposed settlements and releases and their agreements (the "Fourth Tranche Settlements") to dismiss with prejudice the claims of the Plaintiffs and members of the proposed Settlement Class against both of the Fourth Tranche Settling Universities;

WHEREAS, the universities Plaintiffs sued in this Action are the "Defendants." Defendants are Brown, Caltech, Chicago, Columbia, Cornell University, Dartmouth, Duke, Emory, Georgetown University, Johns Hopkins, Massachusetts Institute of Technology, Northwestern, University of Notre Dame du Lac, Trustees of the University of Pennsylvania, Rice, Vanderbilt, and Yale.

WHEREAS, on January 17, 2025, Plaintiffs filed a Motion for Preliminary Approval of the Fourth Tranche Settlements, Confirmation of Certification of Proposed Settlement Class,

2

Approval of Fourth Tranche Notice Plan, Approval of the Fourth Tranche Allocation Plan, and Approval of the Proposed Schedule for Completing the Settlement Process, requesting the entry of an Order (the "Motion"): (i) granting preliminary approval of the Fourth Tranche Settlement Agreements; (ii) confirming that the standards for certifying the proposed Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement and judgment are likely satisfied; (iii) appointing Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams as representatives of the Settlement Class ("Class Representatives"); (iv) confirming the appointment of Freedman Normand Friedland LLP, Gilbert Litigators & Counselors PC, and Berger Montague PC as Settlement Class Counsel under Fed R. Civ. P. 23(g); (v) directing notice to the Settlement Class be provided pursuant to the Fourth Tranche Notice Plan; (vi) preliminarily approving the Fourth Tranche Allocation Plan; (vii) appointing Angeion Group as Settlement Claims Administrator; (viii) appointing The Huntington National Bank ("Huntington Bank") as Escrow Agent; and (ix) approving the proposed schedule for the Fourth Tranche Settlements, including the scheduling of a Fairness Hearing during which the Court will consider: (a) Plaintiffs' request for final approval of both Settlements and entry of a proposed order and final judgment; (b) Plaintiffs' counsel's application for attorneys' fees, reimbursement of expenses, service awards, and payment of administrative costs; and (c) Plaintiffs' request for dismissal of this action only against the Fourth Tranche Settling Universities with prejudice.

WHEREAS, the Court ordered that any oppositions to the Motion would be due on [DATE] and no oppositions were filed;

WHEREAS, the Court held a hearing on the Motion on [DATE];

WHEREAS, the Fourth Tranche Settling Universities support the Motion; and

3

WHEREAS, the Court is familiar with and has reviewed the record in this case and the Fourth Tranche Settlements, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

### Jurisdiction

1.       This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of this action and over the Fourth Tranche Settling Universities and Plaintiffs, including all members of the Settlement Class (defined below).

### Settlement Class

2.       Pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court confirms that the Court will likely find that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for settlement and judgment purposes only. As to the requirements of Rule 23(a) for settlement purposes only, (i) the Settlement Class provisionally certified herein likely exceeds 100,000 individuals, and joinder of all would be impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Class Representatives' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; and (iv) Class Representatives are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3) for settlement purposes only, questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and a class action on behalf of the Settlement Class is superior to other available means of settling and disposing of this dispute.

3.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms, solely for purposes of effectuating the Settlements, the following "Settlement Class," which permits potential class members to opt out, including the following persons:

a. All persons who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[1] The Class Period is defined as follows:

   i. For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through February 28, 2024.

   ii. For Brown, Dartmouth, Emory—from Fall Term 2004 through February 28, 2024.

   iii. For Caltech—from Fall Term 2019 through February 28, 2024.

   iv. For Johns Hopkins—from Fall Term 2021 through February 28, 2024.

b. Excluded from the Class are:

   i. Any Officers[2] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice

---

[1] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

[2] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

5

     Deans, or any employees in Defendants' in-house legal offices;

  ii. any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

  iii. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

4. For settlement purposes only, the Court confirms the appointment of Plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams as Class Representatives.

5. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court confirms the appointment of Berger Montague PC, Freedman Normand Friedland LLP, and Gilbert Litigators & Counselors PC as Settlement Class Counsel for the Settlement Class.

## **Preliminary Approval of Settlements**

6. Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Fourth Tranche Settlements, as embodied in the Fourth Tranche Settlement Agreements between Plaintiffs and the Settling Universities.

7. Upon review of the record, the Court finds the Fourth Tranche Settlements were entered into after over two years of hard-fought litigation, extensive discovery, and arm's length negotiations. Accordingly, the Court preliminarily finds that the Fourth Tranche Settlements meet all factors under Rule 23(e)(2) and will likely be granted final approval by the Court,

6

subject to further consideration at the Court's final Fairness Hearing. The Court finds that the Fourth Tranche Settlements encompassed by the Settlement Agreements are preliminarily determined to be fair, reasonable, and adequate, and in the best interest of the Settlement Class, raise no obvious reasons to doubt their fairness, and that there is a reasonable basis for presuming that the Fourth Tranche Settlements and their terms satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Fourth Tranche Settlements should be given to members of the Settlement Class.

8. The Court has reviewed and hereby preliminarily approves the Fourth Tranche Allocation Plan, including without limitation its provisions providing that if any portion of the Settlement Fund remains following disbursement of Court-approved notice expenses, the fees and expense Award, and the service awards to the class representatives, and after distribution (or redistribution) to authorized claimants pursuant to the Court-approved Revised Plan of Allocation, and is of such an amount that it is not cost effective or administratively efficient to redistribute the amount to the authorized claimants, then the Settling Parties have agreed to seek leave of Court to disburse such remaining funds, after payment of any further notice and administration costs and taxes and tax expenses, to one or more appropriate charitable non-profit organization(s) that promote access to higher education for disadvantaged students and families as agreed to by the Settling Parties and upon approval by the Court.

