UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEOGUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No. 1:22-cv-00125-MFK<br><br>Judge Matthew F. Kennelly |

**DECLARATION OF STEVEN WEISBROT, ESQ. OF ANGEION GROUP LLC REGARDING NOTICE AND ESTIMATED COSTS TO PROVIDE ADDITIONAL NOTICE TO POTENTIAL SETTLEMENT CLASS MEMBERS WHO HAVE NOT FILED A CLAIM**

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1. I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale legal notification plans.

2. I am familiar with the facts set forth herein based on personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion. In forming my opinions regarding notice in this action, I have communicated with class

counsel and reviewed relevant pleadings and other documents relating to the case, in addition to drawing from my extensive class action notice experience.

3. Background information on my professional experience and Angeion's expertise with the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history, is set forth in my prior declaration submitted with the preliminary approval motion of the University of Chicago Settlement. *See* Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re the Proposed Notice Plan, ¶¶ 3-10 & Exhibit A (ECF No. 428-7).

4. The purpose of this declaration is to provide the Court with information concerning the notice sent to Settlement Class member who contacted the Court on February 13, 2025 and the costs associated with potentially re-issuing notice to Settlement Class members who did not submit a claim before the deadline.

## CLAIM FILING NOTICE PROCESS

5. On July 20, 2024, the Court granted final approval of the Settlements. Accordingly, beginning on September 15, 2024, Angeion began distributing notices to inform Settlement Class members about the approval and the opening of the claims filing period. This involved re-sending notices to each Class Member, which included a unique Claim ID and Confirmation Code, as well as a URL directing them to the online claim form. The Notice instructed Settlement Class members to use the Claim ID and Confirmation Code to access their unique, pre-populated claim form on the Settlement website. The Notice and claim form also explained that the deadline for filing a claim was December 17, 2024. In addition to re-noticing the entire population initially noticed during the March 2024 opt-out and objection notice process, Angeion also sent notices to 219,708 individuals who had submitted registration forms on the Settlement website requesting updates about the Settlement, including the opening of the claims filing period.[1] Angeion also posted a banner on the Settlement website stating that the claim form was now available.

---

[1] It was later determined that a substantial proportion of these 219,708 registrations were likely to be from spam or junk email addresses not associated with legitimate persons. These registrations do not affect the integrity of the claims approval process because (1) Angeion maintains robust fraud detection programs and (2) all claimants are required to submit proof of attendance at one of the Defendant Universities during the Class Period, which Angeion will manually review.

2

**Email Notice**

6. Between September 15, 2024, and September 18, 2024, Angeion caused a Court-approved claim filing summary notice informing Settlement Class members of the approval of the Settlements and the opening of the claims filing period to be sent to 602,107 valid email addresses. Of the 602,107 claim filing summary notices sent, 11,414 could not be delivered.

7. In total, 590,693 of the 602,107 claim filing summary notices sent via email were delivered, representing an excellent deliverability rate of approximately 98.10%. A true and correct copy of the updated Court-approved claim filing summary notice that Angeion caused to be emailed is attached hereto as **Exhibit A**.

**Mail Notice**

8. On September 18, 2024, Angeion caused the updated Court-approved claim filing postcard notice informing Settlement Class members of the approval of the Settlements and the opening of the claims filing period to be mailed via the United States Postal Service ("USPS") first-class mail, postage prepaid, to 44,021 potential Settlement Class members.

9. On October 17, 2024, Angeion caused the updated Court-approved claim filing postcard notice to be mailed to 7,017 potential Settlement Class members whose initial claim filing email notice could not be delivered and for whom a mailing address was available.

10. Prior to mailing, Angeion caused the mailing addresses to be processed through the USPS National Change of Address database, which provides updated address information for individuals or entities that have moved during the previous four (4) years and filed a change of address with the USPS. A true and correct copy of the updated Court-approved claim filing postcard notice that Angeion caused to be mailed is attached hereto as **Exhibit B**.

11. Claim filing postcard notices returned to Angeion by the USPS with a forwarding address were re-mailed to the new address provided by the USPS. Claim filing postcard notices returned to Angeion by the USPS without a forwarding address were subjected to address verification searches ("skip traces") and were re-mailed to any updated addresses identified through the skip trace process.

12.     Angeion received approximately 5,321 claim filing postcard notices returned by the USPS as undeliverable. A total of 3,498 claim filing postcard notices were re-mailed as a result of skip trace efforts.

## SETTLEMENT CLASS MEMBER CORRESPONDENCE

13.     On February 13, 2025, Angeion was informed that a Settlement Class member had contacted the Court regarding the notice process, stating that he had not received notice and was therefore unable to submit a claim before the deadline. After reviewing the inquiry, Angeion confirmed that this Settlement Class member was included as a potential Settlement Class member on the Class List and was sent notice of the Settlement via mail.

14.     On November 7, 2023, Angeion received one (1) electronic file from Yale University containing the names, mailing addresses, and email addresses, where available, of individuals likely to be Settlement Class members. The data file included a record for the Settlement Class member, which contained one email address and one mailing address. Following the initial email validation efforts as described above, it was determined the email address provided for the Settlement Class member was invalid, however, the mailing address associated with his record was deemed sufficient for mailing.

15.     Accordingly, on March 29, 2024, Angeion sent the Court-approved long-form notice via first-class mail through the United States Postal Service ("USPS"), postage prepaid, to the Settlement Class member at the mailing address provided on the Class List. Angeion's records indicate the notice mailed to Settlement Class member was not returned by the USPS as undeliverable. Consequently, no address verification searches ("skip traces") were conducted for this record, as the notice was presumed to be 'delivered' based on the absence of any notification from the USPS that the address was inaccurate or unable to be delivered as addressed.

16.     As described above, on July 20, 2024, the Court issued an Order approving the Settlements with Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt, and Yale (ECF No. 726).

17. Accordingly, as noted above, beginning on September 15, 2024, pursuant to the Court's direction, Angeion provided additional notice to potential Settlement Class members, informing them of the approval of the Settlement and the opening of the claims filing period.

18. On September 18, 2024, Angeion mailed the updated Court-approved claim filing postcard notice via USPS first-class mail, postage prepaid, to the Settlement Class member at the same mailing address that was listed on the Class List that was used to mail his initial notice to. The claim filing notice mailed on September 18, 2024 to the Settlement Class member was likewise <u>not</u> returned by the USPS as undeliverable. As such, no further action was taken in an attempt to locate an alternate address.

### ESTIMATED COSTS TO PROVIDE ADDITIONAL NOTICE TO POTENTIAL SETTLEMENT CLASS MEMBERS WHO HAVE NOT FILED A CLAIM

19. Angeion evaluated the costs associated with reissuing notice to potential Settlement Class members who did not submit a claim prior to the deadline. Angeion estimates the total cost of this process to be approximately $50,000. If required, Angeion anticipates the reissuance of notice could commence on approximately March 10, 2025, and be concluded by approximately March 14, 2025.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2025

_____
STEVEN WEISBROT