**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>_Plaintiffs_,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>_Defendants_. | Case No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**DEFENDANTS' MOTION TO STRIKE**
**UNTIMELY DECLARATION OF HAL SINGER**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ............................................................................................... 1

BACKGROUND .................................................................................................. 2

ARGUMENT ...................................................................................................... 5

I.      Singer's Untimely Declaration Should Be Stricken In Its Entirety .................................. 5

II.     Plaintiffs Cannot Establish That The Untimely Declaration
Is Substantially Justified Or Harmless ........................................................................ 6

III.    Singer's Untimely Declaration Is Not Permissible Supplementation Under Rule 26(e) .... 9

CONCLUSION ................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Behland v. Midwest Generation EME, LLC*,
  2008 WL 11516689 (N.D. Ill. Jan. 15, 2008) ....................................................................9, 10

*Chicago Tchrs. Union, Loc. 1 v. Bd. of Educ. of Chi.*,
  2020 WL 914881 (N.D. Ill. Feb. 25, 2020) .....................................................................2, 6, 7

*Ciomber v. Coop. Plus, Inc.*,
  527 F.3d 635 (7th Cir. 2008) ..........................................................................................5

*Eugene Baratto, Textures, LLC v. Brushstrokes Fine Art, Inc.*,
  701 F. Supp. 2d 1068 (W.D. Wis. 2010) ........................................................................9

*Finwall v. City of Chicago*,
  239 F.R.D. 504 (N.D. Ill. 2006).....................................................................................7, 9

*Karum Holdings LLC v. Lowe's Cos.*,
  895 F.3d 944 (7th Cir. 2018) ......................................................................................1, 5, 6, 7

*Kopplin v. Wis. Cent. Ltd.*,
  914 F.3d 1099 (7th Cir. 2019) ......................................................................................9

*Leibfried v. Caterpillar, Inc.*,
  2023 WL 4080660 (E.D. Wis. June 20, 2023)................................................................2

*Malibu Media LLC v. Doe*,
  2016 WL 464045 (N.D. Ill. Feb. 8, 2016) .....................................................................10

*In re Paraquat Prods. Liab. Litig.*,
  730 F. Supp. 3d 793 (S.D. Ill. 2024)..............................................................................6

*In re Ready-Mixed Concrete Antitrust Litig.*,
  261 F.R.D. 154 (S.D. Ind. 2009).....................................................................................2

*Rogers v. BNSF Ry. Co.*,
  680 F. Supp. 3d 1027 (N.D. Ill. 2023) ...........................................................................8

*Rowe Int'l Corp. v. Ecast, Inc.*,
  586 F. Supp. 2d 924 (N.D. Ill. 2008) ...........................................................................2, 6, 8

*Sonrai Sys., LLC v. Romano*,
  2022 WL 4646323 (N.D. Ill. Sept. 30, 2022) ...............................................................10

*State Farm Fire & Cas. v. Jarden Corp.*,
    2010 WL 2541249 (S.D. Ind. June 16, 2010) ............................................................................6

*Sub-Zero, Inc. v. Gen. Elec. Co.*,
    2010 WL 3294374 (W.D. Wis. Aug. 20, 2010) ..........................................................................8

*Tomeo v. CitiGroup, Inc.*,
    2018 WL 4627386 (N.D. Ill. Sept. 27, 2018) ............................................................................6

*Tribble v. Evangelides*,
    670 F.3d 753 (7th Cir. 2012) ....................................................................................................7

*Viamedia, Inc. v. Comcast Corp.*,
    2018 WL 11371105 (N.D. Ill. Mar. 27, 2018) ................................................................2, 6, 7, 8

## Other Authorities

Fed. R. Civ. P. 26(a) ......................................................................................................................1, 5, 6

Fed. R. Civ. P. 26(e) ....................................................................................................................2, 9, 10

Fed. R. Civ. P. 37 ...............................................................................................................................5

Fed. R. Civ. P. 37(c) ......................................................................................................................1, 5, 6

