**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | **Case No. 1:22-cv-00125** |
| Plaintiffs, | |
| v. | **Hon. Matthew F. Kennelly** |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**JOINT STATUS REPORT REGARDING THE MARCH 14, 2025 MINUTE ENTRY PERTAINING TO SETTLEMENT CLASS MEMBER'S REQUEST TO FILE A LATE CLAIM**

**March 18, 2025**

In accordance with the Court's Order on March 13, 2025 (ECF No. 814), Settlement Class Counsel and Counsel for Cornell University submit this Joint Status Report concerning a Settlement Class member's communication with the Court, dated March 13, 2025 ("Class Member Communication") (ECF No. 815). The Settlement Class Member at issue, a Cornell University alumnus (hereinafter, the "Cornell Alumnus"), asserts that while he received notice via email of the settlements with Caltech and Johns Hopkins (the "Fourth Tranche Settlements") on February 22, 2025, he did not receive initial notice or notice of the claim form for the settlements with Brown University, University of Chicago, Columbia University, Dartmouth College, Duke University, Emory University, Northwestern University, Rice University, Vanderbilt University, and Yale University (the "first ten settlements"). He requests that the Court permit him to submit a late claim relating to the first ten settlements because of this alleged lack of notice.

However, Settlement Class Counsel's investigation revealed that the Cornell Alumnus in fact received actual notice of the first ten settlements. Following this Court's March 13, 2025 Minute Entry, Settlement Class Counsel promptly contacted Angeion, the Settlement Claims Administrator, to look into the matter. Angeion determined that, on March 29, 2024, the Cornell Alumnus was provided initial notice of the first ten settlements via email at the same email address at which the Cornell Alumnus received notice of the Fourth Tranche Settlements. *See* March 18, 2025 Decl. of Steven Weisbrot ("March Weisbrot Decl.") ¶ 8. The Cornell Alumnus was then provided with and received notice of the claim form on September 15, 2024 at that same email address. *See* March Weisbrot Decl. ¶ 10. Angeion uses a service that allows it to track email delivery, opens, and clicks with a high rate of accuracy. *Id.* ¶ 14. Angeion's data reflects that the Cornell Alumnus opened the initial notice of the first ten settlements at 4:32:57

1

p.m. ET on March 29, 2024 (the day the initial notice of the first ten settlements was delivered to his email inbox). He then both opened the claim form notice for the first ten settlements and clicked on the hyperlink to the settlement website at 9:23:47 am ET on September 15, 2024 (the day the claim form notice relating to the first ten settlements was delivered to his inbox). *Id.* ¶¶ 8, 10. Thus, the Cornell Alumnus's claim that he did not receive notice of the first ten settlements is contradicted by the information maintained by Angeion.

Settlement Class Counsel and Counsel for Cornell maintain that the notice program for the first ten settlements was robust and far exceeds the standards required by Rule 23 and the due process clause. *See* February 24, 2025 Joint Status Report Regarding Minute Entry Pertaining to Settlement Class Notice (ECF No. 793) ("February 24, 2025 JSR") at 7-8. The notice program for the first ten settlements included: direct email notice to the Settlement Class Members via contact information provided by all Defendants,[1] a social media campaign, a paid search campaign, issuance of several press releases, and extensive free media coverage. *Id.* at 2-5. Settlement Class Counsel surmise that what is happening with regard to the Cornell Alumnus and several other Settlement Class Members is the inevitable result of sending out two waves of email notices (the first for the first ten settlements and the second for the Fourth Tranche Settlements) to hundreds of thousands of people separated by approximately six months. People sometimes do not read or remember all of their emails. It is for this reason that Settlement Class Counsel proposed an extended deadline of either March 14, 2025 or March 28, 2025 to give Settlement Class Members somewhere between an additional two and four weeks to file a claim. *See Id.* at 9.

---

[1] Where emails were deemed invalid, Angeion provided direct mailed notice via first-class mail to the address provided, or, if the address was reflected as changed in the National Change of Address Database, the most recent available address. *Id.* at 3. If the mailed notices were returned as undeliverable, Angeion performed skip tracing to try to determine the Settlement Class member's most recent address. *Id.*

2

Because several weeks have now passed, Settlement Class Counsel would propose that the extended deadline be two weeks from the date of the March 20, 2025 status conference—April 3, 2025. Should the Court agree with Settlement Class Counsel's prior proposal in the February 24, 2025 JSR to extend the claims filing deadline for the first ten settlements, Settlement Class Counsel will consider the Cornell Alumnus's claim with respect to the first ten settlements, along with the approximately 7,900 other late claims already received, as timely submitted.

Dated: March 18, 2025

Respectfully Submitted,

By:/s/ *Edward J. Normand*
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
Peter Bach-y-Rita
FREEDMAN NORMAND
FRIEDLAND LLP
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
Tel.: 646-350-0527
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law
pbachyrita@fnf.law

Ivy Ngo
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: 786-924-2900
ingo@fnf.law

By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

/s/ *Robert D. Gilbert*
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David Copeland
Natasha Zaslove
GILBERT LITIGATORS &
COUNSELORS, P.C.
11 Broadway, Suite 615
New York, NY 10004
Phone: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@ gilbertlitigators.com
nzaslove@gilberlitigators.com


*/s/ Eric L. Cramer*
Eric L. Cramer
Ellen T. Noteware
David Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: 215-875-3000
ecramer@bm.net
enoteware@bm.net
dlanger@bm.net
jgradwohl@bm.net

Richard Schwartz
BERGER MONTAGUE PC
110 North Wacker Drive, Suite 2500
Chicago, IL 60606
Tel: 773-257-0255
rschwartz@bm.net

Daniel J. Walker
Robert E. Litan
Hope Brinn
BERGER MONTAGUE PC
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel.: 202-559-9745

rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs*