UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No.: 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**[PROPOSED] ORDER GRANTING FINAL JUDGMENT AND
ORDER OF DISMISSAL, APPROVING SETTLEMENTS WITH DEFENDANTS
CALIFORNIA INSTITUTE OF TECHNOLOGY AND THE JOHNS HOPKINS
UNIVERSITY, AND GRANTING SETTLEMENT CLASS COUNSEL'S MOTION FOR
SERVICE AWARDS FOR THE CLASS REPRESENTATIVES, REIMBURSEMENT OF
<u>EXPENSES, AND ATTORNEYS' FEES</u>**

On June 20, 2025, the Court held a Fairness Hearing on Plaintiffs' Motion for Final

Approval of Settlements with California Institute of Technology ("Caltech") and the Johns

Hopkins University ("Johns Hopkins") (collectively, "Settling Defendants") (together with

1

Plaintiffs, the "Parties"). Due and adequate notice of the Settlement Agreements[1] having been given to members of the Settlement Class (defined below), the Fairness Hearing been held and the Court having considered (i) Plaintiffs' Memorandum of Law in Support of Their Motion for Final Approval of Proposed Settlements, (ii) Plaintiffs' Memorandum of Law in Support of Settlement Class Counsel's Motion for Service Awards for the Class Representatives, Reimbursement of Expenses, and Attorneys' Fees, (iii) the Fourth Tranche Allocation Plan (ECF No. 776-5), (iv) the Allocation Plan Process (ECF No. 703-3), (v) the April 24, 2025 Declaration of Steven Weisbrot of Angeion Group, LLC Re: Implementation of Notice Plan and Report on Exclusions and Objections Received, (vi) the April 2, 2025 Declaration of Katelyn Hazlitt of Angeion Group re: CAFA Notice; (vii) the April 24, 2025 Declaration of Lisa Hawkins of Angeion Group re: Compliance with 28 U.S.C. § 1715(b), and (viii) all papers filed and proceedings held herein relating to the Settlement Agreements, and otherwise being fully informed in the premises, and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreements among Plaintiffs and Settling Defendants (their respective settlements, collectively, the "Settlement Agreements" or "Settlements"),[2] and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

---

[1] The "Settlement Agreements" between Plaintiffs and Settling Defendants were executed on the following dates: Johns Hopkins on August 6, 2024 and Caltech on November 1, 2024.
[2] Cornell University ("Cornell"), Georgetown University ("Georgetown"), Massachusetts Institute of Technology ("MIT"), University of Notre Dame du Lac ("Notre Dame"), and University of Pennsylvania ("Penn") are referred to hereinafter as "Non-Settling Defendants." Non-Settling Defendants and Settling Defendants are collectively referred to as "Defendants."

2. As a part of the Settlement Agreements, Settling Defendants agreed to pay Plaintiffs a combined total of $35.25 million, with Caltech agreeing to pay $16.75 million and Johns Hopkins agreeing to pay $18.5 million.

3. In addition, Johns Hopkins agreed to complete certain limited discovery, as detailed in its Settlement Agreement.

4. For settlement purposes only, the Court hereby finally certifies the Settlement Class, as defined below, and in the Court's Order preliminarily approving the settlements. The Settlement Class is defined as follows:

    a. All persons who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[3] The Class Period is defined as follows:

        i. For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through February 28, 2024.

        ii. For Brown, Dartmouth, Emory—from Fall Term 2004 through February 28, 2024.

---

[3] For the avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

3

    iii. For CalTech—from Fall Term 2019 through February 28, 2024.

    iv. For Johns Hopkins—from Fall Term 2021 through February 28, 2024.

  b. Excluded from the Class are:

    i. Any Officers[4] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices;

    ii. any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

    iii. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

  3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all the applicable requirements of Fed. R. Civ P. 23(a) and (b)(3), as explained in its Order Granting Preliminary Approval of the Settlements with Caltech and Johns Hopkins (ECF No. 782). The Court hereby finds, in the specific context of these Settlements, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) common questions of law and fact exist with regard to proving Defendants' alleged agreement to artificially suppress the amount of institutional

---

[4] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

financial aid each institution provides to its students and its effects, Fed. R. Civ. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, Fed. R. Civ. P. 23(a)(3); and (iv) Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class, all of whose claims arise from the same factual predicate, and Plaintiffs and Settlement Class Counsel have adequately represented the interests of all members of the Settlement Class under Fed. R. Civ. P. 23(a)(4). The Court also finds, for purposes of settlement only, common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently resolving this controversy under Fed. R. Civ. P. 23(b)(3).

4. Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams ("Plaintiffs") are certified as representatives of the Settlement Class under Fed. R. Civ. P. 23(a) and (e).

5. Pursuant to Fed. R. Civ. P. 23(g), Freedman Normand Friedland LLP, Gilbert Litigators & Counselors, and Berger Montague PC are certified as Settlement Class Counsel.

6. The Court has jurisdiction over this action, each of the Parties, and all members of the Settlement Class for these Settlements.

7. The notice of the Settlements (substantially in the form this Court approved in Exhibits A and B to the January 17, 2025 Declaration of Steven Weisbrot (ECF Nos. 776-8 & 776-9)) (the "Notice") directed to the members of the Class via First Class Mail, email, and through a media campaign constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice Plan articulated in the January 17, 2025 Declaration of Steven Weisbrot (ECF No. 776-7) provided for individual notice to all members of the Settlement Class who were identified through reasonable efforts.

8. The Court finds that the Notice Plan implemented pursuant to the Settlement Agreements and the Court's Preliminary Approval Order (ECF No. 782): (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlements, of their right to appear at the Final Fairness Hearing, of the Fourth Tranche Allocation Plan, of the Allocation Plan Process, and of Settlement Class Counsel's application for service awards and for an award of attorneys' fees and reimbursement of litigation expenses; (iii) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (iv) constituted due, adequate, and sufficient notice and met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

9. The Court finds that (6) six purported members of the Settlement Class validly excluded themselves. Attached as Exhibit G to the April 24, 2025 Declaration of Steven Weisbrot lists the excluded members of the Settlement Class. The Clerk of the Court shall, for a period of five years, maintain the record of persons that have excluded themselves from the Settlement Class. A certified copy of such records shall be provided to Settling Defendants.

10. The Court finds that no members of the Settlement Class have objected to the Settlements.

11. The Court finds that Settling Defendants have complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlements, as set forth in the respective Settlement Agreements. This Court finds that the Settlements meet all requirements of Fed. R. Civ. P. 23(e) and are, in all respects,

fair, reasonable, and adequate, and in the best interest of the Settlement Class, including the Plaintiffs, as explained in the Court's Preliminary Approval Orders and as further set forth herein. This Court finds that the Settlements set forth in the Settlement Agreements are the result of *bona fide* and extensive arm's-length negotiations conducted in good faith between Settlement Class Counsel and counsel for Settling Defendants, which were consummated with the assistance of mediator and former U.S. District Court Judge Layn Phillips and his colleagues Miles Ruthberg and Clay Cogman at Phillips ADR. This Court further finds that Settlement Class Counsel and Plaintiffs have adequately represented the Settlement Class for the purpose of entering and implementing the Settlement Agreements, that the relief provided for the Settlement Class is reasonable and adequate, and that the Fourth Tranche Allocation Plan treats members of the Settlement Class equitably relative to each other. Accordingly, the Settlements embodied in the Settlement Agreements are hereby approved in all respects, and Settlement Class Members are bound by the Settlement Agreements and all of their terms. The Parties are hereby directed to carry out the Settlement Agreements in accordance with all of their terms and provisions.

13. The Court hereby approves provision 7(e) of the Settlement Agreements permitting Settlement Class Counsel to obtain certain early payments of any fee or expense award awarded by this Court notwithstanding the existence of any timely-filed objections thereto, or potential therefrom, or collateral attack on the Settlements. Should Settlement Class Counsel obtain such an early payment, Settlement Class Counsel must make appropriate refunds or repayments to the Settlement Fund with interest that would have accrued if the early payment(s) had not been made, within five business days, if and when, as a result of any appeal or further proceedings on remand, action by or ruling of the Court, or successful collateral attack,

the fee or award of costs and expenses is reduced or reversed, or in the event the Settlements do not become final or are rescinded or otherwise fail to become effective.

