# EXHIBIT 68

**Memorandum of Understanding**
**The 568 Presidents' Group**

The undersigned institution agrees to participate in the collaborative work of the 568 Presidents' Group under the following guidelines:

**Purposes** -- The purposes of the Group are to:

1. Maintain financial aid policies and procedures that are designed to bring greater clarity, simplicity, and fairness to the process of assessing each family's ability to pay for college.
2. Discuss and agree upon common principles of analysis for determining the financial need of undergraduate financial aid applicants.
3. Build, maintain, and revise, as appropriate, a Consensus Approach need analysis methodology that is consistent with these principles.

**Participation** -- Participation in the Group is limited by federal law to colleges and universities that practice need-blind admissions.[1] Participating institutions shall recertify their compliance with Section 568 annually. If, at any time, an institution fails to meet the need-blind requirement, it shall notify the group's chair and its participation shall terminate immediately.

**Organization** -- The presidents of the participating institutions shall appoint a Steering Committee consisting of at least three presidents, one of whom shall serve as Chairperson. Each participating institution shall also designate an individual to represent the institution on a Need Analysis Council and members of that Council shall in turn elect a Chairperson from amongst its members to serve as Chairperson of the Technical Committee and to preside at meetings of the Council. The Technical Committee will serve as the coordinating and policy review body of the Need Analysis Council, reporting on behalf of the Council to the presidents of the 568 Group. Members of the Technical Committee shall be drawn from the Need Analysis Council. Working subcommittees may be appointed, as needed, from time to time.

**Term and Assessment** -- A review and assessment of the activities of the Group shall be conducted periodically to determine whether continuation of the Group is recommended. The Group's continuation is also contingent on the renewal of Section 568 by Congress.[2] An eligible institution may voluntarily resign from the Group by giving written notice to the Chairperson of the Steering Committee.

**Funding** -- Dues shall be collected to pay for various costs associated with meetings, conferences, and other expenses. Each institution will be assessed an initial fee of $1,000 and a

participating institution shall serve as the administrator of such funds. The collection of additional funds from member institutions may be authorized by the participants from time to time to pay for expenses not covered by the initial fee.

**Staffing and Counsel** -- To the extent that the Group may require clerical and logistical support to advance its agenda, the Group may designate a representative of a member institution or an independent third party to provide such support. Reimbursement for such support shall be made from dues collected from the participants. The Group shall retain counsel to provide legal advice to the Group.

**Work Plan** -- The Need Analysis Council shall prepare an annual Work Plan for discussion and approval by the participating institutions. The Work Plan shall describe the activities to be carried out and provide a timetable for their implementation. At the conclusion of each year, the Need Analysis Council shall submit to the presidents of the participating institutions a report of the Group's activities and a financial statement of expenses incurred.

**Effective Date** -- This Agreement shall be effective

Agreed to this 4 day of MAY, 2020

UNIV. OF NOTRE DAME
Institution

JOHN JENKINS, PRESIDENT
Senior Officer's Name and Title

[signature]
Senior Officer's Signature

[1]As defined in Section 568 of the Improving America's Schools Act, the term "need-blind" means admitting U.S. nationals or resident aliens without regard to the financial circumstances of the student or the student's family.
[2] The current exemption expires on September 30, 2022.

**Application of Antitrust Laws to Award of Need-Based Educational Aid**
15 U.S.C 1 Note
(as amended by Pub. L. 114–44)

Pub. L. 103–382, title V, § 568(a)–(d), Oct. 20, 1994, 108 Stat. 4060, 4061, as amended by Pub. L. 105–43, § 2(a), Sept. 17, 1997, 111 Stat. 1140; Pub. L. 105–244, title I, § 102(a)(3), Oct. 7, 1998, 112 Stat. 1618; Pub. L. 107–72, § 2, Nov. 20, 2001, 115 Stat. 648; Pub. L. 110–327, § 2, Sept. 30, 2008, 122 Stat. 3566; Pub. L. 114–44, § 2, Aug. 6, 2015, 129 Stat. 472, provided that:

"(a) Exemption.—It shall not be unlawful under the antitrust laws for 2 or more institutions of higher education at which all students admitted are admitted on a need-blind basis, to agree or attempt to agree—

"(1) to award such students financial aid only on the basis of demonstrated financial need for such aid;

"(2) to use common principles of analysis for determining the need of such students for financial aid if the agreement to use such principles does not restrict financial aid officers at such institutions in their exercising independent professional judgment with respect to individual applicants for such financial aid; or

"(3) to use a common aid application form for need-based financial aid for such students if the agreement to use such form does not restrict such institutions in their requesting from such students, or in their using, data in addition to the data requested on such form.

"(b) Limitations.—Subsection (a) shall not apply with respect to—

"(1) any financial aid or assistance authorized by the Higher Education Act of 1965 (20 U.S.C. 1001 et seq.) [and 42 U.S.C. 2751 et seq.]; or

"(2) any contract, combination, or conspiracy with respect to the amount or terms of any prospective financial aid award to a specific individual.

"(c) Definitions.—For purposes of this section—

"(1) the term 'alien' has the meaning given such term in section 101(3) [101(a)(3)] of the Immigration and Nationality Act (8 U.S.C. 1101(3) [1101(a)(3)]);

"(2) the term 'antitrust laws' has the meaning given such term in subsection (a) of the first section of the Clayton Act (15 U.S.C. 12(a)), except that such term includes section 5 of the Federal Trade Commission Act (15 U.S.C. 45) to the extent such section applies to unfair methods of competition;

"(3) the term 'institution of higher education' has the meaning given such term in section 101 of the Higher Education Act of 1965 [20 U.S.C. 1001];

"(4) the term 'lawfully admitted for permanent residence' has the meaning given such term in section 101(20) [101(a)(20)] of the Immigration and Nationality Act (8 U.S.C. 1101(20) [1101(a)(20)]);

"(5) the term 'national of the United States' has the meaning given such term in section 101(22) [101(a)(22)] of the Immigration and Nationality Act (8 U.S.C. 1101(22) [1101(a)(22)]);

"(6) the term 'on a need-blind basis' means without regard to the financial circumstances of the student involved or the student's family; and

"(7) the term 'student' means, with respect to an institution of higher education, a national of the United States or an alien admitted for permanent residence who is admitted to attend an undergraduate program at such institution on a full-time basis.

"(d) Expiration.— Subsection (a) shall expire on September 30, 2022."