Peter Bach-y-Rita
145 Vasquez Avenue
San Francisco, CA 94127
peter.bachyrita@gmail.com
(415) 948-9625

June 20, 2025

**VIA ECF**

Honorable Matthew F. Kennelly
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604
matthew_kennelly@ilnd.uscourts.gov

RE: *Henry et al. v. Brown University et al.*, Case No. 22-cv-00125

Dear Judge Kennelly:

I write regarding plaintiffs' counsel's response (Dkt. 879) to my June 19 letter regarding my concerns about counsel's violations of the ethical rules. As noted in my letter to the Court, Plaintiffs' counsel informed me yesterday that they would request that the decision on their pending fee application (Dkt. 830) not be entered before mid-July, which would provide time to further evaluate the facts and ascertain whether and to what extent they present meaningful issues requiring this Court's attention. Plaintiffs' counsel's response does not dispute that portion of my letter, and I remain amenable to that approach if it is acceptable to the Court.

To the extent plaintiffs' counsel's response letter seeks to renege on that commitment on the theory that they have "mooted" my concerns by obtaining consent from the named plaintiffs within the last two days, my concerns are only heightened. Plaintiffs' counsel has taken multiple contradictory positions over the last two days. While refusing to share the basic information of (i) how the fees awarded in this Court's July 2024 Order were ultimately divided, (ii) how the requested fee award that is the subject of counsel's pending motion (Dkt. 830) is expected to be divided, (iii) the reasons for reallocation of fees without informing the Court or clients, (iv) when and how the clients consented to that division, and (v) what information was provided to clients or the Court to ensure that informed consent is obtained.

My concerns are also guided by the fact that after I tried (repeatedly) to explain that the co-counsel agreements in this case were non-compliant with the ethical rules, my colleagues not only refused to address my concerns, but also retaliated severely against me, including by purporting to cut me out of my agreed-upon share of the attorneys' fees entirely. In fact, they are

currently holding back my entire portion of the fee award in this case, denying me any participation at all in the Court's fee award.[1]

My concerns are deepened further by the fact that yesterday, as plaintiffs' counsel were evidently in the process of securing their recently obtained client "consents," Velvel (Devin) Freedman of Freedman Normand Friedland sent me an email forbidding me, "as a directive from employer to employee," from communicating with plaintiff Sia Henry, a client who originally retained me personally, in May 2021, to represent her in this matter. *See* Exhibit A. Freedman's draconian email raises serious questions about what information plaintiffs' counsel have disclosed to their clients, and what information they have withheld, in securing their purported consent.[2]

As noted above, I remain amenable to further evaluating and discussing the facts with plaintiffs' counsel in the coming days and to apprising the Court, by no later than July 8, 2025, as to the status of those discussions. Alternatively, I also remain amenable to any other preference the Court may have, including to address this matter at the upcoming hearing or as part of an *in camera* conference or submission upon request.

I thank the Court for its attention to these serious issues.

                                                              Respectfully,

                                                              /s/ Peter Bach-y-Rita

                                                              Peter Bach-y-Rita

cc: All counsel of record (via ECF)

---

[1] Plaintiffs' counsel has sought to exploit this fact by suggesting to the Court that my raising these concerns was really some sort of "leverage" tactic in the context of that dispute—a claim they contradicted by telling me that if I were to raise my concerns for the Court, it would further impair my ability to ever voluntarily obtain remittance of the fees to which I am entitled.

[2] Plaintiffs' counsel's suggestion that Rule 1.5(f) is somehow "inapplicable" in class actions is not supported by the case they cite, which concerned the very different issue of a class representative's burden to assume litigation costs, not counsel's duty to obtain written client consent to attorney fee allocations among law firms.