# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | |
| v. | Case No. 1:22-cv-00125 |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | Hon. Matthew F. Kennelly |
| *Defendants*. | |

**DEFENDANTS' MOTION FOR LIMITED DISCOVERY INTO PLAINTIFFS'
COUNSEL'S ALLEGATIONS OF MISCONDUCT AND RELATED BRIEFING**

In a letter to the Court filed on June 19, an attorney at the lead firm representing plaintiffs made startling accusations about alleged serious ethical violations and improper conduct by class counsel. *See* ECF 878. Days later, he stated in open court that the violations he alleged in his letter were just "the tip of the iceberg," and he charged his colleagues with committing "a fraud on the Court," including through the "submission of inflated billing records." Hr'g Tr. (June 23, 2025) at 18:7–9, 21:13–15. These claims raise significant questions relevant to counsel's ability to "fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(4), and thus bear on issues currently pending before the Court.

There is no question that unethical conduct by counsel seeking to represent a class is relevant to whether the class may be certified. Accordingly, defendants request leave to take limited discovery into the matters raised in counsel's letters and statements in open court, as well as the opportunity to submit supplemental briefing in opposition to the pending Motion for Class Certification (ECF 752) should that discovery reveal an additional basis for denying certification.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4)'s "'good cause' standard governs" a "request to reopen discovery" after its scheduled close. *Ferguson v. Cook Cty.*, 349 F.R.D. 210, 211 (N.D. Ill. 2025). That "good-cause standard focuses on the diligence of the party seeking" to reopen discovery, "not the prejudice to the nonmoving party." *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627–28 (7th Cir. 2013). Courts routinely "re-open[] fact discovery for the purpose of allowing [defendants] to take discovery regarding . . . newly identified" issues. *Ezell v. City of Chicago*, 2013 WL 657659, at *6 (N.D. Ill. Feb. 22, 2013).

## ARGUMENT

There is good cause to reopen discovery for the limited purpose of allowing defendants to investigate whether the alleged misconduct, first raised in June 2025, renders plaintiffs' counsel

incapable of "fairly and adequately represent[ing] the interests of the class." Fed. R. Civ. P. 23(g)(4). "Misconduct by class counsel . . . creates a serious doubt that counsel will represent the class loyally" and so "requires denial of class certification." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011); *see also Wagner v. Lehman Bros. Kuhn Loeb Inc.*, 646 F. Supp. 643, 662 (N.D. Ill. 1986) ("Reference to counsel's unethical and improper actions is sufficient to find that he cannot adequately represent the putative class in accordance with his fiduciary duties."). Consequently, "discovery has been permitted under Rule 23(g) by a number of federal courts," including within this District, into the adequacy of class counsel. *Bouissey v. Swift Transp. Co.*, 2022 WL 3013070, at *4 (C.D. Cal. June 21, 2022); *see Chapman v. First Index, Inc.*, 2012 WL 13207962, at *4 (N.D. Ill. Feb. 14, 2012).[1] Defendants should be granted leave to take discovery on the following two issues:

**Rule 1.5 Violation.** Mr. Bach-y-Rita's letter to the Court accused plaintiffs' counsel of "potential violations of the ethical rules (in particular, Rule 1.5(f) of the Illinois Rules of

