UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No.: 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**ORDER GRANTING FINAL JUDGMENT AND
ORDER OF DISMISSAL, APPROVING THE SETTLEMENT WITH DEFENDANT THE
JOHNS HOPKINS UNIVERSITY, AND GRANTING SETTLEMENT CLASS
COUNSEL'S MOTION FOR SERVICE AWARDS FOR THE CLASS
REPRESENTATIVES, REIMBURSEMENT OF EXPENSES, AND ATTORNEYS' FEES
<u>RELATING TO THE JOHNS HOPKINS UNIVERSITY SETTLEMENT</u>**

On July 28, 2025, the Court held a Fairness Hearing regarding Plaintiffs' Motion for

Final Approval of Settlements with Defendants California Institute of Technology ("Caltech")

and Johns Hopkins University ("Johns Hopkins") but with respect to the Johns Hopkins

settlement only. Due and adequate notice of the Settlement agreement with Johns Hopkins

("Settlement Agreement" or "Settlement")[1] having been given to members of the Settlement Class (defined below), the Fairness Hearing having been held, and the Court having considered (i) Plaintiffs' Memorandum of Law in Support of Their Motion for Final Approval of the Proposed Settlement, (ii) Plaintiffs' Memorandum of Law in Support of Settlement Class Counsel's Motion for Service Awards for the Class Representatives, Reimbursement of Expenses, and Attorneys' Fees, (iii) the Fourth Tranche Allocation Plan (ECF No. 776-5), (iv) the Allocation Plan Process (ECF No. 703-3), (v) the April 24, 2025 Declaration of Steven Weisbrot of Angeion Group, LLC Re: Implementation of Notice Plan and Report on Exclusions and Objections Received, (vi) the April 24, 2025 Declaration of Lisa Hawkins of Angeion Group, LLC re: Compliance with 28 U.S.C. § 1715(b), and (vii) all papers filed and proceedings held herein relating to the Settlement Agreement, and otherwise being fully informed in the premises, and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among Plaintiffs and Johns Hopkins (the "Parties"),[2] and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. As a part of the Settlement Agreement, Johns Hopkins agreed to make a payment for the benefit of the Settlement Class of $18.5 million.

---

[1] The Settlement Agreement was executed on August 6, 2024.
[2] Cornell University ("Cornell"), Georgetown University ("Georgetown"), Massachusetts Institute of Technology ("MIT"), University of Notre Dame du Lac ("Notre Dame"), and University of Pennsylvania ("Penn") are referred to hereinafter as "Non-Settling Defendants." "Defendants" refers to all the defendants named in this action, including Non-Settling Defendants and those with whom Plaintiffs have settled.

3. For settlement purposes only, the Court hereby finally certifies the Settlement Class, as defined below, and in the Court's Order preliminarily approving the Caltech and Johns Hopkins settlements. The Settlement Class is defined as follows:

    a. All persons who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more Defendants' full-time undergraduate programs was not fully covered by the combination of any types of financial aid or merit aid (not including loans) in any undergraduate year.[3] The Class Period is defined as follows:

        i. For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through February 28, 2024.

        ii. For Brown, Dartmouth, Emory—from Fall Term 2004 through February 28, 2024.

        iii. For Caltech—from Fall Term 2019 through February 28, 2024.

        iv. For Johns Hopkins—from Fall Term 2021 through February 28, 2024.

    b. Excluded from the Class are:

        i. Any Officers[4] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate

---

[3] For the avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

[4] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

      Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices;

  ii. any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

  iii. the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

  3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all the applicable requirements of Fed. R. Civ P. 23(a) and (b)(3), as explained in its Order Granting Preliminary Approval of the Settlements with Caltech and Johns Hopkins (ECF No. 782). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) common questions of law and fact exist with regard to proving Defendants' alleged agreement to artificially suppress the amount of institutional financial aid each institution provides to its students and its effects, Fed. R. Civ. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, Fed. R. Civ. P. 23(a)(3); and (iv) Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class, all of whose claims arise from the same factual predicate, and Plaintiffs and Settlement Class Counsel have adequately represented the interests of all members of the Settlement Class under Fed. R. Civ. P. 23(a)(4). The Court also finds, for purposes of settlement only, common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently resolving this controversy under Fed. R. Civ. P. 23(b)(3).

4. Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams ("Plaintiffs") are certified as representatives of the Settlement Class under Fed. R. Civ. P. 23(a) and (e).

5. Pursuant to Fed. R. Civ. P. 23(g), Freedman Normand Friedland LLP, Gilbert Litigators & Counselors, and Berger Montague PC are certified as Settlement Class Counsel.

6. The Court has jurisdiction over this action, each of the Parties, and all members of the Settlement Class for this Settlement.

7. The notice of the Settlement (substantially in the form this Court approved in Exhibits A and B to the January 17, 2025 Declaration of Steven Weisbrot (ECF Nos. 776-8 & 776-9)) (the "Notice") directed to the members of the Class via First Class Mail, email, and through a media campaign constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice Plan articulated in the January 17, 2025 Declaration of Steven Weisbrot (ECF No. 776-7) provided for individual notice to all members of the Settlement Class who were identified through reasonable efforts.

8. The Court finds that the Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (ECF No. 782): (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Fairness Hearing, of the Fourth Tranche Allocation Plan, of the Allocation Plan Process, and of Settlement Class Counsel's application for service awards and for an award of attorneys' fees and reimbursement of litigation expenses; (iii) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (iv) constituted due, adequate, and sufficient notice and met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

9. The Court finds that (6) six purported members of the Settlement Class validly excluded themselves. Attached as Exhibit G to the April 24, 2025 Declaration of Steven Weisbrot (ECF No. 843-12) lists the excluded members of the Settlement Class. The Clerk of the Court shall, for a period of five years, maintain the record of persons that have excluded themselves from the Settlement Class. A certified copy of such records shall be provided to Johns Hopkins.

10. The Court finds that no members of the Settlement Class have objected to the Settlement.

11. The Court finds that Johns Hopkins has complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Fed. R. Civ. P. 23(e) and is, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, including the Plaintiffs, as explained in the Court's Preliminary Approval Order (ECF No. 782) and as further set forth herein. This Court finds that the Johns Hopkins Settlement as set forth in the Settlement Agreement is the result of *bona fide* and extensive arm's-length negotiations conducted in good faith between Settlement Class Counsel and counsel for Johns Hopkins, which was consummated with the assistance of mediator and former U.S. District Court Judge Layn Phillips and his colleagues Miles Ruthberg and Clay Cogman at Phillips ADR. This Court further finds that Settlement Class Counsel and Plaintiffs have adequately represented the Settlement Class for the purpose of entering and implementing the Settlement Agreement, that the relief provided for the Settlement Class is reasonable and adequate, and that the Fourth Tranche Allocation Plan treats members of the Settlement Class equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects, and Settlement Class

Members are bound by the Settlement Agreement and all of its terms. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions.

13. The Court hereby approves provision 7(e) of the Settlement Agreement permitting Settlement Class Counsel to obtain certain early payments of any fee or expense award awarded by this Court notwithstanding the existence of any timely filed objections thereto, or potential therefrom, or collateral attack on the Settlement. Should Settlement Class Counsel obtain such an early payment, Settlement Class Counsel must make appropriate refunds or repayments to the Settlement Fund with interest that would have accrued if the early payment(s) had not been made, within five business days, if and when, as a result of any appeal or further proceedings on remand, action by or ruling of the Court, or successful collateral attack, the fee or award of costs and expenses is reduced or reversed, or in the event the Settlement does not become final or is rescinded or otherwise fails to become effective.

