<u>PUBLIC VERSION</u>

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,

*Defendants*.

Case No. 1:22-cv-00125

Hon. Matthew F. Kennelly

# DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
# <u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>

**PUBLIC VERSION**

In June, Peter Bach-y-Rita came forward with allegations that his colleagues at Freedman Normand Friedland ("FNF"), Berger Montague P.C. ("BMPC"), and Gilbert Litigators & Counselors ("GLC") had perpetrated a "fraud on the court," including through the "submission of inflated billing records." *See* Dkt. 878; Hr'g Tr. (June 23, 2025) at 18:7-9. At the Court's request, Mr. Bach-y-Rita attempted to provide more information on July 21, but ███████████ ███████████████████████████████████████████████████████████████ ███████. Finally, on August 8, over the objections of all three firms, the Court compelled Mr. Bach-y-Rita to provide relevant documents in his possession and to testify about what he knew.

There is much defendants still do not know, but what we do know now is more than enough to preclude class certification. We know ████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ We know ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████. We know ███████████████████████████████████████████████████████████████ ██████████ We know ███████████████████████████████████████ ███████████████████████████████████████████ And we know in the end, ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████ This ██████████████████ ██████████ occurred alongside other misrepresentations, including ██████ ███████████████████████████████████████████████████████████████

**PUBLIC VERSION**

On this record of conflicts and falsehoods, it would be a miscarriage of justice for the Court to find counsel capable of "fairly and adequately represent[ing] the interests of the class." Fed. R. Civ. P. 23(g)(4). Accordingly, defendants urge the Court to add this evidence to the list of reasons to deny class certification or, in the alternative, permit further discovery on these issues.

## ARGUMENT

"Inherent in any class action is the potential for conflicting interests among the class representatives, class counsel, and absent class members. The interest of lawyer and class may diverge, as may the interests of different members of the class." *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir. 1995) (cleaned up). "Class counsel must act with unwavering and complete loyalty to the class . . . and the responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties." *Nat'l Air Traffic Controllers Ass'n v. Dental Plans, Inc.*, 2006 WL 584760, at *4 (N.D. Ga. Mar. 10, 2006) (cleaned up). If "the lawyer . . . demonstrates that he is not an adequate representative of the interests of the class as a whole, realism requires that certification be denied." *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002). "Misconduct that prejudices the class or creates a direct conflict between counsel and the class requires such denial . . . ." *Reliable Money Ord., Inc. v. McKnight Sales Co.*, 704 F.3d 489, 498 (7th Cir. 2013).

**I. GLC** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **To the Detriment Of The Class**

    **A.**     **GLC** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **At The Class's Expense.**

Mr. Bach-y-Rita testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It is easy to see why. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
    ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████

    **B.    GLC** ████████████████████ **To The Detriment Of The Class.**

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

███████████████████ Although Mr. Gilbert has sworn to the Court that the GLC rates reflected in counsel's fee petitions are "the usual and customary hourly rates used by my firm in

3

similar contingent complex litigation or other matters," Dkt. 830-4 at 6, none of this is true. For starters, Mr. Gilbert did not disclose that GLC was a new entity created just for this case, has no real offices and hardly any staff of its own, and ███████████████████████

███████████████████████████████████████████████

███████████████████████████████

Mr. Gilbert also never disclosed to the Court ████████████████

███████████████████████████████████████████████

███████████████████ Hellring lawyers' rates ████████████████ were nothing like Hellring's normal rates reflected in public filings. For instance, Mr. Gilbert has sworn that $1,100 was the "usual and customary" rate in 2022 for attorney Bruce Etterman (a Hellring attorney who claims to have billed over 1,100 hours to this case, despite never entering an appearance or interacting with defense counsel or the Court in any way). Dkt. 830-4 at 5. But recent fee petitions show Mr. Etterman's usual hourly rate in 2022 was less than *half* that. Ex. 5; Ex. 6. Another fee petition reflects his rate from 2023 to 2025 was $475, and also claims a $500 hourly rate for Matthew Moloshok, yet another Hellring attorney who despite never surfacing in this case has purportedly billed hundreds of hours on it at a $1,100 hourly rate ████████████████. Ex. 7.[1] As Mr. Bach-y-Rita testified, ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

---

[1] *See also* Ex. 8 (Hellring fee application stating Mr. Etterman's hourly rate of $500 for time billed between 2019 and 2021); *Matter of Estate of Mooney*, 2024 WL 4759143, at *3 (N.J. Super. App. Div. Nov. 13, 2024) (asserting $425 and $460 hourly rates for Hellring lawyers of similar seniority to others claiming rates of more than double that here).

