<u>PUBLIC VERSION</u>

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | |
| v. | Case No. 1:22-cv-00125 |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | Hon. Matthew F. Kennelly |
| *Defendants*. | |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

It has been two and a half months since Peter Bach-y-Rita publicly accused his colleagues at Freedman Normand Friedland ("FNF"), Berger Montague P.C. ("BMPC"), and Gilbert Litigators & Counselors ("GLC") of perpetrating a "fraud on the court," including through the "submission of inflated billing records," *see* Dkt. 878; Hr'g Tr. (June 23, 2025) at 18:7-9, and there is much defendants still do not know. But what we do know is more than enough to preclude class certification. Documents confirm ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

Counsel has claimed defendants who question counsel's adequacy cannot be trusted. *See* Ex. 10 at 23:14-20. But "[t]he justice system benefits when defense counsel identifies the inadequacy of counsel to represent its adversary." *Huang v. Shanghai City Corp.*, 2022 WL 1468450, at *19 (S.D.N.Y. May 10, 2022). And this case is unlike any case plaintiffs cite, because here, the call came from inside the house. Defendants did not start this fire—it was plaintiffs' counsel who first internally leveled the allegations that reveal their inadequacy, and plaintiffs'

counsel who felt compelled to disclose these ethical breaches to the Court.  On this record of conflicts and falsehoods, submitted █████████████████████████████████████████

███████, counsel cannot be found capable of "fairly and adequately represent[ing] the interests of the class." Fed. R. Civ. P. 23(g)(4).  Accordingly, defendants urge the Court to add this evidence to the list of reasons to deny class certification or, in the alternative, order further discovery.

**ARGUMENT**

I.     **GLC** ████████████████████████████████████████████
████████████████████████████ **To The Detriment Of The Class.**

     A.     **GLC** █████████████████████████ **At The Class's Expense.**

Mr. Bach-y-Rita testified ███████████████████████████████████████████

████████████████████████ It is easy to see why. ██████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████████ █ ██████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

**PUBLIC VERSION**



**B. GLC** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **To The Detriment Of The Class.**

Although Mr. Gilbert swore to the Court that the GLC rates reflected in counsel's fee petitions were "the usual and customary hourly rates used by my firm in similar contingent complex litigation or other matters," Dkt. 830-4 at 6, none of this was true. For starters, Mr. Gilbert did not disclose that GLC was a new entity created just for this case, has no real offices and hardly any staff of its own, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ making the term "usual and customary" an oxymoron. Mr. Gilbert's purported "usual and customary" rates of $1,400+ per hour thus had not in fact been "used" in other matters for GLC, whether paying or contingent.

Had Mr. Gilbert disclosed to the Court that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it would have been apparent that *none* of the Hellring lawyers' rates ▮▮▮▮▮▮▮▮▮▮▮ were anything like Hellring's usual rates. Mr. Gilbert attested that Hellring lawyers' "usual and customary" rates were $1,100 or more, but publicly available filings show that "[t]he hourly rates charged by attorneys at the Firm … [as of 2021] range[d] from $375.00 to $600.00 per hour based upon the experience and expertise of the

attorney." Ex. 6. Examples here are glaring. For instance, Mr. Gilbert alleged that the "usual and customary" rate for Hellring attorney Bruce Etterman was $1,100 in 2022 and $1,165 in 2023. Dkt. 830-4 at 5, 10. But recent fee petitions in other cases show Mr. Etterman billing less than *half* that in 2022. Ex. 5; Ex. 6. Another fee petition reflects his rate from 2023 to 2025 was $475, and also claims a $500 hourly rate for Matthew Moloshok, Ex. 7, for whom Mr. Gilbert claimed a "usual" hourly rate of $1,165 in 2023, *see* Dkt. 830-4 at 10.[2] Hellring's actual rates were more akin to what GLC charged for document reviewers. *See* Dkt. 679-3 at 13. ███████████████

███████████████████████████████[3]

**C.      GLC's ████████████████████████, Contrary To Its Representations To The Court In Support Of A Percentage Fee Award.**



Counsel justified their requested fee award by swearing to the "extraordinary risk" they took by litigating on a contingency fee "with no guarantee of recovery." Dkt. 679 at 27-28. Mr.

---

[2] *See also* Ex. 8 (Hellring fee application stating Mr. Etterman's hourly rate of $500 for time billed between 2019 and 2021); *Matter of Estate of Mooney*, 2024 WL 4759143, at *3 (N.J. Super. App. Div. Nov. 13, 2024) (asserting $425 and $460 hourly rates for Hellring lawyers of similar seniority to others claiming rates of more than double that here).

[3] ████████████████████████████████████████ ██████████████████████████ Charging one client a given rate does not make the rate "usual and customary." Nor is the question whether the rates charged are "reasonable." That would be an entirely separate inquiry—one plaintiffs' counsel blunted by misrepresenting these rates as "usual and customary."

