UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**SETTLEMENT CLASS COUNSEL'S RESPONSE TO THE COURT'S
SEPTEMBER 4, 2025 ORDER, STATUS REPORT REGARDING
THE ALLOCATION PLAN PROCESS, MOTION TO UPHOLD CERTAIN
<u>CLAIM DENIALS, AND MOTION TO SEAL</u>**

In response to the Court's September 4, 2025 Order (ECF No. 959) directing Settlement Class Counsel to respond to two claimants' appeals, this notice will apprise the Court about the status of the claims approval process for the Class settlements with Brown University, University of Chicago, Columbia University, Dartmouth College, Duke University, Emory University,

Northwestern University, Rice University, Vanderbilt University, and Yale University (collectively, the "First Ten Settlements"). Further, this report will address the 59 appeals of claim denials filed with this Court through September 14, 2025, including the appeals of Charity Quinonez and Elizabeth Quinn, whom the Court specifically asked Class Counsel to address. In short, as detailed below, due to processing errors by the Claims Administrator, the Claims Administrator denied approximately 1,600 claims that should not have been denied.[1] The Claims Administrator has reversed those mistaken denials and notified the claimants of the reversal and that their Claims are valid. The Court need not act further with respect to these claims.

In addition to the mistaken denials that have been reversed, the Claims Administrator appropriately denied several claims. Settlement Class Counsel thus, as detailed below, request that the Court deny the appeals to this Court of 11 claimants whose claims were facially deficient.

Further, Settlement Class Counsel move to seal certain documents some of the claimants have provided to this Court because such documents contain sensitive personal information.

Finally, September 18, 2025 is the postmark deadline for appeals concerning the First Ten Settlements. *See* Sept. 15, 2025 Decl. of T. Adessa ("Adessa Decl.") ¶ 9. Accordingly, Settlement Class Counsel request an October 10, 2025 deadline to respond to any and all additional appeals of claim denials.

---

[1] The additional review of denied claims, as described *infra*, is ongoing. *See* Sept. 15, 2025 Decl. of T. Adessa ("Adessa Decl.") ¶ 13.

1

I.  **Status of Allocation Plan Process Implementation**

Since the April 3, 2025 deadline for filing claims,[2] the Court-appointed Settlement Claims Administrator (Angeion) has been diligently processing claims submitted by purported members of the Settlement Class. *See* Adessa Decl. ¶ 3. Out of approximately 200,000 Class members, more than 78,000 have submitted claims by the deadline. *See id.* Under the Court-approved Allocation Plan Process, to submit a valid claim, claimants were required to provide documentation indicating that they attended a Defendant University[3] during the Class Period.[4] *See* ECF No. 703-3. The Court-approved Claim Form explained that examples of acceptable proof could include: "(1) a transcript showing your attendance at a Defendant University during the Class Period; (2) a diploma showing your graduation from a Defendant University during the Class Period; (3) a copy of a student ID with a date indicating it was issued during the Class Period; (4) a receipt of payment of tuition, room, board, and/or fees to a Defendant University during the Class Period; or (5) your financial aid award letter from a Defendant University during the Class Period." ECF No. 713. Angeion reviewed each claim manually for eligibility to

---

[2] Given the volume of requests to accommodate late claims, Settlement Class Counsel requested that this Court extend the claims filing deadline December 17, 2024 to April 3, 2025. *See* ECF Nos. 793, 820. The Court granted this request. *See* ECF No. 825.

[3] The "Defendant Universities" are Brown University ("Brown"), California Institute of Technology ("Caltech"), University of Chicago ("Chicago"), The Trustees of Columbia University in the City of New York ("Columbia"), Cornell University ("Cornell"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Georgetown University ("Georgetown"), The Johns Hopkins University ("Johns Hopkins"), Massachusetts Institute of Technology ("MIT"), Northwestern University (Northwestern"), University of Notre Dame Du Lac ("Notre Dame"), The Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt"), and Yale University ("Yale").

