# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**PLAINTIFFS' SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE <u>STATUTE OF LIMITATIONS</u>**

Plaintiffs submit this surreply to address Defendants' contentions in their Reply Memorandum in Support of Their Motion for Summary Judgment on the Statute of Limitations (ECF No. 937, "Reply") regarding Mr. Bach-y-Rita's recent statement that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 913 ¶ 2. Defendants' arguments (at 2, 5) are legally irrelevant, divorced from the applicable reasonably diligent person standard, mischaracterize his statement, and do not support summary judgment.

First, as Plaintiffs point out in our Opposition to Defendants' Motion for Summary Judgment on the Statute of Limitations ("Opp.," ECF No. 892 at 3-4), the applicable legal standard for summary judgment here is the discovery rule. That rule provides that the limitations period begins when the plaintiff discovers he has been injured and the cause of that injury. *Id.* (collecting cases). But Plaintiffs' counsel's knowledge is irrelevant for the application of the discovery rule in class actions. *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 308–09 (4th Cir. 2019) ("district courts have generally declined to impute knowledge from class counsel to class members"); *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 558 F. Supp. 2d 378, 399 (E.D.N.Y. 2008) (declining to impute knowledge of counsel to small class of 77 members), *aff'd*, 710 F.3d 57 (2d Cir. 2013).

Second, even on its own terms, Mr. Bach-y-Rita's statement cannot support a finding, as a matter of law, that the statute of limitations was triggered in ▮▮▮ or at any point prior to 2020. Defendants misrepresent that statement in their brief, as Mr. Bach-y-Rita stated only that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *not* that he had sufficient knowledge to trigger a duty of inquiry. *Compare* ECF No. 913 ¶ 2 *with* Reply at 2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That an attorney may have had a germ of an idea in ▮▮▮ that ultimately became this case after years of investigation and further

development does not constitute a plaintiff's discovery of the facts showing injury and causation as a matter of law. It doesn't reveal, for instance, the coordination among Defendants on financialaid formulae and an agreement to suppress total aid dollars. Opp. at 4-5.

Third, even if arguendo Mr. Bach-y-Rita had himself been able, with diligence, to learn of the injury and what caused it, Mr. Bach-y-Rita is not the ordinary "reasonable person" contemplated by the rule. *Stark v. Johnson & Johnson*, 10 F.4th 823, 837 (7th Cir. 2021) ("There must be some other circumstances present that would prompt a reasonable person—meaning, a reasonable patient, not, we emphasize, a reasonable doctor or a reasonable lawyer—to suspect or investigate a potential wrongful cause."); *see also Annie Oakley Enters., Inc. v. Amazon.com, Inc.*, 559 F. Supp. 3d 780, 799 (S.D. Ind. 2021) (considering in the related context of laches what "knowledge [a plaintiff] may have obtained upon inquiry, provided the facts already known by him were such as to put upon a man of *ordinary intelligence* the duty of inquiry." (quoting *Chattanoga Mfg., Inc. v. Nike, Inc*., 301 F.3d 789, 793 (7th Cir. 2002) (emphasis added))). Mr. Bach-y-Rita is a Princeton graduate and Stanford-educated attorney with a Ph.D. from MIT and had several years of complex litigation experience at Gibson Dunn & Crutcher.

In sum, Defendants' inaccurate cherry-picking of Mr. Bach-y-Rita's statement is irrelevant to the statute of limitations issue. For the reasons set forth in Plaintiffs' Opposition, and above, Defendants' Motion should be denied.

Dated: October 1, 2025

Respectfully submitted,

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla

2

<div style="columns:2">

David S. Copeland
Natasha Zaslove
**GILBERT LITIGATORS &
 COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Tel: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
nzaslove@gilbertlitigators.com

 /s/ Eric L. Cramer
Eric L. Cramer
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
**BERGER MONTAGUE PC**
110 N. Wacker Drive
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

Joseph Delich
**FREEDMAN NORMAND
 FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

Ivy Ngo
**FREEDMAN NORMAND
 FRIEDLAND LLP**
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com
dwalker@bergermontague.com
hbrinn@bergermontague.com

</div>

*Counsel for Plaintiffs and the Proposed Class*