**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | |
| v. | Case No. 1:22-cv-00125 |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | Hon. Matthew F. Kennelly |
| *Defendants*. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**SURREPLY ON DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT ON THE STATUTE OF LIMITATIONS**

Plaintiffs' Surreply (Dkt. 1179) does not dispute that Mr. Bach-y-Rita discovered facts underlying this case at least as early as 2015, when he "conceived, developed, and originated this case." Bach-y-Rita Decl. ¶2. Instead, they attack strawmen, demonstrating that they cannot carry their burden to prove that the discovery rule excuses their late filing.

Plaintiffs first try to distract the Court by arguing that Mr. Bach-y-Rita's knowledge should not be imputed to Plaintiffs. Surreply at 1. But imputation is irrelevant. *See* Dkt. 937 at 2, 5.[1] Defendants' point is much more straightforward: it is about discoverability. That Mr. Bach-y-Rita discovered the theory underlying this case at least as early as 2015 contradicts Plaintiffs' position that, despite all the public information about the Defendants challenged activities, the core facts underlying Plaintiffs' claim of conspiracy could not have been discovered until 2020.

Plaintiffs' next strawman is that Mr. Bach-y-Rita's investigation only *began* in 2015, when he had just a "germ of an idea." Surreply at 1. But Defendants never argued that Mr. Bach-y-Rita had a fully developed case in 2015. Nor is that what the discovery rule requires. Rather, an action accrues once a plaintiff merely has a reason to "suspect a conspiracy." *In re Broiler Chicken Antitrust Litig.*, 702 F. Supp. 3d 635, 690 (N.D. Ill. 2023). The "germ of an idea" is fatal. It is precisely because Mr. Bach-y-Rita had a "germ of a case" in 2015 and pursued that notion in seeking firms and funders to bring a claim (*see* Bach-y-Rita Decl. ¶¶2–3) that we know the core facts underlying Plaintiffs' case were discoverable well before 2018. *Cf. Broiler Chicken*, 702 F. Supp. 3d at 690 (explaining the discovery rule tolls the limitations period in cases where defendants

---

[1] And even if they had, the cases Plaintiffs cite are inapposite. Plaintiffs' cited cases are irrelevant on summary judgment where they bear the burden to *prove* that the discovery rule excuses their late filing. *See In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 308 (4th Cir. 2019) (explaining that on a *motion to dismiss* the court must accept the factual pleadings which did not allege "that class counsel knew the material facts" before the statute of limitations ran); *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 558 F. Supp. 2d 378, 399 (E.D.N.Y. 2008) (interpreting the actual knowledge requirement of a *wholly different statute*, ERISA, in declining to impute class counsel's knowledge).

only argue that the relevant facts "*might* have caused a plaintiff to inquire" not where, as is clear here, the publicly available facts sufficed to trigger further inquiry into the claims).

Last, Plaintiffs argue that Mr. Bach-y-Rita's investigations at least as early as 2015 are irrelevant because he is a smart, experienced lawyer, rather than the putative class members, who attended some of the same elite universities as Mr. Bach-y-Rita. Surreply at 2. But this again misses the point. While those legal qualifications might be needed to piece together complex legal theories and to litigate a case, the discovery rule only requires that a reasonably diligent plaintiff have sufficient information to suspect a conspiracy and begin inquiries, not that they know whether the claim would be viable or how to prosecute it. *See Broiler Chicken*, 702 F. Supp. 3d at 690; *see also* Dkt. 848 at 7 (collecting cases). Were it otherwise, the statute of limitations would never begin to run in antitrust cases until a plaintiff retained counsel. No court has ever so held.

Plaintiffs mistakenly rely on *Stark* to argue that a "reasonable lawyer" is not the same as a "reasonably diligent plaintiff." Surreply at 2. In *Stark*, specialized medical knowledge was necessary to be aware of the underlying facts that led to the patient's harm (that there was a defect in a medical mesh device that caused the plaintiff's injuries). *See generally Stark v. Johnson & Johnson*, 10 F.4th 823 (7th Cir. 2021). The same is not true here. No specialized legal knowledge was needed to become aware of any fact necessary for Plaintiffs to suspect their injury, particularly given the abundance of public commentary on Defendants' activities. *See* Dkt. 848 at 8–12 (noting public sources referencing "collusion" with respect to the 568 Group or university financial aid).

In sum, Mr. Bach-y-Rita's sworn assertions confirm that Plaintiffs could have and should have discovered their claims well before 2018. For these reasons, and those set forth in Defendants' previous briefs, Defendants' Motion for Summary Judgment on the Statute of Limitations should be granted.

Dated: October 3, 2025

By: /s/ David Gringer
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6800
seth.waxman@wilmerhale.com

Edward W. Feldman
Daniel Martin Feeney
MILLER SHAKMAN LEVINE &
   FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for The Trustees of the University of Pennsylvania*

Respectfully submitted,

By: /s/ Norman Armstrong
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Cornell University*

By: /s/ Britt M. Miller
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Georgetown University*

| | |
|---|---|
| By: */s/ Jan Rybnicek* <br> Eric Mahr <br> Jan Rybnicek <br> Daphne Lin <br> Andrew Henderson <br> FRESHFIELDS US LLP <br> 700 13th Street, NW <br> Washington, DC 20005 <br> Tel: 202-777-4500 <br> eric.mahr@freshfields.com <br> jan.rybnicek@freshfields.com <br> daphne.lin@freshfields.com <br> andrew.henderson@freshfields.com <br> <br> Rami Fakhouri <br> Jennifer L. Greenblatt <br> GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP <br> 200 South Wacker Drive, Floor 22 <br> Chicago, IL 60604 <br> Tel: (312) 681-6000 <br> rfakhouri@goldmanismail.com <br> jgreenblatt@goldmanismail.com <br> <br> *Counsel for Massachusetts Institute of Technology* | By: */s/ Robert A. Van Kirk* <br> Robert A. Van Kirk <br> Jonathan Pitt <br> Sarah F. Kirkpatrick <br> Matthew D. Heins <br> Feyilana Lawoyin <br> Cole T. Wintheiser <br> William J. Donnelly <br> WILLIAMS & CONNOLLY LLP <br> 680 Maine Ave. SW <br> Washington, D.C. 20024 <br> Tel: 202-434-5000 <br> rvankirk@wc.com <br> jpitt@wc.com <br> skirkpatrick@wc.com <br> mheins@wc.com <br> flawoyin@wc.com <br> cwintheiser@wc.com <br> wdonnelly@wc.com <br> <br> James Peter Fieweger <br> MICHAEL BEST & FRIEDRICH LLP <br> 444 West Lake Street <br> Suite 3200 <br> Chicago, IL 60606 <br> Tel.: 312-222-0800 <br> jpfieweger@michaelbest.com <br> <br> *Counsel for University of Notre Dame* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2025, I caused a true and correct copy of the foregoing document to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jan Rybnicek*
Jan Rybnicek

*Counsel for Massachusetts Institute of Technology*