**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| Plaintiffs, | |
| v. | Hon. Matthew F. Kennelly |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**SETTLEMENT CLASS COUNSEL'S MOTION TO UPHOLD CERTAIN CLAIM DENIALS AND MOTION TO SEAL**

In response to the Court's September 16, 2025 Minute Entry (ECF No. 1033) directing

Settlement Class Counsel to respond to additional claim denial appeals, Settlement Class

Counsel file this Motion to uphold the settlement claims administrator's denials of claims

regarding 33 claimant appeals. Settlement Class Counsel also move to seal certain docketed

appeals that contain sensitive personal identifying information concerning certain claimant-appellants.

## I.     Background and Overview of the Claims Denial Review Process

Following final approval of the settlements with Defendants Brown University, University of Chicago, Columbia University, Dartmouth College, Duke University, Emory University, Northwestern University, Rice University, Vanderbilt University, and Yale University (collectively, the "First Ten Settlements"), the Court-appointed Settlement Claims Administrator ("Angeion Group LLC" or "Angeion") has been diligently processing the more than 78,000 settlement claims received prior to the April 3, 2025 deadline.

Under the Court-approved Allocation Plan Process, to submit a valid claim, claimants were required to provide documentation indicating that they attended a Defendant University[1] during the Class Period.[2] *See* ECF No. 703-3. The Court-approved Claim Form explained that examples of acceptable proof could include: "(1) a transcript showing your attendance at a Defendant University during the Class Period; (2) a diploma showing your graduation from a Defendant University during the Class Period; (3) a copy of a student ID with a date indicating it was issued during the Class Period; (4) a receipt of payment of tuition, room, board, and/or fees

---

[1] The "Defendant Universities" are Brown University ("Brown"), California Institute of Technology ("Caltech"), University of Chicago ("Chicago"), The Trustees of Columbia University in the City of New York ("Columbia"), Cornell University ("Cornell"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Georgetown University ("Georgetown"), The Johns Hopkins University ("Johns Hopkins"), Massachusetts Institute of Technology ("MIT"), Northwestern University (Northwestern"), University of Notre Dame Du Lac ("Notre Dame"), The Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt"), and Yale University ("Yale").

[2] Pursuant to the Final Approval Order (ECF No. 726), the "Class Period" is defined by Defendant University as follows:

  i.   For Chicago, Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, Penn, Rice, Vanderbilt, Yale—from Fall Term 2003 through February 28, 2024.
  ii.  For Brown, Dartmouth, Emory—from Fall Term 2004 through February 28, 2024.
  iii. For Caltech—from Fall Term 2019 through February 28, 2024.
  iv.  For Johns Hopkins—from Fall Term 2021 through February 28, 2024.

to a Defendant University during the Class Period; or (5) your financial aid award letter from a Defendant University during the Class Period." ECF No. 703-13 at 8-9. Angeion reviewed each claim manually for eligibility to ensure validity and reduce the risk of fraud. *Id.* The Settlement Claims Administrator identified 3,876 (or approximately 5% of) claims as containing deficiencies. *See* Sept. 15, 2025 Adessa Decl. ¶ 3. In these cases, the claimant either completed the form in a manner indicating that he or she was not a member of the Class, failed to submit documentation demonstrating attendance at a Defendant University during the Class Period, and/or attached documentation inconsistent with Class membership (for instance, attaching a financial aid award letter indicating he or she received a full-ride scholarship). *Id.*

For each submitted claim with a curable deficiency,[3] the Settlement Claims Administrator contacted the claimant, notifying him or her of the deficiency and providing an opportunity for the claimant to cure the deficiency by June 26, 2025. *See id.* ¶ 4. In 803 such cases, the claimant successfully cured the deficiency by providing additional documentation. *Id.* ¶ 8. However, in 3,030 cases, the claimant did not respond to the deficiency letter by the deadline. *Id.* Pursuant to the Allocation Plan Process, each claimant who failed to respond to the deficiency letter or whose claim was incurably deficient was provided a rejection letter on August 27, 2025. *See* ECF No. 703-3 ¶ 16; Sept. 15, 2025 Adessa Decl. ¶ 9. Consistent with the Allocation Plan Process approved by the Court, *see* ECF No. 703-3 ¶ 17, each rejection letter contained instructions for submitting an appeal to the Court by mailing an appeal with a postmark date no later than September 18, 2025. *See* Sept. 15, 2025 Adessa Decl. ¶ 9.

