UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK CARBONE, ANDREW CORZO, SAVANNAH ROSE EKLUND, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLANDER, BRANDON PIYEVSKY, KARA SAFFRIN, and BRITTANY TATIANA WEAVER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No.   1:22-cv-00125<br><br>Judge Matthew F. Kennelly |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants respectfully submit *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-6714 (N.D. Cal. Oct. 27, 2025), as supplemental authority in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification (Dkt. 788).  A copy is attached as Exhibit A.

1

The plaintiffs in *Apple iPhone* brought Sherman Act claims alleging that Apple, Inc. charges app developers a supracompetitive commission, which developers then pass on to consumers who download their apps or make in-app purchases. *Id.* at 2. The class consisted of persons who either purchased iOS applications or made in-app purchases. *Id.*

Because many class members had multiple accounts, plaintiffs' expert attempted to deduplicate the data and match the accounts with the relevant class member. *Id.* at 5-6. The court excluded that testimony and decertified the class in part because the expert "sought to match 'names' rather than 'payors.'" *Id.* at 20. The court rejected plaintiffs' argument that the direct purchaser was the individual who clicked "purchase" regardless of whose money they spent as contrary to the Supreme Court's instruction requiring "[t]he absence of an intermediary." *Id.* (quoting *Apple Inc. v. Pepper*, 587 U.S. 273, 281 (2019)). The court cited one "common example: families." *Id.* at 21.

> Children often use their parent's credit card to purchase apps or make in-app purchases in Apple's App Store through their own Apple ID. Here, although the parent paid Apple for the transaction, and was therefore the direct purchaser, [plaintiffs' expert's] analysis viewed the child—who did not directly pay Apple— as a payor.

*Id.* Such individuals who did not actually pay "likely would not have Article III or antitrust standing." *Id.* The plaintiffs therefore "failed to provide a model capable of reliably showing classwide injury and damages." *Id.* at 27.

As defendants argued in their Opposition to Plaintiffs' Motion for Class Certification, also citing the Supreme Court's decision in *Apple*, 587 U.S. at 281, class certification should be denied because plaintiffs in this case similarly failed to offer a model that identifies and excludes individuals who did not directly pay their tuition. The same "common example" is present here, as there is no dispute that family members of many putative class members directly paid their

2

tuition. These students suffered no injury and lack antitrust and Article III standing, yet plaintiffs offer no way to identify and exclude them from the class. *See* Dkt. 788 at 53-55 § IV.

Dated: October 28, 2025

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: 202-663-6800
seth.waxman@wilmerhale.com

Edward W. Feldman
Daniel Martin Feeney
MILLER SHAKMAN LEVINE &
   FELDMAN LLP
30 W. Monroe St.
Suite 1900
Chicago, IL 60603
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for The Trustees of the University of Pennsylvania*

Respectfully submitted,

By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Emily T. Chen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
emily.chen@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Daphne Lin
FRESHFIELDS US LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
daphne.lin@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI BRENNAN &
BAUM LLP
200 South Wacker Drive, Floor 22
Chicago, IL 60604
Tel: (312) 681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Massachusetts Institute of Technology*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Feyilana Lawoyin
Cole T. Wintheiser
William J. Donnelly
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
Tel: 202-434-5000
rvankirk@wc.com
jpitt@wc.com
skirkpatrick@wc.com
mheins@wc.com
flawoyin@wc.com
cwintheiser@wc.com
wdonnelly@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for University of Notre Dame*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 28, 2025, I caused a true and correct copy of the foregoing document to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      */s/ David Gringer*

      David Gringer

      *Counsel for The Trustees of the University of Pennsylvania*