UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, <br><br> Defendants. | Case No. 1:22-cv-00125 <br><br> Hon. Matthew F. Kennelly |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
<u>SUPPLEMENTAL AUTHORITY</u>**

Defendants cite *In re Apple iPhone Antitrust Litigation* ("*Apple iPhone*"), No. 4:11-cv-6714 (N.D. Cal. Oct. 27, 2025), in support of their opposition to Plaintiffs' Motion for Class Certification (ECF No. 788). *See* Defs.' Notice of Supplemental Authority (ECF No. 1197) at 1-3. Defendants claim that *Apple iPhone* stands for the proposition that members of the proposed Class here whose parents paid tuition and other costs on their behalf are not direct purchasers

under *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968), and its progeny, including *Apple Inc. v. Pepper*, 587 U.S. 273, 281 (2019). Defendants are wrong. The members of the proposed Class are direct purchasers under settled law, and nothing in *Apple iPhone* suggests a contrary conclusion.

*First*, the direct-purchaser rule dictates that only "the immediate buyers from the alleged antitrust violators may maintain a suit against the antitrust violators." Pls.' Reply in Support of Mot. for Class Cert. (ECF No. 807) at 34 (quoting *Pepper*, 587 U.S. at 179). Where a third party pays for something on behalf of a purchaser, it does not "render[] a purchaser an indirect purchaser for the purposes of *Illinois Brick*." *Id*. at 35 (quoting *In re Mercedes-Benz Anti-Trust Litig.*, 157 F. Supp. 2d 355, 366 (D.N.J. 2001)). This is because "[t]he source from which one obtains funds for a purchase does not attenuate the seller-to-buyer relationship, either as a matter of logic or commercial reality." *Id.* (quoting *Mercedez-Benz*, 157 F. Supp. 2d at 366).

*Second*, nothing in *Apple iPhone* contravenes this law. In *Apple iPhone*, the court held that minor children, who made purchases from Apple's App Store using their parents' credit cards, are not themselves payors under *Hanover Shoe*. *Apple iPhone* at 21 (citing *Y.H. v. Blizzard Ent., Inc.*, 2024 WL 5431490, at *5 (C.D. Cal. Aug. 14, 2024) (holding that minor child was not injured when making online purchases in father's account with father's funds)). As a result, in *Apple iPhone*, the minor children were not the payors responsible for paying the bill. By contrast, the members of the proposed Class here are directly responsible and liable for tuition payments to Defendants. *See* Pls.' Opp. to Defs.' Mot. for Summary J. (ECF No. 891) at 39-41. Defendants issue students' bills in the students' own names, and—as Defendants themselves have emphasized—the students are solely responsible for tuition and other payments regardless of the source of funds for those payments. *See* Defs.' Opp. to Pls.' Mot. for Class Cert. at 39 (citing Ex.

2

5, Penn568-LIT-00073116 (Penn's Financial Responsibility Statement requiring students to agree "to pay tuition, fees and other charges associated with [their] enrollment in these classes. . . . This constitutes a legal financial obligation."); Ex. 6, Georgetown Revenue and Receivables, Policies and Procedures, https://studentaccounts.georgetown.edu/policies/ (last visited Mar. 5, 2025) ("[T]he student accepts financial responsibility for charges assessed to his or her account.")); Pls.' Reply in Support of Class Cert. at 34-35; Pls.' Opp. to Summary J. at 40-41.

Where parents, relatives, or unrelated third parties (such as banks, friends, or neighbors) contribute funds toward a university student's education, those funds are either a loan or a gift *to the student* to pay the *student's obligation*. *See* Pls.' Reply in Support of Class Cert. at 35; Pls.' Opp. to Defs.' Mot. for Summary J. at 40 & n.29. The source of funds has no bearing on the student's status as a direct purchaser. *See* Pls.' Reply in Support of Class Cert. at 34-35 & n.80 (citing *Mercedes-Benz*, 157 F. Supp. 2d at 366 ("The source from which one obtains funds for a purchase does not attenuate the seller-to-buyer relationship, either as a matter of logic or commercial reality."); *In re Payment Card Interchange Fee & Merchant Disc. Antitrust Litig.*, 2024 WL 1014159, at *12 (E.D.N.Y. Mar. 8, 2024) ("[T]he cardholder is the direct purchaser from Amazon, notwithstanding the fact that Chase paid for the product on the cardholder's behalf."); *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 317 F.R.D. 675, 685-86 (N.D. Ga. 2016) (rejecting defendant's argument that an employer's reimbursement of a purchaser's travel expenses meant the employee-purchaser lacked antitrust injury).[1]

---

[1] Defendants' misplaced reliance on the *Apple iPhone* opinion is thus inconsistent with settled antitrust law, as well as non-antitrust cases in which "courts have routinely that parents lack standing to bring claims against their adult children's colleges and universities, even where the parents pay tuition on behalf of their children." *Gociman v. Loyola Univ. of Chicago*, 515 F. Supp. 3d 861, 866 (N.D. Ill. 2021), *aff'd in relevant part, vacated in part*, 41 F.4th 873 (7th Cir. 2022)); *accord Rynasko v. NYU*, 63 F. 4th 186, 193 (2d Cir. 2023) (student, not parent who paid on student's behalf, has standing to recover tuition payments). In addition, the gravamen of

In short, *Apple iPhone* does not support Defendants' position, and its reasoning underscores the standing of the proposed Class members here.

Dated: October 30, 2025

Respectfully Submitted,

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David S. Copeland
Natasha Zaslove
**GILBERT LITIGATORS &
  COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Tel: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com
nzaslove@gilberlitigators.com

/s/ Eric L. Cramer
Eric L. Cramer
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
**BERGER MONTAGUE PC**
110 N. Wacker Drive
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
**FREEDMAN NORMAND
  FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

Ivy Ngo
**FREEDMAN NORMAND
  FRIEDLAND LLP**
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com
dwalker@bergermontauge.com
hbrinn@bergermontague.com

*Counsel for Plaintiffs*

---

*Apple iPhone* opinion is that the plaintiffs' proposed expert retained to deduplicate Apple's payor data was not qualified under *Daubert* to serve as an expert, *Apple iPhone* at 8-11, and his opinion testimony was deemed inadmissible because his methodology was flawed in numerous, critical respects. *Id.* at 11-22. In stark contrast, the Court in *this* case has found in a detailed opinion that Plaintiffs' experts are qualified and has *denied* Defendants' *Daubert* motions.