# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| Plaintiffs, | Hon. Matthew F. Kennelly |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S SUMMARY JUDGMENT ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ....................................................................................................ii

LEGAL STANDARDS .......................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.     THE ISSUE OF THE TIMELINESS OF PLAINTIFFS' CLAIMS DOES NOT MEET THE CRITERIA FOR CERTIFICATION UNDER § 1292(b) ............................ 2

     A.     There Is No "Substantial Ground for Difference of Opinion" on Whether the Discovery Rule Applies to Plaintiffs' Federal Civil Antitrust Claims.............. 2

     B.     The Supreme Court Has Not Issued Any Controlling, Intervening Decision Regarding the Discovery Rule in Federal Civil Antitrust Cases ........................... 4

     C.     The Application of the Discovery Rule Under the Circumstances Here Does Not Present a "Question of Law"........................................................................... 7

     D.     Interlocutory Appeal as to the Timeliness of Plaintiffs' Claims Would Not "Materially Advance the Ultimate Termination of the Litigation" ..................... 11

II.    THE ISSUE OF PLAINTIFFS' ANTITRUST STANDING DOES NOT MEET THE CRITERIA FOR CERTIFICATION UNDER § 1292(b)...................................... 13

     A.     Defendants' Argument Fails Given the Availability of Fed. R. Civ. P. 23(f) ...... 13

     B.     There Is No "Substantial Ground for Difference of Opinion" of Any "Question of Law" as to Plaintiffs' Antitrust Standing ........................................ 13

CONCLUSION..................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*,
   291 F.3d 674 (7th Cir. 2000) ......................................................................... 1, 7, 8

*Ambrosia v. Blazesoft Ltd.*,
   2025 WL 3707261 (N.D. Ill. Dec. 22, 2025).................................................. 3, 12

*Asher v. Baxter Int'l, Inc.*,
   505 F.3d 736 (7th Cir. 2007) .............................................................................. 2

*Barney v. City of Harvey*,
   2004 WL 2092009 (N.D. Ill. Sept. 15, 2004) ................................................... 13

*Benfield v. Mocatta Metals Corp.*,
   1993 WL 148978 (S.D.N.Y. May 5, 1993) .......................................................... 8

*Best v. Malec*,
   2010 WL 3721475 (N.D. Ill. Sept. 14, 2010) ................................................ 8, 14

*Brotherhood of Locomotive Eng'rs & Trainmen v. Fed. R.R. Admin.*,
   972 F.3d 83 (D.C. Cir. 2020)............................................................................... 5

*Brown v. Morsi*,
   2018 WL 3456494 (N.D. Ill. July 18, 2018).............................................. 1, 6, 15

*Cada v. Baxter Healthcare Corp.*,
   920 F.2d 446 (7th Cir. 1990) .............................................................................. 4

*Carbone v. Brown Univ.*,
   621 F. Supp. 3d 878 (2022) ........................................................................ passim

*Carr v. AutoNation*,
   2018 WL 3913810 (E.D. Cal. Aug. 15, 2018)................................................... 10

*Chicago Regional Counsel of Carpenters v. Prate Installations, Inc.*,
   2011 WL 13210099 (N.D. Ill. July 13, 2011)..................................................... 7

*Connors v. Hallmark & Son Coal Co.*,
   935 F.2d 336 (D.C. Cir. 1991)............................................................................. 2

*Design Basics LLC v. Campbellsport Bldg. Supply Inc.*,
   2015 WL 13029640 (E.D. Wis. June 19, 2015).................................................. 7

*Doe v. Butler Univ.*,
   2025 WL 3750452 (S.D. Ind. Dec. 29, 2025).................................................... 8

*Dvorak v. St. Clair County*,
  2018 WL 514326 (S.D. Ill. Jan. 23, 2018) ................................................................ 14

*Emp'rs Reins. Corp. v. Mass. Mut. Life Ins. Co.*,
  2010 WL 25400876 (W.D. Mos. June 16, 2010) .......................................................... 8

*Falcon v. City of Chicago*,
  2018 WL 3853988 (N.D. Ill. Aug. 13, 2018) ............................................................ 2, 7

*FDIC v. Jones*,
  2015 WL 5723187 (D. Nev. Sept. 29, 2015) ................................................................ 8

*Feit Elec. Co. v. CFL Techs., LLC*,
  2021 WL 4061741 (N.D. Ill. Sept. 7, 2021) ................................................................. 1

*Flynn v. Exelon Corp.*,
  2022 WL 267915 (N.D. Ill. Jan. 28, 2022) ................................................................. 11

*FTC v. Credit Bureau Ctr.*,
  937 F.3d 764 (7th Cir. 2019) ................................................................................. 5, 6

*FTC v. Credit Bureau Ctr., LLC*,
  284 F. Supp. 3d 907 (N.D. Ill. 2018) ......................................................................... 6

*G.M. Sign, Inc. v. Franklin Bank, S.S.B.*,
  2006 WL 1132386 (N.D. Ill. Apr. 19, 2006) ................................................................ 3

*Gabelli v. Securities Exchange Commission*,
  568 U.S. 442 (2013) ..................................................................................... 4, 6, 7

*Haley v. Hendricks*,
  83 F. App'x 452 (3d Cir. 2003) ................................................................................ 8

*Hall v. Trivest Partners, LP*,
  2024 WL 660172 (E.D. Mich. Feb. 16, 2024) ........................................................... 3, 4

*Heckman v. Live Nation Entmt.*,
  686 F. Supp. 3d 939 (C.D. Cal. 2023) ........................................................................ 9

*Hexcel Corp. v. Ineos Polymers*,
  681 F.3d 1055 (9th Cir. 2012) .................................................................................. 3

*Hollinger Int'l, Inc. v. Hollinger, Inc.*,
  2005 WL 327058 (N.D. Ill. Feb. 3, 2005) ................................................................ 1, 6

*In re Amazon.com, Inc. eBook Antitrust Litig.*,
  2025 WSL 833390 (S.D.N.Y. Mar. 17, 2025) ............................................................ 14

