UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| | Hon. Matthew F. Kennelly |
| Plaintiffs, | |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE
THE FIRST DISTRIBUTION OF THE NET SETTLEMENT FUND
FOR THE FIRST TEN SETTLEMENTS**

Before the Court is Plaintiffs'[1] Motion to Approve the First Distribution of the Net Settlement Fund[2] for the First Ten Settlements,[3] Approve Six Late Claims as Timely, and Approve Payment of Claims Administration Costs (the "Motion"). The Court has considered all the materials and arguments submitted in support of the Motion, including the Declaration of Taylor Adessa of Angeion Group, LLC Final Report and Plan of Distribution, dated March 9, 2026 (the "Adessa Decl.").

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1. This Order incorporates by reference the definitions in the Motion, Adessa Decl., and the Settlement Agreements referred to in this Court's Final Approval Order (ECF No. 726) resolving all claims against the Settling Defendants in exchange for a combined $284 million (which amount constitutes the Settlement Fund) for all ten Settlements.

2. Plaintiffs' Motion is GRANTED. Accordingly,

    a. The allocation determinations made by the Court-approved claims administrator, Angeion Group LLC ("Angeion"),[4] with the assistance of Settlement Class Counsel[5] and Plaintiffs' economic experts, EconOne

---

[1] The Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams. The Court appointed the Plaintiffs as Class Representatives for the Settlement Class. *See* ECF No. 726 ¶4 ("Final Approval Order").

[2] The "Net Settlement Fund" refers to the value of the combined settlement fund from the Settlements after subtracting attorneys' fees and expenses (plus a proportionate share of interest thereon), service awards to the Class Representatives, taxes, administration expenses, and any amounts withheld for a reserve.

[3] The first ten settlements (the "First Ten Settlements") were reached with Defendants Brown University, University of Chicago, the Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University ("Settling Defendants"). For clarity, the term "First Ten Settlements" as used in this Order does not refer to the additional settlements with Defendants California Institute of Technology and Johns Hopkins University.

[4] *See* Final Approval Order ¶18 (confirming Angeion as the Settlement Administrator).

[5] The Court appointed Freedman Normand Friedland LLP, Gilbert Litigators & Counselors, and Berger Montague PC as "Settlement Class Counsel." *See* Final Approval Order ¶5.

1

      Research, Inc. ("EconOne"), based on the Court-approved Revised Plan of Allocation (ECF No. 603-9) and the Court-approved Allocation Plan Process (ECF No. 703-3), as set forth in the Adessa Decl., are adopted.

b. The six claims[6] that were submitted after the deadline shall be included in the distribution of the Net Settlement Fund as late approved Claims.

c. Angeion is directed to conduct the distribution of the Net Settlement Fund to Settlement Class Members[7] who submitted valid Claims as set forth in Exhibit B to the Adessa Decl. and pursuant to the Revised Plan of Allocation and the Allocation Plan Process.

d. All checks that are not cashed by Settlement Class Members within 90 days after the issue date will become void.

e. Settlement Class Members are encouraged to cash their checks promptly and to avoid or reduce future expenses relating to unpaid checks. All checks shall note that they become void and the recovery forfeited if not cashed within 90 days of issuance. As part of this process, the Court authorizes Angeion to contact Settlement Class Members to encourage them to cash their checks and that Angeion has the discretion to reissue a check for good cause shown.

f. All Settlement Class Members identified (by their unique Claimant ID number) at Exhibit B to the Adessa Decl. who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the First Ten Settlements.

g. No further claims made in connection with the First Ten Settlements received

---

[6] *See* Adessa Decl. ¶24(a)-(f).
[7] *See* Final Approval Order ¶3 (defining the Settlement Class).

    by Angeion shall be allowed.

  h. Settlement Class Counsel are authorized to pay from the Settlement Fund the amount of $346,531.06 to Angeion for its unreimbursed, outstanding administration expenses incurred for the administration of the First Ten Settlements through December 31, 2025.

  i. Settlement Class Counsel are authorized to direct the payment of up to $7,892.50 from the Settlement Fund to EconOne for incurred and future estimated professional fees in connection with the distribution of the Net Settlement Fund.

  j. Settlement Class Counsel are authorized to direct the payment of up to $250,000.00 from the Settlement Fund for future estimated expenses (*e.g.*, for mailing checks, issuing wires, and other administrative costs) for the distribution of the Net Settlement Fund.

  k. Settlement Class Counsel are authorized to direct the payment of up to $944,000.00 from the Settlement Fund for future estimated taxes.

  l. Settlement Class Counsel are directed to withhold $75,000.00 of the Net Settlement Fund as a reserve to address any unanticipated costs and disputes for the distribution of the Net Settlement Fund.

  3. Settlement Class Counsel, Angeion, EconOne, and all persons who are involved in the review, verification, calculation, tabulation or any other aspect of the process of the claims filed in this Action, or who are involved in such activities, are released and discharged from any liability for claims arising out of the administration of the Settlement Fund or the Net Settlement Fund for the First Ten Settlements.

4. All members of the Settlement Class, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them by the First Ten Settlements as approved by the Court.[8]

5. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of the First Ten Settlements.

SO ORDERED this ___ day of March, 2026

_____
The Honorable Matthew F. Kennelly
United States District Judge

---

[8] If there are funds remaining at the conclusion of this distribution process, then Settlement Class Counsel shall seek Court approval for a second distribution, or if that is economically impracticable, then Settlement Class Counsel will make an application to the Court for a *cy pres* distribution to an appropriate charitable organization.