**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>                v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>      Defendants. | Case No.: 1:22-cv-00125<br><br>**Hon. Matthew F. Kennelly** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
AMEND THEIR MOTION FOR CLASS CERTIFICATION (ECF NO. 752)**

## <u>ARGUMENT</u>

Considering the issues raised by the Court at the hearing on March 11, 2026, and the Court's allusion to the possibility that Plaintiffs could "withdraw their Motion" for Class Certification (ECF No. 752) and seek permission to file it in a different "configuration," Plaintiffs now make that request in the form of a proposed amended motion for Class Certification. This motion seeks to amend the existing Class Motion, ECF 753, in a single respect: by modifying the requested appointment of Class Counsel. Seeking to preserve the Class's best interests while taking account of the standards for adequacy of counsel under Fed. R. Civ. P. 23(c) and (g), Plaintiffs now seek the appointment of only Freedman Normand Friedland LLP ("FNF") and Berger Montague PC ("BMPC") as Class Counsel for the proposed litigation Class in this case.

The undersigned lawyers leading this case at these firms, Edward J. Normand (FNF) and Eric L. Cramer (BMPC), have submitted supporting declarations. In them, they explain that, although they did not intend to mislead the Court about any firm's risk of non-payment of fees or costs in this matter, they did use language in filings that did not adequately explain the relevant details as applied to all three Plaintiffs' counsel firms on those matters. In failing to distinguish between the three plaintiff firms, the filings in support of fee and expense petitions in this matter unintentionally left the Court with an inaccurate impression with respect to the financial risks taken by Gilbert Litigators & Counselors ("GLC") in light of its litigation funding arrangements. Messrs. Normand and Cramer deeply regret these errors, and they sincerely apologize to the Court for failing to provide it the clarity it rightly requires and deserves. They assure the Court that they will not make such mistakes again—in this case or any other. *See* Normand Decl. ¶¶ 2-6; Cramer Decl. ¶¶ 2-7.

At the same time, mindful of the Court's observation during the March 11 hearing regarding the need to account for the Class's best interests, FNF and BMPC firmly believe that they are best

situated to lead this case going forward. They have informed GLC of this motion and encouraged it to unequivocally support it without condition or supplement. As of filing, GLC supports the relief sought herein, but has not yet decided if it will, over our objection, submit a supplemental filing to the Court.

FNF and BMPC combined have devoted the majority of the time expended on the Class's behalf in the matter, across all aspects of the case from inception through today. They thereby possess institutional knowledge and deep understanding of the facts, record, and relevant law that would be invaluable for the Class going forward. FNF has devoted more than 38,500 total hours to the case; BMPC has devoted more than 30,000 hours to the case. *See* Normand Decl. ¶ 8; Cramer Decl. ¶ 8. As to Messrs. Normand and Cramer individually, Mr. Normand has spent more than 6,000 hours on the case, including taking lead roles in taking fact depositions, the Defendants' motions to dismiss, and the recent motions concerning appeals; and Mr. Cramer has spent more than 3,000 hours on the case, including taking lead roles with respect to economic issues, damages analysis, class certification, and *Daubert*. *See* Normand Decl. ¶ 8; Cramer Decl. ¶ 8.

Messrs. Cramer and Normand, and their respective firms, have extensive experience in plaintiffs' class actions in general and antitrust matters in particular. In addition, having spoken with them about the matter,[1] the undersigned represent that the named Plaintiffs have expressed a desire and an interest in having FNF and BMPC, as their longstanding counsel in this case, to be the Class Counsel going forward. FNF and BMPC, moreover, have the experience, deep bench,

---

[1] Plaintiff Weaver signed her engagement letter only with GLC. Accordingly, the undersigned firms have not communicated with her directly about the subject matter of this motion but GLC has informed us that Ms. Weaver supports the relief requested in this motion and undersigned counsel are prepared to continue representing Ms. Weaver moving forward.

and resources necessary to try a case of this magnitude and address any issues on appeal. *See* Normand Decl. ¶¶ 8-10; Cramer Decl. ¶¶ 8-9.[2]

Accordingly, this proposed amended class motion best accounts for the adequacy concerns the Court raised during the March 11 hearing, while maintaining the Class's interests by preserving continuity, institutional knowledge, class action and trial experience, and the existing schedule. The removal of all class counsel with case-specific expertise would inherently prejudice the Class. *See, e.g.*, *Wells v. McDonough*, 188 F.R.D. 277, 280 (N.D. Ill. 1999) (denying motion to decertify a class for counsel's failure to send notice because it "would not remedy any potential prejudice suffered by the class members," but instead "merely foster more delay and potential prejudice"). Plaintiffs submit that the mistakes made by FNF and BMPC do not warrant the "grave option" of denying class certification or removing them as counsel. *Reliable Money Ord., Inc. v. McKnight Sales Co.*, 704 F.3d 489, 498 (7th Cir. 2013). Counsel's mistakes, as regrettable as they are, did not create a conflict with, or otherwise prejudice, the Class, and they do not provide grounds to deny adequacy of counsel as to FNF and BMPC. *See* ECF No. 910 at 9-10 (summarizing adequacy cases). The undersigned respectfully submit that counsel's individual mistakes, which FNF and BMPC take very seriously, nevertheless do not warrant either (a) denial of class certification, (b) a decision that their firms are inadequate to represent the Class, or (c) the removal of their firms as Class Counsel going forward.

Plaintiffs therefore ask the Court to certify the proposed Class and appoint the proposed Class Representatives and Class Counsel as amended herein. In the alternative, if the Court

---

[2] Neither FNF nor BMPC relies upon the kind of case-specific litigation funding that GLC has required to bring and litigate this case. *See* Normand Decl. ¶ 4; Cramer Decl. ¶ 5. And both firms have the necessary resources to fund this case through its conclusion without such funding. *See* Normand Decl. ¶¶ 8-10; Cramer Decl. ¶¶ 8-9.

believes undersigned firms cannot adequately represent the interests of the Class, Plaintiffs ask that undersigned counsel be permitted to withdraw their firms' applications to serve as Class Counsel. Normand Decl. ¶ 11; Cramer Decl. ¶¶ 12-13. In that event, Plaintiffs ask, respectfully, to be given adequate time to help identify alternative counsel to represent them.[3] If the Court so requests, the undersigned would work to facilitate a transition to new counsel. *See* Normand Decl. ¶ 11; Cramer Decl. ¶¶ 12-13.

Dated: March 19, 2026

*/s/ Eric L. Cramer*
Eric L. Cramer
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: (773) 257-0255
rschwartz@bergermontague.com

Respectfully submitted,

*/s/ Edward J. Normand*
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
**FREEDMAN NORMAND**
 **FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 350-0527
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law

Daniel J. Walker
Robert E. Litan
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com
dwalker@bergermontague.com

*Counsel for Plaintiffs*

---

[3] This alternative proposed approach accounts for the timeliness issues that would arise if new plaintiffs sought to pursue the case with new counsel. *See China Agritech, Inc. v. Resh*, 584 U.S. 732 (2018).