**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No. 1:22-cv-00125<br><br><br><br>Hon. Matthew F. Kennelly |

**DECLARATION OF ERIC L. CRAMER IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THEIR MOTION FOR CLASS CERTIFICATION**

I, Eric Cramer, duly sworn, does hereby depose and say as follows:

1. I am Chairman of the law firm of Berger Montague, where I also Co-Chair the Firm's antitrust department. Berger Montague, founded in 1970, is one of the oldest and most respected firms focusing on plaintiffs'-side class action matters in the country. Headquartered in Philadelphia, we have over 100 lawyers, and maintain offices in Minneapolis, Chicago, San Francisco, San Diego, Washington, DC, Wilmington, DE, and Toronto. I have been practicing in

the field of complex antitrust matters for more than thirty years. During my career, I have served as lead counsel in dozens of successful antitrust class actions throughout the country, earning a reputation as a leader in the field.

2. I have never been reprimanded or disciplined by any court or professional association and have not once been found to be inadequate to serve as class counsel in any of the dozens of antitrust class action cases in which I have appeared during my career. I take my reputation for integrity, professionalism, and candor to courts and colleagues very seriously. I am dismayed that I have participated in filings that may have caused the Court to call that hard-earned reputation into question.

3. As Chairman of my firm, I hold my firm and all of our professionals—including, importantly, myself—to the highest standards of work quality, effort, collegiality, and ethical behavior. I never intended to mislead the Court. That said, I was not careful enough. I recognize that I submitted briefs and proposed orders to the Court in fee petitions, filed on behalf of all three plaintiff firms, that contained statements supporting co-counsel's request for fees and expenses that could reasonably have been construed differently than I had intended. For that I apologize to the Court on my own behalf and on behalf of my firm.

4. More specifically, in the context of assessing my firm's adequacy to serve as Court-appointed class counsel for the proposed Class in this matter, during a hearing held on March 11, 2026, the Court asked questions of me and my co-counsel regarding certain statements in filings relating to earlier-filed joint motions for attorneys' fees and reimbursement of expenses associated with class settlements. At the March 11 hearing, the Court highlighted statements in briefs that I signed and proposed orders plaintiffs' counsel jointly submitted in connection with those briefs, making representations regarding the degree of risk undertaken by

proposed Class Counsel (as a group), and also statements relating to the contingent nature of the representation of Class Counsel (again, as a group). I now see that statements in briefs that I signed and proposed orders I submitted could reasonably have given the Court the impression that all three law firms were similarly situated with regard to risk.

5. But all three firms were not similarly situated in one important respect. GLC had a litigation funding arrangement, about which I was aware. Berger Montague did not have any funding arrangements concerning this litigation, nor did it benefit financially from GLC's funding. It is my understanding that the third co-counsel, FNF, did not have similar funding arrangements, nor did it benefit financially from GLC's funding.

6. It was never my intention to contribute to creating an inaccurate impression. But I now recognize that our filings related to recovery of fees and expenses should have refrained from making statements implying that all three firms were similarly situated with respect to risk of nonrecovery of fees and expenses. For that, I apologize to the Court on my own behalf and on behalf of my firm. I regret that the statements the Court identified during the hearing did not give the Court a full and complete picture of certain facts.

7. While it will not repair past mistakes, as Chairman of my firm, I have begun work with my partners to implement and promulgate a policy that will reemphasize the importance transparency, candor, and clarity in representations made in fee petitions and related materials, and focus in particular on filings where one or more of the class counsel has obtained litigation funding.

8. As this Court is aware, I have served as counsel for Plaintiffs and the proposed Class in the above-captioned case from before its inception in January 2022 and through the present. In leading this case for my firm, I have personally contributed more than 3400 hours. As

3

of the end of last year, my firm had invested more than 30,000 hours of professional time to this matter. I am one of the lawyers who has taken the lead on some of the most important, complex, and substantive issues in the case, including in particular, on matters relating to class certification, Daubert, and economics. I have focused on developing and presenting proof of the relevant market, anticompetitive effects, classwide impact, and damages. I was one of the lead lawyers on, among other matters, briefs relating to class certification and Daubert; on economic expert depositions; and at the Daubert hearing before this Court. I have also played a leading role in negotiating settlements with the twelve defendants who have resolved the case to date; in devising the allocation plan; and in overseeing the planned distribution of settlement funds to members of the Class. I am fully familiar with the factual record and legal issues in this case.

9. I and my firm have critical institutional knowledge pertaining to this case. Given my own and my firm's deep knowledge of the record, strategy, relevant law, and historical details, I firmly believe that the proposed Class would be best served by the Court appointing me and my firm as one of the Class Counsel. We are best positioned to take this case to trial and to defend any verdict on appeal. We have successfully represented the proposed Class through dispositive motions, fact and expert discovery, Daubert, and summary judgment. We just recently helped defeat Defendants' attempt to appeal this Court's summary judgment ruling on an interlocutory basis directly to the Seventh Circuit, and are currently working to ensure efficient and fair distribution of the settlement funds to members of the Class. We contributed to developing the legal, economic, and factual theories of the case, prosecuted the case zealously, and through our direct efforts have secured nearly $320 million in settlement funds for the certified Settlement Class. Moreover, my firm and I have substantial experience trying complex antitrust cases and in handling such cases on appeal. This case is complex, the issues are subtle,

4

and the record is enormous. I sincerely believe that the Class would be prejudiced by removing me and my firm from the case at this critical juncture.

10. Further, given the facts above, I do not believe that a conflict exists between me and the proposed Class, or that I or my firm are inadequate to serve as Class Counsel for a litigation or settlement class. Nor do the issues raised regarding my role in the matter reflect adversely on the many other professionals at my firm, who have invested tens of thousands of hours in this case. The mistakes at issue were mine alone.

11. As a lawyer who has represented this proposed Class zealously since before its inception, and who has devoted my career to representing plaintiffs in antitrust class actions, I would be devastated if I were the reason that this righteous case and these deserving Class members did not obtain the additional recoveries that they deserve. Accordingly, I respectfully propose the following path forward.

12. Given the issues raised by the Court, I respectfully ask that the Court appoint only two Class Counsel: Berger Montague and FNF. This request would leave in place two of the three firms that have litigated this case from the outset and allow the case to move forward without significant delay or prejudice to the members of the Class. Berger Montague and FNF have the knowledge, experience, resources, and ability to see this case through efficiently and expertly through trial and any appeals in the best interests of the Class.

13. Alternatively, to the extent that the Court has the view that neither myself nor my firm could adequately represent the interests of the Class going forward, I will withdraw my firm's application to be one of the Class Counsel. In that event, to protect the interests of the Class, the Court could allow a period of time, say 30 to 60 days, for the named Plaintiffs to select another proposed class counsel firm. Importantly, in order to best preserve the pending claims as

timely,[1] the existing named plaintiffs (our clients) would need to retain any such new firm. In that circumstance, if the Court wishes, in the interests of the Class, I pledge to work to facilitate the named Plaintiffs' retention of new counsel in the best interests of the Class.

Dated: March 18, 2026

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*/s/ Eric Cramer*
Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com

---

[1] If new counsel with new named plaintiffs were to appear, they could be in the position of not having the benefit of tolling from the outset of this case.

6