<u>**PUBLIC VERSION**</u>

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | |
| v. | Case No. 1:22-cv-00125 |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | Hon. Matthew F. Kennelly |
| *Defendants*. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
<u>MOTION TO AMEND THEIR MOTION FOR CLASS CERTIFICATION</u>**

## <u>INTRODUCTION</u>

This is an extraordinary case. Plaintiffs' counsel at FNF, BMPC, and GLC falsely represented to the Court on multiple occasions that all counsel worked on a fully contingent basis and incurred millions of dollars of unreimbursed expenses. In reality, all counsel knew that lawyers at GLC were being paid hourly by litigation funders and that GLC had no unreimbursed expenses at all. Plaintiffs' counsel made these statements not to zealously advocate for the interests of absent class members, but to zealously advocate for themselves—each false statement was submitted to the Court in support of counsel's unified effort to take as large a share of the putative class's recovery as they could. And it worked: The Court adopted the language of plaintiffs' proposed orders when approving settlements in this case, granting counsel their entire requested fee awards in recognition of the risk they claimed they all had taken. *See* Dkt. 726 ¶ 27.

Following a hearing at which their counsel were forced to acknowledge their misrepresentations, plaintiffs now propose to amend their class certification motion to have only FNF and BMPC appointed as class counsel. But their motion does not solve their problem. BMPC and FNF made the same misrepresentations as GLC and thus share responsibility for misleading the Court on this and related overbilling issues by GLC, which they did for their own benefit and to the detriment of the proposed class. Even if BMPC and FNF were not culpable, it would not matter. GLC still seeks to continue representing the class, and as defendants learned through correspondence with BMPC and FNF over the last week, BMPC and FNF have implicitly acknowledged that they believe they may be contractually obligated to share future proceeds with GLC no matter what. If that were to come to pass, it would be the worst of all possible worlds— one in which GLC would no longer be required to demonstrate its adequacy to the Court, but would nonetheless profit behind the scenes. There is no reason to believe—and plenty of reason not to—

that BMPC and FNF can prevent GLC from participating in or profiting from this case going forward.

There are any number of reasons to deny class certification. Most straightforwardly, now that the Court has held that there was no price-fixing conspiracy, *see* Dkt. 1210 at 18-19, it is obvious that plaintiffs have failed to show common impact—a loose agreement to principles cannot have caused a uniform impact, and clearly benefited at least a significant portion of the class. *See* Dkt. 788. But beyond the many reasons to deny class certification on the merits, the proposed class is represented by lawyers who, "through breach of [their] fiduciary obligations to the class," have "demonstrate[d] that [they are] not [] adequate representative[s] of the interests of the class as a whole," so "realism requires that certification be denied." *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002). "Misconduct that prejudices the class or creates a direct conflict between counsel and the class requires such denial…." *Reliable Money Ord., Inc. v. McKnight Sales Co.*, 704 F.3d 489, 498 (7th Cir. 2013). Counsel put their own interests ahead of those of the proposed class and did so through a pattern of knowingly false statements regarding billing to the Court. Their "repeated misrepresentations" made in their quest for the highest possible fee recovery "raise[] legitimate concern as to [their] ability to adequately represent a class in this matter." *Hansen v. Country Mut. Ins. Co.*, 2023 WL 6291629, at \*27 n.33 (N.D. Ill. Sep. 25, 2023). Because the requested amendment does not cure the inadequacy problem or the other Rule 23 defects, certification should be denied.

## ARGUMENT

### I. Amendment Does Not Solve Plaintiffs' Problem Because Counsel At BMPC And FNF Are Inadequate To Represent The Proposed Class

Plaintiffs' counsel misled the Court to obtain for themselves the largest possible share of plaintiffs' recovery. In so doing, they demonstrated that they are inadequate to represent the

proposed class, because "[c]lass counsel must act with unwavering and complete loyalty to the class … and the responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties." *Nat'l Air Traffic Controllers Ass'n v. Dental Plans, Inc.*, 2006 WL 584760, at *4 (N.D. Ga. Mar. 10, 2006) (cleaned up). Yet plaintiffs' proposed solution is to drop just one of the three firms who made false statements to the Court. That does not solve the problem. Plaintiffs still seek to certify a class represented by attorneys who breached both their fiduciary obligations to the class and their duty of candor to the tribunal. *See Culver*, 277 F.3d at 913; *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918-19 (7th Cir. 2011) ("Misconduct by class counsel," including "a major ethical violation," creates "serious doubt that counsel will represent the class loyally" and so "requires denial of class certification." (citation omitted)).

