# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

CERTIFIED COPY

A True Copy

Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**ORDER**

March 16, 2026

Before

**ILANA DIAMOND ROVNER**, *Circuit Judge*

**DORIS L. PRYOR**, *Circuit Judge*

**REBECCA TAIBLESON**, *Circuit Judge*

|  | |
|---|---|
| No. 26-1275 | ANDREW CORZO, et al.,<br>              Plaintiffs - Appellees<br><br>v.<br><br>CORNELL UNIVERSITY, et al.,<br>              Defendants - Appellants |
| **Originating Case Information:** | |
| District Court No: 1:22-cv-00125<br>Northern District of Illinois, Eastern Division<br>District Judge Matthew F. Kennelly | |

The following are before the court:

1. **PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL**, filed on February 20, 2026, by counsel for the appellees.

2. **DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL**, filed on March 10, 2026, by counsel for the appellants.

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and this appeal is **DISMISSED** for lack of jurisdiction.

Generally, an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket pursuant to Rule 58 of the Federal Rules of Civil Procedure. *See Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995); *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir. 1988). In this case, appellants seek to appeal an order denying their motion for summary judgment that raised, among other matters, an argument that they were entitled to judgment based on § 568 of the Improving America's Schools Act of 1994, Pub. L. No. 103-382 § 568(a), 108 Stat. 3518, 4060 (1994). That section provided that "[i]t shall not be unlawful under the antitrust laws" for certain institutions of higher education to agree to specified matters.

Appellants assert appellate jurisdiction based on the collateral-order doctrine, which permits an appeal of select categories of otherwise interlocutory orders. Arguments to extend collateral-order review beyond the few, well-established categories of appealable orders usually fail. *Herx v. Diocese of Fort Wayne-S. Bend, Inc.*, 772 F.3d 1085, 1090 (7th Cir. 2014). Here, appellants maintain that § 568 provides them with antitrust immunity that creates a "right not to be tried." But the Supreme Court has distinguished between a defense to liability (or any other basis on which to dismiss a case) and a right not to be tried that permits a collateral-order appeal. *See, e.g., Geo Grp., Inc. v. Menocal*, 146 S. Ct. 774, 782 (2026); *Herx*, 772 F.3d at 1091. And the Court has explained that a law that, like § 568, merely "establishes that the defendant acted lawfully" is a clear example of one that does not give rise to immediate appeal. *Menocal*, 146 S. Ct. at 782. Appellants identify no other circuit that has understood any similar form of "antitrust immunity" to allow a private entity to bring a collateral-order appeal, and several courts have rejected such an argument. *See, e.g., SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1280 (11th Cir. 2021) (en banc); *In re Mushroom Direct Purchaser Antitrust Litig.*, 655 F.3d 158, 167 (3d Cir. 2011); *see also Quadvest, L.P. v. San Jacinto River Auth.*, 7 F.4th 337, 344 (5th Cir. 2021) (limiting such appeals to only state and municipal entities). They have therefore not persuaded us that § 568 meets the collateral-order doctrine's high bar.

form name: **c7_Order_3J**    (form ID: **177**)