# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW CORZO, SIA HENRY, ALEXANDER LEOGUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,

      Plaintiffs,    Case No:
                  1:22-cv-00125
   v.         Hon. Matthew F. Kennelly

BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,

     Defendants.


REMOTE VIDEOTAPED DEPOSITION OF

BRANDON PIYEVSKY

MAY 2, 2026


Reported by:
Janice M. Kocek, CSR, CLR
Job No. J14747671

The remote videotaped deposition of BRANDON PIYEVSKY, via Zoom videoconferencing, called by the Defendants for examination, reported stenographically by Janice M. Kocek, License No. 084-002871, Certified Shorthand Reporter, Certified LiveNote Reporter, and Notary Public for the State of Illinois, commencing at the hour of 10:32 a.m. CST, on the 2nd day of May, 2026.

* * *

A P P E A R A N C E S:

** ALL PARTIES APPEARING REMOTELY **


COUNSEL FOR THE PLAINTIFFS

FREEDMAN NORMAND FRIEDLAND LLP

225 Franklin Street, 26th Floor

Boston, Massachusetts  02110

857-400-7117

BY:  RICHARD CIPOLLA, ESQ.

   rcipolla@fnf.law


COUNSEL FOR THE TRUSTEES OF THE UNIVERSITY

OF PENNSYLVANIA

WILMER CUTLER PICKERING HALE AND DORR LLP

World Trade Center

250 Greenwich Street

New York, New York  10007

212-937-7294

BY:  DAVID GRINGER, ESQ.

   david.gringer@wilmerhale.com

IO JONES, ESQ.

   io.jones@wilmerhale.com

A P P E A R A N C E S:

COUNSEL FOR THE TRUSTEES OF THE UNIVERSITY

OF NOTRE DAME

WILLIAMS & CONNOLLY LLP

680 Maine Avenue SW

Washington, DC  20024

202-434-5000

BY:  WILLIAM DONNELLY, ESQ.

wdonnelly@wc.com

ALSO PRESENT:

GEORGE ELLIS, Videographer

BRANDON PIYEVSKY
ANDREW CORZO vs BROWN UNIVERSITY

May 02, 2026
5

INDEX

TESTIMONY OF BRANDON PIYEVSKY            PAGE

Examination by Mr. Gringer            7

NO EXHIBITS MARKED OR REFERRED TO

THE VIDEOGRAPHER:  We are now on the record.  The time is 10:32 a.m. Central Time on May 2nd, 2026.  This begins the videoconference deposition of Brandon Piyevsky taken in the matter of Andrew Corzo, et al., versus Brown University, et al.

The case number is 1:22-CV-00125, and is filed in the United States District Court for the Northern District of Illinois, Eastern Division.

My name is George Ellis.  I'm a remote videographer.  Our court reporter is Janice Kocek.

Counsel, please state your name and whom you represent, after which the court reporter will swear in the request.

MR. GRINGER:  David Gringer, Universe -- from WilmerHale for the University of Pennsylvania.

MR. CIPOLLA:  Richard Cipolla from Freedman Normand Friedland on behalf of the plaintiffs and defending Mr. Piyevsky.

(Witness remotely sworn.)

BRANDON PIYEVSKY, M.D.,

called as a witness herein, having been first

duly sworn, was examined and testified as

follows:

EXAMINATION

BY MR. GRINGER:

Q.   Good morning.  It's Dr. Piyevsky; am I right?

A.   Yeah.  You can call me Brandon, sure.

Q.   I'll call you Dr. Piyevsky for now but I appreciate that.

Dr. Piyevsky, has anyone shared with you any of the questions that have been asked of your fellow named plaintiffs in their depositions so far?

A.   No.

Q.   What is your understanding of why it is you're here today to be deposed?

A.   To better elucidate my role with the previous events.

Q.   When you say "previous events," what do you mean?

A.   The certification of new counsel.

Q.   Do you have an understanding of why

10:33AM

10:34AM

10:34AM

there is going to be certification of new counsel in the case?

