**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| Plaintiffs, | Hon. Matthew F. Kennelly |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**PLAINTIFFS' MOTION TO PROVIDE AGREED FORMS OF NOTICE**
**TO THE CERTIFIED LITIGATION CLASS**

Plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Brittany Tatiana Weaver, and Cameron Williams ("Plaintiffs") respectfully submit this memorandum in support of their motion to send notice to class that the Court certified by Order dated June 1, 2026 (the "Litigation Class," defined below). *See* ECF No. 1275 (the "Class Order"). Plaintiffs propose to send notice to the members of the Litigation Class (the "Notice Plan") using substantially the same process and procedures the Court authorized with respect to the two waves of notice disseminated to the classes certified for settlement purposes earlier in this case. *See* ECF Nos. 638 (Feb. 2, 2024), 782 (Jan. 24, 2025). The proposed class notices (attached at Exhibits A and B) will provide class members with: information about the litigation, the definition of the Litigation Class, and an explanation of how to request exclusion from the Litigation Class. After meet and confers, the parties have agreed upon the text of an appropriate form of Long Form Notice (Exhibit B), which Plaintiffs have adapted using the agreed text to create a Summary Email Notice (*see* Exhibit A). A proposed notice schedule is set forth in Section III, *infra*.

## I.     Background

On June 1, 2026, the Court determined that this lawsuit can proceed as a class action and certified the following Litigation Class:

> All persons who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants,[1] and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of grant or merit

---

[1] The Defendants are Brown University ("Brown"), California Institute of Technology "Caltech"), University of Chicago ("Chicago"), Trustees of Columbia University in the City of New York ("Columbia"), Cornell University ("Cornell"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Georgetown University ("Georgetown"), Johns Hopkins University ("Johns Hopkins"), Massachusetts Institute of Technology ("MIT"), Northwestern University ("Northwestern"), University of Notre Dame du Lac ("Notre Dame"), Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt"), and Yale University ("Yale").

1

aid in any undergraduate year.[2] The Class Period is defined as follows:

- For Brown, Dartmouth, Emory—from Fall Term 2004 through June 30, 2023.

- For Chicago—from Fall Term 2003 through June 30, 2014.

- For Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, and Rice—from Fall Term 2003 through June 30, 2023.

- For Penn—from Fall Term 2003 through June 30, 2019.

- For Vanderbilt—from Fall Term 2003 through June 30, 2020.

- For Yale—from Fall Term 2003 through June 30, 2007, and from Fall Term 2018 through June 30, 2023.

- For Caltech—from Fall Term 2020 through June 30, 2023.

- For Johns Hopkins—from Fall Term 2022 through June 30, 2023

Excluded from the Litigation Class are:

- Any Officers[3] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices;

- Any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

- The Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

*See* ECF Nos. 1241, 1275; *see also* ECF No. 755-12, at 9-10 (Amended Expert Report of Hal J.

---

[2] For avoidance of doubt, the Litigation Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

[3] For the avoidance of doubt, the Columbia University "Officers" excluded from the Litigation Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

Singer, Ph.D., dated May 28, 2024).

The Court appointed: (i) seven of the Plaintiffs as class representatives;[4] (ii) Steven Molo and MoloLamken LLC as lead counsel for the Litigation Class; and (iii) Freedman Norman Friedland LLP and Berger Montague PC as co-counsel for the Litigation Class (together with MoloLamken, "Class Counsel"). *See* ECF No. 1275, at 11.

The proposed Notice Plan (described below) will send the notices to members of the Litigation Class using a mixture of direct notice (email and regular mail) and a media campaign (a combination of digital advertisements and social media), which are the same procedures the Court authorized for issuance of the prior notices for the settlements.

## II.     The Notice Plan for the Litigation Class

Class Counsel, in consultation with the Court-appointed Claims Administrator, Angeion Group ("Angeion"),[5] recommend that the Court authorize notice to the Litigation Class using essentially the same notice procedure used for the approved settlements. The primary differences (other than the substantive content of the notices) from the earlier notice plans are: (i) the Notice Plan here will benefit from the updated and vetted email address information obtained by Angeion in connection with the notice and claim submissions for the settlements; and (ii) the Notice Plan will not issue (or incur the costs for) a press release given the substantial press coverage of the litigation.[6]

---

[4] The Class Representatives are: Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Brittany Tatiana Weaver, and Cameron Williams. See Class Order, ECF No. 1275 (June 1, 2026). One of the Plaintiffs, Benjamin Shumate, who was in the classes certified for settlement purposes, is not in the Litigation Class (because the Litigation Class is narrower than the settlement classes). As a result, Plaintiffs did not propose Mr. Shumate as a class representative for the Litigation Class.

