**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| Plaintiffs, | |
| v. | Hon. Matthew F. Kennelly |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION
TO PROVIDE AGREED FORMS OF NOTICE TO THE
CERTIFIED LITIGATION CLASS**

Before the Court is Plaintiffs' Motion to Provide Agreed Forms of Notice to the Certified

Litigation Class (the "Motion"). On June 1, 2026, the Court certified the following Class (or

"Litigation Class"):

> All persons who have during the Class Period (a) enrolled in one or more of
> Defendants' full-time undergraduate programs, (b) received at least some need-based
> financial aid from one or more Defendants,[1] and (c) whose tuition, fees, room, or
> board to attend one or more of Defendants' full-time undergraduate programs was not
> fully covered by the combination of any types of grant or merit aid in any
> undergraduate year.[2] The Class Period is defined as follows:
>
> - For Brown, Dartmouth, Emory—from Fall Term 2004 through June 30, 2023.
>
> - For Chicago—from Fall Term 2003 through June 30, 2014.
>
> - For Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, and
>   Rice—from Fall Term 2003 through June 30, 2023.
>
> - For Penn—from Fall Term 2003 through June 30, 2019.
>
> - For Vanderbilt—from Fall Term 2003 through June 30, 2020.
>
> - For Yale—from Fall Term 2003 through June 30, 2007, and from Fall Term 2018
>   through June 30, 2023.
>
> - For Caltech—from Fall Term 2020 through June 30, 2023.
>
> - For Johns Hopkins—from Fall Term 2022 through June 30, 2023.
>
> Excluded from the Litigation Class are:
>
> - Any Officers[3] and/or Trustees of Defendants, or any current or former employees
>   holding any of the following positions: Assistant or Associate Vice Presidents or
>   Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and
>   Admissions offices, or any Deans or Vice Deans, or any employees in
>   Defendants' in-house legal offices;

---

[1] The Defendants are Brown University ("Brown"), California Institute of Technology "Caltech"), University of
Chicago ("Chicago"), Trustees of Columbia University in the City of New York ("Columbia"), Cornell University
("Cornell"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University
("Emory"), Georgetown University ("Georgetown"), Johns Hopkins University ("Johns Hopkins"), Massachusetts
Institute of Technology ("MIT"), Northwestern University ("Northwestern"), University of Notre Dame du Lac
("Notre Dame"), Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University ("Rice"),
Vanderbilt University ("Vanderbilt"), and Yale University ("Yale").

[2] For avoidance of doubt, the Litigation Class does not include those for whom the total cost of attendance, including
tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or
merit aid (not including loans) from one or more Defendants.

[3] For the avoidance of doubt, the Columbia University "Officers" excluded from the Litigation Class are members of
the Senior Administration of Columbia University, and do not include exempt employees of Columbia University
who are referred to as officers.

1

- Any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

- The Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

*See* ECF Nos. 1241, 1275; *see also* ECF No. 755-12, at 9-10 (Amended Expert Report of Hal J. Singer, Ph.D., dated May 28, 2024).

As directed by the Court, the parties met and conferred regarding the forms of notice and reached agreement as to the proposed text.

The Court has considered all the materials and arguments submitted in support of the Motion.

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), the Motion is GRANTED in its entirety.

2. Plaintiffs' Notice Plan, as described in the Motion, and the proposed forms of notice (*see* Exhibits A and B) are approved.

3. No later than 30 days after the date of this Order, the Court-appointed Claims Administrator, Angeion Group ("Angeion"),[4] shall begin the process of providing notice to the Litigation Class in accordance with the Notice Plan described in the Motion.

4. The date on which Angeion initiates emailing the Summary Email Notice (Exhibit A) shall be the "Notice Plan Initiation Date."

5. The deadline for members of the Litigation Class to exclude themselves from the

---

[4] See ECF Nos. 726 ¶ 18 (final judgment for the First Ten Settlements), 884 ¶ 18 (final judgment for the Caltech settlement), 924 ¶ 18 (final judgment for the Johns Hopkins settlement).

Litigation Class shall be 45 days after the Notice Plan Initiation Date (the "Opt-Out Deadline").

6. The deadline for Plaintiffs to submit a declaration from Angeion confirming that the Notice Plan was executed per the Court's Order and setting forth the identities of those Litigation Class members, if any, who validly and timely opted out of the Litigation Class shall be 14 days after the Opt-Out Deadline.

