## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, Plaintiffs, v. BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, Defendants. | Case No.: 1:22-cv-00125 Hon. Matthew F. Kennelly |

## PLAINTIFFS' MOTION TO SEAL THEIR RESPONSE
## TO DEFENDANTS' MOTION TO CLARIFY

Pursuant to the Second Amended Confidentiality Order (Dkt. 608) ("Confidentiality Order"), this Court's Local Rule 26.2, and Your Honor's Case Procedures for the Filing of Documents Under Seal, the plaintiffs respectfully move for leave to file under seal their Response to Defendants' Motion to Clarify, which is being filed contemporaneously with this motion. As explained below, the plaintiffs' response quotes from or refers to certain documents that the defendants designated as confidential under the Confidentiality Order (or documents that contain information so designated) and that were previously filed under seal in this case. The plaintiffs

take no position on whether those documents continue to warrant sealing or whether any specific quotations from or references to them should be sealed.

1.      Under the Confidentiality Order, parties may designate documents as "CONFIDENTIAL" if they contain "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person; or (h) any document protected under the Family Educational Rights and Privacy Act ('FERPA'), including the application, financial aid, or educational records of any applicant, student, or former student." Confidentiality Order ¶2(a). Parties may designate documents as "ATTORNEYS' EYES ONLY" if they contain "highly sensitive trade secrets or other highly sensitive competitive or highly sensitive confidential information and disclosure to another party or third party would result in specific demonstrable harm to, or cause material harm to the legitimate interests of, the disclosing party." *Id.* ¶2(b).

2.      Plaintiffs' Response to Defendants' Motion to Clarify quotes from or refers to certain documents that the defendants designated as Confidential or Attorneys' Eyes Only under the Confidentiality Order (or documents that contain information so designated) and that were previously filed under seal in this case. Those documents include the following:

- CORNELL_LIT0000015955-57 (previously filed under seal at ECF 906-11);
- Rebuttal Expert Report of Hal J. Singer, Ph.D. (previously filed under seal at ECF 900-5); and
- CORNELL_LIT0000162302-06 (previously filed under seal at ECF 906-9).

3.      The plaintiffs take no position on whether the documents identified above continue to warrant sealing or whether any specific quotations from or references to them should be sealed.

4.      The plaintiffs are filing, along with this motion, a public-record version of their Response to Defendants' Motion to Clarify in which the text the plaintiffs propose placing under seal has been redacted.  L.R. 26.2(c)(1).  The plaintiffs are also provisionally filing under seal an unredacted version of their Response to Defendants' Motion to Clarify in which the proposed redactions have been highlighted in a visible color.  L.R. 26.2(c)(2).

*      *      *

For the foregoing reasons, the plaintiffs respectfully ask the Court for leave to file under seal their Response to Defendants' Motion to Clarify.

3

Dated: August 3, 2026

By: /s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
FREEDMAN NORMAND FRIEDLAND LLP
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

Ivy Ngo
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

*Class Counsel*

Respectfully submitted,

By: /s/ Steven F. Molo
Steven F. Molo
Eugene A. Sokoloff
Lauren Dayton
Matthew E. Gold
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60654
Tel: (312) 450-6707
smolo@mololamken.com
esokoloff@mololamken.com
ldayton@mololamken.com
mgold@mololamken.com

*Lead Class Counsel*

By: /s/ Eric L. Cramer
Eric L. Cramer
David A. Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
BERGER MONTAGUE PC
110 N. Wacker Drive
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

Robert E. Litan
BERGER MONTAGUE PC
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com

*Class Counsel*