BC

FILED
8/24/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EK

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HENRY, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BROWN UNIVERSITY, et al.,

Defendants.

**Case No. 1:22-cv-00125**

Hon. Matthew F. Kennelly

---

**MOTION OF KRISTINA STALLINGS, SETTLEMENT CLASS MEMBER, FOR LEAVE TO SUBMIT A LATE CLAIM**

---

Kristina Stallings ("Movant"), a member of the Settlement Class in this action appearing pro se, respectfully moves this Court for leave to submit a single late claim in connection with the Emory University settlement. Movant satisfies every substantive eligibility requirement of the Settlement Class and seeks no relief other than permission to file the claim form she was eligible to file. In support of this motion, Movant states as follows:

## BACKGROUND

1. Movant is a former Emory University undergraduate who was enrolled full time and received need-based financial aid during the applicable class period, and whose cost of attendance was not fully covered by institutional aid. Movant is a member of the Settlement Class as certified by this Court.

2. Movant did not submit a claim form before the claims deadline. Movant states the following facts bearing on why.

3. Movant was individually identifiable to the settling defendant. Emory University maintained Movant's full legal name, mailing address, telephone number, and electronic mail address in its financial aid records, having collected that information from Movant as a condition of awarding the very aid that forms the basis of class membership.

4. Notwithstanding that identifiability, Movant received a total of two electronic mail communications regarding this litigation across its multi-year pendency. Movant received no notice by first-class mail at any point. Movant received no reminder communication in the interval between the two emails.

5. Neither communication conveyed with reasonable clarity that submission of a separate claim form by a date certain was a precondition to receiving any monetary recovery, as distinguished from the automatic distributions employed in other settlements of which class members may be aware. The first communication Movant received that clearly and unambiguously addressed the claim requirement was the notice advising that the deadline had passed.

6. Movant acted immediately upon learning of the defect. On July 12, 2026, Movant contacted the Settlement Administrator regarding the claim. That contact preceded the issuance of electronic payments on July 20, 2026 and preceded the mailing of settlement checks on July 28, 2026. Movant received an automated denial and no individualized response. On August 12, 2026, a representative of the Settlement Administrator confirmed to Movant by telephone that late claims are not being accepted and that the Administrator lacks authority to accept one.

7. On July 27, 2026, Movant transmitted a written request to co-class counsel of record, setting out the foregoing facts and requesting that a good-cause late claim be permitted. Movant followed up by telephone and electronic mail on August 7, 2026, and August 12, 2026. On August 18, 2026, Movant sent a further written request to lead class counsel by Priority Mail Express and electronic mail, which was delivered on August 19, 2026. As of the date of this filing, Movant has received no response from any class counsel.

8. Movant brings this motion only after those efforts were exhausted, and does not ask this Court to resolve in the first instance a matter that could have been resolved administratively.

## LEGAL STANDARD

9. This Court retains continuing jurisdiction over the administration and distribution of the settlement funds it approved under Federal Rule of Civil Procedure 23(e), including authority to permit a late claim where good cause is shown.

10. Whether to excuse an untimely filing is governed by the equitable standard articulated in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), under which a court weighs the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith.

11. Rule 23(c)(2)(B) requires the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. See *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77 (1974); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950) (notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections).

## ARGUMENT

12. **The reason for the delay was not within Movant's reasonable control.** Two emails over a multi-year period, without mailed notice to an identifiable claimant, is not notice reasonably calculated to prompt action. The delay is attributable to the notice Movant received rather than to inattention.

13. **The delay is short and its procedural impact is negligible.** Movant raised the issue with the Settlement Administrator before any funds were disbursed. Granting leave requires no alteration of the settlement terms, no additional notice program, no reopening of the claims period generally, and no further proceedings of any kind.

14. **There is no danger of prejudice, and the requested relief is consistent with the settlement's own terms.** Movant seeks recovery only from funds that remain undistributed, and takes nothing from any timely claimant. The settlement provides that if the balance

remaining from uncashed checks and returned payments becomes too small to distribute to class members efficiently or economically — that is, where administrative expenses would consume most of the funds — Class Counsel must apply to this Court for a cy pres distribution to non-profit organizations promoting access to higher education for disadvantaged students. By its terms, that provision treats charitable disposition as a last resort, available only once distribution to class members is no longer economical. A single verified claim does not implicate that condition. If the remaining balance is sufficient to distribute, payment to an eligible class member is precisely what the settlement contemplates; if it is not, the marginal administrative cost of processing one already-verified claimant is negligible. In either circumstance, recovery by an eligible Settlement Class member advances rather than impairs the purpose for which the fund was created.

