**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DULAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | **Case No. 1:22-cv-00125**<br><br>**Hon. Matthew F. Kennelly** |

**ORDER GOVERNING DISCLOSURE IN TRIAL AND TRIAL-RELATED MOTION PRACTICE OF MATERIAL DESIGNATED AS CONFIDENTIAL OR AEO UNDER THE SECOND AMENDED CONFIDENTIALITY ORDER**

Defendants request that the Court enter the following Order:

1. **Scope and Effect.** This Order applies to Plaintiffs, Defendants who have not entered into settlement agreements ("Litigating Defendants"), and Defendants who have entered into such agreements ("Settling Defendants"). The provisions of this Order regarding the use of

materials designated as Confidential or Attorneys' Eyes Only ("AEO") in trial-related motion practice and in trial supersede the Second Amended Confidentiality Order ("SACO") ¶¶10 and 12.

2. **Identifying Confidential Exhibits and Deposition Testimony for Trial.** The parties shall meet and confer regarding the exhibits and deposition testimony expected to be used at trial:

A. By August 31, 2026, Plaintiffs will notify all Settling Defendants and other non-Litigating Defendants Designating Parties of the exhibits and deposition testimony produced by those parties that is listed in their draft August 24, 2026 Pretrial Order.

B. By September 11, 2026, Litigating Defendants will notify all Settling Defendants and other non-Litigating Defendants Designating Parties of the exhibits and deposition testimony produced by those parties that is listed in their draft September 4, 2026 Pretrial Order.

C. By September 16, 2026, all Designating Parties will identify to Plaintiffs and Litigating Defendants any exhibits or deposition testimony included in the Pretrial Order drafts that they believe requires potential sealing of the courtroom, redaction, or other specialized treatment during trial. By October 7, 2026, Plaintiffs, the Litigating Defendants, and any other Designating Party shall meet and confer regarding any materials that a Designating Party maintains requires redaction, potential sealing of the courtroom, or other specialized treatment during trial.

D. Between August 31, 2026 and October 7, 2026, the parties will promptly notify each other and the Settling Defendants as necessary to the extent they add or remove any document or deposition testimony from the pretrial order.

E. By October 15, 2026, the parties shall submit a joint status report with their respective positions on documents or deposition testimony included in the October 13, 2026 final

pretrial order that any Designating Party contends requires redaction, potential sealing of the courtroom, or other specialized treatment during trial.

3. **Filing of Exhibits and Testimony Addressed by the Court.** Materials that are presented to the Court in the October 15, 2026 status report ("Addressed Materials") will be filed, sealed, redacted, or otherwise protected in the manner determined by the Court for any future trial-related motion, including any briefs, exhibits, documents, testimony, or other materials filed or presented in support of or in opposition to such motion.

4. **Filing of Unaddressed Exhibits and Testimony.** Materials that do not appear in the Final Pretrial Order that (1) have been designated as Confidential or AEO under the SACO, ECF 608 and (2) fall within the categories described on Exhibit A to this Order ("Unaddressed Materials"), and are filed in connection with a trial-related motion, including any briefs, exhibits, documents, testimony, or other materials filed or presented in support of or in opposition to such motion shall be filed provisionally under seal unless an identical copy of such document has previously been filed publicly in this case. Within 4 days after the filing of a trial-related motion or brief in support, opposition, or reply thereto, the parties shall meet and confer to determine whether any disputes exist regarding the sealing of Unaddressed Materials that the filing party has filed provisionally under seal. If disputes remain as to the status of Unaddressed Materials after this meet and confer, within 7 days after any Unaddressed Materials related to a trial-related motion have been filed provisionally under seal, the parties shall submit a joint status report of no longer than three pages describing the nature of the dispute for the Court to resolve.

5. **Use of Confidential or AEO Information in a Court Hearing.** In any Court hearing on any trial-related motion, any Addressed Materials that have been filed under seal pursuant to this Order or pursuant to subsequent orders by the Court shall not be presented orally

to the Court except in a sealed hearing, unless the Court approves a different procedure. For any Unaddressed Materials, the parties will meet and confer with the Litigating Defendants as soon as possible and raise with the Court, at the first opportunity, any disputes regarding the treatment of those materials.

6. **Application of this Order to Settling Defendants.** Nothing in this Order amends, voids, or overrides any provision in any settlement agreement or stipulation between Plaintiffs and any Settling Defendant in this Action. Plaintiffs will comply with their obligations under any such settlement agreement or stipulation, and nothing precludes any Defendant from seeking to enforce a provision of such a settlement agreement or stipulation, including any provision specifically precluding the introduction of certain evidence pertaining to that Defendant.

**SO ORDERED.**

Dated: _______

___________________________________
Hon. Matthew F. Kennelly

# **EXHIBIT A**

Documents or testimony designated as Confidential or AEO under the Second Amended Confidentiality Order, ECF 608, may be filed under seal and/or redacted only with respect to the following categories of information:

1. Documents that must be filed under seal pursuant to the Amended Special Protective Order, ECF 657.

2. Information prohibited from disclosure under the Family Educational Rights and Privacy Act ("FERPA") or by the Court's orders protecting similar information, except that information may not be sealed under this Paragraph if the names and other personally identifying information of the affected student or applicant has been or can be replaced by UIDs or redacted in a manner that does not permit the affected student or applicant to be identified.

3. Trade Secrets, including non-public and competitively sensitive information about a Defendant's endowment, investments, budget, plans, and processes. For the avoidance of doubt, materials that are older than four years are not considered trade secrets unless the information they contain remains current.

4. Other information approved by the Court or as to which, upon motion to the Court made pursuant to this Order, the Designating Party demonstrates that disclosure to the public would cause specific demonstrable harm to the Designating Party or a third party that outweighs the public's interest in disclosure.