**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' RESPONSE TO MOTION OF KRISTINA STALLINGS, SETTLEMENT CLASS MEMBER, FOR LEAVE TO SUBMIT A LATE CLAIM**

Plaintiffs Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Brittany Tatiana Weaver, and Cameron Williams respectfully submit this response to the August 24, 2026 Motion of Kristina Stallings, Settlement Class Member, For Leave to Submit a Late Claim. *See* Dkt. 1317. The motion should be denied.

Ms. Stallings seeks leave to file a late claim "in connection with the Emory University settlement," and an order directing the Claims Administrator to accept and process her claim. Motion at 5 (Relief Requested). She states that she is "a member of the Settlement Class certified by the Court." *See* Motion ¶ 1. While not expressly stated, Ms. Stallings apparently seeks to have her late claim included with the First Ten Settlements,[1] which would also automatically include her claim in the California Institute of Technology ("Caltech") and the Johns Hopkins University ("Johns Hopkins") settlements.[2] Ms. Stallings admits that she received two "electronic mail communications regarding this litigation." *Id.* ¶ 4. She does not describe the two communications in her Motion, nor are they attached to the docketed Motion, but her "Index of Exhibits" identifies a "Notice received March 29, 2024" and a "Notice received September 25, 2025." Ms. Stallings further admits that she failed to "submit a claim form before the claims deadline." *Id.* ¶ 2.

Ms. Stallings's requested relief is inconsistent with the process approved by the Court. Granting the motion would prejudice the tens of thousands of class members who submitted timely

[1] The settling Defendants for the First Ten Settlements are: Brown University, University of Chicago, The Trustees of Columbia University in the City of New York, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, Vanderbilt University, and Yale University.

[2] The twelve settlements in this case are being administered on two separate tracks. One track administers the First Ten Settlements, where distributions to claimants are being made pursuant to this Court's order. Dkt. 1287 (Order Granting Plaintiffs' Motion To Approve the First Distribution). The claim submission and distribution process for the Caltech and Johns Hopkins settlements is proceeding on a separate track. The proposed distribution for those settlements will be the subject of a separate motion when the Claims Administrator has completed its review.

claims, and the thousands whose untimely claims have been rejected. It would also invite a flood of additional untimely submissions that would disrupt the process this Court ordered.

The Court-approved settlement agreements were designed to facilitate the orderly distribution of settlement proceeds. Those settlements require pro rata distribution. Dkt. 726 at 11, ¶22 (First Ten Settlements); Dkt. 884 at 11, ¶22 (Caltech settlement); Dkt. 924 at 10, ¶22 (Johns Hopkins settlement); Dkt. 603-9 at 4-6 (Revised Plan of Allocation). The claim submission deadlines were April 3, 2025 (First Ten Settlements), and December 27, 2025 (Caltech and Johns Hopkins). Dkt. 825 at 3; Dkt. 924 ¶23. In advance of the deadlines, the Claims Administrator sent two Court-approved notices of the claim process via email to class members, including Ms. Stallings. *See* Exhibit A (template dated March 27, 2024); Exhibit B (template dated September 23, 2025 notice). Both notices (i) identify the settlements, (ii) explain how to submit a claim form, and (iii) provide several methods a class member could use to contact the Claims Administrator for more information or to request assistance, including a link to the settlement website, a toll free phone number, and an email address. *See* Exhibit A at 1, 3-4; Exhibit B at 1, 3. The September 2025 notice includes the deadline to submit a claim form in bold. Exhibit B at 3.

Granting Ms. Stallings's motion would be unfair to the other class members. More than 74,000 class members filed timely, valid claims for the First Ten Settlements, and an estimated 8,400 class members filed additional timely, valid claims for the Caltech and Johns Hopkins settlements—over 83,000 total timely claims. Dkt. 1280 at 6. Distribution of the First Ten Settlement claims is already underway. *See* Dkt. 1287. The Claims Administrator issued the first wave of electronic payments on July 20, 2026, and mailed checks on July 28, 2026.[3] To date, over

---

[3] For those claimants whose electronic payments failed to process (*e.g.*, due to incorrect account information), the Claims Administrator is soliciting updated electronic payment instructions for a

96% of the First Ten Settlements payments have cleared or been cashed. For the Caltech and Johns Hopkins settlements, the Claims Administrator has nearly finished auditing approximately 16,000 additional claims. Dkt. 1280 at 6 & n.14. The Claims Administrator has already issued rejection notices to class members who failed to provide necessary information or filed the claim form late. It would be unfair to those class members, and those who submitted the 3,470 late claims for the First Ten Settlements that were rejected, to allow Ms. Stallings to recover when others were not permitted to. *See* Dkt. 1233 at 6 (affirming rejection of late claims for the First Ten Settlements).

Ms. Stallings complains that her delay was the result of insufficient notice. But she concedes that she received two email notices. Motion ¶4 & p. 6-7. The Court approved the form of notice. Dkt. 638 ¶¶ 16-17; Exhibit A; Exhibit B. That objection does not amount to special circumstances. But even if Ms. Stallings had not received the notices, her request to allow a late claim would still fail because Rule 23 does not require that every class member receive notice. *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 968 (N.D. Ill. 2011) (collecting cases).[4]

Excusing Ms. Stallings's failure without any showing of special circumstances would invite a flood of similar motions. A race to submit late claims would deplete the modest reserve funds, Dkt. 1287 ¶2(l), and leave many similarly situated class members without a recovery. For that reason, Ms. Stallings's contention that allowing her to submit a late claim presents "no danger

---

second wave of electronic payments to be made on or about September 14, 2026. The Claims Administrator will send a check to those claimants whose second electronic payment fails or who do not provide updated electronic payment instructions.

[4] *See also Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, 144 (N.D. Ill. 2010) ("Direct notice is indeed ideal, but the requirement of 'personal notice' does not mean that each individual who is potentially a member of the class must receive actual notice of the class action."); *Medina v. Mfr.'s & Traders Tr. Co.*, No. 04-cv-2175, 2004 WL 3119019, at *3 (N.D. Ill. Dec. 14, 2004) (Rule 23 notice "can be satisfied even though a particular class member never receives actual notice").

of prejudice," Motion ¶ 14, is incorrect. Ms. Stallings is not the first member of the class to seek to file a late claim. There is no basis to treat Ms. Stallings differently than the thousands of other late claimants. The Court should enforce the deadlines.

Finally, Ms. Stallings contends that her failure to submit a claim for the current settlements would bar her from participating in future settlements or judgments involving the remaining Defendants. *See* Motion ¶ 15. That is incorrect. Any future settlement or judgment will provide a fresh opportunity to submit a claim.

## CONCLUSION

The Court should deny Ms. Stallings's motion.

Dated: September 4, 2026

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo
Lauren F. Dayton
Matthew E. Gold
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60654
Tel: (312) 450-6707
smolo@mololamken.com
ldayton@mololamken.com
mgold@mololamken.com

*Lead Class Counsel*

/s/ Eric L. Cramer
Eric L. Cramer
David A. Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
BERGER MONTAGUE PC
110 N. Wacker Drive
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

Robert E. Litan
BERGER MONTAGUE PC
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com

*Additional Class Co-Counsel*

/s/ Edward J. Normand
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
FREEDMAN NORMAND FRIEDLAND LLP
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

Ivy Ngo
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

*Additional Class Co-Counsel*