**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>Defendants. | Case No. 1:22-cv-00125<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' RESPONSE TO CLASS MEMBER SUBMISSIONS CONCERNING THE CLAIMS ADMINISTRATOR'S AUDIT DETERMINATIONS FOR THE CALTECH AND JOHNS HOPKINS SETTLEMENTS**

In accordance with the Court's September 18, 2026 Minute Order (ECF No. 1334), Plaintiffs[1] hereby respond to twelve submissions filed on the docket by Settlement Class Members concerning the claim submission process for the settlements with Defendants California Institute of Technology ("Caltech") and Johns Hopkins University ("Johns Hopkins"). Of these, nine Settlement Class Members appeal the Claims Administrator's[2] decision to reject their claims due to the failure to cure deficiencies with their respective claims and three Settlement Class Members request the Court's permission to submit a late claim. Plaintiffs respectfully submit that the Court should: (i) uphold Angeion's determination to include seven claims in the forthcoming distribution of the Net Settlement Fund for the Caltech and Johns Hopkins settlements because the Settlement Class Members cured the deficiencies with their respective claims; (ii) deny two appeals for failure to cure the deficiencies; and (iii) deny three Settlement Class Members' requests to file a late claim.

## I. Background on the Audit of Claims Submitted for the Caltech and Johns Hopkins Settlements

Since the December 27, 2025 deadline for filing claims, Angeion has been diligently processing claims submitted by Settlement Class Members for the Caltech and Johns Hopkins settlements. This review and audit occurred in tandem with Angeion's work on the initial distribution for the First Ten Settlements, which is managed on a parallel track.

Angeion received 9,125 additional claims of which it determined that 8,344 (which includes seven claims discussed in the next section) are valid, timely claims for the Caltech and

---

[1] The Plaintiffs are Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Brittany Tatiana Weaver, and Cameron William.

[2] The Court appointed Angeion Group LLC ("Angeion") as the Claims Administrator. *See* ECF No. 726 ¶18.

Johns Hopkins settlements.[3] *See* Declaration of Taylor Adessa of Angeion Group LLC re the Status of Claims Processing ("Adessa Decl."), ¶¶ 3, 15 (filed at Exhibit 1 to this response).

On June 3, 2026, Angeion issued deficiency notices to 621 Settlement Class Members. *Id.* ¶5. These individuals were asked to provide additional information to cure the identified deficiencies no later than July 3, 2026 or their claim would be rejected. *See id.* Angeion reviewed the responses as they were received and updated each claim as appropriate. *See id.* ¶7. On August 31, 2026, Angeion issued rejection notices to 502 Claimants who either failed to cure the deficiencies with their claims or who had submitted late claims. *Id.* ¶8. Any Settlement Class Member whose claim was rejected had until September 21, 2026 to file an appeal of that determination. *Id.*

To date, nine Settlement Class Members[4] filed appeals of the rejection of their claims for failure to cure and three Settlement Class Members[5] submitted requests seeking permission to submit a late claim. *Id.* ¶¶10-14.

## II. Class Counsel's Recommendations Concerning the Twelve Class Members' Submissions

Class Counsel respectfully recommend: (i) the Court find seven claims to be valid and eligible for the distribution of the Net Settlement Fund for the Caltech and Johns Hopkins settlements because these Settlement Class Members have cured the deficiencies with their claims; (ii) the Court deny two appeals for failure to cure the deficiencies; and (iii) the Court

[3] The 74,727 claims approved for the First Ten Settlements are automatically included for the Caltech and Johns Hopkins settlements. *See* ECF Nos. 884 ¶23, 924 ¶23. Altogether, there are more than 83,000 claims eligible for the distribution of the Net Settlement Fund in the Caltech and Johns Hopkins settlements. *See* Adessa Decl. ¶15 (indicating more than 8,300 additional valid claims filed with the Caltech and Johns Hopkins settlements). A final number will be provided with Angeion's report in connection with the forthcoming motion to distribute.
[4] *See* ECF Nos. 1330-32, 1336-37, 1339-42.
[5] *See* ECF Nos. 1328, 1343-44.

deny the request by three Settlement Class Members to submit a late claim.

The following seven Settlement Class Members appealed the rejection of their claims due to the failure to cure the deficiencies identified by Angeion by the deadline set forth in the deficiency notice:

- Richard Kaminski (ECF No. 1330)
- Minsoo Kim (ECF No. 1332)
- Luke Gil (ECF No. 1336)
- Elaine Li (ECF No. 1339)
- Andrew Stern (ECF No. 1340)
- Allison Williams (ECF No. 1341)
- Amy Li (ECF No. 1342)

Each of these appellants asserted that they had not received the deficiency notice with sufficient time to respond. Notwithstanding the failure to timely respond, Angeion reached out to these Settlement Class Members asking them to provide the information needed to cure the deficiencies for their otherwise timely filed claims. The individuals have since cured their claims and Angeion has determined that all seven claims are valid. *See id.* ¶10. Accordingly, Class Counsel recommend that the seven claims identified above be included for the *pro rata* distribution, pursuant to the Court-approved Plan of Allocation (ECF No. 776-5), of the Net Settlement Fund for the Caltech and Johns Hopkins settlements.

