# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEOGUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY,<br><br>*Defendants*. | Case No. 1:22-cv-00125-MFK<br><br>Judge Matthew F. Kennelly |

**DECLARATION OF TAYLOR ADESSA OF ANGEION GROUP LLC**
**<u>RE: THE STATUS OF CLAIMS PROCESSING</u>**

I, Taylor Adessa, hereby declare the following pursuant to 28 U.S.C. §1746:

1. I am a Senior Project Manager with Angeion Group, LLC ("Angeion"), located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I am over 21 years of age and am not a party to this Action. I am fully familiar with the facts contained herein based upon my personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion.

2. The purpose of this declaration is to inform the Parties and the Court regarding the status of claims processing, deficiency review, and appeals for the Settlements with Defendants California Institute of Technology ("Caltech") and Johns Hopkins University ("Johns Hopkins").

## CLAIM FORMS

**Overview**

3. As of October 13, 2026, Angeion has received and processed approximately 9,125 additional Claim Forms in connection with the Caltech and Johns Hopkins Settlements. These claims are in addition to those previously approved in connection with the First 10 Settlements.[1] Pursuant to the Orders approving the settlements with Johns Hopkins (ECF No. 924) and Caltech (ECF No. 884), Settlement Class Members who previously submitted valid and timely claim forms in the First 10 Settlements were not required to submit a new claim to participate in the Caltech and Johns Hopkins Settlements, and those claims will automatically be included in any distribution from the Caltech and Johns Hopkins Net Settlement Funds. The nine additional claims discussed in this declaration (*see* ¶¶10, 12-13) were submitted by Settlement Class Members who had not previously submitted a valid and timely claim in the First 10 Settlements.

4. Angeion determined that approximately 621 of the submitted Caltech and Johns Hopkins Claim Forms were deficient for at least one of the following reasons: (1) the claim did not include supporting documentation, or the documentation provided was incomplete, illegible, corrupted, or not relevant to the criteria required for eligibility; (2) the documentation submitted did not verify that the claimant attended an eligible Defendant University; (3) the documentation submitted did not verify that the claimant attended an eligible Defendant University during an applicable Class Period; (4) the documentation submitted did not match or validate the name listed on the Claim Form; (5) the documentation submitted did not verify that the claimant (or family) personally contributed to the cost of tuition, fees, room, or board; (6) the claimant indicated on their Claim

[1] The term "First 10 Settlements" refers to the settlements reached with Defendants Brown University, University of Chicago, the Trustees of Columbia University, Trustees of Dartmouth College, Duke University, Emory University, Northwestern University, William Marsh Rice University, and Vanderbilt University, Yale University.

Form that all of their tuition, fees, room, and board expenses were fully covered by grants and/or scholarships; (7) the claimant indicated on their Claim Form that they did not receive need-based grants or scholarships; or (8) the claimant indicated on their Claim Form that they were not a U.S. citizen or permanent resident during the terms they attended a Defendant University.

## DEFICIENCY PROCESS

5. On June 3, 2026, Angeion issued 621 deficiency notices by email or mail. Each notice provided claimants with thirty days (*i.e.*, by July 3) to cure the identified deficiency(ies). Angeion instructed claimants to submit their responses by email or mail with the required information or documentation. The deficiency notice further advised that failure to respond by July 3, 2026 would result in denial of the claim.

6. Angeion sent 619 deficiency notices to the email addresses provided on the applicable claim forms and mailed 2 deficiency notices via United States Postal Service ("USPS") to the mailing address provided on the claim form due to missing or insufficient email address information. Of the 619 emailed deficiency notices sent, 21 were returned as undeliverable (soft or hard bounces), and 598 were successfully delivered. On June 9, 2026, Angeion mailed deficiency notices via USPS to the 21 claimants whose deficiency notices could not be delivered via email. As of October 13, 2026, none of the mailed deficiency notices have been returned to Angeion as undeliverable.

**Deficiency Responses**

7. As of October 13, 2026, Angeion has received 141 responses to the deficiency notices. Of these, 132 successfully cured the noted deficiency(ies) and Angeion updated the corresponding claims to an approved status, while 9 did not cure the deficiency(ies) and Angeion rejected those claims. A total of 480 claimants did not respond to their deficiency notice, and, therefore, Angeion rejected these claims.

## REJECTION NOTICES & APPEALS

8. In accordance with the Allocation Plan Process (ECF No. 703-3), on August 31, 2026, Angeion sent rejection letters by email or mail to 502 Caltech and Johns Hopkins claimants who either failed to cure their deficiency(ies), failed to respond to their deficiency notices, or submitted

late claims.[2] The rejection letters included instructions for submitting an appeal to the Court by mailing their appeal with a postmark date not later than September 21, 2026.

9. As of October 13, 2026, Angeion has been notified of 11 docketed appeals submitted in response to rejection notices and one docketed motion to file a late claim.

**Rejections Reversed following Appeal**

10. Following review of the additional information and documentation provided by the Claimant, Angeion reversed the claim rejections associated with the following seven appeals:

- Richard Robert Kaminski (ECF No. 1330)
- Minsoo Kim (ECF No. 1332)
- Luke Gil (ECF No. 1336)
- Elaine Li (ECF No. 1339)
- Andrew Stern (ECF No. 1340)
- Allison Williams (ECF No. 1341)
- Amy Li (ECF No. 1342)

**Rejections Upheld following Appeal**

11. Angeion upheld the claim rejections for appellants Yunqing Chen (ECF No. 1343) and Caitlyn Schneeman (ECF No. 1344). Both claimants submitted claims after the December 27, 2025 claim filing deadline and did not present extenuating circumstances that would justify acceptance of a late claim.

12. Angeion also upheld the claim rejection for appellant Skylar Lanning (ECF No. 1337) because the claimant could not provide documentation sufficient to establish Settlement Class membership. Angeion followed up with Ms. Lanning who stated that she could not locate any records necessary to support her claim.

[2] Rejection notices were not issued with respect to 287 claims identified as duplicate submissions because the affected claimants remained associated with a corresponding non-duplicate claim record. No further action was taken on the duplicate claims to avoid claimant confusion and unnecessary correspondence.

13. Similarly, Angeion has upheld the claim rejection for appellant Isael Gomez (ECF No. 1331) because, despite multiple follow-up attempts, Mr. Gomez did not respond to provide the documentation necessary to verify his Settlement Class membership.

**Request for Late Claim Consideration**

14. Separately, Jenna Pickering (ECF No. 1328) requested permission to submit a late claim in connection with the Caltech and Johns Hopkins Settlements. Angeion's records reflect that notices regarding (a) the First 10 Settlements and (b) the Caltech and Johns Hopkins Settlements were timely sent to and delivered to Ms. Pickering's Vanderbilt email address. Accordingly, Angeion identified no extenuating circumstances that would warrant acceptance of a late claim. Permitting a late claim under these circumstances would be inconsistent with the claims process and unfair to other Settlement Class Members who did not timely submit claims.

## CONCLUSION

15. As of October 13, 2026, Angeion has determined that approximately 8,344 Caltech and Johns Hopkins claims are valid and timely.[3] Angeion identified 287 claims as duplicates and excluded them from further processing, rejected 17 claims as late, and rejected 477 claims because the claimant either failed to respond to a deficiency notice, failed to cure a deficiency, or did not provide sufficient information to reverse the rejection on appeal. Angeion will continue to keep Settlement Class Counsel informed regarding the status of the review process.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2026

Taylor Adessa
TAYLOR ADESSA

[3] The approved claim count includes claims that Angeion initially rejected but later approved after reviewing additional information and documentation provided by claimants during the appeal process.