9. Angeion Group is hereby appointed as Settlement Claims Administrator.

10. Huntington Bank is hereby appointed as Escrow Agent pursuant to the Settlements.

11. The Court approves the establishment of the Settlement Fund under the Fourth Tranche Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal

Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. In accordance with the Fourth Tranche Settlement Agreements, Settlement Class Counsel are authorized to withdraw funds from the QSF for the payment of the reasonable costs of notice, payment of taxes, and reasonable settlement administration costs.

12. Pending further Order of the Court, all litigation activity against the Fourth Tranche Settling Universities on behalf of the Settlement Class is hereby stayed, and all hearings, deadlines, and other proceedings related to the Plaintiffs' claims against the Fourth Tranche Settling Universities, other than those incident to the settlement process, are hereby taken off the Court's calendar. The stay shall remain in effect until such a time that (i) any Fourth Tranche Settling University or Plaintiffs exercise its/their right to terminate any of the Settlements; (ii) any of the Fourth Tranche Settlements is terminated pursuant to its terms; or (iii) the Court renders a final decision regarding approval of any of the Fourth Tranche Settlements, and if it approves the Fourth Tranche Settlements, enters final judgment and dismisses Plaintiffs' claims against the Fourth Tranche Settling Universities with prejudice.

13. In the event that any of the Fourth Tranche Settlements fail to become effective in accordance with its/their terms, or if an Order granting final approval to any of the Fourth Tranche Settlements and dismissing Plaintiffs' claims against any of the Fourth Tranche Settling Universities with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void but only as to the Fourth Tranche Settlement(s) that fail to become effective.

14. In the event any of the Fourth Tranche Settlements terminate, or are not approved by the Court, or any Fourth Tranche Settlement does not become final pursuant to its terms,

litigation against that Fourth Tranche Settling University or those Fourth Tranche Settling Universities shall resume in a reasonable manner as approved by the Court upon joint application of the Plaintiffs and that Fourth Tranche Settling University or those Fourth Tranche Settling Universities.

### Approval of Notice Plan

15. The Court approves, in form and substance, the long-form notice and publication notice attached as Exhibits A and B to January 17, 2025 Declaration of Steven Weisbrot. The class notice plan specified by Plaintiffs and supported by the Declaration of Steven Weisbrot is: (i) the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency and status of this Action and of their right to participate in, object to, or exclude themselves from the proposed Settlements; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies the requirements of Fed. R. Civ. P. 23(e)(1), and constitutes due process, and is a reasonable manner of distributing notice to Settlement Class members who would be bound by the Fourth Tranche Settlements.

16. The Settling Universities shall provide notice of the Settlements as required by 28 U.S.C. § 1715.

### Email and Mailing Addresses for Notice

17. Pursuant to 34 C.F.R. § 99.37(a), the Court finds that mailing addresses and email addresses in education records of current students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation if (a) the Defendant has previously provided public notice that the mailing addresses and email addresses are considered "directory

information" that may be disclosed to third parties including public notice of how students may restrict the disclosure of such information, and (b) the student has not exercised a right to block disclosure of mailing addresses or email addresses ("FERPA Block"). Defendants shall not disclose from education records mailing addresses or email addresses subject to a FERPA Block.

18. Pursuant to 34 C.F.R. § 99.37(b), the Court further finds that mailing addresses and email addresses in education records of former students of a Defendant constitute "directory information" and may be disclosed, without consent, to the Settlement Claims Administrator for purposes of providing class notice in this litigation, provided that each Defendant continues to honor any valid and un-rescinded FERPA Block.

### Approval of Schedule

19. Angeion Group and the Fourth Tranche Settling Defendants shall adhere to the following schedule:

   a. No later than 30 days after the date of this Order, Angeion Group shall begin the process of providing notice to the Settlement Class, in accordance with the Plan of Notice.

   b. No later than 60 days after the date of this Order, Settlement Class Counsel shall file a motion for attorneys' fees, unreimbursed litigation costs and expenses, and/or service awards for the Class Representatives, pursuant to the terms of the Settlement Agreements.

   c. By no later than 75 days after the date of this Order, Settlement Class Members may request exclusion from the Settlement Class or submit any objection to the proposed Settlements or to the proposed allocation plan summarized in the notice, or to Settlement Class Counsel's request for attorneys' fees, unreimbursed litigation costs and expenses, and/or service awards to the Class Representatives. All objections must be in writing and filed with the Court, with copies sent to the Claims Administrator, and include the following information: (1) the

name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership (such as, for instance, evidence of an accepted financial aid award from a Defendant University), indicating that the individual is a member of the Settlement Class; (4) a statement detailing all objections to the Settlements; and (5) a statement of whether the individual will appear at the Fairness Hearing, either with or without counsel. All requests for exclusion from the Settlement Class must be in writing, mailed to the Claims Administrator, and include the following information: (1) the name of the case (*Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership (such as, for instance, evidence of an accepted financial aid award from a Defendant University); (4) a statement indicating that the individual is a member of the proposed Settlement Class and wishes to be excluded from the Settlement Class; and (5) an individual signature by the Settlement Class member.

   d. No later than 90 days after the date of this Order, Settlement Class Counsel shall file all briefs and materials in support of final approval of the Fourth Tranche Settlements.

   e. The Fairness Hearing on the Fourth Tranche Settlements shall take place on [DATE at least 120 days after the Court's entry of this Order].

Dated: _____, 2025        **SO ORDERED**

                         _____
                         Matthew F. Kennelly