Fed. R. Evid. 702 ...............................................................................................................................1

## INTRODUCTION

In response to defendants' *Daubert* motion, and months after the close of expert discovery, plaintiffs filed a "declaration" from their lead expert, Hal Singer, containing never-before-seen expert opinions that Singer had every opportunity to disclose earlier. *See* ECF No. 785-2, Singer Decl. The declaration confirms that Singer's impact model suffers from a bevy of fatal flaws that render it "junk science" and thus inadmissible under Federal Rule of Evidence 702. For example, Singer's new declaration purports to find substantial overcharges for "full-ride" students—that is, students who did not pay a dime toward their cost of attending college and so could not have been overcharged. *See* Reply in Supp. of Defs.' Mot. to Exclude at 4-5. Singer has admitted as much. *See* Ex. 1, Singer Tr. 209:18-21 (noting that a full-ride student "couldn't have done better in the but-for world").[1] But although Singer's declaration contains this and numerous other errors and misleading statistics, defendants' experts cannot rebut them because plaintiffs waited to disclose the declaration until long after expert discovery closed.

The Court should strike Singer's newest declaration as untimely. All his statistical analyses and related opinions address timely criticisms defendants' expert made *months ago*. Filing a late expert report with opinions that could have been offered earlier upends the orderly process of expert discovery and *Daubert* briefing this Court has established. It deprives defendants of a full opportunity to respond to the new analyses and opinions. And it flies in the face of Federal Rule of Civil Procedure 26(a)(2)(D), which mandates that parties disclose expert reports by the court-ordered deadline. If a party misses this deadline, Rule 37(c)(1) imposes an "automatic and mandatory" consequence: the late expert report must be stricken. *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018).

---

[1] "Ex. __" refers to the exhibits submitted with the Declaration of Daniel T. Fenske, filed concurrently in support of this Motion.

Plaintiffs cannot meet their burden to show that the exception for late disclosures that are substantially justified or harmless applies. An untimely report is not substantially justified when, as here, it "offers new opinions . . . based on old data." *Viamedia, Inc. v. Comcast Corp.*, 2018 WL 11371105, at *4 (N.D. Ill. Mar. 27, 2018) (striking untimely expert report). Nor is Singer's declaration harmless, because defendants now face "new analyses . . . they cannot explore without re-deposing" Singer, *Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 938 (N.D. Ill. 2008) (striking majority of belated expert declaration), or without incurring "the costs of having" their own experts "analyze and respond" to his new opinions, *Viamedia*, 2018 WL 11371105, at *4. Finally, Rule 26(e)'s allowance for supplementation does not apply, because Singer is not supplementing old opinions. He is offering entirely new ones. *See id.* at *3-4.

Accordingly, the Court should strike Singer's new declaration, as courts throughout the circuit have done in comparable circumstances. *See, e.g.*, *Leibfried v. Caterpillar, Inc.*, 2023 WL 4080660, at *5 (E.D. Wis. June 20, 2023) (striking expert affidavit filed in response to motion to exclude, as it offered "new or expanded opinion" that "was required to be included in [the expert's] initial report"); *Chicago Tchrs. Union, Loc. 1 v. Bd. of Educ. of Chi.*, 2020 WL 914881, at *5-6 (N.D. Ill. Feb. 25, 2020) (striking expert declaration disclosed for the first time during *Daubert* briefing, as expert had "ample opportunity" to raise his concerns "in his rebuttal report"); *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 159-60 (S.D. Ind. 2009) (striking "late-breaking expert analysis" filed during *Daubert* briefing).

## **BACKGROUND**

This Court set, or the parties agreed to, clear deadlines: initial expert reports by May 14 (ECF No. 676), rebuttal expert reports by October 7 (*id.*), sur-rebuttal reports by November 8, (ECF No. 741), and *Daubert* motions by December 16 (ECF No. 747). Defendants adhered to this

schedule, timely disclosing their expert reports, deposing Singer in late November, and moving to exclude his opinions on December 16. ECF No. 754 ("Mot. to Exclude").