14.  Notwithstanding the entry of this Order and Final Judgment, if the Settlement Agreements are disapproved in whole or in party by the Court, any appellate court, or any other court of review, or do not become Final, then the provisions of this Order and Final Judgment dismissing Plaintiffs' claims against Settling Defendants shall be null and void with respect to such Settlements; Plaintiffs' claims shall be reinstated; Settling Defendants' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlements, and all actions associated with them, including but not limited to any requests for exclusion from the Settlements previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreements, including their exhibits, and any and all negotiations, documents, and discussions associated with it and releases set forth therein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreements were signed as of the dates specifically set forth in each of the Settlement Agreements. Notwithstanding language in this Section, any provision(s) in the Settlement Agreements that the Parties have agreed shall survive their termination shall continue to have the same force and effect intended by the Parties.

15.  The Settlement Funds defined in the Settlement Agreements have been established in Escrow Accounts[5] to be treated as "qualified settlement funds" within the meaning of Treas. Reg. § 1.468B-1.

---

[5] As defined in the Settlement Agreements, the Escrow Accounts are qualified settlement escrow accounts that hold the Settlement Funds.

16. Without affecting the finality of the Order and Final Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the consummation, administration, and enforcement of the Settlement Agreements and the Settlements contemplated thereby and over the enforcement of this Order and Final Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreements, the Settlements, the Fourth Tranche Allocation Plan, the Allocation Plan Process, or the Settlement Funds, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlements and the Fourth Tranche Allocation Plan and the Allocation Plan Process after the entry of the Order and Final Judgment, and to consider or approve the amounts of distributions to members of the Settlement Class. In addition, without affecting the finality of the Order and Final Judgment, Plaintiffs, Settling Defendants, and members of the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of Illinois for any suit, action, proceeding, or dispute arising out of or relating to this Order and Final Judgment or the Settlement Agreements. Any dispute involving Plaintiffs, Settling Defendants, or members of the Settlement Class concerning the implementation of the Settlement Agreements shall be submitted to this Court.

17. The Court hereby confirms the appointment of Huntington National Bank as the Escrow Agent.

18. The Court hereby confirms the appointment of Angeion Group LLC ("Angeion") as Settlement Administrator.

19. As set forth in the Settlement Agreements and this Order and Final Judgment and, upon the Effective Date, the Court hereby approves the Releasors' (as defined in each of the Settlement Agreements) release against the Releasees (as defined in each of the Settlement

Agreements) for any and all claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees, known or unknown, accrued or unaccrued, contingent or absolute, suspected or unsuspected, in law, equity, or otherwise, that Plaintiffs ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively, as assignees or in any other capacity, to the extent alleged in the Complaint or to the extent arising out of or relating to a common nucleus of operative facts with those alleged in the Complaint that Plaintiffs have asserted or could have asserted in the Action (the "Released Claims"). For avoidance of doubt, claims between Settlement Class Members and Settling Defendants arising in the ordinary course and not arising out of or relating to a common nucleus of operative facts with the facts alleged in the Complaint will not be released. The Court further finds that Releasors shall be bound by the respective releases set forth in Paragraphs 13 and 14 of each of the Settlement Agreements and shall be forever barred from asserting any claims or liabilities against Settling Defendants covered by the respective Released Claims against any of the Releasees.

20. The Court further declares that the Settlement Agreements and the Order and Final Judgment preclude all members of the Settlement Class, whether or not a Settlement Class Member submits a claim as part of the Fourth Tranche Allocation Plan and Allocation Plan Process, from asserting or prosecuting any of the Released Claims against any Releasee. All Released Claims of all members of the Settlement Class are hereby extinguished as against any and all Releasees.