---

[1] *See also Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 623 (S.D. Ill. 2007) ("[C]ourts are allotted sufficient discretion to allow defendants discovery on any consideration, mandatory or optional, pertinent to an inquiry made under Rule 23(g)."); *In re Santa Fe Nat'l Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 2018 WL 4200315, at *18 (D.N.M. Aug. 31, 2018) ("[T]he best reading of rule 23(g)(1)(C) allows the Court to order production of pertinent material to an adverse party, so that the adverse party can present informed argument why appointing certain counsel might or might not be in the classes' best interest."); *E. Me. Baptist Church v. Regions Bank*, 2007 WL 1445257, at *4 (E.D. Mo. May 10, 2007) ("Document Request Nos. 2-7 are relevant and material to the issue of whether plaintiffs' counsel can be appointed class counsel pursuant to Rule 23(g)."); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *9 (S.D.N.Y. May 24, 2007) ("Given that the Court must consider the qualifications of plaintiff's counsel in determining whether the class should be certified, it is appropriate for the defendants to obtain some discovery."); *Brown v. Tax Ease Lien Servicing, LLC*, 2017 WL 6939338, at *16 (W.D. Ky. Feb. 16, 2017) ("[T]he Court is bound to consider all matters which may be germane under Rule 23(g) . . . it should have the benefit of the parties' efforts at full discovery on such matters so that its exercise of judgment in this important regard is fully informed." (citation omitted)).

Professional Conduct)."[2] ECF 878. Rule 1.5, which concerns an attorney's duty to obtain client approval for an allocation of fees among lawyers at different law firms, was "designed to protect the client" from unscrupulous attorneys referring clients to the highest bidder rather than the most adept counsel. *DeRose v. Carone*, 2020 WL 782354, at \*4 (Ill. Ct. App. Dec. 23, 2020). Class counsel have a "duty to communicate with their clients and keep them well-informed," *Linneman v. Vita-Mix Corp.*, 2018 WL 11357090, at \*3 (S.D. Ohio Sept. 25, 2018), but Mr. Bach-y-Rita claims there are "serious questions about what information plaintiffs' counsel have disclosed to their clients, and what information they have withheld," in obtaining consent to counsel's fee arrangement, ECF 880. If class counsel are withholding material information from their clients to serve their own interests, especially regarding counsel's fee arrangement, that would unquestionably be prejudicial to the class. And even if it weren't, "misconduct not prejudicing the class" can "nevertheless jeopardize[] the integrity of the judicial process," so "can require denial of class certification." *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 254 F. Supp. 3d 1007, 1032 (N.D. Ill. 2017). Accordingly, defendants should be permitted to take discovery of plaintiffs' fee allocation arrangement, whether and when plaintiffs' counsel obtained client consent for the allocation of fees, what information counsel provided to obtain that consent, and how counsel's chosen allocation does or does not align with the relative extent of services rendered by each law firm participating in the representation of plaintiffs.

**Rule 8.4(c) Violation.** At the June 23 hearing, Mr. Bach-y-Rita alleged that plaintiffs' counsel have perpetrated "a fraud on the Court" by "submi[tting] inflated billing records"—and

---

[2] Under Local Rule 83.50 the authority governing counsel is ABA Model Rule 1.5(e), not Illinois Rule 1.5(f), but the two rules are substantially similar and the only difference—the Illinois rule allows non-proportionality where the fee split is a referral fee coupled with joint financial responsibility—is not relevant to this motion.

3

also stated this is just the "tip of the iceberg." Hr'g Tr. (June 23, 2025) at 18:7–9, 21:13–15. Submitting fraudulent bills is a clear violation of ABA Model Rule 8.4(c),[3] which prohibits attorneys from "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation." *Cf. In re Lewis*, 562 N.E.2d 198, 211 (Ill. 1990) (disbarring attorney who "repeatedly executed fraudulent documents" including sending "a client a billing statement which included charges for work not done and meetings not attended").

Fraudulent billing squarely implicates the Court's Rule 23(g) determination. "A serious or, equivalently, a major ethical violation, should place on class counsel a heavy burden of showing that they are adequate representatives of the class." *Creative Montessori*, 662 F.3d at 919 (citation omitted). Fraudulent billing is a serious ethical violation, and when such billing is submitted to a court for approval as part of a fee award, it must be viewed not only as an ethical matter but also as a fraud upon the court.[4] Fraudulent billing is also an archetypal example of misconduct that "casts serious doubt on [counsel's] trustworthiness as representatives of the class." *Id.* at 917. Defendants should therefore be permitted leave to take discovery into plaintiffs' counsel's billing records and whether counsel, by inflating their bills and using them as a basis for supporting a large percentage fee award, has put counsel's interests ahead of the interests of the class. *See Kamilewicz v. Bank of Bos. Corp.*, 1995 WL 758422, at *5 (N.D. Ill. Dec. 15, 1995) (noting there is an "inherently adversarial nature [to] the relationship between a plaintiff class and class counsel

---

[3] Illinois Rule 8.4(c) is identical to the ABA Model Rule.