14. Notwithstanding the entry of this Order and Final Judgment, if the Settlement Agreement is disapproved in whole or in party by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Order and Final Judgment dismissing Plaintiffs' claims against Johns Hopkins shall be null and void; Plaintiffs' claims shall be reinstated; Johns Hopkins's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and releases set forth therein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed as of the dates specifically set forth in the Settlement Agreement. Notwithstanding language in this Section, any provision(s) in the Settlement Agreement that the

Parties have agreed shall survive their termination shall continue to have the same force and effect intended by the Parties.

15. The Settlement Fund defined in the Settlement Agreement has been established in an Escrow Account[5] to be treated as "qualified settlement funds" within the meaning of Treas. Reg. § 1.468B-1.

16. Without affecting the finality of the Order and Final Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the consummation, administration, and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Order and Final Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, the Fourth Tranche Allocation Plan, the Allocation Plan Process, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement and the Fourth Tranche Allocation Plan and the Allocation Plan Process after the entry of the Order and Final Judgment, and to consider or approve the amounts of distributions to members of the Settlement Class. In addition, without affecting the finality of the Order and Final Judgment, Plaintiffs, Johns Hopkins, and members of the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of Illinois for any suit, action, proceeding, or dispute arising out of or relating to this Order and Final Judgment or the Settlement Agreement. Any dispute involving Plaintiffs, Johns Hopkins, or members of the Settlement Class concerning the implementation of the Settlement Agreement shall be submitted to this Court.

17. The Court hereby confirms the appointment of Huntington National Bank as the Escrow Agent.

---

[5] As defined in the Settlement Agreement, the Escrow Account is a qualified settlement escrow accounts that hold the Settlement Funds.

18. The Court hereby confirms the appointment of Angeion Group LLC ("Angeion") as Settlement Administrator.

19. As set forth in the Settlement Agreement and this Order and Final Judgment and, upon the Effective Date, the Court hereby approves the Releasors' (as defined in the Settlement Agreement) release against the Releasees (as defined in the Settlement Agreement) for any and all claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees, known or unknown, accrued or unaccrued, contingent or absolute, suspected or unsuspected, in law, equity, or otherwise, that Plaintiffs ever had, now have, or hereafter can, shall or may have, directly, representatively, derivatively, as assignees or in any other capacity, to the extent alleged in the Complaint or to the extent arising out of or relating to a common nucleus of operative facts with those alleged in the Complaint that Plaintiffs have asserted or could have asserted in the Action (the "Released Claims"). For avoidance of doubt, claims between Settlement Class Members and Johns Hopkins arising in the ordinary course and not arising out of or relating to a common nucleus of operative facts with the facts alleged in the Complaint will not be released. The Court further finds that Releasors shall be bound by the respective releases set forth in Paragraphs 13 and 14 of the Settlement Agreement and shall be forever barred from asserting any claims or liabilities against Johns Hopkins covered by the respective Released Claims against any of the Releasees.

20. The Court further declares that the Settlement Agreement and the Order and Final Judgment preclude all members of the Settlement Class, whether or not a Settlement Class Member submits a claim as part of the Fourth Tranche Allocation Plan and Allocation Plan Process, from asserting or prosecuting any of the Released Claims against any Releasee. All Released Claims of all members of the Settlement Class are hereby extinguished as against any and all Releasees.

21. The Fourth Tranche Allocation Plan is approved as fair, reasonable, and adequate and consistent with all applicable standards and due process of law. Further, the Allocation Plan Process (Ex. 1 to May 28, 2024 Normand Decl., ECF No. 703-3) and the Claim Form submitted with Plaintiffs' Motion for Final Approval (Ex. F to April 24, 2025 Decl. of Steven Weisbrot, ECF No. 843-11), are also approved as fair, reasonable, and adequate, and consistent with all applicable standards and due process of law.