███████████████████████████████████████████████
███████████████████████████████████████████████

4

II. **FNF & BMPC** ███████████████████████████████ **To The Detriment Of The Class.**

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

█████████████████████

███████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

██████████████████████

5

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

### III. Other Misrepresentations Reveal Counsel's Inadequacy.

Counsel's other "repeated misrepresentations" ■■■■■■■■■■■ ■■■■■■■ "raise[] legitimate concern as to [their] ability to adequately represent a class in this matter." *Hansen v. Country Mut. Ins. Co.*, 2023 WL 6291629, at *27 (N.D. Ill. Sept. 25, 2023).

**PUBLIC VERSION**

A.  **False Representations About** ▮▮▮

Counsel represented to the Court that the fee award they sought was "fair and reasonable" given the "extraordinary risk" of litigating on a contingency fee. Dkt. 679 at 20-21. The Court accepted that counsel "ran a substantial risk of no recovery whatsoever" and noted that the "risk Settlement Class Counsel incurred of nonpayment weighs in favor of the requested fee award." ECF 726 ¶ 27. ▮▮▮

▮▮▮ FNF and BMPC signed on anyway.

B.  **False Representations Regarding** ▮▮▮

▮▮▮

This was untrue. ▮▮▮

▮▮▮—none of which has been produced.

"Misconduct by class counsel . . . creates a serious doubt that counsel will represent the class loyally" and so "requires denial of class certification." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011). Counsel's "pattern of misconduct" and of being "disingenuous in representations to the Court" requires the Court to find counsel inadequate to represent the class. *Crissen v. Gupta*, 2014 WL 4129586, at *8 (S.D. Ind. Aug. 19, 2014); *see In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 410 (D. Mass. 2007) (class certification denied where counsel gave "the court reason to question its ability to adequately present truthful factual information to the court"); *Askew v. S. Pan Emp. Stock Ownership Plan*,

7

2019 WL 12536148, at *12 (N.D. Ga. June 27, 2019) (denying class certification where "[c]ounsel for Plaintiffs have engaged in a pattern of misrepresentations to the Court").[3]

### III. Additional Evidence Exists And Has Not Been Produced.

If the Court is disinclined to find counsel inadequate under Rule 23(g) on the present record, it should at minimum require production of available evidence directly relevant to these issues, including **(1)** the emails Mr. Bach-y-Rita claims to have sent expressing his concerns, Hr'g Tr. (June 23, 2025) at 10:22-23; **(2)** documents referenced in Exhibits 1-3, *e.g.*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; **(3)** GLC's ▇▇▇ still unproduced ▇▇▇▇; and **(4)** ▇▇ supporting counsel's assertion ▇▇▇▇.

### CONCLUSION

The evidence adduced in recent weeks confirms that far from being a case about vindicating the rights of financial aid recipients—who received billions of dollars in aid during the alleged class period—this is a case by lawyers, for lawyers. It is thus unsurprising to see ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Counsel's "unethical and improper actions" are "sufficient to find that [they] cannot adequately represent the putative class in accordance with [their] fiduciary duties." *Wagner v. Lehman Bros. Kuhn Loeb Inc.*, 646 F. Supp. 643, 662 (N.D. Ill. 1986). The Court should deny certification, or at minimum, permit additional discovery.

---

[3] Counsel's efforts at concealment are also ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Defendants requested that counsel supply ▇▇▇ as a pdf. ▇▇▇ *See* Ex. 9.

8

**PUBLIC VERSION**

Dated: August 19, 2025

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6800
seth.waxman@wilmerhale.com

Edward W. Feldman
Daniel Martin Feeney
MILLER SHAKMAN LEVINE &
   FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for The Trustees of the University of Pennsylvania*

Respectfully submitted,

By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

**PUBLIC VERSION**

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS US LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
200 South Wacker Drive, Floor 22
Chicago, IL 60604
Tel: (312) 681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Massachusetts Institute of Technology*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Feyilana Lawoyin
Cole T. Wintheiser
William J. Donnelly
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
Tel: 202-434-5000
rvankirk@wc.com
jpitt@wc.com
skirkpatrick@wc.com
mheins@wc.com
flawoyin@wc.com
cwintheiser@wc.com
wdonnelly@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for University of Notre Dame*

**PUBLIC VERSION**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2025, I caused a true and correct copy of the foregoing document to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Matthew D. Heins*
Matthew D. Heins

*Counsel for University of Notre Dame*