Gilbert specifically swore to the Court that his firm's "work on this case was performed on a contingent basis." Dkt. 679-3 at 8. In agreeing to make a 1/3 percentage of the fee award, the Court accepted that counsel "ran a substantial risk of no recovery whatsoever" and noted that the "risk Settlement Class Counsel incurred of nonpayment weighs in favor of the requested fee award." ECF 726 ¶ 27. But for GLC, ███████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████[4] They signed on anyway.

## II. **FNF And BMPC** ████████████████████████████████ **To The Detriment Of The Class.**

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

---

[4] ████████████████████████████████████████████████████████████.

**PUBLIC VERSION**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

  ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

"Class counsel must act with unwavering and complete loyalty to the class … and the responsibility of class counsel to absent class members whose control over their attorneys is

limited does not permit even the appearance of divided loyalties." *Nat'l Air Traffic Controllers Ass'n v. Dental Plans, Inc.*, 2006 WL 584760, at *4 (N.D. Ga. Mar. 10, 2006) (cleaned up); *see Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir. 1995). If "the lawyer … demonstrates that he is not an adequate representative of the interests of the class as a whole, realism requires that certification be denied." *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002). That is the necessary result here. Counsel's "repeated misrepresentations" made in their quest for the highest possible fee recovery "raise[] legitimate concern as to [their] ability to adequately represent a class in this matter." *Hansen v. Country Mut. Ins. Co.*, 2023 WL 6291629, at *27 (N.D. Ill. Sept. 25, 2023). This "[m]isconduct by class counsel … creates a serious doubt that counsel will represent the class loyally" and so "requires denial of class certification." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011); *see Crissen v. Gupta*, 2014 WL 4129586, at *8 (S.D. Ind. Aug. 19, 2014) (counsel's "pattern of misconduct" and of being "disingenuous in representations to the Court" requires finding of inadequacy); *In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 410 (D. Mass. 2007) (class certification denied where counsel gave "the court reason to question its ability to adequately present truthful factual information to the court"); *Askew v. S. Pan Emp. Stock Ownership Plan*, 2019 WL 12536148, at *12 (N.D. Ga. June 27, 2019) (denying class certification where "[c]ounsel for Plaintiffs have engaged in a pattern of misrepresentations to the Court").

## III.    Additional Evidence Exists And Has Not Been Produced.

All available evidence points in one direction: ███████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████ The only explanation supported by the contemporaneous record is ████████████

████████████████████████████████████████████████████████████████

7



If, notwithstanding the current factual record, the Court were inclined to entertain plaintiffs' counsel's unsupported assertions, additional discovery would be needed, including **(1)** the emails Mr. Bach-y-Rita claims to have sent expressing his concerns, Hr'g Tr. (June 23, 2025) at 10:22-23; **(2)** an unredacted, unmanipulated version of Exhibit 3;[5] **(3)** documents referenced in Exhibits 1-3, *e.g.*, ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████; **(4)** GLC's ████████ still unproduced ████████████████████; and **(5)** subsequent emails or other documents relating to counsel's assertion ██████████████████████████.

## CONCLUSION

The record confirms that far from being a case about vindicating the rights of financial aid recipients—who received billions of dollars in aid during the alleged class period—this is a case by lawyers, for lawyers. Counsel's "unethical and improper actions" are "sufficient to find that [they] cannot adequately represent the putative class in accordance with [their] fiduciary duties." *Wagner v. Lehman Bros. Kuhn Loeb Inc.*, 646 F. Supp. 643, 662 (N.D. Ill. 1986). The Court should deny certification, or at minimum, order additional discovery.

---

[5] It is impossible to know what, or how much, plaintiffs' counsel manually deleted from Exhibit 3, but plaintiffs' counsel has admitted ████████████████████████ Defendants requested that plaintiffs' counsel produce the original ██████ as a pdf, unmanipulated and unredacted; counsel refused. *See* Ex. 9.

Dated: September 11, 2025

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
    AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE
    AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6800
seth.waxman@wilmerhale.com

Edward W. Feldman
Daniel Martin Feeney
MILLER SHAKMAN LEVINE &
    FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for The Trustees of the University*
*of Pennsylvania*

Respectfully submitted,

By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

**PUBLIC VERSION**

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS US LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI BRENNAN &
BAUM LLP
200 South Wacker Drive, Floor 22
Chicago, IL 60604
Tel: (312) 681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Massachusetts Institute of
Technology*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Feyilana Lawoyin
Cole T. Wintheiser
William J. Donnelly
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
Tel: 202-434-5000
rvankirk@wc.com
jpitt@wc.com
skirkpatrick@wc.com
mheins@wc.com
flawoyin@wc.com
cwintheiser@wc.com
wdonnelly@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for University of Notre Dame*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I caused a true and correct copy of the foregoing document to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Matthew D. Heins
Matthew D. Heins

*Counsel for University of Notre Dame*