[4] Pursuant to the Final Approval Order (ECF No. 726), the Class Period is defined by Defendant University as follows:
  i. For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through February 28, 2024.
  ii. For Brown, Dartmouth, Emory—from Fall Term 2004 through February 28, 2024.
  iii. For Caltech—from Fall Term 2019 through February 28, 2024.
  iv. For Johns Hopkins—from Fall Term 2021 through February 28, 2024.

ensure validity and reduce the risk of fraud. *Id.* The Settlement Claims Administrator identified 3,876 (or approximately 5% of) claims as containing deficiencies. Adessa Decl. ¶ 3. In these cases, the claimant either completed the form in a manner indicating that he or she was not a member of the Class, failed to submit documentation demonstrating attendance at a Defendant University during the Class Period, and/or attached documentation inconsistent with class membership (for instance, attaching a financial aid award letter indicating he or she received a full-ride scholarship). *Id.*

For each submitted claim with a curable deficiency, the Settlement Claims Administrator contacted the claimant, notifying him or her of the deficiency and providing an opportunity for the claimant to cure the deficiency by June 26, 2025. *See id.* ¶ 4. In 803 cases, the claimants successfully cured the deficiency by providing additional documentation. *Id.* ¶ 8. However, in 3,030 cases, the claimants did not respond to the deficiency letter by the deadline. *Id.* Pursuant to the Allocation Plan Process, each claimant who failed to respond to the deficiency letter or whose claim was incurably deficient was provided a rejection letter on August 27, 2025. *See* ECF No. 703-3 ¶ 16; Adessa Decl. ¶ 9. Consistent with the Allocation Plan Process approved by the Court, *see* ECF No. 703-3 ¶ 17, each rejection letter contained instructions for submitting an appeal to the Court by mailing an appeal with a postmark date no later than September 18, 2025, Adessa Decl. ¶ 9.

Following distribution of the rejection letters, several claimants contacted Settlement Class Counsel and the Settlement Claims Administrator. Moreover, as of September 14, 2025, 59 claimants filed appeals with this Court pursuant to the process outlined in their claim rejection letters. *See id.* Upon review of the appeals and other inquiries, the Claims Administrator has determined it made a systemic error in processing claims, specifically those claims in which

3

claimants attached diplomas in Latin as proof of class membership. Adessa Decl. ¶ 10. As a result of misreading the Latin diplomas, it turns out that Angeion erroneously flagged approximately 345 claimants who had submitted valid, timely claims as deficient. *Id.*

In order to address the error in processing Latin diplomas (and any other similar errors), Settlement Class Counsel instructed the Settlement Claims Administrator to do a complete review of all rejected claims. *Id.* ¶ 11. If any claim is deemed to have been valid and timely at the time it was initially submitted, the Claims Administrator will reverse the denial, whether or not such claimants appealed.[5] *Id.*

## II. Settlement Class Counsel's Recommendations

As of September 12, 2025, the Settlement Claims Administrator has reversed 1,619 previously denied claims. *Id.* ¶ 13. Of the 59 individuals who filed appeals with this Court by September 14, 2025,[6] the Settlement Administrator has reversed the denials of 48 (all of whom

---

[5] While several claimants have written to this Court and stated that they did not receive deficiency letters from the Settlement Claims Administrator, that is unlikely to be the case. *See* Ex. A to Adessa Decl. (showing successful delivery of deficiency letters to appellants). Angeion uses a proprietary system that leverages Amazon Web Services Simple Email Services ("SES") with Amazon Simple Notification Service ("SNS") to track email delivery, opens, and clicks with high accuracy. Adessa Decl. ¶ 5. This system has a degree of accuracy and reliability, and there is no indication of any deliverability issue with the deficiency notices. *See id.* The more likely explanation is that some claimants' email accounts filtered the deficiency emails to a spam folder and then automatically deleted the emails after a certain period of time (typically 30 days) as a result of spam retention policies. *See, e.g.*, Davey Winder, *You Have 30 Days to Recover Deleted Gmail Messages—Here's How*, FORBES (May 26, 2024), https://www.forbes.com/sites/daveywinder/2024/05/26/you-have-30-days-to-recover-deleted-gmail-messages-heres-how/ ("Everything in your trash folder . . . will get permanently deleted after a 30-day period. The same is true for your spam folder."); Yahoo!, *Are the Trash and Spam Folders Regularly Emptied* (last visited Sept. 13, 2025), bit.ly/46mbNjx (noting that spam emails are automatically deleted after 30 days); AOL, *Spam and Trash Folders Are Regularly Deleted in AOL Mail* (last visited Sept. 13, 2025), https://help.aol.com/articles/ spam-and-trash-folders-are-regularly-deleted-in-aol-mail. While Angeion employs best practices to avoid spam filtration, it is inevitable that some email services will incorrectly divert certain emails from the Settlement Claims Administrator to spam. Adessa Decl. ¶ 6.