---

[3] Claimants who asserted in their Claim Forms that they were not members of the Settlement Class because, for example, they only attended a Defendant University outside of the Class Period or they were never a U.S. citizen or permanent resident, were deemed to have incurable deficiencies that could not be remedied. *See* Settlement Class Counsel's Motion to Uphold Certain Claim Denials, ECF No. 1032 at 7 n.8. By contrast, those whose Claim Forms indicated eligibility but whose supporting documentation was inadequate were deemed to have curable deficiencies.

Following distribution of the rejection letters to claimants, several claimants contacted Settlement Class Counsel and the Settlement Claims Administrator, and ultimately, 202 appeals were filed by 195 unique claimants.[4] *See* Oct. 10, 2025 Decl. of T. Adessa ¶ 5 n.1. Upon review of the appeals and other inquiries Settlement Class Counsel and Angeion received, the Settlement Claims Administrator determined it had made a systemic error in processing claims, specifically those claims in which claimants attached diplomas in Latin as proof of Class membership. Sept. 15, 2025 Adessa Decl. ¶ 10.

In order to address the error in processing Latin diplomas (and any other similar errors), Settlement Class Counsel instructed the Settlement Claims Administrator to undertake a complete review of all rejected claims. *Id.* ¶ 11. Settlement Class Counsel further instructed the Claims Administrator to reverse the denials of all claims where the "Latin diploma" error (or other similar errors) occurred, whether or not such claimants had appealed.[5] *Id.*

Following completion of this additional review of denied claims, Angeion found 2,115 of claims that had previously been denied to in fact be valid, timely, and containing adequate

---

[4] Several claimants submitted duplicate appeals. When considering duplicates, the total number of docketed appeals is 202.

[5] Many of the appellants assert that they did not receive deficiency letters. These claims are dubious. *See* Ex. A to Oct. 10, 2025 Adessa Decl. (showing successful delivery of deficiency letters to all appellants). Angeion uses a proprietary system that leverages Amazon Web Services Simple Email Services ("SES") with Amazon Simple Notification Service ("SNS") to track email delivery, opens, and clicks with high accuracy. *See id.* ¶ 5. This system is accurate and reliable, and there is no indication of any deliverability issue with the deficiency notices. *See id.* The more likely explanation is that some claimants' email accounts filtered the deficiency emails to a spam folder and then automatically deleted the emails after a certain period of time (typically 30 days) as a result of spam retention policies. *See, e.g.*, Davey Winder, *You Have 30 Days to Recover Deleted Gmail Messages—Here's How*, FORBES (May 26, 2024), https://www.forbes. com/sites/ daveywinder/2024/05/26/you-have-30-days-to-recover-deleted-gmail-messages-heres-how/ ("Everything in your trash folder . . . will get permanently deleted after a 30-day period. The same is true for your spam folder."); Yahoo!, *Are the Trash and Spam Folders Regularly Emptied* (last visited Sept. 13, 2025), bit.ly/46mbNjx (noting that spam emails are automatically deleted after 30 days); AOL, *Spam and Trash Folders Are Regularly Deleted in AOL Mail* (last visited Sept. 13, 2025), https://help.aol.com/articles/ spam-and-trash-folders-are-regularly-deleted-in-aol-mail. While Angeion employs best practices to avoid spam filtration, it is inevitable that some email services will incorrectly divert certain emails from the Settlement Claims Administrator to spam. Adessa Decl. ¶ 6.

3

documentation supporting Settlement Class membership. *See* Oct. 10, 2015 Adessa Decl. ¶ 7.

Accordingly, Angeion will inform each of these claimants that their denials had been reversed,

and that their claims are now considered valid, timely, and complete. *Id.* ¶ 7. Angeion also

determined that a total of 920 claims lacked sufficient documentation, and thus they remain

denied.