*In re Apple iPhone Antitrust Litig.*,
2025 WL 3124160 (N.D. Cal. Oct. 27, 2025)......................................................... 14

*In re Argon Credit, LLC*,
2017 WL 3478812 (N.D. Ill. Aug. 14, 2017) .......................................................... 1

*In re Bank of Am. Corp. Secs., Derivative, and ERISA Litig.*,
2010 WL 4237304 (S.D.N.Y. Oct. 8, 2010) ............................................................ 6

*In re Brand Name Prescription Drugs Antitrust Litig.*,
878 F. Supp. 1078 (N.D. Ill. 1995) ........................................................................ 2

*In re Copper Antitrust Litig.*,
436 F.3d 782 (7th Cir. 2006) ......................................................................... 4, 5, 6

*In re Evanston Nw. Healthcare Corp. Antitrust Litig.*,
2016 WL 4720014 (N.D. Ill. Sept. 9, 2016) ........................................................... 6

*In re GSE Bond Antitrust Litig.*,
2020 WL 325093 (S.D.N.Y. June 16, 2020) ........................................................... 9

*In re Sulfuric Acid Antitrust Litig.*,
743 F. Supp. 2d 827 (N.D. Ill. 2010) ...................................................................... 9

*In re Sulfuric Acid Antitrust Litig.*,
703 F.3d 1004 (7th Cir. 2012) ................................................................................ 9

*In re UAL Corp.*,
2004 WL 546917 (N.D. Ill. Mar. 16, 2004)............................................................ 3

*Johnson v. Soo Line R.R. Co.*,
2023 WL 199338 (N.D. Ill. Jan. 17, 2023) ............................................................ 1

*Krause v. Yavapai Cnty.*,
2020 WL 2512761 (D. Ariz. May 15, 2020) ........................................................... 8

*Kurowski v. Rush Sys. for Health*,
2024 WL 3455020 (N.D. Ill. July 18, 2024)..................................................... 3, 10

*LAJIM, LLC v. Gen. Elec. Co.*,
2016 WL 626801 (N.D. Ill. Feb. 17, 2016) ............................................................ 1

*Lawson v. Grubhub, Inc.*,
2023 WL 3726490 (N.D. Cal. May 30, 2023) ...................................................... 12

*Lixenberg v. Complex Media, Inc.*,
2025 WL 3022336 (S.D.N.Y. Oct. 29, 2025) ......................................................... 5

iv

*Mannix v. Machnik*,
   2006 WL 566447 (N.D. Ill. Mar. 3, 2006) ............................................................. 2

*Mansfield v. Air Line Pilots Ass'n Int'l*,
   2009 WL 10869227 (N.D. Ill. Sept. 3, 2009) ...................................................... 11

*Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*,
   518 F.3d 459 (7th Cir. 2008) ................................................................................ 7

*Martinelli v. Hearst Newspapers, L.L.C.*,
   65 F.4th 231 (5th Cir. 2023) ................................................................................. 5

*Matthews v. Kidder, Peabody Co.*,
   260 F.3d 239 (3d Cir. 2001) .................................................................................. 2

*McClatchy Co. v. EBSCO Info. Servs., Inc.*,
   2025 WL 1523007 (N.D. Ala. May 28, 2025) ...................................................... 3

*Merck & Co. v. Reynolds*,
   559 U.S. 633 (2010) ............................................................................................... 8

*Mussat v. IQVIA, Inc.*,
   2019 WL 3423661 (N.D. Ill. Feb. 10, 2019) ...................................................... 13

*Navarro v. Procter & Gamble Co.*,
   515 F. Supp. 3d 718 (S.D. Ohio 2021) ................................................................. 5

*NeuroGrafix v. Brainlab, Inc.*,
   2020 WL 1663105 (N.D. Ill. Apr. 4, 2020) ............................................... 1, 2, 12

*NeuroGrafix v. Brainlab, Inc.*,
   2021 WL 12103013 (N.D. Ill. Jan. 31, 2021) .............................................. 1, 10

*O'Malley v. Kass Mgmt. Servs., Inc.*,
   539 F. Supp. 3d 935 (N.D. Ill. 2021) .................................................................... 5

*Padilla v. DISH Network L.L.C.*,
   2014 WL 539746 (N.D. Ill. Feb. 11, 2014) .......................................................... 3

*Payne v. PNC Bank, Nat'l Ass'n*,
   2021 WL 12318984 (N.D. Ill. June 29, 2021) ...................................................... 5

*Philips N. Am. LLC v. Probo Med., LLC*,
   2024 WL 1146644 (S.D.W.V. Mar. 15, 2024) .................................................... 12

*Prepared Food Photos, Inc. v. Lakes Super Mkt., Inc.*,
   2024 WL 246451 (W.D. Mich. Jan. 23, 2024) ...................................................... 5

*Resolution Trust Corp. v. Gravee*,
   1995 WL 678518 (N.D. Ill. Nov. 7, 1995) ............................................................ 4

*Richardson Elecs., Ltd. v. Panache Broadcasting of Pa.*, Inc.,
   202 F.3d 957 (7th Cir. 2000) ............................................................................... 13

*Rivera v. Google Inc.*,
   2017 WL 11895720 (N.D. Ill. June 27, 2017) ..................................................... 15

*Robert L. Kroenlein Tr. ex rel. Alden v. Kitchener*,
   764 F.3d 1268 (10th Cir. 2014) ............................................................................. 2

*Rotkiske v. Klemm*,
   589 U.S. 8 (2019)............................................................................................ 4, 5, 6, 7

*RPS Corp. v. Owens-Corning Fiberglas Corp.*,
   40 Fed. R. Serv. 2d 606 (N.D. Ill. 1984)............................................................. 14

*Schwartz v. Opportunity Int'l, Inc.*,
   2016 WL 2593358 (N.D. Ill. May 4, 2016) ........................................................... 1

*Shenzhen Buxiang Network Tech., LTD v. Bodum USA, Inc.*,
   2021 WL 243574 (N.D. Ill. Jan. 25, 2021) ......................................................... 11