In April 2024, BMPC and FNF, along with GLC, jointly represented in plaintiffs' motion for settlement approval that all counsel "filed this case on contingency, knowing it could take years to prosecute and millions of dollars and tens of thousands of attorney hours to properly resource— *thus assuming the very real risk of nonpayment*." Dkt. 679 at 3 (emphasis added). In March 2025, they again jointly claimed in a motion for settlement approval that FNF, BMPC, *and* GLC "undertook the risks inherent to this complex case on contingency, knowing it could take years to prosecute and millions of dollars and tens of thousands of attorney hours to properly resource— with *no guarantee of any return* for those material investments." Dkt. 830 at 3. Counsel at BMPC and FNF joined GLC in representing to the Court that they "advanced *all* of this time and effort on contingency," Dkt. 679 at 12 (emphasis added), swearing under penalty of perjury that "*all* work performed" was on "contingency," Dkt. 830-1 at 5 n.1 (emphasis added).

FNF and BMPC knew these statements were false. FNF and BMPC observed in private

3

correspondence in October 2023 that GLC was "████████████████" and thus, "████████████████████████████████████████████████████." Dkt. 947-01 (emphasis in original); *see* Hr'g Tr. (Mar. 11, 2026) at 10:11-11:14 (BMPC and FNF confirming that "it's clear from the emails" that they "were aware of … Mr. Gilbert and his entity's funding, that they had funding from an outside source"). They were right: GLC's funders ████████



████████████████████████████████████████ Dkt. 1146-2 at 19. FNF and BMPC privately told GLC ████████████████████████████████████████████ ████████████████████████████████████████ Dkt. 947-1 at 2. Yet before long, BMPC and FNF were standing shoulder to shoulder with GLC as it falsely represented that its expenses were borne "by the firm" and were "unreimbursed" and that payment for its attorney time was "contingent."

FNF and BMPC do not deny that they misled the Court, though they seek to minimize their misdeed. To hear FNF and BMPC tell it, this was nothing more than a communication mix-up—counsel was just imprecise, "us[ing] language in filings that did not adequately explain the relevant details as applied to all three Plaintiffs' counsel firms" and thereby "[leaving] the Court with an inaccurate impression" about GLC's funding arrangement. Mot. 1. FNF and BMPC take no real responsibility and apologize for the wrong thing. The problem is not that FNF and BMPC "fail[ed] to distinguish between the three plaintiff firms" in their various filings. *Id.* It is that they *expressly represented to the Court* that all three firms faced a risk of nonpayment, when in fact all three knew that was not true: GLC's expenses were all being covered by funders, and GLC was being paid fees by the hour. (It was being paid at approximately half its attorneys' claimed hourly rates,

4

which just happened to be approximately double their true usual and customary rates.[1])

In their motion to amend, plaintiffs imply that if FNF and BMPC had thought to "distinguish" each of the three plaintiff firms in their motion papers and sworn affidavits, there would have been no problem. Mot. 1. That speculation strains credulity. For one thing, counsel *did* distinguish between each firm when describing their expenses: All three lead lawyers for their respective firms swore specifically to the false statement that "GLC has expended a total of $1,044,295 in unreimbursed costs and expenses." Dkt. 830-01 at 20 (joint sworn declaration of Messrs. Normand, Cramer, and Gilbert). And FNF and BMPC filed their joint motions and joint attestations, signed by each of the three firms, together with individual sworn statements for each firm, thereby endorsing and supporting Mr. Gilbert's representations that his firm performed its work "on a wholly contingent basis." Dkt. 830-4 at 6. It was BMPC, not GLC, who filed the materials through ECF each time, including not only the joint statements of the three firms, but also Mr. Gilbert's individual affidavits. *See* Dkt. 679 (filed by Richard Schwartz of BMPC); Dkt. 830 (filed by Eric Cramer of BMPC). The reality is that FNF and BMPC chose to falsely represent to the Court that GLC faced "the very real risk of nonpayment," Dkt. 679 at 3, because they believed if they did not do so, it would " ██████████████ ." Dkt. 947-4 at 59:25-60:1.