A. Yes.

Q. What is that understanding?

A. Previous counsel was asked by the Court to, you know, step out.

Q. And you understand the previous Court -- the previous counsel was asked to step out by the Court because it had made statements to the Court that the Court believed were affirmatively misleading?

A. I don't know.

Q. So you're not aware that the Court found that your previous counsel had filed affidavits with the Court that were affirmatively misleading?

MR. CIPOLLA: Objection. Form. Vague.

You may answer.

THE WITNESS: Can you repeat that?

BY MR. GRINGER:

Q. Do you have an understanding of whether the Court has found that your previous counsel made statements to the Court that were affirmatively misleading?

10:34AM

10:34AM

10:35AM

10:35AM

A.   Yes.

Q.   When did you learn that?

A.   I would say a couple months ago.

Q.   How did you learn that the Court had found that your previous counsel had made statements that were affirmatively misleading?

A.   I was informed by my current counsel.

Q.   Mr. Cipolla?

A.   Yes.

Q.   Before learning that the Court had found that your previous counsel had made statements that were affirmatively misleading, were you aware that issues had been raised with the Court about your previous counsel's candor to the Court?

MR. CIPOLLA:  Objection.  Scope.

You may answer.

THE WITNESS:  No.

BY MR. GRINGER:

Q.   Have you read the Court's March 31st order finding that your previous counsel had made affirmatively misleading statements to the Court?

A.   Yes.

Q.   When did you read it?

A.   Maybe several weeks ago.  Maybe a month ago.  Yeah.

Q.   Did anything in that opinion concern you?

A.   No.

Q.   So you read that the Court also found that Mr. Kramer and Mr. Norman could have corrected or tried to correct your previous counsel's misleading statements but did not?

You saw that?

A.   I don't remember.

Q.   Are you concerned -- well, let me ask, have you taken any steps to ensure that potential new counsel will be truthful to the Court?

MR. CIPOLLA:  Objection.  Scope.

You may answer.

THE WITNESS:  No.

BY MR. GRINGER:

Q.   Do you intend to do any work between now and the trial in this case to make sure that your attorneys are being truthful with the Court?

BRANDON PIYEVSKY
ANDREW CORZO vs BROWN UNIVERSITY

May 02, 2026
11

MR. CIPOLLA: Objection. Scope.

You may answer.

THE WITNESS: I intend to let my counsel make those decisions.

BY MR. GRINGER:

Q. Okay. So you don't intend to do anything personally to make sure that your attorneys are being honest with the Court, correct?

MR. CIPOLLA: Objection. Scope.

You may answer.

THE WITNESS: I will do whatever is asked of me.

BY MR. GRINGER:

Q. I appreciate that but not my question.

As of right now sitting here today, you have no plans to do anything between now and the trial in this case to make sure that your attorneys are being honest with the Court, correct?

A. Sorry. Let me --

MR. CIPOLLA: Objection. Asked and answered.

10:38AM
10:38AM
10:38AM
10:38AM

BRANDON PIYEVSKY                                              May 02, 2026
ANDREW CORZO vs BROWN UNIVERSITY                                      12

THE WITNESS:  Can you repeat that?  Sorry.

BY MR. GRINGER:

Q.   Sure.  Between now and the trial in this case, you do not intend to do anything to make sure that your attorneys are being honest with the Court, correct?

MR. CIPOLLA:  Objection.  Form.

You may answer.

THE WITNESS:  I -- I don't have any intentions.

BY MR. GRINGER:

Q.   Are you aware that what set off the series of issues leading to the appointment of new counsel in this case has to do with Mr. Bach-y-Rita, who is your own attorney in this case, accusing one of your other attorneys of committing a fraud on the Court?