[5] *See* ECF Nos. 726 ¶ 18 (final judgment for the First Ten Settlements), 884 ¶ 18 (final judgment for the Caltech settlement), 924 ¶ 18 (final judgment for the Johns Hopkins settlement).

[6] *See also* Plaintiffs' Motion to Approve the First Distribution of the Net Settlement Fund for the First Ten Settlements, Approve Six Late Claims as Timely, and Approve Payment of Claims Administration Costs ("Distribution Motion"), ECF No. 1233, at 2-8 (Mar. 9, 2026) (providing detailed information on the prior settlements and the notice and claim process for the first ten settlements).

Under Fed. R. Civ. P. 23(c)(2)(B) the Court must "direct to class members the best notice that is the practical under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice may be provided by "United States mail, electronic means, or other appropriate means." *Id.* In circumstances in which all class members can be identified, the best method of notice is individual notice. *See* MANUAL FOR COMPLEX LITIGATION, § 21.311, at 488 (4th ed. 2005) ("Rule 23(c)(2)(B) requires that individual notice in 23(b)(3) actions be given to class members who can be identified through reasonable effort."); *see also Lucas v. Vee Pak, Inc.*, 2017 WL 6733688, at *15 (N.D. Ill. Dec. 20, 2017) (approving direct notice by mail to individual class members); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 928-29 (N.D. Ill. 2022) (approving both direct notice and media notice campaign to class members). Like the prior settlement notice plans, the proposed Notice Plan here readily meets these standards.

The proposed Notice Plan for the Litigation Class is substantially similar to the notice plans this Court approved for the settlements. *See* ECF Nos. 776-7,[7] 629-8,[8] 603-10,[9] 428-7.[10] The primary difference is that the Summary Email Notice and Long Form Notice have been revised to reflect the relevant details pertaining to the Litigation Class. For instance, the Long Form Notice: explains that the Court determined the case can proceed against the remaining non-settling Defendants (referred to as the "Litigating Defendants")[11] as a class action because it meets the requirements of Federal Rule of Civil Procedure 23; provides the definition of the

---

[7] Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re Proposed Notice Plan for the Fourth Tranche Settlements, dated January 17, 2025.

[8] Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re Amending the Proposed Revised Notice Plan for the Third Tranche Settlements, dated February 23, 2024.

[9] Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re the Proposed Revised Notice Plan, dated January 23, 2024 ("January 23, 2024 Weisbrot Declaration").

[10] Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re the Proposed Revised Notice Plan, dated August 14, 2024.

[11] The "Litigating Defendants" are: Cornell, Georgetown, MIT, Notre Dame, and Penn.

Litigation Class; identifies the Court-appointed class representatives and counsel for the Litigation Class; briefly summarizes the Plaintiffs' claims and Defendants' defenses; explains the rights and options of the members of the Litigation Class to either remain in or request exclusion from the Litigation Class; provides detailed instructions on how to request exclusion from the Litigation Class; and provides additional information on the litigation, the prior settlements, and how to obtain more information or whom to contact with questions.

As with the notice plans for the settlements, the Notice Plan will include both direct notice and a targeted media campaign using the same procedures as with the prior notices. *See, e.g.*, ECF No. 603-10 (January 23, 2024 Weisbrot Declaration describing in detail the direct notice and media campaign procedures). Angeion will use its curated list of contact information for members of the settlement classes, which it revised and updated, with information provided by class members and from other sources, over the course of the prior notice programs, to send the Summary Email Notice or Long Form Notice to members of the Litigation Class.[12] Angeion maintains a list of more than 397,000 email addresses that successfully delivered prior notices to settlement class members. For those individuals for whom Angeion either does not have an email address or received a "bounce back" in response to the earlier emailed summary notice (reflecting approximately 13,000 Litigation Class members), Angeion will direct a mailed Long Form Notice via first class mail. Angeion will also engage in a state-of-the-art media campaign designed to provide notice to Litigation Class members via internet notice, social media notice, and a paid search campaign. *See supra*. The proposed Notice Plan will, however, eschew issuing (and incurring the costs for) a press release in light of the considerable news coverage of the litigation.

---

[12] The Class Period for the Litigation Class is narrower than the class period used for the settlement classes and, therefore, Angeion's list of potential Litigation Class members will be over-inclusive.