SO ORDERED this 12th day of June, 2026

_____
The Honorable Matthew F. Kennelly
United States District Judge

# EXHIBIT A

To:       Litigation Class Member Email Address
From:    Claims Administrator
Subject: Notice of Class Action – Litigation Class Certified in *Henry, et al. v. Brown University, et al.*

---

**Notice ID: <<Notice ID>>**

<u>**Notice of Class Action**</u>
<u>**Authorized by the U.S. District Court for the Northern District of Illinois**</u>

**If you were a student who received need-based financial aid that covered some but not all costs (tuition, fees, room & board) to attend Brown University, California Institute of Technology, University of Chicago, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, Rice University, Vanderbilt University, or Yale University (the "Defendant Universities" or "Defendants"), a class action lawsuit could affect your rights.**

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

This Notice is only a summary.
Please visit www.FinancialAidAntitrustSettlement.com for more information.

- The purpose of this notice is to alert you that on June 1, 2026, the Court determined that this antitrust lawsuit, called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125, which is pending in the United States District Court for the Northern District of Illinois (the "Action"), can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which rule governs class actions in federal courts. As part of its ruling certifying the Class, the Court appointed class representatives,[5] and ruled that the lawyers representing the Class are adequate Class Counsel.

- Your legal rights are affected whether you act or do not act, so please read this Notice carefully. This Notice explains the rights and options of members of the Litigation Class (defined below) in this class action lawsuit, including the important deadline to request exclusion from the Litigation Class.

- This Action was brought by certain students ("Plaintiffs") who attended certain of the Defendant Universities while receiving partial need-based financial aid. The Action alleges that the Defendant Universities conspired in violation of the federal antitrust laws regarding guidelines, principles, formulas, and methods for determining financial aid. The Action also alleges that as a result, the Defendant Universities provided less financial aid to Class

---

[5] The Class Representatives are: Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Brittany Tatiana Weaver, and Cameron Williams.

1

members than they would have provided otherwise. The Defendant Universities have asserted that Plaintiffs' claims are wrong; that they did not collude in violation of the antitrust laws; that the Defendant Universities' financial aid policies were legal and pro-competitive; that financial aid awards increased over time and were not artificially reduced by any alleged illegal collusion; that Plaintiffs and class members were not harmed by Defendant Universities' conduct; and that the Defendant Universities have valid defenses to Plaintiffs' allegations (including that they are not subject to suit under a federal law). Defendant Universities also argue that if the Plaintiffs recover money damages in this case, it would inhibit the ability of future generations of students to receive financial aid. Plaintiffs dispute Defendant Universities' defenses and assert that there is no reliable evidence demonstrating that a recovery for the class in this case would reduce financial aid going forward.

- The Court has not decided whether Plaintiffs' claims or Defendants' defenses are valid. Plaintiffs are seeking a jury trial to determine which side is correct on the facts; whether or not Defendants are liable for the alleged wrongdoing; and the amount of damages Defendants owe to the Class, if any.

## **Why am I receiving this notice?**

The Court authorized this Notice because you are entitled to know about your rights if you are member of the Litigation Class. You are in the Litigation Class if you meet the following definition:

- All persons who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of grant or merit aid in any undergraduate year.[6] The Class Period is defined as follows:

    o   For Brown, Dartmouth, Emory—from Fall Term 2004 through June 30, 2023.

    o   For Chicago—from Fall Term 2003 through June 30, 2014.

    o   For Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, and Rice—from Fall Term 2003 through June 30, 2023.

    o   For Penn—from Fall Term 2003 through June 30, 2019.

    o   For Vanderbilt—from Fall Term 2003 through June 30, 2020.

    o   For Yale—from Fall Term 2003 through June 30, 2007, and from Fall Term 2018 through June 30, 2023.

---

[6] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

- o  For Caltech—from Fall Term 2020 through June 30, 2023.

- o  For Johns Hopkins—from Fall Term 2022 through June 30, 2023.

- Excluded from the Litigation Class are:

  - o  Any Officers[7] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices;

  - o  Any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

  - o  The Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

## Who represents the Litigation Class?

The Court appointed the law firm MoloLamken LLP as Lead Class Counsel and it appointed the law firms Freedman Norman Friedland LLP and Berger Montague PC as additional Class Co-Counsel. Together, these firms are called Class Counsel. Other lawyers have also worked with Class Counsel to represent you in this case. If you stay in the Litigation Class, you do not need to hire your own lawyer to pursue the claims against the Litigating Defendants because Class Counsel has been appointed by the Court to act on behalf of the Litigation Class. However, if you want to be represented by your own lawyer, you may hire one at your own expense.