15. **The consequences of exclusion extend beyond the present distribution.** The First Distribution of the Net Settlement Fund, approved July 2, 2026, encompassed the settlements of ten defendants. The settlements of two further defendants, California Institute of Technology and Johns Hopkins University, have been finally approved but not yet distributed, and all Settlement Class Members may recover from any settlement regardless of the university attended. Trial against the five non-settling defendants is scheduled to begin in November 2026, and any recovery obtained would likewise benefit the same Settlement Class. Should any subsequent distribution be made to persons on the existing claimant roll rather than through a new claims period, the absence of a claim on file would exclude Movant not only from the present distribution but from each distribution that follows — permanently, and by reason of a notice failure rather than any question of eligibility. Prompt resolution of this motion, before any subsequent distribution is administered, would avoid that compounding consequence at no cost to the class.

16. **Movant has acted in good faith throughout.** Movant contacted the Settlement Administrator before distribution, wrote to class counsel promptly thereafter, followed up on multiple occasions including by Priority Mail Express to lead class counsel, and files this motion only after receiving no response. Movant makes no allegation of bad faith by class counsel or the Settlement Administrator and seeks no finding adverse to either.

17. **The relief sought is narrow and self-limiting.** Movant does not ask the Court to reopen the claims process, to find the notice program inadequate as a general matter, or to grant relief to any person other than Movant. Any order granting this motion may be limited on its face to Movant and conditioned on verification of eligibility by the Settlement Administrator.

**RELIEF REQUESTED**

WHEREFORE, Movant respectfully requests that this Court enter an order (a) granting Movant leave to submit a late claim in connection with the Emory University settlement within a period the Court deems appropriate; (b) directing the Settlement Administrator to accept and process that claim subject to verification of eligibility on the same terms applied to timely claims; and (c) granting such other relief as the Court deems just.

In accordance with the Court's case procedures, Movant will additionally submit the proposed order in Microsoft Word format to Proposed_Order_Kennelly@ilnd.uscourts.gov promptly upon docketing of this motion, with the case number, case name, and docket number of this motion in the subject line, and with all counsel of record for the Settlement Class copied.

Dated: August 24, 2026

Respectfully submitted,

Kristina Stallings
Settlement Class Member, Pro Se
1925 Chestnut Street #B20
Philadelphia PA 19103
4046189633
kris.stallings@alumni.emory.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I caused a true and correct copy of the foregoing Motion for Leave to Submit a Late Claim, together with the exhibits thereto, to be served upon counsel of record for the Settlement Class by electronic mail and upon lead class counsel by first-class mail, postage prepaid, at the addresses listed below, and upon the Settlement Administrator by electronic mail.

Edward J. Normand
**Freedman Normand Friedland LLP**
99 Park Avenue
Suite 1910
New York, NY 10016
Telephone: 1-646-970-7513
tnormand@fnf.law

Robert D. Gilbert
**Gilbert Litigators & Counselors, P.C.**
11 Broadway, Suite 615
New York, NY 10004
Telephone: 1-646-448-5269
rgilbert@gilbertlitigators.com

Eric L. Cramer
**Berger Montague PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 1-215-875-3000
ecramer@bm.net

**Steven F. Molo**
**MoloLamken LLP**
**300 N. LaSalle Street**
**Chicago, IL 60654**
**[ADDRESS USED FOR AUG 18 SERVICE]**

Kristina Stallings

**INDEX OF EXHIBITS**

Exhibit A Notice received March 29,2024

Exhibit B Notice received September 25, 2025

Exhibit C Correspondence with Settlement Administrator dated July 12, 2026, and response

Exhibit D Letter to class counsel dated July 27, 2026

Exhibit E Record of follow-up communications, August 7, 2026, August 12, 2026, August 19,2026