Two Settlement Class Members who appealed the rejection of their claims have failed to provide additional information to cure the claims. Skylar Lanning (ECF No. 1337) unfortunately is unable to provide the information needed to validate her claim. *See* Adessa Decl. ¶12 (Angeion followed up with Ms. Lanning who stated that she could not locate any records necessary to support her claim). Class Counsel regretfully recommend that Ms. Lanning's appeal be denied for inability to validate her claim. Angeion has also reached out to Israel Gomez (ECF No. 1331) on multiple occasions, but he has not responded to provide the information needed to

cure his claim. *See id.* ¶13. Accordingly, Class Counsel recommend that Mr. Gomez's appeal also be denied.

The following three Settlement Class Members request that the Court allow them to submit a late claim: (i) Jenna Pickering (ECF No. 1328); (ii) Yunqing Chen (ECF No. 1343); and (iii) Caitlyn Schneeman (ECF No. 1344).[6] Two individuals assert they did not receive direct notice of the claim submission deadline. *See* Pickering Motion ¶4 ("Ms. Pickering did not, to her knowledge, receive direct notice of the settlement, a Claim Form, or notice informing her that she was required to submit a Claim Form by a particular deadline in order to receive a settlement distribution."); Ms. Chen's letter, at 1 (stating the "notice emails had been sent to an old, unmonitored email account I had not accessed due to ongoing unwanted communications being directed to that account"). The third, Ms. Schneeman, states there was a "significant delay" before she received the notice. *See* Ms. Schneeman's letter, at 1 ("The settlement notice was sent to my former home address in Minnesota, where my parents still reside, rather than to my current address. As a result, there was a significant delay before the notice was forwarded to me and I became aware of the opportunity to submit a claim.").

In all three cases, neither an absence nor a delay in receipt of a direct notice excuses missing the claim submission deadline because Rule 23 does not require that every class member receive notice. *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 968 (N.D. Ill. 2011) (collecting cases).[7] Because none of the three Settlement Class Members can

[6] Ms. Pickering submitted a motion for leave to file a late claim (she did not technically file an appeal), while Ms. Chen and Ms. Schneeman filed letters appealing the rejection of their claims because they were submitted late.

[7] *See also Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, 144 (N.D. Ill. 2010) ("Direct notice is indeed ideal, but the requirement of 'personal notice' does not mean that each individual who is potentially a member of the class must receive actual notice of the class action."); *Medina v. Mfr.'s & Traders Tr. Co.*, No. 04-cv-2175, 2004 WL 3119019, at *3 (N.D.

identify any special circumstances for missing the deadline, their requests to submit a late claim must be denied.

## III. Conclusion

For the foregoing reasons, Class Counsel respectfully submit that the following seven claims are valid and should be included for the *pro rata* distribution of the Caltech and Johns Hopkins settlements: (1) Richard Kaminski (ECF No. 1330); (2) Minsoo Kim (ECF No. 1332); (3) Luke Gil (ECF No. 1336); (4) Elaine Li (ECF No. 1339); (5) Andrew Stern (ECF No. 1340); (6) Allison Williams (ECF No. 1341); and (7) Amy Li (ECF No. 1342).

Two Settlement Class Members, Skylar Lanning (ECF No. 1337) and Isreal Gomez (ECF No. 1331), are either unable to locate supporting records or have failed to provide information necessary to validate their claims and, therefore, these two appeals should be denied.

The following three Settlement Class Members missed the claim submission deadline and their request to file a late claim should be denied. Specifically, Ms. Pickering's motion to file a late claim (ECF No. 1328) should be denied, and the appeals by Ms. Chen (ECF No. 1343) and Ms. Schneeman (ECF No. 1344) should similarly be denied.

Dated: October 16, 2026 Respectfully submitted,

/s/ *Steven F. Molo*
Steven F. Molo
Eugene A. Sokoloff
Lauren Dayton
Matthew E. Gold

Ill. Dec. 14, 2004) (Rule 23 notice "can be satisfied even though a particular class member never receives actual notice …. This rule ensures that when parties to a settlement provide class plaintiffs with the best notice practicable under the circumstances, those plaintiffs who fail to receive actual notice—for any number of legitimate reasons—cannot later disrupt the settlement").

**MoloLamken LLP**
300 N. LaSalle Street
Chicago, IL 60654
Tel: (312) 450-6707
smolo@mololamken.com
esokoloff@mololamken.com
ldayton@mololamken.com
mgold@mololamken.com

*Lead Class Counsel*

*<u>/s/ Eric L. Cramer</u>*
Eric L. Cramer
David A. Langer
Jeremy Gradwohl
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dlanger@bergermontague.com
jgradwohl@bergermontague.com

Richard Schwartz
BERGER MONTAGUE PC
110 N. Wacker Drive
Chicago, IL 60606
Tel: (773) 257-0255
rschwartz@bergermontague.com

Robert E. Litan
BERGER MONTAGUE PC
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bergermontague.com

*Additional Class Co-Counsel*

*<u>/s/ Edward J. Normand</u>*
Devin "Vel" Freedman
Edward J. Normand
Richard Cipolla
Joseph Delich
FREEDMAN NORMAND
FRIEDLAND LLP
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
vel@fnf.law
tnormand@fnf.law
rcipolla@fnf.law
jdelich@fnf.law

Ivy Ngo
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

*Additional Class Co-Counsel*