In their Motion to Exclude, defendants highlighted significant issues with Singer's opinions. As relevant here, defendants noted that Singer's findings hinge on cherry-picking the data for his regression model, demonstrating the model's fundamental unreliability. Mot. to Exclude at 6-8. Singer's model purported to determine whether and to what extent the "challenged conduct" impacted financial aid recipients, but it excluded thousands of aid recipients who were inarguably subject to the "challenged conduct": students whose total gift aid covered more than 95% of their cost of attendance ("full- or nearly full-ride students"). *Id.* at 6; *see* ECF No. 754-12, Singer Am. Rep. ¶246. Singer thus eliminated from his dataset the students who received the largest amount of financial aid while subject to the challenged conduct. Mot. to Exclude at 6-7. By arbitrarily eliminating these students from his dataset, Singer "skew[ed] the results" of his model "in plaintiffs' favor." *Id.* at 7.

In an untimely declaration attached to plaintiffs' January 24 *Daubert* opposition, Singer offers an entirely new statistical analysis in an attempt to backstop his flawed choices. According to Singer, "Counsel for Plaintiffs . . . asked [him] to test the effect of including" students who received full rides in his regression model. ECF No. 785-2, Singer Decl. ¶3. Singer responded to this request by adding these students, re-running his model, and conceding that this change decreased the purported overcharge attributable to the alleged conspiracy. *Id.* This new analysis shows that his model produces substantial overcharges for students who could not have paid any overcharge at all, *because they went to school for free. Id.*; Reply in Supp. of Defs.' Mot. to Exclude at 4-5. Singer nonetheless (dubiously) concludes that the decrease in the overcharge was not "statistically significant," and he provides several new opinions on why he believes the results

of his new statistical analysis were "unsurprising." ECF No. 785-2, Singer Decl. ¶¶3-7. Singer also describes an analysis he performed that purports to show that defendants offered a smaller share of full rides when they were in the 568 Group (10.2%) than when they were not (11.4%). *Id.* ¶2. Needless to say, Singer was not deposed on these opinions, and defendants' experts had no opportunity to analyze and rebut them.

In their opposition brief, plaintiffs justify filing Singer's belated declaration in a parenthetical in a footnote. ECF No. 785 at 2 n.4. According to plaintiffs, Singer's declaration is meant to address issues that were "not fully explored in the expert record." *Id.*

But Singer is the only one who did not "fully explore" these issues and nothing stopped him from presenting these opinions on time. Nicholas Hill, one of defendants' experts, flagged this issue in his August 2024 rebuttal to Singer's initial report. Hill wrote that Singer's analysis was plagued by "selection bias," including Singer's choice to limit "his sample to students . . . whose grant aid covered less than 95 percent of the school-academic year specific cost of attendance." Ex. 2, Hill Rebuttal ¶¶234-238. That "can result in an estimate of positive overcharges," even if class members were "either unharmed or benefitted from the actions of 568 Group." *Id.* ¶234. Hill also found that defendants increased the percentage of institutional grant aid provided to full-ride students throughout the alleged conspiracy. *Id.* ¶¶85-86 & fig. 11.

Singer responded to Hill's critique in Singer's first rebuttal report submitted in early October. *See* ECF No. 754-18, Singer Rebuttal ¶¶204-205. But he did not perform any analysis to determine how including full- or nearly full-ride students affected his regression models. And although Singer cited Hill's discussion of data showing that defendants increased the percentage of full-ride aid over time, Singer did not meaningfully respond, much less offer any statistical

analysis like that in his new declaration. *Compare id.* ¶¶283-285 & n.522, *with* ECF No. 785-2, Singer Decl. ¶2.