21. The Fourth Tranche Allocation Plan is approved as fair, reasonable, and adequate and consistent with all applicable standards and due process of law. Further, the Allocation Plan Process (Ex. F to May 28, 2024 Weisbrot Decl., ECF No. 703-3) and the Claim Form submitted

10

with Plaintiffs' Motion for Final Approval (Ex. F to April 24, 2025 Decl. of Steven Weisbrot), are also approved as fair, reasonable, and adequate, and consistent with all applicable standards and due process of law.

22. The Court directs Angeion to distribute the Net Settlement Fund[6] as provided in the Fourth Tranche Allocation Plan and Allocation Plan Process (as modified to reflect the Net Settlement amount and that claimants in prior settlements are automatically considered claimants for the Johns Hopkins and Caltech Settlements). Angeion shall distribute the Net Settlement Fund, *pro rata*, based on estimates of the total amount in dollars that each Claimant paid to a Defendant during the Settlement Class Period in accordance with the formula set forth in greater detail in the Fourth Tranche Allocation Plan and the procedure set forth in the Allocation Plan Process. If excess funds exist after making one or more distributions to members of the Settlement Class, Plaintiffs and Settling Defendants may seek leave of Court to distribute any excess funds to a Court-approved *cy pres* recipient if it were determined that further distributions would not be cost-effective.

23. The Court approves the schedule proposed in the Allocation Plan Process. Within 60 days of this Order, Angeion will mail or email a notice with a link to a pre-populated Claim Form to the Settlement Class and post the Claim Form on the Settlement Website within 60 days of this Order. Settlement Class Members who have not excluded themselves from the Caltech and Johns Hopkins Settlements and have already submitted valid and timely claim forms for prior settlements will automatically be considered claimants for the Caltech and Johns Hopkins

---

[6] "Net Settlement Fund" means the $35,250,000 Settlement Fund, plus any interest earned on the Settlement Fund, and net of Court awarded attorneys' fees, expenses, service awards for the Plaintiffs (including interest earned thereon), and Settlement costs, including costs of notice to the Settlement Classes and Settlement Administrator.

11

Settlements. All members of the Settlement Class who have not previously submitted a valid and timely claim form will have 150 days from this Order to submit their Claim Form for the Caltech and Johns Hopkins Settlements. After the deadline for submissions of Claim Forms, Angeion, in consultation with Settlement Class Counsel, will prepare a final report for the Court's review and approval, detailing the distribution schedule. Once the Court approves the final report, members of the Settlement Class will receive payment from the Net Settlement Fund.

24. Settlement Class Counsel have moved for reimbursement of expenses in the amount of $2,441,739.12 and an award of attorneys' fees of one-third of the settlement amount of $35.25 million, or $11,750,000 (and any and all interest accrued thereon) (ECF No. 830). Such motion and supporting papers have been on the docket and prominently placed on the Settlement website (www.financialaidantitrustsettlement.com) since March 26, 2025.

25. Balanced against the many significant risks and uncertainties of litigation and without the benefit of a prior government case or investigation and considering that litigation continues against five non-settling Defendants, the Settlements here provide an exceptional result for the Settlement Class and support Settlement Class Counsel's request for attorneys' fees.

26. The requested attorneys' fees are at a reasonable market rate for Settlement Class Counsel's services had they been negotiated *ex ante*. The sought fee of one-third of the Settlement Fund is within the ordinary range of contingency fee arrangements actually negotiated *ex ante* between parties in complex antitrust actions. *See*, *e.g.*, *In re Broiler Chicken Antitrust Litig.*, 2021 WL 5709250, at *4 (N.D. Ill. Dec. 1, 2021) ("The fact that fee awards in antitrust cases in this circuit are almost always one-third is a strong indication that this should be considered the 'market rate.'" (citations omitted)).

27. Settlement Class Counsel undertook this case on a wholly contingent basis and ran

12

a substantial risk of no recovery whatsoever. Through November 30, 2024, Settlement Class Counsel expended over 127,949.40 hours of professional time, amounting to a collective lodestar of $95,445,459.00 based on historical market rates, and incurred $2,441,739.12 in unreimbursed out-of-pocket expenses and outstanding invoices. The risk Settlement Class Counsel incurred of nonpayment weighs in favor of the requested fee award. When performing lodestar cross-checks, courts have approved multipliers between one and four. *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 976 (7th Cir. 1991) (multipliers between 1 and 4 have been approved). The requested attorneys' fees would result in a lodestar multiplier between .54 and 1.11 at historical rates, depending on the time period considered. This lodestar cross-check confirms the propriety of the sought fee based on any of the relevant time frames.