[4] Joanne Pitulla, Truth in Billing Attorneys Are Paying the Price for Inflating Fee Statements, ABA J., December 1992, at 120 ("Lawyers who pad their bills are violating disciplinary rules and courting criminal prosecution."); *see also Keener v. Dep't of Army*, 136 F.R.D. 140, 150 (M.D. Tenn. 1991), aff'd, 956 F.2d 269 (6th Cir. 1992) ("Submission of a fee petition riddled with outrageously inflated, unnecessary and double-billed hours" shows "counsel has sought to perpetrate a fraud upon this Court.").

4

in a class action on the issue of attorneys' fees"), aff'd, 92 F.3d 506 (7th Cir. 1996); *see also Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002) ("If . . . the lawyer, through breach of his fiduciary obligations to the class, . . . demonstrates that he is not an adequate representative of the interests of the class as a whole, realism requires that certification be denied.").

## REQUEST FOR RELIEF

Good cause exists to permit defendants to take limited additional discovery on the topics described herein. Defendants were not previously aware of plaintiffs' counsel's alleged misconduct, despite their diligence in discovery, and Defendants could not have known about these issues before Mr. Bach-y-Rita made public his allegations in recent weeks. Indeed, Mr. Bach-y-Rita claims that his colleagues "cover[ed] up" their alleged misdeeds, keeping defendants (and the Court) entirely in the dark. Hr'g Tr. (June 23, 2025) at 21:13–15. And if it is true, as Mr. Bach-y-Rita claims, that the fraudulent billing and other ethical violations he has alleged are "very much the tip of the iceberg," *id.* at 18:7–9, then there are serious doubts that the class is being fairly represented. Discovery is warranted to probe these new, unforeseeable issues that have only come to light in recent days.

This request for discovery is a narrow one. Defendants seek only enough information to determine whether facts that were kept hidden from defendants and the Court demonstrate that plaintiffs' counsel violated ethical rules or otherwise acted in a manner inconsistent with fair and adequate class representation. Defendants respectfully request leave to serve 10 document requests and 5 interrogatories and to depose 5 witnesses to accomplish that limited purpose. Defendants further request that they be granted leave to submit short, supplemental briefing in opposition to Plaintiffs' Motion for Class Certification (ECF 752) should the record established through this limited discovery ultimately reflect evidence that the class is not adequately

5

represented. Defendants are prepared to propound and take this discovery on an expedited basis upon the Court's ruling on this motion.

Dated: July 1, 2025

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6800
seth.waxman@wilmerhale.com

Edward W. Feldman
Daniel Martin Feeney
MILLER SHAKMAN LEVINE &
   FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for The Trustees of the University of Pennsylvania*

Respectfully submitted,

By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

6

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS US LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI BRENNAN &
BAUM LLP
200 South Wacker Drive, Floor 22
Chicago, IL 60604
Tel: (312) 681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Massachusetts Institute of Technology*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Feyilana Lawoyin
Cole T. Wintheiser
William J. Donnelly
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
Tel: 202-434-5000
rvankirk@wc.com
jpitt@wc.com
skirkpatrick@wc.com
mheins@wc.com
flawoyin@wc.com
cwintheiser@wc.com
wdonnelly@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for University of Notre Dame*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2025, I caused a true and correct copy of the foregoing document to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Matthew D. Heins
Matthew D. Heins

*Counsel for University of Notre Dame*