22. The Court directs Angeion to distribute the Net Settlement Fund[6] as provided in the Fourth Tranche Allocation Plan and Allocation Plan Process (as modified to reflect the Net Settlement amount and that claimants in prior settlements are automatically considered claimants for the Johns Hopkins and Caltech Settlements). Angeion shall distribute the Net Settlement Fund, *pro rata*, based on estimates of the total amount in dollars that each Claimant paid to a Defendant during the Settlement Class Period in accordance with the formula set forth in greater detail in the Fourth Tranche Allocation Plan and the procedure set forth in the Allocation Plan Process. If excess funds exist after making one or more distributions to members of the Settlement Class, Plaintiffs and Johns Hopkins may seek leave of Court to distribute any excess funds to a Court-approved *cy pres* recipient if it were determined that further distributions would not be cost-effective.

23. The Court approves the schedule proposed in the Allocation Plan Process. Within 60 days of this Order, Angeion will mail or email a notice with a link to a pre-populated Claim Form to the Settlement Class and post the Claim Form on the Settlement Website. Settlement Class Members who have not excluded themselves from the Johns Hopkins Settlement and have already submitted valid and timely claim forms for prior settlements will automatically be

---

[6] "Net Settlement Fund" means the $18,500,000 settlement payment from Johns Hopkins, plus any interest earned on the Settlement Fund, and net of Court awarded attorneys' fees, expenses, service awards for the Plaintiffs (including interest earned thereon), and Settlement costs, including costs of notice to the Settlement Classes and Settlement Administrator.

considered claimants for the Johns Hopkins Settlement. All members of the Settlement Class who have not previously submitted a valid and timely claim form will have 150 days from the date of this Order to file a claim. After the deadline for submissions of Claim Forms, Angeion, in consultation with Settlement Class Counsel, will prepare a final report for the Court's review and approval, detailing the distribution schedule. Once the Court approves the final report, members of the Settlement Class will receive payment from the Net Settlement Fund.

24. Settlement Class Counsel have moved for reimbursement of expenses in the amount of $2,441,739.12 and an award of attorneys' fees of one-third of the settlement amount of $35.25 million, or $11,750,000 (and any and all interest accrued thereon) for the Caltech and Johns Hopkins Settlements (ECF No. 830). Such motion and supporting papers have been on the docket and prominently placed on the Settlement website (www.financialaidantitrustsettlement.com) since March 26, 2025.

25. Given that this Order concerns the Johns Hopkins Settlement only and that the Court previously awarded one-third of the $16.75M Caltech settlement amount (plus interest) (ECF No. 884), the Court considers the sought attorneys' fees to be one-third of the Johns Hopkins Settlement amount of $18.5M, or $6,166,666.67 (and any interest accrued thereon).

26. Balanced against the many significant risks and uncertainties of litigation and without the benefit of a prior government case or investigation and considering that litigation continues against five non-settling Defendants, the Settlement here provides an exceptional result for the Settlement Class and support Settlement Class Counsel's request for attorneys' fees.

27. The requested attorneys' fees are at a reasonable market rate for Settlement Class Counsel's services had they been negotiated *ex ante*. The sought fee of one-third of the Settlement Fund is within the ordinary range of contingency fee arrangements actually negotiated *ex ante* between parties in complex antitrust actions. *See, e.g., In re Broiler Chicken Antitrust Litig.*, 2021 WL 5709250, at *4 (N.D. Ill. Dec. 1, 2021) ("The fact that fee awards in antitrust cases in this

circuit are almost always one-third is a strong indication that this should be considered the 'market rate.'" (citations omitted)).