[6] Those appeals are from: Norma Margaret Moravec (nee Schwartz) (ECF No. 976), Danielle Hubein (ECF No. 1016), Lela Farmer (nee Hippensteel) (ECF No. 986), Wilson Li (ECF No. 980), Gabrella Ehioghiren (ECF No. 963), Leo Stevens (ECF No. 988), Alexandra Nicolas (ECF No. 977), Luis Trueba (ECF No. 979), Rachel Maria Brown Talaska (ECF No. 1011), Alexa Baggio (ECF No. 993), Diana Bass (ECF No. 998), David Moore (ECF No. 968), Douglas Pula (ECF No. 1018), Brianne Gungoll (ECF No.

are identified in Exhibit A to Declaration of Taylor Adessa dated September 15, 2025).[7] For these 48 claimants whose claims have been revived, Angeion has contacted them and informed them that, upon further review, their claims have been deemed valid, timely, and accepted. As a result, the Court need take no further action regarding these 48 appeals.

Next, for the reasons set forth below, Settlement Class Counsel recommend that the appeals of the following individuals be denied: Spenser Carter (ECF No. 991), Jonathan Chen

---

1015), Daniel Liu (ECF No. 990), Eunice Lee (ECF No. 1020), Catherine Gabanic (ECF No. 1009), Garielle Gross (nee Arondel) (ECF No. 978), Yi Kyung Jin (ECF No. 1012), Andy Guo (ECF No. 961), Kyle Deakins (ECF No. 995), Francisco Angel Banda (ECF No. 1008), Lindsay Babbitt (ECF No. 966), Virginia Johnston White (ECF No. 1002), Rose Weinbaum (ECF No. 1014), Emma Eckstein (ECF No. 999), Elizabeth Quinn (ECF No. 958), Robert Tattersall (ECF No. 972), John Goetz (ECF No. 1004), Zane Glick (ECF No. 992), Aubrey Lynn Bonhivert (ECF No. 974), Isabella Caracta (ECF No. 987), Isabelle Bellott-McGrath, Claire Kucela (ECF No. 996), Melanie Wang (ECF No. 1017), David Poarch (ECF No. 1005), Julia Karten (ECF No. 984), Mark Candido (ECF No. 965), Benjamin Gutschow (ECF No. 967), Zev McManus-Mendelowitz (ECF No. 1013), Dylan Radley (ECF NO. 981), Lee Michael Solomon (ECF No. 970), Andrew Homere (ECF No. 1001), Jack Stockert (ECF No. 985), Emily Ann Marie Walker Stockert (ECF No. 1006), Sarah Norwood (ECF No. 969), Angel Miranda-Acosta (ECF No. 962), and Charity Quinonez (nee McCracken) (ECF No. 957), Sanders Moody (for Settlement Class Member Angelica Joelle Moody) (ECF No. 989), Wendy Francois (ECF No. 1019), Benjamin Elkins (ECF No. 964), Calvin Hon (ECF No. 994), Tiffany Zhang (ECF No. 1010), Crystal Cooke (ECF No. 1007), Spenser Carter (ECF No. 991), Jonathan Chen (ECF No. 1000), Alexandra Kosakoff (ECF No. 1003), Haley Escamilla (ECF No. 975), and William (Bill) Healy (ECF No. 971). *See* Ex. A to Adessa Decl.