In total, Angeion received 78,020 claims. *Id.* ¶ 7. As of this filing, and taking into

account Angeion's further review, 74,630 claims have been approved (95.65%), 3,329 claims

have been denied (4.27%), and 61 claims have been withdrawn (0.08%). *Id.* In other words,

approximately 96% of claimants successfully submitted valid and timely claim forms with

adequate supporting documentation. *See id.* Angeion denied approximately 4% of the more than

78,000 claims it received. *See id.*

## II.     The Appeals Process

As of October 9, 2025, 202 appeals have been docketed concerning 195 unique

claimants. Settlement Class Counsel previously addressed 59 appeals in its September 15, 2025

filing with the Court. *See* Settlement Class Counsel's Response, ECF No. 1032 at 5-7. Of these,

Settlement Class Counsel noted that Angeion had reversed 48 denials, and Settlement Class

Counsel recommended that the 11 remaining denials be upheld. *Id.*

Settlement Class Counsel now address the remaining 143 appeals of 136 unique

claimant-appellants. Of the 143 appeals, Angeion has already reversed claim denials

corresponding to 110 appeals because, upon review, Angeion has determined that the initial

claims were valid, timely, and without deficiencies.[6] *Id.* Settlement Class Counsel recommend

---

[6] These claimant-appellants are: Alexis von der Leith (ECF No. 1027); Christina So-Ye Oh (ECF No. 1029); S. Elizabeth Brandon (ECF No. 1030); Eugene Wu (ECF No. 1031); Kathryn (Katie) O'Donnell (ECF No. 1034); Rachel Marie Haltiwanger (ECF No. 1036); Jesse Axel Cortez Ayala (ECF No. 1037); Christopher Luo (ECF No. 1038); Andrea Joyce Kolarova (ECF No. 1039); Mitchell Powell (ECF No.

that 33 appeals be overruled and the claims rejected due to insufficient documentation and/or a

failure to timely respond to the deficiency letters Angeion sent the claimants. *See* Oct. 10, 2025

Adessa Decl. Ex. A.

**III.    The 33 Appeals Settlement Class Counsel Recommend That This Court Reject**

Settlement Class Counsel respectfully submit that 33 appeals identified below should be

overruled and their claims remain rejected. *See* Oct. 10, 2025 Adessa Decl. Ex. A. Each of these

appellants either failed to submit any documentation substantiating his or her membership in the