*Shuffle Tech Int'l, LLC v. Sci. Games Corp.*,
   2015 WL 5934834 (N.D. Ill. Oct. 12, 2015)........................................................... 6

*Snyder-Hill v. Ohio State Univ.*,
   48 F.4th 686 (6th Cir. 2022) .................................................................................. 5

*Sohm v. Scholastic, Inc.*,
   959 F.3d 39 (2d Cir. 2020)...................................................................................... 5

*Steel Partners II v. Aronson*,
   2006 WL 3782656 (D.N.J. Dec. 22, 2006) ............................................................ 8

*Sterk v. Redbox Automated Retail, LLC*,
   2012 WL 3006674 (N.D. Ill. July 23, 2012)........................................................... 2

*Sterk v. Redbox Automated Retail, LLC*,
   672 F.3d 535 (7th Cir. 2012) ................................................................................. 1

*Stokes v. Brinor, Inc.*,
   683 F. Supp. 3d 713 (N.D. Ohio 2023)................................................................... 5

*Sweidy v. Spring Ridge Academy*,
   2025 WL 1148809 (D. Ariz. Apr. 18, 2025) ....................................................... 12

*TCS John Huxley Am., Inc. v. Sci. Games Corp.*,
    2021 WL 4264403 (N.D. Ill. Sept. 20, 2021) ........................................................ 6, 9

*U.S. Commodity Futures Trading Comm'n v. Kraft Foods Grp.*,
    195 F. Supp. 3d 996 (N.D. Ill. 2016) ..................................................................... 1

*United States v. Kmart Corp.*,
    2015 WL 11181734 (S.D. Ill. Jan. 12, 2015) .......................................................... 4

*Vazquez v. Ind. Univ. Health*,
    40 F.4th 582 (7th Cir. 2022) ............................................................................ 4, 6

**Other Authorities**

28 U.S.C. § 1292(b) ........................................................................... 7, 11, 13

## LEGAL STANDARDS

Defendants have failed to satisfy the standards for § 1292(b) certification. "The court must be of the opinion that: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *NeuroGrafix v. Brainlab, Inc.*, 2021 WL 12103013, at *1 (N.D. Ill. Jan. 31, 2021) (quotations omitted); *accord Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "The criteria are conjunctive, not disjunctive," and "the denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Ahrenholz*, 219 F.3d at 676.[1] The movant must show a "substantial likelihood" of reversal. *Brown v. Morsi*, 2018 WL 3456494, at *3 (N.D. Ill. July 18, 2018).[2]

"Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). Indeed, "it has long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants, and thus permissions for interlocutory appeals should be granted sparingly and with discrimination." *NeuroGrafix*, 2021 WL 12103013, at *1 (cleaned up); *accord NeuroGrafix v. Brainlab, Inc.*, 2020 WL 1663105, at *1 (N.D. Ill. Apr. 4, 2020). This policy exists because "interlocutory appeals violate the normal judicial goals of finality and efficiency that come with the final judgment rule." *In re Argon Credit, LLC*, 2017 WL 3478812, at *2 (N.D. Ill. Aug. 14, 2017) (quotations omitted). Section 1292(b) "must be used sparingly lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l, Inc.*,

---

[1] *Accord Johnson v. Soo Line R.R. Co.*, 2023 WL 199338, at *4 (N.D. Ill. Jan. 17, 2023); *Feit Elec. Co. v. CFL Techs., LLC*, 2021 WL 4061741, at *2 (N.D. Ill. Sept. 7, 2021); *Schwartz v. Opportunity Int'l, Inc.*, 2016 WL 2593358, at *3 (N.D. Ill. May 4, 2016); *LAJIM, LLC v. Gen. Elec. Co.*, 2016 WL 626801, at *1 (N.D. Ill. Feb. 17, 2016).

[2] *Accord U.S. Commodity Futures Trading Comm'n v. Kraft Foods Grp.*, 195 F. Supp. 3d 996, 1007 (N.D. Ill. 2016); *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2005 WL 327058, at *5 (N.D. Ill. Feb. 3, 2005).

505 F.3d 736, 741 (7th Cir. 2007); *accord NeuroGrafix*, 2020 WL 12103013, at *3 ("[A]n inter-

locutory appeal is supposed to be a rare event, reserved for unusual situations."). As shown below,

Defendants cannot satisfy their high burden here.

## ARGUMENT

**I.    THE ISSUE OF THE TIMELINESS OF PLAINTIFFS' CLAIMS DOES NOT MEET THE CRITERIA FOR CERTIFICATION UNDER § 1292(b)**

### A.    There Is No "Substantial Ground for Difference of Opinion" on Whether the Discovery Rule Applies to Plaintiffs' Federal Civil Antitrust Claims

Contrary to Defendants' argument (at 3-8), there is no "substantial ground for difference

of opinion," 28 U.S.C. § 1292(b), on whether the discovery rule applies in federal civil antitrust

cases, because "the Seventh Circuit already concluded" that it does. *Sterk v. Redbox Automated

Retail, LLC*, 2012 WL 3006674, at *10 (N.D. Ill. July 23, 2012). The courts in this Circuit have

long held that, under § 1292(b), there must be a "difficult central question of law which is not

settled by controlling authority." *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F.

Supp. 1078, 1081 (N.D. Ill. 1995). Accordingly, certification under § 1292(b) is improper where

the legal question involves "well-settled principles bound by controlling precedent in this Circuit."

*Mannix v. Machnik*, 2006 WL 566447, at *3 (N.D. Ill. Mar. 3, 2006). "There can be no substantial

basis for difference of opinion where a controlling court has already ruled on the question at issue."