---

[1] At the March 11 hearing, Mr. Gilbert cited the Ninth Circuit's recent decision in *LA International Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608 (9th Cir. 2026), as support for the notion that it would be an abuse of discretion for the Court to award fees based on the actual rates of the attorneys billing under the GLC "umbrella." *See* Hr'g Tr. (Mar. 11, 2026) at 35:11-36:7. *LA International* says nothing of the sort. In that case, a small firm straightforwardly disclosed its usual and customary rates in its fee petition, while arguing its lodestar should be calculated using the higher prevailing (i.e., market) rates for that jurisdiction and the kind of case at bar. 168 F.4th at 624. Here, however, GLC falsely claimed that the "rates" it provided to the Court were "the usual and customary hourly rates used by GLC," Dkt. 679-03 at 8, when in fact they were twice what those lawyers had historically charged at the Hellring firm (or more), *see* Dkt. 1021 at 3-4. The Ninth Circuit's decision does not change that GLC falsely represented its hourly rates in plaintiffs' quest for maximal recovery of attorneys' fees, nor that Mr. Gilbert continues to falsely claim that GLC only received a 40% recovery based on its fictitious, inflated rates, *see* Dkt. 1237-1 ¶ 8, when, in fact, it received essentially 100% of its lawyers' real rates.

To this, plaintiffs essentially argue "no harm, no foul." They say that FNF and BMPC made "mistakes," which, "regrettable as they are, did not create a conflict with, or otherwise prejudice, the Class." Mot. 3. They are wrong. The false statements at issue were not made in passing or in the course of advocating for the interests of absent class members. They were made in an effort to benefit BMPC, FNF, and GLC financially at the expense of the class they purported to represent. BMPC and FNF joined GLC in submitting false statements whose very purpose was to persuade the Court to award less of plaintiffs' settlement recovery to the class and more of plaintiffs' recovery to counsel. *See* Dkt. 679 at 20 (highlighting the "risk of nonpayment" when arguing that counsel should be paid "one-third of the settlement fund"); Dkt. 830 at 20-21 (same). Reducing the funds available to the proposed class and eroding public confidence in these proceedings, BMPC and FNF—just like GLC—"demonstrated a lack of integrity that casts serious doubt on their trustworthiness as representatives of the class." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). Certification should be denied as a result.

II. **Granting Plaintiffs' Motion Will Not Make Counsel Adequate Because It Will Not Guarantee GLC Does Not Profit At The Proposed Class's Expense**

Even if omitting GLC from their class certification motion could sanitize FNF and BMPC's misconduct, it would not be enough to enable plaintiffs to carry their burden to establish adequacy of counsel. Although GLC purports to "support" the motion to amend filed by FNF and BMPC, Dkt. 1237 at 1, that support comes with caveats and excuses. GLC pleads with the Court to permit it to carry on participating in this litigation as "supporting class counsel" rather than "lead counsel," a meaningless distinction. It also persists in seeking to profit at the proposed class's expense, and might still do so even if FNF and BMPC continue prosecuting this case without it.

A. **GLC Still Seeks To Represent The Class And To Profit At Its Expense**

Mr. Gilbert continues to maintain that it was perfectly reasonable for GLC to claim to be

at risk of total nonrecovery for attorney time, even when it had received over $23 million dollars in attorneys' fees.  He continues to argue that it was basically honest for GLC to have claimed it incurred over a million dollars in unreimbursed expenses, even though GLC's funders reimbursed every cent.  Mr. Gilbert's apology to the Court essentially says, "I'm not sorry for what I did, but I'm sorry for how it made you feel."

Insisting he was never really in the wrong, Mr. Gilbert offers faux concessions.  He proposes "not to seek appointment as Co-Lead Class Counsel" if the Court will permit the lawyers billing under the GLC "umbrella" to continue to represent the class going forward as "supporting class counsel," Dkt. 1237 at 2, but offers no assurance that by forgoing appointment as "lead" counsel, GLC will not share in any future recovery.  He also proposes that he will be "ethically screened off" personally, *id.*, but offers no assurance that if his colleagues are compensated for their continued participation in this case, he will not benefit from that compensation.  None of this should be countenanced—at this point, there is no denying that GLC's "pattern of misconduct" and of being "disingenuous in representations to the Court" should disqualify them from representing the class in any capacity.  *Crissen v. Gupta*, 2014 WL 4129586, at *8 (S.D. Ind. Aug. 19, 2014) (denying certification); *see In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 410 (D. Mass. 2007) (class certification denied where counsel gave "the court reason to question its ability to adequately present truthful factual information to the court").