A.   No.

Q.   And what did you do to prepare for your deposition in this case?

A.   I met with my counsel.

Q.   When did you meet with counsel?

A.   Today.

10:38AM

10:38AM

10:39AM

10:39AM

Q.  Today.  For how long?

A.  Fifteen minutes maybe.  Twenty.

Q.  Who was present.

A.  Richard Cipolla, and I believe his name -- there was a lawyer from the -- from -- from Molo.                                                    10:39AM

Q.  Do you remember the lawyer from Molo's name?

A.  Mike Gold.

Q.  Is Mr. Gold your attorney?                               10:40AM

A.  Not currently.

Q.  What did you discuss at the prep session with Mr. Cipolla and Mr. Gold today?

MR. CIPOLLA:  Objection.  Privileged.

I'm going to direct the witness not to answer.                                                             10:40AM

BY MR. GRINGER:

Q.  Are you going to follow your counsel's instruction, Dr. Piyevsky?

A.  Yes.                                                        10:40AM

Q.  Before the 15- to 20-minute session, had you ever spoken to Mr. Gold before?

A.  No.

Q.  Before the 15- or 20-minute session

today, had you ever spoken with anyone from the Molo firm before?

A.   No.

Q.   Do you have a retention agreement with the Molo firm?                                    10:41AM

A.   I don't know.

Q.   Do you recall signing an agreement that said the Molo firm would be your counsel in this case?

A.   Signing an agreement?  No.                                    10:41AM

Q.   Did you play any role in selecting the Molo law firm to serve as counsel in this case?

A.   No.

Q.   I'm a little confused.  You know, as                                    10:41AM
a lawyer, and normally people hire me to be their lawyer, no one directs another person to tell them that I'm going to be their lawyer.

Who decided that MoloLamken was going to be -- strike that.                                    10:42AM

Who decided that the Molo firm was going to be your lawyer in the case going forward?

MR. CIPOLLA:  Objection.  Form.

THE WITNESS:  My existing counsel.

BY MR. GRINGER:

Q.   Do you think it's appropriate to hire a lawyer without having spoken with them first?

A.   Yes.

Q.   Why?

A.   Just I fully and completely trust existing counsel to make that decision.

Q.   Do you know how it is that your existing counsel chose MoloLamken to be counsel?

A.   A series of interviews.

Q.   Who participated in those interviews?

A.   I don't know.

Q.   Who was interviewed?

A.   MoloLamken in addition to other law firms.

Q.   What other law firms in addition to MoloLamken were interviewed by your existing counsel?

A.   I don't know.

Q.   Did you ask whether -- for the names of any of the other firms being considered to serve as new counsel?

A.   No.

Q.   Any reason why not?

A.   No.

Q.   What is your understanding of who is in charge of this case?

MR. CIPOLLA:  Objection.  Form.                    10:44AM

THE WITNESS:  I don't understand that question.

BY MR. GRINGER:

Q.   Do you understand that the lawyers in this case work for you?                    10:44AM

A.   Yeah.

Q.   Do you have an understanding of who's going to be lead counsel in the case going forward?

A.   Yes.                    10:44AM

Q.   Who is going to be lead counsel in the case going forward?

A.   Currently it's in process.

Q.   And is it your understanding that the Molo firm will be lead counsel if the Court approves it?                    10:44AM

A.   Yes.

Q.   Did anyone ask whether you agreed to allow that to happen before it was proposed to

the Court?

A.   Yes.

Q.   And what did you say?

A.   I said that I agreed.

Q.   How did you decide to agree?

A.   I -- I told them that I agree.

Q.   Did you do any research into the MoloLamken firm before you agreed?

A.   I don't recall.

Q.   Now, we've been talking about what sort of set off the process for a new lead counsel.  And those were -- you told me you were familiar that the Court had found that Mr. Gilbert's affidavits were affirmatively misleading.

Did you review any of the affidavits that Mr. Gilbert filed with the Court that the Court found to be misleading before they were filed?

MR. CIPOLLA:  Objection.  Scope.

You may answer.

THE WITNESS:  No.

BY MR. GRINGER:

Q.   Do you understand who from MoloLamken

BRANDON PIYEVSKY                                    May 02, 2026
ANDREW CORZO vs BROWN UNIVERSITY                         18

is going to be the lead counsel -- sorry let me start over again.