This notice plan has been highly effective in this litigation. For example, as a result of the similar notice plan for the first ten settlements, Angeion received 78,197 claims from an estimated 262,000 members of the settlement classes, which represents a response rate of nearly 30 percent.[13] Following the review and audit of these claims, Angeion approved 74,721 claims, or 95.55% of the submitted claims. While the audit and review process for the Caltech and Johns Hopkins settlements (which involve a second set of notices and a separate claims procedure) is ongoing, Angeion estimates an additional approximately 8,400 claimants have submitted valid and timely claims and thus are able to participate in the distribution of the net settlement fund for the Caltech and Johns Hopkins settlements that did not participate in the claims process for the first ten settlements.[14] Added to the valid claims from the first ten settlements, there are a combined total of over approximately 83,000 valid claims that will be eligible for a distribution from the Caltech and Johns Hopkins settlements. Altogether, the high claims rate for the two sets of settlements—approximately 30% to 32%, respectively—is convincing evidence of the effectiveness of the proposed Notice Plan as the best notice practical given the circumstances of this litigation.[15]

---

[13] *See* Distribution Motion, at 4-5 (noting the Federal Trade Commission found the median claim submission rate for consumer class actions to be about 9%).

[14] Angeion received over 16,000 valid claims (over and above valid claims submitted for the first ten settlements) during the claim submission period for the Caltech and Johns Hopkins settlements. Angeion anticipates that slightly less than half are duplicative submissions by settlement class members who previously submitted a claim for the first ten settlements. Initially, settlement class members who submitted claims for the first ten settlements were directed to also submit a claim form to be included in the Caltech and Johns Hopkins settlements. *See, e.g.*, ECF No. 776-1, at 15 (Jan. 17, 2025) (preliminary approval motion for Caltech and Johns Hopkins settlements). However, to ease the administrative burden on both settlement class members and the Claims Administrator, class counsel recommended at final approval that those settlement class members who submitted valid claims for the first ten settlements automatically be included for the Caltech and Johns Hopkins settlements, which the Court approved in its final approval orders for the settlements. *See* ECF No. 884 ¶ 23 (June 27, 2025) (Caltech Settlement Final Approval Order) ("Settlement Class Members who have not excluded themselves from the Johns Hopkins Settlement and have already submitted valid and timely claim forms for prior settlements will automatically be considered claimants for the Johns Hopkins Settlement."); ECF No. 924 ¶ 23 (July 30, 2025) (Johns Hopkins Settlement Final Approval Order) (same).

[15] *Id.*

### III.    The Proposed Notice Schedule

Plaintiffs propose the following schedule for disseminating notice to the Litigation Class:

- No later than 30 days after the date of the order approving the proposed Notice Plan, Angeion shall begin the process of providing notice to the Litigation Class in accordance with the Notice Plan described herein;

- The date on which Angeion initiates emailing the Summary Email Notice is the "Notice Plan Initiation Date";

- The deadline for Litigation Class members to exclude themselves from the Litigation Class shall be 45 days after the Notice Plan Initiation Date (the "Opt-Out Deadline");[16] and

- The deadline for Plaintiffs to submit a declaration from Angeion confirming that the Notice Plan was executed per the Court's Order and setting forth the identities of those Litigation Class members, if any, who validly and timely opted out of the Litigation Class shall be 14 days after the Opt-Out Deadline.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to send the proposed notices to the members of the Litigation Class as set forth above, and approve the above proposed notice plan and schedule.

Dated: June 10, 2026                                  Respectfully submitted,

/s/ *Steven F. Molo*
Steven F. Molo
Lauren Dayton
Matthew E. Gold
**MoloLamken LLP**

---

[16] *See, e.g.*, *Charron v. Pinnacle Grp. N.Y. LLC*, 874 F. Supp. 2d 179, 193 (S.D.N.Y. 2012), *aff'd sub nom. Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013) ("Courts have held that opt out periods of less than 45 days satisfy due process, even where unsophisticated class members must make decisions regarding complex issues of law or fact."); *Hester v. Vision Airlines, Inc.*, No. 09-cv-00117-RLH, 2014 WL 3547643, at *6 (D. Nev. July 17, 2014) (using a 30 day opt out period); *In re Fedex Ground Package Sys., Inc., Emp. Pracs. Litig.*, No. 05-md-0527, 2008 WL 927654, at *5 (N.D. Ind. Apr. 4, 2008) (using a 45 day opt out period).

300 N. LaSalle Street
Chicago, IL 60654
Tel: (312) 450-6707
smolo@mololamken.com
ldayton@mololamken.com
mgold@mololamken.com

*Lead Class Counsel*


/s/ Eric L. Cramer

Eric L. Cramer
David A. Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
BERGER MONTAGUE PC
110 N. Wacker Drive
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

Robert E. Litan
BERGER MONTAGUE PC
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com

*Additional Class Co-Counsel*

/s/ Edward J. Normand

Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
FREEDMAN NORMAND
 FRIEDLAND LLP
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

Ivy Ngo
FREEDMAN NORMAND
 FRIEDLAND LLP
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

*Additional Class Co-Counsel*

8