## What are the rights of Litigation Class members?

If you **Do Nothing**, you will remain in the Litigation Class. If you remain in the Litigation Class and Plaintiffs obtain money or other value against the Litigating Defendants from this Action—as a result of any ruling, trial, or any Court-approved settlement—you may receive a payment, if you are entitled to one. Keep in mind that if you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments involving the Litigating Defendants made in this class action and you will not be able to bring a separate lawsuit against any of the Litigating Defendants for the same legal claims that are the subject of this Action.

You also have the **Right to Exclude** yourself from the Litigation Class for any reason. This is the only way you can preserve any right you have to be part of another potential lawsuit that you or

---

[7] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

3

others might bring in the future seeking money from the Litigating Defendants for claims arising out of the facts alleged in this Action. You may also request exclusion if you do not agree with the allegations in the lawsuit. If you timely request exclusion (also referred to as "opt out"), you will no longer be part of the Litigation Class, you will not be bound by any decision in this Action against the Litigating Defendants, and you will not be able to share in any recovery that may come from a trial or settlement with the Litigating Defendants.

To exclude yourself, you must send a written "Request for Exclusion" to the Claims Administrator. To be valid, your Request for Exclusion must be **received by the Claims Administrator no later than <DATE>.** For more information concerning the opt out process, please visit the case website (www.FinancialAidAntitrustSettlement.com) or contact the Claims Administrator using the options listed at the end of this notice.

### How do I get more information?

For more detailed information about the Action, please refer to the case website: www.FinancialAid AntitrustSettlement.com. You may also call the Claims Administrator toll-free at 1-833-585-3338, or you may write the Claims Administrator at Financial Aid Antitrust Settlements, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Additionally, you may call or write to Class Counsel as indicated on the website.

**This notice is only a summary.**

**For more information, visit www.FinancialAidAntitrustSettlement.com or call toll-free 1-833-585-3338**

*Unsubscribe*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,

Defendants.

Case No.: 1:22-cv-00125

**Hon. Matthew F. Kennelly**

**<u>Notice of Class Action</u>**
**<u>Authorized by the U.S. District Court for the Northern District of Illinois</u>**

**If you were a student who received need-based financial aid to cover some but not all costs (tuition, fees, room, and/or board) to attend any of the following institutions: Brown University, California Institute of Technology, University of Chicago, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame, University of Pennsylvania, William Marsh Rice University, Vanderbilt University, or Yale University (the "Defendant Universities" or "Defendants"), a class action lawsuit could affect your rights.**

1

*A federal court directed this Notice. This is not a solicitation from a lawyer.*

- The purpose of this notice is to alert you that on June 1, 2026, the Court determined that this antitrust lawsuit, called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125, which is pending in the United States District Court for the Northern District of Illinois (the "Action"), can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which rule governs class actions in federal courts. As part of its ruling certifying the Class, the Court appointed class representatives,[8] and ruled that the lawyers representing the Class are adequate Class Counsel.

- The "Defendants" (also called "Defendant Universities") in this case have included the following institutions: Brown University ("Brown"), California Institute of Technology "Caltech"), University of Chicago ("Chicago"), Trustees of Columbia University in the City of New York ("Columbia"), Cornell University ("Cornell"), Trustees of Dartmouth College ("Dartmouth"), Duke University ("Duke"), Emory University ("Emory"), Georgetown University ("Georgetown"), Johns Hopkins University ("Johns Hopkins"), Massachusetts Institute of Technology ("MIT"), Northwestern University ("Northwestern"), University of Notre Dame du Lac ("Notre Dame"), Trustees of the University of Pennsylvania ("Penn"), William Marsh Rice University ("Rice"), Vanderbilt University ("Vanderbilt"), and Yale University ("Yale"). Plaintiffs have reached settlements with twelve of the Defendant Universities (the "Settling Defendants") (defined below). The Action continues against the following five Defendants who have not settled: Cornell, Georgetown, MIT, Notre Dame, and Penn (the "Litigating Defendants").

- The Court has not decided whether Plaintiffs' claims or Defendants' defenses are valid. Plaintiffs are seeking a jury trial to determine which side is correct on the facts; whether or not Defendants are liable for the alleged wrongdoing; and the amount of damages Defendants owe to the Class, if any. Defendant Universities oppose Plaintiffs' claims and assert that recovery in this case will limit financial aid for future recipients.