When Hill and Singer traded surrebuttal reports in early November, Singer *again* ignored Hill's critique that Singer's "methodology for dropping students who received a full ride introduces selection bias into his results." ECF No. 788-32, Hill Surrebuttal ¶44 n.49. And at Singer's November deposition, when pressed about how his model would change if he included these students, Singer said he "couldn't tell you what effect that would have." Ex. 1, Singer Tr. 209:10-21. He waited to try to figure that out until two months later, long after expert discovery had closed.

## ARGUMENT

Singer's new declaration is improper. The deadline for expert disclosures came and went before Singer submitted his new 13th-hour opinions, so Rule 37 requires exclusion.

## I.     Singer's Untimely Declaration Should Be Stricken In Its Entirety

The rules that govern the disclosure of expert testimony are meant to create efficiency, provide ample notice to both sides, and eliminate surprise. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). To that end, expert reports must contain a "complete statement" of the expert's opinions. Fed. R. Civ. P. 26(a)(2)(B)(i). Expert reports must also be disclosed by the court-ordered deadline; if not, exclusion is "automatic and mandatory." *Karum Holdings*, 895 F.3d at 951; Fed. R. Civ. P. 26(a)(2)(D), 37(c)(1).

The deadline for Singer to provide the "complete statement" of his affirmative opinions was May 2024. *See* ECF No. 676. In his report served that month, Singer deployed a regression model from which he consciously chose to exclude full- or nearly full-ride students. *See* ECF No. 754-12, Singer Am. Rep. ¶246 & n.342. Because that decision meant ignoring thousands of students who were indisputably subject to the "challenged conduct," there was no question that it

could materially impact Singer's results—meaning Singer needed to justify it in his opening report. *In re Paraquat Prods. Liab. Litig.*, 730 F. Supp. 3d 793, 836-37 (S.D. Ill. 2024) (noting that expert was required to "explain[] his reasoning" for omitting data from analysis). Yet Singer did not disclose his new opinions. Singer compounded that error when he *again* failed to disclose these opinions in response to Hill's August and November reports addressing the same issues. *See supra*, at 4-5. Singer's belated expert opinions did not come "at the time[] . . . that the court order[ed]," Fed. R. Civ. P. 26(a)(2)(D), and thus must be excluded, Fed. R. Civ. P. 37(c)(1). *See, e.g.*, *Karum Holdings*, 895 F.3d at 952-53; *Rowe Int'l*, 586 F. Supp. 2d at 938 (striking majority of untimely expert declaration).[2]

## II. Plaintiffs Cannot Establish That The Untimely Declaration Is Substantially Justified Or Harmless

Singer's belated disclosure is neither "substantially justified" nor "harmless" under Rule 37(c)(1). *Karum Holdings*, 895 F.3d at 951 (quoting Fed. R. Civ. P. 37(c)(1)).

To start, there is no justification for this belated declaration. "Courts must be vigilant in policing parties' attempts to 'sandbag' opponents with inappropriately filed expert evidence." *State Farm Fire & Cas. v. Jarden Corp.*, 2010 WL 2541249, at *2 (S.D. Ind. June 16, 2010). Accordingly, a belated report is "not justified" when an expert submits belated testimony that "offers new opinions . . . based on old data." *Viamedia*, 2018 WL 11371105, at *4. Further, an expert cannot address "long-known criticisms" by submitting new opinions after the deadline. *Id.* Here, Singer had "ample opportunity" to confront the weaknesses of his regression analysis because defendants' expert repeatedly raised the issue during expert discovery. *Chicago Tchrs.*

---

[2] It does not matter that plaintiffs refer to Singer's expert opinion not as a "report" but as a "declaration." After all, "[r]echristening [an expert]'s opinion as a 'declaration' does not exempt it from the requirements of Rule 26 and the Court's own deadlines." *Tomeo v. CitiGroup, Inc.*, 2018 WL 4627386, at *4 (N.D. Ill. Sept. 27, 2018) (striking expert declaration as untimely).