28. Settlement Class Counsel reasonably incurred $2,441,739.12 in as yet unreimbursed expenses through February 28, 2025. Settlement Class Counsel have submitted satisfactorily detailed documentation of their unreimbursed costs and expenses reasonably incurred in obtaining the Settlements, including costs for computerized legal research, creation and maintenance of an electronic database, substantial expert and consultant costs, travel and lodging expenses, copying, court reporters, transcripts, filing fees, and mediation expenses. These expenses are typical considering the complexity of the action and the length of the litigation. *See, e.g.*, *Standard Iron Works v. Arcelormittal*, 2014 WL 11350176, at *4 (N.D. Ill. Oct. 23, 2014) (approving $5,064,908.97 in costs and expenses in an antitrust class action that partially settled prior to the filing of summary judgment motion).

29. Upon consideration of Settlement Class Counsel's petition for fees, costs, and expenses, the Court hereby grants the requests in full. The requested attorneys' fees, costs, and expenses are reasonable and supported by prior fee awards. Settlement Class Counsel are

awarded attorneys' fees totaling $11,750,000 (representing one-third of the Settlement Fund) and costs and expenses totaling $2,441,739.12, together with a proportionate share of the interest earned thereon from the date the funds are deposited in the Escrow Accounts until payment of such attorneys' fees, costs, and expenses, to be paid solely from the Settlement Fund. The attorneys' fees, costs, and expenses authorized and approved by this Final Judgment and Order shall be paid after these Settlements become final pursuant to Paragraph 7 of the Settlement Agreements or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreements and the Escrow Agreements. The Releasees shall have no responsibility for, and no liability whatsoever with respect to any payment or disbursement of attorneys' fees, expenses, costs or service awards among Settlement Class Counsel and/or Class Representatives, nor with respect to any other person or entity who may assert any claim thereto. The attorneys' fees, costs, and expenses and service awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Settlement Class Member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses and service awards, and Plaintiffs and members of the Settlement Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or service awards from Settling Defendants other than from the Settlement Fund.

30. Settlement Class Counsel's request for service awards of $2,500 to each of the eight Class Representatives is reasonable. The Settlement Class benefitted substantially from the Class Representatives' actions, as this case would not exist without their assistance in the prosecution of the Action.

31. The Class Representatives have spent significant time and effort in litigating this Action, including: (1) providing key information in the pre-suit investigation; (2) reviewing and

signing off on key filings; (3) searching for and collecting thousands of relevant documents produced in discovery; (4) preparing and sitting for lengthy depositions; and (5) reviewing and approving the settlement papers.

32. The proposed service awards here are consistent with other awards in this Circuit, especially when considering that the Class Representatives are individuals with limited resources. *See*, *e.g.*, *Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998) (affirming incentive award of $25,000 to class representatives); *In re Broiler Chicken Antitrust Litig.*, 2021 WL 5709250, at *5 (awarding $15,000 to each of the five class representatives).

33. Upon consideration of Settlement Class Counsel's petition for service awards for Class Representatives, Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams are each hereby awarded $2,500 to be paid solely from the Settlement Fund immediately after the Settlements become final in accordance with Paragraph 7 of the Settlement Agreements. The service awards are appropriate and reasonable given the circumstances.

34. This Order and Final Judgment terminates and disposes of all claims against the Settling Defendants in this Action with prejudice and without costs (except as provided for in the Settlement Agreements). Pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay in entering final judgment, and the Court hereby directs the Clerk to dismiss the claims in this Action against Settling Defendants with prejudice and without costs and to enter judgment forthwith in accordance with the terms of this Order and Final Judgment, which judgment shall be final and appealable.

SO ORDERED this \_\_\_\_ day of \_\_\_\_\_, 2025

                                          _____
The Honorable Matthew F. Kennelly
United States District Judge