28. Settlement Class Counsel reasonably incurred $2,441,739.12 in unreimbursed expenses through February 28, 2025. Settlement Class Counsel have submitted satisfactorily detailed documentation of their unreimbursed costs and expenses reasonably incurred in obtaining this Settlement, including costs for computerized legal research, creation and maintenance of an electronic database, substantial expert and consultant costs, travel and lodging expenses, copying, court reporters, transcripts, filing fees, and mediation expenses. These expenses are typical considering the complexity of the action and the length of the litigation. *See, e.g., Standard Iron Works v. Arcelormittal*, 2014 WL 11350176, at *4 (N.D. Ill. Oct. 23, 2014) (approving $5,064,908.97 in costs and expenses in an antitrust class action that partially settled prior to the filing of summary judgment motion). Given that the Court previously awarded half of the $2,441,739.12 sought (or $1,220,869.56) in connection with the Caltech settlement, the Court will consider the remaining half ($1,220,869.56) as being associated with the Johns Hopkins Settlement.

29. Upon consideration of Settlement Class Counsel's petition for fees, costs, and expenses, the Court hereby grants the requests, as modified to reflect that this Order concerns only the Johns Hopkins Settlement rather than the combined settlements of Johns Hopkins and Caltech. The requested attorneys' fees, costs, and expenses are reasonable and supported by prior fee awards. Settlement Class Counsel are awarded attorneys' fees totaling $6,166,666.67 (representing one-third of the Settlement Fund) and costs and expenses totaling $1,220,869.56, together with a proportionate share of the interest earned thereon from the date the funds are (or have been) deposited in the Escrow Accounts until payment of such attorneys' fees, costs, and expenses, to be paid solely from the Settlement Fund. The attorneys' fees, costs, and expenses authorized and approved by this Final Judgment and Order shall be paid after this Settlement

becomes final pursuant to Paragraph 7 of the Settlement Agreement or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreement and the Escrow Agreement. The Releasees shall have no responsibility for, and no liability whatsoever with respect to any payment or disbursement of attorneys' fees, expenses, costs or service awards among Settlement Class Counsel and/or Class Representatives, nor with respect to any other person or entity who may assert any claim thereto. The attorneys' fees, costs, and expenses and service awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Settlement Class Member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses and service awards, and Plaintiffs and members of the Settlement Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or service awards from Johns Hopkins other than from the Settlement Fund.

30. Settlement Class Counsel's request for service awards for each of the eight Class Representatives is reasonable. The Settlement Class benefitted substantially from the Class Representatives' actions, as this case would not exist without their assistance in the prosecution of the Action.

31. Given that Settlement Class Counsel moved for service awards of $2,500 in connection with the settlements with Caltech and Johns Hopkins and that this Court awarded $1,250 to each Class Representative in connection with the Caltech settlement, the Court considers the sought service award for the Johns Hopkins Settlement to be $1,250.

32. The Class Representatives have spent significant time and effort in litigating this Action, including: (1) providing key information in the pre-suit investigation; (2) reviewing and signing off on key filings; (3) searching for and collecting thousands of relevant documents produced in discovery; (4) preparing and sitting for lengthy depositions; and (5) reviewing and approving the settlement papers.

33. The proposed service awards here are consistent with other awards in this Circuit, especially when considering that the Class Representatives are individuals with limited resources. *See, e.g.*, *Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998) (affirming incentive award of $25,000 to class representatives); *In re Broiler Chicken Antitrust Litig.*, 2021 WL 5709250, at *5 (awarding $15,000 to each of the five class representatives).

34. Upon consideration of Settlement Class Counsel's petition for service awards for Class Representatives, Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams are each hereby awarded $1,250 to be paid solely from the Settlement Fund immediately after the Settlements become final in accordance with Paragraph 7 of the Settlement Agreements. The service awards are appropriate and reasonable given the circumstances.

35. This Order and Final Judgment terminates and disposes of all claims against Johns Hopkins in this Action with prejudice and without costs (except as provided for in the Settlement Agreement). Pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay in entering final judgment, and the Court hereby directs the Clerk to dismiss the claims in this Action against Johns Hopkins with prejudice and without costs and to enter judgment forthwith in accordance with the terms of this Order and Final Judgment, which judgment shall be final and appealable.

SO ORDERED this 30th day of July, 2025

_____
The Honorable Matthew F. Kennelly
United States District Judge