[7] Of those who appealed, the revived claims are of the following forty-nine claimants: Norma Margaret Moravec (nee Schwartz) (ECF No. 976), Danielle Hubein (ECF No. 1016), Lela Farmer (nee Hippensteel) (ECF No. 986), Wilson Li (ECF No. 980), Gabrella Ehioghiren (ECF No. 963), Leo Stevens (ECF No. 988), Alexandra Nicolas (ECF No. 977), Luis Trueba (ECF No. 979), Rachel Maria Brown Talaska (ECF No. 1011), Alexa Baggio (ECF No. 993), Diana Bass (ECF No. 998), David Moore (ECF No. 968), Douglas Pula (ECF No. 1018), Brianne Gungoll (ECF No. 1015), Daniel Liu (ECF No. 990), Eunice Lee (ECF No. 1020), Catherine Gabanic (ECF No. 1009), Garielle Gross (nee Arondel) (ECF No. 978), Yi Kyung Jin (ECF No. 1012), Andy Guo (ECF No. 961), Kyle Deakins (ECF No. 995), Francisco Angel Banda (ECF No. 1008), Lindsay Babbitt (ECF No. 966), Virginia Johnston White (ECF No. 1002), Rose Weinbaum (ECF No. 1014), Emma Eckstein (ECF No. 999), Elizabeth Quinn (ECF No. 958), Robert Tattersall (ECF No. 972), John Goetz (ECF No. 1004), Zane Glick (ECF No. 992), Aubrey Lynn Bonhivert (ECF No. 974), Isabella Caracta (ECF No. 987), Isabelle Bellott-McGrath, Claire Kucela (ECF No. 996), Melanie Wang (ECF No. 1017), David Poarch (ECF No. 1005), Julia Karten (ECF No. 984), Mark Candido (ECF No. 965), Benjamin Gutschow (ECF No. 967), Zev McManus-Mendelowitz (ECF No. 1013), Dylan Radley (ECF NO. 981), Lee Michael Solomon (ECF No. 970), Andrew Homere (ECF No. 1001), Jack Stockert (ECF No. 985), Emily Ann Marie Walker Stockert (ECF No. 1006), Sarah Norwood (ECF No. 969), Angel Miranda-Acosta (ECF No. 962), and Charity Quinonez (nee McCracken) (ECF No. 957).

(ECF No. 1000), Crystal Cooke (ECF No. 1007), Benjamin Elkins (ECF No. 964), Haley Escamilla (ECF No. 975), Wendy Francois (ECF No. 1019), William Healy (ECF No. 971), Calvin Hon (ECF No. 994), Alexandra Kosakoff (ECF No. 1003), Sanders Moody (for Settlement Class Member Angelica Joelle Moody) (ECF No. 989), and Tiffany Zhang (ECF No. 1010).

1. For Spenser Carter, he failed to attach any supporting documentation to his claim form. *See* Ex. A to Adessa Decl. Mr. Carter did not respond to the deficiency notice emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

2. For Jonathan Chen, his claim form attached a corrupted file that Angeion was not able to open. *See* Ex. A to Adessa Decl. Mr. Chen did not respond to the May 27, 2025 deficiency notice emailed to him, which was successfully delivered to his email address listed on his claim from. *See* Ex. A to Adessa Decl.

3. For Crystal Cooke, her claim form attached a transcript that did not include a university name at all. *See* Ex. A to Adessa Decl. Ms. Cooke did not respond to the deficiency notice emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

4. For Benjamin Elkins, his claim form attached an unofficial transcript that did not show his name, even though the claim form instructed that the supporting documentation must show that "you attended one or more Defendant Universities during the Class Period." *See* Ex. A to Adessa Decl. Mr. Elkins did not respond to the May 27, 2025 deficiency notice emailed to him, which was successfully delivered to the email address he listed on his claim form. *Id.*

5. For Haley Escamilla, her claim form attached a corrupted file that Angeion was not able to open. *See* Ex. A to Adessa Decl. Ms. Escamilla did not respond to the May 27, 2025

6

deficiency notice emailed to her, which was successfully delivered to the email address listed on her claim form. *Id.*

6. For Wendy Francois, her claim form attached a transcript that did not show her name (or any student name). *See* Ex. A to Adessa Decl. Ms. Francois did not respond to the deficiency notice emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

7. For William Healy, his claim form indicated that he only attended a Defendant University outside of the Class Period.[8] Although he now requests to amend his claim form, that request falls substantially outside of the April 3, 2025 claim deadline. *See* ECF No. 971; Ex. A to Adessa Decl. Mr. Healy has provided no indication as to why he was unable to accurately complete his claim form prior to the deadline. *See* ECF No. 971.

8. For Calvin Hon, his claim form attached a transcript that did not list his name (or any student name). *See* Ex. A to Adessa Decl. Mr. Hon did not respond to the deficiency notice emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

9. For Alexandra Kosakoff, her claim form attached a corrupted file that Angeion could not open. *See* Ex. A to Adessa Decl. Ms. Kosakoff did not respond to the deficiency notice emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

10. For Sanders Moody, his claim is deficient because he is not a member of the Settlement Class. It appears he completed the claim form for his daughter but signed his own name,

---

[8] Angeion did not provide Mr. Healy with a deficiency notice because Angeion deemed his claim complete but with no deficiencies that could be cured, as Mr. Healy attested to only having attended a Defendant University outside of the Class Period. *See* Adessa Decl. ¶ 12 n.1. Mr. Healy was, however, provided with appeal instructions with his claim rejection letter. *Id.*

provided his own email address, and provided his own bank account for electronic payment. *See* Ex. A to Adessa Decl. This is corroborated by Mr. Moody's appeal letter describing the claim as his and explaining that he was delayed in obtaining documentation because he needed his daughter to provide him with documentation to support his claim. *See* ECF No. 989.