---

1040); Ross Kliegman (ECF No. 1041); Francesca Siudela (ECF No. 1042); Dwight Adams (ECF No. 1044); Brittany Story (ECF No. 1045); Rhea Jain (ECF No. 1046); Audrey Hui (ECF No. 1047); Dirich James-Osondu (ECF No. 1049); Barbara Jun (ECF No. 1050); Mingyuan Zheng (ECF No. 1051); Amelia Calautti (ECF No. 1053); Richard Lo (ECF No. 1054); Matthew Yoder (ECF No. 1055); Miranda Jackson (ECF No. 1056); Joseph Klarr (ECF No. 1058); Lucinda Leung (ECF No. 1059); Aubree Jones (ECF No. 1060); Michelle Bonsu (ECF No. 1062); Ronald Williams (ECF No. 1064); Maximo Machado (ECF No. 1067); Samuel Yellowhorse Kesler (ECF No. 1068); Jessica Liu (ECF No. 1070); Mitelan Kumarasamy (ECF No. 1071); Sholom Rothman (ECF No. 1072); Jarod Zimmerman (ECF No. 1073); Ava McClung (ECF No. 1074); Ronald Williams (ECF No. 1078); Claire Pomykala (ECF No. 1079); Brynn Sanner (ECF No. 1080); Xiyu Wang (ECF No. 1081); Blessing Utomi (ECF No. 1084); Emily Margaret Nakiganda (ECF No. 1085); Samuel Garcia (ECF No. 1088); Emily Guan (ECF No. 1089); Dustin Yuzhen Zhau (ECF No. 1093); Gihyun Myung (ECF No. 1094); Marcus Louis-Charles (ECF No. 1095); Ethan Cleary Tate (ECF No. 1096); Nigel Newby (ECF No. 1097); Daniel Pham (ECF No. 1098); Michael Everett (ECF No. 1099); Kaitlyn Kroeger (ECF No. 1100); Meagan Sullivan (ECF No. 1101); Andrew Lin (ECF No. 1102); Emma Chee (ECF No. 1103); Adrian Moga (ECF No. 1105); Andrew Stineman (ECF No. 1106); Lynda Hu (ECF No. 1107); Jordyn Taylor Jaffe (ECF No. 1108); Josua Xiong (ECF No. 1109); Spencer Riley Tilghman (ECF No. 1110); Shomari Smith (ECF No. 1112); Erik Kruse (ECF No. 1114); Emma Vasilakopoulos (ECF No. 1115); Leon Lei (ECF No. 1117); Cresta Kruger (ECF No. 1118); Spencer Shaffer (ECF No. 1119); Kathleen Zhou (ECF No. 1120); Mitchell Horacek (ECF No. 1121); Eve Marie Downing (ECF No. 1123); Denise Bailey-Castro (ECF No. 1124); Mayra Suarez (ECF No. 1126); Damaris Altomerianos (ECF No. 1127); Kiersten Gourlay (ECF No. 1129); Shawn Kerry (ECF No. 1131); Sophia Jefferson (ECF No. 1132); Kendall McClellan (ECF No. 1133); Klaudia Konieczny (ECF No. 1134); Caroline Zigrang (ECF No. 1135); Matthew Swiatek (ECF No. 1136); Carolyn Forrester (ECF No. 1137); Peter Jorgensen (ECF No. 1138); Brownwen Pailthorpe (ECF No. 1139); Daniel Cao (ECF No. 1140); Noah Mader (ECF No. 1141); Yiran Ryan Liu (ECF No. 1144); Patrick Mosquera (ECF No. 1145); Madelyn Louis Stoddard (ECF No. 1147); Abigail Espiritu (ECF No. 1148); Ciara O'Neill (ECF No. 1150); Daniel Rozycki (ECF No. 1151); Samuel Ramirez (ECF No. 1152); Emily Park (ECF No. 1153); Tia Borrego (ECF No. 1154); Sharon Amber Kim (ECF No. 1155); Taylor Thompson (ECF No. 1158); Avalon Demetri (ECF No. 1159); Natalie Ann Freidin (ECF No. 1163); Erica Shen (ECF No. 1166); Celine Yueqing Chen (ECF No. 1167); Caroline Surrett (ECF No. 1168); Ian Hendrick (ECF No. 1169); Joseph Matthew Charlet (ECF No. 1170); Joseph Matthew Charlet (ECF No. 1171); Priya Patel (ECF No. 1172); Hannah Gully (ECF No. 1180); Mariah Masha (ECF No. 1181); Audrey Kuykendall (ECF No. 1182); and David Tanner Floyd (ECF No. 1190).

Settlement Class or failed to attach documentation substantiating that he or she attended a Defendant University during the Settlement Class Period. *See id.* Further, Angeion sent each of these appellants a deficiency letter via email or U.S. Mail. *See id.* For emailed deficiency letters, Angeion's data indicate that all appellants' deficiency letters were successfully delivered to the email addresses listed on their respective claim forms. For mailed deficiency letters (which were mailed to the addresses listed on the appellants' claim forms), Angeion has not received any notification that any deficiency letters were returned as undeliverable. *See id.*

Settlement Class Counsel respond to each appeal for which they recommend rejections below:

1.      Sonja Postak (ECF No. 1028) submitted a claim form that attached a corrupted file as her supporting documentation of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Postak did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

2.      Angela Broad White (ECF No 1035) submitted a claim form that attached a picture of a Dartmouth student ID that did not include a year or expiration date indicating that she attended Dartmouth during the Class Period.[7] *See* Ex. A to Oct. 10, 2025 Adessa Decl. Dr. Broad White did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

3.      Andrew Nguyen (ECF No. 1043) submitted a claim form that attached a corrupted file as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025

---

[7] Although the claim form listed a student ID as one possible form of documentation supporting Settlement Class Membership, it explained that the ID needed to include "a date indicating it was issued during the Class Period." *See* Claim Form, ECF No. 703-13.