*Falcon v. City of Chicago*, 2018 WL 3853988, at *1 (N.D. Ill. Aug. 13, 2018). Where the "issue

presented is settled law" in the Seventh Circuit, "the opinions of other circuit courts do not make

it contestable here." *Id.*[3]

---

[3] In addition, Defendants' assertion that other circuits "have rejected applying the discovery rule in civil antitrust cases" (at 5) is inaccurate and misleading. Defendants cite four circuit decisions, in three of which the court never actually decided whether the discovery rule applies in antitrust cases. *See Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1276 (10th Cir. 2014) (RICO case); *Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 246 (3d Cir. 2001) (RICO case); *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342 & n. 10 (D.C. Cir. 1991) (ERISA case). In *Hexcel Corp. v. Ineos Polymers*, 681

In ruling on summary judgment, as Defendants acknowledge (at 5-6), this Court followed the controlling precedent dictating the application of the discovery rule. *See* ECF No. 1210 at 42. Any application of a different rule in *other* circuits would be no basis for certification. Such decisions are not binding on this Court and provide no grounds for thinking the Seventh Circuit might *disagree* with this Court's decision to apply the controlling Seventh Circuit law. "If a controlling appellate court has ruled on the question, then no substantial ground for difference of opinion exists, and there is no reason for immediate appeal." *Padilla v. DISH Network L.L.C.*, 2014 WL 539746, at *5 (N.D. Ill. Feb. 11, 2014); *accord G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006); *In re UAL Corp.*, 2004 WL 546917, at *2 (N.D. Ill. Mar. 16, 2004).[4] The law here is thus fundamentally different from cases in which "the Seventh Circuit has not addressed the question," *Ambrosia v. Blazesoft Ltd.*, 2025 WL 3707261, at *3 (N.D. Ill. Dec. 22, 2025), or in which "there is no definitive Seventh Circuit guidance," *Kurowski v. Rush Sys. for Health*, 2024 WL 3455020, at *6 (N.D. Ill. July 18, 2024).

Defendants argue (at 6) that "[a] circuit split alone is reason to find substantial ground for difference of opinion," but the cases they cite for that proposition are unavailing because they concern splits *within a circuit* and not, as here, *between different circuits*. *Hall v. Trivest Partners, LP*, 2024 WL 660172 (E.D. Mich. Feb. 16, 2024), in its justification for finding substantial room

---

F.3d 1055, 1060 (9th Cir. 2012), the Ninth Circuit stated in dicta that the discovery rule did not apply in antitrust cases, but cited only a RICO case for that proposition. The Ninth Circuit then *did* apply the discovery rule to plaintiffs' allegations of fraudulent concealment—a distinct, equitable-tolling doctrine that this Court referenced in denying Defendants' motion to dismiss, *Carbone v. Brown Univ.*, 621 F. Supp. 3d 878, 891 (N.D. Ill. 2022); that Plaintiffs invoked in opposing summary judgment, *see* ECF No. 848 at 17-19; and that this Court again referenced in ruling on summary judgment, *see* ECF No. 1210 at 46-47.

[4] Indeed, the federal courts have denied § 1292(b) motions concerning the district court's application of a discovery rule under a federal statute where controlling circuit law dictated that result. *See, e.g.*, *McClatchy Co. v. EBSCO Info. Servs., Inc.*, 2025 WL 1523007, at *3 (N.D. Ala. May 28, 2025) ("Given that this court's order is in compliance with binding Eleventh Circuit precedent, EBSCO has not shown that there are substantial grounds for difference of opinion on this question.").

for disagreement, cited "the district court split *within* the Sixth Circuit." *Id*. at *4 (emphasis added).
*United States v. Kmart Corp.*, 2015 WL 11181734 (S.D. Ill. Jan. 12, 2015), similarly called out
the split *within* the Seventh Circuit. *Id*. at *3. There is no such split here; the law in the Seventh
Circuit and its district courts is uniform.[5]

### B.    The Supreme Court Has Not Issued Any Controlling, Intervening Decision Regarding the Discovery Rule in Federal Civil Antitrust Cases

Defendants argue (at 5-9) that that the Supreme Court's decisions in *Rotkiske v. Klemm*,
589 U.S. 8, 14 (2019), and *Gabelli v. Securities and Exchange Commission*, 568 U.S. 442 (2013),
are controlling, intervening law that undercut the Seventh Circuit's application of the discovery
rule in federal civil antitrust cases such that there is now "substantial room for disagreement" on
whether the Seventh Circuit law controls. They are wrong. The Supreme Court did not issue any
"intervening" decision relating to the application of the discovery rule civil antitrust cases. Indeed,
well after *Rotkiske*—which is not a civil antitrust case and which the Supreme Court decided in
2019—the Seventh Circuit has continued to apply the discovery rule in antitrust cases. *See Vazquez
v. Ind. Univ. Health*, 40 F.4th 582, 588 (7th Cir. 2022); *see also Carbone v. Brown Univ.*, 621 F.
Supp. 3d 878, 891 (N.D. Ill. 2022) (quoting *Vazquez*).

The question of whether to apply the discovery rule here arises because the relevant statu-
tory language does not specify when a claim thereunder accrues, *see In re Copper Antitrust Litig.*,
436 F.3d 782, 789 (7th Cir. 2006), such that there is no "contrary directive from Congress," *Cada
v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). *Rotkiske* interpreted a *different*
federal statute (relating to the collection of debts) that *does* specify when a claim under that statute
accrues, such that there *is* a contrary directive from Congress. *See* 589 U.S. at 14. This Court

---

[5] In *Resolution Trust Corp. v. Gravee*, 1995 WL 678518 (N.D. Ill. Nov. 7, 1995), the court referenced a circuit split—but not involving the *Seventh Circuit*, which had not addressed the issue. *Id*. at *1-2. Here the Seventh Circuit *has* resolved the issue.

recognized this critical distinction in rejecting Defendants' reliance on *Rotkiske*. ECF No. 1210 at 43; *see also Carbone*, 621 F. Supp. 3d at 891-92. As to a federal statute that does *not* specify when a claim under the statute accrues, "*Rotkiske* is inapposite." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 699 (6th Cir. 2022).