### B. So Long As FNF And BMPC Remain As Class Counsel, There Is No Way To Guarantee GLC Will Not Profit At The Class's Expense

More alarming still is that even if the Court were to disallow GLC to continue representing the putative class, GLC might still ultimately profit at the class's expense if BMPC and FNF continue to prosecute this case on its behalf.  As the Court knows, FNF and BMPC are parties to a written co-counsel agreement with GLC and have been since the outset of this case.  According

**PUBLIC VERSION**

to BMPC and FNF, that agreement provides for the three firms to split "any fees awarded by the Court amongst the firms." Ex. 1 at 1. Last week, when defendants asked BMPC and FNF to confirm that in light of the recent hearing and plaintiffs' pending motion, GLC would not receive payments of any kind now or in the future in connection with this case, BMPC and FNF could not (or would not) do so. *Id.* And while the Court might direct that future fees be awarded only to FNF and BMPC and not shared with GLC, nothing would stand in the way of GLC attempting to enforce its contractual rights against FNF and BMPC to attempt to recover a portion of the award. The net effect might ultimately be even worse than the status quo, with GLC no longer subject to the Court's scrutiny but nevertheless empowered to reap additional financial benefits from representing the putative class in the shadows. So long as any of the attorneys who misled the Court remain in this case, all stand to benefit at the proposed class's expense.

## CONCLUSION

FNF, BMPC, and GLC have each demonstrated that they are not capable of "fairly and adequately represent[ing] the interests of the class." Fed. R. Civ. P. 23(g)(4). For the reasons set forth in defendants' opposition to the motion for class certification, Dkt. 788, and this and defendants' other related supplemental briefs, the motion for class certification should be denied.[2]

---

[2] If the Court denies certification, the appropriate next step is not, as plaintiffs suggest, to substitute new class counsel, *see* Mot. 4 & n.3. Rather, the standard next step is to proceed to adjudicate the claims of the individual named plaintiffs. *See, e.g.*, *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583 (7th Cir. 2011); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 194, 197 (2nd Cir. 1987) ("The denial of class certification does not preclude individual plaintiffs properly before the court from pressing their own claims."); 7B Fed. Prac. & Proc. Civ. § 1795 (3d Ed.) (Wright & Miller) ("When a class action is not maintainable, the litigation usually will be allowed to proceed to determine the rights of the individual plaintiffs.").

**PUBLIC VERSION**

Dated: March 26, 2026

By: */s/ David Gringer*
David Gringer
Alan Schoenfeld
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: 212-937-7294
david.gringer@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Seth Waxman
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6800
seth.waxman@wilmerhale.com

Edward W. Feldman
Daniel Martin Feeney
MILLER SHAKMAN LEVINE &
  FELDMAN LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
Tel.: 312-263-3700
dfeeney@millershakman.com
efeldman@millershakman.com

*Counsel for The Trustees of the University of Pennsylvania*

Respectfully submitted,

By: */s/ Norman Armstrong*
Norman Armstrong
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: 202-389-5000
norman.armstrong@kirkland.com

Daniel E. Laytin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com

*Counsel for Defendant Cornell University*

By: */s/ Britt M. Miller*
Britt M. Miller
Daniel T. Fenske
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-782-0600
bmiller@mayerbrown.com
dfenske@mayerbrown.com

*Counsel for Defendant Georgetown University*

**PUBLIC VERSION**

By: */s/ Eric Mahr*
Eric Mahr
Jan Rybnicek
Andrew Henderson
FRESHFIELDS US LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-777-4500
eric.mahr@freshfields.com
jan.rybnicek@freshfields.com
andrew.henderson@freshfields.com

Rami Fakhouri
Jennifer L. Greenblatt
GOLDMAN ISMAIL TOMASELLI BRENNAN &
BAUM LLP
200 South Wacker Drive, Floor 22
Chicago, IL 60604
Tel: (312) 681-6000
rfakhouri@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Massachusetts Institute of
Technology*

By: */s/ Robert A. Van Kirk*
Robert A. Van Kirk
Jonathan Pitt
Sarah F. Kirkpatrick
Matthew D. Heins
Feyilana Lawoyin
Cole T. Wintheiser
William J. Donnelly
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
Tel: 202-434-5000
rvankirk@wc.com
jpitt@wc.com
skirkpatrick@wc.com
mheins@wc.com
flawoyin@wc.com
cwintheiser@wc.com
wdonnelly@wc.com

James Peter Fieweger
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
Tel.: 312-222-0800
jpfieweger@michaelbest.com

*Counsel for University of Notre Dame*

**PUBLIC VERSION**

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I caused a true and correct copy of the foregoing document to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/Matthew D. Heins*
Matthew D. Heins

*Counsel for University of Notre Dame*