Do you have an understanding who from MoloLamken is going to be the lead attorney working for you in the case? 10:46AM

A. Yes.

Q. Who is it going to be?

A. Molo.

Q. Molo. Have you ever spoken with Molo? 10:46AM

A. No.

Q. Do you know Molo's first name?

A. I don't recall.

Q. Do you know if Mr. Lamken is going to be involved in the case? 10:46AM

A. No.

Q. Do you know who besides Mr. Gold and Molo is going to be involved in the case from the MoloLamken firm?

A. No. 10:47AM

Q. Do you intend to monitor representations from the MoloLamken firm to ensure that they're truthful going forward?

MR. CIPOLLA: Objection. Scope.

Asked and answered.

You may -- you may answer.

THE WITNESS:  No.

BY MR. GRINGER:

Q.   And have you -- in addition to Mr. Cipolla, have you spoken to any other of your counsel in the case about the process by which new lead counsel was selected?

10:47AM

A.   No.

MR. CIPOLLA:  Okay.  I think I'm pretty much out of time.  So thank you for your time, Dr. Piyevsky.

10:48AM

THE WITNESS:  No problem.

MR. GRINGER:  Thank you.  No questions from me.

10:48AM

MR. CIPOLLA:  All right.  We can go off the record.

THE VIDEOGRAPHER:  One moment.

This now concludes the videoconference deposition of Brandon Piyevsky.

10:48AM

And Counsel, I just wanted to confirm standing orders.  Mr. Gringer, transcript and synced video?

MR. CIPOLLA:  Please.

BRANDON PIYEVSKY May 02, 2026
ANDREW CORZO vs BROWN UNIVERSITY 20

THE VIDEOGRAPHER: Mr. Cipolla?

MR. GRINGER: Standard transcript.

No video.

THE VIDEOGRAPHER: Okay. Thank you.

All right. No other orders. All right. 10:48AM

Going off the record on May 2nd, 2026, at

10:48 a.m. Central Time.

(Time concluded: 10:48 a.m.)

STATE OF ILLINOIS  )
                   ) SS:
COUNTY OF COOK     )

I, Janice M. Kocek, CSR, CLR, License No. 084-002871, do hereby certify:

That the foregoing remote deposition of BRANDON PIYEVSKY, M.D., was taken at the time and place therein set forth, at which time the witness was put under oath remotely by me;

That the testimony of the witness and all objections made at the time of the examination were recorded stenographically by me, were thereafter transcribed under my direction and supervision, and that the foregoing is a true record of same.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

IN WITNESS WHEREOF, I have subscribed my name this 2nd day of May, 2026.

_____
JANICE M. KOCEK, CSR, CLR
CSR NO. 084-002871

DEPOSITION ERRATA SHEET

Our Assignment Number:  J14747671

Case Caption:  Andrew Corzo, et al., vs. Brown University, et al.

DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I have read the entire transcript of my deposition taken in the captioned matter or the same has been read to me, and the same is true and accurate, save and except for changes and/or corrections, if any, as indicated by me on the DEPOSITION ERRATA SHEET hereof, with the understanding that I offer these changes as if still under oath.

Signed on the _____day of

_____, 2026

_____

BRANDON PIYEVSKY, M.D.

BRANDON PIYEVSKY  
ANDREW CORZO vs BROWN UNIVERSITY

May 02, 2026  
23

DEPOSITION ERRATA SHEET

Page No._____ Line No._____ Change to:_____
_____
Reason for change:_____

Page No._____ Line No._____ Change to:_____
_____
Reason for change:_____

Page No._____ Line No._____ Change to:_____
_____
Reason for change:_____

Page No._____ Line No._____ Change to:_____
_____
Reason for change:_____

Page No._____ Line No._____ Change to:_____
_____
Reason for change:_____

Page No._____ Line No._____ Change to:_____
_____
Reason for change:_____

Page No._____ Line No._____ Change to:_____
_____
Reason for change:_____

SIGNATURE:_____DATE:_____