- The Court defined the "Class" or "Litigation Class" to include the following persons:

  o All persons who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate programs was not fully covered by the combination of any types of grant or merit aid in any undergraduate year.[9] The Class Period is defined as follows:

---

[8] The Class Representatives are: Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Brittany Tatiana Weaver, and Cameron Williams.

[9] For avoidance of doubt, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

2

- For Brown, Dartmouth, Emory—from Fall Term 2004 through June 30, 2023.

- For Chicago—from Fall Term 2003 through June 30, 2014.

- For Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, and Rice—from Fall Term 2003 through June 30, 2023.

- For Penn—from Fall Term 2003 through June 30, 2019.

- For Vanderbilt—from Fall Term 2003 through June 30, 2020.

- For Yale—from Fall Term 2003 through June 30, 2007, and from Fall Term 2018 through June 30, 2023.

- For Caltech—from Fall Term 2020 through June 30, 2023.

- For Johns Hopkins—from Fall Term 2022 through June 30, 2023.

o Excluded from the Litigation Class are:

- Any Officers[10] and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices;

- Any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

- The Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

The Court approved the following lawyers for the Litigation Class (referred to as "Class Counsel"):

---

[10] For the avoidance of doubt, the Columbia University "Officers" excluded from the Class are members of the Senior Administration of Columbia University, and do not include exempt employees of Columbia University who are referred to as officers.

**Lead Class Counsel:**

Steven F. Molo
**MoloLamken LLP**
300 N. LaSalle Street
Chicago, IL 60654
Phone: 1-312-450-6707
568Litigation@mololamken.com

**Additional Class Co-Counsel:**

Edward J. Normand
**Freedman Normand Friedland LLP**
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
tnormand@fnf.law

Eric L. Cramer
**Berger Montague PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: 1-215-875-3000
ecramer@bergermontague.com

- Your legal rights are affected whether you act or do not act, so please read this Notice carefully. This Notice explains the rights and options of members of the Litigation Class in this class action lawsuit, including the important deadline to request exclusion from the Litigation Class.

  o By **doing nothing**, you remain in the Litigation Class and may be entitled to share in any recovery that may come from a trial or settlement with Litigating Defendants. All of the Court's orders and judgments concerning the Litigating Defendants will apply to you and will legally bind you.

  o You may **request to be excluded** from the Litigation Class for any reason. This is the only way you can preserve any right you have to be part of another potential lawsuit that you or others might bring in the future seeking money from the Litigating Defendants for claims arising out of the facts alleged in this Action. You may also request exclusion if you do not agree with the allegations in the lawsuit. If you timely request exclusion (also referred to as "opt out"), you will no longer be part of the Litigation Class, you will not be bound by any decision in

4

this Action against the Litigating Defendants, and you will not be able to share in any recovery that may come from a trial or settlement with the Litigating Defendants.

- As background, Plaintiffs brought this Action on behalf of themselves and others who attended the Defendant Universities from 2003 through 2023 while receiving need-based financial aid. The Action alleges that the Defendant Universities conspired in violation of the federal antitrust laws regarding guidelines, principles, formulas, and methods for determining financial aid. The Action also alleges that as a result, the Defendant Universities provided less financial aid to Class members than they would have provided otherwise. The Defendant Universities have asserted that Plaintiffs' claims are wrong; that they did not collude in violation of the antitrust laws; that the Defendant Universities' financial aid policies were legal and pro-competitive; that financial aid awards increased over time and were not artificially reduced by any alleged illegal collusion; that Plaintiffs and class members were not harmed by Defendant Universities' conduct; and that the Defendant Universities have valid defenses to Plaintiffs' allegations (including that they are not subject to suit under a federal law). Defendant Universities also argue that if the Plaintiffs recover money damages in this case, it would inhibit the ability of future generations of students to receive financial aid. Plaintiffs dispute Defendant Universities' defenses and assert that there is no reliable evidence demonstrating that a recovery for the class in this case would reduce financial aid going forward.

- The Court has previously approved settlements with twelve Defendants (the "Settling Defendants"). These settlements are being managed on two separate administrative tracks. The first track concerns settlements with the following ten Defendants: Brown, Chicago, Columbia, Dartmouth, Duke, Emory, Northwestern, Rice, Vanderbilt, and Yale (referred to as the "First Ten Settlements"). The second track concerns settlements with the following two Defendants: Caltech and Johns Hopkins (referred to as the "Caltech/Johns Hopkins Settlements").