*Union*, 2020 WL 914881, at *5. Indeed, in his earlier reports Singer *did* attempt to respond—albeit without any meaningful analysis—to Hill's criticisms of Singer's failure to include full- or nearly full-ride students in his model. *See supra*, at 4-5. Evidently unsatisfied with his prior responses (and implicitly conceding the accuracy of defendants' *Daubert* motion on this point), Singer has now submitted new analysis in a declaration. But Singer's own neglect is no basis for untimely disclosure.[3]

Nor is the belated declaration harmless. A violation of the expert disclosure rules is not "harmless" when it incurably "prejudice[s]" the other side. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). A party is incurably prejudiced when, as here, it cannot depose the expert about his new opinions or submit a rebuttal expert report on the issue. *Karum Holdings*, 895 F.3d at 952. Nor is late disclosure harmless when curing any prejudice would delay the case's resolution or impose additional costs on the adverse party. *Viamedia*, 2018 WL 11371105, at *4-5; *Finwall v. City of Chicago*, 239 F.R.D. 504, 507 (N.D. Ill. 2006) (holding that a party "prejudice[s] the court and other litigants" by disregarding expert deadlines, as "delays in one case needlessly tie up the court's docket and impose delays in the court's other cases").

That is the case here. Defendants' expert Hill "would have prepared a different report" had Singer previously disclosed his new statistical analysis. *Karum Holdings*, 895 F.3d at 952. But now that expert discovery has ended, defendants have no way of providing expert testimony that combats Singer's new (and hopelessly flawed) statistical analyses without the Court reopening expert discovery for new disclosures and another deposition. In short, plaintiffs sandbagged

---

[3] Indeed, when plaintiffs refused defendants' request to withdraw the Singer declaration, they acknowledged that the declaration was designed to respond to defendants' "repeated" arguments about Singer's cherry-picking of data. Ex. 3, Email from R. Cipolla (Feb. 24, 2025). Of course, this raises the question: If defendants have been repeating these arguments for so long, why didn't Singer address them in one of his timely reports? Whatever the answer, Singer's opportunity to address this issue has long gone.

defendants by waiting until *Daubert* briefing was underway to reveal Singer's new opinions, preventing defendants or their experts from providing any meaningful response. That warrants exclusion. *See Sub-Zero, Inc. v. Gen. Elec. Co.*, 2010 WL 3294374, at *4 (W.D. Wis. Aug. 20, 2010) (striking belated expert report where plaintiffs' counsel were "well aware of, or recklessly disregarded, the expert disclosure deadlines").

Further, permitting Singer's new declaration would be fundamentally unfair, especially at this stage in the litigation. Both sides had the opportunity to depose the other sides' experts, and both sides sought to explore potential weaknesses in their opinions. Plaintiffs had the chance to do so on a complete record. But defendants did not. When Singer was deposed, he claimed to have no idea how his model would change if full- or nearly full-ride students were included, Ex. 1, Singer Tr. 209:10-21—contrary to the opinions he now offers. Consequently, Singer gave defendants no opportunity to fully explore the potential weaknesses in the opinions he waited to disclose, exacerbating the prejudice from plaintiffs' belated disclosure. *See Rowe Int'l*, 586 F. Supp. 2d at 938 (determining that late disclosures were not harmless where opposing party could not "explore" "potential weaknesses . . . without re-deposing" expert); *see also Rogers v. BNSF Ry. Co.*, 680 F. Supp. 3d 1027, 1044 (N.D. Ill. 2023) (finding a Rule 26(a) violation not harmless when the opposing party had "no effective opportunity to respond or cure the prejudice"). And if past is prologue, such weaknesses undoubtedly abound, whether because of data errors, biased methodology, general sloppiness, or all of the above.