11. For Tiffany Zhang, her claim form attached a transcript that did not show her name (or any student name). *See* Ex. A to Adessa Decl. Ms. Zhang did not respond to the deficiency notice emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

### III. Conclusion

First, for 48 of the 59 claimant appeals, the Court need not take any action. The Claims Administrator has already reversed the erroneous denial of their valid claims.

Second, given the documented deficiencies in their claims, Settlement Class Counsel respectfully request that the Court uphold the decisions of the Claims Administrator to reject the claims of the following claimant appellants: Spenser Carter (ECF No. 991), Jonathan Chen (ECF No. 1000), Crystal Cooke (ECF No. 1007), Benjamin Elkins (ECF No. 964), Haley Escamilla (ECF No. 975), Wendy Francois (ECF No. 1019), William Healy (ECF No. 971), Calvin Hon (ECF No. 994), Alexandra Kosakoff (ECF No. 1003), Sanders Moody (for Settlement Class Member Angelica Joelle Moody) (ECF No. 989), and Tiffany Zhang (ECF No. 1010).

Third, Settlement Class Counsel also note that several of the Settlement Class Members who submitted appeals attached sensitive information, including tax documents and transcripts. To protect the privacy interests of the appealing Settlement Class Members, Settlement Class Counsel respectfully request that the Court place the following appeal letters under seal: ECF Nos. 966, 971, 972, 978, 979, 981, 984, 989, 1002, 1018, and 1019.

Fourth, given the postmark deadline of September 18, 2025 for appeals for the First Ten Settlements, Settlement Class Counsel also respectfully request that they be permitted until October 10, 2025 to respond to all remaining appeals concerning these settlements.

| | |
|---|---|
| Dated: September 15, 2025 | Respectfully Submitted, |
| /s/ Robert D. Gilbert | /s/ Edward J. Normand |
| Robert D. Gilbert | Devin "Vel" Freedman |
| Elpidio Villarreal | Edward J. Normand |
| Robert S. Raymar | Richard Cipolla |
| David S. Copeland | Joseph Delich |
| Natasha Zaslove | **FREEDMAN NORMAND** |
| **GILBERT LITIGATORS &** | **FRIEDLAND LLP** |
| **COUNSELORS, P.C.** | 155 E. 44th Street, Suite 915 |
| 11 Broadway, Suite 615 | New York, NY 10017 |
| New York, NY 10004 | Tel: (646) 494-2900 |
| Tel: (646) 448-5269 | vel@fnf.law |
| rgilbert@gilbertlitigators.com | tnormand@fnf.law |
| pdvillarreal@gilbertlitigators.com | rcipolla@fnf.law |
| rraymar@gilbertlitigators.com | jdelich@fnf.law |
| dcopeland@gilbertlitigators.com | |
| nzaslove@gilbertlitigators.com | Ivy Ngo |
| | **FREEDMAN NORMAND** |
| /s/ Eric L. Cramer | **FRIEDLAND LLP** |
| Eric L. Cramer | 1 SE 3d Avenue, Suite 1240 |
| David Langer | Miami, FL 33131 |
| Jeremy Gradwohl | Tel: (786) 924-2900 |
| **BERGER MONTAGUE PC** | ingo@fnf.law |
| 1818 Market Street, Suite 3600 | |
| Philadelphia, PA 19103 | Daniel J. Walker |
| Tel: (215) 875-3000 | Robert E. Litan |
| ecramer@bergermontague.com | Hope Brinn |
| dlanger@bergermontague.com | **BERGER MONTAGUE PC** |
| jgradwohl@bergermontague.com | 1001 G Street, NW, Suite 400 East |
| | Washington, DC 20001 |
| Richard Schwartz | Tel: (202) 559-9745 |
| **BERGER MONTAGUE PC** | rlitan@bergermontague.com |
| 110 N. Wacker Drive, Suite 2500 | dwalker@bergermontague.com |
| Chicago, IL 60606 | hbrinn@bergermontague.com |
| Tel: (773) 257-0255 | |
| rschwartz@bergermontague.com | *Settlement Class Counsel* |