Adessa Decl. Mr. Nguyen did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

4.      Brendon Wade (ECF No. 1048) submitted a claim form that attached a transcript containing no university name anywhere on the document as his sole form of documentation of Settlement Class Membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Wade did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

5.      Erik Feng (ECF No. 1052) submitted a claim form that attached a corrupted file as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Feng did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

6.      Jeff Halfacre-Buie (ECF No. 1057) submitted a claim form that attached a corrupted a file as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Halfacre-Buie did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

7.      Claire Ciampa (ECF No. 1061) submitted a claim form that attached a corrupted file as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Ciampa did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

8.      Kristine Yip (ECF No. 1063) submitted a claim form that attached a corrupted file as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Yip did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

9.     Saif Alobaidi (ECF No. 1065) submitted a claim form that attached a screenshot of part of the Settlement Class Notice as his evidence of Settlement Class membership even though the claim form stated that claimants needed to provide proof that they attended a Defendant University during the Class Period and gave examples of acceptable proof. *See* Ex. A to Oct. 10, 2025 Adessa Decl.; ECF No. 703-13. Mr. Alobaidi did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *See* Ex. A to Oct. 10, 2025 Adessa Decl.

10.     Joseph Reilly (ECF No. 1066) submitted a claim form that attached a transcript that did not include his name (or any student name) on it as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Reilly did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

11.     Alexander Styk[8] (ECF No. 1069) submitted a two claim forms—one valid and timely electronic claim form and a deficient paper claim form that included no supporting documentation of Settlement Class membership. *See* Oct. 10, 2025 Adessa Decl. ¶ 5 n.2. Angeion sent Mr. Styk a deficiency letter concerning only his deficient paper claim form on May 27, 2025 to the address listed on his paper claim form, to which Mr. Styk did not respond. *Id*. Mr. Styk's appeal concerns only his paper claim form, which was rejected. Settlement Class Counsel

---

[8] Mr. Styk also raises some legal arguments about the adequacy of the notice process here, suggesting that his due process rights were violated because he denies having received the deficiency letter mailed to the address listed on his claim form. As an initial matter, his arguments are mooted by the fact that his electronic claim was deemed valid and timely. Nevertheless, assuming for the sake of argument that his cited cases govern the standard for providing a deficiency letter (as opposed to class notice), the cases are inapposite. Angeion provided Mr. Styk with a personalized deficiency letter mailed to the address listed on his claim form consistent with the requirements of *Mullane v. Central Hanover Bank*, 339 U.S. 306, 314 (1950) and *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988). And unlike in *Jones v. Flowers*, 547 U.S. 220 (2006), Mr. Styk's mailed deficiency letter was not returned as undeliverable.

recommend that Mr. Styk's appeal be denied, both because it is a duplicate claim and because the claim form failed to attach documentation of class membership, which Mr. Styk did not remedy. However, Mr. Styk's electronically submitted claim remains valid, and he will be paid following the Court's approval of the settlement distribution.

12. Derrick Arthur-Cudjoe (ECF No. 1075) submitted a claim form that attached a transcript only from Northern Virginia Community College, which is not a Defendant, as his evidence of class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. The claim form stated that claimants "must include **one or more** forms of proof Settlement Class Membership supporting that you attended one or more Defendant Universities during the Class Period." ECF No. 703-13. Mr. Arthur-Cudjoe did not respond to the deficiency letter that was emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *See* Ex. A to Oct. 10, 2025 Adessa Decl.