As this Court has recognized, whereas a discovery rule should not be read into a federal statute under which the limitations period commences "from the date on which the violation occurs," *Rotkiske*, 589 U.S. at 14 (quoting the Fair Debt Collection Practices Act), the limitations period for antitrust claims "runs for four years 'after the cause of action *accrued.*'" *Carbone*, 621 F. Supp. 3d at 891 (quoting 15 U.S.C. § 15b). "This difference in the language of the statutes distinguishes this case from *Rotkiske*." *Id.*[6] *Rotkiske* does not even address the statutory language in the federal antitrust laws—and thus provides no reasonable basis to conclude that the holding or its reasoning would cause the Seventh Circuit to overrule its decades-long precedent applying the discovery rule in civil antitrust cases. It does not "displace the rationale" for applying the discovery rule. *FTC v. Credit Bureau Ctr.*, 937 F.3d 764, 776 (7th Cir. 2019).

Defendants' argument (at 6-7) about *Gabelli* fares no better. In that case, in contrast to *Copper*, the Court addressed whether the *government* could invoke the discovery rule in *SEC enforcement actions*; the Court concluded there were "good reasons why the fraud discovery rule has not been extended to Government enforcement actions for civil penalties." 568 U.S. at 449-51. On

---

[6] For other cases explaining that *Rotkiske* applies where (unlike here) the federal statute at issue specifies when claims thereunder accrue, *see, e.g.*, *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 241-43 (5th Cir. 2023); *Brotherhood of Locomotive Eng'rs & Trainmen v. Fed. R.R. Admin.*, 972 F.3d 83, 108-09 (D.C. Cir. 2020); *Sohm v. Scholastic, Inc.*, 959 F.3d 39, 50 & n.2 (2d Cir. 2020); *Lixenberg v. Complex Media, Inc.*, 2025 WL 3022336, at *5 (S.D.N.Y. Oct. 29, 2025); *Prepared Food Photos, Inc. v. Lakes Super Mkt., Inc.*, 2024 WL 246451, at *1 (W.D. Mich. Jan. 23, 2024); *Stokes v. Brinor, Inc.*, 683 F. Supp. 3d 713, 720 (N.D. Ohio 2023); *Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 760 (S.D. Ohio 2021); *Payne v. PNC Bank, Nat'l Ass'n*, 2021 WL 12318984, at *3 (N.D. Ill. June 29, 2021); *O'Malley v. Kass Mgmt. Servs., Inc.*, 539 F. Supp. 3d 935, 941 (N.D. Ill. 2021).

its face, the "rationale" for that holding, *Credit Bureau Ctr.*, 937 F.3d at 776, does not bear on private plaintiffs in civil litigation. The *Gabelli* Court further explained that "we have never applied the discovery rule in this context, where the plaintiff is not a defrauded victim seeking recompense, but is instead the Government bringing an enforcement action for civil penalties." 568 U.S. at 449 (further explaining that "the Government cites no lower court cases before 2008 employing a fraud-based discovery rule in a Government enforcement action for civil penalties"). As this Court reasoned in denying Defendants' motion to dismiss: "Whether a plaintiff can invoke the discovery rule in a civil action is an entirely separate issue from whether the government can invoke the rule in an enforcement action." *Carbone*, 621 F. Supp. at 891-92.

Accordingly, neither *Rotkiske* nor *Gabelli* "abrogates" the Seventh Circuit's controlling decision in *Copper*. Instead, citing *Copper*, the courts in this Circuit continue to apply the discovery rule in federal civil antitrust cases, including in cases decided after *Gabelli*,[7] and indeed after both *Rotkiske* and *Gabelli*.[8] Given the binding precedent, and the inapplicability of *Rotkiske* and *Gabelli*, Defendants cannot show the requisite "substantial likelihood" that the Seventh Circuit would abandon the discovery rule. *Brown*, 2018 WL 3456494, at *3; *Hollinger*, 2005 WL 327058, at *5. Indeed, Defendants (at 6 n.3) frame the issue as whether *Rotkiske* "impliedly" overrules the longstanding Seventh Circuit law. The argument that a decision may have "impliedly overruled" existing circuit authority "does not raise a substantial ground for difference of opinion." *In re Bank of Am. Corp. Secs., Derivative, and ERISA Litig.*, 2010 WL 4237304, at *2 (S.D.N.Y. Oct. 8, 2010). The mere "possibility" that the Seventh Circuit "might be willing to overturn controlling

---

[7] *See, e.g.*, *FTC v. Credit Bureau Ctr., LLC*, 284 F. Supp. 3d 907, 909 (N.D. Ill. 2018); *In re Evanston Nw. Healthcare Corp. Antitrust Litig.*, 2016 WL 4720014, at *7 (N.D. Ill. Sept. 9, 2016); *Shuffle Tech Int'l, LLC v. Sci. Games Corp.*, 2015 WL 5934834, at *13 (N.D. Ill. Oct. 12, 2015).

[8] In addition to *Vazquez*, 40 F.4th at 588, *see TCS John Huxley Am., Inc. v. Sci. Games Corp.*, 2021 WL 4264403, at *3 (N.D. Ill. Sept. 20, 2021).

precedent" applying the discovery rule "is not enough to show a 'substantial ground for difference of opinion' on a controlling issue of law." *Design Basics LLC v. Campbellsport Bldg. Supply Inc.*, 2015 WL 13029640, at *1-2 (E.D. Wis. June 19, 2015) (addressing the discovery rule under the Copyright Act).

In short, Defendants' contentions about *Rotkiske* and *Gabelli* reduce to the argument that, in Defendants' view, the Court has repeatedly misinterpreted those decisions. *See* ECF No. 1210 at 43; *Carbone*, 621 F. Supp. at 891-92. But where Defendants "believe[] the Court misapplied the law in this case, a motion for reconsideration is the appropriate vehicle to revisit that decision, not a motion for interlocutory appeal." *Falcon*, 2018 WL 3853988, at *2 (collecting precedent). Yet Defendants did not move to reconsider either of the Court's decisions distinguishing these cases and disagreeing with the arguments that Defendants continue to make.