- In connection with these settlements, the Court certified for settlement purposes two settlement classes of students who attended the Defendant Universities (during the time periods set forth in the corresponding notices that were sent to the settlement class members).[11]

- Members of the certified settlement classes were eligible to participate in the prior settlements, which collectively provide a total settlement fund of $319,250,000 in aggregate payments by the twelve Settling Defendants.

- Notices were sent to the members of the certified settlement classes that provided an opportunity for members of the settlement classes to (i) request exclusion (or "opt out") from one or both settlement classes, (ii) submit a claim to participate in the settlements,

---

[11] Note that there are differences between the Class Periods for the Litigation Class and the settlement classes, which means that some members of the settlement classes may not be members of the Litigation Class.

and/or (iii) file an objection concerning the settlements. The deadlines for settlement class members to make these elections (opt out, file a claim, or object) have passed.

- For the First Ten Settlements, on March 9, 2026, Class Counsel filed a motion with the Court requesting authorization to send all eligible claimants their *pro rata* shares from the net settlement funds for the First Ten Settlements according to the Court-appointed allocation plan. You can review the motion on the <LINK: Important Documents> page on the website for the settlements. If the Court grants the motion, the Court-approved Claims Administrator (Angeion Group ("Angeion")) will begin issuing distribution payments as soon as reasonably possible.

- For the Caltech/Johns Hopkins Settlements, the Claims Administrator is completing the review and audit of claims submitted for these two settlements. As part of that audit process, the Claims Administrator will issue, where applicable, notices concerning deficient claims with an opportunity for those class members who receive a deficiency notice to provide any requested corrective information. At the end of this deficiency notice period, the Claims Administrator will complete the audit and then Class Counsel will file a motion with the Court requesting authorization to send all eligible claimants their *pro rata* shares from the net settlement funds for the Caltech/Johns Hopkins Settlements according to the Court-appointed allocation plan. NOTE: If you submitted a valid, timely claim as part of the First Ten Settlements, your claim will automatically be eligible to participate in the Caltech/Johns Hopkins Settlements.

- If you submitted a valid, timely claim as part of the Court-approved settlements, you will still be eligible to participate in those settlements even if you decide to request exclusion from the Litigation Class.

- Please check www.FinancialAidAntitrustSettlement.com for any updates relating to any of the Action, the Litigation Class, the settlements, or the settlement approval process.

**LEGAL RIGHTS AND OPTIONS**

**Your legal rights and options are summarized in this section. You may:**

**Exclude Yourself**: You may request to be excluded from the Litigation Class for any reason. This is the only way you can preserve any right you have to be part of another potential lawsuit that you or others might bring in the future seeking money from the Litigating Defendants for claims arising out of the facts alleged in this Action. You may also request exclusion if you do not agree with the allegations in the lawsuit. If you timely request exclusion (also referred to as "opt out"), you will no longer be part of the Litigation Class, you will not be bound by any decision in this Action against the Litigating Defendants, and you will not be able to share in any recovery that may come from a trial or settlement with the Litigating Defendants.

If you would like to opt out, your "Request for Exclusion" must be received by the Claims Administrator no later than **<DATE>**. *See* Question 9 for more information on requesting an exclusion.

**Deadline**: *See* Question 9 for more information about rights and options and the deadline to request exclusion from the Litigation Class.

**Do Nothing:** To remain in the Litigation Class, you need do nothing now. At a later time, you may be entitled to share in any recovery that may come from a trial or settlement with Litigating Defendants. All the Court's orders and judgments concerning the Litigating Defendants will apply to you and will legally bind you. *See* Question 6 for more information.

**Note about the prior Court-approved settlements**: Please be aware that if you did **NOT** request to be excluded from the certified settlement classes for either the First Ten Settlements or the Caltech/Johns Hopkins Settlements, then all the Court's orders and judgments concerning those settlements will apply to you and legally bind you. A decision to remain in or opt out from the Litigation Class will not impact your prior decision to remain in or opt out of the certified settlement classes for the First Ten Settlements or the Caltech/Johns Hopkins Settlements.