It is no answer to say defendants can enlist their experts to analyze and respond to Singer's new opinions. The deadline for them to submit reports has long passed and, even if it were extended, defendants would still be forced "to incur the costs of" having their experts "analyze and respond to" Singer's belated opinions. *Viamedia*, 2018 WL 11371105, at *4. If they are

inadmissible under *Daubert* (as defendants suspect they are), defendants would also need to be afforded the opportunity to move for their exclusion, and resolution of this already complex litigation would inevitably be delayed. *See id.* at *5; *Finwall*, 239 F.R.D. at 507. The better course, then, is to strike Singer's new declaration and new opinions. *See Eugene Baratto, Textures, LLC v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068, 1072 (W.D. Wis. 2010) ("The appropriate recourse" to an untimely expert disclosure "would have been" to file "a motion to strike, not to respond with new expert tests and opinions.").[4]

## III.  Singer's Untimely Declaration Is Not Permissible Supplementation Under Rule 26(e)

Rule 26(e), which directs parties to "supplement or correct" materially "incomplete or incorrect" expert disclosures, does not apply. This Rule "is not intended to give a party a second crack at making expert disclosures that, after their court-imposed due date, are discovered, or claimed by the other side, to be deficient in some way." *Behland v. Midwest Generation EME, LLC*, 2008 WL 11516689, at *2 (N.D. Ill. Jan. 15, 2008). "If that were what the Rule meant, it would make court-imposed Rule 26(a)(2) disclosure dates effectively meaningless." *Id.*

Plaintiffs seek to take just that "second crack." Singer does not suggest his initial analysis was "incorrect," and he does not seek to confront new facts. Instead, he seeks to rebut defendants' *Daubert* motion, which was based on criticisms Hill disclosed months ago. *See* Mot. to Exclude at 6-8; ECF No. 785-2, Singer Decl. ¶¶2-3 (taking issue with the *Daubert* motion). But the "time ha[s] long passed to disclose a new report on a previously unexplored topic," *Kopplin v. Wis. Cent. Ltd.*, 914 F.3d 1099, 1103 (7th Cir. 2019) (affirming refusal to consider belated expert affidavit), which means Singer cannot now "sandbag [defendants] with claims and issues" that should have

---

[4] Plaintiffs suggested that one of defendants' experts could submit a "rebuttal declaration" to Singer's declaration or defendants could depose Singer for an hour about it. Ex. 3, Email from R. Cipolla (Feb. 24, 2025). This would not cure the prejudice, as either option would foist upon defendants burden and expense—and lead to inevitable delays—due solely to plaintiffs' failure to comply with Court orders.

been addressed earlier, *Sonrai Sys., LLC v. Romano*, 2022 WL 4646323, at \*7 (N.D. Ill. Sept. 30, 2022); *see also Malibu Media LLC v. Doe*, 2016 WL 464045, at \*13 (N.D. Ill. Feb. 8, 2016) (adding untimely opinions "is gamesmanship under the guise of supplementation"). Because Rule 26(e) does not allow supplementation after the court-imposed deadline to cure failings identified by the opposing party, Singer's untimely declaration cannot be saved on this ground. *See Behland*, 2008 WL 11516689, at \*2.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court strike Singer's new declaration (ECF No. 785-2) and associated opinions and analyses.

Dated: February 25, 2025

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
    AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE
    AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6800
seth.waxman@wilmerhale.com

Edward W. Feldman
Daniel Martin Feeney
MILLER SHAKMAN LEVINE &
    FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601

Respectfully submitted,

By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

-10-

Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for The Trustees of the University of Pennsylvania*

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS US LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI BRENNAN &
BAUM LLP
200 South Wacker Drive, Floor 22
Chicago, IL 60604
Tel: (312) 681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Massachusetts Institute of Technology*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Feyilana Lawoyin
Cole T. Wintheiser
William J. Donnelly
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
Tel: 202-434-5000
rvankirk@wc.com
jpitt@wc.com
skirkpatrick@wc.com
mheins@wc.com
flawoyin@wc.com
cwintheiser@wc.com
wdonnelly@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for University of Notre Dame du Lac*

-11-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2025, I caused a true and correct copy of the foregoing document to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Britt M. Miller*
Britt M. Miller

*Counsel for Georgetown University*

-12-