13. Robert Hunter (ECF No. 1082) submitted a claim form that attached a corrupted a file as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Hunter did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

14. Jason Kuo (ECF No. 1083) submitted a claim form that attached a transcript that did not include his name (or any student name) as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Kuo did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

15. Wendy Francois (ECF No. 1087) submitted a duplicate appeal. Her prior appeal had already been recommended for denial in Settlement Class Counsel's Motion to Uphold

Certain Claim Denials. *See* ECF No. 1032 at 7. Settlement Class Counsel maintain that Ms. Francois's appeal should be denied because she attached a transcript that did not show her name (or any student name) to her claim form and failed to respond to the deficiency letter successfully delivered on May 27, 2025 to the email address listed on her claim form.

16.     Naomi Agnew (ECF No. 1091) submitted a claim form that attached a password-protected file (without providing the password) as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Agnew did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

17.     Yuri Owens (ECF No. 1092) submitted a claim form that attached a picture of a diploma that is too blurry to discern the class year, even with technological aids, as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Owens did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

18.     Danielle Marryshow (ECF No. 1104) submitted a claim form that attached a transcript that does not state the claimant's name (or any student's name) as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Marryshow did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

19.     Dondei Dean (ECF No. 1111) submitted a claim form that did not attach any evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Dean did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

20.     Akilah Smith (ECF No. 1113) submitted a claim form that attached a corrupted file as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Smith did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

21.     Kristie Yip (ECF No. 1116) submitted a duplicate appeal (ECF No. 1063), which is addressed above. This duplicate appeal should be denied for the same prior appeal.

22.     Jeffrey Gao (ECF No. 1122) submitted a claim form that attached a transcript containing no university name anywhere on the document as his sole form of documentation of Settlement Class Membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Gao did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

23.     Alanis Allen (ECF No. 1125) submitted a claim form that attached a transcript that did not include her name (or any student name) on it as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Allen did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on his claim form and records indicate that she opened. *Id.*

24.     Nathan Reiff (ECF No. 1128) submitted a claim form that attached a transcript containing no university name anywhere on the document as his sole form of documentation of Settlement Class Membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Gao did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

25.     Noeline Arul (ECF No. 1130) submitted a claim form that attached a corrupted file as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl.

11

Ms. Smith did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

26. Carmen Jin (ECF No. 1142) submitted a claim form that attached a degree audit that did not contain her name (or any student name). *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Jin did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

27. Daniel Freedline (ECF No. 1143) submitted a claim form that attached a transcript that did not contain his name (or any student name). *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Freedline did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.*

28. Bonnie Li-MacDonald (ECF No. 1149) submitted a claim form that attached a corrupted file as her evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Li-MacDonald did not respond to the deficiency letter emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

29. Bogdan Petre (ECF No. 1156) submitted a claim form that attached a corrupted file as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. Petre did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form. *Id.* Further, Mr. Petre's appeal is postmarked September 20, 2025, two days following the postmark deadline for appeals.

30. Serena Smith (ECF No. 1157) submitted a claim form that did not attach any evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Smith did not respond to the deficiency letter that was emailed to her on May 27, 2025, which was successfully delivered to the email address listed on her claim form. *Id.*

31.     Moira Ryan (ECF No. 1164) submitted a claim form that did not attach any evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Ms. Ryan did not respond to the deficiency letter that was mailed to her on May 27, 2025, which was emailed to the address listed on her claim form. The letter was not returned as undeliverable. *Id.*

32.     David MacDonald (ECF No. 1165) submitted a claim form that attached a corrupted file as his evidence of Settlement Class membership. *See* Ex. A to Oct. 10, 2025 Adessa Decl. Mr. MacDonald did not respond to the deficiency letter emailed to him on May 27, 2025, which was successfully delivered to the email address listed on his claim form and which records indicate he opened. *Id.*

33.     Sanders Moody (ECF No. 1176) submitted a claim under his daughter's credentials, but signed his own name and provided his own electronic payment information for payment. After receiving notice that Settlement Class Counsel recommend his appeal be denied, Mr. Moody contends that his claim should be considered valid and timely. Mr. Moody states that he was acting on his daughter's behalf but did not feel it was appropriate to sign her name. He also contends that he always intended to provide her with any recovered funds by forwarding the funds to her mother. While Settlement Class Counsel appreciate Mr. Moody's desire to preserve his daughter's claim, Settlement Class Counsel respectfully submit that they cannot lawfully distribute settlement funds to anyone other than members of the Settlement Class who have completed timely and valid claim forms for themselves. Mr. Moody is not a Settlement Class Member, his daughter (who apparently is a Settlement Class Member) concededly did not complete the claim form and would not respond to his requests concerning the claim form, and the electronic payment information provided would have settlement funds transferred directly to Mr. Moody.