**C.    The Application of the Discovery Rule Under the Circumstances Here Does Not Present a "Question of Law"**

Defendants (at 2-5) seek appeal not just on whether the discovery rule applies, but also on how it applies, contending (at 4) that they present a question of law even if the Seventh Circuit were to hold that the discovery rule applies. Again, Defendants are wrong. The Court's application of the discovery rule to the facts does not present a "question of law." 28 U.S.C. § 1292(b). "'Question of law,' as used in section 1292(b), has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. "The phrase refers to a pure question of law rather than merely to an issue that might be free from a factual contest." *Id*. The application of law to facts does not present a "question of law." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 463 (7th Cir. 2008) (decision on issues of fact and law does not fulfill § 1292(b)'s criteria); *accord Chicago Reg'l Counsel of Carpenters v. Prate Installations, Inc.*, 2011 WL 13210099, at *2 (N.D. Ill. July 13, 2011).

The question of "discovery" under the discovery rule refers "not only to actual discovery, but also to the hypothetical discovery of facts a reasonably diligent plaintiff would know." *Merck & Co. v. Reynolds*, 559 U.S. 633, 645 (2010) (cited at ECF No. 1210 at 42). The question of when a reasonable person should have known that they had suffered an injury from Defendants' alleged misconduct "involve[s] an application of law to facts, not a question of law." *Best v. Malec*, 2010 WL 3721475, at *3 (N.D. Ill. Sept. 14, 2010). In addition to the fact that an issue "free from a factual contest" does not thereby become a "question of law," *Ahrenholz*, 219 F.3d at 676, courts have repeatedly held that in resolving the mixed question of when a claim accrues under a statute of limitations, including whether such a question presents factual issues precluding summary judgment, the court is not resolving a "question of law" suitable for § 1292(b) certification.[9]

In opposing Defendants' motion for summary judgment, Plaintiffs explained the complex "puzzle" a reasonable person would have to solve to understand that she had been injured by the asserted misconduct at issue. *See* ECF No. 894 at 4-12 (discussing the puzzle pieces Plaintiffs had cited in opposing, and the Court had referenced in denying, Defendants' motion to dismiss, *Carbone*, 621 F. Supp. 3d at 892). The Court similarly referred to one of these "puzzle pieces" in

---

[9] *See, e.g.*, *Doe v. Butler Univ.*, 2025 WL 3750452, at *3-4 (S.D. Ind. Dec. 29, 2025) (denying certification because the court's resolution on summary judgment of when the plaintiffs' tort claims accrued did not constitute a contestable question of law); *Krause v. Yavapai Cnty.*, 2020 WL 2512761, at *3 (D. Ariz. May 15, 2020) (with respect to § 1292(b), the court's determination of when "Plaintiffs' claims accrued" is not a "pure or abstract question of law") (quotations omitted); *FDIC v. Jones*, 2015 WL 5723187, at *4 (D. Nev. Sept. 29, 2015) (denying certification on issue of date of accrual of FDIC's claims because "whether a claim has accrued and whether a limitations period has expired" are not questions of law); *Emp'rs Reins. Corp. v. Mass. Mut. Life Ins. Co.*, 2010 WL 25400876, at *3 (W.D. Mos. June 16, 2010) (finding that whether the continuing course of conduct doctrine tolled the statute of limitations presented a mixed question inappropriate for certification); *Steel Partners II v. Aronson*, 2006 WL 3782656, at *2 (D.N.J. Dec. 22, 2006) (with respect to § 1292(b), the "Court's conclusion that the action was timely was not a decision on a pure question of law, but rather, a mixed question of law and fact"); *Benfield v. Mocatta Metals Corp.*, 1993 WL 148978, at *7 (S.D.N.Y. May 5, 1993) (with respect to § 1292(b), determination of when statute of limitations accrued involved a mixed question, not a question of law); *see also Haley v. Hendricks*, 83 F. App'x 452, 454 n.2 (3d Cir. 2003) (the question of the tolling of a statute of limitations is not a pure question of law that the court of appeals could address if not raised below).

denying summary judgment, citing "the many opaque and nebulous factors that go into financial aid calculation." ECF No. 1210 at 44. Under the discovery rule, the question of *when* a hypothetical reasonable person would have known of her antitrust injury and its causes is "for a juror to decide." *In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 856 (N.D. Ill. 2010), *aff'd in relevant part*, 703 F.3d 1004, 1014 (7th Cir. 2012) (Posner, J.); *see, e.g.*, *Huxley*, 2021 WL 4264403, at *4-5 (concluding that the "current, disputed record" precludes summary judgment on discovery of "antitrust injury"). In line with such precedent, the Court correctly concluded that "what exactly a reasonable student knew or should have known about the 568 Group involves questions of material fact that, on this record, the Court cannot resolve." ECF No. 1210 at 45.

Defendants' assertion (at 3, 7) that the Court thereby created a different discovery rule for "complex" antitrust cases is not a fair or accurate reading of the Court's Opinion. For one thing, antitrust class actions *are*, in general, "notoriously complex and fact-intensive." *Heckman v. Live Nation Entmt.*, 686 F. Supp. 3d 939, 964 n.19 (C.D. Cal. 2023); *accord In re GSE Bond Antitrust Litig.*, 2020 WL 325093, at *4 (S.D.N.Y. June 16, 2020). Defendants' assertion (at 4) that this is only a "notionally complex antitrust case" is baseless. A court would be remiss if it declined to acknowledge the complexity in analyzing the fact-intensive question of the application of the discovery rule through the lens of a hypothetical reasonable person under the circumstances. *See Sulfuric Acid*, 743 F. Supp. 2d at 856; *Huxley*, 2021 WL 4264403, at *4-5. In making the point that here "the fact of injury is hard to detect without complex analysis," ECF No. 1210 at 45, the Court was thus properly *applying* the discovery rule.