## BASIC INFORMATION

### 1.    **Purpose of this notice?**

This notice provides information about the class action lawsuit called *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125 (the "Action"), and the legal rights and options of the members of the Litigation Class. This notice explains the Action, the Litigation Class certified by the Court, and your legal rights with respect to the Litigation Class. The Honorable Matthew F. Kennelly in the United States District Court for the Northern District of Illinois is overseeing this Action.

The persons or entities who started this case are called the "Plaintiffs." The Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams.

The Court has determined that the Action should proceed as a class action for the claims against the Litigating Defendants and the Court certified a Litigation Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court has also approved Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Brittany Tatiana Weaver, and Cameron Williams to act as Class Representatives on behalf of the Litigation Class.

The universities that Plaintiffs sued in this Action are the "Defendants." Defendants are Brown University, California Institute of Technology, University of Chicago, Trustees of Columbia University in the City of New York, Cornell University, Trustees of Dartmouth College, Duke University, Emory University, Georgetown University, Johns Hopkins University, Massachusetts Institute of Technology, Northwestern University, University of Notre Dame du Lac, Trustees of the University of Pennsylvania, William Marsh Rice University, Vanderbilt University, and Yale University.

Please see Question 4 for information about the Litigation Class certified by the Court.

### 2.    **What is this lawsuit about?**

Plaintiffs allege that Defendants engaged in an anticompetitive conspiracy in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Specifically, Plaintiffs allege that Defendants conspired to

"fix" or otherwise limit the amount of financial aid students received, and thereby to artificially inflate the net prices that Class members paid to attend the Defendant Universities during certain time periods. Plaintiffs allege that Defendants conspired through an organization called the 568 Presidents Group, of which all of the Defendants were members during some or all of the time period at issue. Plaintiffs assert that Members of the 568 Presidents Group agreed to share competitively sensitive information regarding financial aid and financial aid principles and agreed to create and implement common principles used in calculating students' "financial need" that, Plaintiffs say, all schools participating in the alleged conspiracy agreed to adopt. Absent participation in this alleged conspiracy, Plaintiffs assert that Defendants would have competed with each other more vigorously to award more financial aid to Class members. Plaintiffs allege that Defendants' participation in the alleged conspiracy artificially reduced the amount of financial aid Class member students received.

Defendant Universities have asserted that Plaintiffs' claims are wrong; that they did not collude in violation of the antitrust laws; that the Defendant Universities' financial aid policies were legal and pro-competitive; that financial aid awards dramatically increased over time and were not artificially reduced by any alleged illegal collusion; that Plaintiffs and class members were not harmed by Defendants' conduct; and that the Universities have valid defenses to Plaintiffs' allegations (including that they are immune from suit under a federal law). Defendants also argue that if the Plaintiffs recover money damages in this case, it would inhibit the ability of future generations of students to receive financial aid. Plaintiffs dispute Defendant Universities' defenses and assert that there is no reliable evidence demonstrating that a recovery for the class in this case would reduce financial aid going forward.

You may obtain more information regarding the specific allegations of the Action by reviewing the Second Amended Complaint, which is available at www.FinancialAidAntitrustSettlement.com.

### 3.   **Why is this lawsuit a class action?**
In a class action, people or businesses sue not only for themselves but also on behalf of other people or businesses with similar legal claims and interests. Together all people or businesses with similar claims and interests may form a specifically defined class and are class members. In a class action lawsuit, one court resolves the issues for everyone in the class, except for those members of the class who exclude themselves (*i.e.*, "opt out") from the class.

### 4.   **Am I part of the Litigation Class?**
You are in the Litigation Class if you meet the following definition:

- o   All persons who have during the Class Period (a) enrolled in one or more of Defendants' full-time undergraduate programs, (b) received at least some need-based financial aid from one or more Defendants, and (c) whose tuition, fees, room, or board to attend one or more of Defendants' full-time undergraduate

8

programs was not fully covered by the combination of any types of grant or merit aid in any undergraduate year.[12] The Class Period is defined as follows:

- For Brown, Dartmouth, and Emory—from Fall Term 2004 through June 30, 2023.

- For Chicago—from Fall Term 2003 through June 30, 2014.

- For Columbia, Cornell, Duke, Georgetown, MIT, Northwestern, Notre Dame, and Rice—from Fall Term 2003 through June 30, 2023.

- For Penn—from Fall Term 2003 through June 30, 2019.

- For Vanderbilt—from Fall Term 2003 through June 30, 2020.

- For Yale—from Fall Term 2003 through June 30, 2007, and from Fall Term 2018 through June 30, 2023.