13

## IV.     Motion to Seal

Although neither Settlement Class Counsel nor the Claims Administrator asked any claimants to attach supporting documentation to their appeals, many did. Some of this documentation includes sensitive information such as tax documents, financial aid award letters, banking information, and academic transcripts. To protect the privacy of Settlement Class Members, Settlement Class Counsel respectfully request that the following appeals be placed under seal: ECF Nos. 971, 1029, 1031, 1037, 1042, 1060, 1084, 1087, 1089, 1105, 1107, 1108, 1131, 1132, 1135, 1136, 1137, 1139, 1140, 1142, 1145, 1147, 1152, 1158, 1164, 1167, 1169, and 1180.

## V.     Conclusion

First, for the 110 appeals in which the claim denials have already been reversed, the Court need not take any action. These appellants' claims are now considered valid and timely, and these appellants will receive payment follow the Court's approval of a distribution.

Second, given the documented deficiencies in their claims, Settlement Class Counsel respectfully request that the Court uphold the decisions of the Claims Administrator to reject the claims of the following claimant-appellants: Sonja Postak (ECF No. 1028); Angela Broad White (ECF No 1035); Andrew Nguyen (ECF No. 1043); Brendon Wade (ECF No. 1048); Erik Feng (ECF No. 1052); Jeff Halfacre-Buie (ECF No. 1057); Claire Ciampa (ECF No. 1061); Kristine Yip (ECF No. 1063); Saif Alobaidi (ECF No. 1065); Joseph Reilly (ECF No. 1066); Alexander Styk (ECF No. 1069); Derrick Arthur-Cudjoe (ECF No. 1075); Robert Hunter (ECF No. 1082); Jason Kuo (ECF No. 1083); Wendy Francois (ECF No. 1087); Naomi Agnew (ECF No. 1091); Yuri Owens (ECF No. 1092); Danielle Marryshow (ECF No. 1104); Dondei Dean (ECF No. 1111); Akilah Smith (ECF No. 1113); Kristie Yip (ECF No. 1116); Jeffrey Gao (ECF No. 1122);

Alanis Allen (ECF No. 1125); Nathan Reiff (ECF No. 1128); Noeline Arul (ECF No. 1130);

Carmen Jin (ECF No. 1142); Daniel Freedline (ECF No. 1143); Bonnie X Li-MacDonald (ECF

No. 1149); Bogdan Petre (ECF No. 1156); Serena Smith (ECF No. 1157); Moira Ryan (ECF No.

1164); David MacDonald (ECF No. 1165); and Sanders Moody (ECF No. 1176).

Third, Settlement Class Counsel note that several Settlement Class Members who

submitted appeals attached sensitive information, including banking information, tax documents,

and transcripts. To protect the privacy interests of the appealing Settlement Class Members,

Settlement Class Counsel respectfully request that the Court place the following appeal letters

under seal: ECF Nos. 971, 1029, 1031, 1037, 1042, 1060, 1084, 1087, 1089, 1105, 1107, 1108,

1131, 1132, 1135, 1136, 1137, 1139, 1140, 1142, 1145, 1147, 1152, 1158, 1164, 1167, 1169, and

1180.

Dated: October 10, 2025

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David S. Copeland
Natasha Zaslove
**GILBERT LITIGATORS &**
  **COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Tel: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
nzaslove@gilbertlitigators.com

/s/ Eric L. Cramer
Eric L. Cramer
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
**BERGER MONTAGUE PC**
110 N. Wacker Drive, Suite 2500
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

Respectfully Submitted,

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

Ivy Ngo
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com
dwalker@bergermontague.com
hbrinn@bergermontague.com

*Settlement Class Counsel*

16