The same is true of the Court's refusal to conclude, *as a matter of law*, that a hypothetical reasonable person would have known of *all* the "publicly available information" that Defendants claimed to exist. *Id*. As a threshold matter, the Court accurately concluded that much of the

publicly available information would dispel rather than heighten any suspicions that a hypothetical reasonable person might have had. *See* ECF No. 1210 at 46. This means there would be no basis for reversal even if the Court *had* deemed all such information knowable to such a person. In addition, contrary to Defendants' reading (at 7-8), the Court did not create any new legal standard. There is no precedent requiring a district court on summary judgment to impute knowledge of *all* publicly available information to the hypothetical reasonable person—as if there were no gradations of the extent to which such information is "available." Defendants' argument (at 8) that the Court created a rule whereby "the limitations period does not commence until a plaintiff is specifically told that the price they paid was inflated due to antitrust activity" is nonsense. The jury here is free to conclude that a reasonable person would have known of her injury and its cause in the absence of any such communication, and Plaintiffs will ask for no jury instruction suggesting otherwise. As elsewhere in their brief, Defendants are conflating the discovery rule with its application to the disputed facts.

In sum, the application of the discovery rule "is not a pure question of law that the court of appeals could decide quickly and cleanly without having to study the record." *Kurowski*, 2024 WL 3455020, at *6 (quotations omitted). Instead, the Court's application of the discovery rule was "highly fact-based." *NeuroGrafix v. Brainlab, Inc.*, 2021 WL 12103013, at *1 (N.D. Ill. Jan. 31, 2021); *see, e.g.*, *Carr v. AutoNation*, 2018 WL 3913810, at *3 (E.D. Cal. Aug. 15, 2018) ("AutoNation is essentially asking this Court to certify the MTD Order so that the Ninth Circuit can decide whether the alleged facts show that Plaintiff acted reasonably under the discovery rule. That requires applying the law to the specific facts at hand. That courts may disagree, however, on the application of law to specific facts does not establish a 'substantial ground for difference of opinion' on a controlling question of law under § 1292(b)."). What Defendants "actually take[] issue

with concerns the Court's findings that there are genuinely disputed material facts," which is no basis for certification under § 1292(b). *Mansfield v. Air Line Pilots Ass'n Int'l*, 2009 WL 10869227, at *2 (N.D. Ill. Sept. 3, 2009).

### D. Interlocutory Appeal as to the Timeliness of Plaintiffs' Claims Would Not "Materially Advance the Ultimate Termination of the Litigation"

Interlocutory appeal as to the discovery rule and the timeliness of Plaintiffs' claims thereunder would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants' terse argument otherwise (at 8) is without merit.

First, Defendants' argument as to timeliness, on its own terms, pertains only to a portion of the Class claims. The Class Period runs from 2003 to 2022. Defendants' argument (at 1-5) relates to the portion of the Class Period before 2018. The Class's single damages accruing from 2018 to the end of the Class Period are substantial—at least $150 million.[10] Defendants' timeliness argument thus applies only to a portion of the Class and of the damages they suffered. The appeal therefore would *not* terminate the litigation; it would "merely delay the resolution" of Plaintiffs' timely claims. *Shenzhen Buxiang Network Tech., LTD v. Bodum USA, Inc.*, 2021 WL 243574, at *3 (N.D. Ill. Jan. 25, 2021). And where all discovery has already ended and thus cannot be streamlined, *cf. Flynn v. Exelon Corp.*, 2022 WL 267915, at *4 (N.D. Ill. Jan. 28, 2022), the notion that

---

[10] *See* Rebuttal Expert Report of Hal J. Singer, PhD (Oct. 7, 2024) at Table 7 (showing a $1,202 overcharge per class member-academic year); *id.* workpapers at dataset "Updated CM Count by School-AY.dta." Plaintiffs limit these data to academic years 2017 through 2022, divide "final_cm_count" by 2 for academic year 2017 (given that the calculation begins in spring of 2018), and then sum up "final_cm_count" to obtain 130,110 total class member-academic years from the spring of 2018 through the end of the conduct period. Multiplying 130,110 by the $1,202 overcharge results in damages of $156.4 million.

interlocutory appeal could "streamline" the rest of the litigation fails under § 1292(b).[11] These facts alone preclude certification under § 1292(b). *See Ambrosia*, 2025 WL 3707261, at *3.

Second, Defendants' argument (at 8) about how the resolution of the appeal could substantially limit the "scope" of the trial is wrong. Whether or not they can pursue pre-2018 claims, if the Class is certified, Plaintiffs will present at trial the same extensive evidence regarding such central issues as the formation of the 568 Group from the late 1990s to the early 2000s, the evolving implementation of the Group's core principles and methodologies among the seventeen original Defendants from the 2000s to the 2010s, and the evidence throughout that period that these Defendants had—and understood that they had—reached agreement on the application of those principles and methodologies. *See, e.g.*, ECF No. 847 at 5-37. Plaintiffs will present all such evidence whether or not they are proving damages to the Class prior to 2018.

And, as a conservative estimate, interlocutory appeal here "would unquestionably force cancellation of the trial date and likely would delay the completion of the case before this Court by nine to twelve months." *NeuroGrafix*, 2020 WL 1663105, at *3. As to whether reversal could necessitate a new trial, this Court has previously explained that "if that is an argument for interlocutory appeal, it proves too much. The same would be true of *any* interlocutory ruling that has the effect of excluding evidence or barring a claim, thus necessitating interlocutory appeals for a whole range of pretrial rulings. This would undermine the notion that an interlocutory appeal is supposed to be a rare event, reserved for unusual situations." *Id.*

---

[11] *Sweidy v. Spring Ridge Acad.*, 2025 WL 1148809, at *2 (D. Ariz. Apr. 18, 2025); *Philips N. Am. LLC v. Probo Med., LLC*, 2024 WL 1146644, at *3-4 (S.D.W.V. Mar. 15, 2024); *Lawson v. Grubhub, Inc.*, 2023 WL 3726490, at *5 (N.D. Cal. May 30, 2023).