- For Caltech—from Fall Term 2020 through June 30, 2023.

- For Johns Hopkins—from Fall Term 2022 through June 30, 2023.

If you are not sure whether you are part of the Class, contact the Claims Administrator (Angeion) at:

Call the toll-free number: 1-833-585-3338

Visit: www.FinancialAidAntitrustSettlement.com

Write to: Financial Aid Antitrust Settlements, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Email: Info@FinancialAidAntitrustSettlement.com

Please contact the Claims Administrator with any questions instead of directing questions to your undergraduate institution or to the attorneys representing your undergraduate institution in this lawsuit.

### 5. Are there exceptions to being included in the Litigation Class?

Yes. Excluded from the Litigation Class are the following:

- Any Officers and/or Trustees of Defendants, or any current or former employees holding any of the following positions: Assistant or Associate Vice Presidents or Vice Provosts, Executive Directors, or Directors of Defendants' Financial Aid and Admissions offices, or any Deans or Vice Deans, or any employees in Defendants' in-house legal offices;

---

[12] To be very clear, the Class does not include those for whom the total cost of attendance, including tuition, fees, room, and board for each undergraduate academic year, was covered by any form of financial aid or merit aid (not including loans) from one or more Defendants.

9

- Any person who was not a U.S. citizen or permanent resident at the time such person attended a full-time undergraduate program and received at least some financial aid from one or more Defendants; and

- The Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

Also, those persons who fall within the Litigation Class definition (*see* Question 4 above) who validly and timely exclude themselves from the Litigation Class following the instructions set forth in this Notice (see Question 9 below) will be excluded from the Litigation Class.

**6.      What happens if I do nothing at all?**

If you do nothing, you will remain in the Litigation Class. If you remain in the Litigation Class and Plaintiffs obtain money or other value against the Litigating Defendants from this Action—as a result of any ruling, trial, or any Court-approved settlement—you may receive a payment, if you are entitled to one. Keep in mind that if you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments involving the Litigating Defendants made in this class action and you will not be able to bring a separate lawsuit against any of the Litigating Defendants for the same legal claims that are the subject of this Action.

**7.      I am still not sure if I am included in the Litigation Class.**

If you are still not sure whether you are included in the Litigation Class, please contact the Claims Administrator (Angeion) at:

Call the toll-free number: 1-833-585-3338

Visit: www.FinancialAidAntitrustSettlement.com

Write to: Financial Aid Antitrust Settlements, c/o Angeion/Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Email: Info@FinancialAidAntitrustSettlement.com

You may also contact the lawyers that have been appointed by the Court to represent the Litigation Class in this case at the telephone numbers or addresses listed in Question 10 below.

**EXCLUDING YOURSELF FROM THE LITIGATION CLASS**

**8.      What happens if I ask to be excluded?**

If you timely and validly exclude yourself (or "opt-out") from the Litigation Class, you will not receive any distribution that may result from a judgment or settlement against the Litigating Defendants. If you timely and validly exclude yourself, you will also not be legally bound by the Court's orders and judgments against the Litigating Defendants in this class action. You may sue or continue to sue the Litigating Defendants for the same legal claims that are the subject of this Action, now or in the future. If you choose to pursue your own lawsuit against the Litigating Defendants, you may hire a lawyer at your own expense to prove your alleged claims.

If you do not exclude yourself from the Litigation Class, you will keep the right to a share of any recovery that may come from a trial or settlement involving the Litigating Defendants. You will not be able to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Litigating Defendants about the legal issues in this case. All the Court's orders in the case involving the Litigating Defendants will apply to you and legally bind you. You will also be bound by any judgment involving the Litigating Defendants in the Action, whether against or in favor of the Litigating Defendants.

**9.     How do I exclude myself from the Litigation Class?**

If you are a member of the Litigation Class and do not want to remain in the Litigation Class, then you must take steps to exclude yourself from the Litigation Class. This is sometimes referred to as "opting out" of a class. The Court will exclude from the Litigation Class all members of the Litigation Class who submit valid and timely requests for exclusion.

If you exclude yourself, you will *not* be part of the Litigation Class, you will not be bound by any decision in this Action involving the Litigating Defendants, and you will not be able to share in any recovery that may come from a trial or settlement with the Litigating Defendants. However, this is the only way you will retain your rights to sue the Litigating Defendants on your own for claims arising out of the facts alleged in this Action.