## II. THE ISSUE OF PLAINTIFFS' ANTITRUST STANDING DOES NOT MEET THE CRITERIA FOR CERTIFICATION UNDER § 1292(b)

### A. Defendants' Argument Fails Given the Availability of Fed. R. Civ. P. 23(f)

Defendants' motion fails for the threshold reason that they made the same arguments against Plaintiffs' antitrust standing in opposing Plaintiffs' pending motion for class certification. *See* ECF No. 788 at 53-55; *see also* ECF No. 807 at 34-35 (Plaintiffs' arguments in reply). So if the Court were to certify the Class, Defendants could raise the standing issue in a petition for appeal under Fed. R. Civ. P. 23(f). Defendants admit that the standing issue is intertwined with class certification (at 9-10), and thus they are concededly raising an issue that "involve[s] the merits of class certification." *Richardson Elecs., Ltd. v. Panache Broad. of Pa.*, Inc., 202 F.3d 957, 959 (7th Cir. 2000). The following admonition as to Rule 23(f) thus controls: "We need only make clear to bench and bar—and we take this opportunity to do so—that district judges should not, and we shall not, authorize appeal under 28 U.S.C. § 1292(b) when appeal might lie under Rule 23(f)." *Id.*; *accord Mussat v. IQVIA, Inc.*, 2019 WL 3423661, at *2 (N.D. Ill. Feb. 10, 2019); *Barney v. City of Harvey*, 2004 WL 2092009, at *6 (N.D. Ill. Sept. 15, 2004).

### B. There Is No "Substantial Ground for Difference of Opinion" of Any "Question of Law" as to Plaintiffs' Antitrust Standing

There is also no "substantial ground for difference of opinion" on any "question of law" as to whether the Plaintiffs have antitrust standing. 28 U.S.C. § 1292(b). The controlling legal standards for analyzing whether a plaintiff has antitrust standing are not in dispute. That is, the *Illinois Brick* doctrine is "'a bright-line rule that authorizes suits by direct purchasers but bars suits by indirect purchasers.'" ECF No. 1210 at 37 (quoting *Apple, Inc. v. Pepper*, 587 U.S. 273, 279 (2019)). Instead, Defendants take issue with the Court's holding that, given the particular facts here, Plaintiffs have antitrust standing as direct purchasers. *See* ECF No. 1210 at 35-28. This is the application of law to fact—which does not satisfy the "question of law" element under § 1292(b).

13

*See* Part I.C, above (collecting precedent); *see also, e.g.*, *Best*, 2010 WL 3721475, at *3. Contrary to Defendants' argument (at 11), the Seventh Circuit *would* have to "engage with the record of this case" to assess the Court's holding; it would not be addressing the "pure legal question" of whether the *Illinois Brick* doctrine applies in the first place.

Defendants (at 11-14) cite a series of cases, across jurisdictions, that apply the *Illinois Brick* doctrine to the particular facts of those cases. These cases agree that an indirect purchaser lacks antitrust standing; they analyze the facts to determine whether the plaintiff is a direct purchaser. There is no disagreement over any "pure question of law" running through these decisions. As other courts have reasoned in denying certification of interlocutory appeal as to antitrust standing, the movant cannot show substantial ground for difference of opinion by citing cases "outside of this Circuit reviewing a different set of factual allegations." *In re Amazon.com, Inc. eBook Anti-trust Litig.*, 2025 WL 833390, at *4-5 (S.D.N.Y. Mar. 17, 2025). Defendants' motion "does not point to conflicting authority, only its disagreement with the Court's application of the caselaw." *Id.*; *see also id.* (the movant and the Court "agree as to the relevant legal rule," but "simply disagree as to how that rule should be applied to the facts of this case").

Defendants' argument fails even if the Court were to regard the application of law to fact here as a "question of law." Defendants do not cite any cases reflecting any disagreement with this Court's resolution of the mixed question at issue here. Defendants do not cite any decision holding that a plaintiff who has the legal obligation to pay the defendant, but who had the payment made by a third party, lacks *antitrust* standing under *Illinois Brick*. Those were not the facts in *In re Apple iPhone Antitrust Litig.*, 2025 WL 3124160 (N.D. Cal. Oct. 27, 2025), in *RPS Corp. v. Ow-ens-Corning Fiberglas Corp.*, 40 Fed. R. Serv. 2d 606 (N.D. Ill. 1984), in *Dvorak v. St. Clair County*, 2018 WL 514326 (S.D. Ill. Jan. 23, 2018), or in any of the other antitrust cases that

14

Defendants cite.[12] The non-antitrust tuition cases from other jurisdictions that Defendants cite (at 13-14) do not involve antitrust standing at all. Such cases were generally relevant to the Court's analysis, but they do not resolve the same mixed question that this Court resolved regarding Plaintiffs' antitrust standing. As to the resolution of the mixed question at issue, there is no "substantial likelihood" of reversal. *Brown*, 2018 WL 3456494, at *3.

## CONCLUSION

Plaintiffs respectfully submit, for the foregoing reasons, that the Court should deny Defendants' Motion to Certify the Court's Summary Judgment Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b).

Dated: February 10, 2026

Respectfully Submitted,

/s/ Robert D. Gilbert
Robert D. Gilbert
Elpidio Villarreal
Robert S. Raymar
David S. Copeland
**GILBERT LITIGATORS &**
  **COUNSELORS, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Tel: (646) 448-5269
rgilbert@gilbertlitigators.com
pdvillarreal@gilbertlitigators.com
rraymar@gilbertlitigators.com
dcopeland@gilbertlitigators.com

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

/s/ Eric L. Cramer
Eric L. Cramer
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600

Ivy Ngo
**FREEDMAN NORMAND**
  **FRIEDLAND LLP**
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900

---

[12] Even if the resolution of the mixed question were treated as a previously unresolved question of law, "not every legal question of first impression produces a substantial ground for difference of opinion." *Rivera v. Google Inc.*, 2017 WL 11895720, at *1 (N.D. Ill. June 27, 2017).

Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
**BERGER MONTAGUE PC**
110 N. Wacker Drive
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

ingo@fnf.law

Daniel J. Walker
Robert E. Litan
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com
dwalker@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*