You can exclude yourself by sending a written "Request for Exclusion" to the Claims Administrator. To be valid, your Request for Exclusion must be **received by the Claims Administrator no later than <DATE>** to:

**Claims Administrator**

Financial Aid Antitrust Settlements
Attn: Exclusion Request
P.O. Box 58220
Philadelphia, PA 19102

Your Request for Exclusion must: (i) be in writing by mail (you cannot exclude yourself by telephone or email); (ii) be signed by the person or entity holding the claim or by his, her or its authorized representative; (iii) state the full name, address, and phone number of the Defendant Universit(ies) you attended; (iv) include proof of membership in the Litigation Class; and (vi) include a signed statement that "I/we hereby request I/we be excluded from the Litigation Class in *Henry, et al. v. Brown University, et al.*, Case No. 1:22-cv-00125."

**IF YOU DO NOT EXCLUDE YOURSELF BY THE DEADLINE ABOVE, YOU WILL REMAIN PART OF THE LITIGATION CLASS AND BE BOUND BY THE ORDERS OF THE COURT INVOLVING THE LITIGATING DEFENDANTS IN THIS ACTION.**

11

## THE LAWYERS REPRESENTING YOU

**10.      Do I have a lawyer in this lawsuit?**

The Court has appointed the lawyers listed below to represent you. These lawyers are called Class Counsel. Other lawyers have also worked with Class Counsel to represent you in this case. Because you are a Class member, you do not have to pay any of these lawyers.

**Lead Class Counsel:**

Steven F. Molo
**MOLOLAMKEN LLP**
300 N. LaSalle Street
Chicago, IL 60654
Phone: 1-312-450-6707
568Litigation@mololamken.com

**Additional Class Co-Counsel:**

Edward J. Normand
**FREEDMAN NORMAND FRIEDLAND LLP**
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
tnormand@fnf.law

Eric L. Cramer
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: 1-215-875-3000
ecramer@bergermontague.net

If you have any questions about the notice or the Action, you can contact the above-listed Class Counsel.

**11.      Should I hire my own lawyer?**

You do not have to hire your own lawyer. But you can if you want to, at your own cost.

If you hire your own lawyer to appear in this case, you must tell the Court and send a copy of your notice to Class Counsel at any of the addresses above.

**12.      How will the lawyers for the Plaintiffs and Litigation Class be paid?**

If Class Counsel achieves a recovery for the Class against the Litigating Defendants by way of settlement or after winning at trial, the Court will be asked to approve reasonable attorneys' fees, as well as reimbursement of expenses Class Counsel have advanced on behalf of the Class. If the

Court grants Class Counsel's requests, fees and expenses would be deducted from any money obtained as a result of the trial or settlement.

## THE TRIAL

### 13. <u>How and when will the Court decide who is right?</u>

If the claims against the Litigating Defendants are not resolved by a settlement or otherwise, Class Counsel will seek to prove Plaintiffs' claims at a jury trial, currently scheduled for November 2026. There is no guarantee that Plaintiffs will win, or that they will recover any money for the Litigation Class from the Litigating Defendants. Any judgment involving the Litigating Defendants will be binding on all Litigation Class members who have not opted out, regardless of who wins.

### 14. <u>Do I have to come to the trial?</u>

No. You do not need to attend the trial unless you receive a valid request (such as a subpoena) to do so. Class Counsel will present the case for Plaintiffs and the Class, and counsel for the Litigating Defendants will present the defenses. You and/or your own lawyer are welcome to attend the trial at your own expense. If Plaintiffs obtain money or benefits against the Litigating Defendants as a result of the trial or settlement, and you have not opted out, you will be notified about how to participate. We do not know how long this process will take.

## GETTING MORE INFORMATION

### 15. <u>How do I get more information?</u>

This Notice explains the Action, the Litigation Class certified by the Court, and your legal rights. Because settlements were reached with some Defendants, there is already a dedicated website that provides more information about the Action, the Court-approved settlements, and your rights with respect to the certified Litigation Class concerning Plaintiffs' claims against the Litigating Defendants. The website address is: www.FinancialAidAntitrustSettlement.com. This website (also referred to as the "Settlement Website") also has the Second Amended Complaint and other documents relating to the Action and the settlements. To obtain more information you may visit the website, you may call the Claims Administrator toll-free at 1-833-585-3338, or you may write the Claims Administrator at Financial Aid Antitrust Settlements, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**